**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD HENNEBERG (Y-40172), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 7380 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| TOM DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    The Court grants Plaintiff's application for leave to proceed *in forma pauperis* [3]. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $43.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this Order. The Court directs the Clerk of Court to (1) send (electronically if possible) a copy of this Order to the trust fund officer at Plaintiff's current place of incarceration and to the Court's Fiscal Department. For the reasons stated herein, the Court dismisses Plaintiff's complaint [1] without prejudice for failure to state a federal claim. The Court grants Plaintiff's motion for attorney representation [4]. The Court recruits Philip Andrew Miscimarra, Morgan Lewis & Bockius LLP, 77 W. Wacker, Suite 500, Chicago, IL 60601, philip.miscimarra@morganlewis.com, to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(h) and 83.37. By March 13, 2020, counsel shall file an amended complaint. If counsel believes that filing an amended complaint would be inconsistent with his Rule 11 obligations, he should so inform the Court. **The Court sets a status date for April 30, 2020 at 1:30 p.m.**

    Recruited counsel falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, counsel shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case and the other cases filed in this Court by this Plaintiff (19 C 7382, 19 C 7883) only. The Court directs counsel to open a separate PACER account for use in this case only. Fees are exempt for this case and the previously identified cases filed in this court by this Plaintiff only; counsel shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of counsel's participation in this matter. This exemption may be revoked at the discretion of the Court at any time. Counsel shall contact the PACER Service Center at 1-800-676 6856 or online to create a new PACER account and to make any necessary arrangements for the waiver. The Clerk is directed to send a copy of this Order to Plaintiff, attorney Miscimarra, the Systems Department of the Northern District of Illinois, and the PACER Service Center at pacer@psc.uscourts.gov.

**STATEMENT**

Plaintiff Donald Henneberg, now a prisoner at Vandalia Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges a lack of treatment for his vision problems while he was a detainee at Cook County Jail. The Court has before it Henneberg's application for leave to proceed *in forma pauperis*, complaint for initial review, and motion for attorney representation.

Henneberg has demonstrated that he cannot prepay the filing fee, and thus, the Court grants his application for leave to proceed *in forma pauperis*.[1] Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Henneberg to immediately pay (and the facility having custody of him to automatically remit) $43.00 to the Clerk of Court for payment of the initial partial filing fee and (2) Henneberg to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full.

Additionally, Henneberg has filed two other cases, *Henneberg v. Dart*, No. 19 C 7382, and *Henneberg v. Dart*, No. 19 C 7883, and the Court must collect 20% of the prisoner's monthly income for *each* case filed. *Bruce v. Samuels*, --- U.S. ----, 136 S. Ct. 627, 632, 193 L. Ed. 2d 496 (2016). Income for purposes of calculating payments under the PLRA includes all deposits to a prisoner's trust fund account, including gifts and bequests. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). **The Court therefore orders Henneberg to pay (and the facility having custody of him to automatically collect and remit) to the Clerk of Court a total of 60% percent of any and all deposits to Henneberg's account each month that deposits exceed $10 as long as all three fees remain due.** The Court directs the trust fund officer to ensure that a copy of this Order is mailed to each facility where Henneberg is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Henneberg's name and the case number assigned to this case.

The Court next considers Henneberg's complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See*

---

[1] The Court observes that Henneberg did not accurately complete his *in forma pauperis* application. Henneberg responded "N/A" to every question about whether he had received more than $200 in the past twelve months, although an attached trust fund certification shows average monthly deposits of $215 each month. The Court reminds Henneberg that he must completely and accurately answer all questions on any future *in forma pauperis* applications, and the failure to do so may result in denial of the application or sanctions, up to and including dismissal. *See Kennedy v. Huibregtse*, 831 F.3d 441, 444 (7th Cir. 2016) (finding dismissal with prejudice was proper sanction for attempting to conceal assets when applying for *in forma pauperis* status).

*Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted) (internal quotation marks omitted). The statement also must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face,'" which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Henneberg alleges that he entered Cook County Jail on November 29, 2018. Henneberg wears eyeglasses and without them, "everything is a blur[]." Doc. 1 at 4. Henneberg apparently did not have his glasses upon entry to the jail, and although he was told that he could have them sent in, he only has metal frame glasses, which officials would not allow in the jail. Henneberg has not seen an eye doctor since he entered the jail. Henneberg submitted many medical slips to see the eye doctor, but a nurse told him that the eye doctor had retired and it would be months until there was another one. Henneberg states that he has been injured because he cannot see properly. On one occasion, he slipped and fell due a water leak in a cell because he did not see the water, hurting his back and hip. On another occasion, he tripped on the stairs, injuring his ankle. Henneberg states that his vision has gotten worse, and he experiences double vision and light-headedness. He contends that the injuries he suffered will impact his ability to resume his career as a refinery operator.

Because Henneberg was a pretrial detainee at the relevant time, any claims he might have for constitutionally inadequate medical care arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (holding that an objective unreasonableness standard applies to all types of Fourteenth Amendment conditions of confinement claims brought by pretrial detainees). A claim for constitutionally inadequate medical care under the Fourteenth Amendment requires a pretrial detainee to allege facts indicating that he had a serious medical need and that defendant (1) acted purposefully, knowingly, or perhaps recklessly when considering the consequences of his conduct in regard to this medical need; and (2) his conduct was objectively unreasonable. *See Miranda*, 900 F.3d at 353–54.

Henneberg has adequately alleged that his need for eyeglasses is a serious medical need. Courts have recognized that the right to medical care includes a right to eye care and eyeglasses,

at least when the prisoner is suffering from something more than a slight visual impairment. *See Alexander v. Richter*, 756 F. App'x 611, 614 (7th Cir. 2018) (vision problems that interfere with daily activities or cause substantial pain are a serious medical need); *see also Tormasi v. Hayman*, 452 F. App'x 203, 206 (3d Cir. 2011) (prisoner whose vision was significantly blurred and who experienced dizziness and falls had a serious need for optometry treatment); *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (visual impairment that caused double vision and falls was a serious medical need); *Mitchell v. Maynard*, 80 F.3d 1433, 1443 (10th Cir. 1996) (recognizing that denial of prescription glasses can violate the Eighth Amendment).

But Henneberg has not alleged facts tying either of the named Defendants, Sheriff Dart and "Health Care Service," to the alleged violation of his rights. First, "Health Care Service" is not a proper Defendant to such a claim. Neither the Cook County Jail, its subdivisions, nor Cermak Health Services are suable entities for the purposes of a § 1983 claim. *See Castillo v. Cook Cty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); *Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001). The appropriate defendant is the official or officials who failed to reasonably respond to Henneberg's serious medical needs. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (plaintiff "must allege that the defendant, through his or her own conduct, has violated the Constitution").

Henneberg may contend that Sheriff Dart had control over the frequency or availability of optometry care at the jail, but he includes no allegations in his complaint to that effect. In fact, Henneberg includes no allegations at all about Sheriff Dart in the body of the complaint. Henneberg cannot bring a claim against a defendant simply by naming him in the caption of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (proper to dismiss complaint that "alleges no specific act or conduct on the part of the defendant").

Because Henneberg has not identified an official who responded unreasonably to his serious medical needs, the Court dismisses Henneberg's complaint without prejudice. However, given that Henneberg has alleged a serious, ongoing medical need, the Court grants Henneberg's motion for attorney representation. *See Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) (explaining that "where an inmate alleges an objectively serious medical condition, it may be better to appoint counsel . . . than to dismiss a potentially meritorious claim and leave the prisoner in harm's way").

The Court recruits Philip Andrew Miscimarra, Morgan Lewis & Bockius LLP, 77 W. Wacker, Suite 500, Chicago, IL 60601, philip.miscimarra@morganlewis.com, to represent Henneberg in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(h) and 83.37. By the date set forth above, counsel shall file an amended complaint. If counsel believes that filing an amended complaint would be inconsistent with his Rule 11 obligations, he should so inform the Court. The Court encourages counsel to visit the Pro Bono Resources for Trial Bar Attorneys now available on the court's homepage for various resources related to pro bono representation.

The Court advises Henneberg that he must listen carefully to counsel's advice and be mindful, as any paying client would be, of counsel's workload, time, and effort. He also must

conduct himself appropriately during all of his interactions and communications with counsel. Because each case is unique and there is no right to counsel in a civil case, there is no guarantee that counsel will be recruited in any future case or again in this case should counsel withdraw or should Henneberg seek to have counsel replaced.

Date: January 14, 2020 /s/ Sara L. Ellis