UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| TOM DART, et al. | ) | |
| | ) | Honorable Sara L. Ellis |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO CONSOLIDATE AND
FURTHER EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Plaintiff Donald Henneberg, through his counsel appointed by this Court to represent Plaintiff in the above-captioned matter, and in two other matters pending before this Court under case numbers 19-cv-7382, and 19-cv-7883, respectfully requests the Court enter an order that:

(1) Consolidates the claims in the three above-captioned cases because they involve the same parties, the same basis for jurisdiction (federal question jurisdiction, 28 U.S.C. § 1331), the same cause of action (alleged violations of § 1983, 42 U.S.C. § 1983), and Plaintiff's incarceration in the same correctional facility (Cook County Jail), except that each case involves a different aspect of Plaintiff's incarceration;

(2) Grants Plaintiff a further extension of time, until Friday January 15, 2021, to file an Amended Complaint to govern the claims asserted in each of the three different matters; and

(3) Continues the current deadlines of January 6, 2021 and January 12, 2021 to file the joint initial status report and to participate in the initial status conference, respectively.

In support of this motion, Plaintiff states as follows:

1.  On January 14, 2020, this Court dismissed Plaintiff's Complaint without prejudice for failure to state a federal claim and granted Plaintiff's motion for attorney representation. (*See* Dkt. No. 5.) The Court appointed Attorney Miscimarra to represent Plaintiff in accordance with

counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(h) and 83.37, and further ordered that an Amended Complaint be filed by March 13, unless counsel believed that filing an amended complaint would be inconsistent with his Rule 11 obligations. The Court also set a status hearing for April 30. (*Id.*)

2. This Court has also appointed Attorney Miscimarra to represent Plaintiff in two additional cases filed by Plaintiff that are pending in front of this Court – *Henneberg v. Dart*, No. 19-cv-7382, and *Henneberg v. Dart*, No. 19-cv-7883.

3. On September 10, 2020, this Court granted Plaintiff's motion for leave to serve Rule 45 subpoenas and engage in pre-complaint discovery. (Dkt. No. 22). This Court also set an October 15 deadline to file an Amended Complaint, a November 18 deadline to file a joint status report, and a December 1 telephone status conference. (Dkt. No. 22).

4. On September 29, Plaintiff's counsel subsequently served Rule 45 subpoenas on four separate entities to obtain Plaintiff's medical records, as well as documents and information pertaining to Plaintiff's conditions of confinement during his incarceration, because Plaintiff's counsel must review these materials before Plaintiff is able to file Amended Complaints in support of his separate actions. The Cook County Sheriff's Office produced 46 documents in response to Plaintiff's subpoena on October 9. On November 3, the Cook County Health and Hospitals System produced approximately 900 pages of materials in response to Plaintiff's subpoena. Plaintiff's counsel is engaged in the process of reviewing these materials.

5. Another subpoena recipient, Vandalia Correctional Center ("Vandalia"), confirmed receipt of Plaintiff's subpoena on September 30, and sent Plaintiff an invoice to cover the costs of production of responsive materials. Plaintiff promptly paid the invoice for the materials, but after hearing nothing further from Vandalia, on November 19 Plaintiff's counsel contacted Vandalia for an update as to the status of Vandalia's subpoena response. After an exchange of

communications, Vandalia's representative acknowledged receipt of the subpoena, apologized for the delay in response, and informed Plaintiff's counsel that Vandalia was collecting responsive information to produce to Plaintiff's counsel in response to the subpoena. Based on these communications, Plaintiff's counsel has reason to believe that Vandalia will produce responsive documents and information in the coming weeks, but as of the date of this Motion, Vandalia has not yet produced any documents or information in response to Plaintiff's subpoena.

6. As Plaintiff's counsel previously explained, Plaintiff needs to receive documents and information from Vandalia, including a complete set of Plaintiff's medical records while incarcerated at Vandalia, in order for Plaintiff to plausibly plead claims in each of his three separate cases: Nos. 19-cv-07380, 19-cv-7382, 19-cv-7883. In particular, Case No. 19-cv-07380 arises out of the failure of the employees of the Cook County Jail, the Cook County Sheriff's Office, Vandalia Correctional Center, and Illinois Department of Corrections to provide necessary medical care and services to Plaintiff during his incarceration at Cook County Jail and Vandalia Correctional Center. On information and belief, those employees and/or entities failed to provide Plaintiff with access to an eye doctor, or to necessary eye glasses during his incarceration, thereby depriving him of necessary medical care. Plaintiff's counsel has not yet been able to conduct a good faith review of the facts supporting Plaintiff's allegations, which is necessary in order to allow Plaintiff to plausibly plead his claims for relief, given the lack of production of any documents or information from Vandalia as of the date of this Motion.

7. Although this Court previously dismissed Plaintiff's original Complaints in the above-captioned cases, each of the three cases, as originally pleaded, involve the same parties (Plaintiff Donald Henneberg and Defendants Tom Dart, Sheriff of Cook County, and Cook County Hospitals and Healthcare System), the same basis for jurisdiction (federal question jurisdiction, 42 U.S.C. § 1331), the same cause of action (alleged violations of § 1983, 42 U.S.C. §

3

1983), and Plaintiff's incarceration in the same correctional facility (Cook County Jail). Even though each case involves a different aspect of Plaintiff's incarceration in Cook County Jail, the interests of judicial economy for the Court and the parties will be served by having these cases consolidated in a single matter, and no party's interests will be prejudiced, although Plaintiff reserves the right to add additional parties should Plaintiff's further review of subpoenaed documents suggest such action would be appropriate.

8. Plaintiff thus respectfully requests that this Court order that Plaintiff's three separate cases, Case Nos. 19-cv-07380, 19-cv-7382, and 19-cv-7883 be consolidated into one single case, to be governed by one Amended Compliant, in order to better-serve the efficiencies of the parties and this Court

9. Plaintiff further respectfully requests that the Court extend Plaintiff's deadline until January 15, 2021 to file an Amended Complaint to govern Case Nos. 19-cv-07380, 19-cv-7382, 19-cv-7883, in order to allow adequate time for Vandalia to produce all responsive documents and materials, and further for Plaintiff's counsel to receive and then review all such produced documents.

10. Finally, Plaintiff also respectfully requests that the Court continue the current deadlines of January 6, 2021 and January 12, 2021 to file the joint initial status report and to participate in the initial status conference, respectively.

11. This Motion is made in good faith for the above reasons, with a view towards advancing the parties' and the Court's interests in judicial economy, and this further motion for an extension of time is not made for purposes of causing unreasonable delay.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order: (1) consolidating Plaintiff's three separate cases, Case Nos. 19-cv-07380, 19-cv-7382, and 19-cv-7883; (2) continuing the deadline for Plaintiff to file an Amended Complaint until January 15,

4

2021; (3) continuing the deadline for the parties to file a joint status conference from January 6, 2021 until a date to be determined; and (4) continuing the status conference currently scheduled for January 12, 2021.

Dated: November 25, 2020            Respectfully submitted,

By: /s/ Philip A. Miscimarra
    Philip A. Miscimarra
    Tedd M. Warden
    Maria E. Doukas
    Morgan, Lewis & Bockius LLP
    77 West Wacker Dr., Suite 500
    Chicago, IL 60601-5094
    Phone: 312.324.1000
    Fax: 312.324.1001
    philip.miscimarra@morganlewis.com
    tedd.warden@morganlewis.com
    maria.doukas@morganlewis.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing document was served via CM/ECF on November 25, 2020 upon all counsel of record.

                                                 /s/ Philip A. Miscimarra
                                                 Philip A. Miscimarra