THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>TOM DART, et al., )<br>)<br>　　　　Defendant. )<br>) | 19 C 7380, 19 C 7382, 19 C 7883<br><br>Honorable Sara L. Ellis<br><br>**JURY TRIAL DEMANDED** |

## JOINT INITIAL STATUS REPORT

1. **The Nature of the Case:**

    A. **Attorneys of Record:**

    **Plaintiffs' Attorneys:**
    Philip A. Miscimarra (lead); Tedd M. Warden; Maria E. Doukas
    Morgan, Lewis & Bockius LLP
    77 West Wacker Dr., Suite 500
    Chicago, IL 60601
    philip.miscimarra@morganlewis.com
    tedd.warden@morganlewis.com
    maria.doukas@morganlewis.com

    **Defendants' Attorneys**:
    Vjosana Mataj; Christina Faklis Adair (lead)
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, IL 60602
    Vjosana.Mataj@cook countyil.gov
    Christina.Adair@cookcountyil.gov

    B. **Nature of the Claims:** This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983). Plaintiff asserts five counts against Defendants: (i) violation of Plaintiff's Fourteenth Amendment rights for deliberate indifference to Plaintiff's medical condition; (ii) violation of Plaintiff's Fourteenth Amendment right to safe and hospitable prison conditions (assault by another inmate); (iii) *Monell* claim against Cook County Sheriff Dart; (iv) *Monell* claim against Cook County; and (v) supplemental state law claim for indemnification by Cook County.

On March 15, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety. No briefing schedule has been set by the Court.

    **C.**    **Major Legal and Factual Issues:**

Plaintiff's position of the major legal and factual issues: Plaintiff asserts that his Fourteenth Amendment rights have been violated on two counts. *First*, Plaintiff alleges that Defendants knew or should have known that Plaintiff was in serious need of prescription eyeglasses for vision, yet Defendants were deliberately indifferent to these medical needs. Despite disclosing his need for prescription eyeglasses on numerous occasions, Plaintiff never received a pair. Plaintiff subsequently was unable to see a pool of water present on the floor in the "day room" and slipped and fell, suffering physical injuries to his back and left hip areas with pain continuing today. *Second*, Plaintiff alleges that Defendants knew or should have known that conditions were in existence at Cook County Jail that gave rise to a serious risk to the health and safety of inmates like Plaintiff pertaining to inmate use of the inmate telephone system. Plaintiff informed Defendants, including Defendant John Doe Correctional Officer No. 1, of his safety concerns on numerous occasions. Defendants failed to take reasonable measures to reassert control over the inmate telephone system or to ensure it could be used safely by inmates such as Plaintiff, resulting in Plaintiff being assaulted by another inmate following his attempt to use the telephone system.

Plaintiff has asserted a *Monell* claim against Cook County Sheriff Dart. Plaintiff alleges that at all times material to the Complaint, there existed at Cook County Jail various practices and/or policies attributable to the Office of the Sheriff of Cook County, including failure to implement an adequate policy to ensure (i) access to and provision of eyeglasses, (ii) proper health and safety of inmates, (iii) proper training of Correctional Officers to ensure the proper health and safety of inmates. The actions of the individual Defendant officers were done as a result of one or more of the *de facto* practices and/or polices of Dart, the Office of the Cook County Sheriff, the

Cook County Department of Corrections, the Cook County Jail, and its employees. By the inaction and failure to correct the above-described practices and/or polices, municipal policy-makers tacitly approved and thus indirectly authorized the type of misconduct resulting in injuries to Plaintiff.

Plaintiff has asserted a *Monell* claim against Cook County. Plaintiff alleges that at all times material to the Complaint, there existed at Cermak Health Services various practices and/or policies attributable to the Cook County, including failure to implement an adequate policy to ensure access to and provision of eyeglasses. The actions of the individual employees and agents of Cermak Health Services were done as a result of one or more of the *de facto* practices and/or polices of Cermak Health Services, the Cook County Bureau of Health Services, and Cook County. By the inaction and failure to correct the above-described practices and/or polices, municipal policy-makers tacitly approved and thus indirectly authorized the type of misconduct resulting in injuries to Plaintiff.

Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4-6003, and 55 ILCS 5/5-1106, Cook County is empowered to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which an independently elected Cook County officer acting within the scope of his/her employment is found liable.

