## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG,<br><br>        Plaintiff,<br><br>   v.<br><br>TOM DART, SUSAN SHEBEL, R.N., JOHN DOE MEDICAL DEFENDANTS, JOHN DOE CORRECTIONAL OFFICER NO.1, and COOK COUNTY, ILLINOIS, et al.<br><br>        Defendants. | 19 C 7380, 19 C 7382,<br>19 C 7883<br><br>Judge Sara L. Ellis |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Susan Shebel, R.N. ("Shebel"), Sheriff Thomas Dart, in his official capacity ("Sheriff Dart"), and Cook County (collectively, "Defendants"), by and through their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistants, Vjosana Mataj and Christina Faklis Adair, in reply to Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion") pursuant to Fed. R. Civ. P. 12(b)(6), and state as follows:

### INTRODUCTION

Plaintiff's Response brief only serves to restate the many pitfalls in the allegations of his First Amended Complaint (the "Complaint"). Rather than belabor the points and repeat the same arguments, Defendants reincorporate and restate their arguments and case law in support of their Motion. Defendants address only the relevant points of contention as necessary. Accordingly, for the reasons explained below and in the corresponding Motion, Defendants respectfully request that this Court dismiss the claims in Plaintiff's Complaint.

## ARGUMENT

I. **Plaintiff's Complaint Fails to State a Viable Fourteenth Amendment Claim Against Defendant Shebel for Denial of Medical Care (Count I).**

   A. **Plaintiff's Complaint Does Not Establish that Defendant Shebel Provided Medical Services or Was Personally Involved in the Deprivation of Plaintiff's Constitutional Rights.**

Plaintiff's only allegations against Defendant Shebel are that she processed Plaintiff's grievances on four occasions. (Dkt. 29 at ¶ 25.) The Complaint fails to plead that Defendant Shebel provided medical care for Plaintiff or that she was in any way personally involved in the alleged deprivation of Plaintiff's right to medical treatment. Processing grievances alone does not trigger a constitutional violation and is not sufficient to establish liability under Section 1983.

   *1. Defendant Shebel played no role in Plaintiff's medical care.*

Plaintiff's response brief mistakenly treats Defendant Shebel as a medical provider who had the authority to examine and treat Plaintiff for his diminished eyesight. Defendant Shebel was never responsible for scheduling Plaintiff's medical appointments or providing him with medical care and to claim otherwise, as Plaintiff does throughout his response, is simply not true. (Dkt. 49 at 6.) Notably, throughout his response, Plaintiff provides new, additional information in an attempt to support his claim that Defendant Shebel is personally responsible for Plaintiff's constitutional violation. However, a close look at Plaintiff's Complaint reveals only bare-boned allegations about Defendant Shebel responding to his grievances, stating Plaintiff was scheduled for future appointments, and informing Plaintiff to submit a health service request form for his medical issues. (Dkt. 29 at ¶¶ 25, 30, 62.) Nowhere in Plaintiff's Complaint does he state that Defendant Shebel was responsible for scheduling Plaintiff's appointments, because she is not.

It is well settled that non-medical-treater defendants, such as Defendant Shebel, are not responsible for administering medical care. Defendant Shebel was only involved in the grievance

process, and the Complaint shows that she processed and answered Plaintiff's grievances accordingly, addressing Plaintiff's need to get an eye exam. The fact that Plaintiff had to wait to see an eye doctor does not subject Defendant Shebel to any liability because she simply relayed information and deferred to the medical provider's treatment plan and schedule.

The fact that Defendant Shebel has a nursing degree does not mean she provides medical care to detainees. Instead, her role is to review pre-trial detainees' grievances at the Cook County Jail ("CCJ") and respond to them. If a pre-trial detainee has a health concern, the protocol at CCJ is to submit a health service request form ("HSRF"), which is different than a grievance, and exactly what Plaintiff alleges Defendant Shebel did in his Complaint. (Dkt. 29 at ¶ 62.) ("Susan Shebel responded that [Plaintiff] should '[s]ubmit a HSRF to request medical services'".) To construe Defendant Shebel as the "gatekeeper, holding the key to [Plaintiff's] access to the glasses he so vitally needed and preventing him from such access" is a gross exaggeration of the truth and should be disregarded in its entirety. (Dkt. 49 at 6.) To also claim Plaintiff "could not successfully receive optometric care without Nurse Shebel, who was responsible for scheduling his appointment" is untrue. *Id.* Rather, Defendant Shebel is the messenger who responds to grievances and provides detainees with the information they request, such as if medical appointments are scheduled or not.

