## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DONALD HENNEBERG,

v.

TOM DART, SUSAN SHEBEL, R.N., JOHN DOE MEDICAL DEFENDANTS, JOHN DOE CORRECTIONAL OFFICER NO.1, and COOK COUNTY, ILLINOIS, et al.

                 Defendants.

19 C 7380, 19 C 7382, 19 C 7883

Judge Sara L. Ellis

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME Defendants, Susan Shebel, R.N. ("Shebel"), Sheriff Thomas Dart, in his official capacity ("Sheriff Dart"), and Cook County (collectively, "Defendants"), by and through their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistants, Vjosana A. Mataj and Christina Faklis Adair, and answer Plaintiff, Donald Henneberg's ("Plaintiff") First Amended Complaint as follows:

### NATURE OF CLAIM

1.    This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of Mr. Henneberg through the acts and/or omissions of the Defendants, committed under color of law. As alleged herein, the Defendants deprived Mr. Henneberg of his rights under the Fourteenth Amendment to the United States Constitution.

**ANSWER: Defendants admit Plaintiff brought this suit under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983) but deny any liability. Defendants deny the rest of the allegations asserted in paragraph 1.**

1

2.     Mr. Henneberg also relies on the Court's supplemental jurisdiction to assert the Illinois state claim of indemnification.

**ANSWER: Defendants admit the Court has supplemental jurisdiction over Illinois state law claims but deny any liability.**

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under and by virtue of 28 U.S.C. §§ 1343, 1331, and 1367.

**ANSWER: Defendants admit the Court has jurisdiction under 28 U.S.C. §§ 1343, 1331, and 1367 but deny any liability.**

4.     Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

**ANSWER: Defendants admit venue is proper in this judicial district upon 28 U.S.C. § 1391 but deny any liability.**

## PARTIES

5.     At all times herein mentioned, Plaintiff, Donald Henneberg, a citizen of the United States, was a pretrial detainee in the Cook County Department of Corrections in Chicago, Illinois, residing within the jurisdiction of this Court.

**ANSWER: Defendants admit the allegations asserted in paragraph 5 but deny any liability.**

6.     At all times mentioned herein, Defendant Cook County Sheriff Thomas Dart ("Dart") was elected Sheriff of Cook County, and was responsible for the operations, policies, and management of the Cook County Department of Corrections, including but not limited to the hiring and training of all personnel employed by the Cook County Department of Corrections and the safety and security of all inmates detained at said facility, commonly known as the Cook County

Jail. Dart is being sued in his official capacity.

**ANSWER: Defendants only acknowledge the responsibilities and duties of the Cook County Sheriff's Office as imposed by law and deny the remaining allegations in Paragraph 6.**

7.      At all times mentioned herein, Defendant Cook County was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, Cook County owned and financed the Cook County Department of Corrections facility commonly known as the Cook County Jail, located at 2700 S. California Avenue, Chicago, Illinois, and operated Cermak Health Services, located at 2800 S. California Avenue, Chicago, Illinois, as a subdivision of Cook County that provides medical services to detainees.

**ANSWER: Defendants only acknowledge the responsibilities and duties of the Office of Cook County as imposed by law and deny the remaining allegations in Paragraph 7.**

8.      At all times mentioned herein, Defendant Susan Shebel was employed by the Cook County Department of Corrections and was acting under the color of law and within the scope of her employment by the Cook County Department of Corrections. Shebel is being sued in her individual/personal capacity.

**ANSWER: Defendants deny the allegations in Paragraph 8.**

9.      At all times mentioned herein, "John Doe Medical Defendants" were employed by the Cook County Department of Corrections and were acting under the color of law and within the scope of her employment by the Cook County Department of Corrections. "John Doe Medical Defendants" are being sued in his/her individual capacities.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 9 and therefore deny.**

10.     At all times mentioned herein, "John Doe Correctional Officer Defendant No. 1" was employed by the Cook County Department of Corrections and was acting under color of law and within the scope of his/her employment by the Cook County Department of Corrections. "John Doe Correctional Officer Defendant No. 1" is being sued in his/her individual capacity.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 10 and therefore deny.**

## FACTUAL ALLEGATIONS

11.     In November 2018, Mr. Henneberg was arrested and charged with burglary.

**ANSWER: Defendants admit the allegations asserted in Paragraph 11.**

12.     Persons charged with crimes in Cook County who are unable to make bond may be detained in Cook County Jail while awaiting trial. Upon admission, detainees are screened for medical needs and housing location within the jail.

**ANSWER: Defendants admit the allegations asserted in Paragraph 12 but deny any liability.**

13.     Pretrial detainees at Cook County Jail have not been convicted of the crime for which they are being incarcerated. However, they are not free to make health care choices for themselves.

**ANSWER: Defendants deny the allegations asserted in Paragraph 13.**

14.     On November 29, 2018, Mr. Henneberg was transferred to Cook County Jail for processing and pre-trial detention.

**ANSWER: Defendants admit the allegations asserted in Paragraph 14 but deny any liability.**

15.     Mr. Henneberg remained in detention at Cook County Jail from November 29, 2018 through November 2019, when he was subsequently transferred to the custody of the Illinois Department of Corrections.

