UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, ) | |
| ) | |
| Plaintiff, ) | Case Nos. 19-cv-07380 |
| ) | 19-cv-07382 |
| v. ) | 19-cv-07883 |
| ) | |
| TOM DART, SUSAN SHEBEL, R.N., ) | |
| JOHN DOE MEDICAL DEFENDANTS, ) | Honorable Sara L. Ellis |
| JOHN DOE CORRECTIONAL OFFICER ) | |
| NO. 1, and COOK COUNTY, ILLINOIS, et ) | |
| al. ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Donald Henneberg moves under Federal Rule of Civil Procedure 15(a)(2) for leave to file a Second Amended Complaint in the form attached as Exhibit A, replacing "John Doe Correctional Officer No. 1" with Correctional Officer Jorge Arias.[1] Defendants have refused to consent to the filing of Mr. Henneberg's proposed Second Amended Complaint. However, under the liberal pleading standards of Rule 15(a), the Court should grant Mr. Henneberg leave to file his Second Amended Complaint because it will not substantially prejudice Defendants and because justice so requires.

**BACKGROUND**

**I.    RELEVANT FACTUAL BACKGROUND**

In November 2018, Mr. Henneberg was taken into the custody of the Cook County Jail as a pretrial detainee. ECF 29 ¶¶ 16–17. While he was a pretrial detainee at the Cook County Jail, Mr. Henneberg discovered that gang-affiliated inmates controlled the telephone system and refused to allow other inmates to use the phones, using threats and violence. ECF 29 ¶¶ 36–38. Mr. Henneberg observed multiple physical altercations between the gang-affiliated inmates and inmates trying to

---

[1] The proposed Second Amended Complaint attached to this motion shows in redline Plaintiff's proposed amendment.

use the phones, ECF 29 ¶ 39, and repeatedly warned Correctional Officers about the serious risk this posed, ECF 29 ¶ 41. John Doe Correctional Officer No. 1 had dealings with other Correctional Officers, who understood and were informed of such gang-affiliated control over the phones. ECF 29 ¶ 43. But despite Mr. Henneberg's warnings, John Doe Correctional Officer No. 1 took no action to address it. ECF 29 ¶¶ 45–46.

Ultimately, one day Mr. Henneberg tried to use the telephones but was blocked by a gang-affiliated inmate, prompting verbal and physical confrontation, including pushing and shoving, all in direct view of John Doe Correctional Officer No. 1, who saw what was happening but did not break up the confrontation or remove the gang-affiliated inmates from their control of the phones. ECF 29 ¶¶ 50–54. After Mr. Henneberg retreated to the day room, John Doe Correctional Officer No. 1 saw the gang-affiliated inmate attack Mr. Henneberg, hitting Mr. Henneberg on the head and causing him to lose consciousness and require hospitalization, but failed to prevent the attack. ECF 29 ¶¶ 56–60. Mr. Henneberg still suffers anxiety, headaches, difficulty sleeping, and post-traumatic stress disorder from the assault. ECF 29 ¶ 61.

## II. PROCEDURAL HISTORY

On November 7, 2019, less than five months after he was attacked and while he was still incarcerated, Mr. Henneberg, proceeding *pro se*, commenced this action, along with a motion for attorney representation. Case No. 19-cv-07382, ECF 1, 4. The undersigned was appointed as counsel for Mr. Henneberg on February 19, 2020. *Id.*, ECF 8. From March through July 2020, in response to the COVID-19 pandemic, the Court issued Emergency Orders extending all deadlines in civil cases. *Id.*, ECF 14–18. On September 2, 2020, through counsel, Mr. Henneberg filed a motion to engage in pre-complaint discovery, including serving Rule 45 subpoenas. *Id.*, ECF 21. Thereafter, Mr. Henneberg served on the Cook County Sheriff a subpoena for documents, including "documents identifying the date and time that Mr. Henneberg was assaulted" and "documents

identifying all correctional officers who worked on any shift in the area(s) where Mr. Henneberg's cell was located and other public areas to which he had access on (i) the day that the assault occurred." Exhibit B, Cook County Sheriff Subpoena ¶ 14. In its October 9, 2020 response to the Subpoena, the Sheriff's Office failed to provide any documents reflecting the identities of the Correctional Officers, including Jorge Arias.

