**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| SHERIFF DART, SUSAN SHEBEL, R.N., | ) | |
| and COOK COUNTY, ILLINOIS et al. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendants. | ) | |

## JOINT DISCOVERY MOTION

PHILIP A. MISCIMARRA
MARIA E. DOUKAS
LIZA FLEMING (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com
liza.fleming@morganlewis.com

*Attorneys for Plaintiff*

JASON E. DEVORE (#6242782)
TROY S. RADUNSKY (#6269281)
DEVORE RADUNSKY LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
(312) 300-4479
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com

*Attorneys for Defendants*

DATED: November 23, 2022

Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., and Cook County, Illinois, jointly move this Court to assist in resolving their discovery disputes.

## I. INTRODUCTION

**1.** The parties have made a good-faith effort to resolve their discovery disputes. Pursuant to Local Rule 37.2, the parties engaged in two meet-and-confer telephone conferences, on April 22, 2022, and May 16, 2022, and exchanged emails. *See* Exhibit A. The parties are at an impasse and respectfully request this Court to assist in resolving the parties' discovery disputes.[1]

**2.** Plaintiff brings *Monell* claims against (1) Sheriff Dart and Cook County for failure to implement adequate policies to ensure access to prescription glasses, and (2) Sheriff Dart for failure to implement adequate policies and failure to properly train Correctional Officers to protect inmates from physical assault by other inmates.

**3.** On September 24, 2021, Plaintiff served his First Set of Requests for Production of Documents and Interrogatories on Defendants, many of which seek documents (1) identifying other inmates suffering from similar medical issues and assaults and (2) related to other state or federal investigations, inquiries, consent decrees, or oversight of Cook County Jail or Cermak Health Services involving failure to provide adequate medical care and reports or complaints of assault by other inmates. Defendants provided written responses and objections. *See* Exhibits C–H.

## II. OBJECTIONS TO REQUESTS FOR INFORMATION BASED ON PRIVACY & HIPAA

**4.** **Plaintiff's Position:** It is Plaintiff's position that Documents identifying other inmates suffering from similar medical issues and assaults or who filed similar medical requests or grievances are relevant to Plaintiff's claims. Defendants conceded in their Motion to Dismiss that to establish a *Monell* claim, Plaintiff must point to other "specific similar incidents." ECF No. 40 at 10, 12.

---

[1] Plaintiff's interrogatories and requests for production in dispute are attached as Exhibit B.

1

5. Privacy and HIPAA rights of other detainees is no basis to withhold relevant Documents when the parties have already agreed to the model confidentiality order under Local Rule 26.2, which protects the privacy of detainees referenced in the documents. *See Biggart v. Vibra Hosp. of Springfield, LLC*, No. 19-CV-3215, 2021 WL 3264409, at *8 (C.D. Ill. July 30, 2021) (ordering production of records because "[a]ny documents governed by HIPAA shall be subject to the terms of the HIPAA Protective Order"); *Haywood v. Wexford Health Sources, Inc.*, No. 16 CV 3566, 2021 WL 2254968, at *7 (N.D. Ill. June 3, 2021) (holding "no basis to convert the ESI to PDF format so that it could be redacted" because "[t]he HIPAA-qualified protective order permits disclosure to plaintiffs"); *Lymon v. Chamberlain*, No. 17 CV 50093, 2020 WL 6940985, at *5 (N.D. Ill. Nov. 24, 2020) (holding where prison redacted "the non-party inmates' personal identifiers," and the confidentiality order covered the documents, "any privacy concerns regarding the documents of other inmates would be adequately protected").

6. Plaintiff's proposed compromise is to require Defendants to produce the Documents and information that Plaintiff seeks in these Requests and Interrogatories in redacted form to further protect the identities of the individuals referenced in the documents.

