# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| TOM DART, et al. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## DEFENDANT COOK COUNTY RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Now comes Defendant, Cook County, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Vjosana A. Mataj and Christina Faklis Adair, and answers Plaintiff's First Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1.      Defendant has not fully completed her investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparing for trial or hearing. Thus, all the objections and responses contained herein are based only upon such information and documents which are presently available and specifically known to Defendant. Defendant, accordingly, reserves the right to amend, alter or supplement any and all Responses herein at any time as additional information is discovered.

2.      In responding to the Requests, Defendant does not concede the relevancy, materiality, propriety, or admissibility of any of the information sought therein. Defendant's Responses are made subject to and without waiving any objections to relevancy, materiality, or admissibility.

Group Exhibit C

3.      Defendant objects to the Requests to the extent that they seek information protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrine.  Nothing contained in these Responses is intended to be, nor should be construed as, a waiver of any such privilege or immunity.

4.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

5.      Defendant objects to the Requests to the extent that they purport to impose any obligation in excess of the requirements set forth in any statute, rule, or order applicable to this proceeding.

6.      Defendant objects to the Requests to the extent that they are vague and ambiguous or overly broad and impose an undue burden on Defendant.

7.      Defendant objects to the Requests to the extent that they seek information that is either not in Defendant's possession, custody, or control, or is more appropriately obtained from sources other than Defendant or by other means of discovery.

8.      Each Response is given subject to the general objections set forth, and all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require exclusion of any Response, if any Response referred to herein were produced by a witness present and testifying in Court.  All such objections and grounds therefore are reserved and may be interposed at the time of trial or otherwise.

9.      The general objections asserted above shall be deemed applicable to and continuing with respect to any Request responded to below.  The general objections

Group Exhibit C

asserted above are incorporated into the Responses set forth herein. Such objections are not waived, nor in any way limited, by any Response to any Request.

## **DOCUMENT REQUESTS**

1.      All Documents identified or described in Plaintiff's Rule 26 Initial Disclosures.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("identified or described in Plaintiff's Rule 26 Initial Disclosures"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Defendant does not have any responding documents in response to this Request. It is Plaintiff's responsibility to provide documents identified in Plaintiff's Rule 26 Initial Disclosures.**

2.      All Documents requested to be produced, identified, or described in response to Plaintiff's First Set of Interrogatories.

**RESPONSE:  Defendant objects to this Request as overly broad ("all Documents"), repetitive, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see CCSAO Henneberg 000001-1719.**

3.      All Documents You relied on in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE:   See Defendants' Answers to Plaintiff's First Set of Interrogatories where they identify documents.   See also Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

4.      All Documents that support or refute any allegation in the Complaint.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to documents that support or refute the allegations in the Complaint. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719. Defendant reserves the right to amend or supplement its response.**

5.      All Documents from any source that support or refute any assertion or Affirmative Defense made in Defendants' Answer or responsive pleadings to the Complaint.

**RESPONSE:   Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to its affirmative defenses. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000001-1719. Defendant reserves the right to amend or supplement its response.**

6.      All Documents that relate, in any way, to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague and ambiguous ("in any way"). Without waiving said objections, see Bates Labeled CCSAO Henneberg 000001-1719.**

7.      All Documents that relate, in any way, to Plaintiff that You have received, or may receive, in response to any discovery request, subpoena, or other form of document and/or information request, whether formal or informal, issued to a third party.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague and ambiguous ("in any way", "may receive"). Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719.**

8.     All Documents supporting Your assertion in Your First Affirmative Defense that Plaintiff "failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)."

**RESPONSE:   See Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

9.     All Documents from any source that You may, or will, rely upon or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing and investigation continues with respect to documents to be used in depositions, evidentiary hearings, and/or trial in this matter and is seeking information covered by the work product doctrine . Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719. Defendant reserves the right to amend or supplement its response.**

10.     All Documents, including but not limited to medical records, inmate records, grievance records, complaints, and/or personnel records, dated January 1, 2018 to the present that refer or relate to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague, ambiguous ("including but not limited to medical records") and not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000025-85; 000109-125, 000371-1719.**

