# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| TOM DART, et al. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

### DEFENDANT COOK COUNTY RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Now comes Defendant, Cook County, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Vjosana A. Mataj and Christina Faklis Adair, and answers Plaintiff's First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1.      Defendant has not fully completed her investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparing for trial or hearing. Thus, all the objections and responses contained herein are based only upon such information and documents which are presently available and specifically known to Defendant. Defendant, accordingly, reserves the right to amend, alter or supplement any and all Responses herein at any time as additional information is discovered.

2.      In responding to the Requests, Defendant does not concede the relevancy, materiality, propriety, or admissibility of any of the information sought therein. Defendant's Responses are made subject to and without waiving any objections to relevancy, materiality, or admissibility.

3.      Defendant objects to the Requests to the extent that they seek information protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrine.  Nothing contained in these Responses is intended to be, nor should be construed as, a waiver of any such privilege or immunity.

4.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

5.      Defendant objects to the Requests to the extent that they purport to impose any obligation in excess of the requirements set forth in any statute, rule, or order applicable to this proceeding.

6.      Defendant objects to the Requests to the extent that they are vague and ambiguous or overly broad and impose an undue burden on Defendant.

7.      Defendant objects to the Requests to the extent that they seek information that is either not in Defendant's possession, custody, or control, or is more appropriately obtained from sources other than Defendant or by other means of discovery.

8.      Each Response is given subject to the general objections set forth, and all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require exclusion of any Response, if any Response referred to herein were produced by a witness present and testifying in Court.  All such objections and grounds therefore are reserved and may be interposed at the time of trial or otherwise.

9.      The general objections asserted above shall be deemed applicable to and continuing with respect to any Request responded to below.  The general objections

asserted above are incorporated into the Responses set forth herein. Such objections are not waived, nor in any way limited, by any Response to any Request.

## **DOCUMENT REQUESTS**

1.      All Documents identified or described in Plaintiff's Rule 26 Initial Disclosures.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("identified or described in Plaintiff's Rule 26 Initial Disclosures"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Defendant does not have any responding documents in response to this Request. It is Plaintiff's responsibility to provide documents identified in Plaintiff's Rule 26 Initial Disclosures.**

2.      All Documents requested to be produced, identified, or described in response to Plaintiff's First Set of Interrogatories.

**RESPONSE:   Defendant objects to this Request as overly broad ("all Documents"), repetitive, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see CCSAO Henneberg 000001-1719.**

3.      All Documents You relied on in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE:   See Defendants' Answers to Plaintiff's First Set of Interrogatories where they identify documents.   See also Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

4. All Documents that support or refute any allegation in the Complaint.

**RESPONSE: Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to documents that support or refute the allegations in the Complaint. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719. Defendant reserves the right to amend or supplement its response.**

5. All Documents from any source that support or refute any assertion or Affirmative Defense made in Defendants' Answer or responsive pleadings to the Complaint.

**RESPONSE: Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to its affirmative defenses. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000001-1719. Defendant reserves the right to amend or supplement its response.**

6. All Documents that relate, in any way, to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague and ambiguous ("in any way"). Without waiving said objections, see Bates Labeled CCSAO Henneberg 000001-1719.**

7. All Documents that relate, in any way, to Plaintiff that You have received, or may receive, in response to any discovery request, subpoena, or other form of document and/or information request, whether formal or informal, issued to a third party.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague and ambiguous ("in any way", "may receive"). Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719.**

8.     All Documents supporting Your assertion in Your First Affirmative Defense that Plaintiff "failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)."

**RESPONSE:   See Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

9.     All Documents from any source that You may, or will, rely upon or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing and investigation continues with respect to documents to be used in depositions, evidentiary hearings, and/or trial in this matter and is seeking information covered by the work product doctrine . Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719. Defendant reserves the right to amend or supplement its response.**

10.     All Documents, including but not limited to medical records, inmate records, grievance records, complaints, and/or personnel records, dated January 1, 2018 to the present that refer or relate to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague, ambiguous ("including but not limited to medical records") and not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000025-85; 000109-125, 000371-1719.**

11.     All Documents related to Cook County Jail or Cermak Health Services Policies in effect during the Relevant Period, including without limitation those related to:

　　　　a.     the intake medical screening process;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, and ambiguous ("related to Cook County Jail or Cermak Health Services"). Without waiving said objections, see Intake Health Screening *Bates* Labeled CCSAO Henneberg 000357-361.**

　　　　b.     processing of inmate medical request forms and grievances;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see Grievance Mechanism for Health Complaints Bates Labeled CCSAO Henneberg 000343-345; 366-368.**

　　　　c.     assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services"), and irrelevant. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-342, 000346-355; 000369-370.**

　　　　d.     health care professionals regarding the diagnosis, treatment, or monitoring of Cook County Jail inmates including but not limited to inmates presenting with or complaining

of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "health care professionals"), and irrelevant. Without waiving said objections, see Response to Request (c).**

e.      medication administration and management to meet the medical needs of the Cook County Jail inmates including but not limited to those inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, and repetitive. Without waiving said objections, see Response Request 11 (c).**

f.      rationing care or determining the timing of treatment of inmates at Cook County Jail presenting with or complaining of needing glasses, poor eyesight, needing to seean eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;and

