# Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| TOM DART, et al. | ) | |
| | ) | Honorable Sara L. Ellis |
| Defendants. | ) | |
| | | **JURY TRIAL DEMANDED** |

**OFFICER JORGE ARIAS ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, Jorge Arias, by and through his attorneys Jason E. DeVore and Troy S. Radunsky of DeVore Radunsky LLC, and for his answers to Plaintiffs Requests for Production of Documents, states as follows.

**\*\*See Bates CCSAO 1834-1921 attached.**

**DOCUMENT REQUESTS**

1. All Documents requested to be produced, identified, or described in response to Plaintiff's First Set of Interrogatories.

**RESPONSE: None other than those documents previously produced by my counsel and identified as CCSAO 1-1829 and 9 videos.**

2. All Documents You relied on in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE: CCSAO 1720, 6/17/20 incident report. Further answering, this defendant reserves his right to supplement this response if new or additional information becomes known.**

3. All Documents that support or refute any allegation in the Complaint.

**RESPONSE: None other than those documents previously produced by my counsel and any pleadings filed on my behalf by my counsel. This defendant reserves his right to supplement this response if new or additional information becomes known.**

4. All Documents from any source that support or refute any assertion or Affirmative Defense made in Defendants' Answer or responsive pleadings to the Complaint.

**RESPONSE: See Response #1-3.**

5. All Documents that relate, in any way, to Plaintiff.

**RESPONSE: Objection. Scope and vagueness as this request seeks "all documents that relate in any way…". Subject to and without waiving said objection, none other than those records and videos previously produced by my counsel.**

6. All Documents that relate, in any way, to Plaintiff that You have received, or may receive, in response to any discovery request, subpoena, or other form of document and/or information request, whether formal or informal, issued to a third party.

**RESPONSE: None**

7. All Documents supporting Your assertion in Your First Affirmative Defense that Plaintiff "failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)."

**RESPONSE: Objection. This is a legal argument made by my counsel. Subject to and without waiving said objection, it is my understanding that a copy of plaintiffs grievance has been produced by plaintiff as Bates 991-992 & by defendant as CCSAO 66; Further answering, see Plaintiff's inmate handbook CCSAO 1721-1761 (Chap 7; 1750-1753),**

8. All Documents from any source that You may, or will, rely upon or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits.

**RESPONSE: This defendant has not yet determined which documents he may rely on or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits and will seasonably supplement once known.**

9. All Documents, including but not limited to medical records, inmate records, grievance records, complaints, and/or personnel records, dated January 1, 2018 to the present that refer or relate to Plaintiff.

**RESPONSE: This defendant does not have access to any detainees arrest file, medical records or grievance records. However, upon information and belief it is this defendants understanding that plaintiffs grievances and personnel records have been produced as CCSAO 1-131. Specifically, a copy of plaintiffs June 2019 grievance has also been produced by plaintiff as Bates 991-992 & by defendant as CCSAO 66. In addition, the plaintiff's medical records including HSRF forms were produced as CCSAO 371-1719.**

10. All Documents and Communications related to or reflecting Your responsibilities for the operations, policies, and management of the Cook County Department of Corrections, including but not

2

limited to the hiring and training of all personnel employed by the Cook County Department of Corrections and the safety and security of all inmates detained at Cook County Jail.

**RESPONSE: Objection. Upon information and belief, it is this defendants understanding that relevant policies have been previously produced by my counsel, including CCSAO 333-370, 1762-1770 (ie.- Policies: 709, 720, 1004). Further answering, I have no documents related to training and hiring and training of all personnel employed by the Cook County Department of Corrections.**

11. All Documents related to Cook County Jail or Cook County Sheriff Policies related to:

   a. training of Correctional Officers to ensure health and safety of inmates at Cook County Jail;

   b. health and safety of inmates including inmate protection from physical assault or attack by other inmates; and

   c. use of or access to the inmate telephones.

**RESPONSE: Objection. This is duplicative of #10. Subject to and without waiving said objection, see also Cook Co IL Code of Ordinances Sec. 46-37.4-User of the terminated regional gang intelligence database and affiliated data prohibited.**

12. All Documents reflecting Your training, including but not limited to (a) the protection of inmates from violence from other inmates and (b) the response to concerns expressed by inmates concerning their level of protection, including but not limited to training regarding the Policies during the Relevant Period.

