UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| SHERIFF DART, SUSAN SHEBEL, R.N., | ) | |
| and COOK COUNTY, ILLINOIS et al. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendants. | ) | |

**JOINT DISCOVERY MOTION
REGARDING SCOPE OF DISCOVERABLE "INCIDENT REPORTS"
REGARDING 2015-2019 INMATE ASSAULTS**

PHILIP A. MISCIMARRA
MARIA E. DOUKAS
LIZA FLEMING (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com
liza.fleming@morganlewis.com

*Attorneys for Plaintiff*

JASON E. DEVORE (#6242782)
TROY S. RADUNSKY (#6269281)
DEVORE RADUNSKY LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
(312) 300-4479
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com

*Attorneys for Defendants*

DATED: February 28, 2023

Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., and Cook County, Illinois, jointly move this Court to assist in resolving the following discovery dispute.

1. This case involves claims arising, in part, on June 17, 2019 when Plaintiff, while incarcerated, was assaulted by another inmate. Prior to the assault, Plaintiff used or tried to use a telephone. On September 24, 2021, Plaintiff served production requests seeking all documents reflecting assaults between inmates and/or gang members during a time period that Plaintiff has now limited to 2015-2019.[1] During the first 15 months of discovery, Defendants refused to produce any "incident reports" involving inmate assaults except for the "incident report" relating to Plaintiff.

2. At the January 4, 2023 hearing regarding the parties' earlier Joint Discovery Motion (ECF #85), this Court addressed two types of documents: (a) "incident reports" containing electronic data which <u>can</u> be searched using key words, and (b) hard copy handwritten "grievance forms" which <u>cannot</u> be searched.[2]

3. During the January 4, 2023 hearing, after stating that "incident reports can be searched," Defendants' counsel stated "*for instance . . . if they were asking for, you know, fights over the phone*, if there's incident reports on those between 2015 and 2019 . . . *we could definitely do a search of those*, but we can't search the handwritten documents" (Tr. 14) (emphasis added). This Court responded with a question, "*would* the defendants be willing to do a search, *if we're talking about on the jail side of things the issue relating to the telephone*, to do a search for *incident reports that involve assaults where the underlying issue is use of the telephones, to pull those up from that time period?*" (Tr. 15) (emphasis added). Defendants stated that was "doable" (Tr. 17). Plaintiff's

---

[1] Relevant production requests requested documents related to assaults, attacks, altercations and related policies, and training, and federal investigations regarding the "failure to protect inmates from assault or attacks by other inmates." *See, e.g.,* production requests attached as <u>Exhibit A</u>.

[2] The January 4 hearing transcript ("Tr."), attached as <u>Exhibit B</u>, makes clear that the "incident reports" can be searched using key words for particular periods. *See* Tr. 14 ("The jail has incident reports . . . put int the system typewritten, so that can be searched.").

counsel stated "*with respect to the incident report issue* we're more than a year into this litigation . . . and *we've received one incident report*, which is the incident report that pertains to Mr. Henneberg" (Tr. 19) (emphasis added). Subsequently, this Court stated to Defendants, "Just because something is a little harder than it looks on the first go *doesn't mean that you give the plaintiff one incident report and call it a day*" (Tr. 32) (emphasis added).

    4. After the January 4 hearing, Plaintiff and Defendants have disagreed regarding the scope of incident reports that are relevant for purposes of discovery generally, and for the purpose of identifying incidents or inmates which may warrant a follow-up search of the handwritten grievance forms. This "incident report" disagreement was described in the parties' Proposed Joint Scheduling Order (ECF #97, ¶1(a), pp. 1-2), though stating this had not "ripened" into a "dispute" (*id.*).[3]

    5. On February 2, 2023, Defendants produced a spreadsheet that only identified incident reports where the narrative or summary describing fights between inmates contained the words "phone" or "telephone," and Defendants excluded all other incident reports involving fights, attacks or assaults between inmates.[4] Despite repeated efforts (*see* para. 4 and note 3 above), Plaintiff's counsel and Defendants' counsel have been unable to resolve this dispute.

