# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| TOM DART, SUSAN SHEBEL, R.N., | ) | |
| JOHN DOE MEDICAL DEFENDANTS, | ) | Honorable Sara L. Ellis |
| JOHN DOE CORRECTIONAL OFFICER | ) | |
| NO. 1, and COOK COUNTY, ILLINOIS, et | ) | |
| al. | ) | |
| | ) | |
| Defendants. | ) | |

**DISPUTED INTERROGATORIES AND REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

**I.** **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHERIFF THOMAS DART**

1. Request No. 30: All Documents identifying inmates who suffered assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

a. Response: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous ("all documents identifying inmate"), irrelevant, in violation of privacy rights of non-parties, and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and criminal state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.

2. Request No. 31: All Documents, including, but not limited to, Documents identifying complaints by inmates and/or family members of inmates about assaults, batteries,

attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

        a.    <u>Response</u>: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not in Defendant's custody, control, or possession and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and criminal state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.

        3.    <u>Request No. 34</u>: All Documents reflecting or relating to real or perceived assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

        a.    <u>Response</u>: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.

        4.    <u>Request No. 35</u>: All Documents reflecting internal or external recommendations or decisions regarding any assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

a.      <u>Response</u>: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.

5.      <u>Request No. 38</u>: All Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail related to the (a) failure to provide adequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

a.      <u>Response</u>: Defendant objects to this Request as irrelevant, overly broad by time period and subject matter, unduly burdensome, vague, ambiguous ("all documents"), and more appropriately obtained from sources other than Defendant or by other means of discovery and not likely to lead to admissible evidence. Without waiving said objections, this is publicly available information. On June 12, 2018, the United Sates and Cook County submitted a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order in United States v. Cook Cty., 10-cv-2946, Dkt. 375 (N.D. Ill. 2010.) That Joint Motion stated: Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities. In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives

from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings. (Id. at p. 2.) The Court granted that motion, ending the Federal Monitor regime on June 26, 2018. Order, United States v. Cook Cty., 10-cv-2946, Dkt. 377 (N.D. Ill. 2010) (Kendall, J.)

6.      Request No. 39: All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail or Cermak Health Services involving (a) failure to provide adequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

a.      Response:  Defendant objects to this Request as irrelevant, overly broad (not limited in time and scope), unduly burdensome, ambiguous, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant or by other means of discovery, and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information is publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.

## II.      PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JORGE ARIAS

1.      Request No. 21: All Documents identifying inmates who suffered assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

a. <u>Response</u>: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.

2. <u>Request No. 22</u>: All Documents, including, but not limited to, Documents identifying complaints by inmates and/or family members of inmates to You about assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

a. <u>Response</u>: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.

3. <u>Request No. 25</u>: All Documents reflecting or relating to real or perceived assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

a. <u>Response</u>: Objection. This request is duplicative of Request #21-23.

4. <u>Request No. 26</u>: All Documents reflecting internal or external recommendations or decisions regarding any assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

a. <u>Response</u>: Objection. Relevance, scope, burdensome and disproportionate to the needs of the case. Subject to and without waiving said objection, this defendant is not in possession of any of these documents.

5. <u>Request No. 30</u>: All Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail related to the failure to protect inmates from assault or attacks by other inmates.

      a.    <u>Response</u>: None.

6.    <u>Request No. 31</u>: All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail involving failure to protect inmates from assault or attacks by other inmates.

      a.    <u>Response</u>: None.