# EXHIBIT C

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Tuesday, January 24, 2023 2:26 PM |
| **To:** | Troy Radunsky |
| **Cc:** | Fleming, Liza B.; Doukas, Maria E.; Jason DeVore; Zachary Stillman |
| **Subject:** | Henneberg Discovery Issues Follow-Up |

Dear Troy:

I am out of town in meetings through Thursday, but this is a preliminary response to your email addressing discovery issues relating to Mr. Henneberg.

Your email raises two issues which we believe are straightforward.

Preliminarily, it is good news that the Justice Department will consent to the Defendants' disclosure, in Mr. Henneberg's case, of all underlying data, documents and communications related to agreed orders and subsequent "monitor reports" entered in a federal court lawsuit brought by the United States against Cook County and Sheriff Dart, which was captioned United States v. Cook County, Illinois et al., Case No. 1:10-cv-02946 (N.D. Ill.) (agreed orders filed May 2010). We advised our contact at the Justice Department that the Defendants in our case would be independently reaching out to request the consent described above. However, we thought it would also be helpful to reach out ourselves because of the likelihood that other issues relating to the Justice Department's litigation against Cook County and Sheriff Dart would be relevant to Mr. Henneberg's claims. In fact, to a significant degree, we believe the Justice Department's litigation against the Defendants – and the resulting "monitor reports" and underlying data, documents and communications – will strongly support Mr. Henneberg's current claims. Therefore, it is entirely appropriate for Mr. Henneberg to engage in whatever coordination and discussions with the Justice Department may be helpful. Respectfully, for this reason, we do not believe it is appropriate for the Defendants to seek or expect that Mr. Henneberg would disclose the substance of our communications with the Justice Department.

More importantly, we reiterate our strong disagreement with your suggestion that the production of "incident reports" can be limited in scope to those incident reports that only pertain to inmate assaults and the use of telephones during the 2015-2019 period. Here, your email confirms that "incident reports" can be electronically searched, which makes them very different from the "grievance records" (which the Defendants maintain cannot be electronically searched). Based on the inability to conduct an electronic search of "grievance records," Judge Ellis directed the Defendants to do an electronic search and produce "incident reports" which, in turn, will permit Mr. Henneberg to identify particular inmates and/or incidents that can then lead to the production of relevant grievance records. However, separate from this use of "incident reports," we believe three things are clear, all of which make it incumbent for the Defendants to disclose all incident reports for the period 2015-2019 that reflect or relate to any of the following three categories, among other things: inmate assaults generally, or assaults involving potential gang members, or assaults involving potential use of the phone(s).

- First, it was clear that, at the hearing on January 4, Judge Ellis strongly denounced the Defendants' refusal – for more than a year in discovery – to produce any "incident reports" for any other inmates other than the single incident reports relating to the assault involving Mr. Henneberg. For this reason, we believe the Defendants have no basis for suggesting that Judge Ellis is inclined to permit Defendants, at this stage, to limit any production of other "incident reports" to the most narrow conceivable category of incident reports which, on their face, relate to an inmate assault and the use of telephones.

- Second, completely separate from the use of "incident reports" for the narrow purpose of identifying non-searchable "grievance records" (which may involve inmate assaults involving telephone use), the "incident

reports" are <u>more broadly relevant</u> to Mr. Henneberg's Monell claims in the pending case. In this regard, to the extent there are large numbers of "incident reports" for 2015-2019 involving any of the three categories referenced above – i.e., inmate assaults generally, <u>or</u> assaults involving potential gang members, <u>or</u> assaults involving potential use of the phone(s) – these incidents would all have probative value regarding the potential failure of Cook County Jail and Sheriff Dart to take reasonable steps to protect inmates from assaults during their period of confinement. Moreover, the production of all "incident reports" involving any of the above three categories, combined with further investigation and evaluation by Mr. Henneberg, could lead to the discovery of other relevant events, which warrants production under the broad discovery standard that applies under the Federal Rules of Civil Procedure. In effect, to the extent that Mr. Henneberg's assault occurred on a Sunday, the Defendants' position is analogous to excluding the disclosure of "incident reports" relating to assaults that occurred on other days of the week. If the "incident reports" and other evidence demonstrate that the Defendants had deliberate indifference regarding <u>all</u> kinds of assaults in Cook County Jail during 2015-2019, this would also directly support Mr. Henneberg's Monell claims regarding his assault which occurred following his use of the telephone.

