UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 7380 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| TOM DART, SUSAN SHEBEL, R.N., | ) | |
| JOHN DOE MEDICAL DEFENDANTS, | ) | |
| CORRECTIONAL OFFICER JORGE ARIAS, | ) | |
| and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies Defendants' motion to bifurcate and stay discovery on Plaintiff's *Monell* claims [102]. See Statement.

## STATEMENT

While detained at the Cook County Jail ("CCJ"), Plaintiff Donald Henneberg repeatedly requested but did not receive prescription eyeglasses. The lack of glasses allegedly caused him to slip and seriously injure himself. Additionally, despite having made Defendant Correctional Officer Jorge Arias aware of gang control over the telephone system at CCJ, Arias did nothing to protect Henneberg from attack when he sought to use the telephone. In response to these incidents, Henneberg brought this suit against Defendants Cook County Sheriff Thomas Dart, in his official capacity, Susan Shebel, R.N., John Doe Medical Defendants, Arias, and Cook County, Illinois (the "County"). In his second amended complaint, Henneberg claims that Shebel and the John Doe Medical Defendants exhibited deliberate indifference to his medical condition in violation of the Fourteenth Amendment (Count I) and that Arias failed to protect him from an inmate assault in violation of his Fourteenth Amendment right to safe and hospitable prison conditions (Count II). Henneberg also brings claims against Dart and the County pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) (Counts III and IV). Finally, Henneberg pursues a state law indemnification claim against the County (Count V). In the midst of fact discovery, Defendants filed a motion to bifurcate and stay discovery on Henneberg's *Monell* claims.

Rule 42(b) allows the Court to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (bifurcation is appropriate if it will "prevent prejudice to a party or promote judicial economy"). "If one of these criteria is met, the district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment."

*Chlopek*, 499 F.3d at 700. Rule 26(d) also allows the Court to stay discovery on *Monell* claims. The Court has considerable discretion in deciding whether to bifurcate a *Monell* claim, with the Court considering "the specific facts and claims presented" on a "case-by-case basis." *Rodriguez v. City of Chicago*, No. 17 C 7248, 2018 WL 3474538, at *2 (N.D. Ill. July 19, 2018); *see also Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

First, Defendants argue that bifurcation furthers judicial economy because Henneberg cannot pursue his *Monell* claims unless he establishes an underlying constitutional violation.[1] Typically, a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015) ("If the plaintiff fails to prove a violation of his constitutional rights in his claim against the individual defendants, there will be no viable *Monell* claim based on the same allegations." (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))). An exception exists however, where a "verdict in favor of individual defendants would not necessarily be inconsistent with a plaintiff's verdict on a factually distinct *Monell* claim." *Id.*; *see also Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010). Here, Henneberg argues that because Shebel and Arias have asserted a defense of qualified immunity, immunity could protect Shebel and Arias while still allowing a verdict against Dart and the County. Indeed, courts have recognized that a qualified immunity defense "creates the possibility that a jury could find the City liable for *Monell* violations despite the individual officers being shielded from liability." *Maysonet v. Guevara*, No. 18 C 2342, 2020 WL 3100840, at *2 (N.D. Ill. June 11, 2020); *see also Trexler v. City of Belvidere*, No. 20 CV 50113, 2021 WL 493039, at *2 & n.3 (N.D. Ill. Feb. 10, 2021) (collecting cases where courts denied bifurcation based in part on the individual defendants' assertions of qualified immunity). Given this assertion of qualified immunity, at this early stage, the Court finds that the possibility exists for a jury to hold Dart and the County liable for the harms Henneberg incurred even if Shebel and Arias are protected from liability by qualified immunity.

Defendants also argue that the requested *Monell* discovery is burdensome, costly, and time-consuming, weighing in favor of bifurcating and staying discovery on the claims. Defendants specifically point to Henneberg's expansive discovery requests, highlighting the Court's comments at the January 4, 2023 status hearing that it did not want "the tail wagging the dog on a Monell claim." Doc. 102-2 at 12:12–13. Henneberg responds that factual overlap exists between the discovery needed to prove his individual claims and his *Monell* claims, meaning that bifurcation would only create additional discovery disputes, as the parties fight over what falls into each category. *See Cadle v. City of Chicago*, No. 15 C 4725, 2015 WL 6742070, at *2 (N.D. Ill. Nov. 2, 2015) ("A stay of *Monell* discovery could, and often does, give rise to arguments about whether Plaintiff's discovery requests relate to his *Monell* claim or to his other claims."). *Terry v. Cook Cnty. Dep't of Corr.*, No. 09 C 3093, 2010 WL 2720754, at *3 (N.D. Ill. July 8, 2010) ("If the Court were to grant the bifurcation motion, the need for the parties to separate *Monell* evidence from individual liability evidence may further complicate rather than simplify these proceedings."). Here, fact discovery began over eighteen months ago, and it is currently set to close on September 26, 2023. But Defendants only moved to bifurcate the *Monell* claims in January 2023, after the parties brought a dispute over the scope of Plaintiffs' requested discovery to the Court's attention. With respect to that dispute, the Court

