UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| Plaintiff, | ) ) ) | Case No. 19-cv-07380 |
| v. | ) ) ) | |
| SHERIFF DART, SUSAN SHEBEL, R.N., and COOK COUNTY, ILLINOIS et al. | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS
PURSAUANT TO FED. R. CIV. P. 4(m)**

NOW COME Defendants COOK COUNTY SHERIFF THOMAS DART, JOHN DOE MEDICAL DEFENDANTS, CORRECTIONAL OFFICER JORGE ARIAS, and COOK COUNTY, a Body Politic and Corporate, pursuant to Rules 4(m) of the Federal Rules of Civil Procedure, and for their Motion to Dismiss for Failure to Timely Effectuate Service of Process, state as follows:

**BACKGROUND**

Plaintiff Donald Henneberg originally filed his Complaint at Law on November 7, 2019, against two parties - Sheriff Dart and "Health Care Service." ECF No. 1. Thereafter, appointed of counsel filed a First Amended Complaint on January 15, 2021. naming "John Doe" Defendants – "John Doe Medical Defendants" and "John Doe Correctional Officer No. 1." ECF No. 29. During the past 27 months Plaintiff identified and named "John Doe Correctional Officer No. 1" as Defendant Correctional Officer Jorge Arias, but did not identify anyone for the group of "John Doe Medical Defendants" named in Plaintiff's January 15, 2021, First Amended Complaint. ECF No. 65.

Additionally, Plaintiff's Second Amended Complaint, filed on April 26, 2022, the "John Doe Medical Defendants." Plaintiff is well beyond the 120-day period for identifying the "John

Doe Medical Defendants." Based upon plaintiff's the lack of efforts during the past 43 months to identify the "John Doe Medical Defendants," coupled with no good cause shown for his failure to identify those defendants, they should be dismissed.

## STANDARD OF REVIEW

On consideration of a motion to dismiss pursuant to Rule 4(m) for failure to effect timely service of process, "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service[,]" and if such is shown, it may extend the time for an appropriate period. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "[S]imple attorney neglect[,] unaccompanied by any extenuating factor[s][,]" cannot support a determination of good cause. *Floyd v. U.S.*, 900 F.2d 1045, 1047-48 (7th Cir. 1990).

## ARGUMENT

I.  **Defendants John Doe Medical Defendants Should be Dismissed as the Time Limit to Identify and Serve John Doe Defendants has Expired**

Plaintiff's unwillingness to identify "John Doe Medical Defendants" in this suit filed in 2019 supports dismissal of those unidentified individuals. Other previously unnamed defendants were identified and named. Now, it is time to remove superfluous "John Does" and move forward with the target defendants that have been identified.

The limited time for Plaintiff to identify and serve John Doe Defendants has now passed, and dismissal of the John Doe Medical Defendants is appropriate.

Courts in the Northern District and Seventh Circuit look unfavorably at proceeding against unnamed defendants. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980), it is not viewed favorably. *Strauss v. City of Chi.*, 760 F.2d 765, 770 n.6 (7th Cir. 1985).

Pursuant to Fed. R. Civ. P. 4(m), service must be effectuated upon a defendant within 120 days after the filing of a complaint, otherwise the Court, *sua sponte*, or based on a party's motion,

"shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time[.]" The same applies to unknown defendants, or "John Doe Defendants," *Redd v. Dougherty*, 578 F. Supp. 2d 1042, 1049 (N.D. Ill. 2008), who "'must be identified and served within 120 days of the commencement of the action against them.'" *Id.* (citing *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill.1995)); *see also* Fed. R. Civ. P. 4(m)

The 120-day time period to identify and serve named and unnamed parties commenced when Plaintiff filed his First Amended Complaint on January 15, 2021. *See* Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m). Accordingly, Plaintiff had until May 15, 2021, to identify the John Doe Defendants. Notably, Plaintiff identified Correctional Officer Jorge Arias, but did not name Officer Arias as a defendant until well after the 120-day window contemplated by FRCP 4(m). *See* Second Amended Complaint, ECF No. 65.

Plaintiff took 467 days to identify the first John Doe Defendant, Officer Arias. Yet, more than 810 days have passed, and the "John Doe Medical Defendants" remain unidentified or served. Minimally, the interests of judicial economy and the letter and spirit of Rule 4(m) support dismissal of the "John Doe Medical Defendants."

## CONCLUSION

Plaintiff's failure to yet identify the "John Doe Medical Defendants" warrants dismissal of those parties. Accordingly, Defendants request an order dismissing the "John Doe Medical Defendants."

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:

1. Granting Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m);

2. Dismissing Defendants John Doe Medical Defendants from Count I of Plaintiff's Complaint; and

3. Any other such relief as this court deems reasonable and just.

        Respectfully Submitted,

By: */s/ Jason E. DeVore*
    Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 4(m)** was filed on April 6, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*