UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG,<br><br>                  Plaintiff,<br><br>v.<br><br>TOM DART, et al.<br><br>                  Defendants. | Case Nos. 19-cv-07380<br>              19-cv-07382<br>              19-cv-07883<br><br>Honorable Jeremy C. Daniel |

**INITIAL JOINT STATUS REPORT FOR REASSIGNED CASE, AND
JOINT REQUEST FOR ADJUSTED DISCOVERY, PRETRIAL AND TRIAL SCHEDULE**

Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., Correctional Officer Jorge Arias, and Cook County, Illinois, by and through their respective attorneys, hereby submit an Initial Joint Status Report, pursuant to the Court's Minute Order (ECF 138), and state the following:

**I. Nature of the Case**

    **A. Attorneys of Record:** Plaintiff is represented by Philip A. Miscimarra and Maria E. Doukas of Morgan, Lewis & Bockius LLP (based on the departures and withdrawals of appearances previously entered by other co-counsel who have represented Plaintiff, additional appearances by co-counsel representing Plaintiff will be entered in the near future). Defendants are represented by Jason DeVore, Troy Radunsky, and Zachary Stillman of DeVore Radunsky LLC.

    **B. Basis for Federal Jurisdiction:** This Court has jurisdiction under and by virtue of 28 U.S.C. §§ 1331, 1343, and 1367.

    **C. Nature of Claims**: This case involves claims – arising primarily under the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983") and *Monell v. Department of Social Services*, 435 U.S. 658 (1978) ("Monell") – based on conditions of confinement while Plaintiff and others were incarcerated in Cook County Jail. Plaintiff asserts the following causes of action: (i) violation of Plaintiff's Fourteenth Amendment rights for deliberate indifference to Plaintiff's medical condition; (ii) violation of Plaintiff's Fourteenth Amendment right to safe and hospitable prison conditions (assault by another inmate); (iii) *Monell* claim against Cook County Sheriff Dart; (iv) *Monell* claim against Cook County; and (v) supplemental state claim for indemnification by Cook County.

By opinion and order dated August 31, 2021 (ECF 54), the Court denied Defendants' Motion to Dismiss. By opinion and order dated April 3, 2023 (ECF 125), the Court denied Defendants' Motion to Bifurcate. The parties are engaged in discovery, which since April 2023, has focused on the parties' cooperative efforts to address complex e-discovery issues associated with the Cook County Jail database regarding "incident reports" (relating, for example, to instances where Plaintiff and other inmates were subject to assaults involving or arising from the use of telephones in Cook County Jail). <u>Consistent with the parties' progress to date, the parties jointly request the adjusted discovery schedule described in Part II below</u>.

D. **Relief Sought:** Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees and costs and any other award and additional relief deemed just and equitable.

E. **Names of Any Parties Not Served:** None.

II. <u>Discovery and Pending Motions</u>

A. **Pending Motions:** None.

B. **Current Discovery Schedule:** At present, consistent with the Court's orders dated January 26, 2023 (ECF 104), April 3, 2023 (ECF 126) and July 25, 2023 (ECF 141 and 142), fact discovery is scheduled to close September 26, 2023. However, in February 2023, Defendants produced summaries of approximately 2,178 "incident reports" involving inmate assaults potentially involving the use of telephones in Cook County Jail for the period 2015-2019. Yet, the parties' review of these "incident reports" revealed that they only constituted a subset of potentially relevant "incident reports" because, for example, they did not identify the "incident report" reflecting a June 17, 2019 assault against the Plaintiff, Mr. Henneberg, that arose from his use of the telephone. Consequently, Plaintiff's counsel and Defendants' counsel have engaged in significant consultation regarding details relating to the Cook County Jail "incident report" database – including consultation with the Cook County Jail's computer systems professionals – and the parties are in the process of finalizing what is intended to be a more complete word search that will identify all potentially relevant "incident reports" for the 2015-2019 period. At this point, Defendants' counsel have produced summaries reflecting the above subset of potentially relevant "incident reports," and Plaintiff's counsel has devoted significant attention to reviewing that subset of "incident reports." The work associated with identifying what is intended to be a more complete word search to identify all potentially relevant "incident reports" for the 2015-2019 period is near completion, as reflected in the proposed adjusted discovery, pretrial and trial schedule requested below. Other discovery issues have been discussed between the parties, and to the extent the parties are unable to resolve those issues without the Court's assistance, the proposed discovery schedule includes some deadlines for the potential filing of discovery motions, if needed.

C. **Jointly Requested Adjusted Discovery, Pretrial and Trial Schedule**. As indicated above (in Part I-C), discovery since April 2023 – following the Court's denial of Defendants' Motion to Bifurcate – has focused on the parties' cooperative efforts to address complex e-

discovery issues associated with the Cook County Jail database regarding "incident reports." These incident reports describe instances where Plaintiff and other inmates were subject to assaults involving or arising from the use of telephones in Cook County Jail.

Consistent with the parties' progress to date, the parties jointly request the following adjusted schedule for fact discovery, expert discovery, summary judgment briefing and other pretrial motions, and trial:

1. Incident Report eDiscovery Word Searches Finalized: August 23, 2023.

2. In-person Status Hearing: August 30, 2023 at 9:30 a.m. CT.

3. Defendants and Plaintiff Respond to All Interrogatories and Document Production Requests Currently Outstanding: September 8, 2023.

