**Fw: Deficiencies in Defendants' Supplemental Discovery Requests - Henneberg v. Dart et al.**

Jason DeVore <jdevore@devoreradunsky.com>
Wed 12/13/2023 9:48 AM
To:Andrew Kim <akim@devoreradunsky.com>

Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Monday, November 20, 2023 6:45 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>
**Cc:** Russell, Matthew A. <matthew.russell@morganlewis.com>; Hawkins, Brent A. <brent.hawkins@morganlewis.com>; Hill, Melissa D. <melissa.hill@morganlewis.com>; Guyette, John <john.guyette@morganlewis.com>; Fay, Peter M. <peter.fay@morganlewis.com>; Gordon, Timothy R. <timothy.gordon@morganlewis.com>
**Subject:** Deficiencies in Defendants' Supplemental Discovery Requests - Henneberg v. Dart et al.

Dear Troy, Jason and Zach:

In follow-up to my November 14, 2023 email (copied below), and our prior meet-and-confer session that occurred on November 13, 2023, this email summarizes the deficiencies that Plaintiff believes to exist in Defendants' supplementary discovery requests, which are identified below by reference to the relevant request, the perceived deficiency and the objections raised by Defendant(s).

We are providing this summary in the interest of helping to facilitate our meet-and-confer session scheduled for Tuesday, November 21 at 12:30 pm CT (which is 1:30 pm ET and 10:30 am PT), but the following summary simplifies the requests, responses and objections raised. Accordingly, with respect to the relevant issues, the actual discovery requests – and the Defendants' actual responses – should be controlling, and both sides in this respect should be considered to reserve all rights regarding all relevant issues.

With those caveats, here are the deficiencies that we perceive to exist, which will hopefully make it easier for us to discuss relevant issues during our meet-and-confer session:

## A. INFO AND DOCS ON SIMILAR CLAIMS/LAWSUITS

- **Request:** Number of civil/criminal claims against Defendants (from Jan. 1, 2010 - Dec. 31, 2019) regarding (i) the failure to protect inmates from inmate violence, or (ii) deficient medical care, that resulted in a finding of liability or settlement. Provide relevant details of each case and a summary of the allegations. Identify documents that pertain to claims and judgment or settlement.
  - Response to Second Interrogatories #6-9 (Cook County) & #28-31 (Dart), dated 9/8/23.
- **Deficiency:** No response given.
- **Defendants' Objections:**
  - Cook County: Overly broad and disproportionate to needs of case. Any such claims are public record.
  - Sheriff Dart: Compound, irrelevant, disproportionate to needs of case, vague and overbroad. Any such claims are public record.

- **Request:** Documents associated with any lawsuits, legal claims, investigations, or court orders (from Jan. 1, 2010 – Dec. 31, 2019) that relate to the protection of inmates from violence at Cook County Jail or the service of medical care to inmates by Cermak Health Services at Cook County Jail.
  - Response to Second Requests for Production #29 (Shebel), #30 (Cook County) and #48 (Dart), dated 6/05/2023 (Shebel), 9/8/23 (Cook County) and 9/16/2013 (Dart).
- **Deficiency:** No documents provided.
- **Defendants' Objections:**
  - Cook County: Vague. Part of public record.
  - Sheriff Dart: Irrelevant, disproportionate to needs of case, vague, and overbroad. Part of public record.
  - Shebel: Overbroad, disproportionate to needs of case, and unduly burdensome. Request better directed to Cook County.

## B. INCIDENT REPORTS FROM JAN 1, 2010, TO DEC 31, 2014

- **Request:** Incident Reports (from Jan. 1, 2010 – Dec. 31, 2019) regarding inmate violence or fights in reference to telephone use in Cook County Jail.
  - Response to Second Requests for Production #43 (Dart), dated 9/16/23.
- **Deficiency:** Only provided incident reports from Jan. 1, 2015 – Dec. 31, 2019.
- **Defendants' Objections:**
  - Sheriff Dart: Disproportionate to needs of case. Electronic record keeping of incident reports only goes back to 2015. Sheriff Dart took substantial efforts to produce information relating to 2,178 incident reports from Jan. 1, 2015, to Dec. 31, 2019.

