## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 10 CV 2946 |
| ) | |
| COOK COUNTY, ILLINOIS; ) | |
| THOMAS DART, COOK COUNTY ) | Judge Virginia M. Kendall |
| SHERIFF (in his official capacity); ) | |
| TONI PRECKWINKLE, COOK COUNTY ) | |
| BOARD PRESIDENT (in her official ) | |
| Capacity); ) | |
| COOK COUNTY BOARD OF ) | |
| COMMISSIONERS (in their official ) | |
| capacity); ) | |
| ) | |
| DEFENDANTS. ) | |

### JOINT MOTION TO DISMISS AND TERMINATE REMAINING SECTIONS OF THE AGREED ORDER AS TO SHERIFF THOMAS DART

Parties Thomas Dart, the Sheriff of Cook County ("Sheriff") and the United States of America hereby jointly move to terminate the remaining provisions of the Agreed Order entered into this case for which the Sheriff and the Cook County Department of Corrections ("CCDOC") bear responsibility, and to dismiss the Sheriff from this matter. The Sheriff has achieved sustained compliance with all of the provisions assigned to CCDOC in the Agreed Order, and it is therefore appropriate to conclude those provisions, in accordance with the termination provision of the Agreed Order, § VII.C.

1. On May 26, 2010, the Court entered an Agreed Order in this matter, ECF No. 13, which required the Sheriff and Cook County to implement remedial measures to ensure constitutional conditions of confinement within the CCDOC facilities. The Agreed Order resolves the claims contained in the complaint in this matter, filed pursuant to the Civil Rights of Institutionalized Persons ("CRIPA"), 42 U.S.C. § 1997.

2. The Agreed Order touches on most aspects of operations at the CCDOC facilities,

including Protection from Harm (use of force, safety and supervision, security staffing, incidents and referrals, investigations, inmate disciplinary process, classification, inmate grievance procedure, and access to information); Medical Care; Mental Health Care; Suicide Prevention; Fire and Life Safety; Sanitation and Environmental Conditions; and Quality Management and Performance Measurement.  ECF No. 13, §§ III.A-H.  The Agreed Order provides for four Court-appointed monitors (Corrections, Medical, Mental Health, and Physical Plant), jointly selected by all parties, to assess the Defendants' compliance with the substantive provisions of the Agreed Order through semi-annual monitoring visits and accompanying reports.  ECF No. 13, § IV.A.

   3. Since the inception of the Agreed Order, the Sheriff and CCDOC have consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities.  In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and CCDOC have achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which have evolved over the course of the Agreed Order.  The monitors have documented CCDOC's progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation.  Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings.

   4. The termination provision of the Agreed Order provides that the "Agreed Order shall terminate when Defendants have achieved substantial compliance with each of the provisions of the Agreed Order and have maintained Substantial Compliance with the Agreed Order for a period of 18 months."  ECF No. 13 at § VII.C.  In addition, "a full substantive

section of the Agreed Order (§ III.A: Protection from Harm, § III.B: Health Care Services, § III.C: Medical Care, § III.D: Mental Health Care, § III.E Suicide Prevention Measures, § III.F: Fire and Life Safety, § III.G: Sanitation and Environmental Conditions, or § III.H: Quality Management and Performance Measurement) may conclude independently of the rest of the Agreed Order in the event that substantial compliance for all subcomponents of each provision in the full substantive section is achieved and maintained for the requisite 18-month period." *Id.*

5. Pursuant to this provision, in June 2015, the parties filed a motion to conclude the Fire and Life Safety (§ III.F) and Sanitation and Environmental Conditions (§ III.G) sections of the Agreed Order, as they pertained to Cook County and its Department of Facilities Management. Physical Plant Monitor, Mr. Harry Grenawitzke, confirmed in his Compliance Reports that Cook County had achieved and sustained substantial compliance with all the provisions in those sections of the Agreed Order for a period greater than 18 months. The Court granted the motion on June 22, 2015. ECF No. 297.

6. In late 2016, the Compliance Reports of the Medical Monitor, Dr. Esmaeil Porsa, the Physical Plant Monitor Mr. Grenawitzke, and the Corrections Monitor, Ms. Susan McCampbell, confirmed that the Sheriff had achieved substantial compliance with regard to all Sections III.A: Protection from Harm, III.C: Medical Care, III.F: Fire and Life Safety, III.G: Sanitation and Environmental Conditions, and III.H: Quality Management and Performance, of the Agreed Order assigned to CCDOC. Importantly, the Sheriff and CCDOC also demonstrated sustained compliance with those sections of the Agreed Order and a commitment to sustaining the reforms implemented at the CCDOC facilities since the entry of the Agreed Order in May 2010.

