# EXHIBIT A



November 30, 2023

Philip Miscimarra (philip.miscimarra@morganlewis.com)
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL 60606

       Re:  *Henneberg v. Thomas J. Dart, et. al*
          19 cv 7380
          Discovery Issues Raised on November 20, 2023

Dear Phil:

  Please see the following in relation to the discovery issues that you raised in your correspondence, dated November 20, 2023. Many of the issues that you raised relate to discovery responses from 2021, which predate our involvement in the case. Given the short amount of time since you raised these issues (two years after the initial responses in 2021), we are providing the information below. We may have some additional information within the next two to three weeks, but wanted to ensure that you have responses to the issues you raised today, as agreed.

A. <u>**INFO AND DOCS ON SIMILAR CLAIMS/LAWSUITS**</u>

- **Request:** *Number of civil/criminal claims against Defendants* (from Jan. 1, 2010 - Dec. 31, 2019) regarding (i) *the failure to protect inmates from inmate violence, or (ii) deficient medical care, that resulted in a finding of liability or settlement*. Provide relevant details of each case and a summary of the allegations. Identify documents that pertain to claims and judgment or settlement.
    - Response to Second Interrogatories #6-9 (Cook County) & #28-31 (Dart), dated 9/8/23.
- **Deficiency:** No response given.
- **Defendants' Objections:**
    - **Cook County: Overly broad and disproportionate to needs of case. Any such claims are public record**.
    - Sheriff Dart: Compound, irrelevant, disproportionate to needs of case, vague and overbroad. Any such claims are public record.

**COOK COUNTY SUPPLEMENTAL RESPONSE:**

In addition to its initial objections, Defendant states this request is not reasonably limited in time or scope (seeking documents from as early as 2010 and any "failure to protect" or "deficient

1

medical care" claim even if not similar to Plaintiff's allegations), vague as to "claims", compound, and unduly burdensome. Stating further, lawsuits are only allegations, and are not admissions of liability. Similarly, any settlement would not admit liability. While lawsuits against Cook County may exist on PACER or Odyssey, they cannot be searched by category of claims (i.e-deficient medical care or inmate violence), making even a search for suits against Cook County unduly burdensome as it would require Defendants to review the allegations in each suit. This request is also vague as to "relevant details of each case" and it is unduly burdensome for Defendants to create a "summary of the allegation." Even if there were lawsuits, the DOJ and Court found compliance with the DOJ consent decree in 2019 (i.e- 10 cv 4629).

**SHERIFF DART SUPPLEMENTAL RESPONSE**

Sheriff Dart previously responded and objected to the interrogatory number 28 because the interrogatory Plaintiff seeks information disproportionate to the needs of the case for a 10-year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones. Plaintiff seeks information concerning all "medical care" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.

Interrogatory 29 seeks information regarding other lawsuits for the 2010-2019 period. This request is really directed to the Legal Department of the CCSO, as opposed to the Sheriff.

\* \* \*

- **Request:** *Documents associated with any lawsuits*, legal claims, investigations, or court orders (from Jan. 1, 2010 – Dec. 31, 2019) *that relate to the protection of inmates from violence at Cook County Jail or the service of medical care to inmates by Cermak Health Services at Cook County Jail.*
    - **Response to Second Requests for Production #29** (**Shebel), #30 (Cook County)** and #48 (Dart), **dated 6/05/2023 (Shebel**), **9/8/23 (Cook County)** and 9/16/2013 (Dart).
- **Deficiency:** No documents provided.
- **Defendants' Objections**:
    - Cook County: Vague. Part of public record.
    - Sheriff Dart: Irrelevant, disproportionate to needs of case, vague, and overbroad. Part of public record.
    - **Shebel:. Shebel: Overbroad, disproportionate to needs of case, and unduly burdensome. Request better directed to Cook County.**

**COOK COUNTY AND SHEBEL SUPPLEMENTAL RESPONSE:**

In addition to its initial objections, "legal claims, investigations and court orders" is vague. Lawsuits are only allegations, and are not admissions of liability. Similarly, any settlement would not admit liability. While lawsuits against Cook County may exist on PACER or Odyssey, they cannot be searched by category of claims (i.e-deficient medical care or inmate violence).

