# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THOMAS J. DART, et al.<br><br>　　　　Defendants | Case Nos. 19-cv-07380<br>　　　　　　19-cv-07382<br>　　　　　　19-cv-07883<br><br>Honorable Sara L Ellis |

**DEFENDANT COOK COUNTY'S ANSWERS TO PLAINTIFF
DONALD HENNEBERG'S SECOND SET OF INTERROGATORIES (NOS. 13-30)**

NOW COMES Defendant, COOK COUNTY (hereinafter "Defendant"), by and through its attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its answers to Plaintiff's Rules 26 and 34 of the Federal Rules of Civil Procedure Interrogatories, states as follows:

**INTERROGATORIES**

1. Plaintiff incorporates herein by reference all interrogatories contained in Plaintiff's First Set of Interrogatories to Defendant Cook County, dated September 24, 2021 ("Plaintiff's First Interrogatories"), and seeks answers to said interrogatories to the extent all such answers to date have not already been provided.

**ANSWER: See Defendant Cook County's Answers to Plaintiff's First Set of Interrogatories.**

2. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, attended the Court hearing held in the instant action on January 4, 2023.

**ANSWER: OBJECTION. This interrogatory seeks information that is disproportionate to the needs of this case. Subject to and without waiving said objection, the following persons were present at the January 4, 2023 hearing on behalf of Defendant Cook County:**

　　Jason DeVore - Counsel for Defendant
　　Troy Radunsky - Counsel for Defendant
　　Khara Coleman – Cook County Sheriff's Office, Assistant General Counsel
　　John Mueller – Director, Cook County Sheriff's Office

**John Power – Cook County State's Attorney's Office**
**Sandra Navarro – Deputy Director, Risk Management - Cook County Health**
**Joshua Rafinski-Project Leader, Cermak Health Services, Cook County Health**

3. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, have substantial involvement in and responsibility for the Cook County Jail electronic "incident report" database.

**ANSWER: No responsive documents are in the possession of Defendant Cook County.**

4. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, have substantial involvement in and responsibility for the Cook County Jail "incident report" forms that are maintained in hard copy form and/or as "pdf" documents.

**ANSWER: No responsive documents are in the possession of Defendant Cook County.**

5. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, are currently employed by Defendants Dart and/or Cook County, and who played any role in the U.S. Department of Justice investigation and/or subsequent "Monitor" oversight activities related to the Agreed Order filed on May 26, 2010 in United States of America v. Cook County, Illinois et al., Case 1:10-cv-02946 (N.D. Ill.). For each such person, explain what role he or she played, and during what period of time the person(s) had involvement in the investigation or oversight activities. Identify all Documents that reflect, relate or pertain to the role played by each such person in the investigation and/or subsequent "Monitor" oversight activities.

**ANSWER: OBJECTION. This request is overbroad and disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Objecting further, the terms "substantial involvement in" and "responsibility for" are vague.**

6. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Cook County based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in findings of guilt or liability on the part of Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability. Identify all Documents that reflect, relate or pertain to each claim and the resulting judgment.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to plaintiff not receiving eyeglasses as promptly as he wanted. Plaintiff's complaint does not relate to general "vision or other optometric issues" throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**

7. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Cook County based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in a monetary settlement by Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case. Identify all Documents that reflect, relate or pertain to each claim and the resulting settlement.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to plaintiff not receiving eyeglasses as promptly as he wanted. Plaintiff's complaint does not relate to general "vision or other optometric issues" throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**

8. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Cook County based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in findings of

guilt or liability on the part of Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**

9. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Cook County based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in a monetary settlement by Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**