# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS J. DART, et al.<br><br>        Defendants | Case Nos. 19-cv-07380<br>               19-cv-07382<br>               19-cv-07883<br><br>Honorable Jeremy C. Daniel |

**DEFENDANT SHERIFF DART'S ANSWERS TO PLAINTIFF
DONALD HENNEBERG'S SECOND SET OF INTERROGATORIES (NOS. 23-31)**

NOW COMES Defendant, SHERIFF THOMAS J. DART (hereinafter "Defendant Sheriff"), in his official capacity, by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for his answers to Plaintiff's Rules 26 and 34 of the Federal Rules of Civil Procedure Interrogatories, states as follows:

**INTERROGATORIES**

23. Plaintiff incorporates herein by reference all interrogatories contained in Plaintiff's First Set of Interrogatories to Defendant Sheriff Thomas Dart, dated September 24, 2021 ("Plaintiff's First Interrogatories"), and seeks answers to said interrogatories to the extent all such answers to date have not already been provided.

**ANSWER:** Defendant Sheriff objects to this Interrogatory as vague, overbroad, and compound, to the extent it contains multiple subparts. Pursuant to the Federal Rules and the orders of this Court, Defendant is already obligated to provide complete and verified answers to Plaintiff's First Set of Interrogatories. The original responses were provided to Plaintiff's counsel in fall 201, and supplement responses on or about March 22, 2022. To the extent that Plaintiff contends that any of those answers were incomplete and/or inadequate, Defendant Sheriff requests that Plaintiff identify and enumerate such issues in a Rule 37 letter so that any issue can be addresses clearly and discretely,

decree. Subject to and notwithstanding thee objections, Cook County Sheriff Thomas Dart, in his official capacity, and Cook County were named in a now-terminated lawsuit captioned *United States v Cook County, et al*, 10-cv-2946 (N.D. Ill.). Defendant submits that the docket and filings in said litigation speak for themselves, are publicly available, and as accessible to Plaintiff as to Defendant. In said litigation, Independent Corrections Monitor Susan W. McCampbell filed a total of 12 reports concerning the compliance of the Cook County Sheriff with the terms of the Consent Decree. All 12 reports are publicly available on the docket, available via Pacer. Monitor McCampbell's Final Report was submitted to the court on 11/23/2016, and the Cook County Sheriff was terminated as a party in the litigation on June 9, 2017, prior to Plaintiff Henneberg's intake on November 29, 2018.

Defendant Sheriff also submits that Plaintiff's counsel previously requested that Defendant's counsel download for Plaintiff the monitor's reports in the consent decree litigation despite the fact that the information was fully available to Plaintiff online. Defendant's undersigned counsel downloaded the subject reports and produced to the Plaintiff's counsel on [insert date here.]

Pursuant to Rule 33(d)(1), Defendant Sheriff directs Plaintiff to the docket in *United States v Cook County, et al*, 10-cv-2946 (N.D. Ill.). Defendant submits that the docket and filings in said litigation speak for themselves, listing in great detail parties, issues, and attorneys.

28. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in findings of guilt or liability on the part of Defendant Tom Dart. For each such claim, indicate the case

5

name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "medical care" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.**

**Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.**

**Finally, Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "medical care"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.**

6

29. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in a monetary settlement by Defendant Tom Dart. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "medical care" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.**

**Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.**

**Finally, Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw**

**(https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "medical care"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.**

30. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in findings of guilt or liability on the part of Defendant Tom Dart. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "failure to protect" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.**

**Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.**

**Finally, Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw**

**(https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "failure to protect"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.**

31. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in a monetary settlement by Defendant Tom Dart. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "failure to**

9

protect" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.

Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9-year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.

Finally, Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis (https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "failure to protect"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.

                                                           **Respectfully submitted,**

                                                           *Jason E. DeVore*
                                                           **Attorney for Defendant Thomas Dart,**
                                                           **(signing for objections only)**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Thomas Dart's Answers to Plaintiff's Second Set of Interrogatories** were sent via email correspondence to all below listed parties on September 8, 2023.

10