# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. DART, et al. <br><br> Defendants | Case No. 19-cv-07380 <br><br> *Consolidated with:* <br>    19-cv-07382 <br>    19-cv-07883 <br><br> Honorable Jeremy C. Daniel |

**DEFENDANT SHERIFF THOMAS J. DART'S RESPONSES TO PLAINTIFF DONALD HENNEBERG'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 40-57)**

NOW COMES Defendant, SHERIFF THOMAS J. DART (hereinafter "Defendant"), by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its responses to Plaintiff's Second Set of Requests for Production of Documents, states as follows:

**DOCUMENT REQUESTS**

40. Plaintiff incorporates herein by reference all requests contained in Plaintiff's First Set of Requests for Production of Documents to Defendant Sheriff Thomas Dart, dated September 24, 2021 ("Plaintiff's First Production Requests"), and seeks all documents responsive to said requests to the extent all such documents to date have not already been produced.

**RESPONSE: See Defendant Sheriff Dart's Responses to Plaintiff's First Set of Requests for Production of Documents.**

41. All Documents requested to be produced, identified, or described in response to Plaintiff's Second Set of Interrogatories served on You.

**RESPONSE: Defendant Sheriff directs Plaintiff to Defendants responses to Plaintiff's Second Interrogatories. Any documents relied upon are referenced and identified therein. (CCSAO 0000091-000102).**

42. All Documents You relied on in responding to Plaintiff's Second Set of Interrogatories served on You.

**RESPONSE: None other than those documents mentioned heretofore and hereafter. See also response to Request 41.**

43. All "incident reports" created and maintained by Cook County Jail that reflect inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates, which occurred between January 1, 2010 and December 31, 2019, and where the words "phone," "phones," "telephone" or "telephone" appear in the "Statement of Facts (Narrative)" description, or the "Administrative Assessment" description, or the "Details of Incident" description, or the "Incident Summary Narrative" description. Initially, these incident reports may be produced in an Excel spreadsheet summary (similar to the Excel spreadsheets produced by Defendants on February 2 and February 27, 2023), after which Plaintiff's counsel will identify (i) the incident reports that the Defendants request as "pdf" hard copies; and (ii) the incident reports that Defendants should use to conduct a search for all related inmate grievances and related Documents (see the next request below).

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Defendant Sheriff further objects to this request as to time period. Subject to and notwithstanding these objections,**

**Defendant Sheriff submits that the electronic system that maintains incident reports does not go back to 2010; it only goes back to 2015. In an effort to provide Plaintiff with as much data as possible, on February 2, 2023, Defendant Sheriff produced in Excel format a compilation of over 2030 incident reports, including full incident narratives, to counsel for Plaintiff. This list represented a collection of incident reports culled from 2015 to 2019 concerning all inmate fights over the telephones in the CCDOC.**

**Thereafter, on February 27, 2023, Defendant Sheriff produced voluminous information related to 2178 incident reports for the five-year time frame from January 1, 2015, through December 31, 2019.**

**The search parameters were as follows: all incident reports flagged as "fights" in our electronic report system, in which the words "phone" or "telephone" also appeared in the narrative or summary, where a search term hit on "phone" or "telephone" is inclusive, such as would also yield results for "phones" or "telephones," the plural. Defendants then produced the spreadsheet compilation of fights over the phones (as opposed to, for example, fights over commissary which resulted in a "phone" call to the superintendent) were presented to Plaintiff's counsel. This was the 2000-plus hit production.**

**To date, Plaintiff has not identified any "incident reports" from the spreadsheet produced in February 2023 related to 2015–2019-time frame related to Defendant Sheriff's production. Defendant Sheriff cannot take any further action relative to producing "incident reports" until Plaintiff identifies specific "incident reports" related to the information already provided by Defendant Sheriff. Once Plaintiff identifies incident reports for Defendant Sheriff to produce in PDF form, the IT department for Defendant Sheriff can convert the selected incident entries to PDF format. Defendant submits that**

**Defendant has made substantial efforts to produce incident reports of the type requested in the present document request, and awaits Plaintiff's selections from the February 2023 productions.**

44. All inmate grievances and related Documents that pertain to the "incident reports" identified by Plaintiff for Defendants to use to conduct a search for inmate grievances and related Documents (see the immediately preceding request above).

**RESPONSE: See Defendant's Response to Request for Production No. 43. Defendant Sheriff further objects to this request as overbroad, overly burdensome, and premature. As explained in detail in December, January, and February 2023, because it is not possible to conduct an electronic search the text of handwritten detainee grievances, the only way to provide response grievances concerning "fights over phones" would be to produce the grievances of all detainees identified by Plaintiff from the aforementioned spreadsheet. Because Plaintiff has yet to identify any incident reports, Defendant cannot produce any responsive detainee grievances at this time.**

45. All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the U.S. Department of Justice (including but not limited to any of its attorneys, staff members, agents or representatives), other public officials and/or private organizations that reflect, relate or pertain to inmate medical care or deficient vision or other optometric issues at the Cook County Jail.

