# EXHIBIT H

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG,<br><br>   Plaintiff,<br><br>v.<br><br>THOMAS J. DART, et al.<br><br>   Defendants | Case Nos. 19-cv-07380<br>     19-cv-07382<br>     19-cv-07883<br><br>Honorable Jeremy C. Daniel |

**DEFENDANT SHERIFF DART'S ANSWERS TO PLAINTIFF
DONALD HENNEBERG'S SECOND SET OF INTERROGATORIES (NOS. 23-31)**

NOW COMES Defendant, SHERIFF THOMAS J. DART (hereinafter "Defendant Sheriff"), in his official capacity, by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for his answers to Plaintiff's Rules 26 and 34 of the Federal Rules of Civil Procedure Interrogatories, states as follows:

**INTERROGATORIES**

23. Plaintiff incorporates herein by reference all interrogatories contained in Plaintiff's First Set of Interrogatories to Defendant Sheriff Thomas Dart, dated September 24, 2021 ("Plaintiff's First Interrogatories"), and seeks answers to said interrogatories to the extent all such answers to date have not already been provided.

**ANSWER:** Defendant Sheriff objects to this Interrogatory as vague, overbroad, and compound, to the extent it contains multiple subparts. Pursuant to the Federal Rules and the orders of this Court, Defendant is already obligated to provide complete and verified answers to Plaintiff's First Set of Interrogatories. The original responses were provided to Plaintiff's counsel in fall 201, and supplement responses on or about March 22, 2022. To the extent that Plaintiff contends that any of those answers were incomplete and/or inadequate, Defendant Sheriff requests that Plaintiff identify and enumerate such issues in a Rule 37 letter so that any issue can be addresses clearly and discretely,

**310. The particular sworn members responsible for the substantive content of DIV10-2019-8189 are identified above.**

26. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Tom Dart, have substantial involvement in and responsibility for the Cook County Jail "incident report" forms that are maintained in hard copy form and/or as "pdf" documents.

**ANSWER: The Cook County Department of Corrections does not maintain incident reports as hard copy forms or PDF documents. In the course of litigation, counsel may request to convert reports to PDF for production to opposing counsel, as done in the present litigation.**

27. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Tom Dart, are currently employed by Defendants Dart and/or Cook County, and who played any role in the U.S. Department of Justice investigation and/or subsequent "Monitor" oversight activities related to the Agreed Order filed on May 26, 2010 in United States of America v. Cook County, Illinois et al., Case 1:10-cv-02946 (N.D. Ill.). For each such person, explain what role he or she played, and during what period of time the person(s) had involvement in the investigation or oversight activities.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case. Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information concerning and 2008 investigation and a 2010 consent**

4

decree. Subject to and notwithstanding thee objections, Cook County Sheriff Thomas Dart, in his official capacity, and Cook County were named in a now-terminated lawsuit captioned *United States v Cook County, et al*, 10-cv-2946 (N.D. Ill.). Defendant submits that the docket and filings in said litigation speak for themselves, are publicly available, and as accessible to Plaintiff as to Defendant. In said litigation, Independent Corrections Monitor Susan W. McCampbell filed a total of 12 reports concerning the compliance of the Cook County Sheriff with the terms of the Consent Decree. All 12 reports are publicly available on the docket, available via Pacer. Monitor McCampbell's Final Report was submitted to the court on 11/23/2016, and the Cook County Sheriff was terminated as a party in the litigation on June 9, 2017, prior to Plaintiff Henneberg's intake on November 29, 2018.

Defendant Sheriff also submits that Plaintiff's counsel previously requested that Defendant's counsel download for Plaintiff the monitor's reports in the consent decree litigation despite the fact that the information was fully available to Plaintiff online. Defendant's undersigned counsel downloaded the subject reports and produced to the Plaintiff's counsel on [insert date here.]

Pursuant to Rule 33(d)(1), Defendant Sheriff directs Plaintiff to the docket in *United States v Cook County, et al*, 10-cv-2946 (N.D. Ill.). Defendant submits that the docket and filings in said litigation speak for themselves, listing in great detail parties, issues, and attorneys.

28. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in findings of guilt or liability on the part of Defendant Tom Dart. For each such claim, indicate the case