**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DONALD HENNEBERG, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-07380 |
| TOM DART, ET AL., | Judge: Honorable Jeremy Daniel |
| Defendants. | |

**<u>PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO COMPEL DISCOVERY</u>**

Dated: February 16, 2024

Respectfully submitted,

By: /s/ *Maria E. Doukas*
Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

I.    **INTRODUCTION** ................................................................................................... 1

II.    **ARGUMENT** .......................................................................................................... 2

    A.    **Incident Reports and Grievance Records from 2015-2019** ....................... 2

    B.    **Plaintiff is Entitled to the Production of Medical-Related Documents** ..................... 4

    C.    **Plaintiff is Entitled to Requested Discovery Going Back to 2010 as Requested** ....... 5

    D.    **Deposition of Scott Jakubowski** ............................................................... 6

    E.    **Identification of Potential Witnesses with Vision-Related Grievances** ..................... 7

    F.    **Documents Reflecting Reports or Complaints from Inmates Regarding Gang Violence, the "Latin Kings," or Restrictions Placed on Phone Use in Cook County Jail** .. 8

    G.    **Policy Documents** ..................................................................................... 8

III.    **CONCLUSION** ....................................................................................................... 9

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Turow v. Glazier*,
    No. 21 CV 5756, 2023 WL 8258606 (N.D. Ill. Nov. 29, 2023) .........................................1, 3, 4

*DeLeon-Reyes v. Guevara*,
    No. 18 C 1028, 2019 WL 4278043 (N.D. Ill. Sept. 10, 2019)...................................................3

**Other Authorities**

Federal Rules of Civil Procedure 26(a)(1)(A)(i) ...........................................................................7

## I.   INTRODUCTION

As outlined in Plaintiff's Cross-Motion to Compel (Dkt. 157) (hereinafter, "Motion"), this case involves Plaintiff's claims that Cook County Jail and other Defendants violated his constitutional rights and the rights of other inmates based on (i) the failure to protect from telephone-related assaults, including an assault against plaintiff that occurred on June 17, 2019, and (ii) the failure to provide adequate medical care, particularly in relation to vision care and obtaining eyeglasses. Plaintiff bears the burden to establish, among other things, that Defendants engaged in conscious indifference, and is entitled to discovery from Defendants relating to his claims.

Despite Defendants' discovery obligations to produce relevant information proportional to the needs of the case, Defendants have steadfastly refused to meaningfully engage in the discovery process and appear instead to be making every attempt to effectively end this litigation, here and now, by preventing Plaintiff from getting access to details which directly support his claims. Indeed, Defendants' Opposition rehashes their same unsupported argument that the discovery Plaintiff seeks "is costly and unduly burdensome." Opp. at 1.

But Defendants' arguments as to why the discovery sought by Plaintiff would be "costly and unduly burdensome" ignores that "to resist discovery as unduly burdensome, [defendants] must adequately demonstrate the nature and extent of the claimed burden by **making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome**," and the mere fact that a party will be required to expend a considerable amount of time, effort, or expense in answering the discovery requests is **not a sufficient reason** to preclude discovery." *Turow v. Glazier*, No. 21 CV 5756, 2023 WL 8258606, at *2 (N.D. Ill. Nov. 29, 2023) (internal citations and quotations omitted). Defendants have failed to meet their burden to demonstrate Plaintiff's requests are unduly burdensome. Thus, Plaintiff's

Motion to Compel should be granted.

## II.    ARGUMENT

Defendants' Opposition reads as a backdoor attempt to re-argue its motion to stay discovery as to the *Monell* claims, which the Court already denied. Dkt. 125. Defendants refer to Plaintiff's discovery relevant to his *Monell* claims as a "sideshow to a sideshow" that "seeks to harangue Defendants" and appear to be asserting that because Plaintiff seeks discovery on incidents that he was not personally involved with to support the *Monell* claims, this somehow shields Defendants from undertaking the time and effort to produce the requested information. Opp. at 4. Not so.

