**Erin Wright**

| | |
|---|---|
| **From:** | Troy Radunsky |
| **Sent:** | Tuesday, January 30, 2024 10:54 AM |
| **To:** | Erin Wright |
| **Subject:** | FW: (1) Plaintiff's Motion to Amend Proposed Scheduling Order, and (2) Court Resolution of Discovery Dispute re Incident Reports |

FYI

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
tradunsky@devoreradunsky.com
www.devoreradunsky.com
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

---

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Thursday, February 9, 2023 11:06 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Jason DeVore <jdevore@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** (1) Plaintiff's Motion to Amend Proposed Scheduling Order, and (2) Court Resolution of Discovery Dispute re Incident Reports

Dear Troy:

Because the incident reports encompassed by the descriptions you provided have only included the incident reports that in some way involved phone or telephone use, we believe there is no choice except – <u>before</u> we identify what incident reports should result in a manual search for inmate grievances – to have the court resolve the dispute referenced in my email sent to you on January 24, 2023 (copied below), which states the reasons that a broader assortment of incident reports are plainly relevant. Otherwise, Plaintiff will be doing significant work on a subset of the relevant incident reports which will need to be duplicated when we have the opportunity to review the larger assortment of relevant incident reports. Regarding this matter, the proposed Joint Scheduling Order (filed on January 13, 2023, Dkt. # 97) states that Plaintiffs' would identify, by February 13, 2023, the incident reports that should be used for a manual search of inmate grievances; except after referencing the parties' disagreement regarding the scope of incident reports to be produced, the proposed Order stated this identification would occur only "<u>if the parties reach a successful resolution of this dispute by January 23, 2023</u> . . ." (emphasis added). We have clearly been unsuccessful in resolving this

1

disagreement, and the Defendants have persisted in only providing descriptions of incident reports that pertained only to phone or telephone use, while disregarding all other incident reports during the relevant period relating to inmate assaults generally, and/or relating to inmate assaults involving potential gang members. More generally, the Defendants' Motion to Bifurcate directly affects the scope of discovery that can appropriately be conducted at present; therefore, this Motion warrants resolution before we proceed with providing Plaintiff's supplemental discovery requests.

Accordingly, we propose that the parties proceed as follows, and please indicate whether the Defendants agree with proceeding in the following manner:

(1) We plan to file, on Monday, February 13, 2023, a motion to amend the proposed scheduling order to indicate the following: (a) based on the parties' unresolved disagreement regarding the scope of the incident reports to be produced, Plaintiff will identify particular incident reports and associated detainee identification numbers (for which Plaintiff requests that Defendants produce associated grievances) within 30 days after the date that Defendants produce all incident reports for the period 2015-2019 that fall within any of the following three categories: inmate assaults generally, <u>or</u> assaults involving potential gang members, <u>or</u> assaults involving potential use of the phone(s), or on whatever the date that the Court otherwise directs in connection with the Court's resolution of this disagreement; and (b) the Plaintiff will serve its supplemental discovery requests on Defendants within 30 days after the date of the Court's resolution of Defendants' Motion to Bifurcate and Stay Discovery on Plaintiff's Monell Claims. As you know, the Court has ordered that Plaintiff has until Tuesday, February 21, 2023 to respond to this Motion.

(2) The parties should also file a Joint Discovery Motion seeking to have the Court resolve the disagreement regarding the scope of the incident reports to be produced. We propose to have Plaintiff and Defendants jointly work out the content of this Joint Discovery Motion during the week of February 13 so this Joint Discovery Motion can be filed no later than Monday, February 20.

We look forward to hearing from you as soon as possible regarding the above issues.

Regards,

**Philip A. Miscimarra**
**Partner**

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Miscimarra, Philip A.
**Sent:** Tuesday, January 24, 2023 2:26 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Jason DeVore <jdevore@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>
**Subject:** Henneberg Discovery Issues Follow-Up

Dear Troy:

I am out of town in meetings through Thursday, but this is a preliminary response to your email addressing discovery issues relating to Mr. Henneberg.

