**Erin Wright**

| | |
|---|---|
| **From:** | Jason DeVore |
| **Sent:** | Tuesday, June 20, 2023 2:12 PM |
| **To:** | 'Miscimarra, Philip A.' |
| **Cc:** | Andrew Kim; Zachary Stillman; Troy Radunsky; Doukas, Maria E.; Doi, Elsa |
| **Subject:** | RE: Follow Up re Potential Word Search Development Relating to 2015-2019 Incident Reports - Henneberg v. Dart et al., Cases 1:19-cv-07380 et al. (N.D. Ill.) |

Good afternoon Phil,

Please see the following information from CCSO Chief Data Officer, Scott Jakubowski, and advise if you are amenable to the proposed search related to your request.

\*     \*     \*

Below is my recommend search  Even if the field was not there prior or the terms are not there for prior, they will just be skipped when looking at the record.  If there, then it will pick it up.

```
Incident Category IN (Inmate Fight ,Battery to Inmate, Death, Disciplinary, Disturbance/Riot, EM-
Participant Shot/Stabbed
                                  , Critically Injured, Protective Custody Refusal, Protective
Custody Request, USE of Force, Detainee Death, Offensive Contact by An Inmate,
                         Response to Resistance, or Weapons Recovery)

OR Incident Type IN (Inmate Fight ,Battery to Inmate, Death, Disciplinary, Disturbance/Riot, EM-
Participant Shot/Stabbed
                                  , Critically Injured, Protective Custody Refusal, Protective Custody
Request, USE of Force, Detainee Death, Offensive Contact by An Inmate,
                         Response to Resistance, or Weapons Recovery)

OR BI Data Collection Inmate Fight = Yes
                )
AND
(
            (Officer Narrative includes word like phone
            AND (Officer Narrative includes word like strike OR
                         Officer Narrative includes word like struck OR
                         Officer Narrative includes word like attack OR
                         Officer Narrative includes word like assault OR
                         Officer Narrative includes word like batter OR
                         Officer Narrative includes word like altercation OR
            Officer Narrative includes word like confrontation OR


            Officer Narrative includes word like fight OR
                         Officer Narrative includes word like punch OR
                         Officer Narrative includes word like hit or
                         Officer Narrative includes word LIKE threat or
                         Officer Narrative includes word like injur or
                         Officer Narrative includes word like kill) )
```

OR

```
            (Supervisor Narrative includes word like phone
        AND (Supervisor Narrative includes word like strike OR
                        Supervisor Narrative includes word like struck OR
                        Supervisor Narrative includes word like attack OR
                        Supervisor Narrative includes word like assault OR
                        Supervisor Narrative includes word like batter OR
                        Supervisor Narrative includes word like altercation OR
                Supervisor Narrative includes word like confrontation OR


                        Supervisor Narrative includes word like fight OR
                        Supervisor Narrative includes word like punch OR
                        Supervisor Narrative includes word like hit or
                        Supervisor Narrative includes word LIKE threat or
                        Supervisor Narrative includes word like injur or
                        Supervisor Narrative includes word like kill) )

        OR

            (Incident Description includes word like phone
        AND (Incident Description includes word like strike OR
                        Incident Description includes word like struck OR
                        Incident Description includes word like attack OR
                        Incident Description includes word like assault OR
                        Incident Description includes word like batter OR
                        Incident Description includes word like altercation OR
                Incident Description includes word like confrontation OR


                        Incident Description includes word like fight OR
                        Incident Description includes word like punch OR
                        Incident Description includes word like hit or
                        Incident Description includes word LIKE threat or
                        Incident Description includes word like injur or
                        Incident Description includes word like kill) )
                        )
```

\*     \*     \*

Please let us know your thoughts.

Thanks,
Jason

Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Tuesday, June 6, 2023 5:59 PM
**To:** Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Andrew Kim <akim@devoreradunsky.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Troy Radunsky <tradunsky@devoreradunsky.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>
**Subject:** Follow Up re Potential Word Search Development Relating to 2015-2019 Incident Reports - Henneberg v. Dart et al., Cases 1:19-cv-07380 et al. (N.D. Ill.)

Dear Jason:

This follows up on our prior email exchanges regarding Incident Reports relating to the above-captioned litigation. Specifically, this email provides a verbal description of the search that the Plaintiff seeks to have the Defendants conduct – among Incident Reports reflecting incidents occurring from 1/1/2015 to 12/31/2019 – which Defendants agreed to formulate, in consultation with Scott Jakubowski, Chief Data Officer in the Sheriff's Office, which we agreed to then discuss, before the search is actually conducted, in the hope of reaching agreement and avoiding the need to re-run a different search involving the 2015-2019 Incident Reports.

At the outset, I will explain that some details are summarized below – not because there is a current dispute about these things – but, rather, to help both sides keep straight some of the complicated Incident Report issues that have been the subject of constructive discussion over the past several months. Our many email exchanges regarding these issues are also copied below.

The "verbal description" being provided in this email is step 1 of the eight-step process that we have agreed to follow. This was discussed during our helpful May 22, 2023 meet-and-confer session and confirmed in our email exchanges on May 26 and 30, 2023. As indicated in our email exchanges, we understand that Mr. Jakubowski is recovering from surgery with an expected return on Monday, June 12, and we understand the Defendants will forward a draft proposed word search to us on or before Friday, June 16 (the end of the week following Mr. Jakubowski's return). Step 2 of the agreed-upon eight-step process will then be our joint efforts to then reach agreement on the resulting word search to be conducted among the 2015-2019 Incident Reports.

Here is the "verbal description" of the search that Plaintiff seeks to have Defendants conduct among the Incident Reports reflecting incidents occurring from 1/1/2015 to 12/31/2019:

> Plaintiff requests summaries (like the Excel spreadsheets previously produced) that provide the text and other data in all database fields for all 1/1/2015 to 12/31/2019 Incident Reports that reflect or relate to any inmate altercation (e.g., a fight, battery, assault, attack, punch, strike or struck, hit, threat or threaten, injure or injury, or kill) that involves or arises over the use of a phone or telephone.

