UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-07380 |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| TOM DART, SUSAN SHEBEL, R.N., JOHN DOE MEDICAL DEFENDANTS, CORRECTIONAL OFFICER JORGE ARIAS, and COOK COUNTY, ILLINOIS, et al., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO DEPOSE AN INCARCERATED INDIVIDUAL BY REMOTE MEANS**

Plaintiff opposes taking the deposition of Robert Barker via Zoom. Mr. Barker is currently in the custody of the Cook County Department of Corrections (CCDOC) under the booking number 2021-0328118. At every turn, Plaintiff has attempted to scuttle Defendants' attempts to depose Mr. Barker with repeated delays, inflating a simple, standard request to depose an incarcerated via Zoom into an intractable conflict.

**BACKGROUND**

Defense counsel first notified Plaintiff of their intention to depose Robert Barker, remotely via Zoom, on February 1, 2024, to which Plaintiff did not object. *See Deposition Subpoenas*, attached hereto as **Exhibit A**, at 1; *Email Correspondences Regarding Deposition of Robert Barker*, attached hereto as **Exhibit B**, at 14. Defendants then began the process of scheduling the Zoom deposition with the Cook County Sheriff's Office (CCSO) staff. Ex. B at 5.

On being informed that Plaintiff's counsel also wished to take the deposition of Robert Barker, Defendants prepared a joint motion for leave to depose Mr. Barker, sending both the joint

1

motion and the Deposition Subpoena to Plaintiff on February 7, 2024. *Id.* at 4-5. Plaintiff's counsel also requested documents related to Mr. Barker, and that they be produced by March 11, 2024. *Id.* at 7 ("Consistent with the suggestion in your most recent email, we will serve a Document Production Request on Defendants seeking documents relating to Mr. Barker, which we are planning to get to you by this coming Friday, February 9, which will require Defendants to produce the requested documents by Monday, March 11.").

Plaintiff's counsel did not respond to Defendants until nearly a week later, on February 13, 2024 at 11:07 p.m. *Id.* at 3. Plaintiff's counsel indicated that they accepted the joint motion and sent a Notice of Deposition for Mr. Barker. *Id.* Plaintiff's Notice stated that the deposition of Mr. Barker would occur in person at CCDOC. Ex. A at 6. Defendants objected to Plaintiff's Notice to conduct the deposition in person and noted surprise that his counsel would do so without prior discussion given that they possessed Defendants' notice for nearly a week. Ex. B at 2. Plaintiff's counsel replied that they intend to take the deposition in person because they "believe it is a far more reliable discovery means." *Id.* at 1. Defendants noted that a Zoom deposition is a more efficient, safe, and cost-effective method. *Id.*

On February 21, 2024, Defendants again sent a draft joint motion to Plaintiff on February 21, 2024. *See Email Correspondences Regarding Draft Joint Motion*, hereto as **Exhibit C**, at 7. The draft noted the parties' dispute concerning the location and modality of the deposition and stated Defendants' intention to file their own brief in support of a remote deposition. *See Draft of Joint Motion for Leave to Depose Incarcerated Individual*, attached hereto as **Exhibit D**. On the evening of February 22, 2024, Plaintiff's counsel suggested they may need to delay the deposition of Mr. Barker because they have not received the requested documents in advance of the March 11, 2024 due date. Ex. C at 2.

2

Because the Defendants can no longer tolerate Plaintiff's transparent delay tactics and lack of planning, Defendants filed the instant motion as opposed. Defendants respectfully request an order granting leave to depose Mr. Baker remotely via Zoom on March 15, 2024 at 10:00 a.m.

