UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG, ) ) Plaintiff, ) ) v. ) ) TOM DART, SUSAN SHEBEL, R.N., ) JOHN DOE MEDICAL DEFENDANTS, ) CORRECTIONAL OFFICER JORGE ) ARIAS, and COOK COUNTY, ILLINOIS, ) et al., ) ) Defendants. ) | Case Nos.: 19-cv-07380  Honorable Jeremy C. Daniel |

### ZOOM DEPOSITION SUBPOENA OF ROBERT BARKER

TO:   Robert Barker, Service List

**YOU ARE COMMANDED TO APPEAR TO GIVE YOUR DEPOSITION, before a notary public electronically VIA ZOOM on March 15, 2024, at 10:00 A.M (or other mutually agreed upon time). (\*zoom link to be provided via email after deposition is confirmed)**

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only to provide remote access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent. Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

1

## YOUR FAILURE TO RESPOND TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.

DEVORE RADUNSKY LLC.    Issued by:
230 W. Monroe Suite 230
Chicago, Illinois 60606
(312)300-4479/FAX(312)674-7423
Attorney #58321

*Troy S. Radunsky*_____
☒    Attorney
☐    Clerk of Court

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of the attached Notice of Zoom Deposition via email to the below counsel of record, and via USPS Mailing to the deponent, on February 7, 2024.

*/s/ Zachary Stillman*_____
[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein as true and correct.

**SERVICE LIST**

**Counsel for Plaintiff**
Phil Miscimarra philip.miscimarra@morganlewis.com
Maria Doukas maria.doukas@morganlewis.com

**Deponent**
Robert Barker (Cook County Booking No. 2021-0328118)
Cook County Jail
2700 South California Avenue
Chicago, IL 60608
LEGAL MAIL

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Donald Henneberg | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-cv-07380 |
| Tom Dart, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Robert Barker

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: ~~Cook County Department of Corrections~~ 2700 S. California Avenue, Chicago, Illinois 60608 | Date and Time: 03/15/24 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____ _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Donald Henneberg, who issues or requests this subpoena, are:

Philip A. Miscimarra, 110 North Wacker Drive, Chicago, Illinois 60606, philip.miscimarra@morganlewis.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-cv-07380

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | Case Nos. 19-cv-07380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| TOM DART, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Donald Henneberg, by and through his attorneys, Morgan, Lewis & Bockius LLP, will take the deposition by oral examination of **Robert Barker** (*i.e.*, the person identified as "Robert Barker" in the Cook County Sheriff's Office Incident Report produced by Defendants' counsel bearing the Bates number CCSAO Henneberg001720, which describes an inmate battery involving "Barker, Robert 2018-0410194" and who reportedly had Cook County Jail Inmate ID # 0469771), beginning at **10:00 a.m. (CST) on March 15, 2024**, before a notary public who is not an attorney, or other person authorized to administer oaths. In accordance with local, state, and federal regulations then in effect regarding COVID-19 safety protocols, the deposition will be conducted at the Cook County Department of Corrections located at 2700 S. California Avenue, Chicago, Illinois; will continue from day-to-day until completed; and may be videotaped in addition to being recorded stenographically.

| | |
|---|---|
| Dated: February 13, 2024<br>Chicago, Illinois | MORGAN, LEWIS & BOCKIUS LLP<br><br>*/s/ Maria E. Doukas*<br>Philip A. Miscimarra<br>Maria E. Doukas<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606-1511<br>312.324.1000 (phone)<br>312.324.1001 (fax)<br>philip.miscimarra@morganlewis.com<br>maria.doukas@morganlewsi.com<br><br>*Attorneys for Plaintiff Donald Henneberg* |

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served via email on February 13, 2024, upon all counsel of record.

                                                  */s/ Maria E. Doukas*
                                                  Maria E. Doukas