UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:19-cv-07380 |
| ) | |
| v. ) | |
| ) | |
| TOM DART, et al. ) | |
| ) | Honorable Jeremy C. Daniel |
| Defendants. ) | |

**PLAINTIFF'S OPPOSED CROSS-MOTION FOR LEAVE TO CONDUCT IN-PERSON VIDEO DEPOSITION OF INCARCERATED INMATE ROBERT BARKER, AND PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO CONDUCT A ZOOM DEPOSITION OF INMATE BARKER**

The parties' competing Motions—regarding the deposition of incarcerated Cook County Jail inmate Robert Barker—originated with the parties' mutual agreement to file a *joint* motion seeking leave for each party to depose Mr. Barker, and both sides then exchanged their respective notices of deposition relating to Mr. Barker's deposition. Defendants' Motion now creates an unnecessary dispute arising from their insistence on taking a joint deposition on the date and in the manner they would prefer, while attempting to dictate when and how Plaintiff should be allowed to question the same witness (specifically, his preference to do so in person). In this combined Cross-Motion and Response, Plaintiff requests a straightforward resolution of this issue as set forth below.

Both Plaintiff and Defendants intend to depose Mr. Barker, an inmate of the Cook County Department of Corrections (CCDOC) who is indisputably a material non-party witness in this case. The parties reached an agreement to depose Mr. Barker, arrived at a mutually agreed date, and further agreed to jointly seek this Court's leave to take this deposition. Defendants withdrew from this agreement, however, after insisting that Mr. Barker's deposition be taken remotely, while Plaintiff prefers to question Mr. Barker in person. And, at this juncture, Defendants' Motion also now tries to dictate the timing of Mr. Barker's deposition, by insisting upon a date that will leave

1

insufficient time for the Court to rule, for them to produce documents bearing on Mr. Barker's deposition, and for Plaintiff to prepare adequately for the deposition as a result.

To be clear, Plaintiff does not oppose Defendants' request to depose Mr. Barker, nor does it object to Defendants' preference for questioning him remotely (via Zoom). What Plaintiff does oppose, however, is Defendants' attempt to dictate the time and manner of *Plaintiff's deposition* of Mr. Barker, by seeking to prevent him from questioning the witness in person and on a timeline that would allow sufficient preparation. Both parties served their own Notice of Deposition, and both parties should be afforded their presumptive right to determine the parameters of their deposition.

Rather than require Mr. Barker to sit for separate depositions, there is a simple resolution: Defendants may question him however they'd prefer (Zoom or otherwise), while Plaintiff questions Mr. Barker in person. These can still occur on the same date, to avoid inconveniencing both Mr. Barker and the CCDOC in arranging such deposition (so long as the parties have sufficient time to prepare after this Court rules on their respective motions and to allow Defendants to produce documents relevant to Mr. Barker). Plaintiff therefore files this Cross-Motion and Response, respectfully asking the Court to enter the following relief:

**(i)** for both parties to be granted leave to conduct a deposition of Mr. Barker on the same date, to be recorded by video, with Defendants' counsel participating via by Zoom and Plaintiff's counsel appearing in person, and with such deposition to occur 14 days or more after the Court rules on the parties' competing motions (on a date to be agreed upon by the parties); or

**(ii)** in the alternative, if the Court grants Defendants' Motion to conduct a Zoom deposition of Mr. Barker, for this deposition to be scheduled to occur 14 days or more after the Court rules on the parties' competing motions, while granting Plaintiff leave to conduct a separate, in-person deposition of Mr. Barker, to be recorded by video, 14 days or more after the Court rules on the parties' competing motions (on a date to be agreed upon by the parties).

**I.     Forcing Plaintiff to Depose Mr. Barker Remotely on March 15 Would be Prejudicial**.

To the extent that granting Defendants' Motion would preclude Plaintiff from taking his own deposition of Mr. Barker in the manner Plaintiff prefers, and on a date that would not allow Plaintiff sufficient time to prepare, such relief would be prejudicial to Plaintiff.

**A.     Mode of Deposition**

It is not controversial that a litigant should be permitted to decide the format and timing of a deposition. *See, e.g.*, *Pursley v. City of Rockford*, No. 18-CV-50040, 2020 U.S. Dist. LEXIS 194075, at *11 (N.D. Ill. Oct. 20, 2020) (but for the COVID-19 pandemic, "it would be ideal for litigants to be able to proceed with depositions in their chosen format"). Plaintiff is not seeking to preclude Defendants from deposing Mr. Barker however they see fit. But requiring that *Plaintiff's deposition* of Mr. Barker must be conducted remotely via Zoom will undermine his counsel's ability to question Mr. Barker effectively and gauge his credibility as a witness.

