UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, | |
| Plaintiff, | Case Nos. 19-cv-07380 |
| | 19-cv-07382 |
| v. | 19-cv-07883 |
| TOM DART, et al. | Honorable Jeremy C. Daniel |
| Defendants. | |

**PLAINTIFF'S STATUS REPORT IN RESPONSE TO 4/30/2024 ORDER
AND MOTION FOR BRIEFING SCHEDULE**

Plaintiff Donald Henneberg, through his attorneys, submits this Status Report responding to the Court's April 30, 2024 Order ("April 30 Order"), which stated: "The parties shall file a joint status report on or before May 7, 2024. The status report should address any remaining discovery, any pending motions, and the schedule for the case." (Dkt. #176, link here).

Part I below describes Plaintiff's unsuccessful efforts to secure Defendants' agreement regarding the structure and content of a "Joint" Status report addressing the case schedule and discovery motions. This inability to reach agreement only became evident at close to 5 pm CT on May 7, when Defendants' counsel changed the structure and content from previously exchanged drafts, and Defendants asserted their "position" – contrary to this Court's April 30 Order – "that it would not be a major issue with the Court if the [Joint Status Report] were to be filed tomorrow, or even Thursday."

Part II below provides a report on outstanding discovery issues, which explains that (a) Defendants to date have produced no documents in response to the Court's February 21, 2024 hearing and discovery rulings ("Discovery Orders"), and (b) four days ago – on May 3, 2024 – Defendants advised Plaintiff that substantial information encompassed by this Court's Discovery Orders (for example, incident reports reflecting phone-related assaults for the period 2010-2014)

do not exist, and presumably will not be produced by Defendants in any form or manner. Accordingly, as indicated in Part IV below, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties to file respective motions and supporting briefs regarding Defendants' non-compliance with the Court's Discovery Orders.

Part III below presents each party's latest proposed Adjusted Case Schedule, and explains that Plaintiff has been unsuccessful in repeated attempts to secure Defendants' agreement on an Adjusted Case Schedule following the Court's Discovery Orders. Accordingly, as indicated in Part IV below, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties to file briefs supporting their respective proposed Adjusted Case Schedules.

In Part IV below, as indicated previously, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties (a) to file respective motions and supporting briefs regarding Defendants' non-compliance with the Court's Discovery Orders; and (b) to file briefs supporting their respective proposed Adjusted Case Schedules.

## I. Plaintiff's Inability to Secure Defendants' Agreement on a "Joint Status Report" That Could Be Timely Filed

Following the parties' receipt of this Court's April 30 Order, Plaintiff's counsel initiated the following exchanges with Defendants' counsel in an unsuccessful effort to reach agreement on a Joint Status Report – addressing discovery issues and an adjusted case schedule – which could be timely filed on Tuesday, May 7, 2024:

1. On Sunday, May 5, 2024, Plaintiff's counsel sent a proposed draft "Joint Status Report" to Defendants' counsel, which was accompanied by an email stating in part: "*Please let us know on Monday, May 6, 2024 if the Defendants have any problems or issues that would require substantial revisions*." See email and draft Joint Status Report attached as Addendum A (emphasis added). NOTE: Because Plaintiffs and Defendants had already been unable to resolve their disagreements regarding the scope of Defendants' obligation to comply with this Court's Discovery Orders and each side's proposed Adjusted Case Schedules, the draft Joint Status Report contained a succinct description of the areas of disagreement (without any argument in support of

either side's positions), and proposed having a mutual agreement that the parties would be submitting briefs and memos addressing these issues. *Id.*

2. On Monday, May 6, 2024, Plaintiff's counsel sent a slightly modified proposed draft "Joint Status Report" to Defendants' counsel – correcting a mistake in the date that the parties by mutual agreement would submit their respective briefs and memos regarding discovery issues and their respective proposed Adjusted Case Schedules – accompanied by an email stating: "*Please let us know – as soon as possible – whether the attached (corrected) draft Joint Status Report is acceptable* and/or forward any proposed edits, because *the Court has ordered us to file a Joint Status Report tomorrow (May 7, 2024).*" *See* email and draft Joint Status Report attached as Addendum B (emphasis added).

