## **ADDENDUM A**

*Plaintiff's Counsel's Email Sent to Defendants' Counsel on Sunday, May 5, 2024
with accompanying draft "Joint Status Report" (without Appendix pages)*

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Sunday, May 5, 2024 11:39 PM |
| **To:** | Zachary Stillman; Jason DeVore; Troy Radunsky |
| **Cc:** | Hill, Melissa D.; Hawkins, Brent A.; Russell, Matthew A. |
| **Subject:** | Draft Joint Status Report and Other Issues - Henneberg v. Dart et al., No. 1:19-cv-07380 (N.D. Ill.) (Inadmissible) |
| **Attachments:** | Henneberg v. Dart et al. - Joint Status Report in Response to 4-30-2024 Order (2024.05.05A draft - INADMISSIBLE).DOCX |

Inadmissible - Exchanged in Context of Settlement

Dear Zach, Jason and Troy:

Attached is a draft "Joint Status Report In Response To 4/30/2024 Order" which, as you know, is due on Tuesday, May 7. In the interest of permitting this Joint Status Report to be filed without back-and-forth exchanges regarding to matters that are in dispute, the Joint Status Report contains two sections. Part I sets forth each side's latest proposed Adjusted Case Schedule, with an indication that "the Parties have agreed that, on or before Tuesday, May 12, 2024, each Party will submit a memorandum in support of its respective proposed Adjusted Case Schedule." Likewise, Part II identifies disputes that have emerged regarding the Court's February 21 Discovery Rulings, which are succinctly described in a dispassionate manner in Part II, with an indication that "the Parties have agreed that, on or before Tuesday, May 12, 2024, each Party will file relevant Motions regarding discovery issues about which the Parties disagree following the Court's February 21 Discovery Rulings, which warrant resolution by the Court."

This draft will be subject to closer review and potential refinements on our side, but I am erring on the side of getting this to you as early as possible. Please let us know on Monday, May 6, 2024 if the Defendants have any problems or issues that would require substantial revisions. As indicated in the draft, we propose to include all email exchanges regarding the Adjusted Case Schedule in Appendix A, which will be set forth in chronological order, with each new email set forth on its own page.

If this is acceptable, we are willing to make sure the final version of this draft gets filed on Tuesday, May 7. We reserve all rights regarding what Zach has disclosed regarding incident reports and grievances for the 2010-2014 period and other issues. Please let us know if the attached draft is acceptable.

All the best,

Phil

**Philip A. Miscimarra**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
philip.miscimarra@morganlewis.com | www.morganlewis.com

Inadmissible - Exchanged in Context of Settlement
5/5A/2024 DRAFT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, | |
| Plaintiff, | Case Nos. 19-cv-07380 |
| | 19-cv-07382 |
| v. | 19-cv-07883 |
| TOM DART, et al. | Honorable Jeremy C. Daniel |
| Defendants. | |

### JOINT STATUS REPORT IN RESPONSE TO 4/30/2024 ORDER

Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., Correctional Officer Jorge Arias, and Cook County, Illinois, by their respective attorneys, submit this Joint Status Report responding to the Court's April 30, 2024 Order ("Order"), which stated: "The parties shall file a joint status report on or before May 7, 2024. The status report should address any remaining discovery, any pending motions, and the schedule for the case." (Dkt. #176, link here).

Part I below presents each Party's latest proposed Adjusted Case Schedule, upon which the Parties' have unsuccessfully attempted to reach agreement following the Court's February 21, 2024 discovery rulings, and the Parties have agreed that, on or before Tuesday, May 12, 2024, each Party will submit a memorandum in support of its respective proposed Adjusted Case Schedule. Part II below provides a report on outstanding discovery issues, about which the Parties' have unsuccessfully attempted to reach agreement following the Court's February 21, 2024 hearing and discovery rulings ("February 21 Discovery Rulings"), and the Parties have agreed that, on or before Tuesday, May 12, 2024, each Party will file relevant Motions regarding discovery issues about which the Parties disagree following the Court's February 21 Discovery Rulings, which warrant resolution by the Court.

### I. Parties' Positions on Adjusted Case Schedule

After this Court's February 21[1] Discovery Rulings and the Court's March 14 hearing regarding the deposition of incarcerated inmate Robert Barker (which occurred on April 19), the Parties had numerous exchanges involving their efforts to reach agreement on an Adjusted Case Schedule on March 14 and 18, April 2, 12, 16, 19, 22, and the Parties' counsel engaged in a meet-and-confer discussion in a videoconference held on April 30. (In fact, the Parties' meet-and-confer session was being conducted at the time that the Court issued its April 30 Order.) These exchanges between the Parties (in chronological order, with each email reproduced on a separate page) are set forth in Addendum A, attached hereto.

