# **ADDENDUM F**

*Defendants' Counsel's Email Sent to Plaintiff's Counsel on Tuesday, May 7, 2024 at 4:42 pm CT (stating "position" that Joint Status Report could be filed later than May 7, 2024) with second round of changes to draft "Joint Status Report"*

| | |
|---|---|
| **From:** | Zachary Stillman <zstillman@devoreradunsky.com> |
| **Sent:** | Tuesday, May 7, 2024 5:42 PM |
| **To:** | Miscimarra, Philip A.; Troy Radunsky |
| **Cc:** | Jason DeVore; Hill, Melissa D.; Hawkins, Brent A.; Russell, Matthew A.; Law Clerks |
| **Subject:** | Re: Additional Reminder - Please Respond Promptly - Follow Up re Draft Joint Status Report and Other Issues - Henneberg v. Dart et al., No. 1:19-cv-07380 (N.D. Ill.) (Inadmissible) |
| **Attachments:** | Joint Status Report 5.7.24 4 36 PM.docx |

[EXTERNAL EMAIL]
Phil

Apologies for the delay, we were finishing up further revisions to the JSR.

We take the position that it would not be a major issue with the Court if the JSR were to be filed tomorrow, or even Thursday, should it be needed. Particularly so if we file a simple joint motion for extension of time before the end of the day today indicating that we are working together to come to an agreement as to the contents of the Report and need a little additional time.

We also strongly feel that there is no need to separately brief the Court on any issues with regard to the proposed case schedules. Parties regularly include opposing stances in their JSRs for consideration and resolution by the Court. There is no reason each of us cannot briefly assert the reasons for our desired timelines in the JSR for consideration. Should the Court itself invite a separate briefing, or should you file your own Motion next week on May 14, we would Respond, but otherwise we will be asserting our stance in the JSR and invite you to take your time and do the same.

Please see attached redlined version of JSR with our revisions.

I am happy to file a Motion for Extension of Time today if you need additional time to incorporate Plaintiff's stance on the issue. Please let me know as soon as possible and I can do so.

Thank you,
Zachary

## Zachary Stillman

Associate Attorney • DeVore Radunsky LLC

Direct: (312) 300-4485 • Office: (312) 300-4479
zstillman@devoreradunsky.com
230 W Monroe, Ste 230
Chicago, IL 60606

*Licensed to Practice in Illinois*

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Inadmissible - Exchanged in Context of Settlement
5/7C/2024 DRAFT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, | |
| Plaintiff, | Case Nos. 19-cv-07380 |
| | 19-cv-07382 |
| v. | 19-cv-07883 |
| TOM DART, et al. | Honorable Jeremy C. Daniel |
| Defendants. | |

## JOINT STATUS REPORT IN RESPONSE TO 4/30/2024 ORDER

Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., Correctional Officer Jorge Arias, and Cook County, Illinois, by their respective attorneys, submit this Joint Status Report responding to the Court's April 30, 2024, Order ("Order"), which stated: "The parties shall file a joint status report on or before May 7, 2024. The status report should address any remaining discovery, any pending motions, and the schedule for the case." (Dkt. #176, link [here](#)).

Part I below presents each Party's latest proposed Adjusted Case Schedule, upon which the Parties' have unsuccessfully attempted to reach agreement following the Court's February 21, 2024, discovery rulings, and the Plaintiff has proposed that, on or before Tuesday, May 14, 2024, each Party will submit a memorandum in support of its respective proposed Adjusted Case Schedule. Part II below provides a report on outstanding discovery issues, about which the Parties' have unsuccessfully attempted to reach agreement following the Court's February 21, 2024 hearing and discovery rulings ("February 21 Discovery Rulings"), and the Parties have agreed that, on or before Tuesday, May 14, 2024, Plaintiff will file any relevant Motions regarding remaining issues about which Plaintiff believes he is entitled pursuant to the Court's February 21, Discovery Rulings.

