# Morgan Lewis

**Philip A. Miscimarra**
Partner
+1.202.739.5565 (Washington DC)
+1.312.324.1165 (Chicago)
philip.miscimarra@morganlewis.com

July 3, 2024

**Filed and Served on Opposing Counsel via ECF System**

The Honorable Jeremy C. Daniel
District Judge
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

RE:  Request for Resolution of 2 Discovery Disputes – Henneberg v. Dart et al.
       Case No. 1:19-cv-07380

Dear Judge Daniel:

Plaintiff Donald Henneberg files this letter pursuant to the Court's 5/15/2024 Order (Dkt. 181), and respectfully asks the Court to resolve the two discovery disputes described below.

**1. Request for Leave to Serve 5 Additional Interrogatories on Defendants Dart and Cook County**.  Plaintiff seeks to serve 5 additional interrogatories each on two parties – Defendants Dart and Cook County – seeking information in 5 areas:  (1) the *names and related information for persons responsible for Cook County Jail medical/vision screening and care* during the 2010-2019 period; (2) the identification of *policies, procedures, rules, restrictions and/or requirements that applied to medical/vision screening and care* during the 2010-2019 period; (3) the *names and related information for the officials responsible for policies, procedures, rules, restrictions and/or requirements that applied to telephones used by Cook County Jail inmates* during the 2010-2019 period; (4) the *identification of policies, procedures, rules, restrictions and/or requirements that applied to telephones used by inmates* during the 2010-2019 period; and (5) *disciplinary action against Defendant Dart and/or other employees based on telephone-related inmate assaults at County Jail and/or problems relating to telephone-related policies, procedures, rules, restrictions and/or requirements* during the 2010-2019 period.

These 5 additional interrogatories for each of the two defendants include a number of subparts, and would exceed a total of 25 interrogatories that have been served from the inception of this case.  However, pursuant to FRCP Rule 26(b)(1) and (2), Plaintiff seeks leave for the service of these 5 additional interrogatories for two reasons.  First, new interrogatories 1-4 are similar to interrogatories previously served on Defendants Dart and Cook County except (i) the prior interrogatories related to the period 2015-2019, (ii) the Court has now ruled that the period 2010-2019 is relevant in this action (see 2/21/2024 Order, Dkt. 167), and (iii) Plaintiff believes that, even for the period 2015-2019, Defendants' prior responses were not complete.  Second, the new interrogatories are narrowly drafted, and they seek information that is clearly relevant to

Morgan, Lewis & Bockius LLP

1111 Pennsylvania Avenue, NW     T +1.202.739.3000
Washington, DC 20004-2541          F +1.202.739.3001

110 North Wacker Drive                  T +1.312.324.1000
Chicago, IL 60606-1511                   F +1.312.324.1001
United States

Page 2

Plaintiff's claims relating to medical/vision care and telephone-related inmate assaults. After Plaintiff gave Defendants' counsel draft copies of the two sets of 5 additional interrogatories (which are attached as Exhibit 1 and Exhibit 2), counsel for Plaintiff and Defendants participated in a July 2, 2024 meet-and-confer session, and – absent a Court order granting Plaintiff leave to serve these interrogatories – Defendants indicated they will not consent to service of them.

**2. Defendants' Refusal to Complete the Production of Grievances Relating to Phone-Related Assaults that Occurred in 2017-2019**. This Court's 2/21/2024 Order (Dkt. 167) ruled that Plaintiff's "motion to compel grievance reports is granted with respect to grievances filed between 2017 and 2019." Therefore, the Court has ordered Defendants to identify and produce all inmate grievances connected to the phone-related inmate assaults reflected in incident reports for a three year period (2017, 2018 and 2019). In an exchange of emails on June 14 and June 18, 2024, Defendants advised Plaintiff that Defendant Dart (the Cook County Sheriff's Office) has done roughly one-third of work to produce grievances involving phone-related assaults for 2017, 2018 and 2019, and Defendant Dart decided it was too "laborious" to complete the remaining two-thirds of this work. Instead, Defendants now argue that Plaintiff must do all of this work by arranging for "the original paper copies of all 2017-2019 grievances" to be accessed by "a professional copy service," by having electronic copies made of the "original paper copies," by returning the "paper copies" to Defendant Dart, and by having Plaintiff then do the actual work of reviewing all of these handwritten grievances.

As indicated in Plaintiff's counsel's June 18, 2024 email, multiple considerations warrant ordering Defendant Dart to have Cook County Sheriff's Office ("CCSO") personnel complete the process of identifying and producing these grievances for 2017, 2018 and 2019. First, this Court's order (Dkt. 167) *requires* the Sheriff's Office to do the manual work associated with producing all of the grievances associated with incident reports reflecting phone-related assaults in 2017, 2018 and 2019. Second, the time period was already reduced – to 2017-2019 rather than 2015-2019 – to accommodate the Defendants' burdensomeness objection. Third, it is self-contradictory for Defendant Dart to argue it is unduly burdensome for his staff to do the remaining two-thirds of the work associated with identifying and producing these grievances when, if this work becomes Plaintiff's responsibility, Plaintiff would then be required to do more than *twice* the amount of work that Defendant Dart's own staff has devoted to these grievances. Fourth, Defendant Dart *agreed* to do this work *more than 1-1/2 years ago* for the *entire* 2015-2019 period, which was then ordered by Judge Sara Ellis at a hearing held on January 4, 2023 while she was presiding over this case. Finally, during the January 4, 2023 hearing, Judge Ellis sharply criticized Sheriff Dart for maintaining a non-computerized recordkeeping system while relying on claimed deficiencies in the same system as a basis for refusing to engage in discovery. Judge Ellis' criticisms from the January 4, 2023 hearing are quoted at length in Plaintiff's counsel's 6/18/2024 email to Defendants. *See* Exhibit 3. Counsel for Plaintiff and Defendants participated in a July 2, 2024 meet-and-confer session regarding these issues, and the parties are unable to resolve this dispute.

Very truly yours,

*Philip A. Miscimarra*
Philip A. Miscimarra

Attachments: Exhibits 1, 2 and 3 (as referenced above)