**<u>Exhibit 2</u>**

**Plaintiff's Third Set of Interrogatories to Defendant Cook County**
*<u>(draft copy transmitted to Defendants' Counsel on 6/24/2024 for review)</u>*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | Case No. 19-cv-07380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| TOM DART, et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S THIRD SET OF INTERROGATORIES**
**TO DEFENDANT COOK COUNTY (NOS. 31-35)**

Plaintiff Donald Henneberg, by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Defendant Cook County respond to the following Interrogatories separately and fully in writing and under oath. A copy of the answers and objections, if any, must be served on Plaintiff's counsel within thirty (30) days after the service of these Interrogatories.

**DEFINITIONS**

1.     "Cermak Health Services" includes, but is not necessarily limited to, Cermak Health Services located at 2800 S. California Avenue, Chicago, Illinois. Cermak Health Services includes, but is not necessarily limited to, the Cermak Health personnel that directly or indirectly provide health care services, oversee the provision of health care services, or perform any administrative function to facilitate the provision of medical care to inmates at Cook County Department of Corrections, including to Plaintiff.

2.     "Communication(s)" means, without limitation, any and all oral or written transmissions of information from one Person to another, including correspondence, presentations, any exchange of written or recorded information, face-to-face meetings or discussions, or electronic, facsimile or telephone transmissions.

3.      "Complaint" means the Second Amended Civil Rights Complaint filed by Plaintiff in the U.S. District Court for the Northern District of Illinois, Case No. 1:19-cv-07380.

4.      The terms "concerning," "relating," "referring," "reflecting," "regarding," and any forms thereof mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining to, being connected with, or relevant to a stated subject matter. As indicated, the terms necessarily include information which is in opposition to, as well as in support of, Defendants' position(s) and claim(s) in this action.

5.      "Cook County Department of Corrections" or "Cook County Jail" includes, but is not necessarily limited to, Cook County Department of Corrections located at 2700 S. California Avenue, Chicago, Illinois.

6.      "Document(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent, received, or made, or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, e-mails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document(s)" as used herein shall include without limitation correspondence, blueprints, memoranda, notes, diaries, letters, telegraphs, telegrams, telexes, e-mails, minutes, agendas,

contracts, reports, studies, checks, statements, receipts, summaries, pamphlets, circulars, press releases, advertisements, books, handbooks, manuals, inter-office and intra-office communications, handwritten or typewritten notes, notations or summaries of telephone conversations, meetings, or conferences, bulletins, computer printouts, databases, teletypes, telefax, invoices, worksheets, photographs, tape recordings, and all other tangible items of readable, recorded, or visual material of any kind.

7.     "Each," "All," and "Every" mean each and every.

8.     "Identify," "identifying," "identification," "describe," describing," or "description,":

a.     When referring to an individual, mean to state that individual's full name, present, or last known residence or present business address, telephone number, business or official affiliation, and job title.

b.     When referring to an event, mean to give the name of the event, its date, time, and location, to identify the participants in the event, and to describe the event in reasonable detail.

c.     When referring to a thing, mean to give, to the extent known, a full description of the thing, including, if applicable its make, model, and serial number, and its present or last known address or location.

d.     When used in connection with a Document or electronically stored information, mean to state the type of Document, title, date, author, present location, and the name and address of its custodian.  If a Document has been destroyed, state when and where it was destroyed, identify the Person or Persons who destroyed it and the Person or Persons who directed the destruction.  In lieu of identifying any Document, copies of the Document may be furnished.

3

9. "Incident" means the circumstances surrounding Plaintiff's altercation with and attack by inmate Robert Barker who had denied Plaintiff access to the inmate telephone system located within Division 10 at Cook County Jail in June 2019; any medical treatment Plaintiff received; any response from Defendants; and all other events involving Plaintiff that occurred during, between, or shortly after the events described above.

10. "Including" means including, but not limited to.

11. "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," You should produce all information about A and all information about B, as well as all information about A and B.

