**Exhibit 3**

**Plaintiff's and Defendants' Counsel's Email Exchanges on 6/18/2024 and 6/14/2024**
*(addressing Defendant Dart's refusal to complete two-thirds of the work associated with producing inmate grievances relating to incident reports reflecting phone-related inmate assaults for 2017, 2018 and 2019)*

**Miscimarra, Philip A.**

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Tuesday, June 18, 2024 5:36 PM |
| **To:** | Zachary Stillman |
| **Cc:** | Jason DeVore; Troy Radunsky; Law Clerks; Hill, Melissa D.; Doukas, Maria E.; Hawkins, Brent A.; Russell, Matthew A.; Guyette, John |
| **Subject:** | Plaintiff's Response re Henneberg 2017-2019 Grievances - Defendants' Alternative Production Proposal (PRIVILEGED) |
| **Attachments:** | Henneberg v. Dart - Case 1:19-cv-07380 |

Dear Zach (and Jason and Troy):

This email addresses Zach's email sent last Friday, June 14, 2024, copied below, which stated that Defendant Dart (the Cook County Sheriff's Office) has produced grievances associated with roughly one-third of the incidents involving phone-related assaults between 2017 and 2019. However, Defendant Dart has concluded it is too "laborious" to complete the process of identifying and producing the grievances associated with the remaining two-thirds of those phone-related assaults. Zach's email proposes instead that <u>all</u> of this work be undertaken <u>by Plaintiff</u>. In fact, your proposal is that Plaintiff undertake substantially more work than what would be done by the Cook County Sheriff's Office ("CCSO") personnel if they simply complete the process that they started, which is also what the Court has ordered them to do.

We are always interested in discussing reasonable arrangements that can help facilitate discovery issues. However, the proposal in Zach's June 14 email is not reasonable, and Defendant Dart's obligations at this point do not merely arise from a discovery request, they arise from a Court order. Instead of agreeing to your proposal, we believe that Defendant Dart should deal with this issue by having CCSO personnel complete the process of identifying and producing the grievances associated with the remaining two-thirds of those phone-related assaults. We believe this is supported by three considerations.

First, Defendant Dart is subject to a <u>Court order</u> that <u>requires</u> the Sheriff's Office to do the manual work associated with producing all of the grievances associated with incident reports reflecting phone-related assaults in 2017, 2018 and 2019. This Court order <u>resolved</u> the prior dispute raised by Defendants regarding whether these grievance documents must be produced, after the parties' briefing on Defendants' Motion for a Protective Order the Plaintiff's Motion to Compel. The Court has concluded that these documents are relevant and appropriate for production by Defendants, notwithstanding the amount of work associated with producing these grievances. Indeed, the amount of work was taken into account by the Court when it substantially reduced the time period – to 2017-2019 rather than 2015-2019 – for which these documents must be produced. Plaintiff expects Defendant to comply fully with what the Court has ordered.

Second, instead of having the Sheriff's Department complete the grievance-related work that has already been started, your proposed alternative is to have Plaintiff undertake all of the work associated with Defendant Dart's discovery obligations. As expressed in Zach's email, Defendant Dart is proposing that Plaintiff arrange for all of "the original paper copies of all 2017-2019 grievances" to be accessed by "a professional copy service," which should then make digital copies of the "original paper copies," which should then be returned to Defendant Dart, and the Plaintiff should undertake the actual work of reviewing all of these handwritten grievances. As you have indicated over and over again, these grievances are not in digital form and, because they are handwritten, they cannot be converted into any digital searchable format. Again, instead of your proposal, we believe that Defendant Dart should deal with this issue by completing the work that having CCSO personnel complete the process of identifying and producing the grievances associated with the remaining two-thirds of those phone-related assaults.

Third, it is important to note that this entire arrangement – where Defendants would produce incident reports, a subset of which would be the basis for a manual search of relevant grievances – was first ordered by Judge Ellis when she was presiding over this case at a hearing held on January 4, 2023. During that hearing, Judge Ellis asked "how long do the defendants need to do the search of the incident reports, provide the underlying data . . . and then do the search of the grievances?" (Tr. 38). After consultation with the Sheriff's Office representatives – who Judge Ellis had ordered to be present – Jason DeVore stated:

> We conferred, and we can get the incident reports to plaintiff within 21 days. What we would propose is once those incident reports are provided that the plaintiff identify detainees within those reports, and at that point we can provide all grievances associated with those particular detainees.

Tr. 38 (emphasis added).

