UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, | |
| Plaintiff, | Case Nos. 19-cv-07380 |
| | 19-cv-07382 |
| v. | 19-cv-07883 |
| TOM DART, et al. | Honorable Jeremy C. Daniel |
| Defendants. | |

**DEFENDANTS' STATUS REPORT**

Defendants Sheriff Thomas Dart, Susan Shebel, R.N., Correctional Officer Jorge Arias, and Cook County, Illinois, submit this Status Report responding to the Court's July 9, 2024 Order, which stated: "Joint status report due August 8, 2024; the status report shall address any remaining discovery issues and provide a timeline for the close of fact discovery." (Dkt. 189.) Defendants sent their revisions to the received joint status report to Plaintiff, but Plaintiff did not agree with the revisions to the proposed discovery schedule, therefore the parties are filing their own status reports. Defendants therefore set forth below a summary of the collective efforts to advance fact discovery and the issues that remain outstanding, followed by their proposed timeline for the close of fact discovery.

**I.      Status of Ongoing Fact Discovery and Summary of Outstanding Issues**

**A.      Written Discovery**

Plaintiff issued his Third Set of Requests to Produce Documents to Defendants on June 21, 2024. Defendants served their responses and objections to Plaintiff's requests on July 30, 2024, and Defendants produced five additional documents (approx. 17 pages). Plaintiff continues to evaluate the sufficiency of Defendants' responses to these requests and will attempt to resolve with Defendants any potential disputes without need for the Court's intervention.

Plaintiff also issued five additional interrogatories to Defendants on July 11, 2024, as permitted by the Court's July 9, 2024 order (Dkt. 189). Defendants' responses and objections to such interrogatories were served on Plaintiff's Counsel on August 8, 2024.

### B. Collection and Review of Additional Document Productions

Plaintiff continues to review and evaluate Defendants' various document productions. Specifically, Plaintiff continues to work through the roughly 300,000 pages of documents Defendants produced in May 2024, as summarized in the Court's minute entry on May 15, 2024 (Dkt. 181), and further described in Plaintiff's latest status update on July 31, 2024 (Dkt. 190). As noted in the July 31, 2024, update, Plaintiff has identified certain questions about this production, but expects to resolve these and any others with Defendants without need for Court involvement.

Plaintiff also has been collaborating with Defendants' counsel to facilitate the collection and review of grievances related to phone-related assaults during the period of 2017 through 2019, as reflected in the Court's July 9, 2024 order (Dkt. 189). Defendants have reported to Plaintiff that, for the three years from 2017-2019, there are a combined total of around 50,000 grievances in 48 separate boxes. The Parties continue to evaluate and discuss the most efficient and cost-effective way to collect these materials and identify those relevant to this case. They hope to address this in a mutually agreeable manner and without need for Court intervention.

### C. Other Outstanding Issues

After completing discovery that is currently outstanding or pending review, the Parties anticipate there will be follow-up discovery and depositions relating to incidents reflected in reports, grievances and other documents produced by Defendants, relevant policies, the identification of responsible personnel, and potential third-party discovery, among other things.

## II. Proposed Timeline for the Close of Fact Discovery

To start, the Parties appreciate the Court's attention to this case and believe that continuing holding a monthly status hearing, as the Court has done over the past several months, has been extremely productive and helpful, and the Parties' proposed timeline for the close of fact discovery assumes that the Court will be willing to continue this practice through the close of Fact Discovery. This process allows the Parties to update the Court on the progress of discovery and raise any potential disputes in an efficient and timely manner. This also permits the Parties to propose a case schedule without including interim deadlines for discovery motions and related events. With the assumption that the Court will continue monthly hearings, the Parties propose the following timeline from the present through the close of fact discovery, which the Parties submit should be scheduled to occur nine months from the date of this Joint Report.

1. September 30, 2024: Deadline for completing work associated with the review of grievance documents and other documents produced by the Defendants in the past several months, and for cost-sharing payments to be made.

2. February 28, 2025: Deadline for completion of all non-expert discovery.

Respectfully submitted,

By: */s/ Jason Edward DeVore*
JASON E. DEVORE ARDC No. 6242782
TROY S. RADUNSKY ARDC No. 6269281
DEVORE RADUNSKY LLC
230 W Monroe St, Ste 230
Chicago, IL 60606
Phone: (312) 300-4479
Fax: (312) 674-7423
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on August 8, 2024 upon all counsel of record.

/s/ *Zachary Stillman*
Zachary Stillman
