**Exhibit 1**

**Defendant Thomas Dart's Response to Plaintiff's Third Set of Interrogatories**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | Case No. 19-cv-07380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| TOM DART, et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHERIFF THOMAS DART'S ANSWERS TO
PLAINTIFF'S THIRD SET OF INTERROGATORIES (NOS. 32-36)**

Defendant Sheriff Thomas Dart by and through his counsel, Troy Radunsky & Jason DeVore, pursuant to the Court's July 9, 2024, order (ECF No. 189), and Rules 26 and 33 of the Federal Rules of Civil Procedure, for his Answers to Plaintiff's Third Set of Interrogatories, states as follows:

**INTERROGATORIES**

32. Identify by complete name, position, employer, business address, business email address, and business phone numbers all persons who, on behalf of Defendant Tom Dart, have or at any point during the Relevant Period had, responsibility for (a) the initial booking intake and mental health screening process at Cook County Jail; (b) collecting, managing, storing, updating, processing, and reviewing inmates' medical records obtained at the time of booking; (c) providing notice to inmates on how to request medical care, receiving medical requests from inmates, and processing inmates' medical requests; (d) providing inmates with medical or vision care, contacting medical or vision care providers, and scheduling medical or vision care appointments with providers within and outside of Cook County Jail; (e) facilitating medical or vision care services from external sources (i.e., not from within Cook County Jail); and (f) collecting, addressing, resolving, denying, or approving inmates' medical grievances during the Relevant Period. For each such person identified, identify his/her job responsibilities and the period of time the person(s) had involvement in or responsibility for such activities.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, overly broad, unduly vague, and seeking information not reasonable related to the claims or defenses of any party,**

1

**not proportionate to the needs of the case. Defendant Sheriff also objects on account of the referenced relevant time period going back to 2010, which is extremely overburdensome and unreasonable.**

**(a)-(f): Defendant Sheriff additionally objects to these Interrogatories as medical care for detainees is provided by Cermak Health Services, a division of the Cook County Health and Hospital system pursuant to Article V of the Cook County Code of Ordinances, entitled Cook County Health and Hospitals System. The sheriff does not control Cermak or its employees or the medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records. Employees of Cermak Health Services, including medical and mental health care providers are NOT employees of the Cook County Sheriff. Defendant Sheriff does not maintain or have access to detainee medical records or to Cermak employee records. Defendant Sheriff has no records responsive to this request.**

33. Identify any policies, procedures, rules, restrictions and/or requirements in effect during the Relevant Period for (a) conducting any initial booking intake and mental health screening process at Cook County Jail; (b) collecting, managing, storing, processing, and updating inmates' medical records obtained at the time of booking; (c) requesting medical or vision care at Cook County Jail; (d) scheduling and communicating medical or vision care appointments to inmates; (e) regulating, administering, and facilitating medical or vision care and related medical devices from sources outside of the correctional facility to inmates; and (f) collecting, investigating, adjudicating, and/or resolving medical grievances raised by inmates including the grounds for which grievances are approved or denied during the Relevant Period.

**ANSWER: (a)-(f) Defendant Sheriff objects to these Interrogatories as medical care for detainees is provided by Cermak Health Services, a division of the Cook County Health and Hospital system pursuant to Article V of the Cook County Code of Ordinances, entitled Cook County Health and Hospitals System. The sheriff does not control Cermak or its employees or**

2

> **the medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records. Defendant Sheriff does not maintain or have access to detainee medical records or to Cermak employee records. Defendant Sheriff is not the custodian of Cermak or Cook County health records or policies and plays no role in medical/mental health examinations/screening; collecting, managing, storing, processing, or updating inmates' medical records; providing medical or vision care; scheduling medical or vision care appointments; facilitating / regulating outside medical devices or appointments; or addressing/resolving medical requests forms from inmate, Defendant Sheriff has no records responsive to this request.**

34. Identify by complete name, position, employer, business address, business email address, and business phone number, all persons who, on behalf of Defendant Tom Dart, have, or at any point during the Relevant Period had, responsibility for (a) preparing, adopting, revising, reviewing, and maintaining Cook County Jail's policies, procedures, rules, restrictions and/or requirements governing the use of telephones by inmates, monitoring or recording of calls, and determining penalties for violations of any applicable Cook County Jail policies, procedures, rules, restrictions and/or requirements, including anyone responsible for ensuring compliance with policies, procedures, rules, restrictions and/or requirements; (b) supervising inmates' telephone usage, enforcing telephone usage policies, procedures, rules, restrictions and/or requirements (if any), and intervening in instances of physical violence or threats of violence by inmates concerning telephone usage in Cook County Jail; and (c) collecting, maintaining, addressing, and resolving inmates' grievances regarding the inmate telephone system and reports of violence or threats of violence related to inmates' telephone system usage. For each such person, explain what role he or she played, and during what period of time the person(s) had involvement in or responsibility for such activities.

