**<u>Exhibit 2</u>**

**Defendant Cook County's Response to Plaintiff's Third Set of Interrogatories**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | Case No. 19-cv-07380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| TOM DART, et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COOK COUNTY'S ANSWERS TO PLAINTIFF'S THIRD SET OF**
**INTERROGATORIES**
**(NOS. 32-36)**

Defendant Cook County, by and through its counsel, Troy Radunsky & Jason DeVore, pursuant to the Court's July 9, 2024, order (ECF No. 189), and Rules 26 and 33 of the Federal Rules of Civil Procedure, for its Answers to Plaintiff's Third Set of Interrogatories, states as follows:

**INTERROGATORIES**

32. Identify by complete name, position, employer, business address, business email address, and business phone numbers all persons who, on behalf of Defendant Cook County, have or at any point during the Relevant Period had, responsibility for (a) the initial booking intake and mental health screening process at Cook County Jail; (b) collecting, managing, storing, updating, processing, and reviewing inmates' medical records obtained at the time of booking; (c) providing notice to inmates on how to request medical care, receiving medical requests from inmates, and processing inmates' medical requests; (d) providing inmates with medical or vision care, contacting medical or vision care providers, and scheduling medical or vision care appointments with providers within and outside of Cook County Jail; (e) facilitating medical or vision care services from external sources (i.e., not from within Cook County Jail); and (f) collecting, addressing, resolving, denying, or approving inmates' medical grievances during the Relevant Period. For each such person identified, identify his/her job responsibilities and the period of time the person(s) had involvement in or responsibility for such activities.

**ANSWER:**

1

**Defendant Cook County objects to this Interrogatory to the extent that it seeks personal address or phone numbers for witnesses who are employees of Cook County, Cook County Health, or Cermak from 2010-2019. Subject to and without waving this objection, Plaintiff's counsel already possesses the work emails, addresses, and contact information for Defendant's counsel of record. All Cook County, Cook County Health, and Cermak parties or witnesses should be contacted SOLELY through undersigned counsel.**

**Further answering, this request is highly burdensome because thousands of inmates' medical records would need to be individually reviewed over a ten-year period to determine the identities of every possible health care provider present at each inmates' initial booking/intake.**

(a) **See objections above. As mentioned, every inmate's medical records would need to be individually reviewed over a 10-year period to determine which health care professionals were present at each inmates initial booking intake and mental health screening. See also Plaintiff's previously produced Medical Records, Bates 000371 –** 001719.

(b) **See answer (a). With regard to collecting, managing, storing, updating, processing, medical records obtained at the time of booking; every inmate's medical records would need to be individually examined to determine which individuals were present at each inmates initial booking intake and mental health screening. Each individual health care provider would be responsible for inputting relevant data from the intake screening into the Cerner (medical records database) system. Additionally, see Defendants' previously produced Cermak and Health Services Policies, Bates 000333 – 000370, 236639 – 236655.**

(c) **Objection, overly broad. Notice regarding how an inmate can obtain medical care is provided to all inmates in the Inmate Handbook, which is given to every inmate at intake and was produced in discovery. In addition, Health Service Request Forms (HSRF) are available to every inmate in all divisions to request medical care. Further, Susan Shebel testified that HSRFs are collected daily and given to nurses to triage as appropriate. In addition, Susan Shebel testified she processes inmates' health-service and request related grievances.**

2

**Additionally, see Defendants' previously produced Cermak and Health Services Policies, Bates 000333 – 000370, 236639 – 236655.**

(d) **See Defendants' previously produced Plaintiff's Medical Records, Bates 000371 – 001719. Individuals employed at Cermak or Cook County Health as optometrists, ophthalmologists or vision care providers, who may have provided inmates with medical or vision care, contacted medical or vision care providers, and scheduled medical or vision care appointments with providers within and outside of Cook County Jail, may be found therein.**

(e) **Objection. This is duplicative of (d). Subpart (d) also asks for the identifies of vision care providers, and those who schedule medical or vision care appointments with providers within *and outside of Cook County Jail.***

33. Identify any policies, procedures, rules, restrictions and/or requirements in effect during the Relevant Period for (a) conducting any initial booking intake and mental health screening process at Cook County Jail; (b) collecting, managing, storing, processing, and updating inmates' medical records obtained at the time of booking; (c) requesting medical or vision care at Cook County Jail; (d) scheduling and communicating medical or vision care appointments to inmates; (e) regulating, administering, and facilitating medical or vision care and related medical devices from sources outside of the correctional facility to inmates; and (f) collecting, investigating, adjudicating, and/or resolving medical grievances raised by inmates including the grounds for which grievances are approved or denied during the Relevant Period.

