UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DONALD HENNEBERG,

                Plaintiff,

v.

TOM DART, et al.

                Defendants.

Case No. 19-cv-07380

Honorable Jeremy C. Daniel

## JOINT STATUS REPORT

Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., Correctional Officer Jorge Arias, and Cook County, Illinois, by their respective attorneys, submit this Joint Status Report concerning fact discovery pursuant to the Court's October 10, 2024 Order (Dkt. 200).

**I.**     **Status of Ongoing Fact Discovery**

    **A.**     **Digital Production of 2017-2019 Grievance Materials**

The Parties engaged Plaintiff's vendor, who collected, scanned, and delivered to the Parties electronic copies of approximately 50 boxes of materials, consisting of approximately 50,000 handwritten grievances covering the period 2017 to 2019. In accordance with the Court's July 9, 2024 Order (Dkt. 189), the Parties evenly split the cost for the scanning and processing of these hard copy records. Plaintiff continues to review these materials.

    **B.**     **Remaining Depositions**

On September 6, 2024, Plaintiff served a Rule 30(b)(6) deposition notice upon Defendants Sheriff Dart and Cook County (the "30(b)(6) Defendants") outlining 11 Deposition Topics pertaining to certain policies, procedures, and measures at the Cook County Jail from 2010 to 2019 ("Plaintiff's Deposition Notice"). Defendant Cook has identified Dr. Andrew Q. DeFuniak to testify in relation to Topics 1 – 5. The parties have been discussing the remaining topics to determine the appropriate language and an appropriate witness or witnesses.

In addition to exchanging several written communications, the Parties met and conferred on September 26, 2024, and January 15, 2025, to discuss further Plaintiff's Deposition Notice in an effort to reach a compromise on certain topics without the need for Court intervention. As a result, Plaintiff shortened and combined Topics 4 and 5, and Plaintiff shortened and combined Topics 7, 8 and 9, as reflected in the first two columns in the following chart (which Plaintiff transmitted to Defendants on January 27, 2025 as part of an "Updated Rule 30(B)(6) Notice"); and Plaintiff also requested (i) that Defendants, by Monday, February 3, 2025 identify all additional witnesses whose knowledge is sufficient to address all of the Rule 30(b)(6) Topics (as summarized below); and (ii) that Defendants cooperate with deposition scheduling so that all Rule 30(b)(6) Notice depositions will be taken by Friday, March 7, 2025. The following chart (which Plaintiff transmitted to Defendants on January 27, 2025) shows the original 11 Deposition Topics, the topics that Plaintiff agreed to shorten and combine, and the status of whether Defendants have identified knowledgeable persons to be deposed:

| Topic # | Topic as Originally Stated | Topic as Combined & Shortened (or No Change) | Identified Witnesses | Deposition Scheduled or Taken |
|---|---|---|---|---|
| 1 | The intake and mental health screening processes at the time of initial booking and any Policies pertaining to these processes at Cook County Jail during the Relevant Period. | No Change | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |
| 2 | Collecting, managing, storing, updating, processing, and review of Inmates' medical records obtained at the time of booking during the Relevant Period. | No Change | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |

| Topic # | Topic as Originally Stated | Topic as Combined & Shortened (or No Change) | Identified Witnesses | Deposition Scheduled or Taken |
|---|---|---|---|---|
| 3 | The administration of medical care to Inmates, including providing notice to Inmates on how to request medical care, receiving medical requests from Inmates, and processing Inmates' medical requests during the Relevant Period. | No Change | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |
| 4 | The provision of medical or vision care to Inmates, including contacting medical or vision care providers, and scheduling medical or vision care appointments with providers within or outside of Cook County Jail during the Relevant Period. | 4 and 5. Any information and knowledge regarding the facilitation or procurement of medical or vision care services for Inmates by employees of Cook County Jail and medical service providers outside of Cook County Jail during the Relevant Period. | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |
| 5 | The facilitation or procurement of medical or vision care services for Inmates from sources external to Cook County Jail (i.e., not from within Cook County Jail) during the Relevant Period. | | | |
| 6 | Collecting, addressing, resolving, denying, or approving of Inmates' medical grievances during the Relevant Period. | No Change | Susan Shebel (prior Feb. 14, 2024 deposition) | Susan Shebel (prior Feb. 14, 2024 deposition) |
| 7 | Inmates' telephone system usage, including the monitoring or recording of telephone calls, and the issuance of penalties for violations of Inmate telephone usage Rules during the Relevant Period. | 7, 8 and 9. The general regulation of the inmate telephone system, including the process by which an Inmate is penalized for improper usage | Natasha Jones | Feb. 5, 2025 at 10 am CT |

