UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, | |
| Plaintiff, | Case Nos. 19-cv-07380 |
| v. | Honorable Jeremy C. Daniel |
| TOM DART, et al. | |
| Defendants. | |

**JOINT STATUS REPORT**

Plaintiff Donald Henneberg and Defendants Sheriff Thomas Dart, Susan Shebel, R.N., Correctional Officer Jorge Arias, and Cook County, Illinois, by their respective attorneys, submit this Joint Status Report identifying "outstanding discovery and discovery issues" as directed by the Court's February 10, 2025 Order (Dkt. 205).

**I. Outstanding Discovery Issues**

After reviewing Defendants' discovery responses to ensure that discovery can be completed in a timely manner, Plaintiff has determined that substantial gaps exist regarding fundamental areas where, in response to Plaintiff's prior discovery requests, Defendants have provided no responses or their responses are obviously incomplete. To facilitate the completion of discovery in a timely manner, Plaintiff advised Defendants on February 25, 2025 that (i) Defendants' responses regarding the following issues are deficient in substantial and fundamental ways, (ii) Plaintiff is giving Defendants the opportunity to file supplementary discovery responses resolving these deficiencies by Friday, March 14, 2025 or indicate that no responsive documents and information exist; (iii) Plaintiff has requested Defendants to indicate on Thursday, February 27, 2025 whether Defendants intend to file the necessary supplemental discovery responses by Friday, March 14, 2025; (iv) Plaintiff requested Defendants to meet and confer regarding these issues, and (v) Plaintiff anticipates, in the absence of discovery responses resolving these problems, that it will be

appropriate to file a Motion Seeking an Adverse Inference and Finding that Defendants engaged in deliberate indifference and violated the constitutional rights of Plaintiff and other inmates. Defendants have provided no responses or their responses are substantially incomplete in the following 11 areas:

A. **Telephone-Related Assaults – Missing or Incomplete Responses**

1. Internal Communications and Documents Regarding Telephone-Related Assaults.  For the 2010-2019 time period, Defendants Dart and Cook County have produced no emails, memos, letters, communications, or other internal or external documents sent or received by any responsible officials that mention or allude to telephone-related inmate assaults, problems with the control of telephones by inmates, possible changes or improvements in telephone rules and procedures, reports or studies related to these issues, and changes or training to provide greater protection to inmates who use telephones.

2. Telephone Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices.  For the 2010-2019 time period, Defendants Dart and Cook County have provided no documents or information reflecting any evaluations or inquiries by responsible officials associated with (i) benchmarking and comparing Cook County Jail's telephone-related practices, policies, procedures and rules to the practices, policies, procedures and rules utilized in other jails and prisons, and/or (ii) potential changes that would reflect correctional facility best or better practices regarding telephone-related practices, policies, procedures and rules.

3. Inmate Telephone Practices, Policies, Procedures and Rules, and Revisions, Drafts, and Rollout-Related Communications.  Defendants Dart and/or Cook County have produced a limited number of documents that constitute telephone-related policies, procedures or rules without covering the entire 2010-2019 period, but no documents or information have been provided reflecting the process by which any policies, procedures and/or rules were modified during the 2010-2019 period, draft revisions, the consideration and evaluation of changes, the announcement of new or changed policies, or documents reflecting their rollout and implementation.

4. Potential Secure Phone Booths, Segregated/Supervised Phone Areas, Jail-Administered Sign-Ups/Scheduling, More Phones, and Other Changes.  Defendants Dart and Cook County have provided no documents or information reflecting any responsible official's evaluation or consideration of any options to increase the protection afforded to inmates from telephone-related assaults such as secure phone booths; establishing segregated and supervised phone areas; having jail-administered and jail-supervised

    sign-ups, scheduling and phone use by inmates; substantially increasing the number of phones; and other changes or improvements.

5. <u>Documents Mentioning or Acknowledging that Phone-Related Assaults Are a Problem</u>. Defendants Dart and Cook County have provided no emails, memos, letters, communications, or other internal or external documents created, sent or received by any responsible officials stating, suggesting or acknowledging that telephone-related inmate assaults were any type of problem or warranted improvement.

