## Morgan Lewis

**Philip A. Miscimarra**
Partner
+1.202.739.5565 (Washington DC)
+1.312.324.1165 (Chicago)
philip.miscimarra@morganlewis.com

March 26, 2025

**Filed and Served on Opposing Counsel via ECF System**

The Honorable Jeremy C. Daniel
District Judge
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

RE: Plaintiff's Report on (a) Outstanding Discovery Issues, and (b) Issues Related to Prior <u>Motion to Compel Rulings – Henneberg v. Dart et al., Case No. 1:19-cv-07380</u>

Dear Judge Daniel:

Plaintiff Donald Henneberg files this letter pursuant to the Court's March 19, 2025 Order (Dkt. 209), scheduling the April 9, 2025 "Rule to show cause hearing," and directing Plaintiff to "identify any outstanding discovery issues, including issues related to his prior motion to compel" and to "denote which issues [are] related to the Court's prior rulings, which are the subject of the rule to show cause" (*id*.). Accordingly, this letter is divided into three sections: <u>Part A</u> provides background and a summary of prior discovery rulings. <u>Part B</u> describes outstanding discovery in the 11 areas where, as described in the February 18, 2025 Joint Status Report, "Defendants have provided no responses or their responses are substantially incomplete" (Dkt. 206 at 2). <u>Part C</u> describes other outstanding discovery.

**A.** <u>Background and Prior Discovery Rulings</u>

**1.** <u>2010 Justice Department Litigation and Agreed Order</u>. Regarding document availability regarding the claims in this case, it is relevant that Defendants Dart and Cook County were sued by the Justice Department in May 2010, and the Complaint alleged that Defendants "exhibited deliberate indifference to the health and safety of . . . inmates," including repeatedly failing "to take reasonable measures to protect inmates against the serious harm inflicted . . . by other inmates" and "to provide adequate medical . . . care." *United States v. Cook County et al.*, No. 1:10-cv-02946 (N.D. Ill.) ( 2010 Complaint, Dkt. 001-1, ¶¶ 17-18, 23).

*Both* sets of claims addressed, among other things, "the lack of information" regarding "[s]erious incidents," and "inadequate record keeping" regarding medical care (2010 Complaint Attach. B, Dkt. 001-3, pdf pp. 20-21, 29). And an Agreed Order entered May 26, 2010 ("2010 Agreed Order," Dkt. 013) required Defendants to "promptly document all reportable incidents, including inmate fights," it required that "incident reports" be "screened" for possible additional "investigations," and required that "medical . . . records" be "complete, accurate, readily accessible, and systematically organized" with "documentation of all clinical information regarding evaluation and treatment" (*id*. at pdf pp. 15-17, 28). Not only were these records and documents required by Court order, Defendants' compliance – including their creation and maintenance of relevant records – was subject to outside monitoring through June 2017 for Defendant Dart (Dkt. 361) and through June 2018 (for Defendant Cook County, Dkt. 377). *See* 2010 Agreed Order, Dkt. 013, at pdf pp. 50-54.

Plaintiff's Report on Discovery and Court's Prior Rulings                          Page 2
March 26, 2025

**2. Rulings by Judge Ellis and the January 4, 2023 Discovery Hearing**. Plaintiff's first motion to compel, which Judge Ellis required to be in the form of a joint discovery motion (Dkt. 085), resulted in an in-court hearing in which Defendants were ordered to produce witnesses "familiar with record keeping and searching records and can explain the procedures" (Dkt. 087). During the January 4, 2023 hearing (Dkt. 098), after which the Court granted Plaintiff's motion (Dkt. 092), the Court addressed the following issues:

- After more than one year of discovery, Defendants had produced only *a single* "incident report" involving phone-related assaults, which was "the incident report" reflecting the June 17, 2019 phone-related assault *against Plaintiff* (Dkt. 098, at 19-20), and Judge Ellis stated: "Just because something is a little harder than it looks on the first go *doesn't mean that you give the plaintiff one incident report and call it a day*" (*id*. at 32) (emphasis added);

- Judge Ellis stated that, in addition to other "communications" regarding phone-related assaults, she had ordered Defendant Dart to produce "*any email communications that the jail has regarding the type of assault . . . [that] relates to the telephones*, use of the telephones and control of the telephones from 2015 to 2019" (Dkt. 098, at 31-32) (emphasis added);

