**Exhibit 1**

*Plaintiff's 2/25/2025 Email Identifying 11 Areas – Missing or Incomplete Responses*

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Tuesday, February 25, 2025 2:22 PM |
| **To:** | Troy Radunsky; Jason DeVore; Zachary Stillman |
| **Cc:** | Doukas, Maria E.; Guyette, John; Hawkins, Brent A.; Hill, Melissa D.; Russell, Matthew A.; Gordon, Tim |
| **Subject:** | Henneberg v. Dart, Cook County et al. – (1) Outstanding Discovery Needed by Friday, March 14, 2025, (2) Request to Meet-and-Confer, and (3) Potential Motion for Adverse Inference and Finding of Unconstitutional Conduct |

Dear Troy, Jason and Zach:

After reviewing Defendants' discovery responses to ensure that discovery can be completed in a timely manner, it is clear that substantial gaps exist regarding fundamental areas where Defendants have produced no relevant documents or information in response to our discovery requests or Defendants' responses are obviously (and substantially) incomplete. These deficiencies are especially objectionable given that this litigation involves only two types of claims, involving (i) Defendants' failures to adequately protect Mr. Henneberg and other inmates from telephone-related assaults by other inmates, and (ii) Defendants' failures to adequately arrange for vision care, optometrist appointments and eyeglasses. Also, Defendants Dart and Cook County obviously have familiarity with these types of claims, because failures to protect the inmate safety and inadequate medical care were the focus of a May 2010 complaint filed by the U.S. Justice Department, resulting in an Agreed Order requiring Defendants Dart and Cook County to maintain detailed records and systems to permit adequate review and monitoring regarding these precise issues.

**Discovery Deficiencies in Critical Areas**. After more than three years of discovery, Defendants in the areas outlined below have persistently failed to provide any meaningful documents and information, or it is clear that Defendants' responses are palpably deficient and incomplete. We are sending this email to give Defendants the opportunity to provide <u>all</u> relevant documents and information in <u>each</u> of the following areas no later than <u>Friday, March 14, 2025</u>. Also, you should advise us by the close of business on <u>Thursday, February 27, 2025</u> whether Defendants by March 14 will, in fact, provide all of these additional documents and information. This information must be included the Joint Status Report that the Court has instructed us to file on Friday, February 28, 2025.

In view of the ongoing deficiencies, which deal with Defendants' persistent failure to provide requested documents and information that are obviously relevant, Plaintiff is also preparing a motion that will seek an adverse inference and finding that Defendants engaged in deliberate indifference, and maintained a policy or practice of violating the constitutional rights of Plaintiff and other inmates, regarding the two sets of claims identified above. Again, in the interest of addressing these problems, we direct Defendants to produce all responsive documents and information regarding each of the following areas no later than <u>Friday, March 14, 2025</u>, and to the extent such documents and information are not being provided, Defendants should state in writing that no such documents or information exist:

A. **Telephone-Related Assaults – Missing or Incomplete Responses**

1. <u>Internal Communications and Documents Regarding Telephone-Related Assaults</u>. Discovery has uncovered thousands of incidents involving inmate telephone-related assaults during the 2010-2019 period (even though it appears Defendants have only produced fragmentary documentation regarding the years 2010-2014). We also know the U.S. Justice Department in May 2010 filed a complaint against Defendants Dart and Cook County, which included a 98-page Findings Letter, based on alleged constitutional violations by those Defendants involving failures "to protect inmates against the serious harm inflicted on them by other inmates" and failures "to provide adequate medical . . . care and services" (hereinafter "Justice Department Complaint"). However, Defendants Dart and Cook County have produced no emails, memos, letters,

1

communications, or other internal or external documents – sent or received by anyone within Sheriff Dart's Office, Cook County Jail or Cook County during any part of the period 2010-2019 – that mention or allude to telephone-related inmate assaults, problems with the control of telephones by inmates, possible changes or improvements in telephone rules and procedures, reports or studies related to these issues, and changes or training by which correctional officers could or should provide greater protection to inmates who use telephones. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests," and we note that Judge Daniel upheld the appropriateness of the entire 2010-2019 period in relation to telephone-related inmate assaults (see 2/21/2024 Hearing Transcript, pp. 14-20, 27). <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

