**Exhibit 2**

*Defendants' 3/18/2025 Response to Plaintiff's 2/25/2025 Email*



March 18, 2025

Phil Miscimmarra (via email)
Morgan, Lewis & Bockius

  Re: *Henneberg v. Dart, et. al*
     **19 cv 3780**

Dear Counsel,

We are in receipt of your email dated February 25, 2025 where Plaintiff provided a laundry list of discovery requests which he alleged are "deficient." We have now evaluated the five alleged deficiencies in "Topic A- Telephone-Related Assaults-Missing or Incomplete Responses" and note the following.

First, we do not believe any of the defendants' responses are "deficient" or failed to comply with any prior court orders. Second, You have confusingly provided a string citation or "Relevant Discovery Requests" , instead of providing citations that directly correspond to each individual request. Therefore, we ask that you either provide direct citations for each separate request pointing to exactly where the request was made that gave rise to the "deficiency", or plaintiff needs to propound a new Rule 34 request to produce so the defendants can formally respond to it.

Notably, we formally responded to all the citations noted in the section of your email entitled "Relevant Discovery Requests". We did that on our 11.30.23, letter, 2.2.24 Response Brief and at the hearing on 2.21.24. All plaintiffs' citations of "deficiencies" predate the Court's February 21, 2024 ruling. Obviously, the only discovery not addressed by the Court (or in your email) were the Defendants' responses to Plaintiff's 3rd set of interrogatories and request to produce which defendants filed in the summer of 2024. Defendant continues to stand on their responses and objections to that discovery.

  **I.** **<u>Topic A</u>**

**Topic A (2-4):**

Our review of the discovery previously propounded upon the defendants by the plaintiff, reveals *no* prior specific discovery requests for:

  2. <u>Telephone Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices.</u>



230 W. Monroe St., Ste 230, Chicago, IL 60606
**P:** 312.300.4479 **F:** 312.674.7423
**WWW.DEVORERADUNSKY.COM**

    3.    …….<u>Rollout-Related Communications.</u>

    4.    <u>Potential Secure Phone Booths, Segregated/Supervised Phone Areas, Jail-Administered Sign-Ups/Scheduling, More Phones, and Other Changes".</u>

If we are incorrect, please advise? Otherwise, these are new requests, not deficiencies or outstanding discovery. As such, we would require a new formal Rule 34 request.

**Topic A (1) -Internal Communications and Documents Regarding Telephone - Related Assaults**. Again, this was the subject of extensive motion practice (Dkt #162) and the Court's Order on February 21, 2024. (*See Dkt #167, Ruling #6 regarding DOJ records*). We do not intend to relitigate those resolved issues. Similarly, the issue of scope was also resolved on February 21, 2024 and the defendants complied last summer when they produced hundreds of thousands of pages grievances and incident reports, from 2011-2019.

**Topic A (5)- Documents Mentioning or Acknowledging that Phone-Related Assaults Are a Problem.** Notably, Defendants disagree with the plaintiff's characterization that phone related assaults "are a problem". On the contrary, the records and testimony reveals it was not a frequent problem. (*See Hosteadter, Hugar and Beachem depositions*). Nonetheless, this issue was also the subject of the Court's February 21, 2024, Order (*See Dkt #167, Ruling #1-2*). Also, the defendants already produced hundreds of thousands of pages of grievances and incident reports from 2011-2019, a small percentage of which might have related to issues involving the phones.

    II.    **Topic B**

**Topic B (6)-Inmate Optometrist Requests, Appointments and Eyeglasses**
We sent Plaintiff a list of 31,000 inmates last summer who saw the optometrist in the prescribed timeframe. We then asked you to identify any specific patients you wanted more information about and we would obtain it. You never provided it. It appears you narrowed the list to several thousand referrals but still have not provided the names of any inmates you would us to further search**.** As the court has stated many times, Plaintiff does not need thousands of related incidents to prove his Monell claim so perhaps the plaintiff can compromise on the number of inmates records he needs us to search to prove his claim**.** We can also send a random sample of all the inmates as we offered before? The County has used this sampling method successfully in other matters. Also**,** Inmates seek treatment from the optometrist for a multitude of reasons which have nothing to do with the need for eyeglasses. The County does not break down visits by who needs glasses or not.

**Topic B (7)-Internal Communications and Documents regarding Vision Care/Eyeglasses.** The defendant produced <u>all</u> vision policies in its possession from 2011-2019. Defendant Dart also provided an Inmate Handbook to Plaintiff, Chapter 6

address options for an inmate to obtain plastic frames. In addition, Dr. DeFuniak, a 30(b)(6) witness testified at length regarding the issues raised in this topic. He also provided the names of the two optometrist employed from 2011-2019. In addition, this broad request obviously alludes indirectly to DOJ documents, which the court has already ruled upon, February 21, 2024, following extensive briefing (See Ruling #6-7).

**Topic B (8)-Vision Care/Eyeglasses Benchmarking, Comparisons to Other Jails/Prisons and Best/Better Practices.** We could find no request for these records prior to your email. We note a request for "generally accepted standards" (RFP #35), but that is not what you are asking here. If this is a new request please issue a formal Rule 34 request so that defendant can respond to it. Also, we are accredited, follow and meet the NCCHC standards so there is no need for Cook County to compare or have any benchmarking.

**Topic (B) (9)-Costs/Payments by Defendants for Optometrist Appointments/Eyeglasses.** We objected to these issues in Plaintiffs Sept 24, 2021 discovery and Plaintiffs May 5, 2023 discovery. How are these records relevant? The request appears disproportionate to the needs of the case as the plaintiff never made a claim regarding any of these issues. There are no bills for any outside optometry services because inmates are sent to County facilities. Until 2021, IDOC made eyeglasses so no cost was incurred to the patient.

**Topic B (10)-Contracts/Arrangements for Optometrist Scheduling and Eyeglasses.** This appears largely duplicative of topic B (6). This defendant does not have any outside contracts with particular optometrists and providers or vendors who treated inmates or supplied eyeglasses during the 2015-2019. The County has its own optometrists. The IDOC might have a contract? See Answer Topic (B)(9).

**Topic B (11)-Documents Mentioning or Acknowledging That Delays and Failure to Schedule Optometrist and Provide Eyeglasses Are a Problem.** This is a legal conclusion. We could also find no request for these records prior to your email. If we are incorrect, please advise. If not, please issue a formal Rule 34 request so that the defendant can respond to it. This request also appears to overlap with Topic B (7).

Sincerely,

*[signature]*

Troy S. Radunsky