**<u>Exhibit 4</u>**

*Plaintiff's (First, Second, Third and Fourth) Document Production Requests to Sheriff Dart*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 19-cv-07380 |
| | ) | 19-cv-07382 |
| v. | ) | 19-cv-07883 |
| | ) | |
| TOM DART, et al. | ) | |
| | ) | Honorable Sara L. Ellis |
| Defendants. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SHERIFF THOMAS DART**

Plaintiff Donald Henneberg, by and through his attorneys, and pursuant to Rules 26 and 34

of the Federal Rules of Civil Procedure, hereby requests that Defendant Sheriff Thomas Dart

respond to the following Requests for Production of Documents ("Requests") within thirty (30) days

from the date of service.

**DEFINITIONS**

1.  "Cermak Health Services" includes, but is not necessarily limited to, Cermak Health

Services located at 2800 S. California Avenue, Chicago, Illinois. Cermak Health Services includes,

but is not necessarily limited to, the Cermak Health personnel that directly or indirectly provide

health care services, oversee the provision of health care services, or perform any administrative

function to facilitate the provision of medical care to inmates at Cook County Department of

Corrections, including to Plaintiff.

2.  "Communication(s)" means, without limitation, any and all oral or written

transmissions of information from one Person to another, including correspondence, presentations,

any exchange of written or recorded information, face-to-face meetings or discussions, or electronic,

facsimile or telephone transmissions.

3.      "Complaint" means the First Amended Civil Rights Complaint filed by Plaintiff in the U.S. District Court for the Northern District of Illinois, Case No. 1:19-cv-07380.

4.      The terms "concerning," "relating," "referring," "reflecting," "regarding," and any forms thereof mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining to, being connected with, or relevant to a stated subject matter. As indicated, the terms necessarily include information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

5.      "Cook County Department of Corrections" or "Cook County Jail" includes, but is not necessarily limited to, Cook County Department of Corrections located at 2700 S. California Avenue, Chicago, Illinois.

6.      "Document(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent, received, or made, or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, e-mails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include without limitation correspondence, blueprints, memoranda, notes, diaries, letters, telegraphs, telegrams, telexes, e-mails, minutes, agendas,

2

contracts, reports, studies, checks, statements, receipts, summaries, pamphlets, circulars, press releases, advertisements, books, handbooks, manuals, inter-office and intra-office communications, handwritten or typewritten notes, notations or summaries of telephone conversations, meetings, or conferences, bulletins, computer printouts, databases, teletypes, telefax, invoices, worksheets, photographs, tape recordings, and all other tangible items of readable, recorded, or visual material of any kind.

7. "Each," "All," and "Every" mean each and every.

8. "Identify," "identifying," "identification," "describe," describing," or "description,":

a. When referring to an individual, mean to state that individual's full name, present, or last known residence or present business address, telephone number, business or official affiliation, and job title.

b. When referring to an event mean to give the name of the event, its date, time, and location, Identify the participants in the event, and to describe the event in reasonable detail.

c. When referring to a thing mean to give, to the extent known, a full description of the thing, including, if applicable its make, model, and serial number, and its present or last known address or location.

d. When used in connection with a Document or electronically stored information, shall mean to state the type of Document, title, date, author, present location, and the name and address of its custodian. If a Document has been destroyed, state when and where it was destroyed, identify the Person or Persons who destroyed it and the Person or Persons who directed the destruction. In lieu of identifying any Document, copies of the Document may be furnished.

9.      "Incident" means the circumstances surrounding Plaintiff's altercation with and attack by the inmate who had denied Plaintiff access to the inmate telephone system located within Division 10 at Cook County Jail in June 2019; any medical treatment Plaintiff received; any response from Defendants; and all other events involving Plaintiff that occurred during, between, or shortly after the events described above.

10.     "Including" means including, but not limited to.

11.     "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B," You should produce all information about A and all information about B, as well as all information about A and B.

12.     "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body, insurance entity, any group, or any other form of public or private business, non-business or legal entity.

13.     "Plaintiff" refers to Donald Henneberg, plaintiff in the above-captioned action.

14.     "Policy" and "Policies" shall mean any policy, protocol, procedure, practice, rule, routine, regulation, guideline, method, course or manner of action used by Cook County Jail. Cook County Sheriff's Department, or Cermak Health Services.  This definition shall not be limited to Policies that exist in writing.

15.     "Relevant Period" refers to the time period from October 1, 2015 to the present.

16.     "You" or "Your" means the addressee of these Requests, including any Person responding to these Requests on behalf of said addressee, as well as any and all predecessors, successors, subsidiaries, parents, branches, departments, divisions, or affiliates, including without limitation, any organization or entity in which Defendant has ownership management or controlling

interest, together with all agents, representatives, or any other Persons acting, or purporting to act, on behalf of the above identified Persons or entities.

17.     The singular form of a term includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense includes the present tense and vice versa.

18.     The masculine form of a term includes the feminine and vice versa.

## **INSTRUCTIONS**

1.     In responding to these Requests, furnish all Documents within Your possession, custody, or control, regardless of whether such Documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.     Pursuant to the Rules, these Document Requests shall be deemed to be continuing in nature so that if You, Your directors, officers, employees, agents, representative or any Persons acting, or purporting to act on behalf of You, subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, You shall promptly make such Document available.

3.     All Documents should be produced as maintained in the ordinary course of business.

4.     If Documents are maintained in files or folders, copies of said files or folders or other such identifying label information shall be produced.

5.     If any part of a Document is responsive to any request, produce the entire Document, including any attachments or exhibits.

6.     Documents not otherwise responsive to these Document Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these

Document Requests, or if such Documents are attached to Documents called for by these Document Requests, and constitutes routing slips, transmittal memoranda, cover sheets or letters, comments, evaluations or similar materials.

7.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural Person in whose possession they were found and the business address of each Document's custodian(s).

8.      Documents attached to each other should not be separated.

9.      Each page of the Documents produced pursuant to these Document Requests should be separately numbered in sequential order (*i.e.*, Bates numbered).

10.     If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

11.     If You claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document that You have withheld:

> a.      the date of the Document;
>
> b.      each author of the Document;
>
> c.      each Person who prepared or participated in the preparation of the Document;
>
> d.      each Person who sent or received the Document;
>
> e.      the present location of the Document and all copies thereof;
>
> f.      each Person having custody or control of the Document and copies thereof;

and

g.      sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

12.     The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request based on the knowledge and information that is currently available.

13.     Plaintiff reserves his right to supplement these requests or serve additional requests for the production of documents.

14.     Any Documents on which Your responses are based shall be furnished pursuant to Rule 34, including Documents available in electronic format, which shall be provided in a usable format that is identical to the original format.

15.     In addition, to the extent You produce electronically stored information ("ESI"), You shall produce any and all metadata associated with the electronically stored information.

## DOCUMENT REQUESTS

1.      All Documents identified or described in Plaintiff's Rule 26 Initial Disclosures.

2.      All Documents requested to be produced, identified, or described in response to Plaintiff's First Set of Interrogatories.

3.      All Documents You relied on in responding to Plaintiff's First Set of Interrogatories.

4.      All Documents that support or refute any allegation in the Complaint.

5.      All Documents from any source that support or refute any assertion or Affirmative Defense made in Defendants' Answer or responsive pleadings to the Complaint.

6.      All Documents that relate, in any way, to Plaintiff.

7

7.     All Documents that relate, in any way, to Plaintiff that You have received, or may receive, in response to any discovery request, subpoena, or other form of document and/or information request, whether formal or informal, issued to a third party.

8.     All Documents supporting Your assertion in Your First Affirmative Defense that Plaintiff "failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)."

9.     All Documents from any source that You may, or will, rely upon or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits.

10.    All Documents, including but not limited to medical records, inmate records, grievance records, complaints, and/or personnel records, dated January 1, 2018 to the present that refer or relate to Plaintiff.

11.    All Documents related to Cook County Jail or Cermak Health Services Policies in effect during the Relevant Period, including without limitation those related to:

      a.     the intake medical screening process;

      b.     processing of inmate medical request forms and grievances;

      c.     assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

      d.     health care professionals regarding the diagnosis, treatment, or monitoring of Cook County Jail inmates including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

8

e.      medication administration and management to meet the medical needs of the

Cook County Jail inmates including but not limited to those inmates presenting with or

complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma,

blackouts, migraines, blurred vision, loss of balance, and PTSD;

f.      rationing care or determining the timing of treatment of inmates at Cook

County Jail presenting with or complaining of needing glasses, poor eyesight, needing to see

an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

and

g.      evaluation, assessment, and response to Cook County Jail inmates' requests,

grievances or complaints addressing or alleging a need for medical services due to

complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye

doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

12.     All Documents reflecting the training, supervision, and discipline of individual

employees and agents of Cook County Jail and Cermak Health Services regarding (a) processing

medical request forms or grievances requesting medical care; (b) responding to medical requests

and grievances requesting medical care and expressing concerns about medical or mental health;

and (c) providing medical, mental health, or optometric care to inmates, including but not limited to

training regarding the Policies in effect during the Relevant Period.

