# EXHIBIT B

## Henneberg Discovery Timeline

11.14.21 – Cook County Responses to 1st Set RFP, ROG (CCSAO 000001 – 001719)

11.24.21 – Shebel Responses to 1st Set RFP, ROG (CCSAO 000001-001719)

12.21.21 – Dart Responses to 1st Set RFP, ROG (000001 – 000372, 001720 – 001761)

3.28.22 – Dart Supplemental Responses to 1st Set ROG, RFP (CCSAO 001762 – 001770, 001774, DIV10-2019-8189 Footage)

4.15.22 – Shebel Supplementary Responses to 1st Set RFP (Production of Shebel related materials CCSAO 001771-001773, 001775 – 001864)

**JUNE 2022 = Our Entry to Case**

7.22.22 – Plaintiff's 1st Set RFP, ROG to Arias

8.10.22 – Arias Responses to 1st Set RFP, ROG (Production of CCSAO 001834 - 001921)

1.4.23 Discovery Hearing – Plaintiff's first motion to compel granted re: incident reports related to phone assaults and glasses documentation

2.2.23 – 2015 to 2019 Telephone related Incident Report Spreadsheet Production (2178 Incidents)

2.27.23 – Jan to October 2015 Incident Report Spreadsheet Production

4.4.23 – Amended + Supplemental Production – Amended 001830 – 001921, Supplemental production of 001922-001996)

4.14.23 – TSR production of spreadsheet of CCOMs Incident Categories

5.5.23 – Plaintiff's 2nd Set ROG (13-30), 2nd Set RFP (21-38) to Cook County

    Plaintiff's 2nd Set ROG (20-24), 2nd Set RFP (32-43) to Arias

    Plaintiff's 2nd Set ROG (23-31), 2nd Set RFP (40-57) to Dart

    Plaintiff's 2nd Set ROG (15-19), 2nd Set RFP (24-33) to Shebel

5.23.23 – ZGS production of formal CCOMs incident Categories document (CCSAO 001998)

1

# EXHIBIT B

6.5.23 – Arias Answers to 2nd Sets ROG, RFP.

Shebel Answers to 2nd Sets ROG, RFP

9.8.23 – Defendant Cook County Responses to 2nd Sets ROG, RFP

Defendant Dart Responses to 2nd Set ROGS

9.16.23 – Defendant Dart Responses to 2nd Set RFP

9.21.23 – Production of expanded CCOMS incidents spreadsheet ([https://devoreradunsky-mobility.imanage.work/work/link/f/ACTIVE!66114](https://devoreradunsky-mobility.imanage.work/work/link/f/ACTIVE!66114))

11.20.23 – Plaintiff Email re: objections to Dart/County Discovery and deficiencies in production

12.19.23 – Defs' Motion for Protective Order (Incident Report Production, Scott Jakubowski Deposition)

1.12.24 – Plaintiff's Opposed cross Motion to Compel Discovery and in Opposition to Defs' Motion for Protective Order

1.24.24 Supplemental Production of Video Footage from DIV10-2019-8189

2.2.24 – Defs' Response in Opposition to Cross Motion to Compel and Reply in Support of Defs' Motion for Protective Order

2.9.24 – Plaintiff's First Set of RFP to all Defendants re: Barker

2.21.24 – ORDER on MTC and MPO:

1. **Grievance reports (2017–2019):** Ordered produced.

2. **Incident/grievance reports (2010–2014):** Ordered to produce *summary spreadsheet* (similar to 2015–2019).

3. **Vision-related documents:** Ordered to produce *only* optometrist request records (other vision-related requests excluded).

4. **Deposition of Scott Jakubowski:** Ordered.

3.12.24 – Defendants' Response to Plaintiff's Barker RFP (Production of Barker Materials CCSAO 002030 – 002137)

EXHIBIT B

6.7.24 – ZGS Production of 2.21.24 Order Materials https://devoreradunsky-mobility.imanage.work/work/link/d/ACTIVE!407651.1

- (1) 2017-2019 Grievances
  - CCSAO 233101 – 236638
- (2) 2010-2014 Incident Reports & Grievances
  - CCSAO 002385 – 233100
  - 2024-05-28 Copy of IMACs Henneberg Incidents - Exported results 2024-05-28_14-29-55_1.1.10-10.26.14.xlsx
  - 2024-05-28 Copy of CCSO_BIU_Henneberg_05222024_DRAFT_v1.0_10.26.14-12.31.14 Spreadsheet.xlsx
- (3) Optometrist Requests
  - Cermak_Health_Services_Optometry_Referral_Orders_2015_2019.xlsx
- (7) Training Policy and Procedure Materials
  - CCSAO 002138 – 002377
- This Certificate of Service

6.21.24 – Plaintiff's 3rd Set of RFP to Defendants

7.3.24 – Plaintiff Discovery Dispute Letter filed with Court

8.13.24 – Plaintiff Discovery Dispute Letter filed with Court

7.11.24 – Plaintiff's 3rd Set of ROGs to Cook County and Dart

7.30.24 – Defendants' Responses to Plaintiff's 3rd Set RFP (Production of Intake Health Screening Policies CCSAO 236639 – 236655)

8.8.24 – Cook County and Dart Responses to 3rd Set ROGs

ALSO PRODUCED: Hospital and Specialty Care Policy CCSAO 236656 - 236658

10.3.24 Status report re discovery and disputes

10.11.24 Receipt of Scanned 2017-2019 grievances from complete legal by both parties

2.25.25 – Supplemental Production of Inmate Disciplinary Policies (CCSAO 236683 – 236762)

2.25.25 – Email from Plaintiff re: Outstanding Discovery

Plaintiff identified major deficiencies in Defendants' discovery, alleging missing or incomplete responses across 11 categories related to:

(1) telephone-related assaults (internal comms, policy changes, benchmarking, acknowledgment of issue, etc.) and

(2) vision care (optometry referrals, appointment data, delays, contracts, costs, and internal comms).

Plaintiff demanded full supplementation by 3.14.25 and warned of an impending motion for adverse inference and policy/practice findings.

# EXHIBIT B

2.28.25 – status report re outstanding discovery and discovery issues

3.19.25 – Production of Plaintiff Phone Calls

3.22.25 – Plaintiff's 4th Set RFP to Dart and County

> Formalized prior deficiency allegations from 2.25.25 email. Reasserted document demands in 11 areas concerning phone-related assaults (2010–2019) and vision care (2015–2019), including policies, internal comms, benchmarking, contracts, costs, and acknowledgement of issues.

004

EXHIBIT B

# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DONALD HENNEBERG,         )
                             )
             Plaintiff,    )    Case Nos. 19-cv-07380
                             )               19-cv-07382
       v.                  )               19-cv-07883
                             )
TOM DART, et al.,            )    Honorable Sara L. Ellis
                             )
           Defendants.    )    **JURY TRIAL DEMANDED**

## DEFENDANT COOK COUNTY ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant, Cook County ("Defendant"), by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, Vjosana A. Mataj and Christina Faklis Adair, and answers Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to the Interrogatories to the extent that they seek information protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrine. Nothing contained in these Answers is intended to be, nor should be construed as, a waiver of any such privilege or immunity.

3. Defendant objects to the Interrogatories to the extent that they seek information that is either not in Defendant's possession, custody, or control, or is more appropriately obtained from sources other than Defendant or by other means of discovery.

4. In responding to the Interrogatories, Defendant does not concede the relevancy, materiality, propriety, or admissibility of any of the information sought therein.

005

EXHIBIT B

Defendant's Answers are made subject to and without waiving any objections to relevancy, materiality, or admissibility.

5. Defendant reserves the right to amend, alter or supplement any and all Answers herein at any time as additional information is discovered.

### SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

1. State the name, address, phone number, and title of the Person or Persons providing responses to these interrogatories.

**ANSWER: a. Vjosana A. Mataj, Assistant State's Attorney, Cook County State's Attorney's Office, 500 Richard J. Daley, Chicago, IL 60602, 312-603-6461;**

**b. Christina Faklis Adair, Deputy Supervisor Civil Rights/Tort Litigation, Cook County State's Attorney's Office 500 Richard J. Daley, Chicago, IL 60602, 312-603-4634;**

**c. Sandra Navarro, Deputy Director Risk Management, Cook County Health, 1950 W. Polk, 9th Floor, Chicago, Il 60612, 312-864-0841. Ms. Navarro can be reached exclusively through undersigned counsel.**

2. Identify any and all Persons known to You, Your attorneys, or Persons acting on Your behalf who may have knowledge of or information concerning the events referenced in Plaintiff's Complaint, including, but not limited to, the medical care and/or treatment provided to Plaintiff, the Incident as defined herein, the complaints, grievances, or appeals Plaintiff filed related to the Incident or his medical care, and the alleged damages referenced in the Complaint, and please describe the substance of such knowledge or information.

**ANSWER: Defendant objects to this Interrogatory on the grounds that it calls for information protected by privilege, it is better suited for other forms of discovery (Rule 26(a) disclosures), is vague, open to multiple interpretations, and seeks information known by Plaintiff**

2

EXHIBIT B

**and not in the possession, custody or control of Defendant. Subject to the foregoing objections**

**and pursuant to Rule 33(d)(1), see Defendants' Rule 26(a) disclosures and Plaintiff's Medical**

**Records Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 000371-1719.**

     3.     Identify and describe any and all statements made by any Person to You, whether

written, oral, or recorded, which relate in any way to Plaintiff, or to the events referenced in

Plaintiff's Complaint, including, but not limited to, statements concerning the Incident as defined

herein or the medical care and/or treatment provided to Plaintiff, the complaints, grievances, or

appeals Plaintiff filed related to the Incident or his medical care, and the alleged injuries and

damages referenced in the Complaint. Please identify the Persons making such statements, to whom

such statements were made, and the date of the statement.

     **ANSWER: Defendant objects to this Interrogatory as overly broad, vague, ambiguous**

**("statements"), not in Defendant's possession, custody, or control, more appropriately obtained**

**from sources other than Defendant or by other means of discovery, and not likely to lead**

**to admissible evidence. Without waiving said objections, pursuant to Rule 33(d)(1), see Bates**

**Labeled CCSAO Henneberg 000025-85; 000109-125; 000371-1719.**

     4.     State whether You ever have been named as a defendant in any civil or criminal

action with respect to failure to provide adequate medical care. If yes, for each such suit, identify

the plaintiff(s) and defendant(s), provide the court and the case number, describe the nature of the

allegations against You, and identify all Documents that relate or refer to the action.

     **ANSWER: Defendant objects to this Interrogatory as irrelevant, unduly burdensome,**

**not likely to lead to admissible evidence, overbroad by time period and subject matter, not**

**proportional to the needs of the case, and not reasonably calculated to lead to the discovery of**

EXHIBIT B

**admissible evidence. Without waiving said objections, Defendant submits such information is publicly available and accessible to Plaintiff as Defendant, given that lawsuit captions are accessible by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings using desired keywords, or by party name.**

5.      Identify each employee of Cook County Jail or Cermak Health Services who participated in Plaintiff's intake medical screening, responded to any of Plaintiff's medical requests and grievances seeking medical care, or were otherwise involved in Plaintiff's medical care.

**ANSWER: Defendant objects to this Interrogatory as overly broad, unduly burdensome ("each employee") and ambiguous ("employee of Cook County Jail or Cermak Health Services"). Without waiving said objections, pursuant to Rule 33(d)(1), <u>see</u> Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 000371-1719.**

6.      Identify all other inmates at Cook County Jail who have filed medical requests or grievances seeking any eye health treatment; complaining of poor eyesight, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD; requesting to see an eye doctor; or seeking prescription eyeglasses during the Relevant Period.  For each inmate, identify (a) identify the inmate, (b) describe the medical request(s) or grievance(s), (c) describe the response to the medical request(s) or grievance(s), (d) describe any medical treatment rendered, and (b) identify all Documents relating or referring to the medical request(s) or grievance(s), response, and medical treatment provided.

**ANSWER: Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates," no designated time period or subject matter), unduly burdensome ("identifying all inmates"), not proportional to the needs of the case, not reasonably calculated to lead to the**

4

EXHIBIT B

discovery of admissible evidence, not easily accessible to Defendant, and in violation of the privacy rights of other pre-trial detainees under HIPAA.

7.     Describe in detail the medical request adjudication procedure, including the process though which inmates may seek medical care and treatment, including by "sick call"; the procedure to render decision on sick calls; inmates' process to appeal such sick call decisions or outcomes; and the procedure for lodging a grievance related to medical treatment and appealing any grievance decision.

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad, vague and ambiguous ("sick call", "adjudication procedure"). Without waiving said objections, pursuant to Rule 33(d)(1), see Bates Labeled CCSAO Henneberg 000343-348; 000366-368.**

8.     Identify any Policies in effect during the Relevant Period, including without limitation those related to:

a.     the intake medical screening process;

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad ("any Policies") vague and ambiguous ("without limitations"). Without waiving said objections, pursuant to Rule 33(d)(1), see Intake Health Screening Bates-Labeled CCSAO Henneberg 000357-361.**

b.     processing of inmate medical request forms and grievances;

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad ("any Policies"), and ambiguous ("without limitations"). Without waiving said objection, pursuant to Rule 33(d)(1), see Bates Labeled CCSAO Henneberg 000343-345; 000366-368.**

5

EXHIBIT B

c.      assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad ("any Policies"), vague, ambiguous ("without limitations") and irrelevant. Without waiving said objections, pursuant to Rule 33(d)(1), see Bates Labeled CCSAO Henneberg 000333-342, 000346-355; 000369-370.**

d.      health care professionals regarding the diagnosis, treatment, or monitoring of Cook County Jail inmates including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad ("any Policies"), vague, ambiguous ("without limitations", "health care professionals") and irrelevant. Without waiving said objections, see Answer to Interrogatory 8(c).**

e.      medication administration and management to meet the medical needs of the Cook County Jail inmates including but not limited to those inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**ANSWER: Defendant objects to this Interrogatory as overly broad ("any Policies"), vague, ambiguous ("without limitations"), irrelevant and repetitive. Without waiving said objections, see Answer to Interrogatory 8 (c).**

f.      rationing care or determining the timing of treatment of inmates at Cook

6

EXHIBIT B

County Jail presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**ANSWER: Defendant objects to this Interrogatory as overly broad ("any Policies"), vague, ambiguous ("without limitations", "rationing care"), irrelevant and repetitive. Without waiving said objections, see Answer to Interrogatory 8 (c).**

g.      evaluation, assessment, and response to Cook County Jail inmates' requests, grievances or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

For each such Policy, state whether the Policy is in writing, and if so, identify and produce all documents that contain, relate, or refer to the Policy.  If the Policy is not in writing, then describe it in substance and detail. Identify the Person(s) responsible for promulgating and enforcing each Policy during the Relevant Period.

**ANSWER: Defendant objects to this Interrogatory as overly broad ("any Policies"), vague, ambiguous ("without limitations"), irrelevant, and repetitive. Without waiving said objections, see CCSAO Henneberg 000343-345; 000366-368.**

9.      Describe in detail any training or Communications You imparted during the Relevant Period regarding

(a) processing medical request forms or grievances requesting medical care;

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad ("detail"), vague, and ambiguous ("training or communications you imparted"). Without waiving said objections, pursuant to Rule 33(d)(1), see Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(b) responding to medical requests and grievances requesting medical care and expressing

7

EXHIBIT B

concerns about medical or mental health;

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad ("detail"), ambiguous ("training or communications you imparted"), and repetitive. Without waiving said objections, pursuant to Rule 33(d)(1), see Grievance Mechanism for Health Complaints Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(c) providing medical, mental health, or optometric care to inmates, including but not limited to training regarding the Policies in effect during the Relevant Period. Identify any Documents that relate or refer to such training and/or Communications.