Defendants' position of the major legal and factual issues: (1) whether Plaintiff has stated claims that survive dismissal under Fed. R. Civ. P. 12(b)(6); (2) whether the individual Defendants' alleged conduct was objectively unreasonable; (3) whether the individual Defendants acted deliberately, knowingly or recklessly; (4) the amount of damages Plaintiff is owed, include whether he is entitled to any damages for mental distress; (5) whether Plaintiff properly exhausted his administrative remedies; (6) whether Defendants are entitled to any immunities; (7) whether Plaintiff failed to mitigate his damages; (8) whether there is a widespread practice or express policy

at Cook County or through Sheriff Dart, in his official capacity, that violates constitutional rights under *Monell*; (9) whether the individual Defendants were on notice Plaintiff was going to be attacked by another pre-trial detainee.

  **D.**   **Relief Sought by Plaintiff:** Plaintiff seeks judgment be entered against Cook County and Dart, in his official capacity, and each of the individual Defendants. He also seeks an award of compensatory damages, as determined at trial; punitive damages, as determined at trial; attorneys' fees and costs; an order to indemnify the individual Defendants for any judgment entered in this case arising from said Defendants' actions; and an award of such other and additional relief as deemed just and equitable.

 2. **Jurisdiction:** This Court has jurisdiction under and by virtue of 28 U.S.C. §§ 1331, 1343, and 1367.

 3. **Status of Service:** All named Defendants have been served. Plaintiff intends to seek discovery to determine the identity of Defendant John Doe Correctional Officer No. 1, so that individual may be named as a Defendant in a further amended complaint. Defendants request the Court set a deadline for Plaintiff to amend his pleadings and add parties.

 4. **Consent to Proceed Before a United States Magistrate Judge:** Counsel for each party confirms that they have informed their respective clients that this case may proceed before a United States Magistrate Judge if there is unanimous consent. There is not unanimous consent to proceed before a United States Magistrate Judge at this time.

 5. **Motions:** Defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety for failure to state a claim under Rule 12(b)(6) on March 15, 2021. No briefing schedule has been set by the Court.

 6. **Case Plan: Discovery Plan Proposal**

A.  **General Type of Discovery Needed:** The parties request the following discovery (i) written discovery to, and responses and documents from each other relating to Plaintiff's contentions and Defendants' defenses; (ii) fact depositions of Plaintiff, Defendants, any potential witnesses identified during discovery, as well as any individuals listed on the parties' Initial Disclosures; (iii) any additional discovery relating to Plaintiff's contentions and Defendants' defenses; and (iv) expert discovery, including but not limited to expert reports and depositions, if needed.

B.  **Proposed Schedule:**

| Event | Proposed Date |
|---|---|
| Date for Rule 26(a)(1) disclosures | April 14, 2021 |
| First Date by Which to Issue Written Discovery | 14 days after the Court issues its ruling on the Defendants' motion to dismiss. |
| Deadline to Amend Pleadings and Add Parties | 4 months after the opening of fact discovery. |
| Fact Discovery Completion Date | 9 months after the opening of fact discovery. |
| Opening Expert Reports | 28 days after the close of fact discovery. |
| Rebuttal Expert Reports | 28 days after the issuance of opening expert reports. |
| Expert Discovery Completion Date | 28 days after the issuance of rebuttal expert reports. |
| Opening Letter Briefs for Summary Judgment | 28 days after the expert discovery completion date. |
| Answering Letter Briefs for Summary Judgment | 28 days after opening letter briefs. |
| Reply Letter Briefs for Summary Judgment | 28 days after answering letter briefs. |

C.  **Trial:**

Plaintiffs have requested a jury trial and believe the probable length of trial would be 5 days. If Defendants' Motion to Dismiss is denied, they intend on demanding a jury trial. Defendants believe the probable length of trial would be 3-5 days.

**7. Status of Settlement Discussions:** No settlement discussions have occurred, and no settlement conference is requested at this time.

Dated: March 23, 2021

Respectfully submitted,

| | |
|---|---|
| By: /s/ Philip A. Miscimarra<br>Philip A. Miscimarra<br>Tedd M. Warden<br>Maria E. Doukas<br>Morgan, Lewis & Bockius LLP<br>77 West Wacker Dr., Suite 500<br>Chicago, IL 60601-5094<br>Phone: 312.324.1000<br>Fax: 312.324.1001<br>philip.miscimarra@morganlewis.com<br>tedd.warden@morganlewis.com<br>maria.doukas@morganlewis.com<br>*Attorneys for Plaintiff* | KIMBERLY M. FOXX<br><br>State's Attorney of Cook County<br><br>By:/s/: Vjosana Mataj<br>Vjosana Mataj<br>Christina Faklis Adair<br>Assistant State's Attorney<br>500 Richard J. Daley Center<br>Chicago, Illinois 60602<br>Vjosana.Mataj@cook countyil.gov<br>Christina.Adair@cookcountyil.gov<br>*Attorney for Defendants* |

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on March 23, 2021 upon all counsel of record.

/s/ Philip A. Miscimarra
Philip A. Miscimarra