Similarly, Plaintiff is incorrect that *Manney v. Monroe*, 151 F. Supp. 2d 976 (7th Cir. 2001) does not apply to the case at bar. As with Plaintiff here, in *Manney*, the plaintiff, alleging deliberate indifference to his dental condition, named as defendants various administrators who played no role in medical care but who instead processed inmate grievances. *Id.* at 980-81. After first discussing the need for personal involvement in the alleged deprivation to establish individual liability for Section 1983 actions, the court found that those administrators merely processed

plaintiff's grievances, but otherwise had no role in plaintiff's dental care. *Id*. at 986-987. The court held that merely processing grievances was not sufficient to hold defendants liable under Section 1983. *Id*.

As in *Manney*, besides Plaintiff's failed attempt to hold Defendant Shebel under the same standard as medical providers, the only allegations against Defendant Shebel are that she processed Plaintiff's grievances. Different from what Plaintiff's states in his response brief, Defendant Shebel is not involved in providing medical care or treating inmates at CCJ. Defendant Shebel's duties only include administratively processing grievances and filing them with Cermak; which she did in a timely manner as indicated in her responses to Plaintiff's grievances.

Additionally, Plaintiff's argument that *Manney* is inapplicable because it was decided at the summary judgment stage fails. Plaintiff cannot escape the fact that judges in this district have previously dismissed Defendant Shebel, herself, at the motion to dismiss stage. *See Bibbs v. Dart*, 18 CV 0208, 2020 U.S. Dist. LEXIS 208667, *7 (N.D. Ill. Nov. 9, 2020)("Plaintiff's complaint failed to allege that Shebel examined him, treated him, or in any way took place in his medical care", and merely processing grievances is "insufficient to adequately allege Shebel's personal involvement under Section 1983"); *Norwood v Dart*, 17 CV 5769, 2019 U.S. Dist. LEXIS 191634, **8-9 (N.D. Ill. Nov. 5, 2019)(denying plaintiff's medical requests and advising him to continue submitting medical forms "failed to state a claim of relief, and thus the Court granted defendant's motion to dismiss as to Shebel".) To argue Defendant Shebel "made the purposeful, knowing, and reckless decision to schedule [Plaintiff] an appointment eight months away" is entirely inaccurate. (Dkt. 49 at 6.) As other judges in this district have found, in her role, Defendant Shebel reviews grievances and does not schedule appointments or provide medical care. Thus, like these prior cases, Defendant Shebel should be dismissed with prejudice from this action at this stage in the

litigation because she did not provide medical care for Plaintiff and the only allegations against her are processing Plaintiff's grievances; a claim upon which no relief can be granted.

> ### 2. Defendant Shebel is not personally involved in the alleged deprivation of Plaintiff's medical care.

Plaintiff also fails to adequately allege Defendant Shebel's personal involvement in the purported constitutional violation. "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019). The Seventh Circuit has held that processing and deciding grievances is insufficient to constitute a constitutional violation. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011); *Manney*, 151 F. Supp. 2d at 980-81. "The alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens*, 635 F.3d at 953-54. Plaintiff cannot establish liability under Section 1983 solely based on Defendant Shebel's involvement in responding to grievances because such involvement is "insufficient to maintain a cause of action". *Bibbs*, 18 CV 0208, 2020 U.S. Dist. LEXIS 208667 at **7-8.

Plaintiff asserts no conduct against Defendant Shebel that gives rise to a constitutional violation. Plaintiff's Complaint fails to allege how Defendant Shebel had any control over Plaintiff's access to medical care or how Defendant Shebel was involved in scheduling appointments at Cermak. The fact that Cermak allegedly had a medical staff vacancy and Plaintiff's eye exam could not be scheduled sooner, does not impute personal involvement upon Defendant Shebel under Section 1983. Plaintiff states no action or inaction of Defendant Shebel other than accepting, processing, and responding to his grievances, which is not a violation of Plaintiff's constitutional rights. Instead, this suggests that Defendant Shebel was performing her duties and addressing Plaintiff's concerns. As stated above, Plaintiff does not allege that

Defendant Shebel examined, treated Plaintiff, or was part of Plaintiff's medical care while detained at CCJ. Without any other allegations against Defendant Shebel, Plaintiff has yet again failed to state that she was personally involved in the alleged constitutional violation of Plaintiff's rights. Therefore, all claims against Defendant Shebel should be dismissed.