4

**ANSWER: Defendants admit the allegations asserted in Paragraph 15 but deny any liability.**

### Failure to Provide Necessary Medical Care

16.     On November 29, 2018, during the booking process at Cook County Jail, Mr. Henneberg underwent intake medical and mental health screening by Cook County Cermak Health Service employees.

**ANSWER: Defendants admit the allegations asserted in Paragraph 16 but deny any liability.**

17.     During the intake medical and mental health screening process, Mr. Henneberg provided a relevant medical history, including by specifically informing the employees of the Cook County Cermak Health Service of his prescription need for eyeglasses to ensure proper vision.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 17 and therefore deny.**

18.     The policies in place at Cermak Health Services during Mr. Henneberg's intake screening process required that intake screeners record an accurate medical history as relayed by inmates, including Mr. Henneberg, to properly document relevant medical needs, such as Mr. Henneberg's need for prescription eyeglasses.

**ANSWER: Defendants admit the allegations asserted in Paragraph 18 but deny any liability.**

19.     Mr. Henneberg's intake and medical and mental health screening process was conducted, participated in and/or followed up on by multiple unidentified employees of Cermak Health Services.

**ANSWER: Defendants admit the allegations asserted in Paragraph 19 but deny any liability.**

20.     As a result of the medical history provided by Mr. Henneberg during the intake medical and mental health screening process, as well as his medical examination during that process, each of the members of the screening team knew or should have known that, without provision of his needed prescription eyeglasses, Mr. Henneberg would suffer from diminished eyesight.

**ANSWER: Defendants deny the allegations asserted in Paragraph 20.**

21.     Mr. Henneberg was not issued or provided prescription eyeglasses as of the date of his intake medical and mental health screening process.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 21 and therefore deny.**

22.     Instead, as part of the intake process, Mr. Henneberg was informed that he could put in a request for a medical appointment to see a medical provider within the Cook County Jail, although the timing of such a future appointment was unknown.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 22 and therefore deny.**

23.     Alternatively, Mr. Henneberg also was informed by employees of the Cook County Jail that he could have prescription glasses sent to him, from sources outside the correctional facility. Mr. Henneberg was informed, however, that any such prescription glasses provided by outside sources could not have metal frames on the glasses. Mr. Henneberg's glasses available from outside sources had metal frames.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 23 and therefore deny.**

24.     Mr. Henneberg made repeated demands for prescription eyeglasses following his intake medical and mental health screening process, specifically complaining to the employees of the Cook County Jail that he required prescription eyeglasses in order to ensure proper vision.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations asserted in Paragraph 24 and therefore deny.**

25.     Mr. Henneberg filed repeated grievances with the Cook County Jail, wherein he made repeated demands for prescription eyeglasses in order to ensure proper vision.  Specifically:

a.  On December 9, 2018, Mr. Henneberg filed a grievance stating that he had not yet seen an eye doctor to get glasses, and that he almost tripped down a set of stairs because he was having difficulty seeing. The grievance was denied on December 12, 2018 by currently unidentified John Doe Medical Defendants on the grounds that it contained "more than one issue."

**ANSWER: Defendants admit Plaintiff filed a noncompliant grievance on December 9, 2018 but deny any liability.**

b.  On January 5, 2019, Mr. Henneberg filed a grievance to request to see an eye doctor because he was almost blind without his eyeglasses, and that his vision was deteriorating. The grievance was denied by currently unidentified John Doe Medical Defendants on January 17, 2019, on the grounds that it was a "repeat submission of a grievance collected within the last 15 calendar days."

**ANSWER: Defendants admit Plaintiff filed a noncompliant grievance on January 5, 2019 but deny any liability.**

c.  On January 8, 2019, Mr. Henneberg filed a grievance wherein he stated that he was suffering from blurred vision that was deteriorating. The grievance was denied by currently unidentified John Doe Medical Defendants.

7

**ANSWER: Defendants admit Plaintiff filed a grievance on January 8, 2019 but deny any liability.**

d. On February 19, 2019, Mr. Henneberg filed a grievance wherein he stated that he had been waiting to see an eye doctor for more than three months. On February 25, 2019, Susan Shebel responded stating Mr. Henneberg was "scheduled for an appointment."

**ANSWER: Defendants admit Plaintiff filed a grievance on February 19, 2019 but deny any liability.**

e. On May 15, 2019, Mr. Henneberg filed a grievance wherein he stated that he had been putting in medical slips for six months to see an eye doctor, but still had not yet visited the eye doctor. On June 5, 2019, Susan Shebel responded stating Mr. Henneberg was "scheduled."

**ANSWER: Defendants admit Plaintiff filed a grievance on May 15, 2019 but deny any liability.**

f. On June 30, 2019, Mr. Henneberg filed a grievance wherein he stated that he wanted to see an eye doctor and had been waiting for eight months but still had not yet see one. On July 18, 2019, Susan Shebel responded stating Mr. Henneberg wasscheduled for an appointment in "October" 2019.