On January 15, 2021, Mr. Henneberg filed the Amended Complaint under 42 U.S.C. § 1983, naming among other Defendants, John Doe Correctional Officer No. 1 and alleging that he violated Mr. Henneberg's Fourteenth Amendment right to safe prison conditions by failing to prevent an attack on Mr. Henneberg by another inmate (Count II). In their initial disclosures served in April 2021, Defendants again failed to identify Correctional Officer Arias. *See* Exhibit C, Defendants' Initial Disclosures. Later, in Sheriff Dart's December 21, 2021 Responses to Mr. Henneberg's First Set of Interrogatories and Requests for Production of Documents, Sheriff Dart still did not provide Jorge Arias's first name. *See* Exhibit D, Sheriff Dart's Responses to First Set of Requests for Production; Exhibit E, Sheriff Dart's Responses to First Set of Interrogatories. Instead, on January 12, 2022, Mr. Henneberg was forced to send a letter to Defendants outlining deficiencies in their discovery responses and specifically asking Defendants to supply Jorge Arias' first name. *See* Exhibit F, Deficiency Letter to Defendants. *See* Exhibit G, Defendants' Response to Deficiency Letter. Only then, just over two months ago, did Mr. Henneberg learn the full name of John Doe Correctional Officer No. 1. Upon learning Correctional Officer Arias's full name, Mr. Henneberg prepared his proposed Second Amended Complaint and shared it with Defendants, seeking their consent. And after Defendants declined to consent to the proposed Second Amended Complaint just two weeks ago, Mr. Henneberg filed this motion for leave to file a Second Amended Complaint.

**ARGUMENT**

Rule 15(a)(2) provides that the court should "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Glover v. Carr*, 949 F.3d 364, 369–70 (7th Cir. 2020) (reversing denial of leave to amend prisoners' civil rights complaint, reasoning district court abused its discretion where "[l]eave to amend a complaint should be granted liberally").

**I. MR. HENNEBERG HAS NOT ACTED WITH UNDUE DELAY, BAD FAITH, OR DILATORY MOTIVE AND THE PROPOSED AMENDMENT WOULD NOT PREJUDICE DEFENDANTS.**

Mr. Henneberg has been diligently trying to find out the identity of John Doe Correctional Officer No. 1 but has been unable to do so despite his efforts. Mr. Henneberg filed his initial complaint *pro se* on November 7, 2019, just five months after the attack. Once counsel was appointed, and following the Court's Emergency Orders in response to the COVID-19 pandemic, Mr. Henneberg, through counsel, served on the Cook County Sheriff a subpoena for documents, including "documents identifying all correctional officers who worked on any shift in the area(s) where Mr. Henneberg's cell was located and other public areas to which he had access on (i) the day that the assault occurred." Exhibit B, Cook County Sheriff Subpoena ¶ 14. But the Sheriff's Office failed to provide any documents that reflected the identities of the Correctional Officers, including Jorge Arias. Defendants also failed to identify Jorge Arias in their initial disclosures served in April 2021. *See* Exhibit C, Defendants' Initial Disclosures. And even in response to Mr. Henneberg's First Set of Interrogatories and Request for Production of Documents, Defendants still did not provide Jorge Arias's first name. Instead, Mr. Henneberg was forced to send a letter to Defendants outlining deficiencies in their discovery responses and specifically asking Defendants

4

to supply Jorge Arias' first name. Just over two months ago, in response to Mr. Henneberg's deficiency letter, did Mr. Henneberg learn the full name of John Doe Correctional Officer No. 1. Thereafter, Mr. Henneberg began preparing his Second Amended Complaint and this Motion.