7. **Defendants' Position:** Plaintiff wants other complaints of mistreatment to use to bolster his claim that defendants "mistreated" him. *Whitmore v. Walker*, No. 04-837-JPG, 2008 WL 687005, at *1 (S.D. Ill. March 11, 2008). Rule 404(b) of the Federal Rules of Evidence expressly forbids this use of evidence. *Id.*

8. HSRFs are medical records protected by laws including the Health Ins. Port. and Accountability Act of 1996. Cook County cannot produce medical records of non-party detainees without an executed HIPAA waiver from each detainee whose records are sought.[2]

---

[2] *Kizior v. Reynolds*, No. 21-cv-00196-JPG, 2021 WL 1293113, at *6 (S.D. Ill. April 7, 2021); 42 U.S.C. §§ 1320(d)(1) - (d)(7).

9. Submission of an HSRF shows that a Request was submitted, not a constitutional violation.[3]

10. Plaintiff wrongly presumes that HSRFs are stored using key words therein. HSRFs are stored manually, by booking number. Plaintiff wants Defendants to (1) identify potentially thousands of detainees in Division 10 from 2015-19; (2) locate all booking numbers for each detainee; and (3) manually review thousands of grievances for terms like "similar health issues like Plaintiff and "assault." This is unduly burdensome, disproportionate to the needs of the case..

11. None of Plaintiff's cited cases involve obtaining medical records from third parties.

12. Plaintiff's costly proposed compromise requires Cook County to produce redacted HSRFs and medical records to protect detainee information. Defendant Cook rejected this compromise.

### III. OBJECTION BASED ON BURDEN OF PERFORMING A MANUAL REVIEW OF NON-COMPUTERIZED DOCUMENTS AND FILES

13. **Plaintiff's Position:** A manual review of inmate grievances and reports of incidents would not present an undue burden because "the burden or expense of the proposed discovery" would not "outweigh[] its likely benefit," Fed. R. Civ. P. 26(b)(1), given Plaintiff's need for such evidence to prove his *Monell* claims. Indeed, this Court has instructed that "[d]ue to the fact that *Monell* claims implicate a potentially large number of events taking place in an organization over a period of time, they naturally, and necessarily require extensive and often burdensome discovery," but "these are not undue burdens." *Awalt v. Marketti*, No. 11 C 6142, 2012 WL 6568242, at *7 (N.D. Ill. Dec. 17, 2012). Where Defendants have argued that Plaintiff must point to similar incidents to prove his *Monell* claims, the benefit of such grievances and reports outweighs the burden of manual review.

14. Plaintiff's proposed compromise is to require Defendants to produce all Documents responsive to the request from October 1, 2015, to December 31, 2019, rather than to the present day, which narrows the Relevant Period by more than two years.

---

[3] *Saleh v. Pfister*, No. 18 C 1812, 2021 WL 326361, at *11 (N.D. Ill. Feb. 1, 2021).

15. **Defendants' Position:** Plaintiff's Interrogatory No. 7 sought all CCDOC grievances: "seeking any eye health treatment," including detainee name, the grievance contents, "medical treatment rendered[,]" and all "related" documents. Defendants have provided all grievances submitted by Plaintiff.

16. Plaintiff's Interrogatory 17 sought "all other inmates at CCJ who suffered assaults . . . by gang members" and *all* related documents. Defendant produced all of Plaintiff's incident reports.

17. Defendant objects to Plaintiff's "relevant period". Plaintiff was in Division 10 one month (5/19 to 6/17/19) not 2015 to 2019. Defendants produced EIRs[4] using terms "gangs" and "phones".

18. Mere existence of detainee grievance or incident report does not establish constitutional violation. *Saleh*, at 11. Defendant can search for *specific* incident reports, based on identifiers from Plaintiff, like – party names, date, Division/tier location and specifics supporting his *Monell* claim.