11.     All Documents related to Cook County Jail or Cermak Health Services Policies in effect during the Relevant Period, including without limitation those related to:

　　　　a.     the intake medical screening process;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, and ambiguous ("related to Cook County Jail or Cermak Health Services"). Without waiving said objections, see Intake Health Screening *Bates* Labeled CCSAO Henneberg 000357-361.**

　　　　b.     processing of inmate medical request forms and grievances;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see Grievance Mechanism for Health Complaints Bates Labeled CCSAO Henneberg 000343-345; 366-368.**

　　　　c.     assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services"), and irrelevant. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-342, 000346-355; 000369-370.**

　　　　d.     health care professionals regarding the diagnosis, treatment, or monitoring of Cook County Jail inmates including but not limited to inmates presenting with or complaining

Group Exhibit C

of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "health care professionals"), and irrelevant. Without waiving said objections, see Response to Request (c).**

e.      medication administration and management to meet the medical needs of the Cook County Jail inmates including but not limited to those inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, and repetitive. Without waiving said objections, see Response Request 11 (c).**

f.      rationing care or determining the timing of treatment of inmates at Cook County Jail presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD; and

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "rationing care"), irrelevant, and repetitive.  Without waiving said objections, see Response to Request 11 (c).**

g.      evaluation, assessment, and response to Cook County Jail inmates' requests, grievances or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

Group Exhibit C

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, and repetitive. Without waiving said objections, see CCSAO Henneberg 000343-345, 000366-368.**

12. All Documents reflecting the training, supervision, and discipline of individual employees and agents of Cook County Jail and Cermak Health Services regarding:

(a) processing medical request forms or grievances requesting medical care;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(c) providing medical, mental health, or optometric care to inmates, including but not limited to training regarding the Policies in effect during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objection, see Bates Labeled CCSAO Henneberg 000369-370.**

13.     All Documents reflecting review, evaluation, assessment, recommendations or decisions relating to Plaintiff's requests, complaints, or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, and repetitive. Without waiving said objections, see Plaintiff's Medical records Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 000371-1719.**

14.     All Documents identifying all Persons who viewed, interviewed, assessed, evaluated, monitored or treated Plaintiff in connection with his requests, complaints or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), and unduly burdensome ("identifying all persons"). Without waiving said objections, see Plaintiff's Medical Records Bates Labeled CCSAO Henneberg 000371-1719.**

15.     All Documents identifying all Persons who responded to medical requests or grievances, scheduled or rationed care, or determined the need for treatment or the timing of treatment of Plaintiff or other inmates at Cook County Jail requesting, presenting with, or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome ("identifying all Persons"), in violation of inmates' privacy rights, more appropriately obtained from sources other than Defendant or by other means of discovery, and redundant. Without waiving said objections, see Plaintiff's Medical records Bates Labeled**

Group Exhibit C

CCSAO Henneberg 000371-1719.

16.     All Documents reflecting the identities of the "John Doe Medical Defendants" employed by the Cook County Department of Corrections or Cermak Health Services, including butnot limited to those who participated in Plaintiff's intake medical screening, provided any medical care to Plaintiff, or received or responded to any medical requests or grievances Plaintiff filed.

**RESPONSE:  Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague and ambiguous ("identities of 'John Doe Medical Defendants'"). Without waiving said objections, see Plaintiff's Medical Records Bates Labeled CCSAO Henneberg 000371-1719.**

17.     All Documents identifying all inmates presenting with, diagnosed with, or treated for deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), and in violation of Cook County Jail inmates' privacy rights. Without waiving said objections, any complaint or lawsuit is publicly available information.**

18.     All Documents identifying all inmates who requested or filed a grievance related to medical care or deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE:     Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), in violation of Cook County Jail inmates' privacy rights under HIPAA and not reasonably limited in scope (requesting a review of hundreds of thousands of grievances). Without waiving said objections, any complaint or lawsuit is publicly available information.**

Group Exhibit C

19. All Documents related to or reflecting the U.S. Department of Justice's investigationand findings of unconstitutional conditions at Cook County Jail related to the failure to provide adequate medical care.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad by time period and subject matter, unduly burdensome, vague, ambiguous ("all documents"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery and not likely to lead to admissible evidence. Without waiving said objections, this is publicly available information. On June 12, 2018, the United Sates and Cook County submitted a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order in *United States v. Cook Cty.*, 10-cv-2946, Dkt. 375 (N.D. Ill. 2010.) That Joint Motion stated: Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities. In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings. (*Id.* at p. 2.) The Court granted that motion, ending the Federal Monitor regime on June 26, 2018. Order, *United States v. Cook Cty.*, 10-cv-2946, Dkt. 377 (N.D. Ill. 2010) (Kendall, J.)**