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "rationing care"), irrelevant, and repetitive.  Without waiving said objections, see Response to Request 11 (c).**

g.      evaluation, assessment, and response to Cook County Jail inmates' requests, grievances or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, and repetitive. Without waiving said objections, see CCSAO Henneberg 000343-345, 000366-368.**

12.     All Documents reflecting the training, supervision, and discipline of individual employees and agents of Cook County Jail and Cermak Health Services regarding:

(a) processing medical request forms or grievances requesting medical care;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(c) providing medical, mental health, or optometric care to inmates, including but not limited to training regarding the Policies in effect during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objection, see Bates Labeled CCSAO Henneberg 000369-370.**

13.     All Documents reflecting review, evaluation, assessment, recommendations or decisions relating to Plaintiff's requests, complaints, or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, and repetitive. Without waiving said objections, see Plaintiff's Medical records Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 000371-1719.**

14.     All Documents identifying all Persons who viewed, interviewed, assessed, evaluated, monitored or treated Plaintiff in connection with his requests, complaints or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), and unduly burdensome ("identifying all persons"). Without waiving said objections, see Plaintiff's Medical Records Bates Labeled CCSAO Henneberg 000371-1719.**

15.     All Documents identifying all Persons who responded to medical requests or grievances, scheduled or rationed care, or determined the need for treatment or the timing of treatment of Plaintiff or other inmates at Cook County Jail requesting, presenting with, or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome ("identifying all Persons"), in violation of inmates' privacy rights, more appropriately obtained from sources other than Defendant or by other means of discovery, and redundant. Without waiving said objections, see Plaintiff's Medical records Bates Labeled**

CCSAO Henneberg 000371-1719.

16.     All Documents reflecting the identities of the "John Doe Medical Defendants" employed by the Cook County Department of Corrections or Cermak Health Services, including butnot limited to those who participated in Plaintiff's intake medical screening, provided any medical care to Plaintiff, or received or responded to any medical requests or grievances Plaintiff filed.

**RESPONSE:  Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague and ambiguous ("identities of 'John Doe Medical Defendants'"). Without waiving said objections, see Plaintiff's Medical Records Bates Labeled CCSAO Henneberg 000371-1719.**

17.     All Documents identifying all inmates presenting with, diagnosed with, or treated for deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), and in violation of Cook County Jail inmates' privacy rights. Without waiving said objections, any complaint or lawsuit is publicly available information.**

18.     All Documents identifying all inmates who requested or filed a grievance related to medical care or deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE:     Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), in violation of Cook County Jail inmates' privacy rights under HIPAA and not reasonably limited in scope (requesting a review of hundreds of thousands of grievances). Without waiving said objections, any complaint or lawsuit is publicly available information.**

19.     All Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail related to the failure to provide adequate medical care.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad by time period and subject matter, unduly burdensome, vague, ambiguous ("all documents"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery and not likely to lead to admissible evidence. Without waiving said objections, this is publicly available information. On June 12, 2018, the United Sates and Cook County submitted a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order in *United States v. Cook Cty.*, 10-cv-2946, Dkt. 375 (N.D. Ill. 2010.) That Joint Motion stated: Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities. In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings. (*Id.* at p. 2.) The Court granted that motion, ending the Federal Monitor regime on June 26, 2018. Order, *United States v. Cook Cty.*, 10-cv-2946, Dkt. 377 (N.D. Ill. 2010) (Kendall, J.)**

20.     All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail or Cermak Health Services involving failure to provide adequate medical care.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad, unduly burdensome, ambiguous, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant or by other means of discovery, and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information is publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

                         Respectfully submitted,

                         KIMBERLY M. FOXX
                         State's Attorney of Cook County

         By:     */s/: Vjosana A. Mataj*
                 Vjosana A. Mataj
                 Christina Faklis Adair
                 Assistant State's Attorney
                 500 Richard J. Daley Center
                 Chicago, Illinois 60602
                 Vjosana.Mataj@cook countyil.gov
                 Christina.Adair@cookcountyil.gov
                 *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, Assistant State's Attorney Vjosana Mataj, hereby certify that the above and foregoing were served upon Plaintiff via below listed Counsel on November 24, 2021, by electronic mail.

*/s/ Vjosana A. Mataj*
Vjosana A. Mataj

Philip A. Miscimarra
Tedd M. Warden
Maria E. Doukas
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312-324-1000
philip.miscimarra@morganlewis.com
tedd.warden@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*