**RESPONSE: A copy of my Excel LMS training spreadsheet is attached as CCSAO Bates 1900-1921 and produced as an Excel Spreadsheet.**

13. All Documents reflecting or pertaining to any reports or complaints from Plaintiff or any other inmate to You regarding threats or restrictions placed on the use of telephones within Cook County Jail by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) or fellow inmates during the Relevant Period and any response, investigation, or other action taken as a result of same.

**RESPONSE: None.**

14. All Documents related to or reflecting the details of the Incident as defined herein, the complaints, grievances, or appeals Plaintiff filed related to the Incident or his medical care, and the alleged damages referenced in the Complaint.

3

**RESPONSE: Objection. This is duplicative of Request #9.**

15. All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail at the time of the Incident, including but not limited to shift schedules, time cards, or other staffing records.

**RESPONSE: Upon information and belief, it is this defendants understanding that rosters have been produced by my counsel previously as CCSAO 132-332.**

16. All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail for every calendar day during 2019, including but not limited to shift schedules, time cards, or other staffing records.

**RESPONSE: See Response #15.**

17. All Documents reflecting the identities of the Correctional Officers posted to the "day shift" or "second shift" in the Correctional Officers' "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail during the Relevant Period.

**RESPONSE: See Response #15.**

18. All surveillance footage of Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the Cook County Jail at the time of the Incident.

**RESPONSE: Upon information and belief, it is this defendants understanding that 11 videos of the June 17, 2019, incident were produced previously by my counsel.**

19. All Documents reflecting or relating to investigation into the Incident and identifying other inmates, Correctional Officers, or other jail personnel involved in or who witnessed the Incident.

**RESPONSE: See CCSAO 1720, 6/17/20 incident report, previously produced by my counsel.**

20. All Documents reflecting the identities of the inmates housed in Division 10 of the Cook County Jail during 2019 when Plaintiff was housed in Division 10.

**RESPONSE: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case.**

4

21. All Documents identifying inmates who suffered assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.**

22. All Documents, including, but not limited to, Documents identifying complaints by inmates and/or family members of inmates to You about assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.**

23. All Documents related to any warnings, grievances, or other statements inmates made to You at Cook County Jail about gang activity, inmate control, violence, disputes, or other altercations during the Relevant Period.

**RESPONSE: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.**

24. All Documents related to any gang activity, inmate control, violence, disputes, or other altercations among inmates related to the inmate telephones in the Cook County Jail, including but not limited to any inmate grievances, discipline, surveillance footage, or other records related to same during the Relevant Period.

**RESPONSE: None**

25. All Documents reflecting or relating to real or perceived assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Objection. This request is duplicative of Request #21-23.**

26. All Documents reflecting internal or external recommendations or decisions regarding any assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.**

27. All Documents reflecting the layout of the areas of Cook County Jail where Plaintiff's jail cells were located, Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the Cook County Jail, including but not limited to diagrams, maps, blueprints, photographs, surveillance camera footage, or other records reflecting same.

**RESPONSE: Objection. Relevance. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.**

28. All Documents reflecting or pertaining to discipline or the consideration of discipline to be imposed on any inmates who were involved at any time in any threats or assaults, batteries or attacks involving Plaintiff.

**RESPONSE: None.**

29. All Documents and Communications relating to or reflecting Your personnel records, disciplinary records, scope of employment, job description, and other employment responsibilities at Cook County Jail.

**RESPONSE: Objection. Relevance. Subject to and without waiving said objection, see attached disciplinary file as CCSAO Bates 1834-1899.**

30. All Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail related to the failure to protect inmates from assault or attacks by other inmates.

**RESPONSE: None.**

31. All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail involving failure to protect inmates from assault or attacks by other inmates.

**RESPONSE: None.**

Troy S. Radunsky
Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Suite 230
Chicago, IL 60606
*Tradunsky@devoreradunsky.com*

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing document was served via email on August 10, 2022 upon all counsel of record.

    Philip A. Miscimarra
    Maria E. Doukas
    Liza B. Fleming (*pro hac vice*)
    Morgan, Lewis & Bockius LLP
    110 N. Wacker Drive, Suite 2800
    Chicago, IL 60606
    Phone: 312.324.1000
    Fax: 312.324.1001
    *philip.miscimarra@morganlewis.com*
    *tedd.warden@morganlewis.com*
    *maria.doukas@morganlewis.com*
    *liza.fleming@morganlewis.com*

    *Attorneys for Plaintiff*