    6. **Plaintiff's Position:** This Court has recognized that Plaintiff claims Defendant Dart "failed to implement policies and to train correctional officers to *protect detainees from physical*

---

[3] Plaintiff's counsel and Defendants' counsel also had email exchanges on February 21-23, February 10, and January 24, 2023 (see Exhibit C) – and a face-to-face "meet and confer" session on February 24, 2023 (by videoconference) – in an unsuccessful effort to resolve this dispute. *See* Exhibit C.

[4] The Defendants' email and spreadsheet – attached as Exhibit D – identified 2,030 incidents, of which Defendants call 590 incidents "relevant" and 1,440 incidents "not relevant." Plaintiff reserves and does not waive any rights regarding four other aspects of Defendants' response: (i) Defendants produced a spreadsheet that purports to contain the text of the incident reports without producing the actual reports; (ii) Defendants limited their work search to the term "fight" without using other terms (e.g., "assault," "attack," "battery," "punch" etc.); (iii) Defendants should provide all 2015-2019 incident reports that mention eyeglasses, vision issues or Defendants Arias and/or Shebel; and (iv) Although Plaintiff narrowed the relevant time period to January 1, 2015 to Decmber 31, 2019, Defendants provided no incident reports for the period January 1, 2015 to September 30, 2015. *Id.*

2

*assault by other detainees*," and that Plaintiff in discovery must prove "'a widespread practice' . . . supported, for example, by *other detainees' experiences*." (ECF #54, at 8) (emphasis added). Thus, Defendants should produce *all* "incident reports" that reflect all 2015-2019 inmate assaults.

7. Five considerations support this conclusion. <u>First</u>, all incident reports regarding inmate assaults fall within the broad definition of "relevance" used in FRCP Rule 26(b)(1), which indicates discoverable information need not itself be "admissible." *Cf. Malibu Media, LLC v. Doe*, 2014 WL 1228383, at *3 (N.D. Ill. March 24, 2014) (Ellis, J.) (information is relevant as a "logical first step" where it may "lead to . . . admissible evidence"). <u>Second</u>, Defendants have no defense of burdensomeness regarding "incident reports" because they are all word-searchable. *See* para. 3 above. <u>Third</u>, although the June 17, 2019 inmate assault against Plaintiff occurred after Plaintiff used or tried to use a telephone, this case centers around Plaintiff's constitutional right to protection from assaults by other inmates. This means incident reports regarding inmate assaults generally—*not* just assaults over telephone use—are relevant to Plaintiff's claim that the policies and practices at Cook County Jail reflected a widespread failure to "protect detainees from physical assault by other detainees" (ECF #54, at 8). If incident reports show that inmates were repeatedly exposed to assaults—even if the reasons related to race, drugs, insults, personality, gang affiliation, theft, or other disputes—the incident reports are directly relevant to Plaintiff's claims. <u>Fourth</u>, incident reports regarding other inmate assaults are relevant to Plaintiff's individual *and Monell* claims, and Defendants never objected to *Monell* discovery at *any* time (as indicated in Plaintiff's Opposition to Defendants' Motion to Bifurcate). <u>Fifth</u>, the January 4, 2023 hearing cannot reasonably be regarded as permitting Defendants to withhold all incident reports reflecting 2014-2019 inmate assaults, except for those containing the words "phone" or "telephone." As indicated in para. 3 above, Defendants' counsel introduced this limitation when speaking hypothetically (using the phrase "for instance") while also stating that incident reports could be word-searched (Tr. 14). This Court then asked—as

3

a question—"would the defendants be willing . . . , *if* we're talking about on the jail side of things the issue relating to the telephone, to do a search for incident reports that involve assaults where the underlying issue is use of the telephones . . . ?" (Tr. 15). This is not a ruling that the *only* relevant inmate assaults are those involving a "phone" or "telephone," nor is such a ruling warranted here.