- <u>Third</u>, your most recent email makes clear that Defendants do not have <u>any</u> valid claim of burdensomeness regarding the disclosure of all "incident reports" for 2015-2019 involving any of the three categories referenced above (i.e., inmate assaults generally, <u>or</u> assaults involving potential gang members, <u>or</u> assaults involving potential use of the phone). Your email indicates that the Defendants <u>do</u> have the ability to conduct electronic searches of the "incident reports" for the period 2015-2019. To the extent you have concerns about the work needed to review a large number of "incident reports" that may reflect inmate assaults during this period, the easiest course of action is to produce all of those "incident reports," and we will then undertake whatever review is necessary to differentiate between those incidents that are more directly relevant to Mr. Henneberg's claims, versus those incidents that may not be. Indeed, this is the purpose of "discovery" in civil litigation.

If the Defendants persist in their position that the only "incident reports" that will be disclosed, at this point, will be those "incident reports" that are narrowly limited to those reports which, on their face, relate to an inmate assault <u>and</u> the use of telephones, please let us know, and we believe this dispute should be resolved by Judge Ellis. Again, this is not a comprehensive response regarding this very important issue, and we should endeavor to get this dispute before Judge Ellis as soon as possible to the extent it cannot be resolved.

I hope that everything else remains well with you.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com
philip.miscimarra@morganlewis.com | www.morganlewis.com

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Tuesday, January 24, 2023 12:05 PM

**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Jason DeVore <jdevore@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>
**Subject:** Henneberg | Expanded ESI search request following meet and confer

[EXTERNAL EMAIL]
Phil,

During our meet and confer on 1.12.23, Plaintiff requested additional searches beyond those ordered by the court. For instance, you asked for production of "any incident reports involving gang fights or jail fights of any kind between 2015-2019."  As you know, What the court ordered was a production of incident reports related to telephone and fights, from 2015 to 2019.  As ordered by the Court, we will run that search and get you an excel spreadsheet of those. There may be over 700 incidents listed, but we are not sure of the exact number yet.  This result list has to be manually reviewed to separate fights over the phone from, for instance, from fights after which a supervisor was "phoned," or where the fight began near the "phones," as a location.   We further note that the Court specifically said, regarding grievances, "what I don't want is you getting tens of thousands of grievances that somebody has to look at, right? That's just an utter waste of time." We think that the same reasoning applies to all incident reports related to any fight at all, no matter what the issue.  The Court specially talked about wanting to get us narrowed to "the universe of grievances that are filed relating to incidents that are relevant" and she noted that the relevant issue for CCSO was "assaults that are related or connected to the use of the telephones at the jail."  Producing a list of all fights, regardless of whether it was about or related to phones, appears to be completely the opposite of what the court agreed was reasonable.

We suggest that we get you the incident reports that the court ordered us to produce first.  And with a better handle on the number of reports, we can discuss whether any further production of incident reports is reasonable or burdensome. Also, moving forward, we would ask that any ESI searches you want be rolled into a formal discovery request so there is a clear record of it. If we have an issues with it, we can easily meet and confer to discuss custodians, search terms and date ranges.

Finally, it has come to our attention that you emailed the DOJ last week even though we agreed we would contact them prior to March 6. We were not included on your correspondence to them, and would like to see it for transparency purposes. They contacted us to advise that you had reached out to them. We also spoke to DOJ counsel Kerry Dean, attorney for the DOJ. She had no issue with release of the communications relative to the medical monitoring reports that you wanted. We confirmed that in an email with her and will forward it to you.  We told her we would advise her which medical monitoring reports you are requesting the communications for once you advise us next month.

Please contact us if you have any questions.