---

[1] Defendants suggest that Henneberg's individual claims will fail, making litigation of the *Monell* claim unnecessary, but the Court refuses to engage in a merits analysis at this stage.

has ordered Defendants to produce certain incident reports for inmate assaults, information that arguably goes to both Henneberg's individual and *Monell* claims. At this stage, then, the Court does not find that judicial economy favors bifurcation. But the Court reiterates that Henneberg should tailor his discovery requests to the relevant facts of this case so that, as the Court has previously noted, the tail does not wag the dog. To the extent that Defendants continue to find Henneberg's *Monell* discovery requests overly broad or unduly burdensome, after engaging in the required meet and confer process, the parties can again seek the Court's assistance in tailoring the requests. *Rodriguez v. City of Chicago*, 429 F. Supp. 3d 537, 543 (N.D. Ill. 2019).

As for prejudice, Defendants argue that the introduction of evidence unrelated to Shebel and Arias would prejudice them and could also mislead the jury into finding Dart and the County liable on the basis of *respondeat superior*. *See Ojeda-Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *3 (N.D. Ill. July 16, 2008) (finding risk of prejudice to individual defendants from evidence of non-party officers' actions for *Monell* claim); *Bradford v. City of Chicago*, No. 16 C 1663, 2019 WL 5208852, at *4 (N.D. Ill. Oct. 16, 2019) (finding risk of prejudice to City that "*Monell* would devolve into a *respondeat superior* claim" by trying *Monell* claim with claims against individual officers). But Defendants' prejudice argument is premature because the Court cannot determine at this time the evidence the parties intend to introduce at trial, making it difficult to assess the potential prejudice Defendants would face if the *Monell* claim proceeds alongside the other claims at trial. *See Estate of McIntosh v. City of Chicago*, No. 15 C 1920, 2015 WL 5164080, at *9 (N.D. Ill. Sept. 2, 2015) (finding undue prejudice analysis "premature and too speculative" at the early stages of the case). The Court has at its disposal means to address potential prejudice to Defendants at trial, including through the use of limiting instructions, but it would also consider a renewed motion to bifurcate prior to trial based on specific evidence the parties intend to present on the individual and *Monell* claims. *See Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 8199322, at *3 (N.D. Ill. Dec. 12, 2017) ("[T]he better time to evaluate [prejudice from trying individual and *Monell* claims together] is shortly before trial, when the court (and the parties) will have a much better understanding of the evidence and its relevance to the individual and *Monell* claims.").

Henneberg also argues that he should have the ability to pursue his *Monell* claim even if he prevails against Shebel and Arias because of possible non-monetary incentives, such as policy reform. *See Maysonet*, 2020 WL 3100840, at *4 ("This argument overlooks the important nonmonetary considerations a plaintiff has in litigating a *Monell* claim against a municipality."); *Bouto v. Guevara*, No. 19-cv-2441, 2020 WL 956294, at *3 (N.D. Ill. Feb. 27, 2020) ("If Plaintiff is successful in his *Monell* claims, it may spur institutional changes in the City's policies and procedures, which has significant interest to Plaintiff."). He also argues that he would suffer prejudice if the Court bifurcates the *Monell* claims because this would further delay final resolution of the case, which he initiated in 2019. Defendants respond that Henneberg has not shown that any delay would be prejudicial and that Henneberg does not have any non-economic objectives that bifurcation would defeat. But ultimately, Henneberg "is entitled to be the master of [his] own complaint and pursue claims even if they have a minimal pecuniary reward." *Maysonet*, 2020 WL 3100840, at *4 (quoting *Rodriguez*, 2018 WL 3474538, at *3). Therefore, the Court denies Defendants' motion to bifurcate and stay Henneberg's *Monell* claims.

Date: April 3, 2023                                                                 /s/_Sara L. Ellis_____