4. Defendants run Incident Report Word Search, and Defendants Produce Excel Summary to Plaintiff: September 22, 2023.

5. Deadline (If Needed) for Parties to Submit Motion(s) re Discovery Disputes re Above Actions: September 29, 2023.

6. Plaintiff Identifies Relevant Subset of "Incidents" for (i) Production of "pdf" Incident Reports, and (ii) search of "Inmate Grievance" documents (which cannot be electronically searched): October 27, 2023.

7. Both Sides to Serve Primary Non-Expert Notices of Deposition (for depositions to occur October 16, 2023 through November 17, 2023): October 27, 2023.

8. Both Sides to Serve All Other Supplemental Non-Expert Discovery Requests: November 10, 2023.

9. Defendants' Production of "pdf" Incident Reports and "Inmate Grievance" documents: December 8, 2023.

10. Both sides to serve Other Non-Expert Notices of Deposition (for depositions to occur January 8-31, 2024): December 15, 2023:

11. Both Sides Respond to All Other Supplemental Non-Expert Discovery Requests: December 22, 2023.

12. Deadline (If Needed) for Parties to Submit Motion(s) re Discovery Disputes re Above Actions: January 12, 2023.

13. All Parties to Identify Experts (If Any) and Produce Expert Reports: January 19, 2024.

14. Non-Expert Depositions and All Other Non-Expert Discovery to be Completed: January 31, 2024.

15. Expert Written Discovery and Expert Depositions to be Completed: February 29, 2024.

16. Deadline (If Needed) for Parties to Submit Motion(s) re Discovery Disputes re Above Actions: March 15, 2024.

17. Close of All Expert and Non-Expert Discovery: March 29, 2024.

18. Parties' Summary Judgment Motions and Supporting Briefs to be Filed (Concurrently): May 10, 2024.

19. Parties' Oppositions to Summary Judgment to be Filed (Concurrently): June 14, 2024.

20. Parties' Reply Briefs Supporting Summary Judgment to be Filed (Concurrently): June 28, 2024.

21. Parties' Pretrial Statements and Pretrial Motions to be Filed (if Summary Judgment Denied): August 15, 2024.

22. Pretrial Conference to be Held: August 29, 2024.

23. Trial (estimated as 10 to 15 trial days before a jury): September 23, 2024.

D. **Discovery Conducted To Date:** The parties have engaged in written discovery, including initial and supplemental requests for production, interrogatories. As indicated above, the parties have engaged in cooperative efforts to address complex e-discovery issues associated with the Cook County Jail database regarding "incident reports" (relating, for example, to instances where Plaintiff and other inmates were subject to assaults involving or arising from the use of telephones in Cook County Jail).

E. **Substantive Rulings To Date:** By opinion and order dated August 31, 2021 (ECF 54), the Court denied Defendants' Motion to Dismiss. By opinion and order dated April 3, 2023 (ECF 125), the Court denied Defendants' Motion to Bifurcate.

F. **Anticipated Motions:** At present, the parties have no disputes that warrant the filing of discovery motions. However, the parties' requested discovery and pretrial schedule includes proposed deadlines for the potential filing of discovery and pretrial motions, to the extent relevant issues would benefit from resolution by the Court. Both sides reserve the right to file such other motions as circumstances may make appropriate.

III. **Trial**

A. **Jury Trial:** Plaintiff demanded a jury trial in his Second Amended Complaint (ECF 65).

B. **Trial Date:** None presently scheduled. The parties anticipate being ready for trial late 2024.

C. **Pretrial Order:** The parties have not filed a pretrial order and have no scheduled deadline.

4

D. **Estimation of Trial Days:** The parties anticipate needing 10-15 days of trial before a jury.

IV. **Settlement, Referrals, and Consent**

A. **Settlement Discussions:** This case was referred to Magistrate Judge Jeffrey Cole, who engaged in a settlement conference held on March 13, 2023 ([ECF 93](), [95](), [96](), [121]() and [122]()). Settlement efforts in this mediation were unsuccessful ([ECF 122]()). The parties do not preclude the possibility of having meaningful settlement discussions at subsequent stages in this litigation.

B. **Referral for Settlement Mediation:** See subpart A above.

C. **Consent to Proceed Before Magistrate:** At present, the parties' counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, and the parties do not consent to having this matter transferred to the assigned Magistrate Judge.

V. **Other**

A. The parties appreciate the Court's consideration of the above issues and will be prepared to address any follow-up questions at the Status Hearing scheduled for August 30, 2023 at 9:30 a.m. CT.

Respectfully submitted,

By: */s/ Philip A. Miscimarra*
PHILIP A. MISCIMARRA
MARIA E. DOUKAS
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*

DATED: August 9, 2023

By: */s/ Jason Edward DeVore*
JASON E. DEVORE ARDC No. 6242782
TROY S. RADUNSKY ARDC No. 6269281
DEVORE RADUNSKY LLC
27 N. Wacker., Suite 431
Chicago, IL 60606
Phone: (312) 300-4484
Fax: (312) 674-7423
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
kmusick@devoreradunsky.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **INITIAL JOINT STATUS REPORT FOR REASSIGNED CASE, AND JOINT REQUEST FOR ADJUSTED DISCOVERY, PRETRIAL AND TRIAL SCHEDULE** was served via CM/ECF on August 9, 2023 upon all counsel of record.

/s/ *Maria Doukas*
Maria E. Doukas