## C. GRIEVANCES / INTERNAL COMPLAINTS + RESPONSES

- **Request:** Grievance reports from inmates regarding the incident reports about inmate violence or fights in reference to telephone use in Cook County Jail.
  - Response to Second Requests for Production #44 (Dart), dated 9/16/23.
- **Deficiency:** No documents provided.
- **Defendants' Objections:**
  - Sheriff Dart: Overbroad, unduly burdensome, and premature. Impossible to conduct an electronic search of inmate grievance reports because they are handwritten. The only way to produce responsive grievance reports would be to produce the grievances of all detainees identified as pertinent by Plaintiff from incident reports.

- **Request:** Documents related to Cook County Jail or Cermak Health Care Services Polices (from Jan. 1, 2010 – Dec. 31, 2019) in regards to evaluation, assessment, and response to Cook County Jail inmates' requests, grievances, or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.
  - Response to Request for Production #11(g) (Cook County & Dart) and #12(g) (Shebel), dated 11/24/21 (Cook County & Shebel) and 12/21/21 (Dart).
- **Deficiency:** Incomplete – no grievances or complaint responses given.
- **Defendant's Objections:**
  - Cook County: Overly broad, vague, ambiguous, irrelevant, and repetitive.

- ○ Shebel: Overly broad, vague, ambiguous, irrelevant, not in Defendant's possession, can be obtained through other discovery methods, not likely to lead to admissible evidence.
- ○ Sheriff Dart: Overly broad, ambiguous, not likely to lead to admissible evidence, not in Defendant's possession, and can be obtained through other discovery methods.

- **Request:** Documents regarding responses from Correctional Officers to concerns expressed by inmates concerning their level of protection.
  - ○ Response to Requests for Production #12(Arias) and #21(b) (Dart), dated 8/10/2022 (Arias) and 12/21/2021 (Dart).
- **Deficiency:** Incomplete – provided policy and manual but no forms or responses to inmates.
- **Defendant's Objections**
  - ○ Sheriff Dart: Overly broad, ambiguous, and repetitive.
  - ○ Arias: Repetitive.

- **Request:** Documents relating to reports or complaints from Plaintiff or inmate regarding gang violence, the "Latin Kings," or restrictions placed on the use of telephones in Cook County.
  - ○ Response to Requests for Production #22, 30-35 (Dart), dated 12/21/21.
- **Deficiency:** No documents produced – instructed to look on Pacer or LEXIS and some questions were phrased "in a general way" as to not elicit a response.
- **Defendant's Objections**
  - ○ Sheriff Dart: Overly broad, unduly burdensome, vague, and violation of privacy rights of prisoners.

## D. INFO AND DOCS ON GOV'T INVESTIGATIONS / CONSENT ORDERS

- **Request:** Identify personnel who are currently employed by Dart or Cook County who played any role in the DOJ investigation and subsequent "Monitor" oversight activities related to the Agreed Order (United States of America v. Cook County, Illinois et al., 10-cv-02946. (N.D. Ill.).
  - ○ Response to Second Interrogatories #5 (Cook County) and #27 (Dart), dated 9/8/23.
- **Deficiency**: Names not provided; effectively told "do your own research."
- **Defendants' Objections:**
  - ○ Cook County: Overbroad, disproportionate to needs of case, and vague.
  - ○ Sheriff Dart: Compound, irrelevant, disproportionate to needs of case, overly broad, and vague. Plaintiff has access to this material in produced documents and the public record.

- **Request**: Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail regarding the failure to provide adequate medical care or the failure to protect inmates from physical violence by other inmates.
  - ○ Response to Requests for Production #19 (Cook County), #22 (Shebel), and #38 (Dart), dated 11/24/21 (Cook County & Shebel) and 12/21/21 (Dart).
- **Deficiency:** No documents produced/irrelevant answer – Cited a court case motion.
- **Defendant's Objections**
  - ○ Cook County: Irrelevant, overly broad, unduly burdensome, vague, ambiguous, not in Defendant's possession, available by other discovery methods, and not likely to lead to admissible evidence.
  - ○ Shebel: Overly broad, unduly burdensome, vague, ambiguous, not in Defendant's possession, unlikely to lead to admissible evidence, and can be obtained by other discovery methods.
  - ○ Sheriff Dart:  Irrelevant, overly broad, unduly burdensome, vague, ambiguous, not likely to lead to admissible evidence, and can be obtained by other discovery methods.