7. On January 30, 2017, following a hearing on January 27, 2017, in which the parties and the Court Monitors confirmed the Sheriff's compliance with the Agreed Order, the

3

Court issued an order granting the parties' Joint Motion to Terminate Sections III.A., III.C, III.F, III.G, and III.H of the Agreed Order as to the Sheriff. ECF No. 355.

8. On May 2, 2017, Mental Health Monitor, Dr. Jeffrey Metzner submitted his 14th Compliance Report, ECF No. 356, which confirms that the Sheriff and CCDOC have achieved, and importantly have maintained, substantial compliance for at least 18 months with "all subcomponents of each provision in the full substantive section[s]" of the Agreed Order related to Health Care Services (§ III.B), Mental Health Care (§ III.D), and Suicide Prevention Measures (§ III.E) that pertain to CCDOC. The report lauds CCDOC on its commitment to ensure collaboration with County mental health provider Cermak Health Services of Cook County; appropriate access to mental health care; wide range of programming opportunities; and increased access to recreation and out-of-cell time to ensure appropriate access to mental health care for all Cook County inmates. Both inmates and staff at the CCDOC facilities confirmed the positive impact of the correctional programming offered by CCDOC. A representative from the Department of Justice was on-site with Dr. Metzner on April 10-11, 2017, and fully concurs with his assessment.

9. In particular, Dr. Metzner and the Department of Justice wish to commend CCDOC on its innovative policies with regard to reforming restrictive housing at its facilities. In the past year, CCDOC has significantly decreased the number of inmates held in restrictive housing. As part of this effort, CCDOC has introduced "sanction housing" for those guilty of less serious disciplinary infractions. In sanction housing, inmates have the same amount of time out of their cells as general population inmates, but restrictions are placed on their phone privileges, commissary privileges, and visitation privileges. In addition to introducing sanction housing, CCDOC has limited the length of time inmates can remain in restrictive housing; it has increased the amount of structured programming and recreation offered to inmates in restrictive

housing; and it has committed to ensuring that all inmates in restrictive housing receive at least three hours out of cell per day  While most other correctional institutions have focused on segregation reforms for specialized populations (i.e., individuals with mental illness; juveniles), CCDOC has spearheaded cutting-edge reforms for their entire restrictive housing population. Restrictive housing units at CCDOC have enhanced correctional staffing.  In restrictive housing units for inmates with serious mental illness, typically, two to four inmates are allowed out of cell time together and are secured with security cuffs to minimize the risk of incidents.  Because these inmates require increased mental health support, they receive at least 10 hours of structured programming per week and have ongoing access to mental health staff.  CCDOC instituted policy reforms that minimize time in restrictive housing for this population, allowing for no more than 14 days for each infraction.  Restrictive housing units for general population inmates typically allow 8-12 inmates out of cell together, and they may use that time to shower, make telephone calls, interact with correctional staff and other inmates, or access the outdoor patio.  In an effort to minimize incidents, the inmates are secured with a waist restraint system.  Those identified as having an increased propensity for violence may also be secured to a fixture, such as the dayroom table.  These reforms have had a positive impact on both the culture of CCDOC and number and severity of incidents that occur in the facilities.

10. The Sheriff and CCDOC are committed to continuing to ensure constitutional conditions of confinement for Cook County inmates, including appropriate access to mental health care.  The policies, practices, and operations of CCDOC and conditions within the facilities have improved dramatically since the outset of the CRIPA investigation in 2007, and continue to evolve in a positive manner.

11. Because of the Sheriff's achievement of sustained compliance with all remaining provisions of the Agreed Order assigned to CCDOC, the Department of Justice and the Sheriff

agree that each of these sections of the Agreed Order should be terminated as they pertain to the Sheriff and CCDOC.

12.     As the Agreed Order settled all claims included in the United States' complaint in this matter, and the Sheriff has achieved the conditions required to terminate all of his responsibilities under the Agreed Order, it is appropriate to dismiss the Sheriff as a party to this matter.