2


Regarding the request for "court orders", the plaintiff has acknowledged the DOJ 2019 Consent Decree releasing the County from monitoring following its compliance. Similarly, the plaintiff's request for documents associated with any lawsuits related to "the service of medical care to inmates by Cermak…" is overly broad, vague, unduly burdensome and a potential HIPAA privacy concern as it seeks information related to third party medical records. It would also require the defendants to somehow determine which inmates over a ten-year period may have filed lawsuits related to medical care issues. Further, Plaintiff's request for "Documents associated with any lawsuits" is overly broad and unduly burdensome because it essentially seeks all publicly available court filings, as well any discovery materials exchanged in any lawsuit (even ones not similar to Plaintiff's allegations here) since 2010 to the present.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

In addition to its initial objections, "legal claims, investigations and court orders" is vague. Lawsuits are only allegations, and are not admissions of liability. Similarly, any settlement would not admit liability. While lawsuits against Cook County may exist on PACER or Odyssey, they cannot be searched by category of claims (i.e-deficient medical care or inmate violence).

Further, Plaintiff's Second Requests for Production (#48) seek documents that would be in possession (if at all) of the Legal Department for the CCSO. This request would embrace work product and information protected by the attorney-client privilege, and not subject to production.

\* \* \*

B. <u>**INCIDENT REPORTS FROM JAN 1, 2010, TO DEC 31, 2014**</u>

- **Request:** Incident Reports (from Jan. 1, 2010 – Dec. 31, 2019) regarding inmate violence or fights in reference to telephone use in Cook County Jail.
  - Response to Second Requests for Production #43 (Dart), dated 9/16/23.
- **Deficiency:** Only provided incident reports from Jan. 1, 2015 – Dec. 31, 2019.
- **Defendants' Objections**:
  - Sheriff Dart: Disproportionate to needs of case. Electronic record keeping of incident reports only goes back to 2015. Sheriff Dart took substantial efforts to produce information relating to 2,178 incident reports from Jan. 1, 2015, to Dec. 31, 2019.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

As stated in Sheriff's Dart initial response, electronic recordkeeping of incident reports only dates back to 2015. Now, Plaintiff seeks information from 2010-2014, which is further removed from the issues and needs of this case. Sheriff Dart previously produced voluminous information when Sheriff Dart produced information relating to 2,178 incident reports from Jan. 1, 2015, to Dec. 31, 2019. Plaintiff was not incarcerated until late 2018 and has not identified any information in the 2,178 incident reports from 2015-2019 that relates to plaintiff's individual claims. Yet, Plaintiff now wants Sheriff Dart to produce voluminous additional incident reports in PDF form.

## C. **GRIEVANCES / INTERNAL COMPLAINTS + RESPONSES**

- **Request:** Grievance reports from inmates regarding the incident reports about inmate violence or fights in reference to telephone use in Cook County Jail.
    - Response to Second Requests for Production #44 (Dart), dated 9/16/23.
- **Deficiency:** No documents provided.
- **Defendants' Objections:**
    - Sheriff Dart: Overbroad, unduly burdensome, and premature. Impossible to conduct an electronic search of inmate grievance reports because they are handwritten. The only way to produce responsive grievance reports would be to produce the grievances of all detainees identified as pertinent by Plaintiff from incident reports.