**RESPONSE: The Office of the Cook County Sheriff does not provide medical care to detainees in the Cook County Department of Corrections. Medical care to detainees is provided by Cermak Health of Cook County Health and Hospitals System. Answering further, the Sheriff does not, by County Ordinance, control Cermak or its employees or the**

4

**medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care to detainees, and does not have general access to or maintain detainee medical records. Defendant has no access to documents that investigate the medical care or related decisions of Cermak Health Services.**

46. **A**ll Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the U.S. Department of Justice (including but not limited to any of its attorneys, staff members, agents or representatives), other public officials and/or private organizations that reflect, relate or pertain to the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate- on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Defendant Sheriff has no responsive documents at this time.**

47. All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the "Monitor(s)" who evaluated the Cook County Jail's compliance or lack of compliance with commitments imposed on Cook County Jail by one or more federal district court orders regarding the safety and security of inmates, the protection

5

of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on- inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notably, this defendant has already produced information regarding a five-year period from 2015 – 2019, and this information should be sufficient to provide information for plaintiff's claims.**

48. All Documents that, between January 1, 2010 and December 31, 2019, were associated with or reflect, relate or pertain to lawsuits, investigations, legal claims, court orders, decrees or judgments that relate to (i) inmate medical care at Cook County Jail including but not limited to vision and/or other optometric issues, and/or (ii) the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

**RESPONSE:** **Defendant Sheriff objects to this request as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case. Defendant Sheriff objects to this request as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 10 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.**

**Finally, Defendant Sheriff further objects to this request on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw (https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "medical care"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.**

49. All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents which, between January 1, 2010 and December 31, 2019, dealt with Cook County Jail's policies or practices regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

**RESPONSE:** **The Office of the Cook County Sheriff does not provide medical care to detainees in the Cook County Department of Corrections. Medical care to detainees is provided by Cermak Health of Cook County Health and Hospitals System. Answering further, the Sheriff does not, by County Ordinance, control Cermak or its employees or the**

7

**medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records. Defendant has no access to documents that investigate the medical care or related decisions of Cermak Health Services.**

**See CCSAO 000132-000332, 000333-000370, 001721-001761, 001762-001770.**

50. All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents which, between January 1, 2010 and December 31, 2019, dealt with Cook County Jail's policies or practices regarding the use or control of phones or telephones by inmates, or the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notably, this defendant has already produced information regarding a five-year period from 2015 – 2019, and this information should be sufficient to provide information for plaintiff's claims.**

51. All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the Cook County Jail's policies or practices regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone,**

**as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019.**

**The Office of the Cook County Sheriff does not provide medical care to detainees in the Cook County Department of Corrections. Medical care to detainees is provided by Cermak Health of Cook County Health and Hospitals System. Answering further, the Sheriff does not, by County Ordinance, control Cermak or its employees or the medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records. Defendant has no access to documents that investigate the medical care or related decisions of Cermak Health Services.**

52. All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the Cook County Jail's policies or practices regarding (i) the use or control of phones or telephones by inmates, or (ii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notably, this defendant has already produced information regarding a five-year period from 2015 – 2019, and this information should be sufficient to provide information for plaintiff's claims.**

9

**Defendant Sheriff further objects to the extent that this request refers to facts not in evidence. This request assumes that the CCDOC has policy or reality of permitting detainee gang control of phones, such that said policy or situation subsequently requires a "self-assessment" or a "self-critical analysis." No evidence of such a policy has been supported by facts introduced in this case, and Defendant Sheriff has never enacted a policy that requires or encourages or permits detainee gang control of telephones.**

53. All Documents that describe, reflect, summarize or allude to what constituted or were considered to be "generally accepted correctional standards" – between January 1, 2010 and December 31, 2019 – regarding (i) inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses), (ii) the use or control of phones or telephones by inmates, or (iii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: Defendant Sheriff directs Plaintiff to the "County Jail Standards" https://idoc.illinois.gov/aboutus/jailanddetentionstandards.html. The stated County Jail Standards are a matter of law and are as accessible to Plaintiff as they are to Defendant Sheriff.**

54. All internal or external memos, emails, letters, reports, studies, communications, literature, self-assessment, self-critical analysis and/or other Documents for the period between January 1, 2010 and December 31, 2019 that describe, reflect, summarize or allude to (i) any alleged or actual activities or efforts by gang members or groups of inmates to control or limit the use of phones or telephones by other inmates, and/or (ii) the role played by such activities or

10

efforts in inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019.**

**Defendant Sheriff further objects to the extent that this request refers to facts not in evidence. This request assumes that the CCDOC has policy or reality of permitting detainee gang control of phones, such that said policy or situation subsequently requires a "self-assessment" or a "self-critical analysis." No evidence of such a policy has been supported by facts introduced in this case, and Defendant Sheriff has never enacted a policy that requires or encourages or permits detainee gang control of telephones.**

55. All Documents – including but not limited to all "incident reports," related inmate Grievances and other Documents – for the period between January 1, 2010 and December 31, 2019 that contain any reference to Defendant Correctional Officer Jorge Arias or to Defendant Susan Shebel, R.N.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to incidents where the names of Defendant Correctional Officer Jorge Arias or to Defendant Susan Shebel, R.N. may appear.**

11

56. All Documents – including but not limited to maps, diagrams, lists and other written descriptions – that describe, reflect, summarize or allude to (i) the number and location of phones and/or telephones available for use by inmates within Cook County Jail during the period between January 1, 2010 and December 31, 2019, (ii) the number and location of phones and/or telephones that were added or removed during said period, and (iii) the costs associated with acquiring and/or maintaining such phones and/or telephones (in the aggregate and/or on the "per telephone" basis).

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notwithstanding these objections, Defendant does not maintain a map or diagram that details the location of every phone in every location in the Cook County Department of Corrections between 2010 and 2019.**

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Sheriff Thomas J. Dart's Responses to Plaintiff's Second Set of Requests for Production** was sent via email correspondence to all below listed parties on September 16, 2023.

                                             */s/ Zachary G. Stillman*
                                             Zachary G. Stillman
                                             One of the Attorneys for Defendants

Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606

(312) 324-1000
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com