As explained in Plaintiff's Motion, *Monell* claims necessitate a broader discovery standard than the typical standard. Mot. at 7. Simply because this broader discovery may not directly relate to Plaintiff's individual claims, that does not mean he is not entitled to this discovery to support his other viable *Monell* claims. Indeed, during the January 4, 2023 hearing before Judge Ellis, while she did note that the *Monell* claims are "like icing on the cake" that do "not necessarily go to damages," she did **not** state that Defendants were relieved from meeting their discovery obligations relevant to these claims. Dkt. 149-3 at 35:10-15. Instead, she expressly noted that the "discovery aspect on the *Monell* claim is going to take some time and going to cost some money." *Id*. at 35:12-15. That Defendants do not want to undertake this time and cost is irrelevant.

### A.    Incident Reports and Grievance Records from 2015-2019

As explained in Plaintiff's Motion, Defendants should be compelled to produce the 965 incident reports and all existing Inmate Grievance documents relating to the subset of 588 Incident Reports identified by Plaintiff. Contrary to Defendants' assertion that Plaintiff has failed to narrow the scope of his requests, Plaintiff has done just that. Plaintiff's counsel undertook the burden and expense to sift through more than 8,500 summaries of incidents to narrow the scope of its requests

2

down to only 965 Incident Reports (about 11% of the total potential pool of incidents). From there, Plaintiff narrowed even further, requesting Defendants to produce inmate grievances for only 588 of those Incident Reports. Given Plaintiff's efforts to narrow the scope of discovery, Defendants' assertion that "Plaintiff has been unwilling to work with Defendants to bring his requests down to a manageable level," Opp. at 3, falls flat.

Moreover, Defendants' claim of this request being unduly burdensome fails further scrutiny. Even adopting Defendants' estimate that it would take "forty-nine hours" to produce the 965 Incident Reports in pdf and then "approximately 162.25 hours, or four full weeks," to produce the requested grievances for the 588 Incident Reports, Opp. at 6, does not rise to the level of unduly burdensome production that allows Defendants to maintain its refusal to produce the information. "'[T]he mere fact that a party will be required to expend a considerable amount of time, effort, or expense in answering the discovery requests is not a sufficient reason to preclude discovery.'" *See Turow,* 2023 WL 8258606, at *2.

While Defendants have seemingly offered a compromise to produce grievance forms for 50-100 Incident Reports, Opp. at 8, Defendants offer no explanation as to why Plaintiff should be required to agree to this arbitrarily selected number instead of being allowed to obtain the full scope of discovery he has requested, particularly given Plaintiff's repeated good faith compromise efforts to substantially narrow the large universe of Incident Reports down to a more manageable number.

Moreover, Defendants' argument that *DeLeon-Reyes v. Guevara* is "instructive about the overly burdensome nature of Plaintiff's requests," misrepresents *DeLeon Reyes*. Opp. at 7-8 (citing No. 18 C 1028, 2019 WL 4278043 (N.D. Ill. Sept. 10, 2019)). In *DeLeon-Reyes*, the parties disputed the appropriate scope of discovery for pending *Monell* claims with Defendants asserting

3

that production of the requested discovery would take approximately **eleven months** to complete. *Id*. at, *8. This is a substantially longer timeframe than the estimated 49 hours to produce pdfs of the 965 Incident Reports and 162.5 hours (four full weeks) to produce the grievances for the 588 Incident Reports. Opp. at 6.

It also bears noting that instead of wasting the last months stonewalling Plaintiff from receiving this requested information and forcing the parties to file competing motions related to discovery, Defendants could have already conducted the search it claims to be unduly burdensome and produced the information without burdening the Court. Defendants have no basis to continue to withhold production of the requested inmate grievances and thus should be compelled to produce the 965 Incident Reports and all existing Inmate Grievance documents relating to the subset of 588 Incident Reports identified by Plaintiff.

**B.      Plaintiff is Entitled to the Production of Medical-Related Documents**

As explained in Plaintiff's Motion, he is also entitled to discovery into documents from Cook County Jail and/or Cermak relating to the evaluation, assessment, and/or response to Cook County Jail inmates' requests, grievances, or complaints regarding similar medical claims as that suffered by Plaintiff (i.e., prescription eyeglass need). Mot. at Section V.B. While Defendants have produced some policy documents, they have failed to produce inmate grievances and responses to inmate grievances relating to vision care of Cook County Jail inmates.