Your email raises two issues which we believe are straightforward.

Preliminarily, it is good news that the Justice Department will consent to the Defendants' disclosure, in Mr. Henneberg's case, of all underlying data, documents and communications related to agreed orders and subsequent "monitor reports" entered in a federal court lawsuit brought by the United States against Cook County and Sheriff Dart, which was captioned <u>United States v. Cook County, Illinois et al.</u>, Case No. 1:10-cv-02946 (N.D. Ill.) (agreed orders filed May 2010). We advised our contact at the Justice Department that the Defendants in our case would be independently reaching out to request the consent described above. However, we thought it would also be helpful to reach out ourselves because of the likelihood that other issues relating to the Justice Department's litigation against Cook County and Sheriff Dart would be relevant to Mr. Henneberg's claims. In fact, to a significant degree, we believe the Justice Department's litigation against the Defendants – and the resulting "monitor reports" and underlying data, documents and communications – will strongly support Mr. Henneberg's current claims. Therefore, it is entirely appropriate for Mr. Henneberg to engage in whatever coordination and discussions with the Justice Department may be helpful. Respectfully, for this reason, we do not believe it is appropriate for the Defendants to seek or expect that Mr. Henneberg would disclose the substance of our communications with the Justice Department.

More importantly, we reiterate our strong disagreement with your suggestion that the production of "incident reports" can be limited in scope to those incident reports that only pertain to inmate assaults and the use of telephones during the 2015-2019 period. Here, your email confirms that "incident reports" <u>can</u> be electronically searched, which makes them very different from the "grievance records" (which the Defendants maintain <u>cannot</u> be electronically searched). Based on the inability to conduct an electronic search of "grievance records," Judge Ellis directed the Defendants to do an electronic search and produce "incident reports" which, in turn, will permit Mr. Henneberg to identify particular inmates and/or incidents that can then lead to the production of relevant grievance records. However, separate from this use of "incident reports," we believe three things are clear, all of which make it incumbent for the Defendants to disclose all incident reports for the period 2015-2019 that reflect or relate to <u>any</u> of the following three categories, among other things: inmate assaults generally, <u>or</u> assaults involving potential gang members, <u>or</u> assaults involving potential use of the phone(s).

- <u>First</u>, it was clear that, at the hearing on January 4, Judge Ellis strongly denounced the Defendants' refusal – for more than a year in discovery – to produce any "incident reports" for <u>any</u> other inmates other than the single incident reports relating to the assault involving Mr. Henneberg. For this reason, we believe the Defendants have no basis for suggesting that Judge Ellis is inclined to permit Defendants, at this stage, to limit any production of other "incident reports" to the most narrow conceivable category of incident reports which, on their face, relate to an inmate assault <u>and</u> the use of telephones.

- <u>Second</u>, completely separate from the use of "incident reports" for the <u>narrow</u> purpose of identifying non-searchable "grievance records" (which may involve inmate assaults involving telephone use), the "incident reports" are <u>more broadly relevant</u> to Mr. Henneberg's Monell claims in the pending case. In this regard, to the extent there are large numbers of "incident reports" for 2015-2019 involving any of the three categories referenced above – i.e., inmate assaults generally, <u>or</u> assaults involving potential gang members, <u>or</u> assaults involving potential use of the phone(s) – these incidents would all have probative value regarding the potential failure of Cook County Jail and Sheriff Dart to take reasonable steps to protect inmates from assaults during their period of confinement. Moreover, the production of all "incident reports" involving any of the above three categories, combined with further investigation and evaluation by Mr. Henneberg, could lead to the discovery of other relevant events, which warrants production under the broad discovery standard that applies under the Federal Rules of Civil Procedure. In effect, to the extent that Mr. Henneberg's assault occurred on a Sunday, the Defendants' position is analogous to excluding the disclosure of "incident reports" relating to assaults that occurred on other days of the week. If the "incident reports" and other evidence demonstrate that the

Defendants had deliberate indifference regarding <u>all</u> kinds of assaults in Cook County Jail during 2015-2019, this would also directly support Mr. Henneberg's Monell claims regarding his assault which occurred following his use of the telephone.