When constructing a proposed appropriate word search, we would request that the search take into account possible differences as to tense and verb/noun (e.g., "strike" and "struck," "attack" and "attacked," "assault" and "assaulted," etc.), singular versus plural (e.g., "battery" and "batteries" etc.), and close synonyms (e.g., synonyms to the above terms

like "altercation," "confrontation," etc.). It will be helpful to get Defendants' proposed search since the various database fields function differently, they were amended at different times, and inmate fights could have been classified using different dropdown menu terms. For example, the "Category" field (from 10/26/2014 to 1/22/2019) had dropdown selections, one of which was "Inmate Fight" but other "Category" selections – like "Battery to Inmate" (selected in the Henneberg 6/17/2019 Incident Report), "Disciplinary" (selected in the Henneberg 6/17/2019 Incident Report), "Use of Force," "Disturbance/Riot," "Weapons Involved," and "Death," among others – could apply to an inmate fight. Likewise, we understand that the "Incident Type" (from 10/26/2014 to 1/22/2019) had a dropdown menu that included one selection called "Inmate Fight," but for each Incident Report, only a single "Incident Type" could be selected, so Incident Reports involving inmate fights could have been assigned a different "Incident Type" – for example, "Use of Force," "Detainee Death," "Disciplinary," "Offensive Contact by An Inmate," "Response to Resistance," or "Weapons Recovery," among others. We understand that other fields could also come into play, and starting on January 22, 2019 (but not earlier), the Incident Report database included a more detailed section called "BI Data Collection" that included a possible selection, "Inmate Fight," which when answered "Yes," would then permit additional information to be provided that related to "Inmate Fight Cause" (which Mr. Jakubowski stated included certain causes that would be answered with the "yes" or "no," but some responses might have been answered using a "freeform text" field). Additional database fields – which also permitted "freeform text" entries – contained several more detailed accounts of each incident, including "Incident Description," "Details of Incident" and "Incident Summary Narrative." At this point, I am not making any particular recommendation regarding the best way to formulate an effective word search. Rather, I am pointing out some of the complexity – which we covered during the May 22, 2023 discussion – that is responsible for the eight-step process summarized in our May 26 and 30, 2023 email exchanges.

We appreciate Zachary Stillman's transmittal of the dropdown menu lists which were sent by Zachary on May 23, 2023 (Bates 001998, copy attached). However, as described above, <u>please send us a list or description of the potential "Inmate Fight Cause" entries that could be entered in the "BI Data Collection" database (starting on January 22, 2019) when "Inmate Fight" was answered with a "Yes."</u>

As a final matter, we have received various Defendants' discovery responses, and a notice of deposition, which we are reviewing. We will address potential issues relating to these matters in the near future.

Please get in touch regarding any questions, and we look forward to addressing the above items and related issues as described above.

All the best,

Phil


**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Jason DeVore <jdevore@devoreradunsky.com>
**Sent:** Tuesday, May 30, 2023 6:24 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>;

Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Andrew Kim
<akim@devoreradunsky.com>
**Subject:** Re: Additional 5-22-2023 Meet-and-Confer Follow Up - Henneberg v. Dart et al.

[EXTERNAL EMAIL]
Good afternoon Phil,

Thank you for sending the email with the detailed list. It appears that you have accurately conveyed what we discussed last week.

We look forward to the next step and receiving the information as indicated.

Have a good one.

Jason

Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423

jdevore@devoreradunsky.com
www.devoreradunsky.com

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Friday, May 26, 2023 6:34:07 PM
**To:** Zachary Stillman <zstillman@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>; Troy Radunsky
<tradunsky@devoreradunsky.com>
**Cc:** Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Andrew Kim
<akim@devoreradunsky.com>
**Subject:** Additional 5-22-2023 Meet-and-Confer Follow Up - Henneberg v. Dart et al.

Dear Zachary, Jason and Troy:

This follows up to our meet-and-confer session that occurred on May 22, 2023, which included participation by Jason, Zachary, my co-counsel Maria Doukas, me, and explanations of the Cook County Jail's incident report system by Nicole Aguirre, Litigation Project Manager, within Legal and Labor Affairs, in the Cook County Sheriff's Office and Scott Jakubowski, Chief Data Officer in the Sheriff's Office.

Based on the descriptions provided by Mr. Jakubowski and Ms. Aguirre, we mutually agreed that the following steps make the most sense for developing and having Cook County Jail conduct an appropriate word search of the incident report system, which – for the time being – will have the objective of identifying incident reports involving inmate fights (using appropriate words and field searches) that involve or arise from the use of phones or telephones in the mail (again using appropriate words and field searches).  This process is somewhat more complicated than what previously appeared to be the case because there are certain "yes/no" fields, other "free-form text" fields, and additional "drop-

down menu" fields, and these different fields have themselves been modified at various times (which we discussed in detail during the May 22, 2023 session).

At this point, we agreed to pursue the following steps, although the completion of Step 1 will need to await Scott Jakubowski's return from an absence that commenced today (based on surgery) which is expected to involve a two-week recovery through June 9, 2023:

1. We will provide a verbal description of the search that Plaintiff seeks to conduct, and Mr. Jakubowski has agreed to suggest what he believes will be an appropriate "word search" framework. We propose to send you this "verbal description" – which will be fairly short – next week by Friday, June 2, and we propose that Defendants send us Mr. Jakubowski's proposed word search framework by Friday, June 16, 2023 (the end of the week following his June 12, 2023 return following his surgery).
2. The parties will engage in the mutual review and hopefully reach tentative agreement on the word search framework.
3. Defendants will run the word search framework and report back regarding how many results were produced (but, at this point, no incident report summaries will be provided).
4. The parties will engage in mutual review and discussion (meet-and-confer) regarding the number of results, and the parties will consider and attempt to reach agreement on any further refinement of the word search framework, if any, that may be appropriate.
5. If there is an agreed upon refinement of the word search framework, Defendants will again run the word search and report back regarding how many results were produced (again, at this point, no incident report summaries will be provided).
6. To the extent the additional word search is run (as described in step 5 above), the parties will engage in additional mutual review and discussion (meet-and-confer) regarding the number of results, which will hopefully result in an agreement on the word search (if such an agreement was not previously reached).
7. Whenever the parties have (hopefully) agreed on the appropriate word search framework, the Defendants will run the word search, and provide the resulting incident report summaries to Plaintiff in a format similar to the Excel files previously supplied by Defendants.
8. Plaintiff will then review the incident report summaries (similar to our prior review of the summaries based on the previous word searches that were found to have been incomplete), and the Plaintiff will identify those incident reports for which Plaintiff requests pdf copies, and Plaintiff will identify those incident reports for which Plaintiff requests a search for related inmate grievances and related documents.