## APPLICABLE LAW

Federal Rule of Civil Procedure 30(b)(4) authorizes a court in its discretion to order that a deposition "be taken by telephone or other remote means." FED. R. CIV. P. 30(b)(4). Although Rule 30(b)(4) does not provide a specific standard a court must follow to evaluate a motion for a remote deposition, courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally. *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020). Rule 30(b)(4) leaves it to this Court's broad discretion over discovery to determine whether there is a legitimate reason to take a deposition by remote means under all the facts and circumstances of a given case. *Id.* The decision to permit a remote deposition to proceed requires a court to consider "the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition." *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (citing *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.*, No. 19-CV-660, 2020 WL 3250723, at *3-4 (N.D. Ill. June 16, 2020); *Usov v. Lazar*, 2015 WL 5052497, at *2 (S.D. N.Y. Aug. 22, 2015)). Reducing inconvenience and burden is a sufficient reason by itself for a court to require a deposition by remote means. *Kerr Mach. Co. v. Li Gear, Inc.*, No. 19 CV 6942, 2022 WL 2982456, at *1 (N.D. Ill. July 28, 2022).

## ARGUMENT

This Court should end the Plaintiff's attempts to stymie the deposition of Mr. Robert Barker by ordering the deposition to occur remotely via Zoom. A remote deposition is an adequate

alternative that would mitigate the operational and financial burdens that an in-person deposition would place the Cook County Department of Corrections, the Cook County Sheriff's Office, and defense counsel. A remote deposition is also warranted to mitigate the unreasonable risks to counsel presented both by a contentious deposition with a potentially dangerous inmate as well as the inherent risk of holding a deposition in a penological environment. Plaintiff has also not claimed any prejudice or hardship he would face because of a remote deposition, instead preferring it merely for the purposes of litigation strategy, as shown from his counsel's email responses. Ex. B at 1.

I. **Avoiding Unreasonable Hardship Is a Legitimate Reason for a Remote Deposition.**

Permitting Plaintiff to depose detainee Robert Barker in person presents an unreasonable hardship for Defendants because it unnecessarily adds complexity and cost to the proceeding. Staff with the Cook County Sheriff's Office at CCDOC must expend resources to locate an empty, suitable room to accommodate a minimum of five people, and will likely need to assign additional officers overtime pay. An in-person deposition also increases costs and reduces efficiency because it requires both parties to expend unnecessary time traveling to the facility.

Conducting in-person depositions of detainees is a complex and burdensome procedure for CCDOC to coordinate. Prior to the onset of COVID-19, the CCDOC had a dedicated space which would accommodate in-person detainee depositions. Once the pandemic began, CCDOC shifted detainee depositions to a virtual modality in accordance with public health concerns. According to Steve Wilensky, the First Assistant Executive Director of the Cook County Sheriff's Office, virtual depositions are safer, more comfortable and efficient, and now nearly 100% of detainee depositions are conducted virtually. As a result, CCDOC has repurposed the space it once used for in-person depositions. Although it would be possible for CCDOC to locate and set up a usable

4

space, this requirement adds unnecessary cost to the proceeding by requiring staff to take the time to locate, schedule, and set up a usable space. Without any compelling reason beyond litigation strategy and driving up costs, there is no reason to indulge Plaintiff's desire to hold the deposition in person.

Additional Officers would also be required for the security of the, at minimum five, individuals present at an in-person deposition of Mr. Barker. Upon information and belief, Mr. Barker is a violent, frequently disobedient individual. Since 2018, Mr. Barker has been cited by CCDOC over four dozen times for attacking both inmates and staff, including spitting on inmates and throwing objects at staff. As the deposition concerns a physical altercation between Plaintiff and Mr. Barker, the potential for confrontation is high. Because of the threat posed by Mr. Barker, an in-person deposition would require additional officers to ensure the physical safety of those present, increasing costs and adding to the complexity of the procedure. Moreover, according to Cook County records, the most recent charges against Mr. Barker concern aggravated domestic violence, felony possession/use of weapon, and aggravated fleeing police. *See People v. Barker*, No. 21CR0559001 (Cook Ctny. Cir. Ct. Apr. 21, 2021). As such, a remote deposition is necessary and prudent in the context of the case and parties.