Defendants' Motion argues at length that Mr. Barker's deposition needs to be over Zoom given his impulsive, violent, and unruly behavior. Dkt. 168-1, Defs.' Mot. at 5. Indeed, Defendants openly concede that Mr. Barker is a "frequently disobedient individual." *Id.* While Defendants may believe Mr. Barker's temperament is not favorable to any form of deposition, his potential to derail his deposition will only be compounded by the more clumsy and impersonal nature of Zoom. Given Mr. Barker's apparent penchant for disobedient behavior, an in-person deposition, which encourages healthier discourse by instilling a more formal atmosphere and should allow better communication between Plaintiff's counsel and the supervising CCDOC officers, would be most conducive to ensuring a focused and controlled deposition. *See, e.g.*, *Thom v. Garrigan*, No. 18-cv-368, 2020 U.S. Dist. LEXIS 89433, at 12* (W.D. Wis. May 21, 2020) (acknowledging in-person depositions are easier to control, particularly when deponent has history of difficult behavior); *Manley v. Bellendir*, No. 18-cv-1220, 2020 U.S. Dist. LEXIS 92978, at *7 (D. Kan. May 28, 2020)

3

(finding there is a legitimate interest for an in-person deposition where the deponent has a history of behavior antithetical to an effective deposition).

Moreover, because Mr. Barker's testimony may be controversial, an in-person deposition is necessary for Plaintiff's counsel to fully evaluate his credibility. Defendants plan to rely on his testimony to refute Plaintiff's failure-to-protect claims; Plaintiff, in turn, must assess Barker's reliability as a witness. This is another, independent reason an in-person deposition is appropriate. *See, e.g.*, *Pruco Life Ins. Co. v. Calif. Energy Dvlpmt., Inc.*, No. 3:18-cv-02280, 2021 U.S. Dist. LEXIS 209840, *9-10 (S.D. Cal. Oct. 29, 2021) (*"*The credibility of the parties is also a key substantive issue in this case. For that reason, the Court is not inclined to permit key witnesses . . . to appear by videoconference."); *Dubuc v. Cox Commc'ns Kansas, L.L.C.*, No. 21-cv-2041, 2021 U.S. Dist. LEXIS 168262, at *6 (D. Kan. Sep. 5, 2021) (finding it reasonable to prefer an in-person deposition so a party can evaluate "up close and personal" the deponent's potential as a witness).

If, as Defendants seem to suggest, Mr. Barker's natural response to questioning will be to act disorderly or even violently, that is highly relevant to both his credibility *and* Plaintiff's substantive claims in this case—which allege a failure by Defendants to sufficiently protect inmates, including Plaintiff. This testimony is best documented at an in-person deposition. *See Nat.-Immunogenics Corp. v. Newport Trial Group*, No. 8:15-CV-02034, 2017 U.S. Dist. LEXIS 224140, *18 (C.D. Cal. Aug. 12, 2017) ("Thus, it is fair to say that their testimony will be controversial, and the tenor of the interactions between the parties and counsel during the depositions may be tense. Videoconference depositions are not suitable for such controversial situations.") The more casual and impersonal nature of Zoom depositions risks masquerading Mr. Barker's authentic response to questioning, which will impede Plaintiff's ability to fully evaluate Mr. Barker's fitness as a witness.

Additionally, Plaintiff's counsel may question Mr. Barker about various exhibits, which may include the video of his assault of Plaintiff and incident reports regarding Mr. Barker, which could

4

lead to contentious colloquies. The most effective way for the parties to manage these exhibits and for the examiner to question Mr. Barker about them is to be in person. *See, e.g.*, *Monolithic Power Sys., Inc. v. Wei Dong*, No. 20-cv-06752, 2023 U.S. Dist. LEXIS 11328, at *27 (N.D. Cal. Jan. 20, 2023) (finding in-person depositions appropriate where the examiner needs to assess the deponent's credibility and numerous exhibits need to be reviewed efficiently).

Finally, given that Mr. Barker is currently incarcerated, this creates uncertainty about whether he will be available to testify at trial (*i.e.*, Plaintiff does not know whether or where he may remain incarcerated at the time of trial, or—should Mr. Barker be released—whether Plaintiff will be able to compel his appearance through a trial subpoena). Accordingly, the only way to preserve Mr. Barker's testimony for potential use at trial may be in the deposition(s) to be taken by the parties.