3. Defendants' counsel did not send any suggested changes or edits until Tuesday, May 7, 2024 at 11:31 am CT (i.e., the same day that the Joint Status Report was due).[1] Defendants' suggested edits included modifications to Plaintiff's proposed Adjusted Case Schedule (i.e., which were not appropriate for Defendants to change, since a separate section of the draft set forth Defendants' latest proposed Adjusted Case Schedule) and Defendants proposed the inclusion of one paragraph making arguments (i.e., which the draft proposed to defer until the parties filed their respective briefs and memos). *See* email and draft Joint Status Report attached as Addendum C.

4. On Tuesday, May 7, 2024 at 2:01 pm CT, Plaintiff's counsel sent an updated draft to Defendants' counsel adopting most of Defendants' edits, with an email that stated in part: "*As you know, this must be filed today*, and the attached draft accepts some but not all of your suggested edits for the reasons set forth below. *I anticipate this version should be acceptable to the Defendants without further change, but let us know right away if this is not correct.*" *See* email and draft Joint Status Report attached as Addendum D (paragraph structure modified).

5. On Tuesday, May 7, 2024 at 3:42 pm CT, Plaintiff's counsel send a follow-up email to Defendants' counsel, with a heading stating "Additional Reminder – Please Respond Promptly," and the email stated: "This is a reminder that the Joint Status Report that accompanied my prior email must be filed today. As indicated in my prior email (copied below), our edited and hopefully final agreed upon version of the Joint Status Report adopted all of your substantive edits, with the sole exception of your proposed paragraph on pages 4-5 in Part B, reproducing the Defendant's proposed Adjusted Case Schedule." *See* email attached as Addendum E (underlining in original).

6. On Tuesday, May 7, 2024 at 4:42 pm CT, Plaintiff's counsel received an email and accompanying draft Joint Status Report, which contained a second round of substantive edits changing the structure and content that departed substantially from the earlier drafts, proposing to *delay filing the Joint Status Report until later in the week*, and stating – for the first time – that Defendants insisted on having the parties' substantive

---

[1] The undersigned Defendants' counsel – though maintaining an office in Chicago – now maintains his principal office and residence in the Washington DC area. Therefore, the times reflected in all attached emails are Eastern Time, which is one hour later than Central Time.

arguments about the case schedules set forth in the body of the Joint Status Report. Plaintiff's transmittal email stated in part the following: "We take the position that *it would not be a major issue with the Court if the JSR were to be filed tomorrow, or even Thursday*, should it be needed." *See* email and draft Joint Status Report attached as <u>Addendum F</u> (emphasis added).

7. On Tuesday, May 7, 2024 at 6:18 pm CT, Plaintiff's counsel sent an email to Defendants' counsel which stated the following:

    Unfortunately, Plaintiff is unable to agree with the positions set forth in your most recent email – which arrived in my inbox at 4:42 pm CT today (Tuesday, May 7, 2024), which is the same day that the Court directed both parties to file a Joint Status Report.

    At this point, the only feasible option is for each side to comply with the Court's most recent order in the manner in which it deems appropriate. For our part, Plaintiff will be filing a Status Report today which will be filed only on behalf of Plaintiff, given that Defendants and Plaintiff are unable to reach agreement on the content or structure of the draft Joint Status Report.

    For two reasons, we also disagree with the suggested courses of action suggested in your most recent email.

    First, the manner and timing in which Defendants have responded to our initial draft Joint Status Report have been unreasonable, which makes it impossible to resolve the outstanding disagreements regarding the structure and content of the Joint Status Report. I sent you our initial draft Joint Status Report on Sunday, May 5 (which I prepared while out of town attending my youngest son's college graduation in Salt Lake City, Utah). Because the Court ordered the Joint Status Report to be filed today (on Tuesday, May 7, 2024), my May 5 email stated: "Please let us know <u>on Monday, May 6, 2024</u> if the Defendants have any problems or issues that would require substantial revisions" (emphasis added).