The Parties have been unable to reach agreement on an Adjusted Case Schedule, in part based on the discovery issues identified in Part II below. Regarding the Adjusted Case Schedule, the Parties have agreed that, on or before Tuesday, May 12, 2024, each side will submit a memorandum in support of its latest proposed Adjusted Case Schedule (as previously exchanged between the Parties), which are reproduced below:

**A. Plaintiff's Proposed Adjusted Case Schedule**

Plaintiff's counsel have proposed the following Adjusted Case Schedule, which is unacceptable to Defendants:

1. May 31, 2024: Defendants' production of subset of 588 inmate grievance documents for the period 2017-2019.

2. May 31, 2024: Defendants to produce incident reports or comparable documents and/or data reflecting phone-related inmate assaults occurring from January 1, 2010, to December 31, 2014. These incident reports, documents and/or data may be disclosed in an Excel spreadsheet containing similar information to what Defendants previously provided for the period 2015-2019.

---

[1] All dates in this Joint Status Report refer to 2024 unless otherwise noted.

3. <u>May 31, 2024</u>: Defendants to produce requests for documents that reflect, relate, or pertain to requests and arrangements for inmate eyeglasses and optometrist appointments for the period 2015-2019.

4. <u>May 31, 2024</u>: Defendants to produce policies, training materials, and reports related to (i) responding to inmate safety concerns; (ii) Cook County Jail's and Cermak's diagnosis, treatment, and monitoring of inmate vision-related issues at the Cook County Jail; (iii) Sheriff Dart's responsibilities and management; and (iv) complaints from inmates, including Plaintiff, concerning fights, assaults, or altercations related to phones, control or restrictions on phone use by inmates or gang members, gang violence, the "Latin Kings," or other issues involving phone restrictions or phone-related safety issues at the Cook County Jail.

5. <u>June 21, 2024</u>: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 1 through 4 above.

6. <u>July 3, 2024</u>: Parties to submit motions regarding unresolved discovery disputes, if any, concerning the items set forth in paragraphs 1 through 4 above.

7. <u>July 15, 2024</u>: Plaintiff shall advise Defendants of the relevant subsets of "Incidents" involving phone-related inmate assaults occurring from January 1, 2010 to December 31, 2014 for which Defendants shall produce (on July 18, 2024) (i) "pdf" versions of Incident Reports or other documents (if relevant data is not provided in the form of an Excel spreadsheet like what Defendants previously provided for the period 2015-2019), and (ii) "Inmate Grievance" documents for the same 2010-2014 period. If a dispute arises regarding the sufficiency of Defendants' production (on April 18, 2024) of incident reports, documents and/or data reflecting phone-related inmate assaults occurring from January 1, 2010 to December 31, 2014, this deadline shall be moved to a later date consistent with the dispute's resolution.

8. <u>August 7, 2024</u>: Defendants' production of "pdf" "Incident Reports" and "Inmate Grievance" documents for the 2010-2014 period based on the subsets of "Incidents" identified by Plaintiff (referenced in paragraph 7 above).

9. <u>August 20-September 13, 2024</u>: (a) Plaintiff to take Scott Jakubowski's deposition (in-person), (b) each side to take Robert Barker's deposition (virtually), and (c) Parties to take any remaining non-expert depositions. Deposition dates shall be worked out in good faith by mutual agreement during this period.

10. <u>September 30, 2024</u>: Parties to serve all other supplemental, non-expert discovery requests (if any).

11. <u>October 30, 2024</u>: Parties must respond to all supplemental, non-expert discovery requests (if any).

12. <u>November 13, 2024</u>: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 7 through 11 above.

13. <u>November 29, 2024</u>: Parties to submit motions regarding unresolved discovery disputes, if any, concerning the items set forth in paragraphs 7 through 11 above.

14. <u>December 16, 2024</u>: Parties to identify experts (if any) and produce expert reports.

15. <u>January 6-31, 2025</u>: Expert written discovery to be completed and expert depositions to be taken. Deposition dates shall be worked out in good faith by mutual agreement during this period.

16. <u>February 7, 2025</u>: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 14-15 above.

17. <u>February 21, 2025</u>: Deadline (if needed) for the Parties to submit discovery disputes to the Court concerning the items set forth in paragraphs 14-15 above.

18. <u>March 7, 2025</u>: Close of all non-expert and expert discovery (except as adjusted based on the Court's resolution of any discovery disputes).

19. <u>March 28, 2025</u>: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).

20. <u>April 25, 2025</u>: Parties to file opposition briefs to summary judgment (to be filed concurrently).