Defendants do not anticipate filing a motion regarding the schedule or discovery disputes but may wish to respond to any motion(s) filed by Plaintiff.

## I. Parties' Positions on Adjusted Case Schedule

After this Court's February 21[1] Discovery Rulings and the Court's March 14 hearing regarding the deposition of incarcerated inmate Robert Barker (which occurred on April 19), the Parties had numerous exchanges involving their efforts to reach agreement on an Adjusted Case Schedule on March 14 and 18, April 2, 12, 16, 19, 22, and the Parties' counsel engaged in a meet-and-confer discussion in a videoconference held on April 30. (In fact, the Parties' meet-and-confer session was being conducted at the time that the Court issued its April 30 Order.)

The Parties have been unable to reach agreement on an Adjusted Case Schedule, in part based on the discovery issues identified in Part II below. Regarding the Adjusted Case Schedule, the Parties have agreed that, on or before Tuesday, May 14, 2024, Plaintiff will file any relevant Motions regarding remaining issues about which Plaintiff believes he is entitled pursuant to the Court's February 21, Discovery Rulings. Defendants may file a response, in accordance with any orders of this Court.

### A. Plaintiff's Proposed Adjusted Case Schedule

Plaintiff's counsel has proposed the following Adjusted Case Schedule, which is unacceptable to Defendants:

1. May 31, 2024: Defendants' production of subset of 588 inmate grievance documents for the period 2017-2019.

2. May 31, 2024: Defendants to produce incident reports or comparable documents and/or data reflecting phone-related inmate assaults occurring from January 1, 2010, to December 31, 2014. These incident reports, documents and/or data may be disclosed in

---

[1] All dates in this Joint Status Report refer to 2024 unless otherwise noted.

    an Excel spreadsheet containing similar information to what Defendants previously provided for the period 2015-2019.

3. <u>May 31, 2024</u>: Defendants to produce requests for documents that reflect, relate, or pertain to requests and arrangements for inmate eyeglasses and optometrist appointments for the period 2015-2019.

4. <u>May 31, 2024</u>: Defendants to produce policies, training materials, and reports related to (i) responding to inmate safety concerns; (ii) Cook County Jail's and Cermak's diagnosis, treatment, and monitoring of inmate vision-related issues at the Cook County Jail; (iii) Sheriff Dart's responsibilities and management; and (iv) complaints from inmates, including Plaintiff, concerning fights, assaults, or altercations related to phones, control or restrictions on phone use by inmates or gang members, gang violence, the "Latin Kings," or other issues involving phone restrictions or phone-related safety issues at the Cook County Jail.

5. <u>June 21, 2024</u>: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 1 through 4 above.

6. <u>July 3, 2024</u>: Parties to submit motions regarding unresolved discovery disputes, if any, concerning the items set forth in paragraphs 1 through 4 above.

7. <u>July 15, 2024</u>: Plaintiff shall advise Defendants of the relevant subsets of "Incidents" involving phone-related inmate assaults occurring from January 1, 2010 to December 31, 2014 for which Defendants shall produce (on July 18, 2024) (i) "pdf" versions of Incident Reports or other documents (if relevant data is not provided in the form of an Excel spreadsheet like what Defendants previously provided for the period 2015-2019), and (ii) "Inmate Grievance" documents for the same 2010-2014 period. If a dispute arises regarding the sufficiency of Defendants' production (on April 18, 2024) of incident reports, documents and/or data reflecting phone-related inmate assaults occurring from January 1, 2010 to December 31, 2014, this deadline shall be moved to a later date consistent with the dispute's resolution.

8. <u>August 7, 2024</u>: Defendants' production of "pdf" "Incident Reports" and "Inmate Grievance" documents for the 2010-2014 period based on the subsets of "Incidents" identified by Plaintiff (referenced in paragraph 7 above).