12. "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body, insurance entity, any group, or any other form of public or private business, non-business or legal entity.

13. "Plaintiff" refers to Donald Henneberg, plaintiff in the above-captioned action.

14. "Policy" and "Policies" shall mean any policy, protocol, procedure, practice, rule, routine, regulation, guideline, method, course or manner of action used by Cook County Jail, Cook County Sheriff's Department, or Cermak Health Services. This definition shall not be limited to Policies that exist in writing.

15. "Relevant Period" refers to the time period from January 1, 2010 to December 31, 2019 unless otherwise indicated.

16. "You" or "Your" means the addressee of these Requests, including any Person responding to these Requests on behalf of said addressee, as well as any and all predecessors, successors, subsidiaries, parents, branches, departments, divisions, or affiliates, including without limitation, any organization or entity in which Defendant has ownership management or controlling

interest, together with all agents, representatives, or any other Persons acting, or purporting to act, on behalf of the above identified Persons or entities.

17.     The singular form of a term includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense includes the present tense and vice versa.

18.     The masculine form of a term includes the feminine and vice versa.

## INSTRUCTIONS

1.     In responding to these Interrogatories, furnish all information available to You or within Your possession, custody, or control, including information in the possession of Your attorneys, or their investigators, and all Persons acting on Your behalf and not merely such information known of Your own personal knowledge.  If You cannot respond to the discovery in full after exercising due diligence to secure the information, answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions and the efforts You have undertaken to secure the information sought.

2.     Pursuant to the Rules, these Interrogatories shall be deemed to be continuing in nature so that if You, Your directors, officers, employees, agents, representative or any Persons acting, or purporting to act on behalf of You, subsequently discover or obtain possession, custody or control of any information previously requested, You shall promptly provide such additional information in supplemental answers.

3.     If You are asked to identify an individual, provide the individual's name, current or last known address, and phone number.

4.     If You are asked to identify a Document, provide the title and date of the Document, list all recipients of the Document, identify the individual(s) who prepared the Document, briefly

5

describe the subject matter of the Document, and state the present location of the Document and its present custodian. If any such Document was, but is no longer, in Your possession or subject to Your control, state what disposition was made of it and explain the circumstances surrounding such disposition, and state the date or approximate date thereof.

5.      If You are asked to identify an oral communication, provide the date and location of such communication, what each Person said or, if You cannot recall exactly, the substance of what each Person said, together with a statement that You cannot recall the exact statements.

6.      If an Interrogatory calls for a response as to which You claim any privilege, set forth each and every fact on which Your claim of privilege is based with sufficient specificity to permit the Court to make a determination as to whether Your claim of privilege is valid.

7.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each Interrogatory based on the knowledge and information that is currently available.

8.      Plaintiff reserves his right to supplement these Interrogatories or serve additional Interrogatories for the production of documents.

9.      Any Documents on which Your responses are based shall be furnished pursuant to Rule 34, including Documents available in electronic format, which shall be provided in a usable format that is identical to the original format.

## **INTERROGATORIES**

31.      Identify by complete name, position, employer, business address, business email address, and business phone numbers all persons who, on behalf of Defendant Cook County, have or at any point during the Relevant Period had, responsibility for (a) the initial booking intake and mental health screening process at Cook County Jail; (b) collecting, managing, storing, updating, processing, and reviewing inmates' medical records obtained at the time of booking; (c) providing

notice to inmates on how to request medical care, receiving medical requests from inmates, and processing inmates' medical requests; (d) providing inmates with medical or vision care, contacting medical or vision care providers, and scheduling medical or vision care appointments with providers within and outside of Cook County Jail; (e) facilitating medical or vision care services from external sources (i.e., not from within Cook County Jail); and (f) collecting, addressing, resolving, denying, or approving inmates' medical grievances during the Relevant Period. For each such person identified, identify his/her job responsibilities and the period of time the person(s) had involvement in or responsibility for such activities.