Instead of taking 21 days, we are now almost 18 months later, and the Defendants have continued to make the same argument over and over again that the unavailability of computer-based searching of grievances – relating to phone-related incident reports – means that the grievances should not be produced. All the way back to the January 4, 2023 hearing, Judge Ellis rejected this argument, and Judge Ellis – just like Judge Daniel – held that Defendant Dart cannot rely on his own record-keeping deficits to justify the non-disclosure of relevant documents. Indeed, Judge Ellis was sharply critical of the Cook County Sheriff's Office, and she stated:

> Every other system, at the MCC, at Kankakee County Jail, all the outlying jails that the federal criminal system uses, all of those grievances are done at a kiosk. You go over and you type it in and make your request, and it is sent electronically to the people that need it. It is saved in a database, and the database is searchable. It's not rocket science, nor is it more expensive than it is to have outside counsel sitting in a court hearing where the jail is paying for it because they don't keep records in a searchable format.
>
> * * *
>
> So I expect going that forward. I don't want to get any more: Well, we just don't keep documents that way, so you can't have anything.
>
> That's not going to fly, and the fact that every other correctional institution within the greater Chicagoland area that is not associated with the county or the state is able to keep documents in an electronic format, is able to keep medical records in an electronic format, is able to keep requests for medical care in an electronic format that is easily searchable and that can be held for years and years and years, and yet the county is not capable of doing that, that makes no sense to me whatsoever. All right? It's not an excuse as to why you can't produce things.

Tr. 22, 41 (emphasis added).

As a final matter, we intend to meet-and-confer with Defendants regarding your position that Defendants Dart and Cook County will not accept five additional interrogatories each that were summarized in my email dated June 6, 2024 (copy attached). My colleague John Guyette (copied) will be getting in touch with you regarding this issue. We are also still evaluating the sufficiency of Defendants' other discovery productions and responses, which will be the subject of additional emails and/or discussions in the near future.

I hope that everything else remains well with you.

Regards,

Phil

**Philip A. Miscimarra**
Morgan, Lewis & Bockius LLP

2

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
*Assistant:* April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
philip.miscimarra@morganlewis.com | www.morganlewis.com

---

**From:** Zachary Stillman <zstillman@devoreradunsky.com>
**Sent:** Friday, June 14, 2024 2:23 PM
**To:** Miscimarra, Philip A. <philip.miscimarra@morganlewis.com>
**Cc:** Jason DeVore <jdevore@devoreradunsky.com>; Troy Radunsky <tradunsky@devoreradunsky.com>; Law Clerks <LawClerks@devoreradunsky.com>; Hill, Melissa D. <melissa.hill@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Hawkins, Brent A. <brent.hawkins@morganlewis.com>; Russell, Matthew A. <matthew.russell@morganlewis.com>; MLB Henneberg Litigation <MLBHennebergLitigation@morganlewis.com>
**Subject:** Henneberg | 2017-2019 Grievances - Alternative Production Proposal

[EXTERNAL EMAIL]
Good Afternoon Phil,

As previously stated, we have now produced grievances (or documents showing a lack thereof) from detainees involved in 1/3 of the incidents from the subset of 496 incidents between 2017 and 2019.

This extremely laborious task took an entire month for CCSO employees to go through each incident, review those listed as involved, and to then pull any existing grievances for each such detainee. Unfortunately, CCSO simply cannot continue to spare this kind of excessive manpower with the number of other matters being handled by its staff. As discussed at the May 15, status hearing, should this production become too laborious, the Court recommended that we find a way to reasonably split the workload related to this production.

In that spirit, we have now determined that rather than spend another two months repeating this process for the remainder of the list, we can instead offer ALL grievances from 2017-2019. Since there is not a way to electronically pull ALL filed grievances from given years the way grievances are currently stored, we can instead offer the *original paper copies of all 2017-2019 grievances*. CCSO is aware of where these are all stored, they are accessible, and would be available to a professional copy service of your choice to pick up, make digital copies of, and return.

I do not have any actual figures in front of me, but I am guessing the total number of grievances from 2017-2019 should be lower than the number produced from 2011-2014.

Take note that this proposed plan would provide the remaining 2017-2019 grievances far earlier than we would be able to otherwise get them to you through the present process. If you are indeed interested in a production as described, please let us know and we can start looking into the number of boxes the grievances are stored in and/or the total number of grievances.

Please let us know your availability over the next week and a half for a meet and confer regarding this, if desired.

Please also let us know your thoughts on potentially providing draft interrogatories that you wish to issue for us to determine whether there is extensive overlap with previous requests. This was discussed with Maria at this week's appearance.

We look forward to hearing your thoughts on this proposal.

Thanks!
Zach



### Zachary G. Stillman
Associate Attorney • DeVore Radunsky LLC

Direct: (312) 300-4485 • Office: (312) 300-4479
[zstillman@devoreradunsky.com](mailto:zstillman@devoreradunsky.com)
230 W Monroe, Ste 230
Chicago, IL 60606

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.