> **ANSWER: Defendant Sheriff objects to this Interrogatory as compound, vague, overly broad, and duplicative. Defendant Sheriff also objects to the extent that this Interrogatory assumes facts not in evidence and seeks information unrelated to the types of correctional officer**

3

**misconduct alleged in the operative complaint. Defendant Sheriff also objects to this Interrogatory as overbroad and unduly burdensome to the extent that it seeks, in narrative format, a summary-style enumeration of every single employee who, over a ten-year period, has been involved in:**

- **Any jail policy or practice concerning phone use**

- **Any monitoring, recording, or review of phone calls**

- **Determining discipline for any 'for violations of any applicable Cook County Jail policies, procedures, rules, restrictions and/or requirements" – which equates to all policies/procedures, not just those implicated in this litigation**

- **"supervising inmates' telephone usage, enforcing telephone usage policies, procedures, rules, restrictions and/or requirements," which essentially means all tier officers for all tiers and divisions, over all daytime shifts, for ten years, as all tier officers are generally responsive for inmate supervision.**

- **"intervening in instances of physical violence or threats of violence by inmates concerning telephone usage in Cook County Jail," which request again implicates an enumeration of all tier officers for all tiers and divisions, over all daytime shifts, for ten years.**

- **"collecting, maintaining, addressing, and resolving inmates' grievances regarding the inmate telephone system and reports of violence or threats of violence related to inmates' telephone system usage," which again implicates an enumeration of all tier officers-- and all correctional rehabilitation workers-- for all tiers and divisions, over all daytime shifts, for ten years.**

**In other words, this Interrogatory is explicitly and implicitly preposterous and unreasonable.**

35. Identify the policies, procedures, rules, restrictions and/or requirements in effect during the Relevant Period for (a) regulating inmates' telephone system usage, monitoring or recording telephone calls, and the issuance of penalties for violations of the inmate telephone usage policies, procedures, rules,

4

restrictions and/or requirements; (b) maintaining or reclaiming control over the inmate telephone system, enforcing policies, procedures, rules, restrictions and/or requirements governing the inmate telephone system usage, intervening in instances of physical violence or threats related to inmate telephone system usage, and responding to inmates' safety concerns when utilizing or attempting to utilize the inmate telephone system; and (c) obtaining, investigating, and resolving inmates' grievances regarding telephone usage, including the types of penalties provided for violations of telephone rules, policies, procedures, rules, restrictions and/or requirements, and additional precautionary measures taken in reaction to each incidence.

**ANSWER:**
**None other than those documents previously produced including:**

**(a)**

- **Policy 1209 (Bates 210-211)**
- **Inmate Handbook (Phone policy; Bates 1754)**

**(b)**

- **Policy 709- Control of Inmate Movement (Bates 1762)**
- **Policy 720-Protective Custody (Bates 1764-1768)**
- **Policy 1004-Inmate Safety (Bates 1769-1770)**
- **PowerPoint (Assault and Aggravated Assault) (Bates 2228-2250; 2252-2275)**

**(c)**

- **Inmate Handbook (Chap 4-5; The Inmate Code of Conduct & Discipline) (Bates 1737-1744)**

36.  List, in detail, any disciplinary action involving Sheriff Dart or any other employees tasked with ensuring the fair, uninhibited, and safe usage by all inmates of the inmate telephone system during the Relevant Period. The disciplinary action can involve: counseling; criticism; warnings; reprimands; coaching; suspensions, employment terminations, or other types of formal or informal discipline; or adverse feedback. For each instance, indicate the type of counseling, discipline or other adverse feedback received, what they were told they did wrong, what penalty was imposed, and the date this occurred.

5

**ANSWER:** Objection. This request is compound, burdensome, overly broad and disproportionate to the needs of the case. There are thousands of correctional officers in the employ of the Defendant Sheriff's Office, and this request covers a ten-year period. There is no reasonable way to enumerate in narrative format every disciplinary action (of every kind, as this request is not explicitly limited to discipline over misconduct related to detainee phone use) of every correctional employee over a 10-year period. Subject to and without waiving said objection, should Plaintiff identify by first and last name specific correctional officers, Defendants will work with Plaintiff to produce a reasonable number of disciplinary files/information for said officers.

Respectfully submitted,

*/s/ Troy S. Radunsky*
Troy S. Radunsky
One of the Attorneys for Defendants

Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
Zachary G. Stillman (zstillman@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I, Zachary G. Stillman, an attorney, certify that on August 8, 2024, a copy of **SHERIFF THOMAS J. DART'S ANSWERS TO PLAINTIFFS THIRD SET OF INTERROGATORIES** was served via email upon all counsel of record noted below.

**SERVICE LIST**
Philip A. Miscimarra
Maria E. Doukas
Liza B. Fleming (*pro hac vice*)

Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

*Attorneys for Plaintiff*