**ANSWER:**

**See previously produced CCSAO bates stamps:**

(a) **357-361 (Intake Policy)**

(b) **362-366 (HSR Form Policy)**

(c) **369-370 (Vision Care Policy)**

(d) **362-366 (HSR Form Policy); and 1721-1761 (Inmate Handbook-Chap 6)**

(e) **See (c)**

**(f) See Susan Shebel testimony on Feb 7, 2024, where she testified at length regarding collecting, investigating, adjudicating, and/or resolving medical grievances raised by inmates including the grounds for which grievances are approved or denied during the Relevant Period. Additionally, see attached Hospital and Specialty Care Policy, CCSAO 236656 – 236658.**

34. Identify by complete name, position, employer, business address, business email address, and business phone number, all persons who, on behalf of Defendant Cook County, have, or at any point during the Relevant Period had, responsibility for (a) preparing, adopting, revising, reviewing, and maintaining Cook County Jail's policies, procedures, rules, restrictions and/or requirements governing the use of telephones by inmates, monitoring or recording of calls, and determining penalties for violations of any applicable Cook County Jail policies, procedures, rules, restrictions and/or requirements, including anyone responsible for ensuring compliance with policies, procedures, rules, restrictions and/or requirements; (b) supervising inmates' telephone usage, enforcing telephone usage policies, procedures, rules, restrictions and/or requirements (if any), and intervening in instances of physical violence or threats of violence by inmates concerning telephone usage in Cook County Jail; and (c) collecting, maintaining, addressing, and resolving inmates' grievances regarding the inmate telephone system and reports of violence or threats of violence related to inmates' telephone system usage.  For each such person, explain what role he or she played, and during what period of time the person(s) had involvement in or responsibility for such activities.

**ANSWER:  None known to this Defendant. Cermak Health Services is a division of the Cook County Health and Hospital System pursuant to Article V of the Cook County Code of Ordinances. Cermak does not control The Sheriff or its employees and, is not provided budgetary support or resources by Cook County to provide jail services, including supervision or oversight of phone use by inmates.**

35. Identify the policies, procedures, rules, restrictions and/or requirements in effect during the Relevant Period for (a) regulating inmates' telephone system usage, monitoring or recording telephone calls, and the issuance of penalties for violations of the inmate telephone usage policies, procedures, rules,

4

restrictions and/or requirements; (b) maintaining or reclaiming control over the inmate telephone system, enforcing policies, procedures, rules, restrictions and/or requirements governing the inmate telephone system usage, intervening in instances of physical violence or threats related to inmate telephone system usage, and responding to inmates' safety concerns when utilizing or attempting to utilize the inmate telephone system; and (c) obtaining, investigating, and resolving inmates' grievances regarding telephone usage, including the types of penalties provided for violations of telephone rules, policies, procedures, rules, restrictions and/or requirements, and additional precautionary measures taken in reaction to each incidence.

**ANSWER: None known to this Defendant. Cermak Health Services is a division of the Cook County Health and Hospital System pursuant to Article V of the Cook County Code of Ordinances. Cermak does not control The Sheriff or its employees and, is not provided budgetary support or resources by Cook County to provide jail services, including supervision or oversight of phone use by inmates.**

36. List, in detail, any disciplinary action involving Sheriff Dart or any other employees tasked with ensuring the fair, uninhibited, and safe usage by all inmates of the inmate telephone system during the Relevant Period. The disciplinary action can involve: counseling; criticism; warnings; reprimands; coaching; suspensions, employment terminations, or other types of formal or informal discipline; or adverse feedback. For each instance, indicate the type of counseling, discipline or other adverse feedback received, what they were told they did wrong, what penalty was imposed, and the date this occurred.

**ANSWER: None known to this Defendant. Cermak Health Services is a division of the Cook County Health and Hospital System pursuant to Article V of the Cook County Code of Ordinances. Cermak does not control The Sheriff or its employees and, is not provided budgetary support or resources by Cook County to provide jail services, including supervision or oversight of phone use by inmates.**

**Respectfully submitted,**

5

*/s/ Troy S. Radunsky* _____
Troy S. Radunsky
One of the Attorneys for Defendants

Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
Zachary G. Stillman (zstillman@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Troy Radunsky, an attorney, certify that on August 8, 2024, a copy of **COOK COUNTY'S ANSWERS TO PLAINTIFFS THIRD SET OF INTERROGATORIES** was served via email upon all counsel of record noted below.

## SERVICE LIST
Philip A. Miscimarra
Maria E. Doukas
Liza B. Fleming (*pro hac vice*)
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
    Chicago, IL 60606
    Phone: 312.324.1000
    Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | Case No. 19-cv-07380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| TOM DART, et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**VERIFICATION FOR DEFENDANT COOK COUNTY'S ANSWERS TO PLAINTIFF'S
INTERROGATORIES**

I, Sandra Navarro, Deputy Director of Risk Management for Cook County Health, under penalties as provided by law pursuant to 28 U.S.C. § 1746, certify that the statements set forth in *Defendant Cook County's Answers to Plaintiff's Third Set of Interrogatories*, are true and correct to the best of my inquiry, knowledge, and belief. The statements provided herein are not based on my personal knowledge, sole or personal recollection, or memory, but rather were gathered by reviewing the records and documents in possession of the Cook County, in coordination with and upon advice of undersigned counsel of record in this litigation.


Dated: ___8/8/24_____                    _/s/ Sandra Navarro_____
                                           Sandra Navarro, JD
                                           Deputy Director of Risk Management for Cook
                                           County Health

7