| Topic # | Topic as Originally Stated | Topic as Combined & Shortened (or No Change) | Identified Witnesses | Deposition Scheduled or Taken |
|---|---|---|---|---|
| 8 | The regulation of the Inmate telephone system, including Cook County Jail's efforts to maintain or reclaim control over the Inmate telephone system, the enforcement of Rules governing Inmate telephone system usage, intervention in instances of physical violence or threats related to Inmate telephone system usage, and response to Inmates' safety concerns regarding the Inmate telephone system during the Relevant Period. | of the telephone system, any monitoring or recording of Inmate telephone calls by Defendants for the purpose of discovering improper telephone usage, and Defendants general process in responding to inmate grievances regarding physical violence surrounding telephone usage, during the Relevant Period. | | |
| 9 | Collecting, maintaining, investigating addressing, and resolving Inmates' grievances regarding the Inmate telephone system and reports of violence or threats of violence related to Inmates' telephone system usage during the Relevant Period. | | | |
| 10 | Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates and the use of the Inmate telephone system by Inmates during the Relevant Period. | No Change | No witness(es) identified | No witness(es) identified |

-4-

| Topic # | Topic as Originally Stated | Topic as Combined & Shortened (or No Change) | Identified Witnesses | Deposition Scheduled or Taken |
|---|---|---|---|---|
| 11 | Disciplinary Action involving Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties tasked with enforcing Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system during the Relevant Period. | No Change | No witness(es) identified | No witness(es) identified |

As indicated above, the Parties have agreed to and scheduled two 30(b)(6) depositions: The First designee is (i) Dr. Andrew Q. DeFuniak, whose deposition is scheduled for January 29, 2025 to address Topics 1-5 (as stated above). The second designee is from CCSO, (ii) Natasha Jones, whose deposition is scheduled for February 5, 2025 to address the inmate grievance process, which includes the collecting and maintaining grievances, and facilitating responses to grievances, regardless of the topic of the grievance but including grievances about violence, the phone system, or staff misconduct. This deposition reflects a portion of topics 7, 8 and 9.

Defendant Sheriff has identified several other strains of inquiry common to the original and the combined topics 7, 8, and 9 which would all require separate witnesses/areas of focus: (1) technical operation of the detainee phone system and any related rules for use and access ("The general regulation of the inmate telephone system" and "any monitoring or recording of Inmate telephone calls by Defendants for the purpose of discovering improper telephone usage"); (2) the detainee discipline process ("the process by which an Inmate is penalized for improper usage of the telephone system"); and (3) supervision of detainee phone use by sworn officers on the tier ("responding to inmate grievances regarding physical violence surrounding telephone usage").

Defendant Sheriff awaits direction from Plaintiff as to which direction to take. Defendant Sheriff stands ready to designate a witness for any of these areas of inquiry, while providing notice that they are, in fact, separate and distinct areas of operations.

Plaintiff disagrees with Defendants' above characterization of their purported efforts to facilitate the instant 30(b)(6) depositions. Defendants have had Plaintiff's Deposition Notice since September 6, 2024, and certain of the 11 Deposition Topics are still unassigned because of Defendants delay (see chart above).

In addition, the Parties have agreed in principle to stipulate to the 30(b)(6) testimony from the deposition of Defendant Susan Shebel, R.N. (already taken on February 14, 2024) as responsive and binding testimony as to Defendant Cook County relation to Topic 6.