B. **Vision/Eyeglasses Issues – Missing or Incomplete Responses**

6. <u>Inmate Optometrist Requests, Appointments and Eyeglasses</u>.  To date, regarding inmate optometrist/eyeglasses requests, optometrist appointments that were (and were not) scheduled, the rescheduling or cancellation of appointments, and the dates that eyeglasses were (and were not provided), Defendants have provided a single Excel spreadsheet identifying 30,994 instances when inmates were referred "to Optometry" during 2015-2019.  However, this spreadsheet contains only four columns – "FIN" number, "Name," "Order Date" and "Order Catalog" –  and the "Order Catalog" column contains the same three-word entry "Referral to Optometry" for each person. Defendants Dart and Cook County have provided no documents and information that reflect (i) which inmates during 2015-2019 requested optometrist appointments, (ii) whether and when those appointments occurred; (iii) whether or when the appointments were cancelled or postponed; (iv) whether eyeglasses were prescribed; (v) whether and when eyeglasses were delivered to each inmate; and (vi) other relevant optometrist treatment details.

7. <u>Internal Communications and Documents Regarding Vision Care/Eyeglasses</u>.  Defendants have produced no emails, memos, letters, communications, or other internal or external documents that mention or reflect the arrangements and scheduling of optometrist appointments, appointment cancellations or postponements, the arrangements and timeframe for delivering prescribed eyeglasses to inmates, possible changes or improvements in the arrangements, practices and procedures relating to optometrists and eyeglasses requests, reports or studies related to these issues, or related matters.

8. <u>Vision Care/Eyeglasses Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices</u>.  Defendants Dart and Cook County have provided no documents or information that reflect or indicate that any responsible officials evaluated or made inquiries associated with  (i) benchmarking and comparing Cook County Jail's optometrist and eyeglasses practices, policies, procedures and rules to the practices, policies, procedures and rules utilized in other jails and prisons, and/or (ii) potential changes that would reflect correctional facility best or better practices regarding optometrist and eyeglasses practices, policies, procedures and rules.

9. <u>Costs/Payments by Defendants for Optometrist Appointments/Eyeglasses</u>.  Defendants Dart and Cook County have provided no documents or information that reflect or indicate invoices or charges related to optometrist appointments and eyeglasses requests, the costs and payments incurred or made for such requests, the identities of the optometrists and/or providers or vendors who treated inmates or supplied eyeglasses, and related details.

10. <u>Contracts/Arrangements for Optometrist Scheduling and Eyeglasses</u>.  Defendants Dart and Cook County have provided no documents or information that reflect or indicate the contracts and/or arrangements for particular optometrists and providers or vendors who treated inmates or supplied eyeglasses during the 2015-2019 period.

<u>Documents Mentioning or Acknowledging that Delays and Failure to Schedule Optometrist and Provide Eyeglasses Are a Problem</u>.  Defendants Dart and Cook County have provided no emails, memos, letters, communications, or other internal or external documents created, sent or received by any responsible officials stating, suggesting or acknowledging that any problem existed or improvements were warranted in relation to optometrist appointments and scheduling, whether and when optometrist appointments occurred, the cancellation or postponement of optometrist appointments, the process for having eyeglasses prescribed, and whether and when eyeglasses were delivered to inmate who needed eyeglasses.

**Defendants Position**: On February 25, 2025, the defendants received an email from Plaintiffs' counsel (which was equivalent to a seven-page correspondence) advising for the first time the issue raised above. Defense counsel has forwarded plaintiff's correspondence to their client for review. After consultation with our client, defense counsel will respond to each issue raised by Plaintiff in the next 14 days and will endeavor to work out any remaining disputes.

Defendants believe very few issues remain among the parties. The defendants do not agree with the plaintiff's analysis in Section I, IA and IB in any respect, and believe Plaintiff has mischaracterized and overstated the issues. The defendants have complied with all aspects of written discovery and every Court ordered discovery deadline for five years. Now, at this stage, after hundreds of thousands of records have been produced, and defendants have answered numerous sets

of written discovery, plaintiffs discovery has largely become redundant, duplicative, disproportionate to the needs of the case and burdensome. Defendants request written discovery finally be closed after five years so the parties can move efficiently towards expert disclosures, dispositive motions and trial.

Many of the plaintiff's recycled discovery requests above were the subject of Rule 37 letters, lengthy briefs, and the Courts February 21, 20224 ruling following extensive oral arguments. (Dkt #157, 161, 162, 165, 166, 167).

## II. Other Ongoing Fact Discovery

### A. Digital Production of 2017-2019 Grievance Materials

The Parties engaged Plaintiff's vendor, who collected, scanned, and delivered to the Parties electronic copies of approximately 50 boxes of materials, consisting of approximately 50,000 handwritten grievances covering the period 2017 to 2019. In accordance with the Court's July 9, 2024 Order (Dkt. 189), the Parties evenly split the cost for the scanning and processing of these hard copy records. Plaintiff continues to review these materials.