- Regarding the "long time" it takes for inmates to get eyeglasses, Judge Ellis stated, "[h]aving done this job for nine years, I can tell you that *if . . . you get arrested and you don't have your glasses with you, it will take a long time for you to get your glasses . . . and you have to request them multiple times. So the problem or Mr. Henneberg is that this is fairly common. . . .* So . . . *it's not reasonable for him to track down everybody that he was with . . . and ask them how long did it take you to get your glasses when you needed them. . . . The jail, however, knows exactly who was there, knows who requested glasses, and knows how many times they needed to request glasses before they actually got them*. However, because it's kept in a form that – in this day and age, no one should keep forms in that way. . . . It's not rocket science. . . . *So Mr. Henneberg is entitled to this information*" (Dkt. 098, at 21-22). Judge Ellis then admonished Defendants, "*I don't want to get any more: Well, we just don't keep documents that way, so you can't have anything. That's not going to fly*, and the fact that *every other correctional institution within the greater Chicagoland area . . . is able to keep requests for medical care in an electronic format that is easily searchable and that can be held for years and years and years, and yet the county is not capable of doing that . . . makes no sense to me whatsoever.* All right? It's not an excuse as to why you can't produce things" (*id*. at 41).

**3. This Court's More Recent Discovery Rulings**. After discovery motions were filed by Plaintiff (Dkt. 157) and Defendants (Dkt. 149), this Court in a February 21, 2024 hearing (Dkt. 169) and Minute Order (Dkt. 167) granted Plaintiff's Motion to Compel, in relevant part, as follows:

- 2010-2019 Period. For *phone-related assaults*, Defendants were ordered to produce incident report information for 2010-2014 "similar to the prior production covering 2015-2019" (Dkt. 167); *see also* Dkt. 169, at 27 (Court grants Motion to Compel regarding phone-related assaults in 2010-2014 and 2015-2019, explaining that "Mr. Henneberg is entitled to discovery for himself whether any of this data reflects a policy or practice that is relevant to his claims");

- 2015-2019 Period. For "*eyeglasses*," Defendants were ordered to produce documents for the period "2015 to 2019" (Dkt. 169, at 28) and, in relation to document requests regarding "vision care appointments" (*id*.), the Court granted Plaintiff's Motion to Compel "limit[ed] . . . to optometrist appointments" (*id*. at 29; Dkt. 167); and

Plaintiff's Report on Discovery and Court's Prior Rulings                Page 3
March 26, 2025

- the Court granted Plaintiff's Motion to compel regarding "policies and training for correctional officers . . . for responding to inmate safety concerns," "policies . . . as well as documents reflecting training, supervision, and discipline of employees . . . relating to vision-related issues," documents reflecting "Defendant Dart's responsibilities, policies and management," and "documents reflecting reports or complaints from inmates regarding gang violence . . . or restrictions placed on phone use in Cook County Jail" (Dkt. 157, at 14-15; Dkt. 169, at 36-40; Dkt. 167).

**B. <u>Missing or Substantially Incomplete Responses by Defendants – 11 Areas</u>**

In the following 11 areas, as described in the February 18, 2025 Joint Status Report (Dkt. 206 at 2), "Defendants have provided no responses or their responses are substantially incomplete" (*id*.). Plaintiff also informed Defendants of these 11 areas in a February 25, 2025 email, after which Defendants and Plaintiff each engaged in an additional written exchange (see accompanying Exhs. 1, 2 and 3). The following chart also identifies Plaintiff's relevant prior requests for production ("RFPs") that were served on Defendants Dart and Cook County ("CC"), with each request numbered sequentially, which are reproduced in Exhs. 4 and 5, respectively). Each of the following 11 areas were also addressed in new Production Requests that were served on Defendants Dart and Cook County on March 22, 2025 (also included in Exh. 2 and Exh. 3), without prejudice to Plaintiff's prior discovery requests encompassing the same documents.