2. <u>Telephone Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices</u>. Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – evaluated or made inquiries associated with (i) benchmarking and comparing Cook County Jail's telephone-related practices, policies, procedures and rules to the practices, policies, procedures and rules utilized in other jails and prisons, and/or (ii) potential changes that would reflect correctional facility best or better practices regarding telephone-related practices, policies, procedures and rules. However, Defendants Dart and Cook County have produced no documents that reflect any telephone-related benchmarking or best/better practices evaluation or inquiries. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

3. <u>Inmate Telephone Practices, Policies, Procedures and Rules, and Revisions, Drafts, and Rollout-Related Communications</u>. Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – evaluated, recommended and/or made changes in telephone-related practices, policies, procedures and rules. Defendants Dart and/or Cook County have produced a limited number of documents that constitute telephone-related policies, procedures or rules without covering the entire 2010-2019 period. More importantly, given the circumstances described above, one would expect that these policies, procedures and/or rules were modified at one or more points during the 2010-2019 period, and – if such modifications occurred – documents would reflect draft revisions, the review and consideration given to revisions, and additional documents would be associated with the announcement and rollout of changed telephone-related policies, procedures and/or rules. Defendants have produced no documents that reflect or relate to such modifications, their consideration, or their announcement and rollout. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

4. <u>Potential Secure Phone Booths, Segregated/Supervised Phone Areas, Jail-Administered Sign-Ups/Scheduling, More Phones, and Other Changes</u>. Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – evaluated the possibility of increasing the protection afforded to inmates from telephone-related assaults by making specific changes that would enhance supervision and reduce opportunities for inmate-on-inmate violence associated with the use of telephones, including (for example) providing secure phone booths, segregated and supervised phone areas, jail-administered and jail-supervised sign-ups, scheduling and phone use by inmates, substantially increasing the number of phones, and other types of changes. To date, Defendants have produced no documents that reflect or relate to the

consideration, evaluation or implementation by Defendants Dart and Cook County of any changes along these lines or similar changes. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

5. <u>Documents Mentioning or Acknowledging that Phone-Related Assaults Are a Problem</u>. Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – had responsible officials who created, sent and/or received one or more emails, memos, letters, communications, or other internal or external documents that mentioned, stated, suggested or acknowledged that telephone-related inmate assaults were a problem. To date, Defendants have produced no documents created by any responsible official(s) that mentioned, stated, suggested or acknowledged that telephone-related inmate assaults were a problem. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