13.     All Documents reflecting review, evaluation, assessment, recommendations or

decisions relating to Plaintiff's requests, complaints, or inmate grievances concerning glasses, poor

eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of

balance, and PTSD.

14.     All Documents identifying all Persons who viewed, interviewed, assessed, evaluated,

monitored or treated Plaintiff in connection with his requests, complaints or inmate grievances

concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

15.     All Documents identifying all Persons who responded to medical requests or grievances, scheduled or rationed care, or determined the need for treatment or the timing of treatment of Plaintiff or other inmates at Cook County Jail requesting, presenting with, or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD during the Relevant Period.

16.     All Documents reflecting the identities of the "John Doe Medical Defendants" employed by the Cook County Department of Corrections or Cermak Health Services, including but not limited to those who participated in Plaintiff's intake medical screening, provided any medical care to Plaintiff, or received or responded to any medical requests or grievances Plaintiff filed.

17.     All Documents identifying all inmates presenting with, diagnosed with, or treated for deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

18.     All Documents identifying all inmates who requested or filed a grievance related to medical care or deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

19.     All Documents and Communications related to or reflecting Your responsibilities for the operations, policies, and management of the Cook County Department of Corrections, including but not limited to the hiring and training of all personnel employed by the Cook County Department of Corrections and the safety and security of all inmates detained at Cook County Jail.

20.     All Documents related to Cook County Jail or Cook County Sheriff Policies related to:

        h.     training of Correctional Officers to ensure health and safety of inmates at Cook County Jail;

        i.      health and safety of inmates including inmate protection from physical assault or attack by other inmates; and

        j.      use of or access to the inmate telephones.

21.    All Documents reflecting the training of Correctional Officers, including but not limited to (a) the protection of inmates from violence from other inmates and (b) the response to concerns expressed by inmates concerning their level of protection, including but not limited to training regarding the Policies during the Relevant Period.

22.    All Documents reflecting or pertaining to any reports or complaints from Plaintiff or any other inmate to any staff member, employee, or representative of Cook County Jail regarding threats or restrictions placed on the use of telephones within Cook County Jail by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) or fellow inmates during the Relevant Period and any response, investigation, or other action taken as a result of same.

23.    All Documents related to or reflecting the details of the Incident as defined herein, the complaints, grievances, or appeals Plaintiff filed related to the Incident or his medical care, and the alleged damages referenced in the Complaint.

24.    All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail at the time of the Incident, including but not limited to shift schedules, time cards, or other staffing records.

25.    All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail for every calendar day during 2019, including but not limited to shift schedules, time cards, or other staffing records.

26.     All Documents reflecting the identities of the Correctional Officers posted to the "day shift" or "second shift" in the Correctional Officers' "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail during the Relevant Period.

27.     All surveillance footage of Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the Cook County Jail at the time of the Incident.

28.     All Documents reflecting or relating to investigation into the Incident and identifying other inmates, Correctional Officers, or other jail personnel involved in or who witnessed the Incident.

29.     All Documents reflecting the identities of the inmates housed in Division 10 of the Cook County Jail during 2019 when Plaintiff was housed in Division 10.

30.     All Documents identifying inmates who suffered assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

31.     All Documents, including, but not limited to, Documents identifying complaints by inmates and/or family members of inmates about assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

32.     All Documents related to any warnings, grievances, or other statements inmates made to Correctional Officers at Cook County Jail about the gang activity, inmate control, violence, disputes, or other altercations related to the inmate telephones in the Cook County Jail during the Relevant Period.

33.     All Documents related to any gang activity, inmate control, violence, disputes, or other altercations among inmates related to the inmate telephones in the Cook County Jail, including

but not limited to any inmate grievances, discipline, surveillance footage, or other records related to same during the Relevant Period.

34.     All Documents reflecting or relating to real or perceived assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

35.     All Documents reflecting internal or external recommendations or decisions regarding any assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

36.     All Documents reflecting the layout of the areas of Cook County Jail where Plaintiff's jail cells were located, Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the Cook County Jail, including but not limited to diagrams, maps, blueprints, photographs, surveillance camera footage, or other records reflecting same.

37.     All Documents reflecting or pertaining to discipline or the consideration of discipline to be imposed on any inmates who were involved at any time in any threats or assaults, batteries or attacks involving Plaintiff.

38.     All Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail related to the (a) failure to provide adequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

39.     All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail or Cermak Health Services involving (a) failure to provide adequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

13

Dated:  September 24, 2021                 Respectfully submitted,

By: _/s/ *Philip A. Miscimarra*_____
      Philip A. Miscimarra
      Tedd M. Warden
      Maria E. Doukas
      Liza B. Fleming (*pro hac vice*)
      Morgan, Lewis & Bockius LLP
      110 N. Wacker Drive, Suite 2800
      Chicago, IL 60606
      Phone: 312.324.1000
      Fax: 312.324.1001
      philip.miscimarra@morganlewis.com
      tedd.warden@morganlewis.com
      maria.doukas@morganlewis.com
      liza.fleming@morganlewis.com

      *Attorneys for Plaintiff*

14

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via email on September 24, 2021 upon all counsel of record.

/s/ *Philip A. Miscimarra*
Philip A. Miscimarra

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | Case Nos. 19-cv-07380 |
| Plaintiff, | ) | 19-cv-07382 |
| | ) | 19-cv-07883 |
| v. | ) | |
| | ) | |
| TOM DART, et al. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHERIFF THOMAS DART (NOS. 40-57)

Plaintiff Donald Henneberg, by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Sheriff Thomas Dart respond to the following Requests for Production of Documents ("Requests") within thirty (30) days from the date of service.

### DEFINITIONS

1.      "Cermak Health Services" includes, but is not necessarily limited to, Cermak Health Services located at 2800 S. California Avenue, Chicago, Illinois.  Cermak Health Services includes, but is not necessarily limited to, the Cermak Health personnel that directly or indirectly provide health care services, oversee the provision of health care services, or perform any administrative function to facilitate the provision of medical care to inmates at Cook County Department of Corrections, including to Plaintiff.

2.      "Communication(s)" means, without limitation, any and all oral or written transmissions of information from one Person to another, including correspondence, presentations, any exchange of written or recorded information, face-to-face meetings or discussions, or electronic, facsimile or telephone transmissions.

3.     "Complaint" means the First Amended Civil Rights Complaint filed by Plaintiff in the U.S. District Court for the Northern District of Illinois, Case No. 1:19-cv-07380.

4.     The terms "concerning," "relating," "referring," "reflecting," "regarding," and any forms thereof mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining to, being connected with, or relevant to a stated subject matter. As indicated, the terms necessarily include information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

5.     "Cook County Department of Corrections" or "Cook County Jail" includes, but is not necessarily limited to, Cook County Department of Corrections located at 2700 S. California Avenue, Chicago, Illinois.

6.     "Document(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent, received, or made, or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, e-mails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document(s)" as used herein shall include without limitation correspondence, blueprints, memoranda, notes, diaries, letters, telegraphs, telegrams, telexes, e-mails, minutes, agendas,

contracts, reports, studies, checks, statements, receipts, summaries, pamphlets, circulars, press releases, advertisements, books, handbooks, manuals, inter-office and intra-office communications, handwritten or typewritten notes, notations or summaries of telephone conversations, meetings, or conferences, bulletins, computer printouts, databases, teletypes, telefax, invoices, worksheets, photographs, tape recordings, and all other tangible items of readable, recorded, or visual material of any kind.

7.      "Each," "All," and "Every" mean each and every.

8.      "Identify," "identifying," "identification," "describe," describing," or "description,":

a.      When referring to an individual, mean to state that individual's full name, present, or last known residence or present business address, telephone number, business or official affiliation, and job title.

b.      When referring to an event mean to give the name of the event, its date, time, and location, Identify the participants in the event, and to describe the event in reasonable detail.

c.      When referring to a thing mean to give, to the extent known, a full description of the thing, including, if applicable its make, model, and serial number, and its present or last known address or location.

d.      When used in connection with a Document or electronically stored information, shall mean to state the type of Document, title, date, author, present location, and the name and address of its custodian.  If a Document has been destroyed, state when and where it was destroyed, identify the Person or Persons who destroyed it and the Person or Persons who directed the destruction.  In lieu of identifying any Document, copies of the Document may be furnished.