**ANSWER: Defendant objects to this Interrogatory as containing multiple sub-parts, overly broad ("detail"), and ambiguous ("training or communications you imparted"). Without waiving said objections, pursuant to Rule 33(d)(1), *see* Bates Labeled CCSAO Henneberg 000369-370.**

10. Identify each Document or exhibit that You intend to use or introduce into evidence at trial.

**ANSWER: Defendant objects to this Interrogatory as premature on the grounds that discovery is ongoing, investigation continues with respect to documents or exhibits to be used or introduced as evidence at trial, and seeking information covered by the Work Product privilege. Without waiving said objections, pursuant to Rule 33(d)(1), see Bates Labeled CCSAO Henneberg 000001-1719. Defendant reserves the right to amend or supplement its response.**

11. Identify the name and address of each Person You expect to call as a fact witness at trial. Set forth in detail the subject matter about which You expect each such Person to testify and the substance of the facts and opinions You expect each such Person to offer.

**ANSWER: Defendant objects to this Interrogatory as premature on the grounds that**

8

012

EXHIBIT B

discovery is ongoing, and investigation continues with respect to identifying individuals expected to be called as fact witnesses at trial. Without waiving said objection, Plaintiff, Donald Henneberg, Vandalia Correctional Center, US-51, Vandalia, IL, 62471 and individuals listed in Defendants' Rule 26(a) disclosures. Defendant reserves the right to amend or supplement her response. Investigation continues.

12.     If You are party to any agreement or arrangement whereby any governmental entity, Person(s) or private entity, or insurance company will indemnify, insure, or otherwise reimburse You for amounts paid to satisfy a judgment entered against You in a lawsuit such as this case, summarize the parties and terms of such agreement, and attach a copy of each such agreement.

**ANSWER: There are no responding documents to this Interrogatory request. Cook County is self-insured.**

Respectfully submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By:     */s/:  Vjosana A. Mataj*
Vjosana A. Mataj
Christina Faklis Adair
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Vjosana.Mataj@cook countyil.gov
Christina.Adair@cookcountyil.gov
*Counsel for Defendants*

9

013

EXHIBIT B

### CERTIFICATE OF SERVICE

      I, Assistant State's Attorney Vjosana A. Mataj, hereby certify that the above and foregoing were served upon Plaintiff via below listed Counsel on November  24  , 2021, by electronic mail.

*/s/ Vjosana A. Mataj*
Vjosana A. Mataj

Philip A. Miscimarra
Tedd M. Warden
Maria E. Doukas
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312-324-1000
philip.miscimarra@morganlewis.com
tedd.warden@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*

014

EXHIBIT B

**VERIFICATION**

I, Sandra Navarro, Deputy Director of Risk Management of the Cook County Health, under penalties as provided by law pursuant to 28 U.S.C. § 1746, certify that the statements set forth in *Defendant Cook County's Answers to Plaintiff's Interrogatories*, are true and correct to the best of my inquiry, knowledge, and belief. The statements provided herein are not based on my personal knowledge, sole or personal recollection, or memory, but rather were gathered by reviewing the records and documents in possession of the Cook County Health, by consulting persons employed in the Cook County Health's Office, in coordination with and upon advice of undersigned counsel of record in this litigation.

Dated: 11/24/21

Sandra Navarro
Deputy Director Risk Management
Cook County Health

EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DONALD HENNEBERG,

        Plaintiff,

v.

THOMAS J. DART, et al.

        Defendants

Case Nos. 19-cv-07380
        19-cv-07382
        19-cv-07883

Honorable Sara L Ellis

## DEFENDANT COOK COUNTY'S RESPONSES TO PLAINTIFF DONALD HENNEBERG'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 21-38)

NOW COMES Defendant, COOK COUNTY (hereinafter "Defendant"), by and through its attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its responses to Plaintiff's Second Set of Requests for Production of Documents, states as follows:

## DOCUMENT REQUESTS

21) Plaintiff incorporates herein by reference all requests contained in Plaintiff's First Set of Requests for Production of Documents to Defendant Cook County, dated September 24, 2021 ("Plaintiff's First Production Requests"), and seeks all documents responsive to said requests to the extent all such documents to date have not already been produced.

**RESPONSE: See Defendant Cook County's Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant Cook County.**

22) All Documents requested to be produced, identified, or described in response to Plaintiff's Second Set of Interrogatories served on You.

**RESPONSE: None.**

EXHIBIT B

23) All Documents You relied on in responding to Plaintiff's Second Set of Interrogatories served on You.

**RESPONSE: None other than any documents referenced in Cook County's answers to interrogatories.**

24) All "incident reports" created and maintained by Cook County Jail that reflect inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates, which occurred between January 1, 2010 and December 31, 2019, and where the words "phone," "phones," "telephone" or "telephone" appear in the "Statement of Facts (Narrative)" description, or the "Administrative Assessment" description, or the "Details of Incident" description, or the "Incident Summary Narrative" description. Initially, these incident reports may be produced in an Excel spreadsheet summary (similar to the Excel spreadsheets produced by Defendants on February 2 and February 27, 2023), after which Plaintiff's counsel will identify (i) the incident reports that the Defendants request as "pdf" hard copies; and (ii) the incident reports that Defendants should use to conduct a search for all related inmate grievances and related Documents (see the next request below).

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

25) All inmate grievances and related Documents that pertain to the "incident reports" identified by Plaintiff for Defendants to use to conduct a search for inmate grievances and related Documents (see the immediately preceding request above).

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

26) All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the U.S. Department of Justice (including but not limited to any of its attorneys, staff members, agents or representatives), other public officials

EXHIBIT B

and/or private organizations that reflect, relate or pertain to inmate medical care by Cermak Health Services or deficient vision or other optometric issues at the Cook County Jail.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

27) All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the U.S. Department of Justice (including but not limited to any of its attorneys, staff members, agents or representatives), other public officials and/or private organizations that reflect, relate or pertain to the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate- on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

28) All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the "Monitor(s)" who evaluated the compliance or lack of compliance with commitments imposed on Cook County Jail and/or Cermak Health Services by one or more federal district court orders regarding inmate medical care including but not limited to vision and/or other optometric issues.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

29) All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the "Monitor(s)" who evaluated the Cook County

3

EXHIBIT B

Jail's compliance or lack of compliance with commitments imposed on Cook County Jail by one or more federal district court orders regarding the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on- inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

30) All Documents that, between January 1, 2010 and December 31, 2019, were associated with or reflect, relate or pertain to lawsuits, investigations, legal claims, court orders, decrees or judgments that relate to (i) inmate medical care by Cermak Health Services and/or at Cook County Jail including but not limited to vision and/or other optometric issues, and/or (ii) the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

**RESPONSE: Objection. Vague as to the phrase "all documents that….were associated with or reflect or pertain to lawsuits." Subject to and without waiving said objection, this is a matter of public record and equally available to the plaintiff as it is to the defense**

•

EXHIBIT B

31) All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which, between January 1, 2010 and December 31, 2019, dealt with the policies or practices of Cermak Health Services and/or Cook County Jail regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

**RESPONSE: See policy G-17, previously produced as CCSAO Bates 369-370 and inmate handbook previously produced as CCSAO Bates 1721-1761.**

32) All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which, between January 1, 2010 and December 31, 2019, dealt with Cook County Jail's policies or practices regarding the use or control of phones or telephones by inmates, or the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

33) All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the policies or practices of Cermak Health Services and/or Cook County Jail regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

**RESPONSE: Objection. Overly broad and vague as to the phrase "self-assessment, self-critical analysis and/or potential changes or improvements" . Subject to and without waiving said objection, see G-17, previously produced as CCSAO Bates 369-370**

5

EXHIBIT B

34) All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the Cook County Jail's policies or practices regarding (i) the use or control of phones or telephones by inmates, or (ii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

35) All Documents that describe, reflect, summarize or allude to what constituted or were considered to be "generally accepted correctional standards" – between January 1, 2010 and December 31, 2019 – regarding (i) inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses), (ii) the use or control of phones or telephones by inmates, or (iii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: Objection. Vague as to "generally accepted correctional standards." Subject to and without waiving said objection, The National on Correctional Health Care NCCHC issues standards that are recommended requirements for the proper management of a correctional health services delivery system.**

36) All internal or external memos, emails, letters, reports, studies, communications, literature, self-assessment, self-critical analysis and/or other Documents for the period between January 1, 2010 and December 31, 2019 that describe, reflect, summarize or allude to (i) any alleged or actual activities or efforts by gang members or groups of inmates to control or limit the use of phones or telephones by other inmates, and/or (ii) the role played

6

EXHIBIT B

by such activities or efforts in inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

37) All Documents – including but not limited to all "incident reports," related inmate Grievances and other Documents – for the period between January 1, 2010 and December 31, 2019 that contain any reference to Defendant Correctional Officer Jorge Arias or to Defendant Susan Shebel, R.N.

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

38) All Documents – including but not limited to maps, diagrams, lists and other written descriptions – that describe, reflect, summarize or allude to (i) the number and location of phones and/or telephones available for use by inmates within Cook County Jail during the period between January 1, 2010 and December 31, 2019, (ii) the number and location of phones and/or telephones that were added or removed during said period, and (iii) the costs associated with acquiring and/or maintaining such phones and/or telephones (in the aggregate and/or on the "per telephone" basis).

**RESPONSE: No responsive documents are in the possession of Defendant Cook County.**

Respectfully Submitted,
By:     _/s/ Jason E. DeVore_____
        Jason E. DeVore, One of the Attorneys for
        Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com

EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Cook County's Responses to Plaintiff's Second Set of Requests for Production** was sent via email correspondence to all below listed parties on September 8, 2023.

/s/ *Zachary G. Stillman*
Zachary G. Stillman
One of the Attorneys for Defendants

Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

DONALD HENNEBERG,          )
                                           )
                    Plaintiff,      )     Case Nos. 19-cv-07380
                                         )               19-cv-07382
        v.                      )               19-cv-07883
                                         )
TOM DART, et al.               )     Honorable Sara L. Ellis
                                         )
                  Defendants.    )    **JURY TRIAL DEMANDED**

## DEFENDANT COOK COUNTY RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Now comes Defendant, Cook County, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Vjosana A. Mataj and Christina Faklis Adair, and answers Plaintiff's First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1.     Defendant has not fully completed her investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparing for trial or hearing. Thus, all the objections and responses contained herein are based only upon such information and documents which are presently available and specifically known to Defendant. Defendant, accordingly, reserves the right to amend, alter or supplement any and all Responses herein at any time as additional information is discovered.

2.     In responding to the Requests, Defendant does not concede the relevancy, materiality, propriety, or admissibility of any of the information sought therein. Defendant's Responses are made subject to and without waiving any objections to relevancy, materiality, or admissibility.

EXHIBIT B

3.      Defendant objects to the Requests to the extent that they seek information protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrine.  Nothing contained in these Responses is intended to be, nor should be construed as, a waiver of any such privilege or immunity.

4.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

5.      Defendant objects to the Requests to the extent that they purport to impose any obligation in excess of the requirements set forth in any statute, rule, or order applicable to this proceeding.

6.      Defendant objects to the Requests to the extent that they are vague and ambiguous or overly broad and impose an undue burden on Defendant.

7.      Defendant objects to the Requests to the extent that they seek information that is either not in Defendant's possession, custody, or control, or is more appropriately obtained from sources other than Defendant or by other means of discovery.

8.      Each Response is given subject to the general objections set forth, and all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require exclusion of any Response, if any Response referred to herein were produced by a witness present and testifying in Court.  All such objections and grounds therefore are reserved and may be interposed at the time of trial or otherwise.

9.      The general objections asserted above shall be deemed applicable to and continuing with respect to any Request responded to below.  The general objections

EXHIBIT B

asserted above are incorporated into the Responses set forth herein. Such objections are not waived, nor in any way limited, by any Response to any Request.

## DOCUMENT REQUESTS

1.     All Documents identified or described in Plaintiff's Rule 26 Initial Disclosures.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("identified or described in Plaintiff's Rule 26 Initial Disclosures"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Defendant does not have any responding documents in response to this Request. It is Plaintiff's responsibility to provide documents identified in Plaintiff's Rule 26 Initial Disclosures.**

2.     All Documents requested to be produced, identified, or described in response to Plaintiff's First Set of Interrogatories.

**RESPONSE:   Defendant objects to this Request as overly broad ("all Documents"), repetitive, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see CCSAO Henneberg 000001-1719.**

3.     All Documents You relied on in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE:   See Defendants' Answers to Plaintiff's First Set of Interrogatories where they identify documents.   See also Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

EXHIBIT B

4.      All Documents that support or refute any allegation in the Complaint.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to documents that support or refute the allegations in the Complaint. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719. Defendant reserves the right to amend or supplement its response.**

5.      All Documents from any source that support or refute any assertion or Affirmative Defense made in Defendants' Answer or responsive pleadings to the Complaint.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to its affirmative defenses. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000001-1719. Defendant reserves the right to amend or supplement its response.**

6.      All Documents that relate, in any way, to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague and ambiguous ("in any way"). Without waiving said objections, see Bates Labeled CCSAO Henneberg 000001-1719.**

7.      All Documents that relate, in any way, to Plaintiff that You have received, or may receive, in response to any discovery request, subpoena, or other form of document and/or information request, whether formal or informal, issued to a third party.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague and ambiguous ("in any way", "may receive"). Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719.**

027

EXHIBIT B

8.     All Documents supporting Your assertion in Your First Affirmative Defense that Plaintiff "failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)."

**RESPONSE:   See Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

9.     All Documents from any source that You may, or will, rely upon or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing and investigation continues with respect to documents to be used in depositions, evidentiary hearings, and/or trial in this matter and is seeking information covered by the work product doctrine . Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-1719. Defendant reserves the right to amend or supplement its response.**

10.     All Documents, including but not limited to medical records, inmate records, grievance records, complaints, and/or personnel records, dated January 1, 2018 to the present that refer or relate to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague, ambiguous ("including but not limited to medical records") and not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000025-85; 000109-125, 000371-1719.**

EXHIBIT B

11.     All Documents related to Cook County Jail or Cermak Health Services Policies in effect during the Relevant Period, including without limitation those related to:

      a.     the intake medical screening process;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, and ambiguous ("related to Cook County Jail or Cermak Health Services"). Without waiving said objections, see Intake Health Screening *Bates* Labeled CCSAO Henneberg 000357-361.**

      b.     processing of inmate medical request forms and grievances;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, see Grievance Mechanism for Health Complaints Bates Labeled CCSAO Henneberg 000343-345; 366-368.**

      c.     assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services"), and irrelevant. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000333-342, 000346-355; 000369-370.**

      d.     health care professionals regarding the diagnosis, treatment, or monitoring of Cook County Jail inmates including but not limited to inmates presenting with or complaining

EXHIBIT B

of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "health care professionals"), and irrelevant. Without waiving said objections, see Response to Request (c).**

   e.  medication administration and management to meet the medical needs of the Cook County Jail inmates including but not limited to those inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, and repetitive. Without waiving said objections, see Response Request 11 (c).**

   f.  rationing care or determining the timing of treatment of inmates at Cook County Jail presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD; and

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "rationing care"), irrelevant, and repetitive. Without waiving said objections, see Response to Request 11 (c).**

   g.  evaluation, assessment, and response to Cook County Jail inmates' requests, grievances or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

EXHIBIT B

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, and repetitive. Without waiving said objections, see CCSAO Henneberg 000343-345, 000366-368.**

12.    All Documents reflecting the training, supervision, and discipline of individual employees and agents of Cook County Jail and Cermak Health Services regarding:

(a) processing medical request forms or grievances requesting medical care;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objections, see Bates Labeled CCSAO Henneberg 000343-345, 000366-368.**

(c) providing medical, mental health, or optometric care to inmates, including but not limited to training regarding the Policies in effect during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague, ambiguous ("individual employees and agents of Cook County Jail and Cermak Health Services"), and repetitive. Without waiving said objection, see Bates Labeled CCSAO Henneberg 000369-370.**

EXHIBIT B

13.    All Documents reflecting review, evaluation, assessment, recommendations or decisions relating to Plaintiff's requests, complaints, or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, and repetitive. Without waiving said objections, see Plaintiff's Medical records Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 000371-1719.**

14.    All Documents identifying all Persons who viewed, interviewed, assessed, evaluated, monitored or treated Plaintiff in connection with his requests, complaints or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), and unduly burdensome ("identifying all persons"). Without waiving said objections, see Plaintiff's Medical Records Bates Labeled CCSAO Henneberg 000371-1719.**

15.    All Documents identifying all Persons who responded to medical requests or grievances, scheduled or rationed care, or determined the need for treatment or the timing of treatment of Plaintiff or other inmates at Cook County Jail requesting, presenting with, or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome ("identifying all Persons"), in violation of inmates' privacy rights, more appropriately obtained from sources other than Defendant or by other means of discovery, and redundant. Without waiving said objections, see Plaintiff's Medical records Bates Labeled**

EXHIBIT B

CCSAO Henneberg 000371-1719.