### B. Defendant Shebel is Entitled to Qualified Immunity.

Section 1983 provides a federal cause of action any time an individual who, under color of state law, deprives another of any right, privilege, or immunity as provided by the Constitution and laws of the United States. 42 U.S.C. § 1983. *Shannon v. Porter Cty. Sheriff's Dep't*, 2017 U.S. Dist. LEXIS 146134, *12 (N.D. Ind. Sep. 11, 2017). Individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)). "Although direct participation is not necessary, there must at least be a showing that the [prison official] acquiesced in some demonstrable way in the alleged constitutional violation." *Palmer*, 327 F.3d at 594 (citations omitted).

First, Plaintiff is incorrect that the Eighth Amendment applies in this case. (Dkt. 49 at 8.) It is well-settled that the Fourteenth Amendment applies to pre-trial detainees' inadequate medical needs claims, not the Eighth Amendment. *See Miranda v. Cty. of Lake*, 900 F. 3d 335, 352 (7th Cir. 2018). Second, as set forth above and in Defendants' Motion, Defendant Shebel is entitled to qualified immunity. She was not personally involved in the deprivation of Plaintiff's medical care and the Complaint fails to establish that she violated any of Plaintiff's constitutional rights; therefore, she is entitled to qualified immunity under Section 1983.

### C. Defendant Shebel is Entitled to Immunity for Any State Law Claims Brought by Plaintiff.

Plaintiff's arguments in his response brief that the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq. ("Tort Immunity Act") does not protect Defendant Shebel from Plaintiff's federal claims misstates Defendants' argument in their Motion to Dismiss. (Dkt. 49 at 9.) Defendant Shebel is also entitled to immunity under the Tort Immunity Act for any state law claims because Plaintiff fails to show that Defendant Shebel's conduct was willful and wanton. Therefore, the Tort Immunity Act is another protection for Defendant Shebel based on Plaintiff's deficient claims.

### II. Plaintiff Fails to State Viable *Monell* Claims Against Sheriff Dart and Cook County (Counts III & IV).

Regardless of Plaintiff's attempts to explain away his deficiencies, Plaintiff's *Monell* claims against Sheriff Dart and Cook County still fail. Even with his response brief, it is still unclear under which prong of *Monell* Plaintiff is bringing his *Monell* claim under. Plaintiff does not explicitly specify. However, Plaintiff's arguments appear to rest on a theory of a municipal policy. Nevertheless, Plaintiff repeatedly fails to plead factual content, or point out a specific policy maintained by the Sheriff's Office or Cook County that "allows the district court to draw the reasonable inference that the defendant maintained a policy, custom or practice which contributed to the alleged constitutional violation". *Karney v. Cty of Naperville*, 2015 U.S. Dist. LEXIS 143407, *11 (N.D. Ill. Oct. 22, 2015)(citing *McCauley v. Cty. of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011)).

In this case, Plaintiff fails to establish that the alleged constitutional violation to receive medical care happened due to the lack of a particular policy that allows inmates to get an eye exam. Additionally, the Complaint fails to show that neither Sheriff Dart, nor Cook County had any

notice that there is a gap in policy to ensure that pre-trial detainees at CCJ have access to prescription eye glasses, or through their deliberate conduct, they were the moving force behind the reason why Plaintiff had to wait to be seen by an eye doctor. Plaintiff also fails to show that the alleged gap in policy was taken with the required degree of culpability or that there was a direct casual link between Sheriff's Dart or Cook County's conduct, and Plaintiff's alleged injuries. Similarly, Plaintiff fails to show all the required elements to establish liability under Section 1983 against Sheriff Dart for the injuries he suffered from the alleged assault by another inmate. As a result, Plaintiff's *Monell* claims in Counts III and IV should be dismissed.

### A. Plaintiff Fails to Show that His Alleged Injuries Were Caused Due to the Lack of Adequate Policies to Ensure Access to Prescription Eyeglasses (Counts III & IV).