**ANSWER: Defendants admit Plaintiff filed a grievance on June 30, 2019 but deny any liability.**

g. On August 25, 2019, Mr. Henneberg filed a grievance wherein he stated that he had been waiting to see an eye doctor for ten months and had been repeatedly told that an appointment was "scheduled," but that he still had not yet visited the eye doctor. On September 18, 2019, Susan Shebel responded stating that Mr. Henneberg was

8

scheduled for an appointment in October 2019.

**ANSWER: Defendants admit Plaintiff filed a grievance on August 25, 2019 but deny any liability.**

26.     In addition, in or around the late spring or early summer of 2019, because of his inability to wear necessary prescription eye glasses, Mr. Henneberg did not see a pool of water present on the floor in the "day room" located within Cook County Jail Division 10, and slipped and fell, suffering physical injuries to his back and left hip areas in the process.

**ANSWER: Defendants deny the allegations asserted in Paragraph 26.**

27.     The pain resulting from those injuries continues today, requiring Mr. Henneberg to take over the counter pain medications to alleviate the suffering. In addition, while falling to the floor following slipping on the pool of water, Mr. Henneberg hit his head on a bench in the "day room," suffering head injuries that have continued to the present day, including suffering from intermittent migraine headaches.

**ANSWER: Defendants deny the allegations asserted in Paragraph 27.**

28.     At no time during his incarceration was Mr. Henneberg issued or provided prescription eyeglasses.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 28 and therefore deny.**

29.     All members of the intake medical and mental health screening team identified above were deliberately indifferent to Mr. Henneberg's need for treatment to prevent the serious health risks presented by their failure to provide him with prescription eyeglasses.

**ANSWER: Defendants deny the allegations asserted in Paragraph 29.**

30.     Each of the above-named individuals identified above, including specifically Defendant Shebel and the John Doe Medical Defendants, who denied or otherwise responded to Mr.

9

Henneberg's repeated grievances seeking access to his necessary prescription eyeglasses without providing Mr. Henneberg such access to his necessary prescription eyeglasses weredeliberately indifferent to Mr. Henneberg's need for treatment to prevent the serious health risks presented by their failure to provide him with prescription eyeglasses.

**ANSWER: Defendants deny the allegations asserted in Paragraph 30.**

31.　By the actions described above, employees of the Cook County Jail and/or Cook County Department of Corrections, and Cermak Health Services failed to respond in a timely fashion to Mr. Henneberg's significant medical needs for prescription eyeglasses to aid his vision, as set forth above.

**ANSWER: Defendants deny the allegations asserted in Paragraph 31.**

32.　By reason of the above-described acts and omissions of Defendants, Mr. Henneberg suffered injuries, humiliation, and indignities; and suffered great physical, mental, and emotional pain and suffering, all to his damage in an amount to be ascertained at trial.

**ANSWER: Defendants deny the allegations asserted in Paragraph 32.**

33.　The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Mr. Henneberg's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER: Defendants deny the allegations asserted in Paragraph 33.**

34.　By reason of the above-described acts and omissions of Defendants, Mr. Henneberg was required to institute and prosecute this legal proceeding so that he might vindicate the loss and impairment of his rights. By reason thereof, Mr. Henneberg requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER: Defendants deny the allegations asserted in Paragraph 34.**

**<u>Failure to Protect From Assault By Another Inmate</u>**

35.     During the spring and summer of 2019, including on June 20, 2019, Mr. Henneberg was housed in Division 10 at the Cook County Jail.

**ANSWER: Defendants admit Plaintiff was housed in Division 10 at Cook County Jail from May 9, 2019, to June 17, 2019 but deny any liability.**

36.     During that period of time, Mr. Henneberg came to witness and understand that certain inmates, who on information and belief were affiliated with a gang organization, "controlled" the inmate telephone system located within Division 10 at Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 36.**

37.     Specifically, the inmates in control of the inmate telephone system located within Division 10 at Cook County Jail would refuse to allow other inmates access to or use of the inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 37.**

38.     During the period of time that Mr. Henneberg was housed within Division 10 at Cook County Jail, the inmates in control of the inmate telephone system located within Division10 at Cook County Jail would use threatened, and on information and belief, actual violence against other inmates to ensure that they retained control over the inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 38.**

39.     Mr. Henneberg witnessed multiple physical altercations between the inmates in control of the inmate telephone system located within Division 10 at Cook County Jail and other inmates seeking to use the inmate telephone system.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 39 and therefore deny.**

11

40.     As a result of the inmates' gang affiliations, and their improper control over the inmate telephone system located within Division 10 at Cook County Jail, Mr. Henneberg fearedfor his safety, and feared that he might be improperly attacked by another inmate in control of the inmate telephone system located within Division 10 at Cook County Jail, if he attempted to use theinmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 40.**