Accordingly, Mr. Henneberg has been diligently trying to find out the name of John Doe Correctional Officer No. 1 and has not engaged in undue delay, bad faith, or dilatory motives. *See Gevas v. Mitchell*, 492 F. App'x 654, 659 (7th Cir. 2012) (reversing denial of motion to amend complaint, reasoning that plaintiff had been diligently engaged in discovery to determine defendant's identity and that "the medical records from the prison did not give [the doctor's]," and that "if there was delay in obtaining [the doctor's] name, it was because Wexford—his former employer—and the Department of Corrections stonewalled [plaintiff], not because [plaintiff] and his lawyer were dilatory").

Mr. Henneberg's proposed amendment to name Correctional Officer Arias also will not prejudice Defendants. Defendants have been on notice that Mr. Henneberg intended to sue Jorge Arias—the correctional officer to whom Mr. Henneberg made his repeated warnings—since at least as early as September 2020 when Mr. Henneberg served a subpoena on the Cook County Sheriff seeking documents identifying John Doe Correctional Officer No. 1. Mr. Henneberg's First Amended Complaint also describes John Doe Correctional Officer No. 1 as "relatively tall, possibly of Hispanic origin, had dark hair, and wore glasses" and "routinely assigned to the 'day shift' or 'second shift' in the Correctional Officers' 'bubble' located directly in front of the physical location of the inmate telephone system in Division 10 of the Cook County Jail." ECF 29 ¶ 44. As a result, Defendants were on notice of Mr. Henneberg's intent to sue Officer Arias and will not be prejudiced by the proposed amendment. *See Gevas*, 492 F. App'x 659–60 (holding defendants were not prejudiced by amendment to add name of doctor when original complaint put doctor's employer on notice of plaintiff's intent to sue doctor who treated him).

5

II.     THE PROPOSED AMENDMENT WOULD NOT BE FUTILE.

Mr. Henneberg's proposed amendment to name Jorge Arias in place of John Doe Correctional Officer No. 1 is not futile because (A) the claim against Arias is directly related to the *Monell* claim against Sheriff Dart and is a valid claim recognized by the Seventh Circuit, and (B) the claim is timely, as the statute of limitations has been equitably tolled while Mr. Henneberg has been diligent in trying to find out the Correctional Officer's identity.

    A.     **Mr. Henneberg States a Fourteenth Amendment Claim Against Jorge Arias for Failure to Protect from Assault by Other Inmates**

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (omission in original and citation omitted). Because Mr. Henneberg was a pretrial detainee at the time of the incident, his claim for failure to protect falls under the Due Process clause of the Fourteenth Amendment and the "objective unreasonableness" standard. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

In his Second Amended Complaint, Mr. Henneberg alleges that the gang-affiliated inmates prevented other inmates from accessing the phones, Ex. A ¶¶ 36–38, that he was aware of multiple physical altercations between inmates in control of the phones and inmates seeking to use the phones, *id.* ¶ 39, that he made repeated warnings to Correctional Officers about this issue, *id.* ¶ 41, and that Correctional Officer Arias had dealings with other Correctional Officers, who were also aware of what was occurring, *id.* ¶ 43. Mr. Henneberg also alleges that despite his repeated warnings, Correctional Officer Arias took no action to address the gang-affiliated control of the phones and violence. *Id.* ¶¶ 46–47. Indeed, Correctional Officer Arias watched but did nothing as Mr. Henneberg was blocked from using the phone, engaged in an altercation with the gang-affiliated inmate, and then was attacked by the gang-affiliated inmate. *Id.* ¶¶ 50–60. Gang-affiliated inmates' control of the telephones remained strong, despite Mr. Henneberg's repeated warnings to Correctional Officer Arias and others with whom he worked. *Id.* ¶ 41–43.