19. Defendant Sheriff cannot further compromise – *hand-written* grievances cannot be electronically searched by terms. Grievances uploaded to database for storage are not word searchable. Manual search of all grievances for words like "deficient" or "telephone" would be costly and burdensome, out of proportion to the needs of the case, especially since Plaintiff was in Division 10 for one month from May 19 to June 17, 2019, not four years from 2015 to 2019.

### IV. OBJECTION BASED ON AVAILABILITY OF CERTAIN INFORMATION PROVIDED IN FEDERAL AND STATE COURT ELECTRONIC DATABASES

20. **Plaintiff's Position:** It is Plaintiff's position that Documents related to other investigations or oversight for similar incidents and other lawsuits against Defendants are relevant to establishing (1) that Defendants were on notice and acted with the requisite intent and (2) a pattern of constitutional violations. Public availability is no basis to refuse to produce these relevant documents. *See Biggart*, 2021 WL 3264409, at *4 (availability "from other sources is not a basis to refuse to produce

---

[4] The term EIR refers to electronic incident reports.

responsive documents").

21. Plaintiff's proposed compromise is to require Defendants to produce a list of publicly-available cases, investigations, consent decrees, or similar incidents responsive to the Requests and Interrogatories, with sufficient information for Plaintiff to locate the publicly-available documents associated with them. To the extent information on any of the above is not publicly available, Defendants should be required to produce that non-public, responsive information.

22. **Defendants' Position:** Plaintiff's Interrogatory No. 5 asks Defendants for all detail and all documents for all civil actions filed against Defendants: "with respect to (a) [medical care,] or (b) [failure to protect.]"

23. The information is equally available to Plaintiff on a public docket search or Westlaw/Lexis. Such "information regarding prior litigation 'can be obtained from other source that is more convenient, less burdensome, or less expensive[.]'" *Bey v. Pollard*, No. 13-CV-952-JPS (E.D. Wis. Aug. 20, 2014)[5]. *Biggart*[6] is distinguishable – *Biggart*'s requesting party found no public records.

24. Plaintiff's counsel has access to PACER, but Plaintiff contends that recently Cook County Jail has had gang-related incidents. Plaintiff's wants Defendants to list all publicly available cases, consent decrees, or similar incidents with detail for Plaintiff to locate related publicly-available documents. Plaintiff also wants Defendants to produce any non-public responsive information.

25. Plaintiff's "compromise" is duplicative. Defendants were not subject to a consent decree during Plaintiff's detention. Plaintiff's citation of cases shows he can access publicly available cases.

## CONCLUSION

WHEREFORE, Plaintiff and Defendants respectfully request that this Court assist in resolving their discovery disputes.

---

[5] *Bey v. Pollard*, No. 13-CV-952-JPS, 2014 WL 4113127, at *8 - 9 (E.D. Wis. Aug. 20, 2014).
[6] *Biggart*, 2021 WL 3264409, at *9.

| | |
|---|---|
| By: */s/ Philip A. Miscimarra*<br>PHILIP A. MISCIMARRA<br>MARIA E. DOUKAS<br>LIZA FLEMING (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Dr., Suite 500<br>Chicago, IL 60601-5094<br>Phone: 312.324.1000<br>Fax: 312.324.1001<br>philip.miscimarra@morganlewis.com<br>maria.doukas@morganlewis.com<br>liza.fleming@morganlewis.com<br><br>*Attorneys for Plaintiff* | By: */s/ Jason E. DeVore*<br>JASON E. DEVORE (#6242782)<br>TROY S. RADUNSKY (#6269281)<br>DEVORE RADUNSKY LLC<br>230 W. Monroe Street, Suite 230<br>Chicago, IL 60606<br>(312) 300-4479<br>jdevore@devoreradunsky.com<br>tradunsky@devoreradunsky.com<br><br>*Attorneys for Defendants* |

DATED: November 23, 2022

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on November 23, 2022 upon all counsel of record.

/s/ *Philip A. Miscimarra*
Philip A. Miscimarra