20.     All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail or Cermak Health Services involving failure to provide adequate medical care.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad, unduly burdensome, ambiguous, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant or by other means of discovery, and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information is publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**


                         Respectfully submitted,

                         KIMBERLY M. FOXX
                         State's Attorney of Cook County

             By:    */s/:  Vjosana A. Mataj*
                         Vjosana A. Mataj
                         Christina Faklis Adair
                         Assistant State's Attorney
                         500 Richard J. Daley Center
                         Chicago, Illinois 60602
                         Vjosana.Mataj@cook countyil.gov
                         Christina.Adair@cookcountyil.gov
                         *Counsel for Defendants*

Group Exhibit C

## <u>CERTIFICATE OF SERVICE</u>

I, Assistant State's Attorney Vjosana Mataj, hereby certify that the above and foregoing were served upon Plaintiff via below listed Counsel on November 24, 2021, by electronic mail.

<u>/s/ Vjosana A. Mataj</u>
Vjosana A. Mataj

Philip A. Miscimarra
Tedd M. Warden
Maria E. Doukas
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312-324-1000
philip.miscimarra@morganlewis.com
tedd.warden@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*

Group Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| TOM DART, et al. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## <u>DEFENDANT SHERIFF THOMAS DART'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

NOW COMES Defendant, Sheriff Thomas J. Dart ("Sheriff Dart" or "Defendant"), in his official capacity, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, Vjosana A. Mataj and Christina Faklis Adair, and answers Plaintiff's First Set of Requests for Production of Documents as follows:

## <u>GENERAL OBJECTIONS</u>

1.     Defendant has not fully completed her investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparing for trial or hearing. Thus, all the objections and responses contained herein are based only upon such information and documents which are presently available and specifically known to Defendant. Defendant, accordingly, reserves the right to amend, alter or supplement any and all Responses herein at any time as additional information is discovered.

2.     In responding to the Requests, Defendant does not concede the relevancy, materiality, propriety, or admissibility of any of the information sought therein. Defendant's Responses are made subject to and without waiving any objections to relevancy, materiality, or admissibility.

Group Exhibit C

3.      Defendant objects to the Requests to the extent that they seek information protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrine. Nothing contained in these Responses is intended to be, nor should be construed as, a waiver of any such privilege or immunity.

4.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

5.      Defendant objects to the Requests to the extent that they purport to impose any obligation in excess of the requirements set forth in any statute, rule, or order applicable to this proceeding.

6.      Defendant objects to the Requests to the extent that they are vague and ambiguous or overly broad and impose an undue burden on Defendant.

7.      Defendant objects to the Requests to the extent that they seek information that is either not in Defendant's possession, custody, or control, or is more appropriately obtained from sources other than Defendant or by other means of discovery.

8.      Each Response is given subject to the general objections set forth, and all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require exclusion of any Response, if any Response referred to herein were produced by a witness present and testifying in Court. All such objections and grounds therefore are reserved and may be interposed at the time of trial or otherwise.

9.      The general objections asserted above shall be deemed applicable to and continuing with respect to any Request responded to below. The general objections asserted above are

Group Exhibit C

incorporated into the Responses set forth herein.  Such objections are not waived, nor in any way limited, by any Response to any Request.

## DOCUMENT REQUESTS

1.      All Documents identified or described in Plaintiff's Rule 26 Initial Disclosures.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("identified or described in *Plaintiff's* Rule 26 Initial Disclosures"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Defendant does not have any responding documents in response to this Request. It is Plaintiff's responsibility to provide documents identified in Plaintiff's Rule 26 Initial Disclosures.**

2.      All Documents requested to be produced, identified, or described in response toPlaintiff's First Set of Interrogatories.