8. **Defendants' Position:** The plaintiff has mischaracterized the defendants' position and misrepresented the events at the hearing on January 4, 2023. Over the course of the case, Defendants have diligently responded to all written discovery and complied with every court order.

9. The defendants produced 1921 pages of records including the 6.17.19, incident report at issue (CCSAO 1720), and two other incident reports (CCSAO Bates 1831, 1832). Also consistent with the Court's January 4, 2023, order (p.15), the defense also produced an EXCEL spreadsheet containing 2178 incident reports regarding fights (or assaults) over the phones, including gangs and fights (or assaults) over the phones from 2015-2019. That spreadsheet is searchable, but now the Plaintiff seeks to add an additional search terms such as "attack, battery and punch" even though those terms appear in the current spreadsheet.

10. On 1/4/23, the Court was advised at the hearing that an OCR search cannot be performed on a pdf, incident report. (1/4/23 hearing p.14).

11. The Plaintiff has made overzealous efforts to obtain discovery, which defendant's characterize, and have objected to, since 2021 as *Monell* related discovery. Despite numerous meet and confers and exchanges of correspondence, the plaintiff remains unrelenting in his efforts to gather obvious Monell discovery.

12. The plaintiff has also refused to identify any incident reports, and detainee ID's in the spreadsheet which he wants the defense to further search to expand Monell discovery first.

13. This Court even remarked at the hearing on 1/4/23 that "in the end the Monell claim doesn't add anymore to the damages" but, despite that advice, the plaintiff remains convinced he is

4

entitled to expansive Monell discovery, which defendants vigorously oppose. The defendants never said it would not participate in Monell discovery either, only that it was premature while a Motion to Bifurcate is pending before the Court.

14. The Monell discovery production demanded is both burdensome, costly and disproportionate to the needs of the case. Even the Court remarked at the hearing on January 4, that ,"What I don't want is you getting tens of thousands of grievances that somebody has look at, that's just an utter waste of time." (1.4.23 hearing p. 15-16.). It seems highly likely there would be in excess of 10,000 incident reports involving any and <u>all</u> assaults, fights, batteries, etc.

15. Finally, despite good faith efforts by defense counsel to attend the 2.16.23 court appearance, defendant did not obtain a call in number from the Court to appear at the hearing, and therefore was never afforded a fair opportunity to argue their position before this Court ruled on 2.21.23. If an accord cannot be reached, the defendants will likely file a motion to clarify that order and have a re-hearing, so they can be fairly represented their position, if possible.

16. **Conclusion.** For the reasons stated above, Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., and Cook County, Illinois request that the Court resolve the discovery dispute described above.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| By: */s/ Philip A. Miscimarra* | By: */s/ Jason E. DeVore* |
| PHILIP A. MISCIMARRA | JASON E. DEVORE (#6242782) |
| MARIA E. DOUKAS | TROY S. RADUNSKY (#6269281) |
| LIZA FLEMING (*pro hac vice*) | DEVORE RADUNSKY LLC |
| MORGAN, LEWIS & BOCKIUS LLP | 230 W. Monroe Street, Suite 230 |
| 77 West Wacker Dr., Suite 500 | Chicago, IL 60606 |
| Chicago, IL 60601-5094 | (312) 300-4479 |
| Phone: 312.324.1000 | jdevore@devoreradunsky.com |
| Fax: 312.324.1001 | tradunsky@devoreradunsky.com |
| philip.miscimarra@morganlewis.com | *Attorneys for Defendants* |
| maria.doukas@morganlewis.com | |
| liza.fleming@morganlewis.com | |
| *Attorneys for Plaintiff* | DATED: February 28, 2023 |

5

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing document was served via CM/ECF on February 28, 2023 upon all counsel of record.

                                                /s/ *Liza B. Fleming*
                                                Liza B. Fleming