Regards,

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

**From:**       Miscimarra, Philip A.
**Sent:**       Friday, February 10, 2023 12:06 AM
**To:**         Troy Radunsky
**Cc:**         Jason DeVore; Zachary Stillman; Fleming, Liza B.; Doukas, Maria E.
**Subject:**    (1) Plaintiff's Motion to Amend Proposed Scheduling Order, and (2) Court Resolution of
                Discovery Dispute re Incident Reports


Dear Troy:

Because the incident reports encompassed by the descriptions you provided have only included the incident reports that in some way involved phone or telephone use, we believe there is no choice except – <u>before</u> we identify what incident reports should result in a manual search for inmate grievances – to have the court resolve the dispute referenced in my email sent to you on January 24, 2023 (copied below), which states the reasons that a broader assortment of incident reports are plainly relevant.  Otherwise, Plaintiff will be doing significant work on a subset of the relevant incident reports which will need to be duplicated when we have the opportunity to review the larger assortment of relevant incident reports.  Regarding this matter, the proposed Joint Scheduling Order (filed on January 13, 2023, Dkt. # 97) states that Plaintiffs' would identify, by February 13, 2023, the incident reports that should be used for a manual search of inmate grievances; except after referencing the parties' disagreement regarding the scope of incident reports to be produced, the proposed Order stated this identification would occur only "<u>if the parties reach a successful resolution of this dispute by January 23, 2023</u> . . ." (emphasis added).  We have clearly been unsuccessful in resolving this disagreement, and the Defendants have persisted in only providing descriptions of incident reports that pertained only to phone or telephone use, while disregarding all other incident reports during the relevant period relating to inmate assaults generally, and/or relating to inmate assaults involving potential gang members.  More generally, the Defendants' Motion to Bifurcate directly affects the scope of discovery that can appropriately be conducted at present; therefore, this Motion warrants resolution before we proceed with providing Plaintiff's supplemental discovery requests.

Accordingly, we propose that the parties proceed as follows, and please indicate whether the Defendants agree with proceeding in the following manner:

   (1) We plan to file, on Monday, February 13, 2023, a motion to amend the proposed scheduling order to indicate the following: (a) based on the parties' unresolved disagreement regarding the scope of the incident reports to be produced, Plaintiff will identify particular incident reports and associated detainee identification numbers (for which Plaintiff requests that Defendants produce associated grievances) within 30 days after the date that Defendants produce all incident reports for the period 2015-2019 that fall within any of the following three categories: inmate assaults generally, <u>or</u> assaults involving potential gang members, <u>or</u> assaults involving potential use of the phone(s), or on whatever the date that the Court otherwise directs in connection with the Court's resolution of this disagreement; and (b) the Plaintiff will serve its supplemental discovery requests on Defendants within 30 days after the date of the Court's resolution of Defendants' Motion to Bifurcate and Stay Discovery on Plaintiff's Monell Claims.  As you know, the Court has ordered that Plaintiff has until Tuesday, February 21, 2023 to respond to this Motion.

   (2) The parties should also file a Joint Discovery Motion seeking to have the Court resolve the disagreement regarding the scope of the incident reports to be produced.  We propose to have Plaintiff and Defendants jointly work out the content of this Joint Discovery Motion during the week of February 13 so this Joint Discovery Motion can be filed no later than Monday, February 20.

We look forward to hearing from you as soon as possible regarding the above issues.

Regards,

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Friday, February 10, 2023 5:02 PM |
| **To:** | Jason DeVore |
| **Cc:** | Zachary Stillman; Fleming, Liza B.; Doukas, Maria E.; Troy Radunsky |
| **Subject:** | Re: (1) Plaintiff's Motion to Amend Proposed Scheduling Order, and (2) Court Resolution of Discovery Dispute re Incident Reports |

Jason, your email indicates the Defendants refuse to prepare a Joint Discovery Motion regarding this disagreement, because you do not even acknowledge there is a disagreement. This position is specious. Accordingly, we will prepare our own motion regarding this.

Regards,


Philip A. Miscimarra

Partner
Morgan, Lewis & Bockius LLP

1111 Pennsylvania Avenue, NW, Washington, DC 20004

Mobile: +1.773.255.7112 | Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com<mailto:aprilmay.hackelton@morganlewis.com>

110 North Wacker Drive | Chicago, IL 60606

Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001

Assistant: Karen D. Jackson | +1.312.324.1141 | karen.jackson@morganlewis.com <mailto:karen.jackson@morganlewis.com>

philip.miscimarra@morganlewis.com<mailto:philip.miscimarra@morganlewis.com> | www.morganlewis.com<http://www.morganlewis.com/>

_____
From: Jason DeVore <jdevore@devoreradunsky.com>
Sent: Friday, February 10, 2023 3:45:03 PM
To: Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
Cc: Zachary Stillman <zstillman@devoreradunsky.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Troy Radunsky <tradunsky@devoreradunsky.com>
Subject: RE: (1) Plaintiff's Motion to Amend Proposed Scheduling Order, and (2) Court Resolution of Discovery Dispute re Incident Reports

[EXTERNAL EMAIL]

Phil,


Presently, the parties do not have a dispute regarding any portion of the court's January 4, 2023, order.