## E. IDENTIFICATION OF POTENTIAL WITNESSES

- **Request:** Documents related to Cook County Jail or Cermak Health Services Policies (from Jan. 1, 2010 – Dec. 31, 2019) about health care professionals diagnosing, treating, or monitoring Cook County Jail inmates, including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD.
  - ○ Response to Requests for Production #11(d) (Cook County & Dart) and #12(d) (Shebel), dated 11/24/21 (Cook County & Shebel) and 12/21/21 (Dart).
- **Deficiency**: Incomplete response – provided policy documents but failed to identify health care professionals.
  - **Defendant's Objections:**
  - ○ Cook County: Overly broad, vague, ambiguous, and irrelevant.
  - ○ Shebel: Overly broad, vague, ambiguous, irrelevant, violates privacy rights of non-parties, not in Defendant's possession, and can be obtained through other discovery methods.

- Sheriff Dart: Overly broad, ambiguous, irrelevant, not in Defendant's possession, and can be obtained through other discovery methods.


- **Request:** Documents identifying all inmates who filled grievances for, or were diagnosed or treated for, deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.
    - Response to Requests for Production #17 (Cook County & Dart) and #18 (Shebel), dated 11/24/21 (Cook County & Shebel) and 12/21/21 (Dart).
- **Deficiency**: No documents produced.
- **Defendant's Objections**
    - Cook County: Irrelevant, overly broad, unduly burdensome, and violation of privacy rights.
    - Shebel: Irrelevant, overly broad, unduly burdensome, and violation of privacy rights.
    - Sheriff Dart: Irrelevant, overly broad, unduly burdensome, violation of privacy rights, unlikely to lead to admissible evidence, not in Defendant's possession, and can be obtained through other discovery methods.

- **Request:** Documents identifying inmates in Division 10 during 2019 when Plaintiff was housed in Division 10.
    - Response to Requests for Production #29 (Dart), dated 12/21/21.
- **Deficiency:** No documents produced – citing security reasons.
- **Defendant's Objections**
    - Sheriff Dart: Overly broad, unduly burdensome, ambiguous, irrelevant, violation of privacy rights, not proportional to the needs of the case, unlikely to lead to admissible evidence, more appropriately obtained from other sources, and security concerns.

## F.  TRAINING / DISCIPLINE
- **Request:** All documents reflecting the training, supervision, and discipline of individual employees and agents of Cook County Jail and Cermak Health Services regarding: (a) processing medical request forms or grievances requesting medical care; (b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health; and (c) providing medical, mental health, or optometric care to inmates, including but not limited to training regarding the Policies in effect during the Relevant Period.
    - Response to Requests for Production #12 (Cook County & Dart) and #13 (Shebel), dated 11/24/21 (Cook County & Shebel) and 12/21/21 (Dart).
- **Deficiency:** Incomplete – did not provide documents on disciplining employees/agents of Cook County or Cermak Health Services.
- **Defendant's Objections**
    - Cook County: Overly broad, unduly burdensome, vague, ambiguous, and repetitive.
    - Sheriff Dart: Overly broad, not in Defendant's possession, and more appropriately obtained from sources other than Defendant.
    - Shebel:  Overly broad, unduly burdensome, vague, ambiguous, repetitive, and more appropriately obtained from sources other than Defendant.

## G.  POLICIES AND PROCEDURES

- **Request:** All documents relating to Sheriff Dart's responsibilities, policies, and management.
    - Response to Requests for Production #19 (Dart), dated 12/21/21.
- **Deficiency**: No documents were produced – Dart stated he is an entity, so the request does not apply to him.
- **Defendant's Objections**
    - Sheriff Dart: Overly broad, vague, ambiguous, irrelevant, not related to a particular issue or policy, and Defendant is an entity.