13.     Cook County Board President Toni Preckwinkle and the Cook County Board of Commissioners do not oppose this motion. The provisions of the Agreed Order related to Health Care Services (§ III.B), Medical Care (§ III.C), Mental Health Care (§ III.D), Suicide Prevention Measures (§ III.E), and Quality Management and Performance Measurement (§ III.F) will continue to be in effect, as they pertain to Cook County and Cermak Health Services. As of this time, Cook County has achieved substantial compliance in all the remaining provisions of the Agreed Order, with the exception of two sub-paragraphs under Mental Health Care, §§ III.D.59(o) & (p), which Dr. Metzner expects to be in substantial compliance prior to his next monitoring visit. *14th Mental Health Compliance Report*, ECF No. 356, at 6 (May 2, 2017). When Cook County has sustained substantial compliance for a period of 18 months, the parties can move to terminate the Agreed Order and a complete dismissal of this matter.

WHEREFORE, the Department of Justice and Sheriff Thomas Dart jointly and respectfully request that this Honorable Court independently conclude the remaining sections of the Agreed Order that pertain to Defendant Sheriff Thomas Dart and CCDOC, and dismiss the Sheriff as a party from this case, and for any other relief that this Court deems necessary and just.

Respectfully submitted,


THOMAS DART, Cook County Sheriff

By: *s/Paul O'Grady*
One of its Attorneys

Peterson, Johnson, & Murray – Chicago LLC
233 South Wacker Drive, Suite 8400
Chicago, Illinois 60606
(312)782-7150
pogrady@pjmlaw.com


THE UNITED STATES OF AMERICA

By: *s/Kerry Krentler Dean*
One of its Attorneys

U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 514-6255
kerry.k.dean@usdoj.gov

7

# CERTIFICATE OF SERVICE

I certify that on May 18, 2017, I served a true and correct copy of this *Joint Motion to Dismiss and Terminate Remaining Sections of the Agreed Order as to Sheriff Thomas Dart* with Clerk of the Court using the CM/ECF system, which will provide notification to all counsel of record.

Respectfully submitted,

*s/ Kerry Krentler Dean*
KERRY KRENTLER DEAN
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
PHB 5026
Washington, D.C. 20530
(202) 514-6255
kerry.k.dean@usdoj.gov
FOR THE UNITED STATES

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
### Eastern Division

United States of America
                        Plaintiff,

v.                                              Case No.: 1:10–cv–02946
                                                              Honorable Virginia M. Kendall

Cook County, Illinois, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, June 9, 2017:

      MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing held on 6/9/2017. Plaintiff's Unopposed Motion to dismiss Sheriff Dart [358] from the Consent Decree entered into in 2010 is granted. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 10 CV 2946 |
| ) | |
| COOK COUNTY, ILLINOIS; ) | |
| THOMAS DART, COOK COUNTY ) | Judge Virginia M. Kendall |
| SHERIFF (in his official capacity); ) | |
| TONI PRECKWINKLE, COOK COUNTY ) | |
| BOARD PRESIDENT (in her official ) | |
| Capacity); COOK COUNTY BOARD ) | |
| OF COMMISSIONERS (in their official ) | |
| capacity); ) | |
| ) | |
| DEFENDANTS. ) | |

## JOINT MOTION TO DISMISS AND TERMINATE REMAINING SECTIONS OF THE AGREED ORDER

Parties Cook County, Illinois, Cook County Board President Toni Preckwinkle, and the Cook County Board of Commissioners (collectively, "Cook County") and the United States of America hereby jointly move to terminate the remaining provisions of the Agreed Order entered into this case and to dismiss the matter. Cook County has achieved and maintained substantial compliance with all of the Agreed Order provisions for which it bears responsibility, and it is therefore appropriate to conclude the Agreed Order, in accordance with the termination provision in § VII.C, and dismiss this matter.

**A.    Background**

1.    On May 26, 2010, the Court entered an Agreed Order in this matter, ECF No. 13, which required Cook County Sheriff Thomas Dart ("Sheriff") and Cook County to implement remedial measures to ensure constitutional conditions of confinement within the Cook County Department of Corrections ("CCDOC") facilities. The Agreed Order resolves the United States' claims contained in the complaint in this matter, filed pursuant to the Civil Rights of

Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997.

2. The Agreed Order touched on most aspects of operations at the CCDOC facilities, including Protection from Harm (use of force, safety and supervision, security staffing, incidents and referrals, investigations, inmate disciplinary process, classification, inmate grievance procedure, and access to information); Medical Care; Mental Health Care; Suicide Prevention; Fire and Life Safety; Sanitation and Environmental Conditions; and Quality Management and Performance Measurement. ECF No. 13, §§ III.A-H. The Agreed Order provides for four Court-appointed monitors (Corrections, Medical, Mental Health, and Physical Plant), jointly selected by all parties, to assess the Defendants' compliance with the substantive provisions of the Agreed Order through semi-annual monitoring visits and accompanying reports. ECF No. 13, § IV.A.

3. Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities. In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings.

4. The termination provision of the Agreed Order provides that the Agreed Order:
[S]hall terminate when Defendants have achieved substantial compliance with each of the

provisions of the Agreed Order and have maintained Substantial Compliance with the Agreed Order for a period of 18 months. . . . [A] full substantive section of the Agreed Order (§ III.A: Protection from Harm, § III.B: Health Care Services, § III.C: Medical Care, § III.D: Mental Health Care, § III.E Suicide Prevention Measures, § III.F: Fire and Life Safety, § III.G: Sanitation and Environmental Conditions, or § III.H: Quality Management and Performance Measurement) may conclude independently of the rest of the Agreed Order in the event that substantial compliance for all subcomponents of each provision in the full substantive section is achieved and maintained for the requisite 18-month period. In addition, if the responsible Defendant has substantially complied with all the provisions assigned to it in a full substantive section of the Agreed Order (for example, CCDOC could substantially comply with all of the provisions specifically assigned to it in § III.C: Medical Care), and has maintained Substantial Compliance with all of those provisions for at least 18 months, those provisions may conclude independently of the rest of the Agreed Order."

ECF No. 13 at § VII.C.

5. Pursuant to this provision, in June 2015, the parties filed a motion to conclude the Fire and Life Safety (§ III.F) and Sanitation and Environmental Conditions (§ III.G) sections of the Agreed Order, as they pertained to Cook County and its Department of Facilities Management. The Physical Plant Monitor, Mr. Harry Grenawitzke, confirmed in his Compliance Reports that Cook County had achieved and sustained substantial compliance with all the provisions in those sections of the Agreed Order for a period greater than 18 months. The Court granted the motion on June 22, 2015. ECF No. 297.

6. In late 2016, the Compliance Reports of the Medical Monitor, Dr. Esmaeil Porsa, the Physical Plant Monitor Mr. Grenawitzke, and the Corrections Monitor, Ms. Susan McCampbell, confirmed that the Sheriff had achieved and maintained substantial compliance with regard to all provisions of the Agreed Order assigned to CCDOC. On January 9, 2017, the parties filed a Joint Motion to Terminate Sections III.A., III.C, III.F, III.G, and III.H of the Agreed Order as to the Sheriff, which the Court granted on January 30, 2017, following a hearing on January 27, 2017, in which the parties and the Court Monitors confirmed the Sheriff's compliance with the Agreed Order. ECF No. 355.

3

7. On May 2, 2017, the Compliance Report of Mental Health Monitor, Dr. Jeffrey Metzner, confirmed that the Sheriff had achieved sustained compliance with each of the Agreed Order provisions related to Health Care Services (§ III.B), Mental Health Care (§ III.D), and Suicide Prevention Measures (§ III.E) that pertained to CCDOC. ECF No. 356. On May 18, 2017, the parties filed a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order as to the Sheriff, ECF No. 358, which the Court granted in a hearing on June 9, 2017.

8. Although the Sheriff was dismissed from the case at that time, the provisions of the Agreed Order related to Health Care Services (§ III.B), Medical Care (§ III.C), Mental Health Care (§ III.D), Suicide Prevention Measures (§ III.E), and Quality Management and Performance Measurement (§ III.F) remained in effect, as they pertained to Cook County and Cermak Health Services.

**B.** **Cook County's Sustained Compliance with the Agreed Order**

1. Cook County has achieved, and importantly has maintained, substantial compliance with "all subcomponents of each provision in the full substantive section[s]" of the Agreed Order related to Health Care Services (§ III.B), Medical Care (§ III.C), Mental Health Care (§ III.D), Suicide Prevention Measures (§ III.E), and Quality Management and Performance Measurement (§ III.F).

2. On April 30 and May 1, 2018, the Medical Monitoring Team and Mental Health Monitor completed their final site visit of Cermak Health Services of Cook County and the CCDOC facilities. A representative from the Department of Justice was also present for this site visit. In an exit conference that included all of the parties, as well as Cook County, Cermak, and CCDOC administration, supervisors, and line staff, the Monitors confirmed that Cook County had implemented an exemplary framework to ensure adequate assessments, treatment, and

4

access to care to meet the medical, mental health, and dental needs of CCDOC inmates in accordance with the provisions of the Agreed Order and the Constitution.