- **Request:** *Documents related to Cook County Jail or Cermak Health Care Services Polices (from Jan. 1, 2010 – Dec. 31, 2019) in regards to evaluation, assessment, and response to Cook County Jail inmates' requests, grievances, or complaints addressing or <u>alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.</u>*
    - **Response to Request for Production #11(g) (Cook County** & Dart) and **#12(g) (Shebel), dated 11/24/21** (Cook County & Shebel) and 12/21/21 (Dart).
- **Deficiency**: Incomplete – no grievances or complaint responses given.
- **Defendant's Objections**:
    - Cook County: Overly broad, vague, ambiguous, irrelevant, and repetitive.
    - **Shebel: Overly broad, vague, ambiguous, irrelevant, not in Defendant's possession, can be obtained through other discovery methods, not likely to lead to admissible evidence**.

    - Sheriff Dart: Overly broad, ambiguous, not likely to lead to admissible evidence, not in Defendant's possession, and can be obtained through other discovery methods.

**COOK COUNTY & SHEBEL SUPPLEMENTAL RESPONSE:** Objection. Duplicative, burdensome. The following documents have already been produced including:
- Health Grievance Policy (Bates 343-345),
- Eyeglasses and Contact Lenses (Bates 369-370)
- Health Services Request Policy (Bates 362-368)
- Intake Screening (Bates 357-361)

Other documents have been produced by other parties, including but not limited to the Inmate Handbook Chapter 6.

The term "complaint" is vague. The Defendant is unable to determine which patients, if any, have filed "complaints" related to the issues in this request because inmate requests for care are not

4

categorized by subject matter, but rather by inmate. A search for any "request[] . . . for glasses . . ." would require Defendants to go into the individual medical record of each of the thousands of individuals held at Cook County Jail from 2010-2019, manually search for Health Service Request Forms (or read the entire record for other places a request or "complaint" may appear), and read each of those handwritten documents. Such a search is unduly burdensome, and would also violate the HIPAA privacy rights of those thousands of individuals.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

The issue of grievance reports for a given time frame was previously addressed in open court before Judge Ellis. The court understood that grievance reports could not be produced for the period from 2010-2014. (Response to Second Requests for Production #44)

Sheriff Dart has produced any documents related to health policies and defers to Cook County with respect to any additional request for health policies. Sheriff Dart cannot search for health-related issues for detainees.

* * *

- **Request:** *Documents regarding responses from Correctional Officers to concerns expressed by inmates concerning their level of protection.*
    - **Response to Requests for Production #12(Arias)** and #21(b) (Dart), dated **8/10/2022 (Arias)** and 12/21/2021 (Dart).
- **Deficiency:** Incomplete – provided policy and manual but no forms or responses to inmates.
- **Defendant's Objections**
    - Sheriff Dart: Overly broad, ambiguous, and repetitive.
    - **Arias: Repetitive.:**

**ARIAS SUPPLEMENTAL RESPONSE: None**

**SHERIFF DART SUPPLEMENTAL RESPONSE**

This request appears to be duplicative of the request above. Correctional officers do not respond to grievances (or pick up grievances). Thus, there would be no correctional officer response to any grievance.

* * *

- **Request:** Documents relating to reports or complaints from Plaintiff or inmate regarding gang violence, the "Latin Kings," or restrictions placed on the use of telephones in Cook County.
    - Response to Requests for Production #22, 30-35 (Dart), dated 12/21/21.
- **Deficiency:** No documents produced – instructed to look on Pacer or LEXIS and some questions were phrased "in a general way" as to not elicit a response.

5

- **Defendant's Objections**
  - Sheriff Dart: Overly broad, unduly burdensome, vague, and violation of privacy rights of prisoners.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

In addition to the objections previously made, Sheriff Dart cannot search for the term "Latin Kings" in grievances.