This information is directly relevant to Plaintiff's *Monell* claim relating to medical care. Indeed, Defendants admitted in their Motion to Dismiss the *Monell* claim that "Plaintiff must show a pattern of constitutional violations; a single act of misconduct will not suffice," Dkt. 40 at 10; must point to "other incidents where other detainees did not receive prescription eyeglasses or were denied medical care despite their serious needs"; and must "allege specific similar incidents where other detainees were Assaulted," *id*. at 12. By Defendants' **own admission** documents

4

reflecting similar incidents and identifying other inmates who suffered similar deprivations are necessary for Plaintiff to evaluate and prove his claims. Plaintiff does not have access to these documents, and Defendants objection to their production amounts to a backdoor attempt at preventing Plaintiff from proving his claim.

Notably, in their Opposition, Defendants do not specifically address Plaintiff's request for documents regarding the evaluation, assessment, and/or response to Cook County Jail inmates' requests, grievances, or complaints regarding similar medical claims as that suffered by Plaintiff (i.e., prescription eyeglass need). At best, Defendants argue that Plaintiff's medical-related requests "include an array of medical issues" while seemingly ignoring that Plaintiff has served narrowly tailored requests for grievances from other inmates relating to vision care (e.g., failure to obtain prescription eyeglasses). *See, e.g.*, Dkt. 85-3 at RFP Nos. 17-18.

Given Plaintiff's pending *Monell* claim relating to a failure to implement an adequate policy to ensure access to, and the provision of, prescription eyeglasses for vision-impaired inmates at Cook County Jail, Dkt. 65 ¶ 95, Plaintiff is entitled to obtain discovery of other like-situated inmates that suffered the same vision-related issues.

### C.    Plaintiff is Entitled to Requested Discovery Going Back to 2010 as Requested

As explained in Plaintiff's Motion, the central burdens that Plaintiff must address in this case is whether Defendants acted "purposefully, knowingly, or perhaps recklessly," exhibited "deliberate indifference," and/or violated the rights of Plaintiff and other inmates by failing to "implement policies and to train correctional officers to protect detainees from physical assault by other detainees" and provide for adequate medical care. *See, e.g.*, Dkt. 54 at 1, 6-10 (Court's order denying motion to dismiss).

In 2010, one or more Consent Decrees were entered in a case initiated by the Department of Justice against Cook County Jail (No. 10 cv 2946), and, relevant here, these Consent Decrees

5

pertained to violations of inmate rights due to failure to protect inmates from violence and failure to provide adequate medical care. Following this, monitoring reports were issued, and Cook County Jail was put on notice of safety risks of inmates. Given the relationship of the 2010 Consent Decrees and subsequent monitoring reports to Plaintiff's present claims (e.g., failure to protect from violence and failure to provide medical care), discovery going back to 2010 is relevant and proportional to the needs of the case.

Specifically, discovery into inmate grievances related to failure to protect from phone violence and grievances relating to failure to provide medical care, particularly as it relates to providing inmates with appropriate vision care (e.g., prescription eyeglasses), is directly relevant to the *Monell* claims. The entrance of the Consent Decree in 2010 touching on similar subject areas provides a basis for seeking discovery back to this timeframe.

In Opposition, Defendants' arguments again rely on their assertion that this requested discovery is "unduly burdensome," but fail to explain *why* it would be unduly burdensome aside from citing cases with different fact patterns that limited discovery to a shorter period of time. While in these other cases discovery may have been limited in time, Defendants notably fail to address Plaintiff's explanation regarding the Consent Decree as to why this information is relevant and proportional to the needs of the case.

This information is within the possession, custody, and control of Defendants, not Plaintiff, and Defendants repeated refusal to provide this same information unfairly prejudices Plaintiff. As such, Plaintiff's Motion as to these categories of documents should be granted.

### D.     Deposition of Scott Jakubowski

Plaintiff should also be afforded the opportunity to depose Mr. Scott Jakubowski. As explained in Plaintiff's Motion, a central issue in this case involves how many inmates, according to the Cook County Jail's Incident Report database, have been assaulted based on the Jail's failure

6

to adopt reasonable protective measures relating to disputes that involve or arise from the inmates' use of telephones. Given that the original set of Incident Reports that Defendants produced to Plaintiff failed to identify Plaintiff's assault, Mot. at Section III, Plaintiff should be entitled to depose Mr. Jakubowski about the database and get clarity as to why Plaintiff's assault was not included in the original search hits and whether it is possible there are additional relevant assaults and information that has yet to be produced.