- <u>Third</u>, your most recent email makes clear that Defendants do not have <u>any</u> valid claim of burdensomeness regarding the disclosure of all "incident reports" for 2015-2019 involving any of the three categories referenced above (i.e., inmate assaults generally, <u>or</u> assaults involving potential gang members, <u>or</u> assaults involving potential use of the phone). Your email indicates that the Defendants <u>do</u> have the ability to conduct electronic searches of the "incident reports" for the period 2015-2019. To the extent you have concerns about the work needed to review a large number of "incident reports" that may reflect inmate assaults during this period, the easiest course of action is to produce all of those "incident reports," and we will then undertake whatever review is necessary to differentiate between those incidents that are more directly relevant to Mr. Henneberg's claims, versus those incidents that may not be. Indeed, this is the purpose of "discovery" in civil litigation.

If the Defendants persist in their position that the only "incident reports" that will be disclosed, at this point, will be those "incident reports" that are narrowly limited to those reports which, on their face, relate to an inmate assault <u>and</u> the use of telephones, please let us know, and we believe this dispute should be resolved by Judge Ellis. Again, this is not a comprehensive response regarding this very important issue, and we should endeavor to get this dispute before Judge Ellis as soon as possible to the extent it cannot be resolved.

I hope that everything else remains well with you.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Tuesday, January 24, 2023 12:05 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Jason DeVore <jdevore@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>
**Subject:** Henneberg | Expanded ESI search request following meet and confer

[EXTERNAL EMAIL]
Phil,

During our meet and confer on 1.12.23, Plaintiff requested additional searches beyond those ordered by the court. For instance, you asked for production of "any incident reports involving gang fights or jail fights of any kind between 2015-2019." As you know, What the court ordered was a production of

incident reports related to telephone and fights, from 2015 to 2019. As ordered by the Court, we will run that search and get you an excel spreadsheet of those. There may be over 700 incidents listed, but we are not sure of the exact number yet. This result list has to be manually reviewed to separate fights over the phone from, for instance, from fights after which a supervisor was "phoned," or where the fight began near the "phones," as a location. We further note that the Court specifically said, regarding grievances, "what I don't want is you getting tens of thousands of grievances that somebody has to look at, right? That's just an utter waste of time." We think that the same reasoning applies to all incident reports related to any fight at all, no matter what the issue. The Court specially talked about wanting to get us narrowed to "the universe of grievances that are filed relating to incidents that are relevant" and she noted that the relevant issue for CCSO was "assaults that are related or connected to the use of the telephones at the jail." Producing a list of all fights, regardless of whether it was about or related to phones, appears to be completely the opposite of what the court agreed was reasonable.

We suggest that we get you the incident reports that the court ordered us to produce first. And with a better handle on the number of reports, we can discuss whether any further production of incident reports is reasonable or burdensome. Also, moving forward, we would ask that any ESI searches you want be rolled into a formal discovery request so there is a clear record of it. If we have an issues with it, we can easily meet and confer to discuss custodians, search terms and date ranges.

Finally, it has come to our attention that you emailed the DOJ last week even though we agreed we would contact them prior to March 6. We were not included on your correspondence to them, and would like to see it for transparency purposes. They contacted us to advise that you had reached out to them. We also spoke to DOJ counsel Kerry Dean, attorney for the DOJ. She had no issue with release of the communications relative to the medical monitoring reports that you wanted. We confirmed that in an email with her and will forward it to you. We told her we would advise her which medical monitoring reports you are requesting the communications for once you advise us next month.

Please contact us if you have any questions.

Regards,

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
tradunsky@devoreradunsky.com
www.devoreradunsky.com
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*