I will note that the above steps relate exclusively to the <u>process</u> that makes sense to follow, consistent with the more refined explanations regarding the database structure and process by which incident reports are completed. The parties' agreement regarding this process does not prejudice either side regarding the <u>substance</u> and <u>scope</u> of whatever word search framework may ultimately be appropriate. Of course, we hope that both sides will be able to reach agreement regarding these issues, but both sides also reserve their respective rights should the parties be unable to reach agreement.

Please indicate whether the above summary fails to adequately describe the process we have tentatively agreed to follow, and we also hope that Mr. Jakubowski's surgery goes well. Have a nice weekend, and let us know if anything else warrants discussion.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001

Assistant: April May Hackelton| +1.202.739.5218  |  aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Zachary Stillman <zstillman@devoreradunsky.com>
**Sent:** Tuesday, May 23, 2023 10:51 AM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Andrew Kim <akim@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>; Troy Radunsky <tradunsky@devoreradunsky.com>
**Subject:** Henneberg v. Dart et al. | 5.22.23 Meet and Confer Follow Up

[EXTERNAL EMAIL]
Good Morning Phil,

See attached document, bates stamped 001998, containing the drop-down categories for incident types in CCOMs, as requested in the meet and confer yesterday.

Please advise if anything further is needed or if you have any questions.

Thank you,
Zachary


Zachary Stillman

**DeVore Radunsky LLC**

230 W. Monroe St., Ste 230

Chicago, IL 60606

D: (312) 300-4485 | O: (312) 300-4479 | F: 312-674-7423

zstillman@devoreradunsky.com




This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Jason DeVore <jdevore@devoreradunsky.com>
**Sent:** Friday, May 12, 2023 12:49 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** Re: Added Follow Up re Henneberg v. Dart et al. - Proposed Discussion on Wed. May 10 at 2 pm CT

Good afternoon Phil,

Please see the following answers to your questions. Also, the checkbox did not come about until the update in 2019. So prior, when "Inmate fight" was an Incident Type, the checkbox would not have been an option in CCOMs.

1. In the incident report database, how is it determined (and by whom) whether an incident report involves an inmate fight?  Staff has some discretion to determine how an incident is categorized and input into CCOMS.

2.  Can the inmate fight yes/no field be set to "no" even though one of the identified incident categories is "inmate fight"? Checking the inmate fight "yes/no" checkbox is separate from using the category of "inmate fight", so it is possible to have a "no" checked while having the "inmate fight" category.

3. Can the inmate fight yes/no field be set to "yes" even though though none of the identified incident categories is "inmate fight."  See answer to question 2. Checking the inmate fight "yes/no" checkbox is separate from using the category of "inmate fight", so it is possible to have a "yes" checked while having not having it in the "inmate fight" category.

4.  If the phrase "inmate flight" can be selected as one of the pre-defined incident categories (using the drop down menu), what is the purpose of the separate "inmate fight" yes/no field?  Used for administrative metric purposes.

5. Also, what other yes/no fields exist other than "inmate fight"? It depends on numerous factors and responses to other questions posed in CCOMS. Certain fields may be expanded, depending on the nature of the incident and details related thereto.

Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Jason DeVore
**Sent:** Friday, May 5, 2023 3:40 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Added Follow Up re Henneberg v. Dart et al. - Proposed Discussion on Wed. May 10 at 2 pm CT

Good afternoon Phil,

We have received additional information from our client regarding search methodology and changes in the CCOMS system that occurred within the time frames at issue. Please note the following information regarding filters for running searches:

- Inmate Fight "Y/N" field/**checkbox** added to CCOMS on January 22, 2019.
- "Inmate fight" **CATEGORY** included in CCOMS since 2014.
- Incident **TYPE** is "Inmate fight" changed in CCOMS as of October 2019. It is now only security, medical, or informational. During the period from October 2014 to January 22, 2019, there were a number of other options under incident "type." There has not always been an "inmate fight" option under incident "type".
- Incident report V2 went live January 22, 2019.

Below, we have included six proposed iterations of searches for incident reports within CCOMS BETWEEN 2015-01-01 AND 2019-12-31. Your recent proposal is included as Search 1. The other five searches are counterproposals.

1. **Search 1 - Recent request from Plaintiff's counsel, which includes a number of new incident categories, not just the categories of "inmate fight" which was previously discussed and requested. Search 1 produces 5231 "hits".**

> **Incident Category** IN (Inmate Fight ,Battery to Inmate, Death, Disciplinary, Disturbance/Riot, EM-Participant Shot/Stabbed, Critically Injured, Protective Custody Refusal, Protective Custody Request)
>
> OR Incident Type = Inmate Fight
> OR BI Data Collection Inmate Fight = Yes
> )

AND

> (Officer Narrative includes word like phone
>  AND (Officer Narrative includes word like fight OR
> Officer Narrative includes word like batt or
>  Officer Narrative includes word like assaul OR
> Officer Narrative includes word like attack OR
>  Officer Narrative includes word like punch OR
> Officer Narrative includes word like strik or
> Officer Narrative includes word like hit or
> Officer Narrative includes word likethreat or
> Officer Narrative includes word like injur or
> Officer Narrative includes word like kill) )

OR

> (Supervisor Narrative includes word like phone
>  AND (Supervisor Narrative includes word like fight OR
> Supervisor Narrative includes word like batt or
>  Supervisor Narrative includes word like assaul OR
> Supervisor Narrative includes word like attack OR
>  Supervisor Narrative includes word like punch OR
> Supervisor Narrative includes word like strik or
> Supervisor Narrative includes word like hit or
> Supervisor Narrative includes word like threat or
> Supervisor Narrative includes word like injur or
> Supervisor Narrative includes word like kill) )

2. **Search 2 - Counterproposal. The January/February search was based on Incident TYPE and not incident CATEGORY. There is a third "inmate fight" related filter. The hit number for this search includes "battery to inmate", and all your proposed search terms. Search 2 produces 4072 "hits" (addressing the two categories of "inmate fight" and "battery to inmate," along with all other fields related to inmate fights).**

> (      BI Data Collection Inmate Fight = Yes
>  OR i.tri_TypeIdName = Inmate Fight
>  OR Incident Category = Battery to Inmate
>  OR Incident Category = Inmate Fight)
>
>  AND