The additional officers CCSO stationed in the room during the deposition would require overtime pay. This is because officers are assigned certain work shifts that last a designated length of time and are essential to CCODC operations. Coordinating shift changes of the officers assigned to the deposition would interrupt the proceedings. To avoid this interruption and to ensure that officers are available for the duration of the deposition, the CCSO would have to assign the officers working the deposition overtime pay, adding costs that would be avoided if the deposition were conducted remotely.

5

Finally, Plaintiff's resistance to an in-person deposition is a waste of time and money and thinly veiled gamesmanship. Plaintiff manufactured this conflict by failing to disclose his intention to depose Mr. Barker in person when counsel was discussing the time and date, as well as the modality, of the deposition. Plaintiff's refusal to hold a remote deposition has forced defense counsel to expend time and resources drafting this motion. Furthermore, Plaintiff seeks to waste Defendants' resources by requiring defense counsel to travel to the CCDOC, park, go through security, and do the same on the way back. Even still, given the security concerns at CCDOC, the ability to introduce evidence in paper documents and a critical video of the incident is potentially limited, whereas a remote deposition easily facilitates the sharing of such information. Plaintiff's attempts to stymie Defendants' remote deposition of Mr. Barker waste the time and money of everyone involved, including this Court.

## II. Plaintiffs Have Not Claimed Any Prejudice or Hardship Arising from a Remote Deposition.

Plaintiff has also made no arguments for why a live, in-person deposition should be necessary for deposing Robert Barker. Instead, Plaintiff's counsel has merely stated that they believe an in-person deposition to be "a far more effective and reliable discovery means." However, "a preference is just that, a preference. No more." *Berkeley*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2021 WL 3566596, at *2 (N.D. Ill. Aug. 12, 2021) (finding that cases expressing a preference for in-person depositions do not apply to the dramatic and dangerous situation of COVID-19). And though the Northern District "recognizes that 'a party's ability to observe a deponent in person does have value,'" it also recognizes that "'remote depositions are a presumptively valid means of discovery' even without the in-person interaction." *Learning Res.*, 335 F.R.D. at 539 (quoting *Usov v. Lazar*, No. 13 CIV. 818, 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015)). Many courts have held that remote depositions provide a sufficient opportunity

6

to evaluate a deponent's nonverbal responses, demeanor, and overall credibility. *Learning Resources*, 2020 WL 3250723, at *2 (collecting cases). And though some believe that the physical presence of a lawyer at a deposition is necessary, the "reality, as recent circumstances have shown, is that cases ultimately do not depend on or demand the physical presence of a lawyer at a deposition." *Berkeley*IEOR*, 2021 WL 3566596, at *2. Therefore, a court "need not slavishly honor requests" for in-person depositions. *Id.* (referring to a plaintiff's demand for an in-person deposition "in the midst of a worldwide pandemic").

Furthermore, Plaintiff's counsel has given no indication that they, or any other participant, cannot reasonably proceed remotely. And, as depositions by remote means have been a feature of federal practice for many years, it cannot be ignored that Plaintiff's counsel has known from day one that a remote deposition was a likely option. *See Berkeley*IEOR*, 2021 WL 3566596, at *3. Plaintiff's counsel certainly knew of Defendants' intention to depose Mr. Barker remotely since February 7, 2024, as it was made clear in Defendants' Deposition Subpoena, yet made no objections, nor suggested that they would suffer any hardship or prejudice. As such, this Court should order the deposition of Mr. Barker to proceed remotely.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order permitting the requested deposition of detainee Robert Barker to occur remotely via Zoom on March 15, 2024 at 10:00 a.m.

Respectfully Submitted,

**Defendants**

By: */s/ Troy S. Radunsky*
Troy S. Radunsky, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)

7

Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that the above **Brief in Support of Defendants' Motion for Leave to Depose Robert Barker by Remote Means** was filed on February 23, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

                                                  */s/Zachary G. Stillman*
                                                  Zachary G. Stillman