While Plaintiff does not discount the convenience of Zoom depositions and their place in post-pandemic litigation, the need to regulate Mr. Barker's deposition and the controversial nature of his testimony warrants allowing Plaintiff the opportunity to depose him in person. Should Defendants prefer not to appear in person, they are free to question him remotely. But Plaintiff does not want to require Mr. Barker to sit for a separate deposition, and therefore asks only that his counsel be allowed to appear in person. However, if the Court decides to grant Defendants' current Motion and allow their currently noticed Zoom deposition to proceed on March 15, 2024, Plaintiff will appear via Zoom but respectfully asks the Court for leave to conduct his separate, in-person deposition at a future date to be determined by the parties.

**B.      Timing of Deposition**

In addition, at this point in time, scheduling Mr. Barker's deposition for March 15, 2024, also will prejudice Plaintiff by forcing his counsel to sprint through its preparation. As noted in Defendants' Motion, they have a current deadline of March 11 for responding to Plaintiff's request for the production of documents relating to Mr. Barker and his incarceration with the CCDOC,

5

materials that are in their sole possession and that include incident reports about Mr. Barker. Defs.' Mot. at 2. It is not yet clear whether Defendants will even produce any documents on March 11, as opposed to merely objecting to or limiting Plaintiff's requests. But even if Defendants produce documents, their counsel has made clear they would *not be* producing any materials relevant to Mr. Barker's deposition before the March 11 deadline, *and* that they intend to go forward with their motion to schedule his deposition for March 15. See Dkt. 168-4, Ex. C to Defs.' Mot. (T. Radunksy Email, Feb. 23, 2024).

Three days is insufficient time for Plaintiff's counsel to conduct an adequate review of these documents, to be prepared to take Mr. Barker's deposition on March 15. This is particularly true where, as here, the Court will not rule on their Motion—and thus even permit this deposition—until the week it is scheduled to occur (at the soonest), and especially when considering the importance of Mr. Barker's testimony to Defendants' defenses and Plaintiff's claims. *See, e.g.*, *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-CV-6500, 2016 U.S. Dist. LEXIS 35864, *6 (N.D. Ill. Mar. 21, 2016) (finding it "entirely reasonable" to reopen a deposition where counsel produced voluminous documents two days before the deposition); *Weitz Co., LLC v. Lloyd's of London*, No. 4:04-CV-90353, 2007 U.S. Dist. LEXIS 99513, *11-12 (S.D. Iowa Sep. 28, 2007) (producing materials only a few days before a related deposition gave opposing counsel insufficient time to prepare).

Plaintiff should not have to rush through deposition preparation, particularly for an important witness in this case. He therefore respectfully requests that the Court order that Mr. Barker's deposition shall not take place any earlier than 14 days after the date on which the Court rules on Defendants' Motion and Plaintiff's Cross-Motion. In the alternative, and as noted above, even if the Court decides to grant Defendants' Motion to proceed with Mr. Barker's deposition on March

6

15 via Zoom, then Plaintiff respectfully requests leave to depose Mr. Barker separately, in person, and on a date to be determined mutually by the parties.

## CONCLUSION

For the reasons above, Plaintiff respectfully requests the Court enter an order providing the following relief:

**(i)** for both parties to be granted leave to conduct a deposition of Mr. Barker on the same date, to be recorded by video, with Defendants' counsel participating by Zoom and Plaintiff's counsel appearing in person, and with the deposition to occur 14 days or more after the Court rules on the parties' competing motions (with the specific date to be agreed upon by the parties); or

**(ii)** in the alternative, if the Court grants Defendants' Motion to conduct a Zoom deposition of Mr. Barker, for this deposition to be scheduled to occur 14 days or more after the Court rules on the parties' competing motions (as agreed upon by the parties), and for Plaintiff to be granted leave to conduct a separate, in-person deposition of Mr. Barker, to be recorded by video, 14 days or more after the Court rules on the parties' competing motions (as agreed upon by the parties). *See, e.g.*, Fed. R. Civ. P. 30(d) comm. notes to 2000 amend. ("The court may also order that a deposition be taken for limited periods on several days.").

Dated: March 8, 2024

Respectfully submitted,

By: /s/ *Maria E. Doukas*
Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on March 8, 2024, upon all counsel of record.

*/s/ Maria E. Doukas*
Maria E. Doukas