    We did not receive any proposed edits – or any indication that revisions would be requested – until you sent us an edited version at 11:31 am CT today (Tuesday, May 7). Although my colleagues and I have had other commitments throughout the day today, I sent you an updated draft at 2:01 pm CT today, which accepted most of your substantive edits except for a single paragraph containing argument in support of Defendants' proposed Adjusted Case Schedule. I explained that this paragraph was not acceptable because (i) no similar paragraph existed in the corresponding section setting forth Plaintiff's proposed Adjusted Case Schedule, and (ii) the draft reflected a mutual agreement (which your edits did not change) that the parties on Tuesday, May 14 would file a memo supporting each side's respective proposed Adjusted Case Schedule.

    Your latest email – containing a <u>second</u> round of substantial edits – was not sent until 4:42 pm CT today. This does not leave sufficient time to address areas of

> disagreement, to make appropriate additional changes, to exchange relevant drafts, and to get any "joint" version of the status report filed today.
>
> Second, because the Court has <u>ordered</u> both sides to file the status report(s) today, we also disagree with your most recent email's "position" that "it would not be a major issue with the Court if the [Joint Status Report] were to be filed tomorrow, or even Thursday, should it be needed."
>
> Respectfully, Mr. Henneberg believes it is important to <u>comply</u> with what the Court has ordered. Additionally, based on the inability of Defendants and Plaintiff to reach agreement on straightforward issues – such as case scheduling, and even the structure of simple filings with the Court – we do not have confidence that any number of further discussions and exchanges would permit the parties to reach agreement on relevant issues to be reflected in any Joint Status Report. Indeed, all versions of the "Joint Status Report" that have been exchanged contain descriptions of the parties' <u>disagreement</u> about relevant issues, and as reflected in your successive rounds of revisions, Defendants will not even express agreement with a dispassionate and even-handed description of these disagreements.
>
> Accordingly, Plaintiff will proceed tonight with the filing of a status report that will be filed only on behalf of Plaintiff. We will also file a motion requesting that the Court set a briefing schedule regarding the parties' respective proposed Adjusted Case Schedule and motions concerning Defendants' non-compliance and refusal or inability to comply with the Court's discovery rulings.

*See* email attached as <u>Addendum G</u> (underlining in original).

Regrettably, as reflected in the above exchanges and the substantive disagreements between the parties, Plaintiff's counsel has not been able to secure agreement from Defendants' counsel regarding relevant issues in a manner that would permit the timely filing of a Joint Status Report. Accordingly, this status report and motion for the Court to set a briefing schedule is submitted solely on behalf of Plaintiff.

## II. <u>Outstanding Discovery Disputes</u>

Both parties conducted the deposition of incarcerated inmate Robert Barker (who engaged in the assault against Plaintiff which, in part, gives rise to the instant case) on April 19, 2024. However, in addition to the parties' disagreement regarding the Adjusted Case Schedule (addressed in Part III below), the parties have identified the following disputes regarding the

extent of Defendants' duty to comply with the Court's February 21 Discovery Orders, and the inability to resolve these issues prevents the parties from being more specific regarding other discovery that may or may not be appropriate this action. Accordingly, as stated in Part IV below, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties to file respective motions and supporting briefs regarding Defendants' non-compliance with the Court's Discovery Orders.

### A. Relevant "Incidents" and Grievances for 2010-2014 Period

Regarding telephone-related assaults between January 1, 2010 and December 31, 2014, the Court's February 21 Discovery Orders (Dkt. #167, link here) stated in part: "the plaintiff's motion to compel incident and grievance reports from 2010 to 2014 is granted in that the defendants must produce a summary spreadsheet containing the information contained in the incident reports (similar to the prior production covering 2015-2019)." *See also* transcript of February 21 hearing (Dkt. #169, link here).