21. <u>May 9, 2025</u>: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

**B. Defendants' Proposed Adjusted Case Schedule**

Defendants' counsel have proposed the following Adjusted Case Schedule, which is unacceptable to Plaintiff:

1. <u>June 7, 2024</u>: Defendants Production of Parts 1-3, 7, of Court's 2.21.24 Order.

2. <u>July 15, 2024</u>: Plaintiff to take Scott Jakubowski's deposition (in-person)

3. <u>July 15, 2024</u>: All non-expert discovery complete

4. <u>August 1, 2024</u>  Plaintiff to Disclose Experts

5. <u>September 15, 2024</u>: Plaintiff Expert Depositions complete

6. <u>October 20, 2024</u>: Defendant to Disclose Experts

7. <u>December 15, 2024</u>: Defendants Experts Depositions Complete

8. <u>January 14, 2025</u>: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).

9. <u>February 14, 2025</u>: Parties to file opposition briefs to summary judgment (to be filed concurrently).

10. <u>March 1, 2025</u>: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

Again, the Parties have agreed that, <u>on or before Tuesday, May 12, 2024</u>, each side will submit a memorandum in support of its latest proposed Adjusted Case Schedule (as reproduced above).

## II. Outstanding Discovery Issues

Both Parties conducted the deposition of incarcerated inmate Robert Barker (who engaged in the assault against Plaintiff which, in part, gives rise to the instant case) on April 19. However, in addition to the Parties' disagreement regarding the Adjusted Case Schedule (addressed in Part I above), the Parties have identified the following disputes regarding the extent of Defendants' duty to comply with the Court's February 21 Discovery Rulings, and the inability to resolve these issues prevents the Parties from being more specific regarding other discovery that may or may not be appropriate this action. Therefore, the Parties have agreed that, on or before <u>Tuesday, May 12, 2024</u>, each Party will file relevant Motions regarding discovery issues about which the Parties disagree following the Court's February 21 Discovery Rulings.

### A. Relevant "Incidents" and Grievances for 2010-2014 Period

Regarding telephone-related assaults between January 1, 2010 and December 31, 2014, the Court's February 21 Discovery Order (Dkt. #167, link here) stated in part: "the plaintiff's motion to compel incident and grievance reports from 2010 to 2014 is granted in that the defendants must produce a summary spreadsheet containing the information contained in the incident reports (similar to the prior production covering 2015-2019)." *See also* transcript of February 21 hearing (Dkt. #169, link here). Defendants have now advised Plaintiff that no "incident reports" regarding telephone-related inmate assaults (or inmate assaults generally) exist for the 2010-2014 period; no documents regarding inmate grievances for 2010 are available in any form, and images of

documents relating to inmate grievances for the 2011-2014 period are "not text searchable or filterable by ANY measure or category" and these grievance-related documents would be available only to be "locally reviewed." The Parties' have agreed that their disputes regarding this issue will be addressed in their respective motions that each Party will file with the Court on or before Tuesday, May 12, 2024.

**B. Other Disputes Regarding Court's February 21 Discovery Rulings**

The Parties' have other disputes regarding the scope of the Court's February 21 Discovery Rulings, which are reflected in the Parties' different descriptions set forth the Parties' respective Adjusted Case Schedules set forth in Part I above. The Parties' have agreed that their disputes regarding these issues will be addressed in their respective motions that each Party will file with the Court on or before Tuesday, May 12, 2024. The inability to resolve these issues prevents the Parties from being more specific regarding other discovery that may or may not be appropriate this action.

Respectfully submitted,

By: */s/ Philip A. Miscimarra*
    PHILIP A. MISCIMARRA
    MARIA E. DOUKAS
    MORGAN, LEWIS & BOCKIUS LLP
    110 N. Wacker Drive, Suite 2800
    Chicago, Illinois 60606-1511
    Phone: 312.324.1000
    Fax: 312.324.1001
    philip.miscimarra@morganlewis.com
    maria.doukas@morganlewis.com

    *Attorneys for Plaintiff*

By: */s/ Jason Edward DeVore*
    JASON E. DEVORE ARDC No. 6242782
    TROY S. RADUNSKY ARDC No. 6269281
    DEVORE RADUNSKY LLC
    27 N. Wacker., Suite 431
    Chicago, IL 60606
    Phone: (312) 300-4484
    Fax: (312) 674-7423
    tradunsky@devoreradunsky.com
    jdevore@devoreradunsky.com
    kmusick@devoreradunsky.com

    *Attorneys for Defendants*

DATED: May 7, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **JOINT STATUS REPORT IN RESPONSE TO 4/30/2024 ORDER** was served via CM/ECF on May 7, 2024 upon all counsel of record.

/s/ XXXXXXXXXX
XXXXXXXXXXXX