9. <u>August 20-September 13, 2024</u>: (a) Plaintiff to take Scott Jakubowski's deposition (in-person), (b) each side to take Robert Barker's deposition (virtually), and (c) Parties to take any remaining non-expert depositions. Deposition dates shall be worked out in good faith by mutual agreement during this period.

10. <u>September 30, 2024</u>: Parties to serve all other supplemental, non-expert discovery requests (if any).

11. <u>October 30, 2024</u>: Parties must respond to all supplemental, non-expert discovery requests (if any).

12. <u>November 13, 2024</u>: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 7 through 11 above.

13. <u>November 29, 2024</u>: Parties to submit motions regarding unresolved discovery disputes, if any, concerning the items set forth in paragraphs 7 through 11 above.

14. <u>December 16, 2024</u>: Parties to identify experts (if any) and produce expert reports.

15. <u>January 6-31, 2025</u>: Expert written discovery to be completed and expert depositions to be taken. Deposition dates shall be worked out in good faith by mutual agreement during this period.

16. <u>February 7, 2025</u>: Parties to meet and confer at noon CT regarding any discovery disputes concerning the items set forth in paragraphs 14-15 above.

17. <u>February 21, 2025</u>: Deadline (if needed) for the Parties to submit discovery disputes to the Court concerning the items set forth in paragraphs 14-15 above.

18. <u>March 7, 2025</u>: Close of all non-expert and expert discovery (except as adjusted based on the Court's resolution of any discovery disputes).

19. <u>March 28, 2025</u>: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).

20. <u>April 25, 2025</u>: Parties to file opposition briefs to summary judgment (to be filed concurrently).

21. <u>May 9, 2025</u>: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

**B. Defendants' Position on Discovery Disputes & Proposed Adjusted Case Schedule**

With respect to Item No. 1 of "Plaintiff's Proposed Adjusted Case Schedule", Defendant Sheriff wishes only to clarify that the production is not of 588 actual *grievances*, but over 1000 documents, based on a manual review of approximately 588 *incident reports*. Defendant Sheriff wants the Plaintiff and the Court to understand this distinction, because the task requires a manual review of each incident report, and an individual name search for every detainee involved in the incident report, simply to see whether each detainee has filed a grievance. Then, those grievances must be downloaded. We anticipate that this will result in closer to 1000 grievances, assuming that more than one detainee filed a grievance in each fight incident. The Sheriff is working to collect

these items, but this manual entry of each name, pulling and downloading of grievances, takes a lot of time. That is why Defendant Sheriff disagrees on the date in Item 1.

Defendants have no dispute with the *timing* of Numbers 2, 7, 8, and 9, in Plaintiffs Proposed Adjusted Case Schedule, but rather have submitted that the production is not possible because a searchable dataset does not exist. Defendants are aware that the Court's February 21 Order stated in part: "the plaintiff's motion to compel incident and grievance reports from 2010 to 2014 is granted in that the defendants must produce a summary spreadsheet containing the information contained in the incident reports (similar to the prior production covering 2015-2019)." Defendant Sheriff has now advised Plaintiff that, for this earlier period of 2010 to 2014, it is not possible to "produce a summary spreadsheet containing the information contained in the incident reports," similar to the prior production covering 2015-2019. The data for this prior period was kept in a different (and outdated) computerized system that does not allow for similar searches or exporting of data. There is simply no way to generate any spreadsheet or summary of data for 2010-2014 incident reports.

With respect to detainee/inmate grievances, Defendant Sheriff has also made clear that document retention laws resulted in the CCSO no longer having paper records for some incident reports and grievances. Defendant Sheriff has also advised that:

- No paper documents regarding inmate grievances for 2010 are available.
- Imaged documents reflecting inmate grievances for the 2011-2014 period are not text searchable or filterable.
- For the 2011 to 2014 period, there are thousands of images that may be viewed, but which cannot be filtered in the same manner as grievances can be filtered for the 2017-present period.

-5-

- There are over 15,000 imaged documents (meaning at least double in page count) and these grievance-related documents would be available to be "locally reviewed," for relevant materials that would be then fully produced. Defendants have no objection to making these documents available to Plaintiff.