**ANSWER:**

32.     Identify any policies, procedures, rules, restrictions and/or requirements in effect during the Relevant Period for (a) conducting any initial booking intake and mental health screening process at Cook County Jail; (b) collecting, managing, storing, processing, and updating inmates' medical records obtained at the time of booking; (c) requesting medical or vision care at Cook County Jail; (d) scheduling and communicating medical or vision care appointments to inmates; (e) regulating, administering, and facilitating medical or vision care and related medical devices from sources outside of the correctional facility to inmates; and (f) collecting, investigating, adjudicating, and/or resolving medical grievances raised by inmates including the grounds for which grievances are approved or denied during the Relevant Period.

**ANSWER:**

33.     Identify by complete name, position, employer, business address, business email address, and business phone number, all persons who, on behalf of Defendant Cook County, have, or at any point during the Relevant Period had, responsibility for (a) preparing, adopting, revising, reviewing, and maintaining Cook County Jail's policies, procedures, rules, restrictions and/or requirements governing the use of telephones by inmates, monitoring or recording of calls, and

7

determining penalties for violations of any applicable Cook County Jail policies, procedures, rules, restrictions and/or requirements, including anyone responsible for ensuring compliance with policies, procedures, rules, restrictions and/or requirements; (b) supervising inmates' telephone usage, enforcing telephone usage policies, procedures, rules, restrictions and/or requirements (if any), and intervening in instances of physical violence or threats of violence by inmates concerning telephone usage in Cook County Jail; and (c) collecting, maintaining, addressing, and resolving inmates' grievances regarding the inmate telephone system and reports of violence or threats of violence related to inmates' telephone system usage. For each such person, explain what role he or she played, and during what period of time the person(s) had involvement in or responsibility for such activities.

**ANSWER:**

34. Identify the policies, procedures, rules, restrictions and/or requirements in effect during the Relevant Period for (a) regulating inmates' telephone system usage, monitoring or recording telephone calls, and the issuance of penalties for violations of the inmate telephone usage policies, procedures, rules, restrictions and/or requirements; (b) maintaining or reclaiming control over the inmate telephone system, enforcing policies, procedures, rules, restrictions and/or requirements governing the inmate telephone system usage, intervening in instances of physical violence or threats related to inmate telephone system usage, and responding to inmates' safety concerns when utilizing or attempting to utilize the inmate telephone system; and (c) obtaining, investigating, and resolving inmates' grievances regarding telephone usage, including the types of penalties provided for violations of telephone rules, policies, procedures, rules, restrictions and/or requirements, and additional precautionary measures taken in reaction to each incidence.

**ANSWER:**

35.     List, in detail, any disciplinary action involving Sheriff Dart or any other employees tasked with ensuring the fair, uninhibited, and safe usage by all inmates of the inmate telephone system during the Relevant Period. The disciplinary action can involve: counseling; criticism; warnings; reprimands; coaching; suspensions, employment terminations, or other types of formal or informal discipline; or adverse feedback.  For each instance, indicate the type of counseling, discipline or other adverse feedback received, what they were told they did wrong, what penalty was imposed, and the date this occurred.

**ANSWER:**

Dated:                                                      Respectfully submitted,

                                                            By: */s/ DRAFT*_____
                                                                Philip A. Miscimarra
                                                                Maria E. Doukas
                                                                Liza B. Fleming (*pro hac vice*)
                                                                Morgan, Lewis & Bockius LLP
                                                                110 N. Wacker Drive, Suite 2800
                                                                Chicago, IL 60606
                                                                Phone: 312.324.1000
                                                                Fax: 312.324.1001
                                                                philip.miscimarra@morganlewis.com
                                                                maria.doukas@morganlewis.com
                                                                liza.fleming@morganlewis.com

                                                                *Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing document was served via email on  upon all counsel of record.

<u>*/s/ DRAFT*        </u>
Philip A. Miscimarra