The Parties have not yet scheduled the remaining 30(b)(6) depositions or the witness deposition of Scott Jakubowski, the Chief Data Officer for Cook County Sheriff's Office (Dkt. 167). Plaintiff requested Defendants to provide potential dates for the deposition of Mr. Jakubowski and a response is forthcoming.

Plaintiff is still completing the review of the voluminous production of non-digital hard copy documents received from Defendants. Plaintiff anticipates that additional discovery will be necessary after completing this review and after completing the pending Plaintiff's Rule 30(b)(6) depositions.

Defendants have consistently objected to the time period of 2010-2019 for documents or related testimony. Defendants submit that the period of 2017-2019 is appropriate and reasonable. Defendants contend this this period is reasonable given the dates of Plaintiff's detention and issues concerning the volume and availability of records. For example, the CCSO's policy/procedure system was massively revamped in fall 2017, therefore any documents or procedures before that

time would necessarily concern an entirely different system. In addition, although the 2008 DOJ Report led to a consent decree, the Cook County Sheriff was found to be in substantial compliance with the terms of the consent decree long before it was dismissed from court monitoring on June 9, 2017. *United States v. Cook County*, No. 10-cv-2946, Dkt. 361 (N.D. Ill. 2010) (Kendall, J.). When it comes to policies and practices related to the claims and issues asserted in this matter, Defendants contend that looking at policies, practices, and documents beginning in 2017 is a reasonable and supported by the objective evidence. Plaintiff has rejected this proposal, and Defendants anticipate that court intervention may be required.

Plaintiff notes that the Court has already held that discovery going back to 2010 is relevant for this matter (Dkts. 167 & 181), rendering Defendants' objection to the 2010-2019 time period and Defendants' unilateral offer to reduce the time period to 2017-2019 irrelevant. Defendants are not free to reopen settled discovery disputes, and Plaintiff is not obligated to compromise on such issues.

Defendants propose that Plaintiff identify any remaining witnesses to depose by March 1, 2025, because fact discovery is scheduled to close on April 30.

### C. Other Outstanding Issues

Plaintiff remains uncertain whether the deponents designated by the 30(b)(6) Defendants will have sufficient knowledge to adequately testify to their respective Deposition Topics. In the event any of the 30(b)(6) deponents are unable to do so, Plaintiff anticipates that additional follow-up discovery demands and depositions may be necessary. In response, Defendants contend that such objections are premature and that, at this time, there is no basis for any preemptive argument that Defendants will not meet their obligations under Rule 30(b)(6). Defendants have consistently sought clarity on the topics in order to ensure that their obligations under the Rule are met.

*(signature lines appear on next page)*

Respectfully submitted,

By: <u>/s/ John P. Guyette</u>
    PHILIP A. MISCIMARRA
    MARIA E. DOUKAS
    JOHN P. GUYETTE (ADMITTED PRO HAC VICE)
    MORGAN, LEWIS & BOCKIUS LLP
    110 N. Wacker Drive, Suite 2800
    Chicago, Illinois 60606-1511
    Phone: 312.324.1000
    Fax: 312.324.1001
    philip.miscimarra@morganlewis.com
    maria.doukas@morganlewis.com
    john.guyette@morganlewis.com

*Attorneys for Plaintiff*

Dated:  January 31, 2025

By: <u>/s/ Jason Edward DeVore</u>
    JASON E. DEVORE ARDC No. 6242782
    TROY S. RADUNSKY ARDC No. 6269281
    DEVORE RADUNSKY LLC
    230 W Monroe St, Ste 230
    Chicago, IL 60606
    Phone: (312) 300-4479
    Fax: (312) 674-7423
    tradunsky@devoreradunsky.com
    jdevore@devoreradunsky.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

  I certify that a copy of the foregoing document was served via CM/ECF on January 31, 2025 upon all counsel of record.

                   <u>*/s/ John P. Guyette*</u>
                   John P. Guyette