### B. Remaining Depositions

Regarding Plaintiff's September 6, 2024 Rule 30(b)(6) deposition notice served on Defendants Sheriff Dart and Cook County (the "30(b)(6) Defendants") outlining 11 Deposition Topics pertaining to certain policies, procedures, and measures at the Cook County Jail from 2010 to 2019 ("Plaintiff's Deposition Notice"), the following depositions were taken since January 1, 2025: (1) on January 29, 2025, Plaintiff took the deposition of 30(b)(6) witness Dr. Andrew DeFuniak; (2) on February 5, 2025, Plaintiff took the deposition of 30(b)(6) witness Natasha Jones; (3) on February 24, 2025, Plaintiff took the deposition of 30(b)(6) witness Kim Hofsteadter; and (4)

on February 27, 2025, Plaintiff will take the deposition of 30(b)(6) witness David Hugar; and on March 4, 2025, Plaintiff will take the deposition of 30(b)(6) witness Don Beachem.

The following chart (which Plaintiff transmitted to Defendants on January 27, 2025) shows the original 11 Deposition Topics, the topics that Plaintiff agreed to shorten and combine, and the status of whether Defendants have identified knowledgeable persons to be deposed:

| Topic # | Topic as Originally Stated | Topic as Combined & Shortened (or No Change) | Identified Witnesses | Deposition Scheduled or Taken |
|---|---|---|---|---|
| 1 | The intake and mental health screening processes at the time of initial booking and any Policies pertaining to these processes at Cook County Jail during the Relevant Period. | No Change | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |
| 2 | Collecting, managing, storing, updating, processing, and review of Inmates' medical records obtained at the time of booking during the Relevant Period. | No Change | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |
| 3 | The administration of medical care to Inmates, including providing notice to Inmates on how to request medical care, receiving medical requests from Inmates, and processing Inmates' medical requests during the Relevant Period. | No Change | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |
| 4 | The provision of medical or vision care to Inmates, including contacting medical or vision care providers, and scheduling medical or vision care appointments with providers within or outside of Cook County Jail during the Relevant Period. | 4 and 5. Any information and knowledge regarding the facilitation or procurement of medical or vision care services for Inmates by employees of Cook County Jail and medical service providers outside of Cook County Jail during the Relevant Period. | Dr. Andrew DeFuniak | Jan. 29, 2025 at 11:15 am CT |
| 5 | The facilitation or procurement of medical or vision care services for Inmates from sources external to Cook County Jail (i.e., not from within Cook County Jail) during the Relevant Period. | | | |
| 6 | Collecting, addressing, resolving, denying, or approving of Inmates' medical grievances during the Relevant Period. | No Change | Susan Shebel (prior Feb. 14, 2024 deposition) | Susan Shebel (prior Feb. 14, 2024 deposition) |

| Topic # | Topic as Originally Stated | Topic as Combined & Shortened (or No Change) | Identified Witnesses | Deposition Scheduled or Taken |
|---|---|---|---|---|
| 7 | Inmates' telephone system usage, including the monitoring or recording of telephone calls, and the issuance of penalties for violations of Inmate telephone usage Rules during the Relevant Period. | 7, 8 and 9. The general regulation of the inmate telephone system, including the process by which an Inmate is penalized for improper usage of the telephone system, any monitoring or recording of Inmate telephone calls by Defendants for the purpose of discovering improper telephone usage, and Defendants general process in responding to inmate grievances regarding physical violence surrounding telephone usage, during the Relevant Period. | Natasha Jones | Feb. 5, 2025 at 10 am CT |
| 8 | The regulation of the Inmate telephone system, including Cook County Jail's efforts to maintain or reclaim control over the Inmate telephone system, the enforcement of Rules governing Inmate telephone system usage, intervention in instances of physical violence or threats related to Inmate telephone system usage, and response to Inmates' safety concerns regarding the Inmate telephone system during the Relevant Period. | | Kim Hofsteadter | Feb. 24, 2025 at 1 am CT |
| | | | David Hugar | Feb. 27, 2025 at 10 am CT |
| 9 | Collecting, maintaining, investigating addressing, and resolving Inmates' grievances regarding the Inmate telephone system and reports of violence or threats of violence related to Inmates' telephone system usage during the Relevant Period. | | Don Beachem | Mar. 4, 2025 at 10 am CT |
| 10 | Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates and the use of the Inmate telephone system by Inmates during the Relevant Period. | No Change | No witness(es) identified | No witness(es) identified |
| 11 | Disciplinary Action involving Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties tasked with enforcing Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system during the Relevant Period. | No Change | No witness(es) identified | No witness(es) identified |