| Subject | Prior Plaintiff Discovery Requests | Related to Prior Court Rulings? |
|---|---|---|
| **Telephone-Related Assaults** (relevant period is 2010-2019) | | |
| 1. Documents such as *emails, memos, letters etc.* that *mention or relate to phone-related assaults, potential changes re phones*, etc. | Dart RFPs 51, 53, 54-55, 57, 59-63; CC RFPs 32, 34-36, 38, 41-43. *See also* Dart RFPs 19-23, 28, 30-35, 37-39, 44, 46, 48-49, 58, 61-62; CC RFPs 27, 29-30, 40, 44-46. | Yes. *Judge Ellis ruling* re emails (Dkt. 098, at 31-32); *Judge Daniel ruling* on 2010-2019 period (Dkt. 167; Dkt. 169, at 27). |
| 2. Documents re *phone-related benchmarking, comparisons to other jails, or best/better practices*. | Dart RFPs 51, 53, 54-55, 57, 59-63; CC RFPs 32, 34-36, 38, 41-43. *See also* cites in item 1 above. | Yes. Same rulings as referenced in item 1 above. |
| 3. Documents reflecting *phone rules or policy revisions, drafts, rollout-related communications, and/or announcements* | Dart RFPs 19-21, 35, 51, 53-55, 57, 58-61; CC RFPs 32, 34-36, 38, 40-43, 45-46. *See also* cites in item 1 above. | Yes. Same rulings as referenced in item 1 above. |
| 4. Documents dealing with possible *phone-related improvements like secure phone booths, segregated phone areas, jail-administered sign-up or scheduling systems, or more phones*, and other changes. | Dart RFPs 21, 35, 38-39, 51, 53-55, 57, 58-61; CC RFPs 32, 34-36, 38, 40-43, 45-46. *See also* cites in item 1 above. | Yes. Same rulings as referenced in item 1 above. |
| 5. Documents such as *emails, memos, letters etc.* which *state, suggest or acknowledge that any issue or problem exists* regarding phone-related inmate assaults. | *See* cites in item 1 above. | Yes. Same rulings as referenced in item 1 above. |

| Subject | Prior Plaintiff Discovery Requests | Related to Prior Court Rulings? |
|---|---|---|
| **Eyeglasses Requests and Optometrist Appts.** (relevant period is 2015-2019) | | |
| 6. Documents indicating *which inmates requested eyeglasses and/or or optometrist appts*, *were the appts scheduled and, if so, when*, *whether appts actually occurred*, *whether eyeglasses were prescribed*, *and whether and when eyeglasses were delivered*, etc. | Dart RFPs 11, 13, 15, 17, 50, 52, 54; CC RFPs 11, 15, 17-19, 31, 33, 35. *See also* Dart RFPs 12, 14, 18, 38-39, 45, 47; CC RFPs 12-14, 16, 20, 26, 28, 30, 39. | Yes. *Judge Ellis ruling* re eyeglasses requests (Dkt. 098, at 21-22, 41); *Judge Daniel ruling* re 2015-2019 period including "optometrist appointments" (Dkt. 169, at 28-29; and Dkt. 167) |
| 7. Documents such as *emails, memos, letters etc.* that *mention or relate to inmate requests for eyeglasses and optometrist appointments, the processing of these requests, eyeglass orders, and deliveries* | Dart RFPs 11-18, 38-39, 45, 47, 50, 52, 54; CC RFPs 11-15, 17-19, 26, 28, 30-31, 33, 35, 39. *See also* cites in item 6 above. | Yes. Same rulings as referenced in item 6 above. |
| 8. Documents re *inmate eyeglasses benchmarking, comparisons to other jails, or best/better practices*. | Dart RFPs 52, 54; CC RFPs 33, 35; *see also* Dart RFPs 13, 15, 50; CC RFPs 11-15, 17-19, 26, 28, 30-31, 39. *See also* cites in item 6 above. | Yes. Same rulings as referenced in item 6 above. |
| 9. Documents showing *invoices, charges, costs or payments re eyeglasses and optometrists, the names of optometrists and vendors*, etc. | Dart RFPs 11, 13, 14, 15, 16, 17, 50; CC RFPs 11, 13, 14, 15, 16, 17, 31, 33, 35, 39. *See also* cites in item 6 above. | Yes. Same rulings as referenced in item 6 above. |
| 10. Documents regarding *negotiations, contracts and other arrangements* governing the *purchase, preparation and delivery of eyeglasses and optometrist services* | Dart RFPs 11, 13, 14, 15, 16, 17, 50; CC RFPs 11, 13, 14, 15, 16, 17, 31, 33, 35, 39. *See also* cites in item 6 above. *See also* cites in item 6 above. | Yes. Same rulings as referenced in item 6 above. |
| 11. Documents such as *emails, memos, letters etc.* which *state, suggest or acknowledge that any issue or problem exists* regarding inmate eyeglasses and optometrist appointments | *See* cites in item 6 above. | Yes. Same rulings as referenced in item 6 above. |