B. <u>Vision/Eyeglasses Issues – Missing or Incomplete Responses</u>

6. <u>Inmate Optometrist Requests, Appointments and Eyeglasses</u>. As indicated above, the May 2010 Justice Department Complaint against Defendants Dart and Cook County described numerous constitutional violations involving failures "to provide adequate medical . . . care and services." Regarding the claim that Defendants violated the constitutional rights of Mr. Henneberg and other inmates based on the failure to adequately schedule optometrist appointments and arrange for eyeglasses, Judge Daniel ruled that the relevant time frame is 2015-2019 (see 2/21/2024 Hearing Transcript, pp. 20-29). Regarding optometrist scheduling, appointments and eyeglasses, Judge Daniel – when granting Plaintiff's Motion to Compel – held Defendants were required to provide documents and information regarding any "practice or a policy of not providing appointments for eyeglasses" and he ruled that "the way Cook County keeps its records" (argument made by Mr. Radunsky) did <u>not</u> permit non-disclosure. Indeed, when making arguments that Judge Daniel rejected, Mr. Radunsky stated that providing responsive documents and information would entail evaluating "potentially 10,000 other inmates who may have sought vision care" (id. at 25), in response, Judge Daniel stated this argument "gets no traction" and he explained further that "any pain in trying to retrieve the data may encourage change to make it more efficient in the future to retrieve the data" (id. at 25-26). To date, regarding inmate optometrist/eyeglasses requests, optometrist appointments that were (and were not) scheduled, the rescheduling or cancellation of appointments, and the dates that eyeglasses were (and were not provided), Defendants have provided a single Excel spreadsheet identifying 30,994 instances when inmates were referred "to Optometry" during 2015-2019. This spreadsheet contains only four columns – "FIN" number, "Name," "Order Date" and "Order Catalog" – and the "Order Catalog" column contains the same three-word entry for each person "Referral to Optometry." In addition, our review suggests, for example, that more than <u>21,000</u> entries involved <u>multiple</u> optometry referrals for the same person, more than <u>5,500</u> entries involved <u>more</u> than <u>5</u> <u>referrals</u> for the same person, and more than <u>1,500</u> entries involved <u>more</u> <u>than</u> <u>10</u> referrals for the same person. This strongly suggests that many thousands of inmates – just like Mr. Henneberg – experienced multiple "referrals" for eyeglass appointments which were never kept, and you have provided no documents indicating when appointments actually occurred, and whether or when eyeglasses (if ordered) were delivered to each inmate. <u>At a minimum, the Defendants must provide documents and information that reflect (i) which inmates during 2015-2019 requested optometrist appointments, (ii) whether and when those appointments occurred; (iii) whether or when the appointments were cancelled or postponed; (iv) whether eyeglasses were prescribed; (v) whether and when eyeglasses were delivered to each inmate; and (vi) other relevant optometrist treatment details</u>. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive</u>

3

documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.

7. <u>Internal Communications and Documents Regarding Vision Care/Eyeglasses</u>.  Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail during the 2015-2019 period – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – it is implausible to believe that no emails, memos, letters, communications, or other internal or external documents were sent or received by anyone within Sheriff Dart's Office, Cook County Jail or Cook County during any part of the period 2015-2019 – which mention or allude to arrangements and scheduling of optometrist appointments, appointment cancellations or postponements, the arrangements and timeframe for delivering prescribed eyeglasses to inmates, possible changes or improvements in the arrangements, practices and procedures relating to optometrists and eyeglasses requests, reports or studies related to these issues, and changes or training by which responsible officials would or should more effectively deal with optometrist scheduling and eyeglasses requests.  The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests."  <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

8. <u>Vision Care/Eyeglasses Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices</u>.  Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail during the 2015-2019 period – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – one would expect that Defendants Dart and Cook County – throughout or during 2015-2019 – evaluated or made inquiries associated with (i) benchmarking and comparing Cook County Jail's optometrist and eyeglasses practices, policies, procedures and rules to the practices, policies, procedures and rules utilized in other jails and prisons, and/or (ii) potential changes that would reflect correctional facility best or better practices regarding optometrist and eyeglasses practices, policies, procedures and rules.  However, Defendants Dart and Cook County have produced no documents that reflect any telephone-related benchmarking or best/better practices evaluation or inquiries. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests."  <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

9. <u>Costs/Payments by Defendants for Optometrist Appointments/Eyeglasses</u>.  In addition to documents and records that directly show or reflect details regarding all 2015-2019 inmate requests for optometrist appointments and related information (as described in item 6 above), it is clear that additional documents in the possession of Defendants include or reflect the invoices or charges related to optometrist appointments and eyeglasses requests, the costs and payments incurred or made for such requests, the identities of the optometrists and/or providers or vendors who treated inmates or supplied eyeglasses, and related details.  To date, Defendants have failed to produce documents and information reflecting this information for 2015-2019. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests."  <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

10. <u>Contracts/Arrangements for Optometrist Scheduling and Eyeglasses</u>.  Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – the Defendants obviously had to negotiate and enter into contracts and/or make arrangements for particular optometrists and providers or vendors who treated inmates or supplied eyeglasses during the 2015-2019 period.  To date, Defendants have failed to produce documents and information reflecting this information for 2015-2019. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests."  <u>For each Defendant, please produce all responsive documents

and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.