3

9. "Incident" means the circumstances surrounding Plaintiff's altercation with and attack by the inmate who had denied Plaintiff access to the inmate telephone system located within Division 10 at Cook County Jail in June 2019; any medical treatment Plaintiff received; any response from Defendants; and all other events involving Plaintiff that occurred during, between, or shortly after the events described above.

10. "Including" means including, but not limited to.

11. "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," You should produce all information about A and all information about B, as well as all information about A and B.

12. "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body, insurance entity, any group, or any other form of public or private business, non-business or legal entity.

13. "Plaintiff" refers to Donald Henneberg, plaintiff in the above-captioned action.

14. "Policy" and "Policies" shall mean any policy, protocol, procedure, practice, rule, routine, regulation, guideline, method, course or manner of action used by Cook County Jail. Cook County Sheriff's Department, or Cermak Health Services. This definition shall not be limited to Policies that exist in writing.

15. "Relevant Period" refers to the time period from January 1, 2015 to December 31, 2019 unless otherwise indicated.

16. "You" or "Your" means the addressee of these Requests, including any Person responding to these Requests on behalf of said addressee, as well as any and all predecessors, successors, subsidiaries, parents, branches, departments, divisions, or affiliates, including without limitation, any organization or entity in which Defendant has ownership management or controlling

4

interest, together with all agents, representatives, or any other Persons acting, or purporting to act, on behalf of the above identified Persons or entities.

17.     The singular form of a term includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense includes the present tense and vice versa.

18.     The masculine form of a term includes the feminine and vice versa.

## INSTRUCTIONS

1.     In responding to these Requests, furnish all Documents within Your possession, custody, or control, regardless of whether such Documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.     Pursuant to the Rules, these Document Requests shall be deemed to be continuing in nature so that if You, Your directors, officers, employees, agents, representative or any Persons acting, or purporting to act on behalf of You, subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, You shall promptly make such Document available.

3.     All Documents should be produced as maintained in the ordinary course of business.

4.     If Documents are maintained in files or folders, copies of said files or folders or other such identifying label information shall be produced.

5.     If any part of a Document is responsive to any request, produce the entire Document, including any attachments or exhibits.

6.     Documents not otherwise responsive to these Document Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these

5

Document Requests, or if such Documents are attached to Documents called for by these Document Requests, and constitutes routing slips, transmittal memoranda, cover sheets or letters, comments, evaluations or similar materials.

7.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural Person in whose possession they were found and the business address of each Document's custodian(s).

8.      Documents attached to each other should not be separated.

9.      Each page of the Documents produced pursuant to these Document Requests should be separately numbered in sequential order (*i.e.*, Bates numbered).

10.     If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

11.     If You claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document that You have withheld:

      a.      the date of the Document;

      b.      each author of the Document;

      c.      each Person who prepared or participated in the preparation of the Document;

      d.      each Person who sent or received the Document;

      e.      the present location of the Document and all copies thereof;

      f.      each Person having custody or control of the Document and copies thereof; and

6

g.      sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

12.     The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request based on the knowledge and information that is currently available.

13.     Plaintiff reserves his right to supplement these requests or serve additional requests for the production of documents.

14.     Any Documents on which Your responses are based shall be furnished pursuant to Rule 34, including Documents available in electronic format, which shall be provided in a usable format that is identical to the original format.

15.     In addition, to the extent You produce electronically stored information ("ESI"), You shall produce any and all metadata associated with the electronically stored information.

## **DOCUMENT REQUESTS**

40.     Plaintiff incorporates herein by reference all requests contained in Plaintiff's First Set of Requests for Production of Documents to Defendant Sheriff Thomas Dart, dated September 24, 2021 ("Plaintiff's First Production Requests"), and seeks all documents responsive to said requests to the extent all such documents to date have not already been produced.

41.     All Documents requested to be produced, identified, or described in response to Plaintiff's Second Set of Interrogatories served on You.

42.     All Documents You relied on in responding to Plaintiff's Second Set of Interrogatories served on You.

43.     All "incident reports" created and maintained by Cook County Jail that reflect inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical

aggression or violence between inmates, which occurred between January 1, 2010 and December 31, 2019, and where the words "phone," "phones," "telephone" or "telephone" appear in the "Statement of Facts (Narrative)" description, or the "Administrative Assessment" description, or the "Details of Incident" description, or the "Incident Summary Narrative" description. Initially, these incident reports may be produced in an Excel spreadsheet summary (similar to the Excel spreadsheets produced by Defendants on February 2 and February 27, 2023), after which Plaintiff's counsel will identify (i) the incident reports that the Defendants request as "pdf" hard copies; and (ii) the incident reports that Defendants should use to conduct a search for all related inmate grievances and related Documents (see the next request below).

44.     All inmate grievances and related Documents that pertain to the "incident reports" identified by Plaintiff for Defendants to use to conduct a search for inmate grievances and related Documents (see the immediately preceding request above).

45.     All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the U.S. Department of Justice (including but not limited to any of its attorneys, staff members, agents or representatives), other public officials and/or private organizations that reflect, relate or pertain to inmate medical care or deficient vision or other optometric issues at the Cook County Jail.

46.     All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the U.S. Department of Justice (including but not limited to any of its attorneys, staff members, agents or representatives), other public officials and/or private organizations that reflect, relate or pertain to the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such

8

Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

47.     All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the "Monitor(s)" who evaluated the Cook County Jail's compliance or lack of compliance with commitments imposed on Cook County Jail by one or more federal district court orders regarding inmate medical care including but not limited to vision and/or other optometric issues.

48.     All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the "Monitor(s)" who evaluated the Cook County Jail's compliance or lack of compliance with commitments imposed on Cook County Jail by one or more federal district court orders regarding the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence").  To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

49.     All Documents that, between January 1, 2010 and December 31, 2019, were associated with or reflect, relate or pertain to lawsuits, investigations, legal claims, court orders, decrees or judgments that relate to (i) inmate medical care at Cook County Jail including but not limited to vision and/or other optometric issues, and/or (ii) the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence").  To the extent

9

that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

50.     All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents which, between January 1, 2010 and December 31, 2019, dealt with Cook County Jail's policies or practices regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

51.     All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents which, between January 1, 2010 and December 31, 2019, dealt with Cook County Jail's policies or practices regarding the use or control of phones or telephones by inmates, or the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

52.     All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the Cook County Jail's policies or practices regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

53.     All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the Cook County Jail's policies or practices regarding (i) the use or control of phones or telephones by inmates, or (ii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

54.     All Documents that describe, reflect, summarize or allude to what constituted or were considered to be "generally accepted correctional standards" – between January 1, 2010 and December 31, 2019 – regarding (i) inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses), (ii) the use or control of phones or telephones by inmates, or (iii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

55.     All internal or external memos, emails, letters, reports, studies, communications, literature, self-assessment, self-critical analysis and/or other Documents for the period between January 1, 2010 and December 31, 2019 that describe, reflect, summarize or allude to (i) any alleged or actual activities or efforts by gang members or groups of inmates to control or limit the use of phones or telephones by other inmates, and/or (ii) the role played by such activities or efforts in inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

56.     All Documents – including but not limited to all "incident reports," related inmate Grievances and other Documents – for the period between January 1, 2010 and December 31, 2019 that contain any reference to Defendant Correctional Officer Jorge Arias or to Defendant Susan Shebel, R.N.

57.     All Documents – including but not limited to maps, diagrams, lists and other written descriptions – that describe, reflect, summarize or allude to (i) the number and location of phones and/or telephones available for use by inmates within Cook County Jail during the period between January 1, 2010 and December 31, 2019, (ii) the number and location of phones and/or telephones that were added or removed during said period, and (iii) the costs associated with acquiring and/or maintaining such phones and/or telephones (in the aggregate and/or on the "per telephone" basis).

Dated:  May 5, 2023

Respectfully submitted,

By:  /s/ *Philip A. Miscimarra*
Philip A. Miscimarra
Maria E. Doukas
Liza B. Fleming (*pro hac vice*)
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com
liza.fleming@morganlewis.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via email on May 5, 2023 upon all counsel of record.

/s/ *Philip A. Miscimarra*
Philip A. Miscimarra

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HENNEBERG, | ) | |
| | ) | Case Nos. 19-cv-07380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable Jeremy C. Daniel |
| TOM DART, et al. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT SHERIFF THOMAS DART (NOS. 58-63)

Plaintiff Donald Henneberg, by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Sheriff Thomas Dart respond to the following Requests for Production of Documents ("Requests") within thirty (30) days from the date of service.