16.     All Documents reflecting the identities of the "John Doe Medical Defendants" employed by the Cook County Department of Corrections or Cermak Health Services, including but not limited to those who participated in Plaintiff's intake medical screening, provided any medical care to Plaintiff, or received or responded to any medical requests or grievances Plaintiff filed.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome, vague and ambiguous ("identities of 'John Doe Medical Defendants'"). Without waiving said objections, see Plaintiff's Medical Records Bates Labeled CCSAO Henneberg 000371-1719.**

17.     All Documents identifying all inmates presenting with, diagnosed with, or treated for deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), and in violation of Cook County Jail inmates' privacy rights. Without waiving said objections, any complaint or lawsuit is publicly available information.**

18.     All Documents identifying all inmates who requested or filed a grievance related to medical care or deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), in violation of Cook County Jail inmates' privacy rights under HIPAA and not reasonably limited in scope (requesting a review of hundreds of thousands of grievances). Without waiving said objections, any complaint or lawsuit is publicly available information.**

EXHIBIT B

19.     All Documents related to or reflecting the U.S. Department of Justice's investigation and findings of unconstitutional conditions at Cook County Jail related to the failure to provide adequate medical care.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad by time period and subject matter, unduly burdensome, vague, ambiguous ("all documents"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery and not likely to lead to admissible evidence. Without waiving said objections, this is publicly available information. On June 12, 2018, the United Sates and Cook County submitted a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order in *United States v. Cook Cty.*, 10-cv-2946, Dkt. 375 (N.D. Ill. 2010.) That Joint Motion stated: Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities. In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings. (*Id.* at p. 2.) The Court granted that motion, ending the Federal Monitor regime on June 26, 2018. Order, *United States v. Cook Cty.*, 10-cv-2946, Dkt. 377 (N.D. Ill. 2010) (Kendall, J.)**

EXHIBIT B

20.    All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail or Cermak Health Services involving failure to provide adequate medical care.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad, unduly burdensome, ambiguous, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant or by other means of discovery, and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information is publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

**Respectfully submitted,**

KIMBERLY M. FOXX
State's Attorney of Cook County

By:    */s/: Vjosana A. Mataj*
Vjosana A. Mataj
Christina Faklis Adair
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Vjosana.Mataj@cook countyil.gov
Christina.Adair@cookcountyil.gov
*Counsel for Defendants*

EXHIBIT B

## **CERTIFICATE OF SERVICE**

I, Assistant State's Attorney Vjosana Mataj, hereby certify that the above and foregoing were served upon Plaintiff via below listed Counsel on November 24, 2021, by electronic mail.

*/s/ Vjosana A. Mataj*
Vjosana A. Mataj

Philip A. Miscimarra
Tedd M. Warden
Maria E. Doukas
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312-324-1000
philip.miscimarra@morganlewis.com
tedd.warden@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*

EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DONALD HENNEBERG,

        Plaintiff,

v.

THOMAS J. DART, et al.

        Defendants

Case Nos. 19-cv-07380

Honorable Jeremy C. Daniel.

## DEFENDANT COOK COUNTY'S RESPONSES TO PLAINTIFF'S
## THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT COOK COUNTY

NOW COMES Defendant, Cook County, for their Responses to Plaintiff's Third Set of Requests

to Produce, propounded upon Defendant on June 21, 2024, states as follows:

***Attached and included in these responses see Bates 236639 – 236655.***

## REQUESTS FOR PRODUCTION

39.     All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which, during the Relevant Period , concern any policies, procedures, rules, restrictions and/or requirements in effect for (a) conducting any initial booking intake and mental health screening process at Cook County Jail; (b) collecting, managing, storing, processing, and updating inmates' medical records obtained at the time of booking; (c) requesting medical or vision care at Cook County Jail; (d) providing inmates with medical or vision care, contacting medical or vision care providers, and scheduling medical or vision care appointments with providers within and outside of Cook County Jail; (e) facilitating medical or vision care services from external sources (i.e., not from within Cook County Jail); and (f) collecting, addressing, resolving, denying, or approving inmates' medical grievances.

**RESPONSE: See Defendants' previously produced Bates 000333 – 000370. See also Bates 236639 – 236655.**

40.     All documents identifying by name, position, employer business address, business email, and business phone number, of all persons who, on behalf of Defendants, have, or at any point during the relevant period who had responsibility for (a) preparing, adopting, revising, reviewing, and maintaining Cook County Jail's policies, procedures, rules, restrictions and/or requirements governing the use of telephones by inmates, monitoring or recording of calls, and determining penalties for violations of any applicable Cook County Jail policies, including anyone responsible for ensuring compliance with policies, procedures, rules, restrictions and/or 7 requirements; (b) supervising inmates' telephone usage, enforcing telephone usage policies (if any), and intervening in instances of physical violence or threats of violence by

EXHIBIT B

inmates concerning telephone usage in Cook County Jail; and (c) collecting, maintaining, addressing, and resolving inmates' grievances regarding the inmate telephone system and reports of violence or threats of violence related to inmates' telephone system usage.

**RESPONSE: None. This is better directed to Defendant Dart.**

41.     All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services relating to Cook County Jail's policies, procedures, rules, restrictions and/or requirements during the Relevant Period for (a) regulating inmates' telephone system usage, monitoring or recording telephone calls, and the issuance of penalties for violations of the inmate telephone usage policies, procedures, rules, restrictions and/or requirements; (b) maintaining or reclaiming control over the inmate telephone system, enforcing policies governing the inmate telephone system usage, intervening in instances of physical violence or threats related to inmate telephone system usage, and responding to inmates' safety concerns when utilizing or attempting to utilize the inmate telephone system; and (c) obtaining, investigating, and resolving inmates' grievances regarding telephone usage, including the types of penalties provided for violations of telephone rules, policies, and procedures, and additional precautionary measures taken in reaction to each incidence.

**RESPONSE: None.**

42.     All internal or external, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which, during the Relevant Period, dealt with inmates' use or control of telephones and/or inmate-on inmate altercations over the use of telephones including, but not limited to, fights, batteries, assaults, attacks and/or other types of physical aggression or threats of violence between inmates.

**RESPONSE: None.**

43.     All Documents including, but not limited to, maps, diagrams, lists and other written descriptions that describe, reflect, summarize or allude to (a) the number and location of telephones 8 available for use by inmates within Cook County Jail during the Relevant Period; (b) the number and location of telephones that were added or removed during said period and dates upon which the telephones were added or removed; (c) the layout and/or internal configuration of Cook County Jail during the period 2010-2019; or (d) the locations of all offices and other fixed locations in which Correctional Officers and/or other Cook County Jail staff were stationed who had responsibility for maintaining order and/or intervening in situations involving inmate-on-inmate assaults or violence (including assaults or violence that resulted from or were associated with telephone use).

**RESPONSE: None. This is better directed to Defendant Dart.**

44.     All Inspection Reports regarding rules related to the use of telephones from the Cook County Jail Annual Inspection Reports by the Illinois Department of Corrections for the Relevant Period.

**RESPONSE: Objection. Form. This defendant does understand what is being requested and asks that an example of the "Cook County Jail annual inspection report by the IDOC" be produced by**

2

EXHIBIT B

counsel to determine what is being requested. **This request also may be better directed to Defendant Dart.**

45.     All Documents that reflect or relate or pertain to the suspension of telephone privileges and/or other penalties for inmates' violations of telephone rules, policies, and/or procedures.

**RESPONSE: None. This is better directed to Defendant Dart.**

46.     All Documents reflecting any discipline imposed on Sheriff Thomas Dart and/or every other correctional officer or other person employed at Cook County Jail based in whole or in part on their conduct, actions or inaction relating to assaults, altercations or violence involving telephone use by inmates during the Relevant Period and/or problems relating to telephone-related policies, procedures, rules, restrictions and/or requirements during the Relevant Period. For purposes of this Request, the term "discipline" means any and all types of counseling; criticism; warnings; reprimands; coaching; suspensions, employment terminations, and other types of formal or informal discipline; and adverse feedback. For the sake of clarity, this Request should also be read to include all Documents indicating the type of discipline imposed, what the disciplined person did wrong, what penalty was imposed, the date of the incident giving rise to the discipline, and the date that the discipline was imposed.

**RESPONSE: None. This is better directed to Defendant Dart.**

**Respectfully submitted,**

_/s/ Troy S. Radunsky_
Troy S. Radunsky
One of the Attorneys for Defendants

Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
_Counsel for Defendants_

3

039

EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2024, **Defendant Cook County's Response to Plaintiff's Third Set of Requests for Production to Cook County,** was served via email to the below counsel of record.

/s/ Zachary G. Stillman
Zachary G. Stillman
One of the Attorneys for Defendants

Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
philip.miscimarra@morganlewis.com

4

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DONALD HENNEBERG,

        Plaintiff,

v.

THOMAS J. DART, et al.

        Defendants

Case Nos. 19-cv-07380
           19-cv-07382
           19-cv-07883

Honorable Sara L Ellis

**DEFENDANT COOK COUNTY'S ANSWERS TO PLAINTIFF**
**DONALD HENNEBERG'S SECOND SET OF INTERROGATORIES (NOS. 13-30)**

NOW COMES Defendant, COOK COUNTY (hereinafter "Defendant"), by and through its attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its answers to Plaintiff's Rules 26 and 34 of the Federal Rules of Civil Procedure Interrogatories, states as follows:

**INTERROGATORIES**

1.   Plaintiff incorporates herein by reference all interrogatories contained in Plaintiff's First Set of Interrogatories to Defendant Cook County, dated September 24, 2021 ("Plaintiff's First Interrogatories"), and seeks answers to said interrogatories to the extent all such answers to date have not already been provided.

**ANSWER: See Defendant Cook County's Answers to Plaintiff's First Set of Interrogatories.**

2.   Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, attended the Court hearing held in the instant action on January 4, 2023.

**ANSWER: OBJECTION. This interrogatory seeks information that is disproportionate to the needs of this case. Subject to and without waiving said objection, the following persons were present at the January 4, 2023 hearing on behalf of Defendant Cook County:**

      **Jason DeVore - Counsel for Defendant**
      **Troy Radunsky - Counsel for Defendant**
      **Khara Coleman – Cook County Sheriff's Office, Assistant General Counsel**
      **John Mueller – Director, Cook County Sheriff's Office**

EXHIBIT B

**John Power – Cook County State's Attorney's Office**
**Sandra Navarro – Deputy Director, Risk Management - Cook County Health**
**Joshua Rafinski-Project Leader, Cermak Health Services, Cook County Health**

3.    Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, have substantial involvement in and responsibility for the Cook County Jail electronic "incident report" database.

**ANSWER: No responsive documents are in the possession of Defendant Cook County.**

4.    Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, have substantial involvement in and responsibility for the Cook County Jail "incident report" forms that are maintained in hard copy form and/or as "pdf" documents.

**ANSWER: No responsive documents are in the possession of Defendant Cook County.**

5.    Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Cook County, are currently employed by Defendants Dart and/or Cook County, and who played any role in the U.S. Department of Justice investigation and/or subsequent "Monitor" oversight activities related to the Agreed Order filed on May 26, 2010 in United States of America v. Cook County, Illinois et al., Case 1:10-cv-02946 (N.D. Ill.). For each such person, explain what role he or she played, and during what period of time the person(s) had involvement in the investigation or oversight activities. Identify all Documents that reflect, relate or pertain to the role played by each such person in the investigation and/or subsequent "Monitor" oversight activities.

**ANSWER: OBJECTION. This request is overbroad and disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Objecting further, the terms "substantial involvement in" and "responsibility for" are vague.**

2

042

EXHIBIT B

6.   Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Cook County based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in findings of guilt or liability on the part of Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability. Identify all Documents that reflect, relate or pertain to each claim and the resulting judgment.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to plaintiff not receiving eyeglasses as promptly as he wanted. Plaintiff's complaint does not relate to general "vision or other optometric issues" throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**

7.   Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Cook County based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in a monetary settlement by Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case. Identify all Documents that reflect, relate or pertain to each claim and the resulting settlement.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to plaintiff not receiving eyeglasses as promptly as he wanted. Plaintiff's complaint does not relate to general "vision or other optometric issues" throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**

8.   Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Cook County based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in findings of

3

EXHIBIT B

guilt or liability on the part of Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**

9.  Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Cook County based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in a monetary settlement by Cook County. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case.

**ANSWER: OBJECTION. This request is overly broad and disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a nine-year period from 2010-2019. In addition, any civil and criminal claims are a matter of public record equally available to the plaintiff.**

EXHIBIT B

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that **Defendant Cook County's Answers to Plaintiff's Second Set of Interrogatories** was sent via email correspondence to all below listed parties on September 8, 2023.

*/s/ Zachary G. Stillman*
Zachary G. Stillman
One of the Attorneys for Defendants

Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

5

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DONALD HENNEBERG,

        Plaintiff,

v.

THOMAS J. DART, et al.

        Defendants

Case Nos. 19-cv-07380
             19-cv-07382
             19-cv-07883

Honorable Sara L Ellis

**VERIFICATION FOR DEFENDANT COOK COUNTY'S ANSWERS TO PLAINTIFF'S**
**INTERROGATORIES**

        I, Sandra Navarro, Deputy Director of Risk Management for Cook County Health, under penalties as provided by law pursuant to 28 U.S.C. § 1746, certify that the statements set forth in *Defendant Cook County's Answers to Plaintiff's Second Set of Interrogatories*, are true and correct to the best of my inquiry, knowledge, and belief. The statements provided herein are not based on my personal knowledge, sole or personal recollection, or memory, but rather were gathered by reviewing the records and documents in possession of the Cook County, by consulting persons employed by Cook County, in coordination with and upon advice of undersigned counsel of record in this litigation.

Dated: 09.08.24

        /s/ *Sandy Navarro*
        Sandra Navarro, JD
        Deputy Director of Risk Management for Cook
        County Health

6

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DONALD HENNEBERG,

             Plaintiff,

v.