#### 1. *Sheriff Dart is not the Proper Defendant with Respect to Plaintiff's Medical Care Claims.*

Plaintiff's response brief correctly admits that medical treatment at CCJ is provided by Cermak. (Dkt. 49 at 10.) It is well-settled within the Seventh Circuit that medical care for detainees at CCJ is provided by Cermak, and that Cermak is part of Cook County (the governmental body), not the Sheriff's Office. *See Everett v. Cook Cty.*, 655 F.3d 723, 725 (7th Cir. 2011); *Boyce v. Moore*, 314 F.3d 884, 887 n.1 (7th Cir. 2002)("Cermak is a separate entity from Cook County Department of Corrections ("CCDOC") and an extension of Cook County Hospital"); *Thompson v. Cty. of Cook*, 03 C 7172, 2006 U.S. Dist. LEXIS 49309, at ** 6-7 (N.D. Ill. July 6, 2006) (Stroger Hospital and Cermak Health Services are both managed by the Cook County Bureau of Health Services.) Plaintiff's argument that Sheriff Dart is responsible for the deprivation of his rights to receive medical care is mistaken and not supported by any binding authorities.

Plaintiff also incorrectly cites to *Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016) for the proposition that the duty to provide medical care rests on the custodian. First, the court in *Daniel* emphasizes that "to prove an official policy, custom, or practice within the meaning of *Monell*, [plaintiff] must show more than the deficiencies specific to his own experience, of course" and as explained below, Plaintiff here fails to do so. *Id.* (citing *Thomas* v. *Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). In addition, *Daniel* is distinguishable from the case at hand because the court in *Daniel* based its holding on the fact that there were various reports, including a 98 pages report from the Department of Justice sent to Sheriff Dart, that actually put him on notice of the systematic deficiencies in the CCJ's health care. The court in *Daniel* also emphasized that Plaintiff had successfully shown that the deficiencies in the medical care were "systematic" and "showed more than a mere 'one or two missteps'". *Id.* at * 15. (citing *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (in the absence of direct proof of an official policy, plaintiff must present sufficient facts "that could allow a reasonable trier of fact to find 'systemic and gross deficiencies in staffing, facilities, equipment, or procedures' in a detention center's medical care system. And even if there are such deficiencies, a *Monell* claim can prevail only if a policy-making official knows about them and fails to correct them".))

This case is more similar to *Perez v. Wexford Health Sources, Inc*., 2019 U.S. Dist. LEXIS 192347, *23 (N.D. Ill. Nov. 6, 2019), where this Court held that *Daniel* did not apply because plaintiff had made no other showing beside the "treatment he personally received for his left eye"; which was not enough to establish systematic and gross deficiencies in the jail's medical care system. The court noted that plaintiff's own experience was not sufficient to show an official policy, custom, or practice. *Id.* (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014) (referral to the wrong doctor and failing to correct mistake was insufficient)).

Here, similarly with *Perez* and unlike *Daniel*, there is nothing in Plaintiff's Complaint to suggest that the delay to get an eye exam was systematic, happened to other inmates, or constituted a gross deficiency in the CCJ's medical care system. Plaintiff's *Monell* claim for inadequate medical care is simply based on the fact that Plaintiff had to file several grievances to get access to prescription eyeglasses. However, *Daniel* emphasizes that "the Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Id*. at *18. (citing *Owens*, 635 F.3d at 953; *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008)).

Most importantly, unlike *Daniel*, Plaintiff here fails to show that Sheriff Dart, was actually <u>on notice</u> that inmates at CCJ were allegedly not getting access to prescription eyeglasses. Simply put, Plaintiff fails to show how Sheriff Dart, in his official capacity, was the moving force behind the delay Plaintiff experienced to see an eye doctor. As stated in the Complaint, such delay was due to a medical staff vacancy at Cermak and not due to Sheriff Dart's lack of adequate policies. (Dkt. 29 at ¶ 25.) Therefore, Sheriff Dart cannot be held liable for failure to implement policies to provide adequate medical care when this task would supposably fall under Cermak, which is a separate entity from the Sheriff's Office.

### 2. *Plaintiff fails to show that Sheriff Dart or Cook County deprived him of receiving adequate medical care.*

Plaintiff's *Monell* claim for inadequate medical care must also fail because his allegations pertain exclusively to his experiences and thus do not provide sufficient facts to establish there is an express policy, or a widespread custom or practice followed by Sheriff Dart or Cook County that has violated his constitutional rights to medical treatment. *See Gamble v. Cty. of Cook*, 2020 U.S. Dist. LEXIS 169553, *6 (N. D. Ill. Sep 16, 2020)(citing *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) ("An allegation of merely 'individual misconduct' is not enough"); *Butera*