41.     Mr. Henneberg made repeated warnings to Correctional Officers employed at and on duty within Division 10 of the Cook County Jail regarding the serious risk posed to the health and safety of inmates, including Mr. Henneberg, during inmates' attempted use of the inmate telephone system at Cook County Jail because of the gang-affiliated inmates' improper control over the inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 41.**

42.     While he was housed in Division 10 of the Cook County Jail, Mr. Henneberg made specific and repeated warnings to the Correctional Officer who was posted to the "day shift" or "second shift" in the Correctional Officers' "bubble" located directly in front of the physical location of the inmate telephone system in Division 10 of the Cook County Jail regarding the serious risk posed to the health and safety of inmates, including Mr. Henneberg, during inmates' attempted use of the inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 42.**

43.     Because the name of this Correctional Officer is currently unknown to Mr. Henneberg, this Correctional Officer is referred to in this Complaint as "John Doe Correctional Officer Defendant No. 1." "John Doe Correctional Officer Defendant No. 1" may have a position, title or assigned function other than "Correctional Officer." Also, upon information or belief, John Doe Correctional Officer Defendant No. 1 had dealings with one or more other Correctional Officers

who observed, understood and/or were informed that certain inmates had asserted control over the inmate telephone system located within Division 10 at Cook County Jail, and/or that those inmates threatened and/or assaulted other incarcerated individuals who used or sought to use the inmate telephone system, and/or that those inmates based on force, threats and/or physical reprisals denied use of the inmate telephone system by other incarcerated individuals. Plaintiff reserves the right to further amend this First Amended Civil Rights Complaint to name such other Correctional Officers as defendants in this action.

**ANSWER: Defendants deny the allegations asserted in Paragraph 43.**

44. John Doe Correctional Officer Defendant No. 1 was relatively tall, possibly of Hispanic origin, had dark hair, and wore glasses. John Doe Correctional Officer Defendant No. 1 also was routinely assigned to the "day shift" or "second shift" in the Correctional Officers' "bubble" located directly in front of the physical location of the inmate telephone system in Division 10 of the Cook County Jail, and thus Mr. Henneberg routinely saw and interacted with John Doe Correctional Officer Defendant No. 1 while he was housed in Division 10 of the Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 44 and therefore deny.**

45. John Doe Correctional Officer Defendant No. 1 failed to take reasonable measures to re-assert control over the inmate telephone system, or to otherwise ensure that inmates like Mr. Henneberg could use the inmate telephone system safely, without fear of assault by another inmate arising out of Mr. Henneberg's attempted use of the inmate telephone system located within Division 10 at Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 45.**

46. Instead, in response to Mr. Henneberg's repeated warnings regarding the serious risk posed to the health and safety of inmates, including Mr. Henneberg, during inmates' attempted use

of the inmate telephone system located within Division 10 at Cook County Jail,John Doe Correctional Officer Defendant No. 1 failed to take any action to address the gang- affiliated inmates' improper control over the use of the inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 46.**

47.    In addition, Defendants were placed on actual and/or apparent notice regarding the serious risk posed to the health and safety of inmates, including Mr. Henneberg, during inmates' attempted use of the inmate telephone system located within Division 10 at Cook County Jail by the posting of Cook County Correctional Officers in the "bubble" directly in front of and overseeing the area within Division 10 at Cook County Jail reserved for inmates to make use ofthe inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 47.**

48.    From their posts in the "bubble" directly in front of and overseeing the area within Division 10 at Cook County Jail reserved for inmates to make use of the inmate telephone system, Defendants and the Cook County Correctional Officers had a direct view of the gang-affiliated inmates' improper control over the use of the inmate telephone system, as well as the gang- affiliated inmates' improper use of use threatened and actual violence against other inmates to ensure that they retained control over the inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 48.**

49.    Despite this actual and/or apparent notice, Defendants failed to take reasonable measures to re-assert control over the inmate telephone system, or to otherwise ensure that inmates like Mr. Henneberg could use the inmate telephone system safely, without fear of assault by another inmate arising out of Mr. Henneberg's attempted use of the inmate telephone system located within Division 10 at Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 49.**

50.     On or about June 20, 2019, Mr. Henneberg attempted to use the inmate telephone system located within Division 10 at Cook County Jail, but was improperly blocked by another inmate, who on information and belief was one of the gang-affiliated inmates who were improperly exercising control over access to the telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 50.**

51.     Mr. Henneberg and this inmate engaged in a verbal confrontation, as well as pushing and shoving, regarding Mr. Henneberg's attempted use of the inmate telephone system located within Division 10 at Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 51 and therefore deny.**

52.     Mr. Henneberg's confrontation with this inmate took place directly in front of the inmate telephone system location, which is also located directly in front of the Correctional Officers' "bubble" located within the "day room" in Division 10 of the Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 52 and therefore deny.**

52.     John Doe Correctional Officer No. 1 was on duty and present in the "bubble" during Mr. Henneberg's confrontation with this inmate regarding Mr. Henneberg's attempted use of the inmate telephone system located within Division 10 at Cook County Jail, and on information and belief, witnessed the confrontation.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 52 [sic] and therefore deny.**