As a result, Mr. Henneberg has plausibly alleged that Correctional Officer Arias knew of the risk but did not take reasonable measures to abate it. *See, e.g.*, *Johnson v. Taylor*, No. 18 C 5263, 2020 WL 5891401, at *2 (N.D. Ill. Oct. 5, 2020) (declining to dismiss pretrial detainee's claim for failure to protect from attack by another inmate where plaintiff told the correctional officer he was afraid the other inmate would harm him); *Boggs ex rel. Boggs v. Redman*, No. 3:19-CV-368 DRL-MGG, 2019 WL 4219073, at *5 (N.D. Ind. Sept. 4, 2019) (declining to dismiss pretrial detainee's failure to protect claim where plaintiff alleged that defendants knew plaintiffs' white supremacist tattoo and small size would make him a target). As a result, Mr. Henneberg's proposed amendment to name Jorge Arias in place of John Doe Correctional Officer No. 1 would not be futile.

**B.    Mr. Henneberg's Proposed Amended Complaint Is Timely Because the Statute of Limitations Was Tolled as He Diligently Tried to Determine Jorge Arias' Identity**

Although "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations," *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015), and Mr. Henneberg need not allege facts to overcome such a defense, the statute of limitations is nonetheless tolled because Mr. Henneberg has been diligently trying to determine the identity of John Doe Correctional Officer No. 1, but despite his many requests, Defendants have refused to disclose this information until recently.

In Illinois, the limitations period applicable to § 1983 actions is the two-year limitations period for personal-injury torts, 735 Ill. Comp. Stat. 5/13-202. And Mr. Henneberg's claim for failure to protect from attacks by other inmates accrued on the date he was attacked—June 17, 2019. *See Hampton v. Richter*, 859 F. App'x 736, 738 (7th Cir. 2021) (holding that § 1983 claim accrued on the date of plaintiff's attack).

But the Court of Appeals for the Seventh Circuit has instructed that equitable tolling may postpone the statute of limitations until a plaintiff can obtain the information necessary to sue "[i]f

7

despite the exercise of reasonable diligence [the plaintiff] cannot discover his injurer's (or injurers') identity within the statutory period." *See Bryant v. City of Chicago*, 746 F.3d 239, 243–44 (7th Cir. 2014) (per curiam) (second alteration in original) (vacating district court order and holding that equitable tolling applied where plaintiff had moved to compel defendant to disclose the names of the officers, reasoning that plaintiff "was unable to proceed with his case until he received the identifying information he requested in his motion to compel").

Here, as outlined above, Mr. Henneberg has been diligently pursuing his claims, requesting on numerous occasions and through more than one discovery method that Defendants disclose the identity of John Doe Correctional Officer No. 1. But despite Mr. Henneberg's repeated requests, Defendants did not disclose this information until recently. Because Defendants' failure to produce this information in response to Mr. Henneberg's requests prevented Mr. Henneberg from naming Officer Arias in the complaint, equitable tolling applies. *See Craig v. Dralle*, No. 13-CV-07329, 2018 WL 4699752, at *9 (N.D. Ill. Sept. 30, 2018) (holding equitable tolling applied when plaintiff had been diligently pursuing his claim and had written to the Department of Internal Affairs requesting the names of officers involved in the incident, but could not obtain the information). Accordingly, although Mr. Henneberg is not obligated to allege facts to overcome an affirmative defense, his proposed Second Amended Complaint is nonetheless timely.

## CONCLUSION

For all these reasons, Mr. Henneberg respectfully requests that the Court grant the Motion for Leave to File Second Amended Complaint.

Dated: April 15, 2022         Respectfully submitted,

                 By: <u>/s/ *Philip A. Miscimarra*</u>
                   Philip A. Miscimarra
                   Tedd M. Warden
                   Maria E. Doukas
                   Liza B. Fleming (*pro hac vice*)
                   Morgan, Lewis & Bockius LLP
                   77 West Wacker Dr., Suite 500
                   Chicago, IL 60601-5094
                   Phone: 312.324.1000
                   Fax: 312.324.1001
                   philip.miscimarra@morganlewis.com
                   tedd.warden@morganlewis.com
                   maria.doukas@morganlewis.com

                   *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on April 15, 2022 upon all counsel of record.

/s/ *Philip A. Miscimarra*
Philip A. Miscimarra