**RESPONSE:  Defendant objects to this Request as overly broad and repetitive. Without waiving said objections, Defendant identifies corresponding documents in his answers to Plaintiff's First Set of Interrogatories, including CCSAO Henneberg 000001-332; 001720-1761.**

3.      All Documents You relied on in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE:  Defendant objects to this Request as overly broad and repetitive. Without waiving said objections, Defendant identifies corresponding documents in his answers to Plaintiff's First Set of Interrogatories, including CCSAO Henneberg 000001-332; 001720-1761.**

Group Exhibit C

4.     All Documents that support or refute any allegation in the Complaint.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to documents that support or refute the allegations in the Complaint. Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000001-332; 001720-1761. Defendant reserves the right to amend or supplement his response.**

5.     All Documents from any source that support or refute any assertion or AffirmativeDefense made in Defendants' Answer or responsive pleadings to the Complaint.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to his affirmative defenses. Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000001-332; 001720-1761. Defendant reserves the right to amend or supplement his response.**

6.     All Documents that relate, in any way, to Plaintiff.

**RESPONSE:  Defendant objects to this Request as overly broad ("in any way"),, unduly burdensome, vague, and ambiguous ("in any way"). Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000001-332; 001720-1761.**

7.     All Documents that relate, in any way, to Plaintiff that You have received, or may receive, in response to any discovery request, subpoena, or other form of document and/or information request, whether formal or informal, issued to a third party.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague, and ambiguous ("in any way", "may receive"). Without waiving said objections *see* Bates Labeled CCSAO Henneberg 000001-332; 001720-1761.**

Group Exhibit C

8.      All Documents supporting Your assertion in Your First Affirmative Defense that Plaintiff "failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)."

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to this affirmative defense. Without waiving said objections, *see* Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

9.      All Documents from any source that You may, or will, rely upon or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits.

**RESPONSE: Defendant objects to this Request as premature on the grounds that discovery is ongoing, investigation continues with respect to documents to be used in depositions, evidentiary hearings, and/or trial in this matter and is seeking information covered by the work product doctrine. Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000001-332; 1720-1761. Defendant reserves the right to amend or supplement his response.**

10.      All Documents, including but not limited to medical records, inmate records, grievance records, complaints, and/or personnel records, dated January 1, 2018 to the present that refer or relate to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, ambiguous ("including but not limited to medical records"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, Defendant is not a medical**

Group Exhibit C

provider as noted in Plaintiff's Interrogatory #1 to Sheriff Dart. Cermak Health Services is the medical provider established by Cook County for persons detained in Cook County Jail. Pursuant to Rule 33(d)(1), *see* Bates Labeled CCSAO Henneberg 000001-332, 1720-1761.

11.     All Documents related to Cook County Jail or Cermak Health Services Policies in effect during the Relevant Period, including without limitation those related to:

a.     the intake medical screening process;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant ("Cermak Health Services' Policies") or by other means of discovery. Defendant does not perform or conduct medical screening for inmates at the Cook County Department of Corrections ("CCDOC"). Without waiving said objections, *see* Policy 702 Inmate Reception and Intake Bates Labeled CCSAO Henneberg 000196-209**

b.     processing of inmate medical request forms and grievances;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services"), not in Defendant's possession, custody, or control (medical request forms), and more appropriately obtained from sources other than Defendant or by other means of discovery. Inmates' medical request form are directly submitted to Cook County Health Services. Without waiving said objections, *see* Policies 808 and 701 Bates Labeled CCSAO Henneberg 000155-180.**

c.     assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting

Group Exhibit C

with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), ambiguous ("related to Cook County Jail or Cermak Health Services"), irrelevant, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, Cermak Health Services provides medical treatment for inmates at CCDOC. There are no responding documents to answer this Request as Defendant, in his official capacity, does not provide or administer medical treatment for inmates at CCDOC.**

    d.    health care professionals regarding the diagnosis, treatment, or monitoring ofCook County Jail inmates including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "health care professionals"), irrelevant, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, Cermak Health Services provides medical treatment for inmates at CCDOC. There are no responding documents to answer this Request as Defendant does not provide employment for health care professionals and does not provide or administer medical care for inmates at CCDOC.**

Group Exhibit C

e.    medication administration and management to meet the medical needs of theCook County Jail inmates including but not limited to those inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, repetitive, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, *see* Response to Request 11 (c).**

f.    rationing care or determining the timing of treatment of inmates at Cook County Jail presenting with or complaining of needing glasses, poor eyesight, needing to seean eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;and