1

Defendants have complied with the order and are awaiting compliance from plaintiff.


Defendants have complied with the January 4 order by producing incident reports for the 2015-2019 period regarding assaults related to telephone use. The incident reports show, inter alia, that defendants were responding to fights. Plaintiff's claim relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a four-year period. The information produced by defendants encompasses potentially "similar incidents" to the incident described in the complaint. Please review what defendants produced in compliance with this court's order and, by February 13, 2023, identify information within the incident reports, as ordered by this court.


Oddly, you persist with your incorrect assertion that defendants failed to produce detailed incident reports – clearly, we did produce the information. We have attached our February 2, 2023, email related to this production for ease of reference.


You have acknowledged the pending motion to bifurcate and the need for resolution prior to proceeding with Monell discovery. We agree that Monell discovery is not appropriate.


Given the current status of discovery, a discovery motion would be improper and would not produce "similar incidents" to plaintiff's claim. You already have that information.


We look forward to plaintiff's compliance with the court's January 4 order by February 13, 2023. Have a good weekend.


Jason

Jason E. DeVore

DeVore Radunsky LLC

230 W. Monroe Street, Suite 230

Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423

[cid:image001.png@01D93D5F.F0ABF910]
jdevore@devoreradunsky.com<mailto:jdevore@devoreradunsky.com>
www.devoreradunsky.com<https://urldefense.com/v3/__http://www.devoreradunsky.com/__;!!DuJIhUB mA6S-
!GdYWeqJXAHD6ID6UtAZAerZa00fm_rXDGSNO8qFmuhDPneQ6aM9NT8wo5e78dN__xW19L8OI0tEZTpzKjg aOdZ2jyLCrQatI$>


This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are

prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

| From: | Miscimarra, Philip A. |
|---|---|
| Sent: | Wednesday, February 22, 2023 1:10 PM |
| To: | Jason DeVore; Troy Radunsky |
| Cc: | Zachary Stillman; Doukas, Maria E.; Fleming, Liza B.; Doi, Elsa |
| Subject: | Plaintiff's Proposal re Outstanding Procedural/Discovery Issues - Henneberg v. Dart et al. |
| Attachments: | VERSION 1 - Henneberg v. Dart JOINT Discovery Motion re Incident Reports (2023.02.22A draft)(136220986v3).DOCX; VERSION 2 - Henneberg v. Dart PLAINTIFF's Discovery Motion re Incident Reports (2023.02.22A draft)(136226422v3).DOCX |

Dear Jason and Troy:

Following our most recent exchanges (copied below), I am making one more attempt in this email to address all outstanding issues in a reasonable and even-handed manner. However, I will reiterate my view that Jason's most recent email sent late last night was totally without merit and completely objectionable in substance and in tone. Nothing in this email should be construed to suggest otherwise.

The crux of Defendants' concern involves Defendants' ongoing position that no obligation exists to disclose any "incident reports" regarding inmate assaults except for those incident reports that expressly mention the words "telephone" or "phone." As to this issue, Plaintiff disagrees with the merits of Defendants' position, which is the reason for filing Plaintiff's proposed Discovery Motion (two versions of which I forwarded to you yesterday, and which is again attached to this email). Additionally, as explained in my prior emails, I affirmatively stated during the Court hearing last week (twice) that the Plaintiff's Motion to Amend the previously-filed Proposed Joint Scheduling Order ("Motion to Amend") was not intended to prejudice the Defendants regarding the merits of the parties' "incident report scope" dispute, and I indicated this issue would remain to be addressed in the Discovery Motion that Mr. Henneberg intended to file this week.