    ###


We look forward to our meet-and-confer session scheduled for tomorrow, and we hope that the issues raised above can be resolved in a manner that is mutually acceptable.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW **|** Washington, DC 20004-2541
Mobile: +1.773.255.7112 **|** Direct: +1.202.739.5565 **|** Main: +1.202.739.3000 **|** Fax: +1.202.739.3001
Assistant: April May Hackelton **|** +1.202.739.5218 **|** aprilmay.hackelton@morganlewis.com

110 North Wacker Drive **|** Chicago, IL 60606
Mobile: +1.773.255.7112 **|** Direct: +1.312.324.1165 **|** Main:+1.312.324.1000 **|** Fax: +1.312.324.1001
Assistant: Karen D. Jackson **|**+1.312.324.1141 **|** karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com **|** www.morganlewis.com

 

150 YEARS OF RAISING THE BAR

Learn More

---

**From:** Miscimarra, Philip A.
**Sent:** Tuesday, November 14, 2023 1:35 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>
**Cc:** Russell, Matthew A. <matthew.russell@morganlewis.com>; Hawkins, Brent A. <brent.hawkins@morganlewis.com>; Hill, Melissa D. <melissa.hill@morganlewis.com>
**Subject:** Follow Up on Nov. 13, 2023 Meet-and-Confer Session re Henneberg v. Dart et al. – Discovery and Deposition Issues

Dear Troy, Jason and Zach:

This follows up on the meet-and-confer session between you, Brent Hawkins and me that occurred yesterday (Nov. 13, 2023). During the session, we discussed the following issues resulting in some understandings while deferring a few other issues – some of which will be addressed at a follow-up meet-and-confer session we agreed to conduct next Tuesday, November 21 from 12:30-1:30 pm CT (which would be 1:30-2:30 pm ET and 10:30-11:30 am PT) – as follows:

1. <u>Incident Reports and Grievance Documents</u>.  One subject we discussed was Defendants' production of certain Incident Reports in "pdf" format – and the inmate Grievance Documents relating to some of these Incident Reports – which were identified by Plaintiff on October 27, 2023, based on our review of the detailed Incident Report summaries that the Defendants provided to us on September 21, 2023.  On September 21, the Defendants gave us summaries (in the form of an Excel spreadsheet containing the Incident Report fields) relating to <u>8,527</u> Incident Reports for the 2015-2019 period (resulting from the Incident Report word search we jointly worked out in the last several months).  After our review of these <u>8,527</u> Incident Report summaries, we identified a subset of <u>965</u> Incident Reports for Defendants to produce in hard copy form ("pdf" format), and we identified a smaller subset of <u>588</u> Incident Reports for Defendants also to produce the existing inmate Grievance Documents that reflect or relate to these Incidents (i.e., of the <u>965</u> Incident Reports being produced, Plaintiff is not presently requesting Grievance Documents relating to <u>377</u> of these Incidents).

   During our November 13 discussion, I indicated that we substantially narrowed the number of Incident Report and Grievance Documents being sought by Plaintiff in comparison to what we requested earlier in 2023 based on the incomplete Incident Report summaries previously identified by Defendants for the

2015-2019 period (as you know, it became evident that Defendants' word search used to produce these summaries was incomplete because the resulting Incident Reports failed to include the Incident Report reflecting the June 17, 2019 assault against Mr. Henneberg).  The earlier incomplete Incident Report summaries identified by Defendants (on Feb. 2 and Feb. 27, 2023) related to 2,178 Incident Reports.  Of these 2,178 Incident Reports, Plaintiff requested (on April 10, 2023) a subset of 1,534 Incident Reports for Defendants to produce in hard copy form ("pdf" format), and we identified a subset of 876 Incident Reports for Defendants also to produce the existing inmate Grievance Documents that reflected or related to those Incidents (i.e., of the 1,534 Incident Reports previously requested by Plaintiff, we did not request Grievance Documents relating to 658 of those Incidents).  In other words, the more complete word search conducted by Defendants produced almost four times the number of Incident Reports that warranted review for the period 2015-2019 (i.e., 8,527 compared to 2,178); and yet we have greatly reduced the number of hard copy ("pdf") Incident Reports we are requesting (965 compared to 1,534), and we have reduced even further the number of Incident Reports for which Defendants are to produce the existing inmate Grievance Documents (relating to only 588 Incident Reports, rather than 876 Incident Reports).