3. In particular, the Monitors lauded Cermak's quality improvement activities, which allow it to assess and revise their systems in order to ensure appropriate and efficient patient care. Cermak's collection and use of data enable real-time review of daily activities and long-term analysis to validate processes and/or respond to systemic issues. The Monitors emphasized that these systems will enable Cook County to maintain and improve the level of care provided to CCDOC inmates.

4. In addition, the Monitors complimented the Cermak leadership's commitment to excellence and dedication to both staff and patients. Throughout the lifespan of the Agreed Order, Cermak has increased the levels of medical and mental health staff, and retained a strong work force, which has been a key component of achieving compliance.

5. The collaboration between CCDOC, Cermak Health Services, and Cook County has been essential to ensuring appropriate access to medical and mental health care for inmates. The parties have put in place formalized communication systems to address barriers to care, including regular inter-agency meetings, daily interdisplinary meetings with clinical and custody staff, and real-time communications on patient movement.

6. The Monitoring Team members reviewed documentation, including inmate medical records, health service request slips, grievances, mortality reviews, policies and protocols, training files, logs, staffing matrixes, and quality improvement reports, to support their compliance assessments. During the semi-annual monitoring visits, both inmates and staff at the CCDOC facilities confirmed the improvements in the medical and mental health care systems. The Department of Justice fully concurs with the Monitors' assessment.

7. Cook County is committed to continuing to ensure constitutional conditions of

confinement for Cook County inmates, including appropriate medical, mental health, and dental care. The policies, practices, and operations of Cermak Health Services, and the medical, mental health, and dental care provided within the facilities have improved dramatically since the outset of the CRIPA investigation in 2007, and continue to evolve in a positive manner.

8. Dr. Porsa and Dr. Metzner submitted their final Compliance Reports to parties, which confirm that Cook County has achieved and sustained compliance with "all subcomponents of each provision in the full substantive section[s]" of the Agreed Order related to Health Care Services (§ III.B), Medical Care (§ III.C), Mental Health Care (§ III.D), Suicide Prevention Measures (§ III.E), and Quality Management and Performance Measurement (§ III.F). ECF No. 13 at § VII.C; ECF No. 371, ECF No. 373. Because of Cook County's achievement and maintenance of substantial compliance with all remaining provisions of the Agreed Order, the Department of Justice agrees that the remaining sections of the Agreed Order should be terminated.

9. As the Agreed Order settled all claims included in the United States' complaint in this matter, the Sheriff has previously been dismissed as a party to this matter, and Cook County has achieved the conditions required to terminate all of its responsibilities under the Agreed Order, it is appropriate to dismiss this case.

WHEREFORE, the United States and Cook County jointly and respectfully request that this Honorable Court conclude the remaining sections of the Agreed Order, dismiss this case, and for any other relief that this Court deems necessary and just.

6

Respectfully submitted,

THE UNITED STATES OF AMERICA

By: *s/Kerry Krentler Dean*

KERRY KRENTLER DEAN
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 514-6255
kerry.k.dean@usdoj.gov

COOK COUNTY, ILLINOIS

By: *s/Anthony E. Zecchin*

ANTHONY E. ZECCHIN
Assistant State's Attorney
Cook County State's Attorney's Office
Civil Actions Bureau
500 Daley Center
Chicago, IL 60602
(312) 603-3373
anthony.zecchin@cookcountyil.gov

7

# CERTIFICATE OF SERVICE

I certify that on June 12, 2018, I served a true and correct copy of this *Joint Motion to Dismiss and Terminate Remaining Sections of the Agreed Order* with Clerk of the Court using the CM/ECF system, which will provide notification to all counsel of record.

Respectfully submitted,

 *s/ Kerry Krentler Dean*
KERRY KRENTLER DEAN
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
PHB 5026
Washington, D.C. 20530
(202) 514-6255
kerry.k.dean@usdoj.gov
FOR THE UNITED STATES

8

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
### Eastern Division

United States of America

                              Plaintiff,

v.                                           Case No.: 1:10–cv–02946
                                                              Honorable Virginia M. Kendall

Cook County, Illinois, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 26, 2018:

      MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing held on 6/26/2018. Parties' Joint Motion to Dismiss and Terminate Remaining Sections of the Agreed Order [375] is granted. Cook County has achieved the conditions required to terminate all of its responsibilities under the Agreed Order and Case is dismissed. Civil case terminated. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.