<p align="center">* * *</p>

D.  **INFO AND DOCS ON GOV'T INVESTIGATIONS / CONSENT ORDERS**

- **Request:** Identify personnel who are currently employed by Dart or Cook County who played any role in the DOJ investigation and subsequent "Monitor" oversight activities related to the Agreed Order (United States of America v. Cook County, Illinois et al., 10-cv-02946. (N.D. Ill.).
  - **Response to Second Interrogatories #5 (Cook County) and #27 (Dart), dated 9/8/23.**
- **Deficiency**: Names not provided; effectively told "do your own research."
- **Defendants' Objections:**
  - **Cook County: Overbroad, disproportionate to needs of case, and vague**.
  - Sheriff Dart: Compound, irrelevant, disproportionate to needs of case, overly broad, and vague. Plaintiff has access to this material in produced documents and the public record.

**COOK COUNTY SUPPLEMENTAL RESPONSE:**

The phrase "played any role" is vague and overly broad, as is "oversight activities". See the monitoring reports on the federal court PACER website at 10 cv 2964 which may contain the names of potential witnesses the monitors interacted with. Stating further, the Monitors often made site visits to Cook County Jail, reviewed dozens if not hundreds of discrete issues, and Defendant cannot identify all personnel who "played any role" in interacting with the Monitors or implementing changes in relation to ongoing "oversight activities." Stating further, the Department of Justice may be in possession of documents related to the Department of Justice's investigation and "oversight activities."

**SHERIFF DART SUPPLEMENTAL RESPONSE**

Previously, Defendant Sheriff objected to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information concerning and 2008 investigation and a 2010 consent decree. Subject to and notwithstanding those objections, Sheriff Dart previously answered that Cook County Sheriff Thomas Dart, in his official capacity, and Cook County were named in a now-terminated lawsuit captioned *United States v Cook County, et al*, 10-cv-2946 (N.D. Ill.). Monitoring reports were already produced to plaintiff.

<p align="center">* * *</p>

- **Request**: *Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail regarding the failure to provide adequate medical care or the failure to protect inmates from physical violence by other inmates.*
    - **Response to Requests for Production #19 (Cook County)**, **#22 (Shebel),** and #38 (Dart), **dated 11/24/21** (**Cook County & Shebel**) and 12/21/21 (Dart).
- **Deficiency:** No documents produced/irrelevant answer – Cited a court case motion.
- **Defendant's Objections**
    - Cook County: Irrelevant, overly broad, unduly burdensome, vague, ambiguous, not in Defendant's possession, available by other discovery methods, and not likely to lead to admissible evidence.
    - **Shebel: Overly broad, unduly burdensome, vague, ambiguous, not in Defendant's possession, unlikely to lead to admissible evidence, and can be obtained by other discovery methods.**
    - Sheriff Dart: Irrelevant, overly broad, unduly burdensome, vague, ambiguous, not likely to lead to admissible evidence, and can be obtained by other discovery methods.

**COOK COUNTY & SHEBEL SUPPLEMENTAL RESPONSE:**

Defendant objects to the extent this request misstates the record as to the Department of Justice's investigation and findings. A copy of the Order terminating the DOJ decree due to substantial compliance was produced and/or is publicly available. (10-CV-2946; June 26, 2018; Dkt # 335 & 377.) In addition, the corrections monitoring reports can be found on the courts PACER website at 10 CV 2946.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

Monitoring reports were already produced to plaintiff.


E. <u>**IDENTIFICATION OF POTENTIAL WITNESSES**</u>

- **Request:** *Documents related to Cook County Jail or Cermak Health Services Policies (from Jan. 1, 2010 – Dec. 31, 2019) about health care professionals diagnosing, treating, or monitoring Cook County Jail inmates, including but not limited <u>to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD.</u>*
    - **Response to Requests for Production #11(d)** (**Cook County** & Dart) and **#12(d) (Shebel), dated 11/24/21** (**Cook County** & Shebel) and 12/21/21 (Dart).
- **Deficiency**: Incomplete response – provided policy documents but failed to identify health care professionals.
  **Defendant's Objections:**
    - Cook County: Overly broad, vague, ambiguous, and irrelevant.