Moreover, as also noted in Plaintiff's Motion, because Defendants have represented that inmate grievance forms and incident reports from 2010-2014 are not kept electronically, Plaintiff should be allowed to depose Mr. Jakubowski about these records and how they are stored and maintained. That Plaintiff's counsel informally spoke to Mr. Jakubowski as part of the original ESI searching does not preclude Plaintiff's right to depose Mr. Jakubowski under oath and take his sworn testimony about the Jail's database and methods of storing inmate grievance forms.

As such, Plaintiff respectfully requests the Court compel Mr. Jakubowski to sit for a deposition.

### E.    Identification of Potential Witnesses with Vision-Related Grievances

As noted in Plaintiff's Motion, Plaintiff also seeks documents identifying inmates who have filed vision-related grievances at Cook County Jail and identifying inmates in Division 10, where Plaintiff was housed, in 2019. Federal Rules of Civil Procedure 26(a)(1)(A)(i) requires Defendants to disclose the information of individuals who may have discoverable information, and this information is solely within the possession of Defendants.

Defendants take issue with Plaintiff's characterization in the Motion of being "victimized," as "overly broad" and requiring a "subjective review" of each potential grievance. Not so. Plaintiff's request is for an identification of inmates that have filed vision-related grievances. Defendants can provide this information by producing to Plaintiff vision-related grievance forms

7

from which Plaintiff can ascertain the names of other potential witnesses. Considering Defendant Shebel testified at her deposition on February 14, 2024 that grievances related to vision were "infrequent" and she "did not receive a lot of grievances regarding vision care," such production by Defendants of these vision-related grievances should not be unduly burdensome.

F.      **Documents Reflecting Reports or Complaints from Inmates Regarding Gang Violence, the "Latin Kings," or Restrictions Placed on Phone Use in Cook County Jail**

Plaintiff has also requested documents reflecting reports or complaints from inmates, including Plaintiff, regarding gang violence, the "Latin Kings," or restrictions placed on phone use in Cook County Jail. Mot. at 15. Defendants assert that this request related to "gang violence" is "not narrowly tailored to produce a result consistent with or supportive of his claims" because it "functions as a catch-all phrase seemingly related to any violence that occurs in Cook County Jail." Opp. at 13.

But Defendants ignore the stated scope of the requested information. As even noted in the footnote in the Opposition citing the relevant request for production, Plaintiff seeks information relating to efforts by gangs to **control the telephone**. Opp. at 13, n. 8. Gang efforts and violence relating to the telephone are directly relevant to Plaintiff's claims and thus should be produced.

G.      **Policy Documents**

As explained in Plaintiff's Motion, Plaintiff has also requested various policy documents, including (i) policies and training for correctional officers, including Defendant Arias, for responding to inmate safety concerns; (ii) Cook County Jail and Cermak policies from January 1, 2010 through December 31, 2019, as well as documents reflecting training, supervision, and discipline of employees of Cook County Jail and Cermak, regarding the diagnosis, treatment, and monitoring of Cook County Jail inmates relating to vision-related issues; and (iii) Defendant Dart's responsibilities, policies, and management.

8

Defendants' Opposition notes that it has previously produced policy documents, identifying a small subset of such documents. Defendants then asserts that Plaintiff's request is "improper" because issues with Defendants' production should have been addressed in previous meet and confers and Rule 37 meetings between the parties. Opp. at 13-14. But Plaintiff did address the failure to produce policy documents in the parties' previous discussions. Indeed, as noted in Defendants' letter regarding the parties' discovery disputes, Plaintiff has requested all documents relating to Sheriff Dart's responsibilities, policies, and management. Dkt. 157-1 at 12. Defendants have refused to produce such information, and the parties are at an impasse. *Id*.

As such, Plaintiff respectfully requests that Defendants be compelled to produce the requested policy documents described in Plaintiff's Motion to the extent they have not yet been produced.

## III.    CONCLUSION

Accordingly, Plaintiff respectfully requests the Court grant Plaintiff's Cross-Motion to Compel.

Dated: February 16, 2024                                   Respectfully submitted,

By: */s/ Maria E. Doukas*
Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing document was served via CM/ECF on February 16, 2024 upon all counsel of record.

<u>*/s/ Maria E. Doukas*</u>
Maria E. Doukas