( (Officer Narrative includes word like phone
     AND (Officer Narrative includes word like fight OR
Officer Narrative includes word like batt or
   Officer Narrative includes word like assaul OR
Officer Narrative includes word like attack OR
   Officer Narrative includes word like punch OR
Officer Narrative includes word like strik or
Officer Narrative includes word like hit or
Officer Narrative includes word like threat or
Officer Narrative includes word like injur or
Officer Narrative includes word like kill) )

   OR

(Supervisor Narrative includes word like phone
     AND (Supervisor Narrative includes word like fight OR
Supervisor Narrative includes word like batt or
   Supervisor Narrative includes word like assaul OR
Supervisor Narrative includes word like attack OR
    Supervisor Narrative includes word like punch OR
Supervisor Narrative includes word like strik or
Supervisor Narrative includes word like hit or
Supervisor Narrative includes word like threat or
Supervisor Narrative includes word like injur or
Supervisor Narrative includes word like kill)
          )
)

3. **Search 3 - Counterproposal. This number represents a recount. If the February search was re-run to include three inmate fight-related filters (not just the two that were previously used), and also include ALL the narrative search terms requested by plaintiff (not just "phone" and "telephone"), then Search 3 produces 3796 "hits".**

   (      BI Data Collection Inmate Fight = Yes
          OR i.tri_TypeIdName = Inmate Fight
          --OR Incident Category = Battery to Inmate --IN (Inmate Fight)
          OR Incident Category = Inmate Fight
          )

      AND

(
(Officer Narrative includes word like phone
     AND (Officer Narrative includes word like fight OR
Officer Narrative includes word like batt or
   Officer Narrative includes word like assaul OR
Officer Narrative includes word like attack OR
   Officer Narrative includes word like punch OR
Officer Narrative includes word like strik or
Officer Narrative includes word like hit or
Officer Narrative includes word like threat or

Officer Narrative includes word like injur or
Officer Narrative includes word like kill) )

OR

(Supervisor Narrative includes word like phone
          AND (Supervisor Narrative includes word like fight OR
Supervisor Narrative includes word like batt or
          Supervisor Narrative includes word like assaul OR
Supervisor Narrative includes word like attack OR
          Supervisor Narrative includes word like punch OR
Supervisor Narrative includes word like strik or
Supervisor Narrative includes word like hit or
Supervisor Narrative includes word like threat or
Supervisor Narrative includes word like injur or
Supervisor Narrative includes word like kill) ))

4. **Search 4 - Counterproposal. This is a narrower counter propose with fewer search terms in the narrative.  The 4th search produces 3139 "hits".**

(          BI Data Collection Inmate Fight = Yes
                    OR i.tri_TypeIdName = Inmate Fight
                    OR Incident Category = Battery to Inmate --IN (Inmate Fight)
                    OR Incident Category = Inmate Fight
                    )

          AND
(
(Officer Narrative includes word like phone AND (Officer Narrative includes word like fight) )

OR

(Supervisor Narrative includes word like phone AND (Supervisor Narrative includes word like fight))

5. **Search 5 - Counterproposal. Another version of what we wanted to run in February, with few search terms in the narrative.  Search 5 produces 3925 "hits".**

(          BI Data Collection Inmate Fight = Yes
                    OR Incident Type = Inmate Fight
                    OR **Incident Category = Inmate Fight**
                    )

          AND
(
(Officer Narrative includes word like phone          )

OR

(Supervisor Narrative includes word like phone )

6. **Search 6 - Counterproposal. Search 6 produces 611 "hits".**

       **Incident Date IS BETWEEN:** 1/1/2015-12/31/2019

AND

       **Incident Category EQUALS** [Battery to Inmate]

AND

       **Narrative OR Summary Narrative CONTAINS:** [Phone OR Telephone] AND [Fight*, Batter*, Assault*, Attack*, Punch*, Strik*, Hit*, Threat*, Injur*, OR Kill*]

                             \*       \*       \*

Based on the large number of "hits" for Searches 1-5, it would seem sensible to proceed with Search 6 to cull responsive incident reports. Manual review is also going to be required for this process. It is our understanding that it would take approximately 7 days to review the 611 "hits" associated with Search 6. Using this as a guideline, it would take from 5 to 9 weeks to manually review the "hits" from other searches.

Thus, we believe it would be prudent to proceed with Search 6. We can make an IT professional knowledgeable in the CCOM system from CCSO available to discuss the search methodology when we speak next week. Please let us know if you are amenable to this course of action.

Additionally, as we previously discussed, the parties need to extend the deadline for this process past May 10, 2023. Thus, we will need to file a motion for extension by Monday. We are available to speak on Monday if you would like to discuss the motion. We will forward it to you before we file it, so you have an opportunity to review it and we can file it as a joint motion.

Finally, we are available to meet and confer with you on Wednesday, May 10, 2023. We are available at 1p on May 10, which is slightly early than your 2p proposal.

We look forward to hearing from you. Hopefully, this makes sense and we have a path forward.

Jason


Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Thursday, May 4, 2023 6:43 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Jason DeVore <jdevore@devoreradunsky.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** Added Follow Up re Henneberg v. Dart et al. - Proposed Discussion on Wed. May 10 at 2 pm CT

Troy:

Thanks for your most recent email which is copied below. As a preliminary matter, it is not correct that my co-counsel and I have been unavailable to engage in a meet-and-confer session "throughout the last few weeks." What our past exchanges reveal is that we learned that the 2015-2019 "incident report" word search about inmate assaults did not even produce Mr. Henneberg's incident report – regarding his June 17, 2019 incident report by another inmate – in the outcome from the word search that Defendants previously conducted. For that reason, we have had several exchanges with you to clarify why this occurred, and we then gave you a comprehensive proposal regarding how to address this problem, and that proposal included an agreement to postpone the May 10, 2023 deadline (and other deadlines) for Defendants to produce pdf versions of relevant 2015-2019 incident reports and grievance documents. All of this was set forth in my email dated April 28, 2023 and subsequent emails, which are copied below.

In other words, because we have already had one "word search" pass by Defendants that turned out to be incomplete – which has involved a great deal of review work by Plaintiffs in addition to the work done by Defendants to perform the original word search – this makes it important at this point to have a clear understanding how the Cook County Jail database is structured, so the next "work search" will identify the complete assortment of 2015-2019 incident reports which – for the time being – deal with inmate assaults (using appropriate terms to describe this) and contain references to the words "phone" or "telephone" (singular and plural). This is what we have been attempting to do over the past two weeks.