Defendants have now advised Plaintiff that no "incident reports" regarding telephone-related inmate assaults (or inmate assaults generally) exist for the 2010-2014 period; no documents regarding inmate grievances for 2010 are available in any form, and images of documents relating to inmate grievances for the 2011-2014 period are "not text searchable or filterable by ANY measure or category" and these grievance-related documents would be available only to be "locally reviewed." Again, as stated in Part IV below, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties to file respective motions and supporting briefs regarding Defendants' non-compliance with the Court's Discovery Orders.

### B. Other Disputes Regarding Court's February 21 Discovery Rulings

The parties' have other disputes regarding the scope of the Court's February 21 Discovery Rulings, which are reflected (in part) in the parties' different descriptions set forth the parties'

respective Adjusted Case Schedules set forth in Part III below. The inability to resolve these issues prevents the parties from being more specific regarding other discovery that may or may not be necessary appropriate this action. As stated in Part IV below, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties to file respective motions and supporting briefs regarding Defendants' non-compliance with the Court's Discovery Orders.

### III. Parties' Positions on Adjusted Case Schedules

After this Court's February 21, 2024 Discovery Orders and the Court's March 14 hearing regarding the deposition of incarcerated inmate Robert Barker (which occurred on April 19, 2024), the parties had numerous exchanges involving their efforts to reach agreement on an Adjusted Case Schedule. These exchanges occurred on March 14 and 18, April 2, 12, 16, 19, 22, and the parties' counsel engaged in a meet-and-confer discussion in a videoconference held on April 30, 2024. In fact, the parties were conducting a meet-and-confer session regarding their disagreements regarding their respective Adjusted Case Schedules – at the time that the Court issued its April 30 Order.

As indicated above, the parties have been unable to reach agreement on an Adjusted Case Schedule, in part based on the discovery issues identified in Part II above. As indicated in Part IV below, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties to file briefs supporting their respective proposed Adjusted Case Schedules, which are reproduced below:

**A. Plaintiff's Proposed Adjusted Case Schedule**

Plaintiff's counsel have proposed the following Adjusted Case Schedule, which Defendants have refused to accept:

1. May 31, 2024: Defendants' production of subset of 588 inmate grievance documents for the period 2017-2019.

2. <u>May 31, 2024</u>: Defendants to produce incident reports or comparable documents and/or data reflecting phone-related inmate assaults occurring from January 1, 2010, to December 31, 2014. These incident reports, documents and/or data may be disclosed in an Excel spreadsheet containing similar information to what Defendants previously provided for the period 2015-2019.

3. <u>May 31, 2024</u>: Defendants to produce requests for documents that reflect, relate, or pertain to requests and arrangements for inmate eyeglasses and optometrist appointments for the period 2015-2019.

4. <u>May 31, 2024</u>: Defendants to produce policies, training materials, and reports related to (i) responding to inmate safety concerns; (ii) Cook County Jail's and Cermak's diagnosis, treatment, and monitoring of inmate vision-related issues at the Cook County Jail; (iii) Sheriff Dart's responsibilities and management; and (iv) complaints from inmates, including Plaintiff, concerning fights, assaults, or altercations related to phones, control or restrictions on phone use by inmates or gang members, gang violence, the "Latin Kings," or other issues involving phone restrictions or phone-related safety issues at the Cook County Jail.

5. <u>June 21, 2024</u>: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 1 through 4 above.

6. <u>July 3, 2024</u>: Parties to submit motions regarding unresolved discovery disputes, if any, concerning the items set forth in paragraphs 1 through 4 above.