As to Item 3, Defendant Sheriff wishes to make clear the that the Sheriff has no responsive documents "that reflect, relate, or pertain to requests and arrangements for inmate eyeglasses and optometrist appointments for the period 2015-2019" because the Sheriff does not maintain or have access to documents concerning health care, including health search request forms or eye exams. Any optometrists or other providers would also have been in the employ of Cook County Health, not the Sheriff. Therefore, Defendant Sheriff believes there is no active dispute with respect to the Sheriff's production of the requested items.

With respect to No. 4 of Plaintiff's Proposed Adjusted Case schedule, Defendants' dispute is not with the timing, but rather substantive, and Defendants believe the parties are at an impasse. Defendants have no objection to producing policies, training materials, and reports related to (i) responding to inmate safety concerns; (ii) Cook County Jail's and Cermak's diagnosis, treatment, and monitoring of inmate vision-related issues at the Cook County Jail; (iii) Sheriff Dart's responsibilities and management, as requested in No. 4. Defendants believe that some of this matter has already been produced. (In addition, the Order stated that "the Court…. understands that the defendants have produced some (if not all) responsive documents. (Dkt #167.)) Defendants will confirm whether any additional policies exist and can produce them in a timely fashion. But Defendants believe that part (iv) of Plaintiff's No. 4 misrepresents parts of the Court's February order and do not believe that an additional search project for incident reports was ordered, or that it

is even necessary, given the search or and production of incident reports to date. The parties are at an impasse as to whether this (iv) search was ordered, and Defendants stand on their prior objections to this request.

<u>These substantive issue and updates aside, the remaining disputes appear to be disputes over the feasibility of particular dates/deadlines.</u> It was also Defendants' understanding that the Court did not wish to see a schedule of all potential meet and confers, but rather expected counsel for each side to be accommodating and meet as necessary.

Defendants' counsel initially proposed the following Adjusted Case Schedule:

1. <u>June 7, 2024</u>: Defendants Production of Parts 1-3, 7, of Court's 2.21.24 Order.
2. <u>July 15, 2024</u>: Plaintiff to take Scott Jakubowski's deposition (in-person)
3. <u>July 31, 2024</u>: All non-expert discovery complete
4. <u>August 1, 2024:</u>   Plaintiff to Disclose Experts
5. <u>September 15, 2024</u>: Plaintiff Expert Depositions complete
6. <u>October 20, 2024</u>:  Defendant to Disclose Experts
7. <u>December 15, 2024</u>: Defendants Experts Depositions Complete
8. <u>January 14, 2025</u>: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).
9. <u>February 14, 2025</u>: Parties to file opposition briefs to summary judgment (to be filed concurrently).
10. <u>March 1, 2025</u>: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

In an effort to show cooperation, Defendants are willing retract its proposed 4 through 10, and instead, to abide by the following dates which appear under Plaintiff's Proposed Adjusted Case Schedule, above.

- <u>December 16, 2024</u>: Parties to identify experts (if any) and produce expert reports.

- <u>January 6-31, 2025</u>: Expert written discovery to be completed and expert depositions to be taken. Deposition dates shall be worked out in good faith by mutual agreement during this period.

- <u>March 28, 2025</u>: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).

- <u>April 25, 2025</u>: Parties to file opposition briefs to summary judgment (to be filed concurrently).

- <u>May 9, 2025</u>: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

Such a compromise would allow completion of any dispositive motions by May 2025, as follows:

1. <u>June 7, 2024</u>: Defendants Production of Parts 1-3, 7, of Court's 2.21.24 Order.

2. <u>July 15, 2024</u>: Plaintiff to take Scott Jakubowski's deposition (in-person)

3. <u>July 31, 2024</u>: All non-expert discovery complete.

4. <u>December 16, 2024</u>: Parties to identify experts (if any) and produce expert reports.