As indicated above, the Parties have agreed in principle to stipulate to the 30(b)(6) testimony from the deposition of Defendant Susan Shebel, R.N. (already taken on February 14, 2024) as responsive and binding testimony as to Defendant Cook County relation to Topic 6.

The Parties have not yet scheduled the remaining 30(b)(6) depositions for portions of topics 10 & 11 or the witness deposition of Scott Jakubowski, the Chief Data Officer for Cook County Sheriff's Office (Dkt. 167). Plaintiff requested Defendants to provide potential dates for the deposition of Mr. Jakubowski and a response is forthcoming.

The parties continue to have disputes regarding numerous discovery issues. These disputed issues include: (1) Defendants' failure to respond or incomplete response regarding the 2 areas identified in Part B above; and (2) although the Court on February 21, 2024 held that the 2010-2019 time frame was appropriate in relation to telephone-related assaults (see Dkt. 167, Minute Order; Dkt. 169, Transcript), Defendants continue to dispute this time frame which was reflected in the Parties' January 31, 2025 Joint Status Report (Dkt. 202).

**Defendants Position**: The defendants can produce Peter Kramer to testify about Topic 11 and specifically the employee disciplinary process generally and whether CCSO would discipline an employee for failing to enforce telephone usage rules. Regarding Topic 10, the defense has asked Plaintiff for more information in order to produce the correct witness to discuss, "Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates." Once that information is provided, the defendants will be in a position to produce the correct witness within 2 weeks.

The Court's February 21, 2024 ruling regarding the 2010-2019, timeframe scope was limited solely to the production of grievances and incident reports (See Dkt #167; Ruling #1-2) which were timely produced (See Topic II, A above). The February 21, 2024, Order did not extend to all other categories of discovery, which the plaintiff now seeks, and which is disproportionate to the needs to of the case.

### C. Other Outstanding Issues

Plaintiff remains uncertain whether the deponents designated by the 30(b)(6) Defendants will have sufficient knowledge to adequately testify to their respective Deposition Topics. In the event any of the 30(b)(6) deponents are unable to do so, Plaintiff anticipates that additional follow-up discovery demands and depositions may be necessary. In response, Defendants contend that such objections are premature and that, at this time, there is no basis for any preemptive argument that Defendants will not meet their obligations under Rule 30(b)(6). Defendants have consistently sought clarity on the topics in order to ensure that their obligations under the Rule are met.

**Defendants Position**: Defendants have agreed to identify witnesses to testify on 30(b)(6) topics 10 and 11 and will provide dates and times in the near future. Defendants cannot predict whether any further written discovery will be necessary following the completion of Rule 30 (b)(6) witnesses, or whether they would object, however, defendants remain open to participating in further Rule 37 conferences should the need arise.

Respectfully submitted,

By: /s/ Brent A. Hawkins
    BRENT A. HAWKINS
    PHILIP A. MISCIMARRA
    MARIA E. DOUKAS
    JOHN P. GUYETTE (ADMITTED PRO HAC VICE)
    MORGAN, LEWIS & BOCKIUS LLP
    110 N. Wacker Drive, Suite 2800
    Chicago, Illinois 60606-1511
    Phone: 312.324.1000
    Fax: 312.324.1001
    philip.miscimarra@morganlewis.com
    brent.hawkins@morganlewis.com
    maria.doukas@morganlewis.com
    john.guyette@morganlewis.com

*Attorneys for Plaintiff*

Dated: February 28, 2025

By: /s/ Troy S. Radunsky
    TROY S. RADUNSKY ARDC No. 6269281
    JASON E. DEVORE ARDC No. 6242782
    DEVORE RADUNSKY LLC
    230 W Monroe St, Ste 230
    Chicago, IL 60606
    Phone: (312) 300-4479
    Fax: (312) 674-7423
    tradunsky@devoreradunsky.com
    jdevore@devoreradunsky.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on February 28, 2025 upon all counsel of record.

*/s/ Brent A. Hawkins*
Brent A. Hawkins