## C. Other Outstanding Discovery

At present, the following additional discovery issues remain outstanding:

1. <u>The 11 Areas Described Above</u>. Plaintiff contends it is implausible that substantial numbers of documents in the above 11 areas fail to exist from the 2010-2019 timeframe (regarding phone-related inmate assaults) and the 2015-2019 timeframe (regarding inmate requests for eyeglasses and optometrist appointments). Alternatively – given the large number of phone-related inmate assaults and eyeglasses/optometrist requests that have surfaced in discovery – Plaintiff respectfully submits that any absence of substantial documents in the above areas warrants an

adverse inference and finding that Defendants have, in fact, engaged in deliberate indifference and violated the constitutional rights of Plaintiff and other inmates regarding the two sets of claims being addressed in this action. Indeed, more than two years ago, Judge Ellis put the Defendants on notice that the explanation, "we just don't keep documents that way, so you can't have anything. *That's not going to fly. . . . It's not an excuse as to why you can't produce things*" (Dkt. 098, at 21-22).

2. Defendants' Cancellation of Don Beachem Deposition – Court Reporter Fees. Plaintiff's Rule 30(b)(6) deposition of Don Beachem was scheduled for March 4, 2025 at 10 am CT, as indicated in the Joint Status Report (Dkt. 206 at 7). However, 25 minutes beforehand, Defendants' counsel sent an email (see Exh. 6) canceling the deposition with an explanation that Defendants "confused the dates and times." This deposition was taken the next day (March 5, 2025). Plaintiff has requested that Defendants pay the March 4, 2025 court reporter cancellation fee, which Defendants have not yet agreed to.

3. Plaintiff's Other Outstanding Depositions. Other outstanding depositions include: (a) the *deposition of Scott Jakubowski*, Chief Data Officer, whose deposition was ordered when the Court – granting Plaintiff's Motion to Compel – called Defendants' refusal to produce Mr. Jakubowski a "nonsense objection" (Dkt. 169, at 29; *see also* Dkt. 167); (b) the *deposition(s) relating to Plaintiff's Rule 30(b)(6) topic 10 and 11*, referenced in the Joint Status Report (Dkt. 206 at 7-8); and (c) the *stipulation relating to Plaintiff's Rule 30(b)(6) topic 6 (involving Defendant Susan Shebel)*, referenced in the Joint Status Report (Dkt. 206 at 7).

4. Plaintiff's March 22, 2025 RFPs to Defendants Dart and Cook County. As indicated previously, the 11 areas referenced above are encompassed by Plaintiff's prior discovery requests. However, while reserving all rights regarding this position, Plaintiff addressed these 11 areas (again) in Plaintiff's Fourth Production Requests to Defendants Dart and Cook County, respectively (which have been included in the accompanying Exhs. 2 and 3).

5. Potential Additional Discovery. Based on the substantial gaps that exist in the 11 areas described above, Plaintiff respectfully reserves the right to engage in additional discovery, including potential depositions and document production requests, among other things.

6. Expert Discovery. Plaintiff anticipates that one or more experts will provide opinions in this case. Plaintiff respectfully requests that expert discovery commence only after outstanding fact discovery issues have been resolved and after fact discovery has closed.

Very truly yours,

*Philip A. Miscimarra*
Philip A. Miscimarra

Exhibits:
(1) Plaintiff's 2/25/2025 Email Identifying 11 Areas – Missing or Incomplete Responses
(2) Defendants' 3/18/2025 Response to Plaintiff's 2/25/2025 Email
(3) Plaintiff's 3/18/2025 Email Reply to Defendants' 3/18/2025 Response
(4) Plaintiff's (First, Second, Third and Fourth) Document Production Requests to Sheriff Dart
(5) Plaintiff's (First, Second, Third and Fourth) Document Production Requests to Cook County
(6) Defendants' Counsel's 3/4/2025 Email Canceling Don Beachem Deposition