11. <u>Documents Mentioning or Acknowledging that Delays and Failure to Schedule Optometrist and Provide Eyeglasses Are a Problem</u>. Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – had responsible officials who created, sent and/or received one or more emails, memos, letters, communications, or other internal or external documents that mentioned, stated, suggested or acknowledged that problems existed or required attention in relation to (i) timely optometrist appointments and scheduling, (ii) whether and when optometrist appointments occurred; (iii) the cancellation or postponement of optometrist appointments; (iv) the process for having eyeglasses prescribed; and (v) whether and when eyeglasses were being delivered to inmate who needed eyeglasses. To date, Defendants have produced no documents created by any responsible official(s) that mentioned, stated, suggested or acknowledged that any of these issues were a problem. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

**Relevant Discovery Requests**. The discovery requests relating to each of the above items include but are not limited to the following: <u>Items 1 through 5</u>: Plaintiff's First Requests for Production to Defendant Dart (dated Sept. 24, 2021) ("First Dart Requests"), Requests 1-5, 19-24, 28, 30-39; Plaintiff's First interrogatories to Defendant Dart (dated Sept. 24, 2021) ("First Dart Interrogatories"), Interrogatories 4-5, 12-16, 17-19; Plaintiff's Second Requests for Production to Defendant Dart (dated May 5, 2023) ("Second Dart Requests"), Requests 40-49, 51-57; Plaintiff's Second interrogatories to Defendant Dart (dated May 5, 2023) ("Second Dart Interrogatories"), Interrogatories 23, 25-27, 30-31. <u>Items 6 through 11</u>: First Dart Requests Nos. 1-5, 11-18, 38-39; First Dart Interrogatories Nos. 4-10; Second Dart Requests Nos. 50, 52, 54, 56; Second Dart Interrogatories Nos. 23, 27-29; Plaintiff's First Requests for Production to Defendant Cook County (dated Sept. 24, 2021) ("First Cook County Requests"), Requests 1-6, 10-20; Plaintiff's First interrogatories to Defendant Cook County (dated Sept. 24, 2021) ("First Cook County Interrogatories"), Interrogatories 2-12; Plaintiff's Second Requests for Production to Defendant Cook County (dated May 5, 2023) ("Second Cook County Requests"), Requests 21-23, 26, 28, 30, 31, 33, 35, 37; Plaintiff's Second interrogatories to Defendant Cook County (dated May 5, 2023) ("Second Cook County Interrogatories"), Interrogatories 13, 26, 27, 28.

**Request to Meet and Confer**. We request that Defendants immediately provide available dates and times this week (the week ending Friday, February 28, 2025) to have a meet-and-confer discussion regarding the above issues.

**Joint Status Report**. Given the importance of these issues, and the scheduled May 30, 2025 close of fact discovery, Plaintiff intends to include in the Joint Status Report due on April 28, 2025 a description of the above significant discovery problems, and a description of Plaintiff's potential motion seeking an adverse inference and finding that Defendants engaged in deliberate indifference and maintained a policy or practice of violating the constitutional rights of Plaintiff and other inmates regarding telephone-related inmate assaults and optometrist/eyeglasses issues.

Our mention of particular deficiencies in this email does not concede or waive any rights regarding other discovery deficiencies that exist and does not preclude additional discovery requests from Plaintiff. We look forward to hearing from you regarding arrangements to meet and confer this week regarding these issues, and regarding the Joint Status Report that is due on April 28, 2025. We also look forward to all of Defendants' supplemental discovery responses by <u>Friday, March 14, 2025</u>. Additionally, as indicated above, you should advise us by the close of business on <u>Thursday, February 27, 2025</u> whether Defendants by March 14 will, in fact, provide all of these additional documents and information.

Regards,

Phil

**Philip A. Miscimarra**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
philip.miscimarra@morganlewis.com | www.morganlewis.com