### DEFINITIONS

1.      "Cermak Health Services" includes, but is not necessarily limited to, Cermak Health Services located at 2800 S. California Avenue, Chicago, Illinois. Cermak Health Services includes, but is not necessarily limited to, the Cermak Health personnel that directly or indirectly provide health care services, oversee the provision of health care services, or perform any administrative function to facilitate the provision of medical care to inmates at Cook County Department of Corrections, including to Plaintiff.

2.      "Communication(s)" means, without limitation, any and all oral or written transmissions of information from one Person to another, including correspondence, presentations, any exchange of written or recorded information, face-to-face meetings or discussions, or electronic, facsimile or telephone transmissions.

3.      "Complaint" means the Second Amended Civil Rights Complaint filed by Plaintiff in the U.S. District Court for the Northern District of Illinois, Case No. 1:19-cv-07380.

4.      The terms "concerning," "relating," "referring," "reflecting," "regarding," and any forms thereof mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining to, being connected with, or relevant to a stated subject matter. As indicated, the terms necessarily include information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

5.      "Cook County Department of Corrections" or "Cook County Jail" includes, but is not necessarily limited to, Cook County Department of Corrections located at 2700 S. California Avenue, Chicago, Illinois.

6.      "Document(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent, received, or made, or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, e-mails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document(s)" as used herein shall include without limitation correspondence, blueprints, memoranda, notes, diaries, letters, telegraphs, telegrams, telexes, e-mails, minutes, agendas,

2

contracts, reports, studies, checks, statements, receipts, summaries, pamphlets, circulars, press releases, advertisements, books, handbooks, manuals, inter-office and intra-office communications, handwritten or typewritten notes, notations or summaries of telephone conversations, meetings, or conferences, bulletins, computer printouts, databases, teletypes, telefax, invoices, worksheets, photographs, tape recordings, and all other tangible items of readable, recorded, or visual material of any kind.

7.     "Each," "All," and "Every" mean each and every.

8.     "Identify," "identifying," "identification," "describe," describing," or "description,":

a.     When referring to an individual, mean to state that individual's full name, present, or last known residence or present business address, telephone number, business or official affiliation, and job title.

b.     When referring to an event mean to give the name of the event, its date, time, and location, Identify the participants in the event, and to describe the event in reasonable detail.

c.     When referring to a thing mean to give, to the extent known, a full description of the thing, including, if applicable its make, model, and serial number, and its present or last known address or location.

d.     When used in connection with a Document or electronically stored information, shall mean to state the type of Document, title, date, author, present location, and the name and address of its custodian.  If a Document has been destroyed, state when and where it was destroyed, identify the Person or Persons who destroyed it and the Person or Persons who directed the destruction.  In lieu of identifying any Document, copies of the Document may be furnished.

9.     "Including" means including, but not limited to.

3

10.     "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B," You should produce all information about A and all information about B, as well as all information about A and B.

11.     "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body, insurance entity, any group, or any other form of public or private business, non-business or legal entity.

12.     "Plaintiff" refers to Donald Henneberg, plaintiff in the above-captioned action.

13.     "Policy" and "Policies" shall mean any policy, protocol, procedure, practice, rule, routine, regulation, guideline, method, course or manner of action used by Cook County Jail. Cook County Sheriff's Department, or Cermak Health Services.  This definition shall not be limited to Policies that exist in writing.

14.     "Relevant Period" refers to the time period from January 1, 2010, to December 31, 2019, unless otherwise indicated.

15.     "You" or "Your" means the addressee of these Requests, including any Person responding to these Requests on behalf of said addressee, as well as any and all predecessors, successors, subsidiaries, parents, branches, departments, divisions, or affiliates, including without limitation, any organization or entity in which Defendant has ownership management or controlling interest, together with all agents, representatives, or any other Persons acting, or purporting to act, on behalf of the above identified Persons or entities.

16.     The singular form of a term includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense includes the present tense and vice versa.

17.     The masculine form of a term includes the feminine and vice versa.

## **INSTRUCTIONS**

1.       In responding to these Requests, furnish all Documents within Your possession, custody, or control, regardless of whether such Documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.       Pursuant to the Rules, these Document Requests shall be deemed to be continuing in nature so that if You, Your directors, officers, employees, agents, representative or any Persons acting, or purporting to act on behalf of You, subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, You shall promptly make such Document available.

3.       All Documents should be produced as maintained in the ordinary course of business.

4.       If Documents are maintained in files or folders, copies of said files or folders or other such identifying label information shall be produced.

5.       If any part of a Document is responsive to any request, produce the entire Document, including any attachments or exhibits.

6.       Documents not otherwise responsive to these Document Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Document Requests, or if such Documents are attached to Documents called for by these Document Requests, and constitutes routing slips, transmittal memoranda, cover sheets or letters, comments, evaluations or similar materials.

7.       Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural Person in whose possession they were found and the business address of each Document's custodian(s).

8.      Documents attached to each other should not be separated.

9.      Each page of the Documents produced pursuant to these Document Requests should be separately numbered in sequential order (*i.e.*, Bates numbered).

10.      If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

11.      If You claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document that You have withheld:

     a.      the date of the Document;

     b.      each author of the Document;

     c.      each Person who prepared or participated in the preparation of the Document;

     d.      each Person who sent or received the Document;

     e.      the present location of the Document and all copies thereof;

     f.      each Person having custody or control of the Document and copies thereof; and

     g.      sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

12.      The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request based on the knowledge and information that is currently available.

13.      Plaintiff reserves his right to supplement these requests or serve additional requests for the production of documents.

14.     Any Documents on which Your responses are based shall be furnished pursuant to Rule 34, including Documents available in electronic format, which shall be provided in a usable format that is identical to the original format.

15.     In addition, to the extent You produce electronically stored information ("ESI"), You shall produce any and all metadata associated with the electronically stored information.

## DOCUMENT REQUESTS

58.     All documents identifying by name, position, employer business address, business email, and business phone number, all persons who, on behalf of Defendants, have, or at any point during the Relevant Period , had responsibility for (a) preparing, adopting, revising, reviewing, and maintaining Cook County Jail's policies, procedures, rules, restrictions and/or requirements governing the use of telephones by inmates, monitoring or recording of calls, and determining penalties for violations of any applicable Cook County Jail policies, including anyone responsible for ensuring compliance with policies, procedures, rules, restrictions and/or requirements; (b) supervising inmates' telephone usage, enforcing telephone usage policies (if any), and intervening in instances of physical violence or threats of violence by inmates concerning telephone usage in Cook County Jail; and (c) collecting, maintaining, addressing, and resolving inmates' grievances regarding the inmate telephone system and reports of violence or threats of violence related to inmates' telephone system usage.

59.     All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which deal with Cook County Jail's policies, procedures, rules, restrictions and/or requirements during the Relevant Period for (a) regulating inmates' telephone system usage, monitoring or recording telephone calls, and the issuance of penalties for violations of the inmate telephone usage policies, procedures, rules, restrictions and/or requirements; (b) maintaining or reclaiming control

7

over the inmate telephone system, enforcing policies governing the inmate telephone system usage, intervening in instances of physical violence or threats related to inmate telephone system usage, and responding to inmates' safety concerns when utilizing or attempting to utilize the inmate telephone system; and (c) obtaining, investigating, and resolving inmates' grievances regarding telephone usage, including the types of penalties provided for violations of telephone rules, policies, and procedures, and additional precautionary measures taken in reaction to each incidence.

60.      All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which deal with inmates' use or control of telephones and/or inmate-on-inmate altercations over the use of telephones during the Relevant Period including, but not limited to, fights, batteries, assaults, attacks and/or other types of physical aggression or threats of violence between inmates.

61.      All Documents including, but not limited to, maps, diagrams, lists and other written descriptions that describe, reflect, summarize or allude to (a) the number and location of telephones available for use by inmates within Cook County Jail during the Relevant Period; (b) the number and location of telephones that were added or removed during said period and dates upon which the telephones were added or removed; (c) the layout and/or internal configuration of Cook County Jail during the Relevant Period; or (d) the locations of all offices and other fixed locations in which Correctional Officers and/or other Cook County Jail staff were stationed who had responsibility for maintaining order and/or intervening in situations involving inmate-on-inmate assaults or violence (including assaults or violence that resulted from or were associated with telephone use).

62.      All Inspection Reports regarding rules related to the use of telephones from the Cook County Jail Annual Inspection Reports by the Illinois Department of Corrections for the Relevant Period.