THOMAS J. DART, et al.

             Defendants

Case Nos. 19-cv-07380
          19-cv-07382
          19-cv-07883

Honorable Jeremy C. Daniel

**DEFENDANT SHERIFF DART'S ANSWERS TO PLAINTIFF**
**DONALD HENNEBERG'S SECOND SET OF INTERROGATORIES (NOS. 23-31)**

    NOW COMES Defendant, SHERIFF THOMAS J. DART (hereinafter "Defendant Sheriff"), in his official capacity, by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for his answers to Plaintiff's Rules 26 and 34 of the Federal Rules of Civil Procedure Interrogatories, states as follows:

**INTERROGATORIES**

23. Plaintiff incorporates herein by reference all interrogatories contained in Plaintiff's First Set of Interrogatories to Defendant Sheriff Thomas Dart, dated September 24, 2021 ("Plaintiff's First Interrogatories"), and seeks answers to said interrogatories to the extent all such answers to date have not already been provided.

    **ANSWER: Defendant Sheriff objects to this Interrogatory as vague, overbroad, and compound, to the extent it contains multiple subparts. Pursuant to the Federal Rules and the orders of this Court, Defendant is already obligated to provide complete and verified answers to Plaintiff's First Set of Interrogatories. The original responses were provided to Plaintiff's counsel in fall 201, and supplement responses on or about March 22, 2022. To the extent that Plaintiff contends that any of those answers were incomplete and/or inadequate, Defendant Sheriff requests that Plaintiff identify and enumerate such issues in a Rule 37 letter so that any issue can be addresses clearly and discretely,**

EXHIBIT B

without any guessing on the part of the Defendant as to which answers Plaintiff finds inadequate. At this time, Defendant Sheriff submits that Defendant does not believe that any of the First Interrogatories were not answered.

24. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Tom Dart, attended the Court hearing held in the instant action on January 4, 2023.

**ANSWER: OBJECTION. This interrogatory seeks information that is not relevant to the claims or defenses of any party, nor proportionate to the needs of this case. Defendant Sheriff further objects to the extent that the information requested is accessible to Plaintiff as to Defendants, as the hearing was transcribed, and a transcript made available by Official Court Reporter Patrick J. Mullen.**

**Defendant Sheriff further objects to this Interrogatory to the extent that it seeks personal address or phone numbers for witnesses who are employees of the CCSO. Subject to and without waving this objection, Plaintiff's counsel already possesses the work emails, addresses, and contact information for Defendant's counsel of record. All CCSO parties or witnesses should be contacted SOLELY through undersigned counsel. Pursuant to Rule 33(d)(1), Defendant Sheriff directs Plaintiff to the transcript of the January 4, 2023, hearing. All persons who appeared on the record or were otherwise present are detailed in the transcript, including whether they are witnesses or merely present, and were introduced by Defendants counsel on the record.**

25. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Tom Dart, have substantial involvement in and responsibility for the Cook County Jail electronic "incident report" database.

**ANSWER: OBJECTION. Defendant Sheriff objects to this Interrogatory as to vague and overbroad as to "all persons," "substantial involvement," "responsibility," and "incident report database." Defendant Sheriff further objects to this Interrogatory to the extent that it seeks**

2

EXHIBIT B

personal addresses or phone numbers for persons or witnesses who are employees of the CCSO.  Plaintiff's counsel already possesses the work emails, addresses, and contact information for Defendant's counsel of record.  All CCSO parties or witnesses should be contacted SOLELY through undersigned counsel.

Notwithstanding and without waiving these objections, the employees with substantial involvement or responsibility, as those terms are ordinarily defined, the electronic incident report DIV10-2019-8189, June 20, 2019, is Correctional Officer Arias. His supervisors, Lt. Johnson and Baker, are also identified in the incident report. Pursuant to Rule 33(d)(1), Defendant directs Plaintiff to DIV10-2019-8189, produced at Bates 000091-000102 These witnesses may be identified solely through the undersigned counsel of record.

To the extent that Plaintiff seeks via this Interrogatory the identity of the persons "responsible" for maintenance of the Cook County Offender Management System, known as CCOMS, which management system which stores the records of individual detained in the Department of Corrections, including but not limited to incident reports, housing assignments, booking information, movement records, etc., for individuals in custody, Defendants submits that the management of CCOMS is not the responsibility of any individual person, but rather of a unit.  This unit is supervised or managed by The Chief Information Officer of the Bureau of Information and Technology.

To the extent that Plaintiff seeks via this interrogatory the identity of the person or persons "responsible" for the preparation and entry of the incident reports, which are stored in the CCOMS system, pursuant to department policy, the preparation and submission of incident reports is the responsibility of sworn members, as set forth in Policy

3

EXHIBIT B

**310. The particular sworn members responsible for the substantive content of DIV10-2019-8189 are identified above.**

26. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Tom Dart, have substantial involvement in and responsibility for the Cook County Jail "incident report" forms that are maintained in hard copy form and/or as "pdf" documents.

**ANSWER: The Cook County Department of Corrections does not maintain incident reports as hard copy forms or PDF documents. In the course of litigation, counsel may request to convert reports to PDF for production to opposing counsel, as done in the present litigation.**

27. Identify by complete name, position, employer, office and personal full street address, office email address, and office and personal phone numbers all persons who, on behalf of Defendant Tom Dart, are currently employed by Defendants Dart and/or Cook County, and who played any role in the U.S. Department of Justice investigation and/or subsequent "Monitor" oversight activities related to the Agreed Order filed on May 26, 2010 in United States of America v. Cook County, Illinois et al., Case 1:10-cv-02946 (N.D. Ill.). For each such person, explain what role he or she played, and during what period of time the person(s) had involvement in the investigation or oversight activities.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case. Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information concerning and 2008 investigation and a 2010 consent**

4

EXHIBIT B

decree.  Subject to and notwithstanding thee objections, Cook County Sheriff Thomas Dart, in his official capacity, and Cook County were named in a now-terminated lawsuit captioned *United States v Cook County, et al*, 10-cv-2946 (N.D. Ill.).  Defendant submits that the docket and filings in said litigation speak for themselves, are publicly available, and as accessible to Plaintiff as to Defendant. In said litigation, Independent Corrections Monitor Susan W. McCampbell filed a total of 12 reports concerning the compliance of the Cook County Sheriff with the terms of the Consent Decree.  All 12 reports are publicly available on the docket, available via Pacer. Monitor McCampbell's Final Report was submitted to the court on 11/23/2016, and the Cook County Sheriff was terminated as a party in the litigation on June 9, 2017, prior to Plaintiff Henneberg's intake on November 29, 2018.

Defendant Sheriff also submits that Plaintiff's counsel previously requested that Defendant's counsel download for Plaintiff the monitor's reports in the consent decree litigation despite the fact that the information was fully available to Plaintiff online. Defendant's undersigned counsel downloaded the subject reports and produced to the Plaintiff's counsel on [insert date here.]

Pursuant to Rule 33(d)(1), Defendant Sheriff directs Plaintiff to the docket in *United States v Cook County, et al*, 10-cv-2946 (N.D. Ill.).  Defendant submits that the docket and filings in said litigation speak for themselves, listing in great detail parties, issues, and attorneys.

28. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in findings of guilt or liability on the part of Defendant Tom Dart. For each such claim, indicate the case

EXHIBIT B

name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "medical care" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.**

**Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.**

**Finally, Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw**

**https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "medical care"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.**

EXHIBIT B

29. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on alleged deficiencies in inmate medical care at Cook County Jail involving vision and/or other optometric issues which resulted in a monetary settlement by Defendant Tom Dart. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "medical care" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.**

**Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.**

**Finally, Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw**

EXHIBIT B

**(https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "medical care"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.**

30. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in findings of guilt or liability on the part of Defendant Tom Dart. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date judgment was entered, a summary of the allegations, and the amount of liability.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "failure to protect" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.**

**Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.**

8

EXHIBIT B

Finally, **Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw**

**(https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "failure to protect"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.**

31. Between January 1, 2010 and December 31, 2019, how many civil or criminal claims have been filed against Defendant Tom Dart based on an alleged failure to protect one or more inmates from assaults or other violence at Cook County Jail caused by another inmate or inmates (including but not limited to violence related to the inmate's use of a phone or telephone) which resulted in a monetary settlement by Defendant Tom Dart. For each such claim, indicate the case name, case number, the identity of the court or tribunal, the date filed, the date the settlement was agreed upon, a summary of the allegations, and the amount paid to resolve the case.

**ANSWER: Defendant Sheriff objects to this Interrogatory as compound, containing multiple subparts. Defendant Sheriff objects to this Interrogatory as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case, in particular to the extent that Plaintiff seeks information concerning all "failure to**

9

EXHIBIT B

protect" incidents, even when such incidents are not related to fights or threats over phone use, which is the issue raised by Plaintiff in the operative complaint.

Defendant Sheriff objects to this Interrogatory as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 9-year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.

Finally, Defendant Sheriff further objects to this Interrogatory on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis (https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw

https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "failure to protect"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.

Respectfully submitted,

*Jason E. DeVore*
**Attorney for Defendant Thomas Dart,**
**(signing for objections only)**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Thomas Dart's Answers to Plaintiff's Second Set of Interrogatories** were sent via email correspondence to all below listed parties on September 8, 2023.

10

EXHIBIT B

*/s/ Zachary G. Stillman*
Zachary G. Stillman
One of the Attorneys for Defendants

Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

11

<span style="color:red">EXHIBIT B</span>

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

DONALD HENNEBERG,         )
                                 )
                Plaintiff,     )     Case Nos. 19-cv-07380
                                 )               19-cv-07382
      v.                    )               19-cv-07883
                                 )
TOM DART, et al.           )     Honorable Sara L. Ellis
                               )
                Defendants.  )     **JURY TRIAL DEMANDED**

## DEFENDANT SHERIFF THOMAS DART'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, Sheriff Thomas J. Dart ("Sheriff Dart" or "Defendant"), in his official capacity, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, Vjosana A. Mataj and Christina Faklis Adair, and answers Plaintiff's First Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1.     Defendant has not fully completed her investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparing for trial or hearing. Thus, all the objections and responses contained herein are based only upon such information and documents which are presently available and specifically known to Defendant. Defendant, accordingly, reserves the right to amend, alter or supplement any and all Responses herein at any time as additional information is discovered.

2.     In responding to the Requests, Defendant does not concede the relevancy, materiality, propriety, or admissibility of any of the information sought therein. Defendant's Responses are made subject to and without waiving any objections to relevancy, materiality, or admissibility.

EXHIBIT B

3.      Defendant objects to the Requests to the extent that they seek information protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrine. Nothing contained in these Responses is intended to be, nor should be construed as, a waiver of any such privilege or immunity.

4.      Defendant objects to the Requests to the extent that they seek to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

5.      Defendant objects to the Requests to the extent that they purport to impose any obligation in excess of the requirements set forth in any statute, rule, or order applicable to this proceeding.

6.      Defendant objects to the Requests to the extent that they are vague and ambiguous or overly broad and impose an undue burden on Defendant.

7.      Defendant objects to the Requests to the extent that they seek information that is either not in Defendant's possession, custody, or control, or is more appropriately obtained from sources other than Defendant or by other means of discovery.

8.      Each Response is given subject to the general objections set forth, and all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require exclusion of any Response, if any Response referred to herein were produced by a witness present and testifying in Court. All such objections and grounds therefore are reserved and may be interposed at the time of trial or otherwise.

9.      The general objections asserted above shall be deemed applicable to and continuing with respect to any Request responded to below. The general objections asserted above are

EXHIBIT B

incorporated into the Responses set forth herein.  Such objections are not waived, nor in any way limited, by any Response to any Request.

## DOCUMENT REQUESTS

1.      All Documents identified or described in Plaintiff's Rule 26 Initial Disclosures.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), vague, ambiguous ("identified or described in *Plaintiff's* Rule 26 Initial Disclosures"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Defendant does not have any responding documents in response to this Request. It is Plaintiff's responsibility to provide documents identified in Plaintiff's Rule 26 Initial Disclosures.**

2.      All Documents requested to be produced, identified, or described in response toPlaintiff's First Set of Interrogatories.

**RESPONSE:  Defendant objects to this Request as overly broad and repetitive. Without waiving said objections, Defendant identifies corresponding documents in his answers to Plaintiff's First Set of Interrogatories, including CCSAO Henneberg 000001-332; 001720-1761.**

3.      All Documents You relied on in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE:  Defendant objects to this Request as overly broad and repetitive. Without waiving said objections, Defendant identifies corresponding documents in his answers to Plaintiff's First Set of Interrogatories, including CCSAO Henneberg 000001-332; 001720-1761.**

EXHIBIT B

4.      All Documents that support or refute any allegation in the Complaint.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to documents that support or refute the allegations in the Complaint. Without waiving said objections,** *see* **Bates Labeled CCSAO Henneberg 000001-332; 001720-1761. Defendant reserves the right to amend or supplement his response.**

5.      All Documents from any source that support or refute any assertion or AffirmativeDefense made in Defendants' Answer or responsive pleadings to the Complaint.

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to his affirmative defenses. Without waiving said objections,** *see* **Bates Labeled CCSAO Henneberg 000001-332; 001720-1761. Defendant reserves the right to amend or supplement his response.**

6.      All Documents that relate, in any way, to Plaintiff.

**RESPONSE:  Defendant objects to this Request as overly broad ("in any way"),, unduly burdensome, vague, and ambiguous ("in any way"). Without waiving said objections,** *see* **Bates Labeled CCSAO Henneberg 000001-332; 001720-1761.**

7.      All Documents that relate, in any way, to Plaintiff that You have received, or may receive, in response to any discovery request, subpoena, or other form of document and/or information request, whether formal or informal, issued to a third party.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, vague, and ambiguous ("in any way", "may receive"). Without waiving said objections** *see* **Bates Labeled CCSAO Henneberg 000001-332; 001720-1761.**

4

EXHIBIT B

8.      All Documents supporting Your assertion in Your First Affirmative Defense that Plaintiff "failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)."

**RESPONSE:  Defendant objects to this Request as premature on the grounds that discovery is ongoing, and investigation continues with respect to the facts pertaining to this affirmative defense. Without waiving said objections, *see* Defendants' Initial Disclosures Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

9.      All Documents from any source that You may, or will, rely upon or use in depositions, evidentiary hearings, and/or trial in this matter, including all trial exhibits and/or demonstrative exhibits.

**RESPONSE: Defendant objects to this Request as premature on the grounds that discovery is ongoing, investigation continues with respect to documents to be used in depositions, evidentiary hearings, and/or trial in this matter and is seeking information covered by the work product doctrine. Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000001-332; 1720-1761. Defendant reserves the right to amend or supplement his response.**

10.      All Documents, including but not limited to medical records, inmate records, grievance records, complaints, and/or personnel records, dated January 1, 2018 to the present that refer or relate to Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, ambiguous ("including but not limited to medical records"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, Defendant is not a medical**

5

EXHIBIT B

provider as noted in Plaintiff's Interrogatory #1 to Sheriff Dart. Cermak Health Services is the medical provider established by Cook County for persons detained in Cook County Jail. Pursuant to Rule 33(d)(1), *see* Bates Labeled CCSAO Henneberg 000001-332, 1720-1761.