*v. Cottey,* 285 F.3d 601, 608 (7th Cir. 2002) (finding that the failure to show any injury, other than plaintiff's, was fatal to his policy claim); *Calhoun v. Ramsey*, 408 F.3d 375, 381 (7th Cir. 2005) (a "gap in policy" theory in liability under *Monell* does not absolve plaintiff of the requirement to allege facts showing more than a single incident occurred); *see also Bradford v. Wexford Health Sources, Inc*., 2020 U.S. Dist. LEXIS 20133, *44 (N.D. Ill. Feb. 6, 2020) ("thus, at the bottom, [plaintiff] points to one instance—the treatment he received—as evidence of each of the unofficial practices he complains of, and that is insufficient to show the requisite series of bad acts from which a jury could infer [defendant's] deliberate indifference"); *Elder v. Dart*, 14 C 6495, 2015 U.S. Dist. LEXIS 13373, at ** 8-9 (N.D. Ill. Feb. 4, 2015) (dismissing the plaintiff's complaint where he "only ma[d]e allegations of conduct directed at him".)

Plaintiff relies on *Howard v. Evans*, 2020 U.S. Dist. LEXIS 172394, *10 (N.D. Ill. Sep. 21, 2020) for the proposition that his isolated experience is sufficient to establish a *Monell* claim. However, *Howard* is distinguishable from the case at issue because the plaintiff in that case filed approximately fifty grievances for medical treatment and had to wait more than two years to be treated. *Id.* Here, Plaintiff filed four grievances, each of which was answered and provided information about Plaintiff's scheduled appointment to see an eye doctor. (Dkt. 29 at ¶ 25.) In addition, the time that Plaintiff had to wait to get his eye exam was much shorter than plaintiff in *Howard*; and courts in this circuit have repeatedly held that delays in medical treatment are common in the prison setting with limited resources. *See Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016); *Weaver v. Mitchell*, 2018 U.S. Dist. LEXIS 1224, *27 (N.D. Ill. Jan. 4, 2018).

Furthermore, for *Monell* liability to attach plaintiff, "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Jones v. Hunt*, 2020 U.S. Dist.

LEXIS 27825, *3 (N.D. Ill. February 19, 2020); *see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1977).* In cases such as this one, where Plaintiff's claim is based on an argument of municipal inaction, "the Supreme Court has made plain that a failure to act amounts to municipal action for *Monell* purposes only if the [municipal defendant] has notice that its program will cause constitutional violations." *K.J. v. Polk Cty.*, 960 F.3d 367, 379 (7th Cir. 2020). Because Plaintiff fails to show a prior pattern of delays in receiving access to prescription eyeglasses, or to point at any other incident where an inmate was faced with similar delays, there is nothing to indicate that either Sheriff Dart or Cook County had notice that there was a gap in policy or acted with the required degree of culpability to violate Plaintiff's rights to adequate medical care. Without any additional facts alleged, a reasonable inference cannot be drawn that Sheriff Dart or Cook County maintained an unofficial governmental policy, practice or custom of providing inadequate medical care to all detainees; therefore, Counts III and IV should be dismissed.

### B. Plaintiff Fails to Show that His Alleged Injuries Were Caused Due to the Lack of Adequate Policies to Protect Inmates from Physical Assault (Count III).

As with his inadequate medical care claim, Plaintiff again fails to allege facts showing more than a single occurrence where inmates within CCJ were subject to assaults or similar incidents. Plaintiff's claim for failure to adequately train officers to protect inmates from assaults is a "factually unsupported, boilerplate allegation that cannot survive a motion to dismiss". *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train".).

Plaintiff incorrectly relies on *White v. City of Chi.*, 829 F.3d 837, 844 (7th Cir. 2016) and *Branier v. Dart,* 2018 U.S. Dist. LEXIS 51498, **17-18 (N.D. Ill. Mar. 28, 2018) when he states "at the pleading stage he is not required to identify any other individual who has been assaulted." (Dkt. 49 at 13.) However, Plaintiff fails to acknowledge that in *White,* this inference was supported

by the defendant's use of "a standard form that was constitutionally insufficient, suggesting a wide-spread practice". *White*, 829 F.3d at 844. In *Branier* on the other hand, the court noted that plaintiff's *Monell* claim survived despite not identifying any other constitutional violation because "he alleged specific prison practices that suggested widespread practices". *Branier,* 2018 U.S. Dist. LEXIS 51498 at **17-18.