53.     John Doe Correctional Officer No. 1 took no steps or actions to break up the confrontation between Mr. Henneberg and this inmate, or to otherwise allow remove the gang-affiliated inmates from their improper control over the inmate telephone system located within

15

Division 10 at Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 53.**

54.    Mr. Henneberg ultimately backed down and did not use the inmate telephone system located within Division 10 at Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 54 and therefore deny.**

55.    Instead, Mr. Henneberg retreated to "day room" located within Division 10 at the Cook County Jail, to watch television.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 55 and therefore deny.**

56.    While watching television, Mr. Henneberg was physically attacked by the same inmate who previously denied Mr. Henneberg access to the inmate telephone system located within Division 10 at Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 56 and therefore deny.**

57.    Mr. Henneberg was hit in the head, lost consciousness, and had to be hospitalizedas a result of the physical assault.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 57 and therefore deny.**

58.    On information and belief, John Doe Correctional Officer No. 1,  from his posting in the "bubble" located within Division 10 at the Cook County Jail, witnessed the attack on Mr. Henneberg.

**ANSWER: Defendants deny the allegations in Paragraph 58.**

59.     John Doe Correctional Officer No. 1 took no steps or actions to prevent the inmate's physical assault on Mr. Henneberg.

**ANSWER: Defendants deny the allegations asserted in Paragraph 59.**

60.     Mr. Henneberg continues to suffer from after-effects of the physical assault, including anxiety, headaches, difficulty sleeping, and post-traumatic stress disorder.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 59 and therefore deny.**

61.     Mr. Henneberg subsequently filed a grievance on July 1, 2019 wherein he stated that he had been assaulted and hit in the head by another inmate and needed to see a doctor due to suffering from a concussion, feeling dizzy, and having blurred vision. On February July 16, 2019, Susan Shebel responded that Mr. Henneberg should "[s]ubmit a HSRF to request medical services" and that he was referred to nursing for "well being check."

**ANSWER: Defendants admit Plaintiff filed a grievance on July 1, 2019, to which Defendant Shebel responded on July 16, 2019, but deny any liability.**

62.     All Defendants identified above were deliberately indifferent to Mr. Henneberg's need for protection from assault by other inmates detained at the Cook County Jail during Mr. Henneberg's attempted use of the inmate telephone system located with in Division 10 of the Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 62.**

63.     By the actions described above, Defendants failed to adequately protect Mr. Henneberg from assault by other inmates detained at Cook County Jail, as set forth above.

**ANSWER: Defendants deny the allegations asserted in Paragraph 63.**

64.     By reason of the above-described acts and omissions of Defendants, Mr. Henneberg suffered injuries, humiliation, and indignities; and suffered great physical, mental, and

emotional pain and suffering, all to his damage in an amount to be ascertained at trial.

**ANSWER: Defendants deny the allegations asserted in Paragraph 64.**

65.     The aforementioned acts of Defendants were willful, wanton,  malicious, oppressive, and done with reckless indifference to and/or callous disregard for Mr. Henneberg's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER: Defendants deny the allegations asserted in Paragraph 65.**

66.     By reason of the above-described acts and omissions of Defendants, Mr. Henneberg was required to institute and prosecute this legal proceeding so that he might vindicate the loss and impairment of his rights. By reason thereof, Mr. Henneberg requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER: Defendants deny the allegations asserted in Paragraph 66.**

## COUNT ONE

## VIOLATION OF MR. HENNEBERG'S FOURTEENTH AMENDMENT RIGHTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL CONDITION

67.     Mr. Henneberg incorporates and realleges paragraphs one (1) through (67) as if fully restated herein.

**ANSWER: Defendants incorporate and reallege their answers to Paragraphs one (1) through (67) as if fully restated herein.**

68.     As alleged above, Defendants knew or should have known that Mr. Henneberg wasin serious need of medical care, including prescription eyeglasses for vision, yet Defendants were deliberately indifferent to Mr. Henneberg's serious medical needs, including his repeated requests and filed grievances for medical care, despite the feasibility of providing prompt and adequate treatment for Mr. Henneberg's serious medical needs.

**ANSWER: Defendants deny the allegations asserted in Paragraph 68.**

69.     By reason of the conduct of Defendants, while Defendants were acting under color of law, Mr. Henneberg suffered both temporary and permanent physical and emotional injuries, and was thereby deprived of rights, privileges, and immunities secured to him by the Fourteenth Amendment to the Constitution of the United States.

**ANSWER: Defendants deny the allegations asserted in Paragraph 69.**

70.     The aforementioned actions of the named individual Defendants were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER: Defendants deny the allegations asserted in Paragraph 70.**

## COUNT TWO

## VIOLATION OF MR. HENNEBERG'S FOURTEENTH AMENDMENT RIGHT TO SAFE AND HOSPITABLE PRISON CONDITIONS (ASSAULT BY ANOTHER INMATE)

71.     Mr. Henneberg incorporates and realleges paragraphs one (1) through (71) as if fully restated herein.

**ANSWER: Defendants incorporate and reallege their answers to Paragraphs one (1) through (71) as if fully restated herein.**

72.     As alleged above, Defendants knew or should have known that conditions were in existence at Cook County Jail that gave rise to a serious risk to the health and safety of inmates like Mr. Henneberg.