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, *see* Response to Request 11 (c).**

g.    evaluation, assessment, and response to Cook County Jail inmates' requests,grievances or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

Group Exhibit C

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), not likely to lead to admissible evidence, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections,** *see* **Response to Request 11 (c).**

12.    All Documents reflecting the training, supervision, and discipline of individual employees and agents of Cook County Jail and Cermak Health Services regarding:

(a) processing medical request forms or grievances requesting medical care;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents") and not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does not process inmates' medical request forms or process inmates' grievances requesting medical care.**

(b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents") and not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does not process inmates' medical request**

Group Exhibit C

forms, process inmates' grievances requesting medical care or address concerns about medical or mental health.

(c) providing medical, mental health, or optometric care to inmates, including but not limited totraining regarding the Policies in effect during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents") and not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does do not provide medical, mental health, or optometric care for inmates at CCDOC.**

13.     All Documents reflecting review, evaluation, assessment, recommendations or decisions relating to Plaintiff's requests, complaints, or inmate grievances concerning glasses, pooreyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, irrelevant, unduly burdensome, not likely to lead to admissible evidence, and repetitive.  Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

14.     All Documents identifying all Persons who viewed, interviewed, assessed, evaluated,monitored or treated Plaintiff in connection with his requests, complaints or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines,blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad by time period and**

Group Exhibit C

subject matter, unduly burdensome ("identifying all Persons"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does do not provide medical, mental health, or optometric care for inmates at CCDOC.

15.    All Documents identifying all Persons who responded to medical requests or grievances, scheduled or rationed care, or determined the need for treatment or the timing of treatment of Plaintiff or other inmates at Cook County Jail requesting, presenting with, or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts,migraines, blurred vision, loss of balance, and PTSD during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome ("identifying all Persons"), in violation of inmates' privacy rights, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery, and repetitive. Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

16.    All Documents reflecting the identities of the "John Doe Medical Defendants" employed by the Cook County Department of Corrections or Cermak Health Services, including butnot limited to those who participated in Plaintiff's intake medical screening, provided any medical care to Plaintiff, or received or responded to any medical requests or grievances Plaintiff filed.

Group Exhibit C

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous ("identities of 'John Doe Medical Defendants'"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, *see* Response to Request 15.**

17.     All Documents identifying all inmates presenting with, diagnosed with, or treated fordeficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE:  Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), in violation of the privacy rights of non-parties, not likely to lead to admissible evidence, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does do not provide medical, mental health, or optometric care for inmates at CCDOC.**

18.     All Documents identifying all inmates who requested or filed a grievance related to medical care or deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates" in hundreds of thousands of grievances), not limited in time and scope, in violation of privacy rights of non-parties, not likely to lead to admissible evidence, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, there are no responding documents to answer this Request as CCDOC inmates'**

Group Exhibit C

**medical request forms are directly submitted to Cook County Health Services.**

19.     All Documents and Communications related to or reflecting Your responsibilities forthe operations, policies, and management of the Cook County Department of Corrections, includingbut not limited to the hiring and training of all personnel employed by the Cook County Departmentof Corrections and the safety and security of all inmates detained at Cook County Jail.

**RESPONSE: Defendant objects to this request as overly broad by time period and subject matter, entirely vague and ambiguous, irrelevant, and not related to a particular issue or policy. Further, Defendant is an entity which includes the Cook County Department of Corrections and in that sense this request does not make sense. Without waiving said objections, Defendant is mandated by state law through the Counties Code and County Jail Act to operate and manage the Cook County Jail.**

20.     All Documents related to Cook County Jail or Cook County Sheriff Policies related

to:

        a.     training of Correctional Officers to ensure health and safety of inmates atCook County Jail;

**RESPONSE: Defendant objects to this Interrogatory as overly broad by time period and subject matter ("all Documents") and ambiguous. Without waiving said objections, *see* Policy 310 Report Preparation Bates Labeled CCSAO Henneberg 000181-195. Investigation continues. Defendant will supplement with additional health and safety policies and trainings.**

        b.     health and safety of inmates including inmate protection from physical assault or attack by other inmates; and

Group Exhibit C

**RESPONSE: Defendant objects to this Interrogatory as overly broad by time period and subject matter ("all Documents"), ambiguous, and repetitive. Without waiving said objections,** *see* **Answer to Request 20 (a)***.*

       c.    use of or access to the inmate telephones.