In yet another attempt to address all outstanding issues – while focusing first and foremost on your stated desire to avoid any question that the Defendants are preserving their position that no obligation exists to disclose any "incident reports" other than those that expressly mention the words "telephone" or "phone" – we propose to address all outstanding issues in the following manner. Our proposal would explicitly preserve Defendants' contention regarding the "incident report scope" dispute. Our proposal would also preserve Mr. Henneberg's disagreement with the merits of Defendants' contention regarding the same dispute, which is the reason for having this issue addressed in the Discovery Motion to be resolved by the Court. In addition, our proposal acquiesces in Defendants' unwillingness to participate in any "meet-and-confer" session until early Friday afternoon, February 24. Finally, our proposal would result in an agreement regarding the 10-day postponement (to March 3, 2023) that you requested yesterday regarding the deadline for Defendants to file their reply brief in support of Defendants' Motion to Bifurcate. In fairness to all parties, we propose that all of these issues be addressed in the following manner:

1. Clarifying Court Order re Plaintiff's Motion to Amend. To address Defendants' desire to avoid any uncertainty regarding Defendants' ongoing position that no obligation exists to disclose any "incident reports" other than those that expressly mention the words "telephone" or "phone," Plaintiff proposes that the parties file a joint request that the Court clarify its ruling granting Plaintiff's Motion to Amend as follows (with proposed changes marked in red and underlined below):

   MINUTE entry before the Honorable Sara L. Ellis: The Court grants Plaintiff Donald Henneberg's motion to amend proposed joint scheduling order [107]. The Court amends the joint scheduling order as follows: (a) Plaintiff will identify to Defendants' counsel the particular incident reports and/or associated detainee

identification numbers (which will provide the basis for Defendants to conduct a manual search for grievances related to detainees identified by Plaintiffs in the incident reports based on such incidents) 30 days after the date that Defendants produce all incident reports for the period 2015-2019 that involve assaults by or between inmates or gang members (including but not limited to assaults involving or relating to the use of a telephone), or on whatever other date that the Court directs, <u>with the additional understandings that (i) this order does not prejudice the Defendants' contention that they only have an obligation to produce incident reports which contain express references to the words "phone" or "telephone; and (ii) the merits of the parties' disagreement regarding the scope of discoverable "incident reports" shall be addressed by the Court's resolution of the separate discovery motion pertaining to this issue</u>; (b) Plaintiff will serve its supplemental discovery requests on Defendants within 30 days after the date of the Court's resolution of Defendants' Motion to Bifurcate.

2. <u>Discovery Motion Addressing "Incident Report Scope" Dispute</u>.  To obtain a resolution of the "incident report scope" disagreement, Plaintiff again proposes that the parties file a Joint Discovery Motion, the form of which was sent to you yesterday.  For your ease of reference, I have attached a slightly updated copy of this Joint Discovery Motion (attached hereto as "Version 1"), which is substantively the same as what we sent yesterday.  We propose to file the attached "Version 1" as soon as we receive the text that Defendants want inserted as Defendants' statement of position.  Again, Plaintiff has set forth Mr. Henneberg's position using only 30 lines of text, and we have allocated greater space (33 lines of text) for Defendants' statement of position.  If Defendants' decline to join in this motion, we will then reluctantly proceed with the filing of "Version 2" (also sent to you yesterday, and which is attached to this email for your ease of reference).

3. <u>Meet-and-Confer Session on Friday, February 24</u>.  As requested in my emails sent previously, we asked that Defendants' counsel give us available times on Wednesday or Thursday, February 22 or 23 (today and tomorrow) for a videoconference meet-and-confer session.  We requested a meet-and-confer session on Wednesday or Thursday, February 22 or 23 because we believe it is important to finalize and file the Discovery Motion by the end of this week.  In response, your most recent email stated that Defendants will only participate in a meet-and-confer session "early Friday afternoon" (February 24).  In the absence of your willingness to meet sooner, <u>we agree to schedule our meet-and-confer session on Friday, February 24 at noon CT (1 pm ET)</u>.  We will send you a calendar invitation and link.  However, we hope this meet-and-confer session will be unnecessary, in view of our willingness to address all outstanding issues as set forth in this email.