Consistent with our prior exchanges, Brent and I explained yesterday that Plaintiff's position is that Defendants must produce all of the 965 Incident Reports requested in hard copy form ("pdf" format), and all existing inmate Grievance Documents relating to the subset of 588 Incident Reports for which Plaintiff has requested inmate Grievance Documents.  However, we stated that Plaintiff will agree to a reasonable "rolling" production of these documents (i.e., for the documents to be produced in batches within a reasonable agreed upon time frame), provided that we make appropriate adjustments in the discovery timetable to take into account the delay in having these documents produced.  In yesterday's session, you stated it would be necessary to have discussions with Defendants about whether they will agree to this, and within what time frame a "rolling" production could be completed.  We agreed this would be one of the topics to be discussed during our November 21 meet-and-confer session.  In the absence of agreement, this will be an issue that will warrant resolution by the Court.

2. <u>Perceived Deficiencies in Defendants' Responses to Supplemental Discovery Requests</u>.  During yesterday's session, we agreed that – at the November 21 meet-and-confer session – we will also discuss and attempt to resolve deficiencies that Plaintiff perceives to exist in Defendants' Responses to Plaintiff's Supplemental Interrogatories and Requests for Production.  On of these perceived deficiencies, as we discussed yesterday, is Defendants' refusal to produce Incident Reports and other documents and information for the 2010-2014 time frame, among other things.  We agreed to identify and attempt to resolve these perceived deficiencies during the upcoming November 21 meet-and-confer session, with the understanding that unresolved issues will warrant resolution by the Court.

3. <u>Adjustments in Discovery and Case Timetable</u>.  Consistent with our prior email exchanges (some of which are copied below), the need to address the above issues, and my need to have surgery on Monday, December 4 (which will prevent me from working for two weeks thereafter, and will prevent me from traveling for three weeks after the surgery), we agreed to suspend intervening discovery deadlines and the scheduling of depositions for the time being, and we will discuss and try to mutually agree upon – at the upcoming November 21 meet-and-confer session – appropriate adjustments in the current discovery schedule and case which can then jointly be proposed for acceptance by the Court.

We appreciate your consideration of the above issues, most or all of which can hopefully be resolved.  Please let us know immediately if the above items fail to accurately reflect our discussion and understandings reached during yesterday's meet-and-confer session, and we look forward to next week's session on Tuesday, November 21, 2023 from 12:30-1:30 pm CT (which would be 1:30-2:30 pm ET and 10:30-11:30 am PT).

Regards,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Mobile: +1.773.255.7112 | Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

**Morgan Lewis** 150 YEARS

150 YEARS OF RAISING THE BAR

Learn More

---

**From:** Miscimarra, Philip A.
**Sent:** Monday, November 6, 2023 4:21 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>
**Cc:** Russell, Matthew A. <matthew.russell@morganlewis.com>; Hawkins, Brent A. <brent.hawkins@morganlewis.com>; Hill, Melissa D. <melissa.hill@morganlewis.com>
**Subject:** Follow Up re Henneberg v. Dart et al. – Discovery and Deposition Issues

Attorney Client Privilege | Attorney Work Product | ACP/AWP

Dear Troy, Jason and Zachary:

This email addresses the issues raised in Jason's October 30 email (copied below) and Troy's October 31 email (attached) which stated the following (I am quoting this to make it easier for both sides to keep track of the open issues):

> In addition to Jason's comments yesterday, with regard to the dep dates for Arias and Shebel, lets put that on the menu of items to discuss also. I'd like to discuss scheduling them on mutually convenient dates and times. Our schedule is jam packed in November, and the holiday, so I think December might work better? We also need some dates for Mr. Henneberg as well. I was looking at the week of Dec. 11-14. Again, we can discuss all this during our meet and confer.