7

- o **Shebel: Overly broad, vague, ambiguous, irrelevant, violates privacy rights of non-parties, not in Defendant's possession, and can be obtained through other discovery methods.**
- o Sheriff Dart: Overly broad, ambiguous, irrelevant, not in Defendant's possession, and can be obtained through other discovery methods.

**COOK COUNTY & SHEBEL SUPPLEMENTAL RESPONSE:**

Objection. Duplicative, burdensome. In addition, the Plaintiff's request asks for "documents", not the identification of "individuals."

The following responsive documents have already been produced by defendant, Cook County, including:
- Health Grievance Policy (Bates 343-345),
- Inmate Handbook Vision Policy (Bates 1745),
- Eyeglasses and Contact Lenses (Bates 369-370)
- Health Services Request Policy (Bates 362-368)
- Intake Screening (Bates 357-361)
- Cermak treating physicians who examined, diagnosed and/or treated plaintiff for vision issues while at the Cook County jail. *See Bates* 424, 449, 515, 594, 665, 671, 674, 682, 694, 725, 727, 729, 744, 753, 757, 767, 772, 794, 819, 823, 833, 838, 843, 855, 1304, 1552, 1561, and 1707
- Bates 333-342, 346-355, 369-374 also produced in response.

This request also invokes HIPAA privacy concerns as it seeks information related to third party, "inmates" medical records. It seeks medical records from other inmates from January 2010-October 2018, a time when plaintiff was not even incarcerated. It would also require the defendants to somehow determine which inmates over that ten-year period may have raised the same medical concerns, which is incredibly burdensome and costly. See also Defendants response to Request # ____, above, describing how inmate medical records are stored.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

Sheriff Dart has no deficiency. In addition to the prior objections, Sheriff Dart objects because names of medical treaters do not advance the needs of this case. Answering further, doctors are not employed by or controlled by Sheriff Dart.

- **Request:** *Documents identifying <u>all inmates who filled grievances for, or were diagnosed or treated for, deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.</u>*
    - o **Response to Requests for Production #17 (Cook County** & Dart) and **#18 (Shebel), dated 11/24/21 (Cook County** & **Shebel**) and 12/21/21 (Dart).
- **Deficiency**: No documents produced.
- **Defendant's Objections**

8

- o Cook County: Irrelevant, overly broad, unduly burdensome, and violation of privacy rights.
- o **Shebel: Irrelevant, overly broad, unduly burdensome, and violation of privacy rights.**
- o Sheriff Dart: Irrelevant, overly broad, unduly burdensome, violation of privacy rights, unlikely to lead to admissible evidence, not in Defendant's possession, and can be obtained through other discovery methods.

**COOK COUNTY & SHEBEL SUPPLEMENTAL RESPONSE**:

The request is unduly burdensome, overly broad and disproportionate to needs of case as it seeks information from "all inmates" from January 2010-October 2018, when plaintiff was not even incarcerated. In addition, The term "grievances" is vague. Cook County does not possess inmate "grievances", which are retained by the Sheriff's Office. This request also invokes HIPAA privacy concerns as it seeks information related to third party "inmates'" medical records who may have sought vision care.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

This request is unduly burdensome, overly broad and disproportionate to the needs of case as it seeks information from "all inmates" from January 2010-October 2018, when plaintiff was not even incarcerated. This request also invokes HIPAA privacy concerns as it seeks information related to third party "inmates'" medical records who may have sought vision care.

- **Request:** Documents identifying inmates in Division 10 during 2019 when Plaintiff was housed in Division 10.
    - o Response to Requests for Production #29 (Dart), dated 12/21/21.
- **Deficiency:** No documents produced – citing security reasons.
- **Defendant's Objections**
    - o Sheriff Dart: Overly broad, unduly burdensome, ambiguous, irrelevant, violation of privacy rights, not proportional to the needs of the case, unlikely to lead to admissible evidence, more appropriately obtained from other sources, and security concerns.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

This request implicates security concerns, is unduly burdensome, overly broad and disproportionate to needs of case as it seeks information from "all inmates" in Division 10 without regard to whether they have any information regarding this matter or plaintiff's claims. There is no evidence that any other inmate in Division 10 had any involvement with Plaintiff. Division 10 has 16 tiers with 24 cells per tier. Two inmates are assigned per cell, so this seeks information regarding at least 384 inmates without any suggestion that this would lead to discoverable information.