It would be helpful if you would respond to our entire proposal outlined in my April 28, 2023 email (again, which is copied below), and it would be helpful for you to provide answers to the questions raised in my last several emails about the structure of the Cook County Jail's incident report database. When you provide these answers, I do not think we will have difficulty working out how to proceed from there.

Regarding a discussion on Wednesday, May 10, please let us know if you are available at 2:00 pm CT. I want to make sure that one of my colleagues – Maria Doukas or Liza Fleming (both copied) – is also available at that time. Please let us know your availability, and thanks.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 | Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Thursday, May 4, 2023 6:35 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Jason DeVore <jdevore@devoreradunsky.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** Re: Follow Up re Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re Incident Report PDFs and Grievance Documents

[EXTERNAL EMAIL]
Phil,

We can meet Wednesday. What time? We need to get some kind of motion for extension on file as soon as possible because we are up against the 5/10 deadline and you've been unavailable the last few weeks due to other matters so we can meet and confer. It's difficult for us in this situation to file that motion until we meet. We have considered your proposal though, spoken to our clients and have thoughts of our own about the best approach to complete ESI. Hopefully we can find a compromise Wednesday.

Have a good night to all.

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*
*Recognized by SuperLawyers*

*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

On May 4, 2023, at 5:07 PM, Miscimarra, Philip A. <philip.miscimarra@morganlewis.com> wrote:

Jason, unfortunately, I am unavailable based on meetings on the West Coast all day today and tomorrow, and other out-of-town hearings or meetings on Monday-Tuesday next week.  Do you have availability next Wednesday?

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218  |  aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Jason DeVore <jdevore@devoreradunsky.com>
**Sent:** Thursday, May 4, 2023 4:28 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re Incident Report PDFs and Grievance Documents

[EXTERNAL EMAIL]
Good afternoon Phil,

We are in the process of getting responses to your questions. Please let us know if you have some time tomorrow between 11-1p to have a meet and confer.

Thanks,
Jason


Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message

are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Tuesday, May 2, 2023 5:29 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** Re: Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re Incident Report PDFs and Grievance Documents

Troy, your most recent email crossed my most recent email to you.  We think it is important to get answers to the questions posed in my most recent email to you about the separate "yes/no" field that is labeled "inmate flight," which your most recent email states had been set to "no" in the case of the database entry relating to the June 17, 2019 incident report relating to the assault against Mr. Henneberg by another inmate.  Presumably, this yes/no field is set to "yes" in other instances when an incident report involves a fight between two inmates.  For this reason, we do not believe your suggestion – that this yes/no field be removed from the search criteria – is appropriate, at least not until we get some explanation regarding the questions posed in my most recent email.

Please provide the requested additional explanation so we can work out mutually agreed parameters for the next search of the incident reports.

We look forward to your response.

All the best,

Phil


**Philip A. Miscimarra**

**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004

Mobile: +1.773.255.7112 | Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606

Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001

Assistant: Karen D. Jackson | +1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Tuesday, May 2, 2023 6:07 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Jason DeVore

<jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E.
<maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman
<zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re
Incident Report PDFs and Grievance Documents

[EXTERNAL EMAIL]
Good afternoon again,

To be clear now, since it is a bit confusing (at least to me who isnt a big IT guy)....In order to be
as inclusive as possible, we are going to look for hits for the following:

1. **Incident Date IS BETWEEN:** 1/1/2015-12/31/2019

AND

1. **Incident Category EQUALS** [Inmate Fight OR Battery to Inmate, OR Death, OR
   Disciplinary, OR Disturbance/Riot, OR EM-Participant Shot/Stabbed or Critically
   Injured, OR Protective Custody Refusal, OR Protective Custody Request]

AND

1. **Narrative OR Summary Narrative CONTAINS:** [Phone OR Telephone] AND
   [Fight*, Batter*, Assault*, Attack*, Punch*, Strik*, Hit*, Threat*, Injur*, OR Kill*]

We removed the "inmate fight" Y/N criteria because it was marked "No" for Henneberg's June
2019 incident so it would just put us right back here. We don't need that box in order to get all
of the incident categories above.

Later this week, we will get back to you with the number of hits for all of these incident
categories and then we can arrange our meet and confer.

Hope this helps.


Thanks,


*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or
otherwise confidential. If you are not an intended recipient, use and disclosure of this message are
prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete
the message and any attachments.*

**From:** Troy Radunsky
**Sent:** Tuesday, May 2, 2023 2:36 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re Incident Report PDFs and Grievance Documents

Phil,

This is what my client said in response to your latest question,

In CCOMS:

1. "Inmate Fight?" is a Yes/No checkbox
2. "Incident Category" is a drop-down menu with multiple options, including "Inmate Fight"

We are keeping the "Inmate Fight" Yes/No parameter….does that makes sense?


Thanks,


*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:** 312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Monday, May 1, 2023 3:27 PM
**To:** Jason DeVore <jdevore@devoreradunsky.com>; Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E.
<maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman
<zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re
Incident Report PDFs and Grievance Documents

Jason and Troy:

Thanks for your follow up email.  Your suggested search appears to be correct in substance, but we have
one technical search question.  Regarding this "incident category" element in the suggested search:

> **Incident Category EQUALS** [Inmate Fight, Battery to Inmate, Death, Disciplinary, Disturbance/Riot,
> EM-Participant Shot/Stabbed or Critically Injured, Protective Custody Refusal, OR Protective Custody
> Request] OR **Inmate Fight EQUALS** Yes

. . . we are not sure whether (i) this search can be conducted using the "Incident Category EQUALS"
command to flag incident reports that use any of the suggested incident report categories (if this is true,
then the last part of the suggested search, "OR Inmate Fight EQUALS Yes" is probably redundant); or (ii)
when doing this incident category search, must each separate agreed upon "incident category" term be
searched using the "EQUALS Yes" formulation.