7. <u>July 15, 2024</u>: Plaintiff shall advise Defendants of the relevant subsets of "Incidents" involving phone-related inmate assaults occurring from January 1, 2010 to December 31, 2014 for which Defendants shall produce (on July 18, 2024) (i) "pdf" versions of Incident Reports or other documents (if relevant data is not provided in the form of an Excel spreadsheet like what Defendants previously provided for the period 2015-2019), and (ii) "Inmate Grievance" documents for the same 2010-2014 period. If a dispute arises regarding the sufficiency of Defendants' production (on April 18, 2024) of incident reports, documents and/or data reflecting phone-related inmate assaults occurring from January 1, 2010 to December 31, 2014, this deadline shall be moved to a later date consistent with the dispute's resolution.

8. <u>August 7, 2024</u>: Defendants' production of "pdf" "Incident Reports" and "Inmate Grievance" documents for the 2010-2014 period based on the subsets of "Incidents" identified by Plaintiff (referenced in paragraph 7 above).

9. <u>August 20-September 13, 2024</u>: (a) Plaintiff to take Scott Jakubowski's deposition (in-person), (b) each side to take Robert Barker's deposition (virtually), and (c) Parties to take any remaining non-expert depositions. Deposition dates shall be worked out in good faith by mutual agreement during this period.

10. <u>September 30, 2024</u>: Parties to serve all other supplemental, non-expert discovery requests (if any).

11. October 30, 2024: Parties must respond to all supplemental, non-expert discovery requests (if any).

12. November 13, 2024: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 7 through 11 above.

13. November 29, 2024: Parties to submit motions regarding unresolved discovery disputes, if any, concerning the items set forth in paragraphs 7 through 11 above.

14. December 16, 2024: Parties to identify experts (if any) and produce expert reports.

15. January 6-31, 2025: Expert written discovery to be completed and expert depositions to be taken. Deposition dates shall be worked out in good faith by mutual agreement during this period.

16. February 7, 2025: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 14-15 above.

17. February 21, 2025: Deadline (if needed) for the Parties to submit discovery disputes to the Court concerning the items set forth in paragraphs 14-15 above.

18. March 7, 2025: Close of all non-expert and expert discovery (except as adjusted based on the Court's resolution of any discovery disputes).

19. March 28, 2025: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).

20. April 25, 2025: Parties to file opposition briefs to summary judgment (to be filed concurrently).

21. May 9, 2025: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

**B. Defendants' Proposed Adjusted Case Schedule**

Defendants' counsel have proposed the following Adjusted Case Schedule, which is unacceptable to Plaintiff, which Plaintiff respectively asks that the Court permit Plaintiff to address as part of the briefing schedule requested in Part IV below:

1. June 7, 2024: Defendants Production of Parts 1-3, 7, of Court's 2.21.24 Order.

2. July 15, 2024: Plaintiff to take Scott Jakubowski's deposition (in-person)

3. July 15, 2024: All non-expert discovery complete

4. August 1, 2024  Plaintiff to Disclose Experts

5. September 15, 2024: Plaintiff Expert Depositions complete

6. October 20, 2024: Defendant to Disclose Experts

7. December 15, 2024: Defendants Experts Depositions Complete

8. January 14, 2025: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).

9. February 14, 2025: Parties to file opposition briefs to summary judgment (to be filed concurrently).

10. March 1, 2025: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

## IV. Motion for the Court to Set Briefing Schedule

For the reasons set forth above, Plaintiff respectfully moves that the Court set a briefing schedule to permit the parties (a) to file respective motions and supporting briefs regarding Defendants' non-compliance with the Court's Discovery Orders; and (b) to file briefs supporting their respective proposed Adjusted Case Schedules.

    Respectfully submitted,

By: */s/ Philip A. Miscimarra*
PHILIP A. MISCIMARRA
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

DATED: May 7, 2024    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **PLAINTIFF'S STATUS REPORT IN RESPONSE TO 4/30/2024 ORDER AND MOTION FOR BRIEFING SCHEDULE** was served via CM/ECF on May 7, 2024 upon all counsel of record.

/s/ *Philip A. Miscimarra*
Philip A. Miscimarra