5. <u>January 6-31, 2025</u>: Expert written discovery to be completed and expert depositions to be taken. Deposition dates shall be worked out in good faith by mutual agreement during this period.

6. <u>March 28, 2025</u>: Parties to file summary judgment motions and supporting briefs (to be filed concurrently).

7. <u>April 25, 2025</u>: Parties to file opposition briefs to summary judgment (to be filed concurrently).

8. <u>May 9, 2025</u>: Parties to file reply briefs in support of summary judgment (to be filed concurrently).

## II. Plaintiff's Outstanding Discovery Issues

Both Parties conducted the deposition of incarcerated inmate Robert Barker (who engaged in the assault against Plaintiff which, in part, gives rise to the instant case) on April 19. However, in addition to the Parties' disagreement regarding the Adjusted Case Schedule (addressed in Part I above), the Parties have identified the following disputes regarding the extent of Defendants' duty to comply with the Court's February 21, Discovery Rulings, and the inability to resolve these issues prevents the Parties from being more specific regarding other discovery that may or may not be appropriate this action. Therefore, the Parties have agreed that, on or before Tuesday, May 14, 2024, Plaintiff will file any relevant Motions regarding remaining issues about which Plaintiff believes he is entitled pursuant to the Court's February 21, Discovery Rulings. Defendants may file a response, in accordance with any orders of this Court.

### A. Relevant "Incidents" and Grievances for 2010-2014 Period

Regarding telephone-related assaults between January 1, 2010 and December 31, 2014, the Court's February 21 Discovery Order (Dkt. #167, link here) stated in part: "the plaintiff's motion to compel incident and grievance reports from 2010 to 2014 is granted in that the defendants must produce a summary spreadsheet containing the information contained in the incident reports (similar to the prior production covering 2015-2019)." *See also* transcript of February 21 hearing (Dkt. #169, link here). Defendants have now advised Plaintiff that no "incident reports" exist for the 2010-2014 period; no documents regarding inmate grievances for 2010 are available in any form, and images of documents relating to inmate grievances for the 2011-2014 period are "not text searchable or filterable by ANY measure or category" and these grievance-related documents would be available for "local review," through which process relevant materials desired for production would be identified and noted for ultimate full production to Plaintiff. On or before Tuesday, May 14,

2024, Plaintiff will file any relevant Motions regarding remaining issues about which Plaintiff believes he is entitled pursuant to the Court's February 21, Discovery Rulings. Defendants may file a response, in accordance with any orders of this Court.

**B. Other Disputes Regarding Court's February 21 Discovery Rulings**

The Parties' have other disputes regarding the scope of the Court's February 21 Discovery Rulings, which are reflected in the Parties' different descriptions set forth the Parties' respective Adjusted Case Schedules set forth in Part I above. Therefore, the Parties have agreed that, on or before Tuesday, May 14, 2024, Plaintiff will file any relevant Motions regarding remaining issues about which Plaintiff believes he is entitled pursuant to the Court's February 21, Discovery Rulings. Defendants may file a response, in accordance with any orders of this Court. The inability to resolve these issues prevents the Parties from being more specific regarding other discovery that may or may not be appropriate this action.

Respectfully submitted,

By: */s/ Philip A. Miscimarra*
PHILIP A. MISCIMARRA
MARIA E. DOUKAS
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

*Attorneys for Plaintiff*

By: */s/ Jason Edward DeVore*
JASON E. DEVORE ARDC No. 6242782
TROY S. RADUNSKY ARDC No. 6269281
DEVORE RADUNSKY LLC
230 W Monroe St, Ste 230
Chicago, IL 60606
Phone: (312) 300-4479
Fax: (312) 674-7423
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com

*Attorneys for Defendants*

DATED: May 7, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **JOINT STATUS REPORT IN RESPONSE TO 4/30/2024 ORDER** was served via CM/ECF on May 7, 2024 upon all counsel of record.

/s/ XXXXXXXXXX
XXXXXXXXXXXX