63. All Documents reflecting any discipline imposed on Sheriff Thomas Dart and/or every other correctional officer or other person employed at Cook County Jail based in whole or in part on their conduct, actions or inaction relating to assaults, altercations or violence involving telephone use by inmates during the Relevant Period and/or problems relating to telephone-related policies, procedures, rules, restrictions and/or requirements during the Relevant Period. For purposes of this Request, the term "discipline" means any and all types of counseling; criticism; warnings; reprimands; coaching; suspensions, employment terminations, and other types of formal or informal discipline; and adverse feedback. For the sake of clarity, this Request should also be read to include all Documents indicating the type of discipline imposed, what the disciplined person did wrong, what penalty was imposed, the date of the incident giving rise to the discipline, and the date that the discipline was imposed.

Dated: June 21, 2024

Respectfully submitted,

By: /s/ Philip A. Miscimarra
    Philip A. Miscimarra
    Maria E. Doukas
    John P. Guyette (Pro Hac Vice)
    Morgan, Lewis & Bockius LLP
    110 N. Wacker Drive, Suite 2800
    Chicago, IL 60606
    Phone: 312.324.1000
    Fax: 312.324.1001
    philip.miscimarra@morganlewis.com
    maria.doukas@morganlewis.com
    john.guyette@morganlewis.com

    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via email on June 21, 2024 upon all counsel of record.

/s/ *John P. Guyette*
John P. Guyette

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

DONALD HENNEBERG, )
        ) Case Nos. 19-cv-07380
     Plaintiff, )
        )
  v.      )
        ) Honorable Jeremy C. Daniel
TOM DART, et al.   )
        ) **JURY TRIAL DEMANDED**
     Defendants. )

### PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT SHERIFF THOMAS DART (NOS. 64-74)

Plaintiff Donald Henneberg, by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Sheriff Thomas Dart respond to the following 11 Requests for Production of Documents ("Requests") within thirty (30) days after the date of service.  These requests seek documents in 11 areas in which Plaintiff's counsel, in a February 25, 2025 email to Defendants' counsel, indicated that "substantial gaps" exist because Defendants, in response to prior discovery requests, either "have produced no relevant documents or information" of Defendants' prior responses "are obviously (and substantially) incomplete."  *See* February 25, 2025 email from Plaintiff's counsel (Philip A. Miscimarra) to Defendants' counsel (Troy Radunsky, Jason DeVore, and Zachary Stillman), attached hereto as the "Appendix."  Regarding any differences between the following requests and those set forth in the attached Appendix, the requests set forth below should be deemed controlling.

Plaintiff contends that each of the 11 areas are encompassed by Plaintiff's prior discovery document production requests and/or interrogatories.  However, while reserving and without waiving any rights regarding Defendants' prior failures to previously provide responsive documents in these areas, each of the following 11 production requests constitute a "new formal

Rule 34 request"[1] which eliminates any question about Defendants' obligation, at the present time, to provide a complete response including all relevant documents.

If any documents responsive to one of the production requests set forth below have previously been produced by Defendants, then Defendants' response to that particular production request should identify and produce all *additional* responsive documents that were *not* previously produced; and – in lieu of producing any previously-produced documents a second time – Defendants should (i) identify any previously-produced documents by Bates number, (ii) state that the particular document(s) was/were previously produced, (iii) state the date when such documents were previously produced, and (iv) identify what prior production request and/or interrogatory wo which the previously-produced document responded.

## **DEFINITIONS**

1. "Cermak Health Services" includes, but is not necessarily limited to, Cermak Health Services located at 2800 S. California Avenue, Chicago, Illinois. Cermak Health Services includes, but is not necessarily limited to, the Cermak Health personnel that directly or indirectly provide health care services, oversee the provision of health care services, or perform any administrative function to facilitate the provision of medical care to inmates at Cook County Department of Corrections, including to Plaintiff.

2. "Communication(s)" means, without limitation, any and all oral or written transmissions of information from one Person to another, including correspondence, presentations, any exchange of written or recorded information, face-to-face meetings or discussions, or electronic, facsimile or telephone transmissions.

3. "Complaint" means the Second Amended Civil Rights Complaint filed by Plaintiff in the U.S. District Court for the Northern District of Illinois, Case No. 1:19-cv-07380.

---

[1] Letter from Defendants' counsel (Troy Radunsky) to Plaintiff's counsel Philip Miscimarra, p. 1 (March 18, 2025).

4.   The terms "concerning," "relating," "referring," "reflecting," "regarding," and any forms thereof mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining to, being connected with, or relevant to a stated subject matter. As indicated, the terms necessarily include information which is in opposition to, as well as in support of, Your position(s) and claim(s) in this action.

5.   "Cook County Department of Corrections" or "Cook County Jail" includes, but is not necessarily limited to, Cook County Department of Corrections located at 2700 S. California Avenue, Chicago, Illinois.

6.   "Document(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent, received, or made, or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, e-mails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document(s)" as used herein shall include without limitation correspondence, blueprints, memoranda, notes, diaries, letters, telegraphs, telegrams, telexes, e-mails, minutes, agendas, contracts, reports, studies, checks, statements, receipts, summaries, pamphlets, circulars, press releases, advertisements, books, handbooks, manuals, inter-office and intra-office

communications, handwritten or typewritten notes, notations or summaries of telephone conversations, meetings, or conferences, bulletins, computer printouts, databases, teletypes, telefax, invoices, worksheets, photographs, tape recordings, and all other tangible items of readable, recorded, or visual material of any kind.

7.   "Each," "All," and "Every" mean each and every.

8.   "Identify," "identifying," "identification," "describe," describing," or "description,":

    a.   When referring to an individual, mean to state that individual's full name, present, or last known residence or present business address, telephone number, business or official affiliation, and job title.

    b.   When referring to an event mean to give the name of the event, its date, time, and location, Identify the participants in the event, and to describe the event in reasonable detail.

    c.   When referring to a thing mean to give, to the extent known, a full description of the thing, including, if applicable its make, model, and serial number, and its present or last known address or location.

    d.   When used in connection with a Document or electronically stored information, shall mean to state the type of Document, title, date, author, present location, and the name and address of its custodian.  If a Document has been destroyed, state when and where it was destroyed, identify the Person or Persons who destroyed it and the Person or Persons who directed the destruction.  In lieu of identifying any Document, copies of the Document may be furnished.

9.   "Including" means including, but not limited to.

10. "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B," You should produce all information about A and all information about B, as well as all information about A and B.

-4-

11. "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body, insurance entity, any group, or any other form of public or private business, non-business or legal entity.

12. "Plaintiff" refers to Donald Henneberg, plaintiff in the above-captioned action.

13. "Policy" and "Policies" shall mean any policy, protocol, procedure, practice, rule, routine, regulation, guideline, method, course or manner of action used by Cook County Jail. Cook County Sheriff's Department, or Cermak Health Services. This definition shall not be limited to Policies that exist in writing.

14. "Relevant Period" in relation to Requests 47-51 below (Appendix Issues 1-5), dealing with documents relating to telephone-related assaults, refers to the time period commencing January 1, 2010 to and including December 31, 2019 unless otherwise indicated; and "Relevant Period," in relation to Requests 52-57 below (Appendix Issues 6-11), dealing with documents relating to vision care, optometrist appointments and eyeglasses, refers to the time period from January 1, 2015 to and including December 31, 2019 unless otherwise indicated.

15. "You" or "Your" means the addressee of these Requests, including any Person responding to these Requests on behalf of said addressee, as well as any and all predecessors, successors, subsidiaries, parents, branches, departments, divisions, or affiliates, including without limitation, any organization or entity in which Defendant has ownership management or controlling interest, together with all agents, representatives, or any other Persons acting, or purporting to act, on behalf of the above identified Persons or entities.

16. The singular form of a term includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense includes the present tense and vice versa.

17. The masculine form of a term includes the feminine and vice versa.

-5-

## **INSTRUCTIONS**

1. In responding to these Requests, furnish all Documents within Your possession, custody, or control, regardless of whether such Documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. Pursuant to the Rules, these Document Requests shall be deemed to be continuing in nature so that if You, Your directors, officers, employees, agents, representative or any Persons acting, or purporting to act on behalf of You, subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, You shall promptly make such Document available.

3. All Documents should be produced as maintained in the ordinary course of business.

4. If Documents are maintained in files or folders, copies of said files or folders or other such identifying label information shall be produced.

5. If any part of a Document is responsive to any request, produce the entire Document, including any attachments or exhibits.

6. Documents not otherwise responsive to these Document Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Document Requests, or if such Documents are attached to Documents called for by these Document Requests, and constitutes routing slips, transmittal memoranda, cover sheets or letters, comments, evaluations or similar materials.

7. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural Person in whose possession they were found and the business address of each Document's custodian(s).

8. Documents attached to each other should not be separated.

9. Each page of the Documents produced pursuant to these Document Requests should be separately numbered in sequential order (*i.e.*, Bates numbered).

10. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

11. If You claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document that You have withheld:

    a. the date of the Document;

    b. each author of the Document;

    c. each Person who prepared or participated in the preparation of the Document;

    d. each Person who sent or received the Document;

    e. the present location of the Document and all copies thereof;

    f. each Person having custody or control of the Document and copies thereof; and

    g. sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

12. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request based on the knowledge and information that is currently available.

13. Plaintiff reserves his right to supplement these requests or serve additional requests for the production of documents.

14. Any Documents on which Your responses are based shall be furnished pursuant to Rule 34, including Documents available in electronic format, which shall be provided in a usable format that is identical to the original format.

15. In addition, to the extent You produce electronically stored information ("ESI"), You shall produce any and all metadata associated with the electronically stored information.

16. As indicated above, if any documents responsive to one of the production requests set forth below have previously been produced by Defendants, then Defendants' response to that particular production request should identify and produce all *additional* responsive documents that were *not* previously produced; and – in lieu of producing any previously-produced documents a second time – Defendants should (i) identify any previously-produced documents by Bates number, (ii) state that the particular document(s) was/were previously produced, (iii) state the date when such documents were previously produced, and (iv) identify what prior production request and/or interrogatory the previously-produced document responded to.

## DOCUMENT REQUESTS

NOTE: the request numbers pick up sequentially from the last document production request served by Plaintiff on the Defendant to whom these requests have been served.

**A. Documents Relating to Telephone-Related Assaults**

64. Appendix Issue 1: Internal Communications and Documents.  All Communications and Documents which, in whole or in part, mention, reflect or relate to telephone-related assaults involving inmates during the Relevant Period.  This includes, but is not limited to, any and all emails, memos, letters, communications, Grievance Climate Reports, audit reports, bi-weekly meeting agendas and minutes, or other internal or external documents – sent or received by anyone within Sheriff Dart's Office, Cook County Jail and/or Cook County that, in whole or in part, mention, reflect or relate to telephone-related inmate assaults, the control of telephones by

-8-

inmates, possible changes or improvements in telephone rules and procedures, reports or studies related to any of the above issues, and changes or training by which correctional officers could or should provide greater protection to inmates who use telephones.

65.     Appendix Issue 2: Telephone Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices.  All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any benchmarking, evaluation, inquiry, or comparison involving Cook County Jail's telephone-related practices, policies, procedures and/or rules, on the one hand, and (i) any telephone-related practices, policies, procedures and/or rules utilized in one or more other jails, prisons and/or correctional facilities, and/or (ii) any telephone-related practices, policies, procedures and/or rules considered to be best or better practices among jails, prisons and/or correctional facilities.

66.     Appendix Issue 3: Inmate Telephone Practices, Policies, Procedures and Rules, and Revisions, Drafts, and Rollout-Related Communications.  All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any and all evaluations, recommendations, consideration, adoption, implementation and/or rollout of changes to telephone-related practices, policies, procedures and/or rules and/or new telephone-related practices, policies, procedures and/or rules.  This includes, but is not limited to, all Communications and Documents which, in whole or in part, mention, reflect or relate to (i) new telephone-related practices, policies, procedures and/or rules; (ii) draft versions of any such new telephone-related practices, policies, procedures and/or rules; (iii) any person's comments on any changes and/or new telephone-related practices, policies, procedures and/or rules; (iv) the adoption of changes and/or new telephone-related practices, policies, procedures and/or rules; (v) the announcement of changes and/or new telephone-related practices, policies, procedures and/or rules; and/or (vi) instructions, training, explanations and/or other details regarding the manner in

which inmates, correctional officers and other personnel should apply and/or implement any changes and/or new telephone-related practices, policies, procedures and/or rules.

67.  Appendix Issue 4: Potential Secure Phone Booths, Segregated/Supervised Phone Areas, Jail-Administered Sign-Ups/Scheduling, More Phones, and Other Changes.  All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any and all efforts, and any and all actions, to increase inmate protection from telephone-related assaults.  This includes, but is not limited to, any and all Communications and Documents which, in whole or in part, mention, reflect or relate to (i) potential greater supervision and control by correctional officers of telephones that are used by inmates, (ii) the potential creation of secure phone booths for use by inmates, (iii) the potential creation of segregated and supervised phone areas for inmates who are using the telephone, (iv) the potential creation of jail-administered or jail-supervised sign-up sheets and/or scheduling system for the use of telephones by inmates; (v) substantially increasing the number of available inmate phones, and/or (vi) other changes and/or new or different telephone-related practices, policies, procedures and/or rules having the objective of increasing inmate protection from telephone-related assaults..

68.  Appendix Issue 5: Documents Mentioning or Acknowledging that Phone-Related Assaults Were a Problem and/or Warranted Changes.  All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any person's opinion, statement, suggestion or acknowledgment that (i) telephone-related inmate assaults were a problem, (ii) a need existed to improve inmate safety from telephone-related assaults, and/or (iii) it was desirable to make some type of change so inmates would have greater protection from telephone-related assaults by other inmates.

B. **Documents Relating to Vision, Optometrist, and Eyeglasses Issues**

69.    Appendix Issue 6: Inmate Optometrist Requests, Appointments and Eyeglasses.  All
Communications and Documents during the Relevant Period which, in whole or in part, mention,
reflect or relate to: (i) which inmates during 2015-2019 requested optometrist appointments,
(ii) whether and when those appointments occurred; (iii) whether or when the appointments were
cancelled or postponed; (iv) whether eyeglasses were prescribed; (v) whether and when eyeglasses
were delivered to each inmate; and (vi) other details regarding what optometrist services were
provided.

70.    Appendix Issue 7: Communications and Documents Reflecting Optometrist
Appointments, Scheduling and Eyeglasses.  All Communications and Documents during the
Relevant Period – including, but not limited to, emails, memos, letters, communications and any
and all other Communications and Documents – which, in whole or in part, mention, reflect or
relate to (a) what optometrist appointments were scheduled for which inmates; (b) which
optometrist appointments took place as scheduled; (c) which optometrist appointments were
postponed or canceled; (d) the reason(s) for any postponements or cancellations; (e) whether the
appointment resulted in a prescription for the inmate to receive eyeglasses; (f) whether and when
eyeglasses were provided to the inmate for whom the eyeglasses were prescribed; (g) possible
changes or improvements in the arrangements, practices and procedures relating to optometrist
appointments and eyeglasses requests; (h) reports or studies related to the above issues issues;
and/or (i) changes or training to improve the timeliness and effectiveness of optometrist
scheduling, appointments and eyeglasses .

71.    Appendix Issue 8: Vision Care/Eyeglasses Benchmarking, Comparisons to Other
Jails/Prisons, and Best/Better Practices.  All Communications and Documents during the Relevant
Period which, in whole or in part, mention, reflect or relate to any benchmarking, evaluation,

inquiry, or comparison involving Cook County Jail's optometrist and eyeglasses practices, policies, procedures and rules, on the one hand, and (i) any optometrist and eyeglasses practices, policies, procedures and rules utilized in one or more other jails, prisons and/or correctional facilities, and/or (ii) any optometrist and eyeglasses practices, policies, procedures and rules considered to be best or better practices among jails, prisons and/or correctional facilities.

72. Appendix Issue 9: Costs/Payments by Defendants for Optometrist Appointments and Eyeglasses. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to invoices and/or charges related to (i) optometrist appointments and eyeglasses requests; (ii) the costs and payments incurred or made for such requests; (iii) the identities of the optometrists and/or providers or vendors who provided optometrist services for inmates; and (iv) the identities of the optometrists and/or providers or vendors who provided eyeglasses to inmates.

73. Appendix Issue 10: Contracts/Arrangements for Optometrist Scheduling and Eyeglasses. All Communications and Documents which, in whole or in part, mention, reflect or relate to negotiations, contracts and/or other arrangements that governed the optometrist services and/or the purchase, preparation and delivery of eyeglasses to inmates during the Relevant Period.

74. Appendix Issue 11: Documents Mentioning or Acknowledging that Delays, the Failure to Have Timely Optometrist Appointments, and Provide Eyeglasses Were a Problem and/or Warranted Changes. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any person's opinion, statement, suggestion or acknowledgment that a problem existed, or there was a need to improve, and/or it was desirable to make some change regarding (i) optometrist appointments and scheduling, (ii) whether and when inmates could receive timely treatment from an optometrist; (iv) the process for having

eyeglasses prescribed for inmates; and (v) whether and when eyeglasses were being delivered to

inmates who needed eyeglasses.