11.    All Documents related to Cook County Jail or Cermak Health Services Policies in effect during the Relevant Period, including without limitation those related to:

    a.    the intake medical screening process;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant ("Cermak Health Services' Policies") or by other means of discovery. Defendant does not perform or conduct medical screening for inmates at the Cook County Department of Corrections ("CCDOC"). Without waiving said objections, *see* Policy 702 Inmate Reception and Intake Bates Labeled CCSAO Henneberg 000196-209**

    b.    processing of inmate medical request forms and grievances;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services"), not in Defendant's possession, custody, or control (medical request forms), and more appropriately obtained from sources other than Defendant or by other means of discovery. Inmates' medical request form are directly submitted to Cook County Health Services. Without waiving said objections, *see* Policies 808 and 701 Bates Labeled CCSAO Henneberg 000155-180.**

    c.    assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting

063

EXHIBIT B

with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents"), ambiguous ("related to Cook County Jail or Cermak Health Services"), irrelevant, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, Cermak Health Services provides medical treatment for inmates at CCDOC. There are no responding documents to answer this Request as Defendant, in his official capacity, does not provide or administer medical treatment for inmates at CCDOC.**

d.  health care professionals regarding the diagnosis, treatment, or monitoring of Cook County Jail inmates including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies", "health care professionals"), irrelevant, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, Cermak Health Services provides medical treatment for inmates at CCDOC. There are no responding documents to answer this Request as Defendant does not provide employment for health care professionals and does not provide or administer medical care for inmates at CCDOC.**

EXHIBIT B

e.     medication administration and management to meet the medical needs of theCook County Jail inmates including but not limited to those inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, repetitive, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, *see* Response to Request 11 (c).**

f.     rationing care or determining the timing of treatment of inmates at Cook County Jail presenting with or complaining of needing glasses, poor eyesight, needing to seean eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;and

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), irrelevant, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, *see* Response to Request 11 (c).**

g.     evaluation, assessment, and response to Cook County Jail inmates' requests,grievances or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

8

EXHIBIT B

**RESPONSE: Defendant objects to this Request as overly broad ("all documents"), ambiguous ("related to Cook County Jail or Cermak Health Services Policies"), not likely to lead to admissible evidence, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections,** *see* **Response to Request 11 (c).**

12.     All Documents reflecting the training, supervision, and discipline of individual employees and agents of Cook County Jail and Cermak Health Services regarding:

(a) processing medical request forms or grievances requesting medical care;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents") and not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does not process inmates' medical request forms or process inmates' grievances requesting medical care.**

(b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health;

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents") and not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does not process inmates' medical request**

9

EXHIBIT B

forms, process inmates' grievances requesting medical care or address concerns about medical or mental health.

(c) providing medical, mental health, or optometric care to inmates, including but not limited totraining regarding the Policies in effect during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad ("all Documents") and not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does do not provide medical, mental health, or optometric care for inmates at CCDOC.**

13.    All Documents reflecting review, evaluation, assessment, recommendations or decisions relating to Plaintiff's requests, complaints, or inmate grievances concerning glasses, pooreyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, irrelevant, unduly burdensome, not likely to lead to admissible evidence, and repetitive.  Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

14.    All Documents identifying all Persons who viewed, interviewed, assessed, evaluated,monitored or treated Plaintiff in connection with his requests, complaints or inmate grievances concerning glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines,blurred vision, loss of balance, and PTSD.

**RESPONSE: Defendant objects to this Request as overly broad by time period and**

EXHIBIT B

subject matter, unduly burdensome ("identifying all Persons"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does do not provide medical, mental health, or optometric care for inmates at CCDOC.

15.     All Documents identifying all Persons who responded to medical requests or grievances, scheduled or rationed care, or determined the need for treatment or the timing of treatment of Plaintiff or other inmates at Cook County Jail requesting, presenting with, or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts,migraines, blurred vision, loss of balance, and PTSD during the Relevant Period.

**RESPONSE:  Defendant objects to this Request as overly broad ("all Documents"), unduly burdensome ("identifying all Persons"), in violation of inmates' privacy rights, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant (the Request is medical in nature) or by other means of discovery, and repetitive.  Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

16.     All Documents reflecting the identities of the "John Doe Medical Defendants" employed by the Cook County Department of Corrections or Cermak Health Services, including butnot limited to those who participated in Plaintiff's intake medical screening, provided any medical care to Plaintiff, or received or responded to any medical requests or grievances Plaintiff filed.

EXHIBIT B

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous ("identities of 'John Doe Medical Defendants'"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections,** *see* **Response to Request 15.**

17.     All Documents identifying all inmates presenting with, diagnosed with, or treated for deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE:  Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates"), in violation of the privacy rights of non-parties, not likely to lead to admissible evidence, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, there are no responding documents to this Request. Defendant, in his official capacity, does do not provide medical, mental health, or optometric care for inmates at CCDOC.**

18.     All Documents identifying all inmates who requested or filed a grievance related to medical care or deficient vision or other optometric issues at the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad ("all Documents", "all inmates"), unduly burdensome ("identifying all inmates" in hundreds of thousands of grievances), not limited in time and scope, in violation of privacy rights of non-parties, not likely to lead to admissible evidence, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, there are no responding documents to answer this Request as CCDOC inmates'**

EXHIBIT B

medical request forms are directly submitted to Cook County Health Services.

19.     All Documents and Communications related to or reflecting Your responsibilities forthe operations, policies, and management of the Cook County Department of Corrections, includingbut not limited to the hiring and training of all personnel employed by the Cook County Departmentof Corrections and the safety and security of all inmates detained at Cook County Jail.

**RESPONSE: Defendant objects to this request as overly broad by time period and subject matter, entirely vague and ambiguous, irrelevant, and not related to a particular issue or policy. Further, Defendant is an entity which includes the Cook County Department of Corrections and in that sense this request does not make sense. Without waiving said objections, Defendant is mandated by state law through the Counties Code and County Jail Act to operate and manage the Cook County Jail.**

20.     All Documents related to Cook County Jail or Cook County Sheriff Policies related to:

a.      training of Correctional Officers to ensure health and safety of inmates atCook County Jail;

**RESPONSE: Defendant objects to this Interrogatory as overly broad by time period and subject matter ("all Documents") and ambiguous. Without waiving said objections,** *see* **Policy 310 Report Preparation Bates Labeled CCSAO Henneberg 000181-195. Investigation continues. Defendant will supplement with additional health and safety policies and trainings.**

b.      health and safety of inmates including inmate protection from physical assault or attack by other inmates; and

EXHIBIT B

**RESPONSE: Defendant objects to this Interrogatory as overly broad by time period and subject matter ("all Documents"), ambiguous, and repetitive. Without waiving said objections,** *see* **Answer to Request 20 (a).**

      c.     use of or access to the inmate telephones.

**RESPONSE: Defendant objects to this Interrogatory as overly broad by time period and subject matter ("all Documents") and ambiguous. Without waiving said objections,** *see* **Policy 1209 Inmate Telephone Access Bates Labeled CCSAO Henneberg 000181-195.**

21.    All Documents reflecting the training of Correctional Officers, including but not limited to:

    (a) the protection of inmates from violence from other inmates

**RESPONSE: Defendant objects to this Request as overbroad by time period and subject matter, ambiguous, and repetitive. Without waiving said objections,** *see* **Answer to Request 20(a).**

    (b) the response to concerns expressed by inmates concerning their level of protection, including but not limited to training regarding the Policies during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overbroad by time period and subject matter, ambiguous, and repetitive. Without waiving said objections,** *see* **Answer to Request 20(a).**

22.    All Documents reflecting or pertaining to any reports or complaints from Plaintiff or any other inmate to any staff member, employee, or representative of Cook County Jail regarding threats or restrictions placed on the use of telephones within Cook County Jail by gang

071

EXHIBIT B

members (including, but not limited to, the "Latin Kings" or any other gang groups) or fellow inmates duringthe Relevant Period and any response, investigation, or other action taken as a result of same.

**RESPONSE: Defendant objects to this Request as containing multiple subparts, overly broad by time period and subject matter, ambiguous, and in violation of the privacy rights of non-parties. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

23.     All Documents related to or reflecting the details of the Incident as defined herein, the complaints, grievances, or appeals Plaintiff filed related to the Incident or his medical care, andthe alleged damages referenced in the Complaint.

**RESPONSE: Defendant objects to this Request as containing multiple subparts, overly broad by time period and subject matter, ambiguous (related to or reflecting the details of the Incident), repetitive, and more appropriately obtained from sources other than Defendant or by other means of discovery (Rule 26 (a) Initial Disclosures). Without waiving said objections, *see* Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 001720-1761.**

24.     All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook CountyJail at the time of the Incident, including but not limited to shift schedules, time cards, or

EXHIBIT B

other staffing records.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome ("each calendar day"), ambiguous ("bubble") and irrelevant. Without waiving said objections,** *see* **Daily Roster Division 10 & Daily Attendance Sheet Bates Labeled CCSAO Henneberg 000132-146 dated June 17, 2019**

25. All Documents reflecting the identities of the Correctional Officers posted to the "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail for every calendar day during 2019, including but not limited to shift schedules, time cards, or other staffing records.

**RESPONSE: Defendant objects to this Request as overly broad in time period and subject matter, unduly burdensome ("each calendar day"), ambiguous ("bubble"), irrelevant and repetitive. Without waiving said objections,** *see* **Response to Request 24.**

26. All Documents reflecting the identities of the Correctional Officers posted to the "day shift" or "second shift" in the Correctional Officers' "bubble" located directly in front of the inmate telephone system in Division 10 of the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous ("bubble"), irrelevant, and repetitive. Without waiving said objections,** *see* **Response to Request 24.**

27. All surveillance footage of Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the Cook County Jail at the time of the Incident.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter and ambiguous. Without waiving said objections,** *see* **surveillance video**

16

EXHIBIT B

footages labeled **DIV_10-CAM_3.047_Tier_3B_Front-2019-06-17_10h35min00s000ms, and DIV_10-CAM_3.048_Tier_3B_Rear-2019-06-17_10h35min00s000ms.**

28.     All Documents reflecting or relating to investigation into the Incident and identifying other inmates, Correctional Officers, or other jail personnel involved in or who witnessed the Incident.

**RESPONSE: Defendant objects to this Request as overly broad in time period and subject matter, ambiguous and in violation of privacy rights of non-parties. Without waiving said objections,** *see* **Incident Report Bates Labeled CCSAO Henneberg 001720.**

29.     All Documents reflecting the identities of the inmates housed in Division 10 of the Cook County Jail during 2019 when Plaintiff was housed in Division 10.

**RESPONSE: Defendant objects to this Request as overly broad by time period (no specific date in 2019) and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, more appropriately obtained from sources other than Defendant (like Plaintiff) and not likely to lead to admissible evidence. Due to security reasons, Defendant cannot provide any documents that reflect the identities of the inmates housed in Division 10 of the Cook County Jail during the time period that Plaintiff was also housed there.**

30.     All Documents identifying inmates who suffered assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous ("all documents identifying inmate"), irrelevant, in violation of privacy rights of non-parties, and not likely to lead to admissible**

17

**evidence. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and criminal state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

31.     All Documents, including, but not limited to, Documents identifying complaints by inmates and/or family members of inmates about assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not in Defendant's custody, control, or possession and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information like complaints are publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and criminal state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

32.     All Documents related to any warnings, grievances, or other statements inmates made to Correctional Officers at Cook County Jail about the gang activity, inmate control,

EXHIBIT B

violence,disputes, or other altercations related to the inmate telephones in the Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome ("all documents related to any"), ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.**

33.     All Documents related to any gang activity, inmate control, violence, disputes, or other altercations among inmates related to the inmate telephones in the Cook County Jail, including but not limited to any inmate grievances, discipline, surveillance footage, or other records related tosame during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.**

34.     All Documents reflecting or relating to real or perceived assaults, batteries, or threatsby gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this**

076

EXHIBIT B

Request due to the general way this Request is phrased.

35.     All Documents reflecting internal or external recommendations or decisions regarding any assaults, batteries, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.

**RESPONSE: Defendant objects to this Request as overly broad by time period and subject matter, unduly burdensome, ambiguous, irrelevant, in violation of privacy rights of non-parties, not proportional to the needs of the case, and not likely to lead to admissible evidence. Without waiving said objections, there are no responding documents to answer this Request due to the general way this Request is phrased.**

36.     All Documents reflecting the layout of the areas of Cook County Jail where Plaintiff's jail cells were located, Division 10 of the Cook County Jail, the inmate telephone area, the day room, and the "bubble" located near the inmate telephone system in Division 10 of the CookCounty Jail, including but not limited to diagrams, maps, blueprints, photographs, surveillance camera footage, or other records reflecting same.

**RESPONSE: Defendant objects to this Request as overly broad, ambiguous and not proportional to the needs of the case. Without waiving said objections *see* Bates Labeled CCSAO Henneberg 000132-146.**

37.     All Documents reflecting or pertaining to discipline or the consideration of disciplineto be imposed on any inmates who were involved at any time in any threats or assaults, batteries orattacks involving Plaintiff.

**RESPONSE: Defendant objects to this Request as overly broad (by time period and subject matter) and ambiguous ("at any time in any threats or assaults, batteries or attacks"). Without waiving said objections, *see* Disciplinary History Bates Labeled**

20

EXHIBIT B

**CCSAO Henneberg 000006-24.**

38.     All Documents related to or reflecting the U.S. Department of Justice's investigationand findings of unconstitutional conditions at Cook County Jail related to the (a) failure to provideadequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad by time period and subject matter, unduly burdensome, vague, ambiguous ("all documents"), and more appropriately obtained from sources other than Defendant or by other means of discovery and not likely to lead to admissible evidence. Without waiving said objections, this is publicly available information. On June 12, 2018, the United Sates and Cook County submitted a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order in *United States v. Cook Cty.*, 10-cv-2946, Dkt. 375 (N.D. Ill. 2010.) That Joint Motion stated: Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities. In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings. (*Id.* at p. 2.) The Court granted that motion, ending the**

EXHIBIT B

Federal Monitor regime on June 26, 2018. Order, *United States v. Cook Cty.*, 10-cv-2946, Dkt. 377 (N.D. Ill. 2010) (Kendall, J.)

39.     All Documents related to or reflecting any other state or federal investigations, inquiries, consent decrees, or other state or federal oversight of Cook County Jail or Cermak HealthServices involving (a) failure to provide adequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates.

**RESPONSE: Defendant objects to this Request as irrelevant, overly broad (not limited in time and scope), unduly burdensome, ambiguous, not in Defendant's possession, custody, or control, more appropriately obtained from sources other than Defendant or by other means of discovery, and not likely to lead to admissible evidence. Without waiving said objections, Defendant submits such information is publicly available and as accessible to Plaintiff as to Defendant, by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Defendant does not subscribe to this service with Lexis-Nexis or Westlaw.**

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     */s/: Vjosana A. Mataj*
        Vjosana A. Mataj
        Christina Faklis Adair
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        Vjosana.Mataj@cook countyil.gov
        Christina.Adair@cookcountyil.gov
        *Counsel for Defendants*

079

EXHIBIT B

## <u>CERTIFICATE OF SERVICE</u>

I, Assistant State's Attorney Vjosana Mataj, hereby certify that the above and foregoing were served upon Plaintiff via below listed Counsel on December 21, 2021, by electronic mail.