Different from *White* and *Brainer*, Plaintiff's allegations that his assault by another inmate happened due to Sheriff's Dart policy of inaction do not permit an inference of a "larger policy or practice". *Gamble*, 2020 U.S. Dist. LEXIS 169553 at *6. ("An allegation of merely individual misconduct is not enough when plaintiff fails to show that the institutional defendant maintained a policy or practice".) Plaintiff's Complaint describes that he made "repeated warnings to Correctional Officers" and "John Doe Correctional Officer No. 1 watched but did nothing to prevent the alleged assault", but such allegations are not sufficient to establish that the officers' conduct was due to lack of training. (Dkt. 49 at 13.) Plaintiff is trying to hold Sheriff Dart liable for the alleged misconduct of individual officers, but such allegations cannot successfully establish a *Monell* claim. *Connick*, 563 U.S. at 60. ("Under § 1983, local governments are responsible only for "their *own* illegal acts", *and they* cannot be held "vicariously liable under § 1983 for their employees' actions".) In short, Plaintiff has repeated "all of the trigger words required of a *Monell* claim" but absolutely no "factual content" to demonstrate a policy or gap in policy in order to establish a viable claim against Sheriff Dart. *Foy v. City of Chi.*, 2016 U.S. Dist. LEXIS 63346, *9 (N.D. Ill. May 12, 2016) ("plaintiff's *Monell* claim premised on failure-to-train allegations was rejected by the court because the allegations were boilerplate, failed to articulate what specific training was lacking, and failed to support the inference that the alleged lack of training caused the plaintiff's constitutional deprivation".) Consequently, Plaintiff's *Monell* claims fail.

Furthermore, Plaintiff's response brief assumes that Sheriff Dart was "on actual or apparent notice" of the risk that the gang affiliated inmates posed to the other inmates due to the fact that the correctional officers bubble was placed in front of the telephone system. (Dkt. 49 at 14.) These broad accusations of misconduct are not sufficient to establish notice under *Monell* and are not "tailored to identify particular police training procedures or policies." *Armour v. Country Club Hills*, 11 C 5029, 2014 U.S. Dist. LEXIS 1849, *23 (N.D. Ill. Jan. 8, 2014). Plaintiff's allegations also lack any causal link establishing that Sheriff's Dart alleged policy of inaction was the moving force behind the deprivation of Plaintiff's constitutional rights. Without some connections between the individual officers' failure to protect Plaintiff from the alleged assault from the other inmate and Sheriff's Dart policy of inaction, Plaintiff's claims cannot survive a motion to dismiss.

In summary, Plaintiff has not pleaded enough facts to nudge his claims "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, or to put Sheriff Dart on proper notice of the alleged wrongdoing. Therefore, his *Monell* claims that rely on failure to train should be dismissed with prejudice.

## III. Plaintiff Fails to State a Viable Indemnification Claim Against Cook County (Count V).

For the reasons stated above and in Defendants' Motion, Plaintiff has failed to adequately plead a violation of his constitutional rights by any municipal employee. Thus, his state-law indemnification claim against Cook County should also be dismissed. *See Sharp Electronics Corp. v. Metropolitan Life Ins. Co*., 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits".)

**IV.    Plaintiff is Not Entitled to Punitive Damages.**

Contrary to Plaintiff's contention that he is entitled to punitive damages, he fails to plead that Defendant Shebel was in any way personally involved in the alleged deprivation of his constitutional rights to receive medical care as required by Section 1983. In addition, Plaintiff has failed to show that Defendant Shebel acted with "evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others" to establish that punitive damages could be awarded. *Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir. 2003) (quoting *Smith v. Wade*, 461 U.S. 30, 56, (1983)). If anything, Plaintiff alleges that Defendant Shebel acted in an objectively reasonable manner—by timely responding to his grievances—which suggests that she was working to address, refer, or redress Plaintiff's concerns. As a result, Plaintiff is not entitled to any punitive damages.

## CONCLUSION

WHEREFORE, for the foregoing reasons and the reasons set forth in the Motion to Dismiss, Defendants respectfully request this Court dismiss each of the claims in Plaintiff's First Amended Complaint. Defendants also request any other relief this Court deems just and proper.


Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:    */s/:  Vjosana Mataj*
Vjosana Mataj
Christina Faklis Adair
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Vjosana.Mataj@cookcountyil.gov
Christina.Adair@cookcountyil.gov
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on this 11th day of June 2021.

*<u>/s/ Vjosana Mataj</u>*
Vjosana Mataj