**ANSWER: Defendants deny the allegations asserted in Paragraph 72.**

73.     Defendants were placed on notice of certain threats in existence at Cook County Jail, including the unsafe conditions surrounding the danger posed to inmates like Mr. Henneberg during their attempted use of the inmate telephone system located within Division 10 of the Cook County Jail, by Mr. Henneberg's prior concerns and complaints regarding the unsafe conditions surrounding the use of the inmate's telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 73.**

74.    Mr. Henneberg complained on multiple occasions to Defendant John Doe Correctional Officer No. 1, a Correctional Officer employed at the Cook County Jail, regarding the serious risk posed to the health and safety of inmates, including Mr. Henneberg, during inmates' attempted use of the inmate telephone system located within Division 10 of the Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 74 and therefore deny.**

75.    Defendants were also placed on notice of certain threats in existence at Cook County Jail, including the unsafe conditions surrounding the danger posed to inmates like Mr. Henneberg during their attempted use of the inmate telephone system located within Division 10of the Cook County Jail, by the presence of Cook County Correctional Officers including John Doe Correctional Officer No. 1 posted at the "bubble" directly in front of and overseeing the area within Division 10 of the Cook County Jail reserved for inmates to make use of the inmate telephone system.

**ANSWER: Defendants deny the allegations asserted in Paragraph 75.**

76.    Defendants were aware that the threats in existence at Cook County Jail, including the unsafe conditions surrounding the danger posed to inmates like Mr. Henneberg during their attempted use of the inmate telephone system located within Division 10 of the Cook County Jail, gave rise to a strong likelihood that Mr. Henneberg would be seriously harmed as a result of an assault by another inmate arising out of his attempted use of the inmate telephone system at Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 76.**

77.    Despite this knowledge, Defendants failed to take reasonable measures to re-assert control over the inmate telephone system, or to otherwise ensure that inmates like Mr. Henneberg

could use the inmate telephone system safely, without fear of assault by another inmate arising out of Mr. Henneberg's attempted use of the inmate telephone system at Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 77.**

78.     On June 20, 2019, Mr. Henneberg was assaulted by another inmate detained at the Cook County Jail following Mr. Henneberg's attempted use of the inmate telephone system at Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 78 and therefore deny.**

79.     On information and belief, John Doe Correctional Officer No. 1 witnessed the physical assault on Mr. Henneberg, but failed to take any actions or steps to prevent or otherwise stop the assault.

**ANSWER: Defendants deny the allegations asserted in Paragraph 79.**

80.     Mr. Henneberg lost consciousness, suffered a concussion, and was hospitalized as a result of the physical assault by another inmate at the Cook County Jail.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 80 and therefore deny.**

81.     Mr. Henneberg continues to suffer after-effects resulting from the assault, including anxiety, suffering from difficulty sleeping, and suffering from post-traumatic stress disorder.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 81 and therefore deny.**

82.     Mr. Henneberg would not have been harmed by assault by another inmate arising out of Mr. Henneberg's attempted use of the inmate telephone system at Cook County Jail had Defendants taken reasonable measures to re-assert control over the inmate telephone system, or to otherwise ensure that inmates like Mr. Henneberg could use the inmate telephone system safely.

**ANSWER: Defendants deny the allegations asserted in Paragraph 82.**

83.    As such, the aforementioned actions of the Defendants were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER: Defendants deny the allegations asserted in Paragraph 83.**

84.    By reason of the conduct and inaction of Defendants, while Defendants were acting under color of law, Mr. Henneberg suffered both temporary and permanent physical and emotional injuries, and was thereby deprived of rights, privileges, and immunities secured to him by the Fourteenth Amendment to the Constitution of the United States.

**ANSWER: Defendants deny the allegations asserted in Paragraph 84.**

## COUNT THREE

### *MONELL* CLAIM AGAINST COOK COUNTY SHERIFF DART

85.    Mr. Henneberg incorporates and realleges paragraphs one (1) through (85) as if fully restated herein.

**ANSWER: Defendants incorporate and reallege their answers to Paragraphs one (1) through (85) as if fully restated herein.**

86.    At all times material to this Compliant, there existed at Cook County Jail the following practices, policies, and customs attributable to the Office of the Sheriff of Cook County:

   a.    Failure to implement an adequate policy to ensure access to, and the provision of, prescription eyeglasses for vision-impaired inmates at Cook County Jail, including Mr. Henneberg.