**RESPONSE: Defendant objects to this Interrogatory as overly broad by time period and subject matter ("all Documents") and ambiguous. Without waiving said objections,** *see* **Policy 1209 Inmate Telephone Access Bates Labeled CCSAO Henneberg 000181-195.**

21.    All Documents reflecting the training of Correctional Officers, including but not limited to:

       (a) the protection of inmates from violence from other inmates

**RESPONSE: Defendant objects to this Request as overbroad by time period and subject matter, ambiguous, and repetitive. Without waiving said objections,** *see* **Answer to Request 20(a)***.*

       (b) the response to concerns expressed by inmates concerning their level of protection, including but not limited to training regarding the Policies during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overbroad by time period and subject matter, ambiguous, and repetitive. Without waiving said objections,** *see* **Answer to Request 20(a)***.*

22.    All Documents reflecting or pertaining to any reports or complaints from Plaintiff or any other inmate to any staff member, employee, or representative of Cook County Jail regarding threats or restrictions placed on the use of telephones within Cook County Jail by gang

14

members (including, but not limited to, the "Latin Kings" or any other gang groups) or fellow inmates duringthe Relevant Period and any response, investigation, or other action taken as a result of same.

**RESPONSE: Defendant objects to this Request as containing multiple subparts, overly broad by time period and subject matter, ambiguous, and in violation of the privacy rights of non-parties. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

23.    All Documents related to or reflecting the details of the Incident as defined herein, the complaints, grievances, or appeals Plaintiff filed related to the Incident or his medical care, andthe alleged damages referenced in the Complaint.

**RESPONSE: Defendant objects to this Request as containing multiple subparts, overly broad by time period and subject matter, ambiguous (related to or reflecting the details of the Incident), repetitive, and more appropriately obtained from sources other than Defendant or by other means of discovery (Rule 26 (a) Initial Disclosures). Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 001720-1761.**

24.    All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook CountyJail at the time of the Incident, including but not limited to shift schedules, time cards, or

15

Group Exhibit C

other staffing records.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome ("each calendar day"), ambiguous ("bubble") and irrelevant. Without waiving said objections,** *see* **Daily Roster Division 10 & Daily Attendance Sheet Bates Labeled CCSAO Henneberg 000132-146 dated June 17, 2019**

25.     All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail for every calendar day during 2019, including but not limited to shift schedules, time cards, or other staffing records.

**RESPONSE: Defendant objects to this Request as overly broad in time period and subject matter, unduly burdensome ("each calendar day"), ambiguous ("bubble"), irrelevant and repetitive. Without waiving said objections,** *see* **Response to Request 24.**

26.     All Documents reflecting the identities of the Correctional Officers posted to the "day shift" or "second shift" in the Correctional Officers' "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous ("bubble"), irrelevant, and repetitive. Without waiving said objections,** *see* **Response to Request 24.**

27.     All surveillance footage of Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the Cook County Jail at the time of the Incident.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter and ambiguous. Without waiving said objections,** *see* **surveillance video**

Group Exhibit C

footages labeled DIV_10-CAM_3.047_Tier_3B_Front-2019-06-17_10h35min00s000ms, and DIV_10-CAM_3.048_Tier_3B_Rear-2019-06-17_10h35min00s000ms.

28.     All Documents reflecting or relating to investigation into the Incident and identifyingother inmates, Correctional Officers, or other jail personnel involved in or who witnessed the Incident.

**RESPONSE: Defendant objects to this Request as overly broad in time period and subject matter, ambiguous and in violation of privacy rights of non-parties. Without waiving said objections, *see* Incident Report Bates Labeled CCSAO Henneberg 001720.**

29.     All Documents reflecting the identities of the inmates housed in Division 10 of the Cook County Jail during 2019 when Plaintiff was housed in Division 10.