4. <u>Defendants' Request for a Ten-Day Extension of the Motion to Bifurcate Reply Brief Deadline</u>.  In conjunction with the parties' mutual agreement to address the other issues as described above, Defendants will agree not to oppose Defendants' Request for a 10-day extension (to March 3, 2023) of the deadline for Defendants to file their reply brief in relation to Defendants' Motion to Bifurcate.

Again, this email constitutes one more attempt by Mr. Henneberg to address in a reasonable and even-handed manner all outstanding issues, including all concerns raised in your most recent exchanges.  Moreover, we believe Defendants do not have any good faith basis upon which you can decline to proceed with the resolution of the outstanding issues in the manner expressed above.  Please let us know as soon as possible whether Defendants agree to proceed as suggested above.  Finally, to the extent these issues are not addressed beforehand, <u>we will participate in a meet-and-confer session with you on Friday, February 24 at noon CT (1 pm ET), and the videoconference link will be contained in the calendar invitation I will send immediately after transmitting this email</u>.

I hope that everything else remains well with both of you.

Regards,

Phil

**Philip A. Miscimarra**

**Partner**

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218  | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Thursday, February 23, 2023 6:48 PM |
| **To:** | Jason DeVore; Troy Radunsky |
| **Cc:** | Zachary Stillman; Doukas, Maria E.; Fleming, Liza B.; Doi, Elsa |
| **Subject:** | Plaintiff's Proposal re Outstanding Procedural/Discovery Issues - Henneberg v. Dart et al. |
| **Attachments:** | VERSION 1 - Henneberg v. Dart JOINT Discovery Motion re Incident Reports (2023.02.22A draft)(136220986v3).DOCX; VERSION 2 - Henneberg v. Dart PLAINTIFF's Discovery Motion re Incident Reports (2023.02.22A draft)(136226422v3).DOCX |

Dear Jason and Troy:

Please provide right away the Defendants' contribution to the draft "Joint Discovery Motion" that we sent you on Tuesday and Wednesday, February 21 and 22. For ease of reference, additional copies of the draft are attached, and "Version 1" is the "Joint Discovery Motion" that will permit the Court to resolve our dispute regarding the scope of the "incident reports" that must be produced by Defendants. Again, we have set forth Mr. Henneberg's position using only 30 lines of text, and we have allocated greater space (33 lines of text) for Defendants' statement of position. If Defendants' decline to join in this motion, we will then reluctantly proceed with the filing of "Version 2" (also sent to you yesterday, and which is attached to this email for your ease of reference). Judge Ellis is expecting this motion to be filed this week, which means it must be filed by the end of the day tomorrow.

I also look forward to our meet-and-confer session scheduled for noon CT (1 pm ET) tomorrow, which is Friday, February 24. This will include discussing our indication that Plaintiff is willing to file a joint request –consistent with my email sent to you yesterday (copied below) – to clarify the Court's ruling last week granting Plaintiff's Motion to Amend. In this regard, we will also review the draft that accompanied Jason's email send to us within the past hour or so.

Again, please forward right away Defendants' contribution to the draft Joint Discovery Motion. It would be most helpful to receive Defendants' contribution tonight, but at the latest, we would need to receive it tomorrow morning so we have the opportunity to review it before our scheduled meet-and-confer session.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com
philip.miscimarra@morganlewis.com | www.morganlewis.com

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Friday, February 24, 2023 9:09 PM |
| **To:** | Troy Radunsky; Jason DeVore |
| **Cc:** | Zachary Stillman; Doukas, Maria E.; Fleming, Liza B.; Doi, Elsa |
| **Subject:** | Confirmation re Meet-and-Confer Session on Procedural/Discovery Issues - Henneberg v. Dart et al. |
| **Attachments:** | Proposed Minute Order Clarification (2.23.23) (2023.02.24 Plaintiff's edits CLEAN).docx; Proposed Minute Order Clarification (2.23.23) (2023.02.24 Plaintiff's edits REDLINE).docx |

Dear Troy and Jason:

This confirms our meet-and-confer session that occurred today by videoconference in the above case, during which we addressed the issues described below:

1. <u>Joint Discovery Motion</u>.  After receiving Defendants' contribution to the Joint Discovery Motion sent earlier this week (regarding the parties' dispute regarding the scope of incident reports that must be produced by Defendants), we agreed the final Motion will be filed on Monday, February 27, but we will provide a final copy of the Motion for your review before it is filed.  Plaintiff's portion may be modified slightly to address one or two points raised in Defendants' contribution but without using any additional lines of text.  We will provide the review copy without the exhibits (which will be put together on Monday), but let us know if you want to see them before filing.