We agree it makes sense to have a meet-and-confer discussion. I can also provide the following additional information for you to consider, which both sides can constructively address when we talk:

1. As to Jason's request for an explanation regarding the deposition of Scott Jakubowski, Chief Data Officer within the Cook County Sheriff's Office, this deposition would place on the record details regarding the structure and functioning of Incident Reports within Cook County Jail, including the Incident Report database, which will be important to have in connection with other evidence that may bear on events that are memorialized in Incident Reports, among other things.

2. As to the 967 Incident Reports we have identified for the 2015-2019 period, including (a) our request for hard copy (pdf) versions of 589 Incident Reports and any related inmate grievance documents relating to those incidents, and (b) our request for hard copy (pdf) versions of an additional 378

Incident Reports <u>without</u> requesting related inmate grievance documents, it is important to note we narrowed the number of Incident Reports to 967, based on our review of summaries you provided relating to roughly 8,527 Incident Reports you previously identified.  After having done the detailed review work associated with narrowing this much larger number of Incident Reports to the two groups identified above, we request that the Defendants move forward with the production of all of the requested reports.  Instead of having Plaintiff "prioritize" an initial batch of 50-100 incidents followed by other "prioritized" batches of the other incidents, we are willing to agree upon a "rolling production" of these Incident Reports and grievance documents, with the understanding that all of the requested documents will be produced within a reasonable time, and with the parties to seek whatever adjustments in the discovery schedule may be necessary to accommodate this.

3.   We also agree to work out a reasonable deposition schedule, including arrangements for the deposition of Mr. Henneberg.  In our earlier exchanges, we agreed that the first round of depositions would focus on the period between Monday, November 13 and Friday, December 15.  Based on your scheduling limitations, we would be willing to schedule these depositions during the week of Monday-Friday, December 11-15.  However, I now have a personal complication, which involves the need to undergo serious inpatient surgery on Monday, December 4 in the Washington DC area.  I have been advised I will be unable to work for two weeks after the surgery and I will be unable to travel for at least three weeks (through Friday, December 22).  We are still discussing internally how best to address these limitations, and also invite your thoughts when we talk.

4.   Our preliminary review of Defendants' responses to Plaintiff's supplemental discovery requests suggests that a number of incomplete responses warrant discussion and possible resolution by the Court, but we hope most or all of these issues can be resolved by mutual agreement.  One of the most significant issues (among others) involves Defendants' contention that no discovery should be conducted regarding relevant incidents that occurred during the 2010-2014 time frame.  We suggest that, in our upcoming meet-and-confer session (addressed in point 6 below), we schedule a follow-up session to discuss and hopefully resolve these supplemental discovery response issues.

5.   Our prior Joint Initial Status Report proposed that both sides serve "all other supplemental non-expert discovery requests" on November 10, 2023.  Because the depositions (described in point 3) and resolution of discovery issues (described in point 4) should logically occur before additional "supplemental" non-expert discovery requests are served on each other, we propose that this November 10, 2023 date be rescheduled to a mutually agreed upon date after these related matters can be addressed, with a corresponding adjustment in other discovery deadlines.

6.   As indicated above, we agree it is a good idea to have a meet-and-confer session to discuss the above open items, among other things.  Please indicate if you have availability on <u>Tuesday afternoon, November 7</u>; <u>Friday afternoon, November 10</u>; or <u>Monday (morning or afternoon), November 13</u>.  If these dates and times do not work, please let suggest other dates and times when you could be available, and we will figure out what works for both sides.

I hope that everything else remains well with you.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW **|** Washington, DC 20004-2541
Mobile: +1.773.255.7112 **|** Direct: +1.202.739.5565 **|** Main: +1.202.739.3000 **|** Fax: +1.202.739.3001
Assistant: April May Hackelton **|** +1.202.739.5218 **|** aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com



**150 YEARS OF RAISING THE BAR**

Learn More

---

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Monday, November 6, 2023 1:43 PM
**To:** Jason DeVore <jdevore@devoreradunsky.com>; Hill, Melissa D. <melissa.hill@morganlewis.com>; Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Russell, Matthew A. <matthew.russell@morganlewis.com>; Hawkins, Brent A. <brent.hawkins@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>
**Subject:** RE: Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by Plaintiff

[EXTERNAL EMAIL]
Good afternoon Phil and Melissa,

Just circling back on our email below. Any thoughts on a meet and confer sometime later this week?