F.  **TRAINING / DISCIPLINE**

- **Request:** *All documents reflecting the training, supervision, and discipline of individual employees and agents of Cook County Jail and Cermak Health Services regarding: (a) processing medical request forms or grievances requesting medical care; (b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health; and (c) providing medical, mental health, or optometric care to inmates, including but not limited to training regarding the Policies in effect during the Relevant period.*
    - **Response to Requests for Production #12 (Cook County** & Dart) and **#13 (Shebel), dated 11/24/21** (Cook County & Shebel) and 12/21/21 (Dart).
- **Deficiency:** Incomplete – did not provide documents on disciplining employees/agents of Cook County or Cermak Health Services.
- **Defendant's Objections**
    - Cook County: Overly broad, unduly burdensome, vague, ambiguous, and repetitive.
    - Sheriff Dart: Overly broad, not in Defendant's possession, and more appropriately obtained from sources other than Defendant.
    - **Shebel: Overly broad, unduly burdensome, vague, ambiguous, repetitive, and more appropriately obtained from sources other than Defendant.**

**COOK CO & SHEBEL SUPPLEMENTAL RESPONSE**:

Objection. The request is overly broad as it seeks information regarding documents reflecting the training, supervision and discipline of all individual employees and agents of Cook County and Cermak, whether or not they had any interaction with Plaintiff. The request is also vague, open to multiple interpretations, and overly burdensome as to "training, supervision and discipline". This request is also objectionable because it does not provide a relevant time period. Defendant Shebel has produced:

- Her personnel file (Bates 1775-1829, 1900-1934)

In addition, defendant Cook County has also previously produced:
- Cermak Policies (Bates 333-370)
- Eyeglasses and Contact Lenses (Bates 369-370)
- Health Services Request Policy (Bates 362-368)
- Intake Screening (Bates 357-361)
- Cermak treating physicians who examined, diagnosed and/or treated plaintiff for vision issues while at the Cook County jail. *See Bates* 424, 449, 515, 594, 665, 671, 674, 682, 694, 725, 727, 729, 744, 753, 757, 767, 772, 794, 819, 823, 833, 838, 843, 855, 1304, 1552, 1561, and 1707

**SHERIFF DART SUPPLEMENTAL RESPONSE**

Sheriff Dart has no involvement with health services and has no deficiency regarding this request.

### G. POLICIES AND PROCEDURES

- **Request:** All documents relating to Sheriff Dart's responsibilities, policies, and management.
    - Response to Requests for Production #19 (Dart), dated 12/21/21.
- **Deficiency**: No documents were produced – Dart stated he is an entity, so the request does not apply to him.
- **Defendant's Objections**
    - Sheriff Dart: Overly broad, vague, ambiguous, irrelevant, not related to a particular issue or policy, and Defendant is an entity.

**SHERIFF DART SUPPLEMENTAL RESPONSE**

In addition to prior objections, Sheriff Dart objects because this request is vague by seeking "all documents related to Sheriff Dart's responsibilities, policies and management". The request is also not proportionate to the needs of this case and is not tailored as such. This request is being evaluated and may be updated by Sheriff Dart.

\* \* \*

Please advise if questions remain regarding any of the issues referenced above.

Finally, as we discussed during our November 21, 2023, meeting, it appears that we need to file a motion for protective order regarding these issues. If there are discovery requests that may be narrowed or removed, please let us know. We look forward to hearing from you.

DEVORE RADUNSKY LLC

*Jason E. DeVore*

Jason E. DeVore