Again, we think your suggested search is correct in substance.  Our question relates, as a technical
matter, to how the "Incident Category" part of the search actually works. Please let us know what you
think, and thanks again for your response.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com
philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Jason DeVore <jdevore@devoreradunsky.com>
**Sent:** Monday, May 1, 2023 3:25 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Troy Radunsky
<tradunsky@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E.
<maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman
<zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re
Incident Report PDFs and Grievance Documents

[EXTERNAL EMAIL]
Hi Phil,

Thanks for your email. Based upon the parameters you outlined, it appears that you would like to have a search (and related review) as outlined below:

1. **Incident Date IS BETWEEN:** 1/1/2015-12/31/2019

2. **Incident Category EQUALS** [Inmate Fight, Battery to Inmate, Death, Disciplinary, Disturbance/Riot, EM-Participant Shot/Stabbed or Critically Injured, Protective Custody Refusal, OR Protective Custody Request] OR **Inmate Fight EQUALS** Yes

3. **Narrative** OR **Summary Narrative CONTAINS:** [Phone OR Telephone] AND [Fight*, Batter*, Assault*, Attack*, Punch*, Strik*, Hit*, Threat*, Injur*, OR Kill*]

If you can please confirm, we will confer with our client to see about hit counts and what the process would entail.

Jason

Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Friday, April 28, 2023 5:53 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E.
<maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman
<zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** Henneberg v. Dart et al. – Plaintiff's Proposal to Address Current Outstanding Issues re Incident Report PDFs and Grievance Documents

Dear Troy and Jason:

This email sets forth our proposal to resolve the current issues that have arisen regarding identifying "incident reports" potentially relevant to Plaintiff's claims in this case which arise in part from the June 17, 2019 assault against Mr. Henneberg. However, our proposal also will attempt to avoid or reduce, to the extent reasonably possible, any undue burdens on Defendants associated with providing pdf versions of the potentially relevant incident reports, and conducting searches of inmate grievance documents associated with some of the identified incident reports. After you review this proposal, I suggest that we have a videoconference next week to discuss these issues (i.e., between Monday-Friday, May 1-5, 2023).

As background, here is a very brief summary regarding what has already occurred regarding these "incident reports," and why it is appropriate to refine and expand – within reasonable limits – the searches conducted by Defendants to identify incident reports potentially relevant to Mr. Henneberg's assault-related claims. As you know, for the period 2015-2019, Defendants produced (on February 2 and 27, 2023) Excel files summarizing roughly 2,178 incident reports (reproducing the text contained in certain fields set forth in those reports). You indicated that Defendants identified these incident reports by conducting searches within a preexisting Incident Category, called "Inmate Fight," where the Incident Narrative or Incident Summary Narrative fields contained the words "phone" or "telephone." NOTE: Your description of this selection process stated: (A) the "Inmate Fight" field equals "Yes" OR the "Incident Category" includes "fight" AND (B) the "Incident Narrative" OR "Incident Summary Narrative" fields contain the words "phone" or "telephone." However, when we reviewed these 2,178 incident reports, we noticed that the identified incident reports did not include the particular incident report reflecting the June 17, 2019 assault against Mr. Henneberg. When we asked why, you explained that Mr. Henneberg's incident report had been excluded because his particular report was categorized under a different Incident Category, called "Battery to Inmate," and an additional category, called "Disciplinary." We previously advised you – and indicated in our Joint Discovery Motion (filed Feb. 28, 2023) – that Defendants' production might be incomplete by conducting a word search only the term "fight" without using other terms such as "assault," "attack," "battery," "punch" etc. This concern has proven to be well-founded, because the existing word search did not even uncover the June 17, 2019 incident report pertaining to Mr. Henneberg.

To address these issues, we have the following proposal to achieve three objectives: (1) to retain existing limitations for the time being, which involve Cook County Jail incident reports for the period 2015-2019 and focus on fights or other physical confrontations between inmates involving a "phone" or "telephone"; (2) to have Defendants conduct an additional computer search using a slightly broader number of categories and words with the resulting "incident reports" to be summarized in a comparable Excel spreadsheet similar to what Defendants produced on February 2 and 27, 2023; (3) to have Plaintiffs review the resulting "incident reports" (similar to our review of the 2,178 incident report summaries that we previously received) to identify those incident reports for which we request the actual "pdf" documents and/or request relevant grievance documents; and (4) for Plaintiff to exercise reasonable restraint – based in part on the considerations raised in your email sent to us on April 13, 2023 – in an effort to avoid or reduce any undue burdens this process will place on Defendants.

Our proposal consists of the following steps, which includes proposed time frames, but we invite your thoughts about all of these issues:

**Defendants' Supplemental Incident Report Category and Word Search (proposed deadline: Monday, May 22, 2023)**. We propose that Defendant conduct a supplemental search of 2015-2019 incident reports that would use the following parameters, after which Defendants would produce an Excel spreadsheet (similar to what you previously provided on February 2 and 27, 2023):

(a) in addition to using the Incident Category label, "Inmate Fight," Defendants should also include the following additional "Incident Category" descriptions: Battery to Inmate (which appears in Mr. Henneberg's June 17, 2019 incident report), Death, Disciplinary (which appears in Mr. Henneberg's June 17, 2019 incident report), Disturbance/Riot, EM-Participant shot/stabbed or critically injured, Protective Custody Refusal, and Protective Custody Request. However, incident reports in these categories would only be identified by Defendants if they also satisfied conditions "b" and "c" below.

(b) the Incident Narrative or Incident Summary Narrative fields must contain the words "phone" or "telephone" (either singular or plural).

(c) the Incident Narrative or Incident Summary Narrative fields must also contain the words "fight," "battery," "assault," "attack," "punch," "strike," "hit," "struck," "threat," "threaten," "injure," "injury," or "kill."

**Plaintiff's Review of Resulting Incident Reports Spreadsheet (<u>proposed deadline: Monday, June 19, 2023</u>)**. After Defendants produce an Excel spreadsheet based on the supplemental search described above, Plaintiff will review the resulting incident report summaries and will identify those incident reports for which Plaintiff requests the actual "pdf" documents and/or request relevant grievance documents. As indicated above, as part of this process, we will endeavor to exercise reasonable restraint, based in part on the considerations raised in your email sent to us on April 13, 2023, in an effort to avoid or reduce any undue burdens this process will place on Defendants.

**Meet-and-Confer to Explore Further Reduction/Simplification of Plaintiff Requests (<u>proposed deadline: Monday, June 26, 2023</u>)**. We propose to have additional discussions – after Plaintiff identifies those incident reports for which Plaintiff requests the actual "pdf" documents and/or requests relevant grievance documents – which may produce some further refinement in in Plaintiff's incident report requests.