Respectfully submitted,

By /s/ Philip A. Miscimarra

PHILIP A. MISCIMARRA
MARIA E. DOUKAS
JOHN P. GUYETTE (PRO HAC VICE)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com
john.guyette@morganlewis.com

Dated: March 22, 2025                           *Attorneys for Plaintiff*

## <u>APPENDIX</u>

*Email from Plaintiff's counsel (Philip A. Miscimarra) to Defendants' counsel*
*(Troy Radunsky, Jason DeVore, and Zachary Stillman), dated February 25, 2025*

| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Tuesday, February 25, 2025 2:22 PM |
| **To:** | Troy Radunsky; Jason DeVore; Zachary Stillman |
| **Cc:** | Doukas, Maria E.; Guyette, John; Hawkins, Brent A.; Hill, Melissa D.; Russell, Matthew A.; Gordon, Tim |
| **Subject:** | Henneberg v. Dart, Cook County et al. – (1) Outstanding Discovery Needed by Friday, March 14, 2025, (2) Request to Meet-and-Confer, and (3) Potential Motion for Adverse Inference and Finding of Unconstitutional Conduct |

Dear Troy, Jason and Zach:

After reviewing Defendants' discovery responses to ensure that discovery can be completed in a timely manner, it is clear that substantial gaps exist regarding fundamental areas where Defendants have produced no relevant documents or information in response to our discovery requests or Defendants' responses are obviously (and substantially) incomplete.   These deficiencies are especially objectionable given that this litigation involves only two types of claims, involving (i) Defendants' failures to adequately protect Mr. Henneberg and other inmates from telephone-related assaults by other inmates, and (ii) Defendants' failures to adequately arrange for vision care, optometrist appointments and eyeglasses.  Also, Defendants Dart and Cook County obviously have familiarity with these types of claims, because failures to protect the inmate safety and inadequate medical care were the focus of a May 2010 complaint filed by the U.S. Justice Department, resulting in an Agreed Order requiring Defendants Dart and Cook County to maintain detailed records and systems to permit adequate review and monitoring regarding these precise issues.

**Discovery Deficiencies in Critical Areas**.  After more than three years of discovery, Defendants in the areas outlined below have persistently failed to provide any meaningful documents and information, or it is clear that Defendants' responses are palpably deficient and incomplete.  We are sending this email to give Defendants the opportunity to provide <u>all</u> relevant documents and information in <u>each</u> of the following areas no later than <u>Friday, March 14, 2025</u>.  Also, you should advise us by the close of business on <u>Thursday, February 27, 2025</u> whether Defendants by March 14 will, in fact, provide all of these additional documents and information.  This information must be included the Joint Status Report that the Court has instructed us to file on Friday, February 28, 2025.

In view of the ongoing deficiencies, which deal with Defendants' persistent failure to provide requested documents and information that are obviously relevant, Plaintiff is also preparing a motion that will seek an adverse inference and finding that Defendants engaged in deliberate indifference, and maintained a policy or practice of violating the constitutional rights of Plaintiff and other inmates, regarding the two sets of claims identified above.  Again, in the interest of addressing these problems, we direct Defendants to produce all responsive documents and information regarding each of the following areas no later than <u>Friday, March 14, 2025</u>, and to the extent such documents and information are not being provided, Defendants should state in writing that no such documents or information exist:

    A. **Telephone-Related Assaults – Missing or Incomplete Responses**

        1. <u>Internal Communications and Documents Regarding Telephone-Related Assaults</u>.  Discovery has uncovered thousands of incidents involving inmate telephone-related assaults during the 2010-2019 period (even though it appears Defendants have only produced fragmentary documentation regarding the years 2010-2014).  We also know the U.S. Justice Department in May 2010 filed a complaint against Defendants Dart and Cook County, which included a 98-page Findings Letter, based on alleged constitutional violations by those Defendants involving failures "to protect inmates against the serious harm inflicted on them by other inmates" and failures "to provide adequate medical . . . care and services" (hereinafter "Justice Department Complaint").  However, Defendants Dart and Cook County have produced no emails, memos, letters,

communications, or other internal or external documents – sent or received by anyone within Sheriff Dart's Office, Cook County Jail or Cook County during any part of the period 2010-2019 – that mention or allude to telephone-related inmate assaults, problems with the control of telephones by inmates, possible changes or improvements in telephone rules and procedures, reports or studies related to these issues, and changes or training by which correctional officers could or should provide greater protection to inmates who use telephones. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests," and we note that Judge Daniel upheld the appropriateness of the entire 2010-2019 period in relation to telephone-related inmate assaults (see 2/21/2024 Hearing Transcript, pp. 14-20, 27). For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.

2.  Telephone Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices. Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – evaluated or made inquiries associated with (i) benchmarking and comparing Cook County Jail's telephone-related practices, policies, procedures and rules to the practices, policies, procedures and rules utilized in other jails and prisons, and/or (ii) potential changes that would reflect correctional facility best or better practices regarding telephone-related practices, policies, procedures and rules. However, Defendants Dart and Cook County have produced no documents that reflect any telephone-related benchmarking or best/better practices evaluation or inquiries. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.

3.  Inmate Telephone Practices, Policies, Procedures and Rules, and Revisions, Drafts, and Rollout-Related Communications. Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – evaluated, recommended and/or made changes in telephone-related practices, policies, procedures and rules. Defendants Dart and/or Cook County have produced a limited number of documents that constitute telephone-related policies, procedures or rules without covering the entire 2010-2019 period. More importantly, given the circumstances described above, one would expect that these policies, procedures and/or rules were modified at one or more points during the 2010-2019 period, and – if such modifications occurred – documents would reflect draft revisions, the review and consideration given to revisions, and additional documents would be associated with the announcement and rollout of changed telephone-related policies, procedures and/or rules. Defendants have produced no documents that reflect or relate to such modifications, their consideration, or their announcement and rollout. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.

4.  Potential Secure Phone Booths, Segregated/Supervised Phone Areas, Jail-Administered Sign-Ups/Scheduling, More Phones, and Other Changes. Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – evaluated the possibility of increasing the protection afforded to inmates from telephone-related assaults by making specific changes that would enhance supervision and reduce opportunities for inmate-on-inmate violence associated with the use of telephones, including (for example) providing secure phone booths, segregated and supervised phone areas, jail-administered and jail-supervised sign-ups, scheduling and phone use by inmates, substantially increasing the number of phones, and other types of changes. To date, Defendants have produced no documents that reflect or relate to the

consideration, evaluation or implementation by Defendants Dart and Cook County of any changes along these lines or similar changes.   The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests."  <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

5. <u>Documents Mentioning or Acknowledging that Phone-Related Assaults Are a Problem</u>.  Given the large numbers of inmate telephone-related assaults during the 2010-2019 period, the Justice Department Complaint, and the importance of telephone use to inmates while incarcerated, one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – had responsible officials who created, sent and/or received one or more emails, memos, letters, communications, or other internal or external documents that mentioned, stated, suggested or acknowledged that telephone-related inmate assaults were a problem.  To date, Defendants have produced no documents created by any responsible official(s) that mentioned, stated, suggested or acknowledged that telephone-related inmate assaults were a problem.  The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests."  <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist</u>.

**B. <u>Vision/Eyeglasses Issues – Missing or Incomplete Responses</u>**

6. <u>Inmate Optometrist Requests, Appointments and Eyeglasses</u>.  As indicated above, the May 2010 Justice Department Complaint against Defendants Dart and Cook County described numerous constitutional violations involving failures "to provide adequate medical . . . care and services."  Regarding the claim that Defendants violated the constitutional rights of Mr. Henneberg and other inmates based on the failure to adequately schedule optometrist appointments and arrange for eyeglasses, Judge Daniel ruled that the relevant time frame is 2015-2019 (see 2/21/2024 Hearing Transcript, pp. 20-29).  Regarding optometrist scheduling, appointments and eyeglasses, Judge Daniel – when granting Plaintiff's Motion to Compel – held Defendants were required to provide documents and information regarding any "practice or a policy of not providing appointments for eyeglasses" and he ruled that "the way Cook County keeps its records" (argument made by Mr. Radunsky) did <u>not</u> permit non-disclosure.  Indeed, when making arguments that Judge Daniel rejected, Mr. Radunsky stated that providing responsive documents and information would entail evaluating "potentially 10,000 other inmates who may have sought vision care" (id. at 25), in response, Judge Daniel stated this argument  "gets no traction" and he explained further that "any pain in trying to retrieve the data may encourage change to make it more efficient in the future to retrieve the data" (id. at 25-26).  To date, regarding inmate optometrist/eyeglasses requests, optometrist appointments that were (and were not) scheduled, the rescheduling or cancellation of appointments, and the dates that eyeglasses were (and were not provided), Defendants have provided a single Excel spreadsheet identifying 30,994 instances when inmates were referred "to Optometry" during 2015-2019.  This spreadsheet contains only four columns – "FIN" number, "Name," "Order Date" and "Order  Catalog" –  and the "Order Catalog" column contains the same three-word entry for each person "Referral to Optometry."  In addition, our review suggests, for example, that more than <u>21,000</u> entries involved <u>multiple</u> optometry referrals for the same person, more than <u>5,500</u> entries involved <u>more  than 5</u> <u>referrals</u> for the same person, and more than <u>1,500</u> entries involved <u>more than 10</u> referrals for the same person.  This strongly suggests that many thousands of inmates – just like Mr. Henneberg – experienced multiple "referrals" for eyeglass appointments which were never kept, and you have provided no documents indicating when appointments actually occurred, and whether or when eyeglasses (if ordered) were delivered to each inmate.  <u>At a minimum, the Defendants must provide documents and information that reflect (i) which inmates during 2015-2019 requested optometrist appointments, (ii) whether and when those appointments occurred; (iii) whether or when the appointments were cancelled or postponed; (iv) whether eyeglasses were prescribed; (v) whether and when eyeglasses were delivered to each inmate; and (vi) other relevant optometrist treatment details</u>.  The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests."  <u>For each Defendant, please produce all responsive</u>

documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.