*/s/ Vjosana Mataj*
Vjosana Mataj

Philip A. Miscimarra
Tedd M. Warden
Maria E. Doukas
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312-324-1000
philip.miscimarra@morganlewis.com
tedd.warden@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

DONALD HENNEBERG,           )
                                     )
                   Plaintiff,     )    Case Nos. 19-cv-07380
                                     )                   19-cv-07382
     v.                      )                   19-cv-07883
                                     )
TOM DART, et al.               )
                                     )    Honorable Sara L. Ellis
                 Defendants.     )
                                       )    **JURY TRIAL DEMANDED**

**SHERIFF THOMAS DART'S ANSWERS TO PLAINTIFF'S FIRST**
**SET OF INTERROGATORIES**

    Now comes Defendant, Sheriff Thomas Dart ("Defendant" or "Sheriff Dart"), in his official capacity, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, Vjosana A. Mataj and Christina Faklis Adair, and answers Plaintiff's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

    1. Defendant objects to the Interrogatories to the extent that they seek to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

    2. Defendant objects to the interrogatories to the extent they seek information not appropriate or relevant to a defendant sued in an official capacity. Interrogatories directed to a person or seeking an individual's knowledge, understanding or information are confusing and cannot be answered by an entity such as the Cook County Sheriff's Office.

    3. Defendant objects to the Interrogatories to the extent that they seek information protected by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the work product doctrine. Nothing contained in these Answers is intended to be, nor should be construed as, a waiver of any such privilege or immunity.

EXHIBIT B

4.  Defendant objects to the Interrogatories to the extent that they seek information that is either not in Defendant's possession, custody, or control, or is more appropriately obtained from sources other than Defendant or by other means of discovery.

5.  In responding to the Interrogatories, Defendant does not concede the relevancy, materiality, propriety, or admissibility of any of the information sought therein. Defendant's Answers are made subject to and without waiving any objections to relevancy, materiality, or admissibility.

6. Defendant reserves the right to amend, alter or supplement any and all Answers herein at any time as additional information is discovered.

### SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

1.      State how long You have worked for Cook County Jail or Cermak Health Services, citing Your current and any prior job title(s), and provide a description of Your job function.  If You are no longer employed by Cook County Jail or Cermak Health Services, state the date on which that employment ceased and describe the reasons and/or circumstances for or surrounding Your departure or termination.

**ANSWER: Defendant objects to this Interrogatory on the grounds that it is an entity and sued in an official capacity and is not employed by the Cermak Health Services or any Cook County Department.**

2.      Identify any and all Persons known to You, Your attorneys, or Persons acting on Your behalf who may have knowledge of or information concerning the events referenced in Plaintiff's Complaint, including, but not limited to, the medical care and/or treatment provided to Plaintiff, the Incident as defined herein, the complaints, grievances, or appeals Plaintiff filed related to the Incident or his medical care, and the alleged damages referenced in the Complaint,

082

EXHIBIT B

and pleasedescribe the substance of such knowledge or information.

**ANSWER: Defendant objects to this Interrogatory on the grounds that it calls for information protected by privilege, it is better suited for other forms of discovery (Rule 26(a) disclosures), is ambiguous, open to multiple interpretations, and seeks information known by Plaintiff and not in the possession, custody or control of Defendant. Without waiving said objections, Defendant is not a medical provider. Answering further, medical care for detainees is provided by Cermak Health Services ("Cermak"), a division of the Cook County Health and Hospitals System pursuant to Article V of the Cook County Code of Ordinances, entitled Cook County Health and Hospitals System. The Sheriff does not control Cermak or its employees or the medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records. Cermak uses and coordinates with Stroger Hospital, which receives Accreditation as a Hospital from the Joint Commission and Cook County Health. Pursuant to the Agreed Order in the *United States v. Cook County, et. al.* case, 10 C 2946, where the United States Federal Court and the Department of Justice monitored the conditions and systems within Cook County Jail for over 8 years, Cermak and the Sheriff's Office entered into an Inter-Agency Agreement in December of 2010 to identify that Cermak is the sole entity that administers health care services to the inmates at CCDOC. Defendant is aware that Cermak was dismissed from that consent decree after sustained compliance with the Court's mandates establishing constitutional minimum standards for medical and mental health care of detained persons pursuant to the authority bestowed the Department of Justice in the Civil Rights of Incarcerated Persons Act. To the extent a response is required, and without waiving said objections, see also:**

3

EXHIBIT B

a. **Plaintiff, Donald Henneberg, Vandalia Correctional Center, US-51, Vandalia, IL, 62471.**

b. **Plaintiff's Grievances Bates Labeled CCSAO Henneberg 000025-85; 000109-125; 000371-1719.**

3. Identify and describe any and all statements made by any Person to You, whether written, oral, or recorded, which relate in any way to Plaintiff, or to the events referenced in Plaintiff's Complaint, including, but not limited to, statements concerning the Incident as defined herein or the medical care and/or treatment provided to Plaintiff, the complaints, grievances, or appeals Plaintiff filed related to the Incident or his medical care, and the alleged injuries and damages referenced in the Complaint.  Please identify the Persons making such statements, to whom such statements were made, and the date of the statement.

**ANSWER: Defendant objects to this Interrogatory as overly broad, ambiguous ("statements"), more appropriately obtained from sources other than Defendant or by other means of discovery (Rule 26(a) disclosures) and not likely to lead to admissible evidence. Without waiving said objections, Defendant has not received any statement by any Person related in any way to Plaintiff or the events referenced to in Plaintiff's Complaint. Investigation continues.**

4. Describe Your responsibilities for the operations, Policies, and management of the Cook County Department of Corrections, including but not limited to the hiring and training of all personnel employed by the Cook County Department of Corrections and the safety and security of all inmates detained at Cook County Jail.

**ANSWER: Defendant objects to this Interrogatory as overly broad ("operations" "Policies" "management"), not limited in time and scope and irrelevant to the claims at**

084

EXHIBIT B

issue. Further, Defendant is an entity which includes the Cook County Department of Corrections and in that sense this interrogatory does not make sense. Without waiving said objections, Defendant is mandated by state law through the Counties Code and County Jail Act to operate and manage the Cook County Jail.

5.      State whether You ever have been named as a defendant in any civil or criminal action with respect to (a) failure to provide adequate medical care, or (b) failure to protect inmates from assault or attacks by other inmates. If yes, for each such suit, identify the plaintiff(s) and defendant(s), provide the court and the case number, describe the nature of the allegations against You, and identify all Documents that relate or refer to the action.

ANSWER: Defendant objects to this Interrogatory as overly broad, irrelevant, compound, and not likely to lead to admissible evidence. Defendant further states such information is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible by searching court docket databases in federal (PACER) and state court, and federal lawsuits may be searched based on such criteria (including by party name) using legal services such as Lexis-Nexis and Westlaw, for a service fee, by searching court documents and pleadings and using desired keywords, or by party name. Notwithstanding these objections, Defendant has been named as a defendant in civil lawsuits alleging claims involving medical care and failure to protect detained persons from violence. Defendant has never been named as a defendant in a criminal proceeding.

6.      Identify each employee of Cook County Jail or Cermak Health Services who participated in Plaintiff's intake medical screening, responded to any of Plaintiff's medical requests and grievances seeking medical care, or were otherwise involved in Plaintiff's medical care.

EXHIBIT B

**ANSWER: Defendant objects to this Interrogatory as overly broad ("identify each employee"), unduly burdensome, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, Defendant is not a medical provider as noted in Interrogatory #1. Cermak Health Services is the medical provider established by Cook County for persons detained in Cook County Jail. Pursuant to Rule 33(d)(1), *see* Bates Labeled CCSAO Henneberg 000025-85; 000109-125.**

7.      Identify all other inmates at Cook County Jail who have filed medical requests or grievances seeking any eye health treatment; complaining of poor eyesight, head trauma, blackouts,migraines, blurred vision, loss of balance, and PTSD; requesting to see an eye doctor; or seeking prescription eyeglasses during the Relevant Period. For each inmate, identify (a) identify the inmate, (b) describe the medical request(s) or grievance(s), (c) describe the response to the medical request(s) or grievance(s), (d) describe any medical treatment rendered, and (b) identify all Documents relating or referring to the medical request(s) or grievance(s), response, and medical treatment provided.

**ANSWER: Defendant objects to this Interrogatory as irrelevant, overly broad ("all Documents", "all inmates" no designated time period or subject matter), unduly burdensome ("identifying all inmates" requiring a review of hundreds of thousands of grievances and medical requests), not proportional to the needs of the case, and in violation of the privacy rights under HIPAA of non-parties.**

8.      Describe in detail the medical request adjudication procedure, including the processthough which inmates may seek medical care and treatment, including by "sick call"; the procedureto render decision on sick calls; inmates' process to appeal such sick call decisions or

EXHIBIT B

outcomes; and the procedure for lodging a grievance related to medical treatment and appealing any grievance decision.

**ANSWER: Defendant objects to this Interrogatory as overly broad, unduly burdensome, ambiguous ("sick call", "adjudication procedure"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, Defendant is not a medical provider and does not provide medical care/treatment. Cermak Health Services is the medical provider established by Cook County for persons detained in the Jail. There is not a specific procedure for "lodging a grievance related to medical treatment and appealing any grievance decision" different from the typical grievance process at Cook County Jail. Inmates are encouraged to complete Health Service Request Forms ("HSRFs") for medical needs. Pursuant to Rule 33(d)(1), *see* CCDOC Inmate Handbook Bates Labeled CCSAO Henneberg 001721-1761.**

9.      Identify any Policies in effect during the Relevant Period, including without limitation those related to:

a.      the intake medical screening process;

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous ("any"), not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery. Defendant does not perform or conduct medical screening for inmates at CCDOC. Without waiving said objections, pursuant to Rule 33(d)(1), *see* Policy 702 Inmate Reception and Intake Bates Labeled CCSAO Henneberg 000196-209.**

b.      processing of inmate medical request forms and grievances;

EXHIBIT B

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous ("any"), not in Defendant's possession, custody, or control (Defendant is not responsible for medical care) and more appropriately obtained from sources other than Defendant or by other means of discovery. Inmates' medical request forms are directly submitted to Cermak Health Services. Without waiving said objections, pursuant to Rule 33(d)(1),** *see* **Policies 808 and 701 Bates Labeled CCSAO Henneberg 000155-180.**

    c.    assessment, evaluation, monitoring, administration of medication, and treatment of inmates at Cook County Jail, including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous ("any"), irrelevant, not in Defendant's possession, custody, or control (Defendant is not responsible for medical care), and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, Cermak Health Services provides medical treatment for inmates at CCDOC. There are no responding documents in Defendant's possession to answer this Interrogatory as Defendant does not provide or administer medical treatment for inmates at CCDOC.**

    d.    health care professionals regarding the diagnosis, treatment, or monitoring ofCook County Jail inmates including but not limited to inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraine; blurred vision, loss of balance, or PTSD;

088

EXHIBIT B

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous ("any" "health care professionals"), irrelevant, in violation of inmates' privacy rights, not in Defendant's possession, custody, or control (Defendant is not responsible for medical care), and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, Cermak Health Services provides medical treatment for inmates at CCDOC. There are no responding documents in Defendant's possession to answer this Interrogatory as Defendant does not provide or administer medical treatment for inmates at CCDOC.**

  e. medication administration and management to meet the medical needs of theCook County Jail inmates including but not limited to those inmates presenting with or complaining of needing glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;

**ANSWER:   Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous ("any"), irrelevant, repetitive, not in Defendant's possession, custody, or control (Defendant is not responsible for medical care), and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, *see* Answer to Interrogatory 9(c).**

  f. rationing care or determining the timing of treatment of inmates at Cook County Jail presenting with or complaining of needing glasses, poor eyesight, needing to seean eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD;and

**ANSWER:  Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous ("any" "rationing care"), irrelevant, repetitive, not in Defendant's**

089

EXHIBIT B

possession, custody, or control (Defendant is not responsible for medical care), and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections, *see* Answer to Interrogatory 9(c).

    g. evaluation, assessment, and response to Cook County Jail inmates' requests,grievances or complaints addressing or alleging a need for medical services due to complaining of or presenting with a need for glasses, poor eyesight, needing to see an eye doctor, head trauma, blackouts, migraines, blurred vision, loss of balance, and PTSD. For each such Policy, state whether the Policy is in writing, and if so, identify and produce all documents that contain, relate, or refer to the Policy. If the Policy is not in writing, then describe it in substance and detail. Identify the Person(s) responsible for promulgating and enforcing eachPolicy during the Relevant Period.

  **ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous ("any" "response"), irrelevant, repetitive, not in Defendant's possession, custody, or control (Defendant is not responsible for medical care), and more appropriately obtained from sources other than Defendant or by other means of discovery. Without waiving said objections,** *see* **Answer to Interrogatory 9 (c).**

  10. Describe in detail any training or Communications You imparted and/or received during the Relevant Period regarding

  (a) processing medical request forms or grievances requestingmedical care;

  **ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, unduly burdensome ("any training"), ambiguous ("communications"), repetitive, and more appropriately obtained from sources other than Defendant (Defendant is not responsible for medical care) or by other means of discovery. Without waiving said**

EXHIBIT B

objections, *see* **Answer to Interrogatory 9(b).**

(b) responding to medical requests and grievances requesting medical care and expressing concerns about medical or mental health; and

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, unduly burdensome, ambiguous ("communications", "expressing concerns"), repetitive, and more appropriately obtained from sources other than Defendant (Defendant is not responsible for medical care) or by other means of discovery. Without waiving said objections, *see* Answer to Interrogatory 9(b).**

(c) providing medical, mental health, or optometric care to inmates, including but not limited to training regarding the Policies in effect during the Relevant Period. Identify any Documents that relate or refer to such training and/or Communications.

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant (Defendant is not responsible for medical care) or by other means of discovery. Without waiving said objections, there are no responding documents to answer this Interrogatory as Defendant does not provide medical or mental health services, or optometric care to inmates at CCDOC.**

11.    Identify each Correctional Officer who was posted to the "day shift" or "second shift"in the Correctional Officers' "bubble" located directly in front of the physical location of the inmatetelephone system in Division 10 of the Cook County Jail for each calendar day during 2019.

**ANSWER: Defendant objects to this Interrogatory as overly broad, unduly burdensome ("each Correctional Officer", "each calendar day"), ambiguous ("each"**

11

EXHIBIT B

"bubble") and irrelevant. Without waiving said objections, pursuant to Rule 33(d)(1), *see* **Daily Roster Division 10 & Daily Attendance Sheet Bates Labeled CCSAO Henneberg 000132-146 dated June 17, 2019.**

12.     Identify each employee at Cook County Jail who participated in or witnessed theIncident that occurred in June 2019 and describe his or her role in the same.

**ANSWER: Defendant objects to this Interrogatory as overly broad, unduly burdensome ("each employee at Cook County Jail"), and ambiguous. Without waiving said objections, pursuant to Rule 33(d)(1),** *see* **Daily Roster Division 10 & Daily Attendance Sheet Bates Labeled CCSAO Henneberg 000132-146 dated June 17, 2019 and surveillance video footages labeled:**

**DIV_10-CAM_3.047_Tier_3B_Front-2019-06-17_10h35min00s000ms,andDIV_10; and CAM_3.048_Tier_3B_Rear-2019-06-17_10h35min00s000ms.**

13.     State whether You, or someone acting on your behalf, prepared an incident report, log, investigation report, summons, complaint, affidavit of probable cause, or other written Document regarding the Incident.  If so, please identify, describe, and produce all such Documents.

**ANSWER: Defendant objects as it is an entity and the interrogatory is directed to an individual. An incident report labeled as DIV 10-2019-8189 was prepared on June 17, 2019 regarding the alleged Incident. Pursuant to Rule 33(d)(1),** *see* **Incident Report Bates Labeled CCSAO Henneberg 1720.**

14.     State whether You or anyone acting on Your behalf took any photographs or videosof the Incidents and, if so, identify the Person who took such photographs or videos, and produce all such photographs and/or videos.