   **ANSWER: Defendants deny the allegations asserted in Paragraph 86 (a).**

   b.    Failure to implement an adequate policy to ensure the proper health and safety of inmates at Cook County Jail, including policies designed to protect inmates like Mr. Henneberg from physical assault and/or attack by other inmates of CookCounty

22

Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 86 (b).**

c. Failure to implement an adequate policy of proper training of Correctional Officers to ensure the proper health and safety of inmates at Cook County Jail, including training policies designed to protect inmates like Mr. Henneberg from physical assault and/or attack by other inmates of Cook County Jail.

**ANSWER: Defendants deny the allegations asserted in Paragraph 86 (c).**

87. The actions of the individual Defendant officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above de facto practices, policies, and customs of Dart, the Office of the Cook County Sheriff, the Cook County Department of Corrections, the Cook County Jail, and its employees.

**ANSWER: Defendants deny the allegations asserted in Paragraph 87.**

88. The actions of the individual Defendants as alleged in this Complaint, including John Doe Correctional Defendant No. 1, and the actions of the Sheriff of Cook County and his supervisory employees in failing to train, supervise, and discipline employees with respect to said actions, involved recurring situations at the Cook County Jail, and not isolated instances of failure to act.

**ANSWER: Defendants deny the allegations asserted in Paragraph 88.**

89. The practices, policies, and customs described above were widespread, permanent, and well-settled, and were known, or should have been known, to the municipal policy-makers of the Sheriff of Cook County.

**ANSWER: Defendants deny the allegations asserted in Paragraph 89.**

90. The municipal policy-makers of the Sheriff of Cook County acted with deliberate indifference to the rights of Mr. Henneberg in maintaining, overlooking, and preserving the

unconstitutional practices, policies, and customs delineated above.

**ANSWER: Defendants deny the allegations asserted in Paragraph 90.**

91.     By their inaction and failure to correct the above-described practices, policies, and customs, municipal policy-makers tacitly approved and thus indirectly authorized the type of misconduct Mr. Henneberg complains of herein.

**ANSWER: Defendants deny the allegations asserted in Paragraph 91.**

92.     The practices, policies, and customs described above caused the violation of Mr. Henneberg's Fourteenth Amendment rights, as alleged in this Complaint.

**ANSWER: Defendants deny the allegations asserted in Paragraph 92.**

<u>**COUNT FOUR**</u>

<u>***MONELL* CLAIM AGAINST COOK COUNTY**</u>

93.     Mr. Henneberg incorporates and realleges paragraphs one (1) through (93) as if fully restated herein.

**ANSWER: Defendants incorporate and reallege their answers to Paragraphs one (1) through (93) as if fully restated herein.**

94.     At all times material to this Compliant, there existed at Cermak Health Services the following practices, policies, and customs attributable to Cook County:

   a. Failure to implement an adequate policy to ensure access to, and the provision of, prescription eyeglasses for vision-impaired inmates at Cook County Jail, including Mr. Henneberg.

**ANSWER: Defendants deny the allegations asserted in Paragraph 94.**

95.     The actions of the individual employees and agents of Cermak Health Services as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies, and customs of Cermak Health Services, the Cook County Bureau of Health

24

Services, and Cook County.

**ANSWER: Defendants deny the allegations asserted in Paragraph 95.**

96.     The actions of the individual employees and agents of Cermak Health Services as alleged in this Complaint, and the actions of Cermak Health Services and its supervisory employees in failing to train, supervise, and discipline employees with respect to said actions, involved recurring situations at Cermak Health Services and not isolated instances of failure to act.

**ANSWER: Defendants deny the allegations asserted in Paragraph 96.**

97.     The practices, policies, and customs described above were widespread, permanent, and well-settled, and were known, or should have been known, to the municipal policy-makers of Cook County.

**ANSWER: Defendants deny the allegations asserted in Paragraph 97.**

98.     The municipal policy-makers of Cook County acted with deliberate indifference to the rights of Mr. Henneberg in maintaining, overlooking, and preserving the unconstitutional practices, policies, and customs delineated above.

**ANSWER: Defendants deny the allegations asserted in Paragraph 98.**

99.     By their inaction and failure to correct the above-described practices, policies, and customs, municipal policy-makers tacitly approved and thus indirectly authorized the type of misconduct Mr. Henneberg complains of herein.

**ANSWER: Defendants deny the allegations asserted in Paragraph 99.**

100.     The practices, policies, and customs described above caused the violation of Mr. Henneberg's Fourteenth Amendment rights, as alleged in this Complaint.

**ANSWER: Defendants deny the allegations asserted in Paragraph 100.**

**COUNT FIVE**

**SUPPLEMENTAL STATE CLAIM FOR INDEMNIFICATION BY COOK COUNTY**

101.   Mr. Henneberg incorporates and realleges paragraphs one (1) through (101) as if fully restated herein.

**ANSWER: Defendants incorporate and reallege their answers to Paragraphs one (1) through (101) as if fully restated herein.**

103.   Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4-6003, and 55 ILCS 5/5-1106, Cook County is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, acting within the scope of his/her employment, is found liable.