**RESPONSE: Defendant objects to this Request as overly broad by time period (no specific date in 2019) and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, more appropriately obtained from sources other than Defendant (like Plaintiff) and not likely to lead to admissible evidence. Due to security reasons, Defendant cannot provide any documents that reflect the identities of the inmates housed in Division 10 of the Cook County Jail during the time period that Plaintiff was also housed there.**

30.     All Documents identifying inmates who suffered assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups)in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous ("all documents identifying inmate"), irrelevant, in violation of privacy rights of non-parties, and not likely to lead to admissible**

Group Exhibit C

**evidence. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and criminal state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

31.    All Documents, including, but not limited to, Documents identifying complaints by inmates and/or family members of inmates about assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not in Defendant's custody, control, or possession and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and criminal state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

32.    All Documents related to any warnings, grievances, or other statements inmates made to Correctional Officers at Cook County Jail about the gang activity, inmate control,

Group Exhibit C

violence,disputes, or other altercations related to the inmate telephones in the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome ("all documents related to any"), ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.**

33.     All Documents related to any gang activity, inmate control, violence, disputes, or other altercations among inmates related to the inmate telephones in the Cook County Jail, including but not limited to any inmate grievances, discipline, surveillance footage, or other records related tosame during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.**

34.     All Documents reflecting or relating to real or perceived assaults, batteries, or threatsby gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this**

Group Exhibit C

Request due to the general way this Request is phrased.

35.    All Documents reflecting internal or external recommendations or decisions regarding any assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.**

36.    All Documents reflecting the layout of the areas of Cook County Jail where Plaintiff's jail cells were located, Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the CookCounty Jail, including but not limited to diagrams, maps, blueprints, photographs, surveillance camera footage, or other records reflecting same.

**RESPONSE: Defendant objects to this Request as overly broad, ambiguous and not proportional to the needs of the case. Without waiving said objections *see* Bates Labeled CCSAO Henneberg 000132-146.**

37.    All Documents reflecting or pertaining to discipline or the consideration of disciplineto be imposed on any inmates who were involved at any time in any threats or assaults, batteries orattacks involving Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad (by time period and subject matter) and ambiguous ("at any time in any threats or assaults, batteries or attacks"). Without waiving said objections, *see* Disciplinary History Bates Labeled**

Group Exhibit C

CCSAO Henneberg 000006-24.

38.    All Documents related to or reflecting the U.S. Department of Justice's investigationand findings of unconstitutional conditions at Cook County Jail related to the (a) failure to provideadequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad by time period and subject matter, unduly burdensome, vague, ambiguous ("all documents"), and more appropriately obtained from sources other than Defendant or by other means of discovery and not likely to lead to admissible evidence. Without waiving said objections, this is publicly available information. On June 12, 2018, the United Sates and Cook County submitted a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order in *United States v. Cook Cty.*, 10-cv-2946, Dkt. 375 (N.D. Ill. 2010.) That Joint Motion stated: Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities.  In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings. (*Id.* at p. 2.)  The Court granted that motion, ending the**

Group Exhibit C

Federal Monitor regime on June 26, 2018. Order, *United States v. Cook Cty.*, 10-cv-2946, Dkt. 377 (N.D. Ill. 2010) (Kendall, J.)

      39.    All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail or Cermak HealthServices involving (a) failure to provide adequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad (not limited in time and scope), unduly burdensome, ambiguous, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant or by other means of discovery, and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information is publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

              Respectfully submitted,

              KIMBERLY M. FOXX
              State's Attorney of Cook County

By:    */s/:  Vjosana A. Mataj*
              Vjosana A. Mataj
              Christina Faklis Adair
              Assistant State's Attorney
              500 Richard J. Daley Center
              Chicago, Illinois 60602
              Vjosana.Mataj@cook countyil.gov
              Christina.Adair@cookcountyil.gov
              *Counsel for Defendants*

Group Exhibit C

## CERTIFICATE OF SERVICE

I, Assistant State's Attorney Vjosana Mataj, hereby certify that the above and foregoing were served upon Plaintiff via below listed Counsel on December 21, 2021, by electronic mail.

*/s/ Vjosana Mataj*
Vjosana Mataj

Philip A. Miscimarra
Tedd M. Warden
Maria E. Doukas
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312-324-1000
philip.miscimarra@morganlewis.com
tedd.warden@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*

Group Exhibit C