2. <u>10-Day Extension of Defendant's Motion to Bifurcate Reply Brief Deadline</u>.  In conjunction with the other agreements reflected in this email, Plaintiff consents to and/or agrees not to oppose Defendants' requested 10-day extension (to March 3, 2023) of the deadline for Defendants to file their reply brief regarding Defendant's Motion to Bifurcate.

3. <u>Joint Motion to Clarify Court's Order Resolving Plaintiff's Motion to Amend Proposed Joint Scheduling Order</u>.   After we sent you our proposed clarification of the Court's Minute Order (Dkt#109) that granted Plaintiff's Motion to Amend the previously-filed Proposed Joint Scheduling Order – which was contained in my February 22, 2023 email (copied below) – you rewrote our proposal in a proposed "corrected" order that you sent us yesterday.  We have agreed to work from your proposed draft, and propose the edits to your version which are reflected in the two attachments to this email.  One attachment is a "clean" version reflecting our edits, and the second attachment shows the edits in "redline" form.

As a general comment, Judge Ellis' original Minute Order – and our suggested "clarified" order – were both a <u>single</u> paragraph.  Your rewritten version consists of <u>five</u> paragraphs, which our edits would shorten to <u>three</u> paragraphs.  After reviewing our edited version – which has three paragraphs – I encourage you to consider the possibility of deleting the first two paragraphs, which would leave paragraph 3 below, because it turns out that paragraph 3 functions well on a stand-alone basis.  However, we are also okay with retaining all three paragraphs.  Here is the "clean" text of our proposed three-paragraph version:

> MINUTE entry before the Honorable Sara L. Ellis: The Court clarifies and amends its February 16, 2023 [Dkt#109] order, consistent with the parties' mutual agreement, as follows.
>
> The Joint Scheduling Order [Dkt#97], filed with this Court on January 13, 2023, states in part that that the parties disagreed as to "the scope of the 'incident reports' to be identified by Defendants," and "Defendants will conduct their 'incident report' search to identify incident reports from 1/1/2015 to 12/31/2019 involving assaults relating to the use of telephones by inmates and produce those incident reports to Plaintiff by February 2, 2023." Id. On February 2, 2023, Defendants sent Plaintiff summaries of 2,030 incident reports that contained references to inmate fights and the words "phone" or "telephone."

This Court's February 16, 2023 order [Dkt#109] granted Plaintiff Donald Henneberg's motion to amend proposed joint scheduling order [Dkt#107], but the Court hereby clarifies and amends its February 16 order in the following respects: (1.) The Court's February 16, 2023 order does not enlarge or constitute any ruling regarding the merits of any discovery dispute or the scope the incident reports that Defendants are required to produce, which the Court will address when resolving two pending motions: Defendant's Motion to Bifurcate [Dkt#102], and the parties' Joint Discovery Motion [Dkt#____]; (2.) Plaintiff will identify to Defendants' counsel the particular incident reports and any associated detainee names and identification numbers (which will provide the basis for Defendants to conduct a manual search for grievances related to detainees identified by Plaintiffs in the incident reports based on such incidents) in accordance with the timetable set by the Court when it decides one or both of the pending motions referenced above; and (3.) Plaintiff will serve its supplemental discovery requests on Defendants within 30 days after the date of the Court's resolution of Defendants' Motion to Bifurcate [Dkt#102].

Our suggested edits are straightforward, but we also provide the following explanations:

- As we mentioned today, this should be a "clarification" rather than "correction" to the Court's prior order, which you indicated was acceptable. Also, we have proposed some shortening of the order to make it more self-explanatory, and more likely to be accepted by Judge Ellis without modification.

- In your original para. 1, we propose adding language stating that the clarification/amendment of the prior order is "consistent with the parties' mutual agreement." We propose deleting the "purely technical" reference merely because that phrase (used in email exchanges between us) will not be understandable to Judge Ellis.