Thanks,


*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

**From:** Jason DeVore <jdevore@devoreradunsky.com>
**Sent:** Monday, October 30, 2023 3:35 PM
**To:** Hill, Melissa D. <melissa.hill@morganlewis.com>; Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Russell, Matthew A. <matthew.russell@morganlewis.com>; Hawkins, Brent A.
<brent.hawkins@morganlewis.com>; Troy Radunsky <tradunsky@devoreradunsky.com>; Zachary Stillman
<zstillman@devoreradunsky.com>
**Subject:** RE: Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by Plaintiff

Good afternoon Melissa and Phil,

We have two categories of issues to discuss in this email (without waiver of any objections that we may raise on any issue discussed herein). We added out associate, Zachary Stillman, to this chain because he has been involved with this matter for quite some time.

First, we were a bit taken aback by the massive number of incident reports that you identified. We show 589 incident reports (including associated grievances) identified in "Sheet 1" and another 378 incident reports (without associated grievances) in "Sheet 1" for a total of 967 incident reports (plus associated grievances for 589 of the reports). As we have discussed in tremendous detail for many months during our meetings and in open court, the process associated with your requests is manual in nature and very time consuming.

**If you could prioritize your requests and provide 50-100 reports within the next few days this week, it would be helpful, and we can move forward with the process.**

Second, we reviewed the notices of deposition and wanted clarity regarding the need for the deposition of Scott Jakubowski. If you could provide some insight regarding the need for his deposition we would appreciate it.

We look forward to hearing from you. If this is better resolved through a Rule 37.1 conference, please provide some dates and we can set it up.

Thanks,
Jason

Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are

prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Hill, Melissa D. <melissa.hill@morganlewis.com>
**Sent:** Friday, October 27, 2023 3:17 PM
**To:** Jason DeVore <jdevore@devoreradunsky.com>; Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Russell, Matthew A. <matthew.russell@morganlewis.com>; Hawkins, Brent A. <brent.hawkins@morganlewis.com>; Hill, Melissa D. <melissa.hill@morganlewis.com>
**Subject:** Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by Plaintiff

Some people who received this message don't often get email from melissa.hill@morganlewis.com. Learn why this is important

*Resending with the correct email for Jason*

Dear Troy and Jason:

I am working with Phil on the above-referenced matter. Consistent with the Court's order entered on August 30, 2023, we have attached an Excel file which, based on our review of "incident report" summaries previously provided by Defendants, and kindly request the following:

(1) "Sheet 1" – identifies specific incidents involving inmate fights and assaults (by incident report number, date and other information you previously provided) as to which we request copies of the actual "incident report" pdf document, and we also request copies of all related inmate grievance forms and related documents pertaining to these incidents (without prejudice to other potential future requests from Plaintiff); and

(2) "Sheet 2" – identifies specific incidents involving inmate fights and assaults (by incident report number, date and other information you previously provided) as to which we request copies of the actual "incident report" pdf document. Regarding these particular incidents, we do NOT presently request any related grievance forms and related documents (without prejudice to potential future requests from Plaintiff).

We have also attached notices of deposition for Susan Shebel, Jorge Arias, and Scott Jakubowski. We included "placeholder" dates for now, and are amenable to working out a mutually agreeable schedule with you. Please also note that we reserve all rights to take additional non-expert depositions of witnesses identified in discovery, including, but not limited to, witnesses identified in any supplemental responses or discovery from Defendants.

Please reach out with any questions or issues that warrant discussion. To avoid the need for producing hard copy documents, we are willing to accept electronic versions (in "pdf" form or other widely available electronic formats) of all requested documents. We hope that everything else remains well with both of you.

All the best,
Melissa

**Melissa D. Hill**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6318 | Main: +1.212.309.6000 | Fax: +1.212.309.6001 | Mobile: +1.215.880.0446
melissa.hill@morganlewis.com | www.morganlewis.com
Assistant: Roberta A. Leone | +1.212.309.6647 | roberta.leone@morganlewis.com

**Morgan Lewis** 150 YEARS

150 YEARS OF RAISING THE BAR

Learn More