**Defendants' Production of Incident Report "pdf" Documents and Grievance Documents (<u>proposed deadline: Monday, July 31, 2023</u>)**. Under our proposed process, the Defendants would have five weeks – to Monday, July 31, 2023 – for the production of the requested Incident Report "pdf" documents and requested grievance documents. This would constitute an <u>agreed extension</u> of the current May 10, 2023 deadline for Defendants' production of these documents.

Again, after you review this proposal, I suggest that we have a videoconference next week to discuss these issues (i.e., between Monday-Friday, May 1-5, 2023). We have an open mind regarding relevant time frames and the other matters described above. Although our respective clients have different views regarding the merits in the pending litigation, we are interested in working with you in a reasonable manner to address the above issues.

I hope everything else remains well with both of you, and have a nice weekend.

Regards,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Miscimarra, Philip A.
**Sent:** Wednesday, April 26, 2023 9:41 AM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E.
<maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman
<zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Follow Up re Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents
Requested by Plaintiff

Troy and Jason, thanks for your email. As your most recent email recognizes, I was out of the country
last week based on commitments associated with a federal government Board created by the USMCA
(the successor trade agreement to NAFTA). However, I will send you an email tomorrow or Friday, at
the latest, that should permit both sides to address the current outstanding issues in a reasonable way,
and which would also include a proposed agreed extension of the current May 10 deadline for
Defendants to produce relevant reports and related documents.

I hope that everything else remains well, and we can also set up a discussion on Thursday or Friday if
that would be helpful.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com
philip.miscimarra @morganlewis.com | www.morganlewis.com

---

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Tuesday, April 25, 2023 3:30 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Jason DeVore
<jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E.
<maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman
<zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Follow Up re Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents
Requested by Plaintiff

[EXTERNAL EMAIL]
Good afternoon Phil/Liza,

We were just following up on our email below. We know Phil was out of town last week. Let us know if you are available to do a meet and confer this week following my email on 4.14 and 4.18.

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

---

**From:** Troy Radunsky
**Sent:** Tuesday, April 18, 2023 9:58 AM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Follow Up re Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by Plaintiff

Phil/Liza,

Just circling back here. Do you want to meet to discuss your 4.10.23 email, our response, the incident category list we provided and how we can try and narrow the scope of your requests. As you know, our deadline to complete ESI is May 10.  We would like to begin the process of producing the ESI, but sense a motion for extension of time to complete it will be needed. I think we can find a compromise and are open to reasonable suggestions to focus the ESI as the Court would want us to do. Let us know what your schedule looks like.

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*

*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

---

**From:** Troy Radunsky
**Sent:** Friday, April 14, 2023 11:49 AM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>; Zachary Stillman <zstillman@devoreradunsky.com>; Andrew Kim <akim@devoreradunsky.com>
**Subject:** RE: Follow Up re Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by Plaintiff

Phil,

Thanks for your email. We also want to find ways to work with you and compromise when possible.

We understand your request and have attached the "Incident Category" list for your review. There are quite a few categories and which category an officer ultimately decides to use in CCOMS to categorize an incident can be subjective. One may decide one category and another officer choses something different. Whatever the case, please let us know how you wish to proceed after reviewing it.

Sight unseen Im fairly confident that each one of those categories will likely yield many, many thousands of potential hits from 2015-201.  We will likely need to discuss if we can perhaps narrow the search terms within categories and things of that nature to avoid unnecessary and irrelevant production as much as possible. We will send a bates stamped copy of the attached later today.

Regards,


*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*
*Recognized by SuperLawyers*



*This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Thursday, April 13, 2023 7:33 PM
**To:** Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Troy Radunsky <tradunsky@devoreradunsky.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>
**Subject:** Follow Up re Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by Plaintiff

Jason, thanks for your email and the explanations.  Regarding the discovery burdens you mentioned, we want to work with you in a reasonable manner to the extent possible, while pursuing our claims in an appropriate way in behalf of our client.  As to most of the issues you raised, we will have further discussions internally and get back to you.

However, for starters, we need more information regarding what other "categories" exist beside the categories used in your prior search which, ostensibly, was designed to identify all inmate "incident reports" involving fights, assaults and other physical confrontations between inmates, and Judge Ellis directed us to start with those incident reports where the descriptions contain the word "phone" or "telephone."  Your most recent email indicates that the search conducted by Defendants did not even uncover the incident report that pertained to Mr. Henneberg's June 17, 2019 assault, and this omission occurred  because Mr. Henneberg's incident report was classified under a category other than "inmate fight."  This means other relevant incident reports may also likewise have been excluded from the incident reports you previously identified.  For that reason, please send us, as soon as possible, a complete list of all Cook County Jail incident report categories that existed during the period 2015 to 2019, so we can evaluate what other categories are potentially relevant..  Because your search description also indicates that the Defendants' search only flagged incident report descriptions containing the word "fight" but not other similar terms (for example, "battery" or "assault"), we will request that you consult with us regarding other appropriate terms to use when performing the incident report searches.

Again, we intend to work with you in a reasonable way, to the extent possible, provided that we can appropriately pursue Mr. Henneberg's claims. I hope everything else is well.

Regards,

Phil


**Philip A. Miscimarra**

**Partner**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW, Washington, DC 20004

Mobile: +1.773.255.7112 | Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606

Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001

Assistant: Karen D. Jackson | +1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Jason DeVore <jdevore@devoreradunsky.com>
**Sent:** Thursday, April 13, 2023 4:53 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Troy Radunsky <tradunsky@devoreradunsky.com>; Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>
**Subject:** RE: Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by Plaintiff

[EXTERNAL EMAIL]
Hi Phil,

Thanks for providing this information. We are responding in two parts: 1st – in relation to the incident report summaries and your selections from the large spreadsheet that we provided two plus months ago and 2nd - in relation to the incident report summaries.

1. First, the 658 selections from spreadsheet entitled "Incident Reports (PDFs only) Requested by Plaintiff (Henneberg v. Dart et al.) (4-10-2023 to Defs.)" would require a tremendous number of hours to complete.*
2. Second, the 876 selections from the spreadsheet entitled "Incident Reports (PDFs and Grievance Docs) Requested by Plaintiff (Henneberg v. Dart et al.) (4-10-2023 to Defs.)" would take even more time.*

1*      It would take approximately 32 hours just to produce the PDFs and those PDFs would contain information that we have previously produced in a different format.