7. <u>Internal Communications and Documents Regarding Vision Care/Eyeglasses</u>. Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail during the 2015-2019 period – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – it is implausible to believe that no emails, memos, letters, communications, or other internal or external documents were sent or received by anyone within Sheriff Dart's Office, Cook County Jail or Cook County during any part of the period 2015-2019 – which mention or allude to arrangements and scheduling of optometrist appointments, appointment cancellations or postponements, the arrangements and timeframe for delivering prescribed eyeglasses to inmates, possible changes or improvements in the arrangements, practices and procedures relating to optometrists and eyeglasses requests, reports or studies related to these issues, and changes or training by which responsible officials would or should more effectively deal with optometrist scheduling and eyeglasses requests. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.</u>

8. <u>Vision Care/Eyeglasses Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices</u>. Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail during the 2015-2019 period – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – one would expect that Defendants Dart and Cook County – throughout or during 2015-2019 – evaluated or made inquiries associated with (i) benchmarking and comparing Cook County Jail's optometrist and eyeglasses practices, policies, procedures and rules to the practices, policies, procedures and rules utilized in other jails and prisons, and/or (ii) potential changes that would reflect correctional facility best or better practices regarding optometrist and eyeglasses practices, policies, procedures and rules. However, Defendants Dart and Cook County have produced no documents that reflect any telephone-related benchmarking or best/better practices evaluation or inquiries. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.</u>

9. <u>Costs/Payments by Defendants for Optometrist Appointments/Eyeglasses</u>. In addition to documents and records that directly show or reflect details regarding all 2015-2019 inmate requests for optometrist appointments and related information (as described in item 6 above), it is clear that additional documents in the possession of Defendants include or reflect the invoices or charges related to optometrist appointments and eyeglasses requests, the costs and payments incurred or made for such requests, the identities of the optometrists and/or providers or vendors who treated inmates or supplied eyeglasses, and related details. To date, Defendants have failed to produce documents and information reflecting this information for 2015-2019. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.</u>

10. <u>Contracts/Arrangements for Optometrist Scheduling and Eyeglasses</u>. Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – the Defendants obviously had to negotiate and enter into contracts and/or make arrangements for particular optometrists and providers or vendors who treated inmates or supplied eyeglasses during the 2015-2019 period. To date, Defendants have failed to produce documents and information reflecting this information for 2015-2019. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents</u>

and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.

11. <u>Documents Mentioning or Acknowledging that Delays and Failure to Schedule Optometrist and Provide Eyeglasses Are a Problem</u>. Given the large number of inmates and optometrist/eyeglasses requests that obviously occurred at Cook County Jail – and because <u>each</u> inmate's initial screening involves a prison rule prohibiting eyeglasses that have metal frames – one would expect that Defendants Dart and Cook County – throughout or during the 2010-2019 period – had responsible officials who created, sent and/or received one or more emails, memos, letters, communications, or other internal or external documents that mentioned, stated, suggested or acknowledged that problems existed or required attention in relation to (i) timely optometrist appointments and scheduling, (ii) whether and when optometrist appointments occurred; (iii) the cancellation or postponement of optometrist appointments; (iv) the process for having eyeglasses prescribed; and (v) whether and when eyeglasses were being delivered to inmate who needed eyeglasses. To date, Defendants have produced no documents created by any responsible official(s) that mentioned, stated, suggested or acknowledged that any of these issues were a problem. The prior discovery requests relating to these issues are identified below in the paragraph captioned "Relevant Discovery Requests." <u>For each Defendant, please produce all responsive documents and information regarding these issues by March 14, 2025 or indicate in writing, at that time, that no such documents or information exist.</u>

**Relevant Discovery Requests**. The discovery requests relating to each of the above items include but are not limited to the following:  <u>Items 1 through 5</u>: Plaintiff's First Requests for Production to Defendant Dart (dated Sept. 24, 2021) ("First Dart Requests"), Requests 1-5, 19-24, 28, 30-39; Plaintiff's First interrogatories to Defendant Dart (dated Sept. 24, 2021) ("First Dart Interrogatories"), Interrogatories 4-5, 12-16, 17-19;  Plaintiff's Second Requests for Production to Defendant Dart (dated May 5, 2023) ("Second Dart Requests"), Requests 40-49, 51-57; Plaintiff's Second interrogatories to Defendant Dart (dated May 5, 2023) ("Second Dart Interrogatories"), Interrogatories 23, 25-27, 30-31.  <u>Items 6 through 11</u>: First Dart Requests Nos. 1-5, 11-18, 38-39; First Dart Interrogatories Nos. 4-10; Second Dart Requests Nos. 50, 52, 54, 56; Second Dart Interrogatories Nos. 23, 27-29; Plaintiff's First Requests for Production to Defendant Cook County (dated Sept. 24, 2021) ("First Cook County Requests"), Requests 1-6, 10-20; Plaintiff's First interrogatories to Defendant Cook County (dated Sept. 24, 2021) ("First Cook County Interrogatories"), Interrogatories 2-12; Plaintiff's Second Requests for Production to Defendant Cook County (dated May 5, 2023) ("Second Cook County Requests"), Requests 21-23, 26, 28, 30, 31, 33, 35, 37; Plaintiff's Second interrogatories to Defendant Cook County (dated May 5, 2023) ("Second Cook County Interrogatories"), Interrogatories 13, 26, 27, 28.

**Request to Meet and Confer**.  We request that Defendants immediately provide available dates and times this week (the week ending Friday, February 28, 2025) to have a meet-and-confer discussion regarding the above issues.

**Joint Status Report**.  Given the importance of these issues, and the scheduled May 30, 2025 close of fact discovery, Plaintiff intends to include in the Joint Status Report due on April 28, 2025 a description of the above significant discovery problems, and a description of Plaintiff's potential motion seeking an adverse inference and finding that Defendants engaged in deliberate indifference and maintained a policy or practice of violating the constitutional rights of Plaintiff and other inmates regarding telephone-related inmate assaults and optometrist/eyeglasses issues.

Our mention of particular deficiencies in this email does not concede or waive any rights regarding other discovery deficiencies that exist and does not preclude additional discovery requests from Plaintiff.  We look forward to hearing from you regarding arrangements to meet and confer this week regarding these issues, and regarding the Joint Status Report that is due on April 28, 2025.  We also look forward to all of Defendants' supplemental discovery responses by <u>Friday, March 14, 2025</u>.  Additionally, as indicated above, you should advise us by the close of business on <u>Thursday, February 27, 2025</u> whether Defendants by March 14 will, in fact, provide all of these additional documents and information.

Regards,

Phil

**Philip A. Miscimarra**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1165 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
philip.miscimarra@morganlewis.com | www.morganlewis.com



## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via email on March 22, 2025

upon the counsel of record for Defendant Sheriff Thomas Dart, as follows:

> Jason Edward DeVore
> DeVore Radunsky LLC
> 230 W Monroe, Suite 230
> Chicago, IL 60604
> 312-300-4479
> Email: jdevore@devoreradunsky.com

> Troy S. Radunsky
> DeVore Radunsky LLC
> 230 W. Monroe, Suite 230
> Chicago, IL 60606
> 312-300-4484
> Email: tradunsky@devoreradunsky.com

> Zachary G Stillman
> DeVore Radunsky LLC
> 230 W Monroe, Suite 230
> Chicago, IL 60606
> 312-300-4479
> Email: zstillman@devoreradunsky.com

/s/ Philip A. Miscimarra