EXHIBIT B

**ANSWER: Defendant objects as it is an entity, and the interrogatory is directed to an individual. Defendant objects to this Interrogatory as overly broad and ambiguous ("incidents"). Without waiving said objections, the alleged July 17, 2019 incident was recorded by the stationary cameras located in Division 10 Dayroom. Pursuant to Rule 33(d)(1),** *see* **surveillance video footages labeled:**

**DIV_10-CAM_3.047_Tier_3B_Front-2019-06-17_10h35min00s000ms, and**

**DIV_10-CAM_3.048_Tier_3B_Rear-2019-06- 17_10h35min00s000ms.**

15.    Identify all Persons (including but not limited to, eyewitness, current or former CookCounty Jail employees, and medical personnel) who may have knowledge regarding the Incident atissue in this lawsuit, and, for each Person identified, please state:

a.    the nature and basis of his or her knowledge, including a description of the substance thereof;

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad ("all Persons"), unduly burdensome, ambiguous, not in Defendant's possession, custody, or control, and more appropriately obtained from sources other than Defendant or by other means of discovery (Rule 26(a) disclosures). Without waiving said objections, pursuant to Rule 33(d)(1),** *see* **Daily Roster Division 10 & Daily Attendance Sheet Bates Labeled CCSAO Henneberg 000132-146.**

b.    whether You, or any Person acting on Your behalf, has contacted or attempted to contact such Person in connection with this action, and, if so, how, when, and where such contact was made or attempted;

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous, and seeking to obtain protected information. Without**

13

EXHIBIT B

waiving said objections, Defendant has not contacted any Person in connection with the alleged July 17, 2019 incident.

> c. whether such Person signed a witness statement, declaration, or affidavit; and

**ANSWER: Defendant objects to this Interrogatory as containing multiple subparts, overly broad, ambiguous, and seeking information protected by privilege. Without waiving said objections, Defendant has not requested any Person to sign a witness statement, declaration, or affidavit in connection with the alleged July 17, 2019 incident.**

> d. whether You expect to call such Person as a witness at any stage in the litigation (i.e., as a witness at trial, an affiant, a deponent, or otherwise).

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as premature on the grounds that discovery is ongoing, and investigation continues with respect to identifying individuals expected to be called as fact witnesses at trial. Without waiving said objections, Defendant anticipates calling as a witness any person that has information about Plaintiff's claims and Defendants' defenses.**

16. Describe all investigations, disciplinary actions, or other proceedings relating or referring to the Incident or to the Plaintiff in any way. For each such investigation, disciplinary action, or other proceeding:

(a) identify the individuals involved;

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point**

14

EXHIBIT B

propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad, vague, and irrelevant. **Without waiving said objections, pursuant to Rule 33(d)(1),** *see* **documents Bates Labeled CCSAO Henneberg 000006-24 and CCSAO Henneberg 001720.**

(b) describe the nature of the investigation, disciplinary action, or other proceeding;

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad, vague, and irrelevant. Without waiving said objections, see Answer to Interrogatory 16(a).**

(c) explain its outcome; and

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad, vague, and irrelevant. Without waiving said objections, see Answer to Interrogatory 16(a).**

(d) identify andproduce all Documents relating or referring to the investigation, disciplinary action, or other proceeding.

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad, vague, repetitive, and irrelevant. Without waiving said objections, see Answer to Interrogatory 16(a).**

EXHIBIT B

17.     Identify all other inmates at Cook County Jail who suffered assaults, batteries, attacks, or threats by gang members (including, but not limited to, the "Latin Kings" or any other gang groups) in Cook County Jail during the Relevant Period.  For each inmate, identify (a) identifythe inmate, (b) describe any investigations, reports, surveillance footage or grievance(s) related to the altercation or attack, (c) describe the response to the altercation or attack, (d) describe any medical treatment rendered, and (b) identify and produce all Documents relating or referring to thealtercation or attack in any way.

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts.  Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad, unduly burdensome ("identify all inmates"), vague, repetitive, in violation of the privacy rights of non-parties, and irrelevant to the claims at issue.**

18.     Identify any Policies in effect during the Relevant Period, including without limitation those related to:

      a.     training of Correctional Officers to ensure health and safety of inmates atCook County Jail;

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts.  Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant.  Defendant objects to this Interrogatory as overly broad by time frame and subject matter, and ambiguous. Without waiving said objections, pursuant to Rule 33(d)(1),** *see* **Policy 310 Report Preparation Bates Labeled CCSAO Henneberg 000181-195. Investigation continues. Defendant will supplement with additional health and safety policies and trainings.**

EXHIBIT B

    b.    health and safety of inmates including inmate protection from physical assault or attack by other inmates; and

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad by time frame and subject matter, ambiguous, and repetitive. Without waiving said objections,** *see* **Answer to Interrogatory 18(a).**

    c.    use of or access to the inmate telephones.

For each such Policy, state whether the Policy is in writing, and if so, identify and produce all documents that contain, relate, or refer to the Policy. If the Policy is not in writing, then describe it in substance and detail. Identify the Person(s) responsible for promulgating and enforcing each Policy during the Relevant Period.

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad by time frame and subject matter, and ambiguous. Without waiving said objections,** *see* **Policy 1209 Inmate Telephone Access Bates Labeled CCSAO Henneberg 000181-195.**

    19.    Describe in detail any training or Communications You imparted and/or received during the Relevant Period regarding (a) the protection of inmates from violence from other inmates and (b) the response to concerns expressed by inmates concerning their level of protection, including but not limited to training regarding the Policies during the Relevant Period. Identify any Documents that relate or refer to such training and/or Communications.

17

EXHIBIT B

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as overly broad compound, including, unduly burdensome ("any training"), ambiguous ("communications"), and repetitive. Without waiving said objections,** *see* **Answer to Interrogatory 18(a).**

20. Identify each Document or exhibit that You intend to use or introduce into evidence at trial.

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory as premature on the grounds that discovery is ongoing, and investigation continues with respect to documents or exhibits to be used or introduced as evidence at trial. In addition, the identification of materials to be used in trial is subject to the Court's Pre-trial Order standing orders and is not yet required. Without waiving said objections, pursuant to Rule 33(d)(1),** *see* **Bates Labeled CCSAO Henneberg 000001-332; 001720-1761. Defendant reserves the right to amend or supplement its response. Investigation continues.**

21. Identify the name and address of each Person You expect to call as a fact witness at trial. Set forth in detail the subject matter about which You expect each such Person to testify and the substance of the facts and opinions You expect each such Person to offer.

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. Defendant objects to this Interrogatory**

EXHIBIT B

**as premature on the grounds that discovery is ongoing, and investigation continues with respect to identifying individuals expected to be called as fact witnesses at trial. In addition, the identification of witnesses to be called at trial is subject to the Court's Pre-trial Order standing orders and is not yet required. Without waiving said objections, Plaintiff, Donald Henneberg, Vandalia Correctional Center, US-51, Vandalia, IL, 62471. Defendant reserves the right to amend or supplement its response. Investigation continues.**

22.     If You are party to any agreement or arrangement whereby any governmental entity,Person(s) or private entity, or insurance company will indemnify, insure, or otherwise reimburse You for amounts paid to satisfy a judgment entered against You in a lawsuit such as this case, summarize the parties and terms of such agreement, and attach a copy of each such agreement.

**ANSWER: Pursuant to Rule 33(a), Defendant objects to this Interrogatory as compound, including multiple subparts. Including subparts, Plaintiff has at this point propounded 25 interrogatories upon Defendant. There are no responding documents to this Interrogatory request. The Sheriff's Office is the principal law enforcement agency that serves Cook County. Cook County is self-insured.**

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     */s/: Vjosana A. Mataj*
Vjosana A. Mataj
Christina Faklis Adair
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Vjosana.Mataj@cook countyil.gov
Christina.Adair@cookcountyil.gov

099

EXHIBIT B

## CERTIFICATE OF SERVICE

I, Assistant State's Attorney Vjosana Mataj, hereby certify that the above and foregoing were served upon Plaintiff via below listed Counsel on December 21, 2021, by electronic mail.


*/s/ Vjosana A. Mataj*
Vjosana A. Mataj

Philip A. Miscimarra
Tedd M. Warden
Maria E. Doukas
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
Phone: 312-324-1000
philip.miscimarra@morganlewis.com
tedd.warden@morganlewis.com
maria.doukas@morganlewis.com
*Attorneys for Plaintiff*

EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

DONALD HENNEBERG,                              )
                                               )
                          Plaintiff,           )     Case Nos. 19-cv-07380
                                               )               19-cv-07382
         v.                                    )               19-cv-07883
                                               )
TOM DART, et al.                               )
                                               )     Honorable Sara L. Ellis
                          Defendants.          )
                                               )     **JURY TRIAL DEMANDED**

## <u>VERIFICATION FOR DEFENDANT DART'S ANSWERS TO PLAINTIFF'S INTERROGATORIES</u>

I, Nicholas Scouffas, General Counsel for the Cook County Sheriff's Office, under penalties as provided by law pursuant to 28 U.S.C. § 1746, certify that the statements set forth in *Defendant Sheriff Thomas Dart's Answers to Plaintiff's Interrogatories*, are true and correct to the best of my inquiry, knowledge, and belief. The statements provided herein are not based on my personal knowledge, sole or personal recollection, or memory, but rather were gathered by reviewing the records and documents in possession of the Cook County Sheriff's Office, by consulting persons employed in the Cook County Sheriff's Office, in coordination with and upon advice of undersigned counsel of record in this litigation.

Dated: <u>December 21, 2021</u>

_____
Nicholas Scouffas
General Counsel, Cook County Sheriff's Office

EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG, | |
| Plaintiff, | Case No. 19-cv-07380 |
| | *Consolidated with:* |
| v. | 19-cv-07382 |
| | 19-cv-07883 |
| THOMAS J. DART, et al. | |
| Defendants | Honorable Jeremy C. Daniel |

## DEFENDANT SHERIFF THOMAS J. DART'S RESPONSES TO PLAINTIFF DONALD HENNEBERG'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 40-57)

NOW COMES Defendant, SHERIFF THOMAS J. DART (hereinafter "Defendant"), by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its responses to Plaintiff's Second Set of Requests for Production of Documents, states as follows:

## DOCUMENT REQUESTS

40. Plaintiff incorporates herein by reference all requests contained in Plaintiff's First Set of Requests for Production of Documents to Defendant Sheriff Thomas Dart, dated September 24, 2021 ("Plaintiff's First Production Requests"), and seeks all documents responsive to said requests to the extent all such documents to date have not already been produced.

**RESPONSE: See Defendant Sheriff Dart's Responses to Plaintiff's First Set of Requests for Production of Documents.**

41. All Documents requested to be produced, identified, or described in response to Plaintiff's Second Set of Interrogatories served on You.

EXHIBIT B

**RESPONSE:** Defendant Sheriff directs Plaintiff to Defendants responses to Plaintiff's Second Interrogatories. Any documents relied upon are referenced and identified therein. (CCSAO 0000091-000102).

42. All Documents You relied on in responding to Plaintiff's Second Set of Interrogatories served on You.

**RESPONSE: None other than those documents mentioned heretofore and hereafter. See also response to Request 41.**

43. All "incident reports" created and maintained by Cook County Jail that reflect inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates, which occurred between January 1, 2010 and December 31, 2019, and where the words "phone," "phones," "telephone" or "telephone" appear in the "Statement of Facts (Narrative)" description, or the "Administrative Assessment" description, or the "Details of Incident" description, or the "Incident Summary Narrative" description. Initially, these incident reports may be produced in an Excel spreadsheet summary (similar to the Excel spreadsheets produced by Defendants on February 2 and February 27, 2023), after which Plaintiff's counsel will identify (i) the incident reports that the Defendants request as "pdf" hard copies; and (ii) the incident reports that Defendants should use to conduct a search for all related inmate grievances and related Documents (see the next request below).

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Defendant Sheriff further objects to this request as to time period. Subject to and notwithstanding these objections,**

2

EXHIBIT B

Defendant Sheriff submits that the electronic system that maintains incident reports does not go back to 2010; it only goes back to 2015. In an effort to provide Plaintiff with as much data as possible, on February 2, 2023, Defendant Sheriff produced in Excel format a compilation of over 2030 incident reports, including full incident narratives, to counsel for Plaintiff. This list represented a collection of incident reports culled from 2015 to 2019 concerning all inmate fights over the telephones in the CCDOC.

Thereafter, on February 27, 2023, Defendant Sheriff produced voluminous information related to 2178 incident reports for the five-year time frame from January 1, 2015, through December 31, 2019.

The search parameters were as follows: all incident reports flagged as "fights" in our electronic report system, in which the words "phone" or "telephone" also appeared in the narrative or summary, where a search term hit on "phone" or "telephone" is inclusive, such as would also yield results for "phones" or "telephones," the plural. Defendants then produced the spreadsheet compilation of fights over the phones (as opposed to, for example, fights over commissary which resulted in a "phone" call to the superintendent) were presented to Plaintiff's counsel. This was the 2000-plus hit production.

To date, Plaintiff has not identified any "incident reports" from the spreadsheet produced in February 2023 related to 2015–2019-time frame related to Defendant Sheriff's production. Defendant Sheriff cannot take any further action relative to producing "incident reports" until Plaintiff identifies specific "incident reports" related to the information already provided by Defendant Sheriff. Once Plaintiff identifies incident reports for Defendant Sheriff to produce in PDF form, the IT department for Defendant Sheriff can convert the selected incident entries to PDF format. Defendant submits that

3

EXHIBIT B

**Defendant has made substantial efforts to produce incident reports of the type requested in the present document request, and awaits Plaintiff's selections from the February 2023 productions.**

44. All inmate grievances and related Documents that pertain to the "incident reports" identified by Plaintiff for Defendants to use to conduct a search for inmate grievances and related Documents (see the immediately preceding request above).

**RESPONSE: See Defendant's Response to Request for Production No. 43. Defendant Sheriff further objects to this request as overbroad, overly burdensome, and premature. As explained in detail in December, January, and February 2023, because it is not possible to conduct an electronic search the text of handwritten detainee grievances, the only way to provide response grievances concerning "fights over phones" would be to produce the grievances of all detainees identified by Plaintiff from the aforementioned spreadsheet. Because Plaintiff has yet to identify any incident reports, Defendant cannot produce any responsive detainee grievances at this time.**

45. All Documents that, between January 1, 2010 and December 31, 2019 were sent or provided to, reviewed by or received from the U.S. Department of Justice (including but not limited to any of its attorneys, staff members, agents or representatives), other public officials and/or private organizations that reflect, relate or pertain to inmate medical care or deficient vision or other optometric issues at the Cook County Jail.