**ANSWER: Defendants acknowledge the responsibilities and duties of Cook County as imposed by law but deny any liability.**

104.   The acts and/or omissions of all Defendants were committed within the scope of their employment.

**ANSWER: Defendants deny the allegations in Paragraph 104.**

105.   In the event that a judgment for compensatory damages is entered against any Defendants, Cook County must pay the judgment as well as the associated attorneys' fees and costs.

**ANSWER: Defendants acknowledge the responsibilities and duties of Cook County as imposed by law but deny any liability.**

WHEREFORE, Plaintiff Mr. Henneberg requests that this Court:

1.   Enter judgment against Cook County and Dart, in his official capacity, and each of the individual Defendants;

2.   Award Mr. Henneberg compensatory damages, as determined at trial;

3.  Award Mr. Henneberg punitive damages, as determined at trial;

4.  Award Mr. Henneberg attorneys' fees and costs;

5.  Order Cook County to indemnify the individual Defendants for any judgment entered in this case arising from the actions of said Defendants;

6.  Award such other and additional relief deemed just and equitable.

**ANSWER**: **Defendants deny that Plaintiff suffered injuries as a result of Defendants' actions or lack of action, deny that Plaintiff is entitled to any judgment in Plaintiff's favor, and deny that Plaintiff is entitled to any compensatory damages, attorney fees, or costs.**

## **AFFIRMATIVE DEFENSES**

Pleading in the alternative, and without prejudice to the denials in their Answer, Defendants assert the following separate affirmative defenses to Plaintiff's First Amended Complaint:

### **I.    42 U.S.C. §1997e(a)**

1.    Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

2.    Plaintiff was at all relevant times and the date of filing, a prisoner.

3.    The Prisoner Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

4.    Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages.

5.    Plaintiff failed to properly exhaust his administrative remedies for his numerous claims and therefore, his claims are barred.

## II.   42 U.S.C. §1997e(e)

6.      Plaintiff, a prisoner at all times relevant to this lawsuit, has requested damages for physical and emotional injuries allegedly caused by the Defendants.

7.      Section 1997e(e) of the Prisoner Litigation Reform Act (42 U.S.C. § 1997e(e)) ("PLRA") provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury that is greater than *de minimis* or the commission of a sexual act (as defined in Section 2246 of Title 18 of the U.S. Code.

8.   Plaintiff cannot show a physical injury that is greater than *de minimis* and, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

## III.   Qualified Immunity

9.      Defendant Shebel was at all times acting objectively reasonable and did not violate any of Plaintiff's clearly established constitutional rights.

10.      Accordingly, Defendant Shebel, in her individual capacity, is entitled to the defense of qualified immunity.

## IV.   Section 2-202 Tort Immunity Act

11.      To the extent Plaintiff alleges any supplemental state law claims, Defendants acted neither willfully nor wantonly toward Plaintiff at any time.

12.      Therefore, Defendants are shielded from suit under the Illinois Tort Immunity Act. *See*, 745 ILCS 10/2-202.

## V.   Section 2-201 Tort Immunity Act

13.      Public employees, like Sheriff Dart, serving in policymaking positions are immune from liability for injuries resulting from the creation or omission of discretionary policies under the

28

Illinois Tort Immunity Act. 745 ILCS 10/2-201.

14. All of Plaintiff's allegations about Sheriff Dart's alleged procedures involve discretionary policies about jail administration and should be barred because they cannot serve as a basis for liability under the Act.

## VI. Immunity from Punitive Damages

15. To the extent that Plaintiff seeks punitive damages from Sheriff Dart, in his official capacity, Sheriff Dart asserts immunity from same.

16. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

17. Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981).

18. Thus, in his official capacity, Sheriff Dart is immune from punitive damages.

## VII. Section 9-102 Tort Immunity Act

19. A local public entity is empowered and directed to indemnify its employees for liability which arises from the employee's scope of employment. 745 ILCS 10/9- 102.

20. Without a surviving federal claim based on the deprivation of his constitutional rights, Plaintiff's indemnification claim against Cook County should also be dismissed. *Groce v. Eli Lilly & Co*., 193 F.3d 496, 501 (7th Cir. 1999)

## VIII. Failure to Mitigate

21. At all relevant times, Plaintiff owed a duty to take reasonable measures to mitigate his alleged injuries and damages.

22. Plaintiff failed to mitigate his alleged injuries and damages.

Defendants reserve the right to add additional affirmative defenses as they become known through the course of litigation.

WHEREFORE, Defendants, Sheriff Dart, Defendant Shebel, and Cook County, respectfully requests that this Honorable Court enter an Order (a) dismissing Plaintiff's First Amended Complaint with prejudice; (b) assessing his costs against Plaintiff; and (c) providing any other necessary and just relief.

## JURY DEMAND

Defendants hereby requests a trial by jury.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:   */s/:  Vjosana A. Mataj*
Vjosana A. Mataj
Christina Faklis Adair
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Vjosana.Mataj@cook countyil.gov
Christina.Adair@cookcountyil.gov
*Counsel for Defendants*

30

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on this 13th day of September 2021.

*/s/ Vjosana A. Mataj*
Vjosana A. Mataj