- In your original para. 2, if the Defendants want to quote paragraph 1, subparagraph b of the previously filed Joint Scheduling Order (which references the Defendants' production of incident reports reflecting assaults relating to the use of telephones), then the text should also quote paragraph 1, subparagraph a of the Joint Scheduling Order (which references the parties' disagreement as to the scope of the incident reports to be identified by Defendants). Also, the original text referred to the earlier Joint Scheduling Order as having been "entered by" the Court, which is incorrect; the Proposed Joint Scheduling Order (Dkt#97) was "filed with" the Court, but Judge Ellis has yet to enter a corresponding Scheduling Order.

  We are in agreement with acknowledging Defendants' transmittal of summaries from 2,030 incident reports on February 2, 2023 that contained references to inmate fights and the words "phone" or "telephone." We have edited your language to conform to this description. (Your text stated that Defendants produced the incident reports themselves, which has not yet been done; your text incorrectly stated there were "more than" 2,030 incident reports, and we do not agree that the relevant production has been "completed," since the Proposed Joint Scheduling Order acknowledged the existence of a disagreement regarding the scope of what must be produced, which remains to be addressed in the parties' Joint Discovery Motion being filed on Monday.)

- In your original paras. 3 and 4, rather than quoting the bold-type "including but not limited" language from the February 16 order (in para. 3) and the "purely technical" reference (which Judge Ellis will not understand), we believe it is clearer to immediately address the most important thing that the Defendants want the clarification to address, which our edited text would make point no. 1: "(1.) The Court's February 16, 2023 order does not enlarge or constitute any ruling regarding the merits of any discovery dispute or the scope the incident reports that Defendants are required to produce, which the Court will address when resolving two pending motions: Defendant's Motion to Bifurcate [Dkt#102], and the parties' Joint Discovery Motion [Dkt#____]." This language also contains the substance of your original paragraph 4 and part of your original para. 5.

- In your original para. 5, Plaintiff disagrees with your proposed language that would require Plaintiff to identify "particular incident reports" (which would provide the basis for a manual search of inmate grievances) "within 30 days or by March 23, 2023," because this would defeat the one of the two purposes of our original Motion to Amend which was to defer the Plaintiff's identification of "particular incident reports" (for subsequent manual searching of grievances) until <u>after</u> the Court resolves the "incident report scope" dispute and/or the

Motion to Bifurcate. Therefore, we have changed this language to state that Plaintiff will identify these particular incident reports "in accordance with the timetable set by the Court when it decides one or both of the pending motions referenced above" (i.e., the Joint Discovery Motion being filed on Monday and/or the Motion to Bifurcate).

As we discussed today, if our edits are acceptable, we consent to the filing of Joint Motion to clarify the Court's February 16, 2023 order, a draft of which you indicated you would try to get to us by Wednesday. I think that our suggested streamlining of the proposed "clarification" – especially the one-paragraph version consisting of paragraph 3 above – would also permit the filing of an extremely short Joint Motion. We are open-minded about further changes, but the above points would need to be accommodated in a reasonable manner.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Friday, February 24, 2023 2:48 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Zachary Stillman <zstillman@devoreradunsky.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>
**Subject:** RE: Plaintiff's Proposal re Outstanding Procedural/Discovery Issues - Henneberg v. Dart et al.

[EXTERNAL EMAIL]
As mentioned in our call today, no objection to the minor change noted in your email below.

Thanks,

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Friday, February 24, 2023 11:54 AM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Zachary Stillman <zstillman@devoreradunsky.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>
**Subject:** RE: Plaintiff's Proposal re Outstanding Procedural/Discovery Issues - Henneberg v. Dart et al.

Troy, thanks.  Your revised version is 34 lines (which is one line too long, which will push us over the 5-page limit), but we can make it work if you can agree to the following small change in your paragraph 15, which eliminates the carryover to a third line for that paragraph:

Current version:

    15.  The plaintiff has also refused to identify any incident reports, and detainee ID's in the spreadsheet which he wants the defense to further search because he seeks to expand Monell discovery first.

Proposed version:

    15.  The plaintiff has also refused to identify any incident reports, and detainee ID's in the spreadsheet which he wants the defense to further search ~~because he seeks~~ to expand Monell discovery first.

Regards,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 |  aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com
philip.miscimarra@morganlewis.com | www.morganlewis.com