2*      The manual review process causes an incredibly high number of hours. For example, each of the 876 incident reports involving "fights" would involve at least two detainees for a total of 1752 detainees as a bare minimum. On average review of each incident report would take approximately 20 minutes. Thus, performing a manual review to only locate grievances related to incident reports would take approximately 35,040 minutes, which is 584 hours or 73 business days. This of course would be extremely burdensome and not allow us to produce additional information by May 10, 2023. We raised the manual review issue several times previously, but we reference it as a reminder.

If you can identify a more manageable number for items 1. and 2. above it can help the process significantly. We are happy to discuss a reasoned way to proceed.

1. Third, the incident report summaries, based on searches discussed by the parties with a search methodology discussed with you and conveyed in writing on February 2, 2023. When the search was completed based upon the discussed searches, it produced voluminous incident reports, but did not include the June 17, 2019 incident report because that report had two incident categories: "battery to inmate" and "disciplinary", but did not include the category of "inmate fight".

   As we previously discussed, the "Incident Categories" section in the Incident Reports do not have a category for "Telephone". Thus, there is no way to get "fights about phones" without manual review. The incident report forms have several other categories, including "battery to inmate", like the incident report for the June 17, 2019 incident report involving plaintiff. The system was designed to make sure that incidents with given detainees are documented, as opposed to the purpose for which it is being used in this matter.

The content of my February 2, 2023 email to you, which contains the search methodology and parameters, is included below for ease of reference. The spreadsheet attached to that email is attached here as well.

Phil,

Please see the attached supplemental document production in relation to the parties' agreements, joint scheduling order and the January 4, 2023 hearing (pp.14-15). Please refer to paragraph 1 (b) of the scheduling order regarding incident reports related to assaults involving the use of telephones by inmates. The order provides that Defendants were to "do a search for incident reports that involve assaults where the underlying issue is use of the telephone" from 2015-2019. We produce this to comply with this Court's order and in relation the parties' agreements.

Our client identified a list of incidents occurring between 10/01/2015-12/31/2019 in which (A) the "Inmate Fight" field equals "Yes" OR the "Incident Category" includes "fight" AND (B) the "Incident Narrative" OR "Incident Summary Narrative" fields contain the words "phone" or "telephone". The list contained a total of 2,030 incidents, comprised of the following 2 tabs:

   Tab #1, Total "Relevant" Incidents: 590
   Tab #2, Total "Not Relevant" Incidents: 1,440

Additionally, please note the following:

   The CCOMS data in the spreadsheet is generated into an Incident Report. The data in the spreadsheet though is identical to the actual incident report. The spreadsheet is the raw data input into CCOMS.

   Our client was able to distill the incident reports into the attached spreadsheet for easy searching. The process can be explained by our client's IT, if necessary.

   Producing 2032 pdfs with the same information would be burdensome, time consuming and inefficient. The pdfs would not be OCR searchable

because they are akin to images. Please advise if you want any specific
incident reports referenced in the spreadsheet.

We are happy to discuss these issues and a good way to move forward with a more manageable set of
information as a jump off point.

Please let us know if there is a good day to speak or if you have some thoughts that you can detail in
writing.

Jason


Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423



jdevore@devoreradunsky.com
www.devoreradunsky.com

This message may contain information that is attorney-client privileged, attorney work product or
otherwise confidential. If you are not an intended recipient, use and disclosure of this message
are prohibited. If you received this transmission in error, please notify the sender by reply e-mail
and delete the message and any attachments.

**From:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Sent:** Monday, April 10, 2023 4:04 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Fleming, Liza B. <liza.fleming@morganlewis.com>; Doukas, Maria E.
<maria.doukas@morganlewis.com>; Doi, Elsa <elsa.doi@morganlewis.com>
**Subject:** Henneberg v. Dart et al. – Incident Report PDFs and Grievance Documents Requested by
Plaintiff

Dear Troy and Jason:

Consistent with the Court's order entered on March 7, 2023, we have attached two Excel files which,
based on our review of "incident report" summaries previously provided by Defendants, request the
following:

(1)  the first attached file – with the title, "Incident Reports (PDFs only) Requested by Plaintiff
     (Henneberg v. Dart et al.) (4-10-2023 to Defs.)" – identifies specific incidents involving inmate
     fights and assaults (by incident report number, date and other information you previously
     provided) as to which we request copies of the <u>actual "incident report" pdf
     document</u>. Regarding these particular incidents, we do <u>NOT</u> presently request any related

grievance forms and related documents (without prejudice to potential future requests from Plaintiff); and

(2) the second attached file – with the title, "Incident Reports (PDFs and Grievance Docs) Requested by Plaintiff (Henneberg v. Dart et al.) (4-10-2023 to Defs.)" – identifies specific incidents involving inmate fights and assaults (by incident report number, date and other information you previously provided) as to which we request copies of the <u>actual "incident report" pdf document</u>, and <u>we also request copies of all related inmate grievance forms and related documents pertaining to these incidents</u> (without prejudice to other potential future requests from Plaintiff).

One other related matter requires attention. The incident report summaries previously provided by Defendants did <u>not</u> include any reference to the incident report addressing the June 17, 2019 assault against Mr. Henneberg. However, this should have been among the incidents uncovered by the Defendants' searches, which reportedly included all inmate assaults from January 1, 2015 to December 31, 2019 that became the subject of incident reports that expressly refer to fighting and the words "phone" or "telephone." Mr. Henneberg's incident report made reference to a "fight" between Mr. Henneberg and another inmate and also stated that the dispute "occurred over the telephone." Please indicate why the computer searches that produced the summaries previously provided by Defendants did not include any reference to the June 17, 2019 assault against Mr. Henneberg. The omission of this incident report creates a concern that the searches previously done by Defendants may be incomplete and may warrant additional searches to capture all potentially relevant incidents.

Please get in touch with any questions or issues that warrant discussion. Consistent with the Court's order entered on March 7, 2023, we look forward to receipt of the requested documents on or before May 10, 2023. To avoid the need for producing hard copy documents, we are willing to accept electronic versions (in "pdf" form or other widely available electronic formats) of all requested documents. We hope that everything else remains well with both of you.

All the best,

Phil

**Philip A. Miscimarra**
**Partner**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW, Washington, DC 20004
Mobile: +1.773.255.7112 |Direct: +1.202.739.5565 | Main: +1.202.739.3000 |Fax: +1.202.739.3001
Assistant: April May Hackelton| +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com
philip.miscimarra@morganlewis.com | www.morganlewis.com