**RESPONSE: The Office of the Cook County Sheriff does not provide medical care to detainees in the Cook County Department of Corrections. Medical care to detainees is provided by Cermak Health of Cook County Health and Hospitals System. Answering further, the Sheriff does not, by County Ordinance, control Cermak or its employees or the**

4

EXHIBIT B

**medical care they administer, is not provided budgetary support or resources by Cook**

**County to provide medical care to detainees, and does not have general access to or**

**maintain detainee medical records. Defendant has no access to documents that investigate**

**the medical care or related decisions of Cermak Health Services.**

46. **A**ll Documents that, between January 1, 2010 and December 31, 2019 were sent or

provided to, reviewed by or received from the U.S. Department of Justice (including but not

limited to any of its attorneys, staff members, agents or representatives), other public officials

and/or private organizations that reflect, relate or pertain to the safety and security of inmates,

the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately

responding to inmate- on-inmate altercations, fights, batteries, assaults, attacks and/or other types

of physical aggression or violence between inmates (collectively "Inmate Violence"). To the

extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving

or arising from the use or control of phones or telephones by one or more inmates, please

separately produce such Documents.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case,**

**which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone,**

**as detailed in the complaint. Plaintiff's complaint does not relate to general assaults**

**throughout the entire jail for a ten-year period from 2010-2019. Defendant Sheriff has no**

**responsive documents at this time.**

47. All Documents that, between January 1, 2010 and December 31, 2019 were sent or

provided to, reviewed by or received from the "Monitor(s)" who evaluated the Cook County

Jail's compliance or lack of compliance with commitments imposed on Cook County Jail by one

or more federal district court orders regarding the safety and security of inmates, the protection

5

EXHIBIT B

of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on- inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notably, this defendant has already produced information regarding a five-year period from 2015 – 2019, and this information should be sufficient to provide information for plaintiff's claims.**

48. All Documents that, between January 1, 2010 and December 31, 2019, were associated with or reflect, relate or pertain to lawsuits, investigations, legal claims, court orders, decrees or judgments that relate to (i) inmate medical care at Cook County Jail including but not limited to vision and/or other optometric issues, and/or (ii) the safety and security of inmates, the protection of inmates from harm inflicted by other inmates, and/or preventing or adequately responding to inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates (collectively "Inmate Violence"). To the extent that any such Documents reflect, relate or pertain to potential Inmate Violence involving or arising from the use or control of phones or telephones by one or more inmates, please separately produce such Documents.

EXHIBIT B

**RESPONSE:** Defendant Sheriff objects to this request as seeking information that is not related to the claims or defense of any party, nor proportionate to the needs of the case. Defendant Sheriff objects to this request as vague and overbroad in scope, to the extent that Plaintiff seeks information over a 10 year period, with no discernable connection to the conditions or operation of the CCDOC in June 2019, when the Plaintiff alleges that he was denied equal access to the telephones.

Finally, Defendant Sheriff further objects to this request on the basis that the information requested is publicly available and as accessible to Plaintiff as to Defendants, given that lawsuit captions are accessible and searchable by searching court docket databases in federal (PACER) or state court, and federal lawsuits may be searched based on such criteria (including by party name and subject matter) using legal services such as Lexis-Nexis ( https://www.lexisnexis.com/en-hk/products/courtlink) and Westlaw (https://legal.thomsonreuters.com/en/products/westlaw/dockets), for a service fee, by searching court documents and pleadings and using desired keywords (such as "medical care"), or by party name. The Office of the Cook County Sheriff does not subscribe to this service with Lexis-Nexis or Westlaw.

49. All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents which, between January 1, 2010 and December 31, 2019, dealt with Cook County Jail's policies or practices regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

**RESPONSE:** The Office of the Cook County Sheriff does not provide medical care to detainees in the Cook County Department of Corrections. Medical care to detainees is provided by Cermak Health of Cook County Health and Hospitals System. Answering further, the Sheriff does not, by County Ordinance, control Cermak or its employees or the

7

EXHIBIT B

medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records. Defendant has no access to documents that investigate the medical care or related decisions of Cermak Health Services.

See CCSAO 000132-000332, 000333-000370, 001721-001761, 001762-001770.

50. All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents which, between January 1, 2010 and December 31, 2019, dealt with Cook County Jail's policies or practices regarding the use or control of phones or telephones by inmates, or the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notably, this defendant has already produced information regarding a five-year period from 2015 – 2019, and this information should be sufficient to provide information for plaintiff's claims.

51. All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the Cook County Jail's policies or practices regarding inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses).

RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone,

8

EXHIBIT B

as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019.

The Office of the Cook County Sheriff does not provide medical care to detainees in the Cook County Department of Corrections.  Medical care to detainees is provided by Cermak Health of Cook County Health and Hospitals System. Answering further, the Sheriff does not, by County Ordinance, control Cermak or its employees or the medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records.  Defendant has no access to documents that investigate the medical care or related decisions of Cermak Health Services.

52. All Documents reflecting any self-assessment, self-critical analysis and/or potential changes or improvements between January 1, 2010 and December 31, 2019 in the Cook County Jail's policies or practices regarding (i) the use or control of phones or telephones by inmates, or (ii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notably, this defendant has already produced information regarding a five-year period from 2015 – 2019, and this information should be sufficient to provide information for plaintiff's claims.

EXHIBIT B

**Defendant Sheriff further objects to the extent that this request refers to facts not in evidence. This request assumes that the CCDOC has policy or reality of permitting detainee gang control of phones, such that said policy or situation subsequently requires a "self-assessment" or a "self-critical analysis." No evidence of such a policy has been supported by facts introduced in this case, and Defendant Sheriff has never enacted a policy that requires or encourages or permits detainee gang control of telephones.**

53. All Documents that describe, reflect, summarize or allude to what constituted or were considered to be "generally accepted correctional standards" – between January 1, 2010 and December 31, 2019 – regarding (i) inmate vision care and optometric issues (including but not limited to inmates who needed or requested eyeglasses), (ii) the use or control of phones or telephones by inmates, or (iii) the role played by phones or telephones in harm inflicted by other inmates, and/or inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: Defendant Sheriff directs Plaintiff to the "County Jail Standards" https://idoc.illinois.gov/aboutus/jailanddetentionstandards.html. The stated County Jail Standards are a matter of law and are as accessible to Plaintiff as they are to Defendant Sheriff.**

54. All internal or external memos, emails, letters, reports, studies, communications, literature, self-assessment, self-critical analysis and/or other Documents for the period between January 1, 2010 and December 31, 2019 that describe, reflect, summarize or allude to (i) any alleged or actual activities or efforts by gang members or groups of inmates to control or limit the use of phones or telephones by other inmates, and/or (ii) the role played by such activities or

10

EXHIBIT B

efforts in inmate-on-inmate altercations, fights, batteries, assaults, attacks and/or other types of physical aggression or violence between inmates.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019.**

**Defendant Sheriff further objects to the extent that this request refers to facts not in evidence. This request assumes that the CCDOC has policy or reality of permitting detainee gang control of phones, such that said policy or situation subsequently requires a "self-assessment" or a "self-critical analysis." No evidence of such a policy has been supported by facts introduced in this case, and Defendant Sheriff has never enacted a policy that requires or encourages or permits detainee gang control of telephones.**

55. All Documents – including but not limited to all "incident reports," related inmate Grievances and other Documents – for the period between January 1, 2010 and December 31, 2019 that contain any reference to Defendant Correctional Officer Jorge Arias or to Defendant Susan Shebel, R.N.

**RESPONSE: OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to incidents where the names of Defendant Correctional Officer Jorge Arias or to Defendant Susan Shebel, R.N. may appear.**

11

EXHIBIT B

56. All Documents – including but not limited to maps, diagrams, lists and other written descriptions – that describe, reflect, summarize or allude to (i) the number and location of phones and/or telephones available for use by inmates within Cook County Jail during the period between January 1, 2010 and December 31, 2019, (ii) the number and location of phones and/or telephones that were added or removed during said period, and (iii) the costs associated with acquiring and/or maintaining such phones and/or telephones (in the aggregate and/or on the "per telephone" basis).

**RESPONSE:** **OBJECTION. This request is disproportionate to the needs of this case, which relates to a single dispute on June 20, 2019, in Division 10 regarding the telephone, as detailed in the complaint. Plaintiff's complaint does not relate to general assaults throughout the entire jail for a ten-year period from 2010-2019. Notwithstanding these objections, Defendant does not maintain a map or diagram that details the location of every phone in every location in the Cook County Department of Corrections between 2010 and 2019.**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Sheriff Thomas J. Dart's Responses to Plaintiff's Second Set of Requests for Production** was sent via email correspondence to all below listed parties on September 16, 2023.

/s/ Zachary G. Stillman
Zachary G. Stillman
One of the Attorneys for Defendants

Philip A. Miscimarra
Maria E. Doukas
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606

EXHIBIT B

(312) 324-1000
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com

13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DONALD HENNEBERG,

        Plaintiff,

v.

THOMAS J. DART, et al.

        Defendants

Case Nos. 19-cv-07380

Honorable Jeremy C. Daniel.

**DEFENDANT SHERIFF THOMAS DART'S RESPONSES TO PLAINTIFF'S**
**THIRD SET OF REQUESTS FOR PRODUCTION**

NOW COMES Defendant, Cook County Sheriff Thomas Dart, for his Responses to Plaintiff's

Third Set of Requests to Produce, propounded upon Defendants on June 21, 2024, states as follows:

**REQUESTS FOR PRODUCTION**

58.    All documents identifying by name, position, employer business address, business email, and business phone number, all persons who, on behalf of Defendants, have, or at any point during the Relevant Period , had responsibility for (a) preparing, adopting, revising, reviewing, and maintaining Cook County Jail's policies, procedures, rules, restrictions and/or requirements governing the use of telephones by inmates, monitoring or recording of calls, and determining penalties for violations of any applicable Cook County Jail policies, including anyone responsible for ensuring compliance with policies, procedures, rules, restrictions and/or requirements; (b) supervising inmates' telephone usage, enforcing telephone usage policies (if any), and intervening in instances of physical violence or threats of violence by inmates concerning telephone usage in Cook County Jail; and (c) collecting, maintaining, addressing, and resolving inmates' grievances regarding the inmate telephone system and reports of violence or threats of violence related to inmates' telephone system usage.

**RESPONSE: (a)-(c); None other than those documents, including numerous policies, grievances, Inmate Handbook, daily rosters for Div. 10, etc., previously produced and noted in this Defendant's answers to plaintiff's third set of interrogatories. In addition, the jail's policies do not identify specific authors. All officers and jail administration are responsible for enforcing jail policies when applicable. The thousands of pages of grievances produced also identified the individuals who resolved inmate grievances.**

59.    All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which deal with Cook County Jail's policies, procedures, rules, restrictions and/or requirements during the Relevant Period for (a) regulating inmates' telephone system usage, monitoring or recording telephone calls, and the issuance of penalties for violations of the inmate telephone usage policies, procedures, rules, restrictions and/or

EXHIBIT B

requirements; (b) maintaining or reclaiming control over the inmate telephone system, enforcing policies governing the inmate telephone system usage, intervening in instances of physical violence or threats related to inmate telephone system usage, and responding to inmates' safety concerns when utilizing or attempting to utilize the inmate telephone system; and (c) obtaining, investigating, and resolving inmates' grievances regarding telephone usage, including the types of penalties provided for violations of telephone rules, policies, and procedures, and additional precautionary measures taken in reaction to each incidence.

**RESPONSE: Objection. This Request is seeking documents from Cook County/Cermak and not this defendant. Defendant Sheriff objects to these Requests as medical care for detainees is provided by Cermak Health Services, a division of the Cook County Health and Hospital system pursuant to Article V of the Cook County Code of Ordinances, entitled Cook County Health and Hospitals System. The sheriff does not control Cermak or its employees or the medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care or resources by Cook County to provide medical care to detainees and does not have general access to or maintain detainee medical records. Cermak uses and coordinates with Stroger Hospital, which receives Accreditation as a Hospital from the Joint Commission and Cook County Health. Pursuant to the agreed order in the *United States vs. Cook County*, 10C 2946, where the United States federal court and the Department of Justice monitored the conditions in systems within Cook County jail for over eight years, Cermak and the Sheriff's office entered into an interagency agreement in December 2010 to identify that Cermak is the sole entity that administers healthcare services to the inmates at CCDOC. Defendant is aware that Cermak was dismissed from that consent decree after sustained compliance with the court's mandates establishing constitutional minimum standards for medical and mental health care of detained persons pursuant to the authority bestowed the Department of Justice and the Civil Rights of Incarcerated Persons Act. This request is better directed to Cook County. Subject to and without waiving said objection, none.**

60.     All internal or external memos, emails, letters, reports, studies, communications, literature and other Documents in the possession of Cook County and/or Cermak Health Services which deal with inmates' use or control of telephones and/or inmate-on-inmate altercations over the use of telephones during the Relevant Period including, but not limited to, fights, batteries, assaults, attacks and/or other types of physical aggression or threats of violence between inmates.

**RESPONSE: See Answer #59.**

61.     All Documents including, but not limited to, maps, diagrams, lists and other written descriptions that describe, reflect, summarize or allude to (a) the number and location of telephones available for use by inmates within Cook County Jail during the Relevant Period; (b) the number and location of telephones that were added or removed during said period and dates upon which the telephones were added or removed; (c) the layout and/or internal configuration of Cook County Jail during the Relevant Period; or (d) the locations of all offices and other fixed locations in which Correctional Officers and/or other Cook County Jail staff were stationed who had responsibility for maintaining order and/or intervening in situations involving inmate-on-inmate assaults or violence (including assaults or violence that resulted from or were associated with telephone use).

**RESPONSE: Objection. Relevance, duplicative and disproportionate to the needs of the case. The allegations in Plaintiff's complaint have nothing to do with (a)-(d). With respect to the phones in Division 10 at or near the time of the accident, there has been ample testimony from multiple witnesses including Officer Arias, the Plaintiff and Robert Barker about these issues too. Please see their depositions. Also, video produced shows the locations of phones in Div 10. In addition, Div 10 maps were produced at CCSAO Bates 000147 - 000154**

2

EXHIBIT B

62.     All Inspection Reports regarding rules related to the use of telephones from the Cook County Jail Annual Inspection Reports by the Illinois Department of Corrections for the Relevant Period.

**RESPONSE: Objection. Form.**

63.     All Documents reflecting any discipline imposed on Sheriff Thomas Dart and/or every other correctional officer or other person employed at Cook County Jail based in whole or in part on their conduct, actions or inaction relating to assaults, altercations or violence involving telephone use by inmates during the Relevant Period and/or problems relating to telephone-related policies, procedures, rules, restrictions and/or requirements during the Relevant Period. For purposes of this Request, the term "discipline" means any and all types of counseling; criticism; warnings; reprimands; coaching; suspensions, employment terminations, and other types of formal or informal discipline; and adverse feedback. For the sake of clarity, this Request should also be read to include all Documents indicating the type of discipline imposed, what the disciplined person did wrong, what penalty was imposed, the date of the incident giving rise to the discipline, and the date that the discipline was imposed.

**RESPONSE:  Objection. Overly broad, burdensome and disproportionate to the needs of the case as it would require a review of the disciplinary history of every officer employed by the sheriff in the last 10 years. Also, objection as not reasonable related to the claims or defenses of any party nor proportionate to the needs of the case, as Plaintiff seeks disciplinary documents for thousands Sheriff's employees unrelated to this litigation matter or dispute. Subject to and without waiving said objection, none known, and a copy of Defendant Arias' disciplinary file was already produced. Defendant further objects as Sheriff Dart is not an employee, but an elected official.**

                    Respectfully submitted,


                    _/s/ Troy S. Radunsky_____    _____
                    Troy S. Radunsky
                    One of the Attorneys for Defendants




Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
*Counsel for Defendants*

3

EXHIBIT B

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2024, **Defendant Sheriff Thomas Dart's Response to Plaintiff's Third Set of Requests for Production to Sheriff Thomas Dart,** was served via email to the below counsel of record.

/s/ Zachary G. Stillman  
Zachary G. Stillman  
One of the Attorneys for Defendants

Philip A. Miscimarra  
Maria E. Doukas  
Morgan, Lewis & Bockius LLP  
110 N. Wacker Drive, Suite 2800  
Chicago, IL 60606  
(312) 324-1000  
philip.miscimarra@morganlewis.com