# Morgan Lewis

**Philip A. Miscimarra**
Partner
+1.202.739.5565 (Washington DC)
+1.312.324.1165 (Chicago)
philip.miscimarra@morganlewis.com

April 17, 2025

**Filed and Served on Opposing Counsel via ECF System**

The Honorable Jeremy C. Daniel
District Judge
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

RE:  Plaintiff's Report on the Parties' Dispute Over Certain 30(b)(6) Topics –
Henneberg v. Dart et al., Case No. 1: 19-cv-07380

Dear Judge Daniel:

Plaintiff Donald Henneberg files this letter pursuant to the Court's April 9, 2025 Order (Dkt. 219), which broadly outlines the Court's findings regarding the various discovery disputes discussed at the April 9, 2025 Hearing, directing Plaintiff, with "respect to the parties' 30(b)(6) dispute," to file a letter outlining his position regarding the dispute by April 17, 2025.  The Parties' 30(b)(6) dispute pertains to disagreements regarding the sufficiency of Defendants Sheriff Dart and Cook County's designated witnesses as to two of Plaintiff's 30(b)(6) deposition topics ("Topics"): Topics 10 and 11.  Accordingly, this letter is divided into three sections:  Part A regarding background for the 30(b)(6) Topics, Part B regarding the dispute over Topic 10, and Part C regarding the dispute over Topic 11.

## A.  30(b)(6) Background

On August 15, 2024, the Parties held a hearing before the Court regarding Defendant Sheriff Dart's and Defendant Cook County's extensive objections and inadequate responses to Plaintiff's Third Set of Interrogatories, which sought information about, and the identities of individuals familiar with, relevant policies, procedures, and measures at Cook County Jail (Plaintiff's Letter to the Court, Dkt. 193; Sheriff Dart's ROG responses and objections, Dkt. 193-1; Defendant Cook County's ROG responses and objections, Dkt. 193-2).  The Court preserved Plaintiff's objections regarding these Defendants' responses to its Third Set of Interrogatories (August 15, 2024 Order, Dkt. 194), but as a compromise to streamline discovery demands for Defendants, suggested that the Parties hold 30(b)(6) depositions regarding the information sought by Plaintiff.

In light of the Court's guidance, on September 6, 2024, Plaintiff served Defendant Sheriff Dart and Defendant Cook County with a 30(b)(6) deposition notice outlining 11 Topics based on Plaintiff's Third Set of Interrogatories.  Exh. 1.  (In this letter, "Defendants" means Defendants Sheriff Dart and Cook County, both of which were served with the 30(b)(6) deposition notice.)  Topics 10 and 11 are copied below:

April 17, 2025
Page 2

    10.  Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates and the use of the Inmate telephone system by Inmates during the Relevant Period.

    11.  Disciplinary Action involving Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties tasked with enforcing Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system during the Relevant Period.

<u>Exh. 1</u>, at 5.  The Court has ruled that the "Relevant Period" regarding telephone-related issues is 2010-2019; and the "Relevant Period" regarding medical services (specifically, optometry and eyeglasses requests) is 2015-2019.

After some back and forth, Plaintiff agreed to shorten and combine certain of the Topics.  On January 27, 2025, Plaintiff served Defendants with an updated 30(b)(6) deposition notice to memorialize these few and explicit changes.  <u>Exh. 2</u>.  These few changes were further memorialized by the Parties when they were submitted as part of their January 31, 2025 Joint Status Report (Dkt. <u>202</u>, at 2-5) and February 28, 2025 Joint Status Report (Dkt. <u>206</u>, at 6-7).  As expressly noted in the updated 30(b)(6) deposition notice (<u>Exh. 2</u>, at 5) and the two subsequent Joint Status Reports (Dkt. <u>202</u>, at 4-5; Dkt. <u>206</u>, at 7), the language of Topics 10 and 11 has <u>not changed</u> from the language found in Plaintiff's original 30(b)(6) deposition notice.  <u>Exh. 1</u>, at 5.

Notwithstanding the unambiguous language in Topics 10 and 11, which were quoted without change in two Joint Status Reports approved by both sides, Defendants have acted to unilaterally narrow these Topics, and now seek the Court's retroactive approval.  In doing so, Defendants are failing to produce witnesses with sufficient knowledge to address these Topics.

**B. <u>Dispute Regarding Topic 10</u>**

Defendants' first attempt to narrow the scope of Topic 10 came after a deposition for which they had produced a witness, Ms. Natasha Jones, who had been designated to address Topics 7-9, and who was not prepared to testify on the entirety of those Topics.  On February 5, 2025, after Ms. Jones's deposition, Plaintiff's counsel, Defendants' counsel, and Defendants' client, the Deputy General Counsel for the Cook County Sheriff's Department, Khara Coleman, met and conferred regarding the remaining 30(b)(6) Topics, including Topic 10.

Plaintiff's counsel agreed to this meeting so the discovery process would not be hindered by any additional unilateral efforts by Defendants – during or immediately before the remaining 30(b)(6) depositions commenced –  to narrow the scope of the 30(b)(6) Topics being addressed.  Ms. Coleman stated that Defendants would produce a subject matter expert to discuss the portion of Topic 10 related to the telephone system.  She further stated that, because of HIPPA (the Health Insurance Portability and Accountability Act), the Sheriff's Department did not employ the people with knowledge about "medical" decisions, and she asserted that Sheriff's Department employees could not testify regarding details about "medical" evaluations and decisions.  For example, if there was a transport order to transport an inmate to Cermak facilities for medical procedures, Ms. Coleman stated that Sheriff's Department employees could address policies related to how to execute a transport order, and they could not address "medical" issues relating to the underlying "medical" treatment.  The Parties agreed that Defendants would produce a witness who could testify regarding their involvement regarding the telephone system

and medical services to inmates, and Plaintiff could subsequently seek additional testimony regarding "medical" issues relating Cermak's policies governing "medical" services and the "medical" treatment of inmates.

On February 24, 2025, Defendants produced Kim Hofsteadter to testify as a witness for the Sheriff's Department on Topic 10, but Ms. Hofsteadter's testimony was limited to policies related to the telephone system. Exh. 3, at 20:19-21:5. She did not discuss Defendants' medical service policies for inmates. And regarding inmate telephone policies, Ms. Hofsteadter's testimony did not encompass all of Topic 10. Specifically, she did not provide testimony regarding "preparing, adopting, revising, reviewing, or maintaining Cook County Jail's policies" regarding inmates' use of the telephone system. When asked about possible changes in the Telephone Access for Individuals Detained in the Department policy, Ms. Jones stated she could not answer "because [she] didn't write the policy." *Id.*, at 120:22-121:6. When asked, "Do you know who did write [that] policy," she testified, "No." *Id.*, at 121:7-9. She also could not state how the policies were drafted nor identify someone else in Cook County Jail who prepared, adopted, revised, reviewed, or maintained the telephone system policies. *Id.*, at 120:3-123:16. Thus, Defendants have not yet produced any witnesses with knowledge required for Topic 10 related to the preparation, adoption, revising, reviewing, and maintaining of Defendants' policies related to inmate telephone usage.

Further, Defendants have not produced a witness for the second half of Topic 10 relating to "[p]reparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies" addressing "the provision of medical services to Inmates." The Parties' counsel have had successive email exchanges regarding this issue, which remains unresolved. *See* Exhs. 4-9. As indicated in Exh. 6, Plaintiff seeks testimony from *both* Defendants Sheriff Dart *and* Cook County regarding policies regarding vision care, eyeglasses requests, and optometrist appointments (with Sheriff Dart being responsible for policies regarding coordination, logistics and how eyeglasses requests are handled by Cook County Jail, and with Cook County/Cermak being responsible for the "medical" aspects of optometrist appointments and the ordering/preparation of eyeglasses). As indicated in Exh. 4, Defendants maintain that, as to "Cook County Jail's Policies" regarding inmate "medical services," Topic 10 relates only to Cermak/Cook County. However, no witness from either Defendant has testified regarding the "medical services" aspect of Topic 10.

**C. Dispute Regarding Topic 11**

Starting in February of this year, Defendants' counsel began unilaterally proposing to narrow the scope of Topic 11. During the discussion between Plaintiff's counsel, Defendants' counsel, and Ms. Khara Coleman, Deputy General Counsel for the Cook County Sheriff's Department, on February 5, 2025, which as noted in Part B followed the deposition of Ms. Jones, the Parties discussed the outstanding Topics, including Topic 11. Later, on February 28, 2025, Defendants' counsel emailed Plaintiff's counsel that "[d]uring the meeting with Khara she indicated that *she had interpreted* [Topic 11] as simply asking about the employee disciplinary process, and in particular whether we would discipline someone for failing to enforce telephone usage rules. *Based on that understanding*, we intend to produce Peter Kramer." Exh. 4 (emphasis added). Plaintiff's counsel never consented to such an interpretation of Topic 11, nor to the notion that Defendants' counsel could rewrite Topic 11—including deleting its requirement that the designated witness testify as to any *actual disciplinary action*, if any, taken against Cook County

April 17, 2025
Page 4

Jail staff during the Relevant Period for failure to prevent inmate violence over use of the inmate phone system—based *solely* on Ms. Coleman's "understanding" of the Topic.

In the "Defendants Position" portion of the February 28, 2025 Joint Status Report, Defendants stated – in relation to Topic 11 – that "The defendants can produce Peter Kramer to testify about Topic 11 and specifically the employee disciplinary process generally and whether CCSO would discipline an employee for failing to enforce telephone usage rules." (Dkt. 206, at 8). Again, Plaintiff's counsel did not consent to any narrowing of Topic 11, as evidenced by the fact the description of Topics 10 and 11 in the Joint Status Report reflected no change in their scope. *Id*.

After some back and forth to set a date to hold the Topic 11 deposition, the Parties tentatively agreed to April 8, 2025. Defendants' counsel sent an email on April 1, 2025 (Exh. 5) characterizing the forthcoming testimony by Mr. Kramer in a manner that was substantially more narrow than the scope of Topic 11. Defendants' email stated that Mr. Kramer "will testify . . . [about] the OPR [Office of Professional Review] process – giving an *outline to the existence of the employee disciplinary process*, and *making it clear that we would both investigate and address complaints about office[r] misconduct*, including refusing to enforce tier rules." Exh. 5 (emphasis added). On April 1, 2025, Plaintiff's counsel sent an email (Exh. 6) indicating that Plaintiff did not agree to narrow the scope of Topic 11, explaining (among other things) that "Topic 11 directs Defendants to produce one or more knowledgeable witnesses who will be able to address what *specific* 'Disciplinary Action' *has* – and *has not* – *actually been imposed* between January 1, 2010 through December 31, 2019 in relation to 'enforcing' (or failing to enforce) 'Inmate telephone Rules' and/or 'ensuring' (or failing to ensure) 'the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system.'" *Id*.

As indicated previously, the Parties' counsel have had successive additional email exchanges regarding the scope of Topics 10 and 11, and the dispute regarding Topic 11 remains unresolved. *See* Exhs. 7-9. Again, the language of Topic 11 has *never* changed from when it was originally served on Defendants back in September 2024, and the parties have filed two Joint Status Reports, in which changes to *other* Rule 30(b)(6) requests were described, and both Joint Status Reports indicated that the Parties had *not* changed Topics 10 and 11 (Dkt. 202, at 4-5; Dkt. 206, at 7).

The Parties proceeded with the Topic 11 deposition by Mr. Kramer on April 8, 2025. The deposition transcript (Exh. 10) reveals that Mr. Kramer, Special Counsel of Labor Affairs at the Cook County Sheriff's Office, was not an adequate witness with personal knowledge sufficient to address the scope of Topic 11. Although Mr. Kramer provided general information regarding how the Office of Professional Review ("OPR") conducts investigations into allegations of staff misconduct at Cook County Jail, Topic 11 seeks testimony regarding actual "*Disciplinary Action* involving Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties *tasked with enforcing Inmate telephone usage Rules*, or *otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system* during the Relevant Period" (i.e., from January 1, 2010 to December 31, 2019) Exh. 2, at 5 (emphasis added). When asked point-blank if he was prepared to testify as to any *actual* "Disciplinary Action" that has been imposed by or against Sheriff Dart and/or other responsible personnel, in connection with the failure to protect inmates from assaults or other violence in connection with the use of the inmate phone system, Mr. Kramer testified he was not. Exh. 10, at 68:14-68:25.

April 17, 2025
Page 5

The transcript from Mr. Kramer's deposition also reveals that Mr. Kramer had *insufficient knowledge* – and, in preparation for his deposition, *had not reviewed any documents* – regarding actual "Disciplinary Action" that was (or was not) imposed in relation to the Cook County Jail policies regarding inmate safety and the use of telephones by inmates.  In this regard, Mr. Kramer testified that the *only* materials he reviewed in preparation for the deposition were the complaint and the 30(b)(6) deposition notice.  Exh. 10, at 14:8-11.  Mr. Kramer did not review any data from the OPR process related to inmate phone violence (*Id.*, at 12:21-13:13), and he was unable to testify regarding what this type of data might reveal in relation to Plaintiff's claims.  *Id.*, at 62:24-63:21, 65:12-20, 67:5-14, & 67:16-22.

As discussed in Part A, Plaintiff agreed to take these Rule 30(b)(6) depositions – consistent with the Court's suggestion – as a way to accommodate Defendants' objections to more formal discovery (specifically, Defendants' objections to Plaintiff's Third Set of Interrogatories, which sought information about, and the identities of individuals familiar with, relevant policies, procedures, and measures at Cook County Jail).  In most cases, this is a straightforward process.  However, in the instant case, since September 6, 2024 – when Plaintiff's Rule 30(b)(6) Notice was served – the Topics described in the Notice have produced additional disputes, and Defendants argue that their practice of sending self-serving emails – stating that a particular deponent will address a small subset of issues encompassed by a 30(b)(6) Topic – releases the Defendants from any obligation to produce additional witnesses having sufficient knowledge to cover the entire Topic.

With respect to Topics 10 and 11, each consisting of a one-sentence request, and quoted on page 2 above, Plaintiff seeks to depose additional witnesses who, consistent with Rule 30(b)(6), have sufficient knowledge to address the Topics as worded in the Rule 30(b)(6) notice.  We appreciate the Court's consideration and assistance.

Very truly yours,

Philip A. Miscimarra

Accompanying Exhibits:
(1) Plaintiff's Rule 30(b)(6) Notice of Deposition to Defendants Sheriff Dart and Cook County (Sept. 6, 2024)
(2) Plaintiff's Updated Rule 30(b)(6) Notice of Deposition to Defendants Sheriff Dart and Cook County (Jan. 27, 2025)
(3) 30(b)(6) Deposition Transcript of Kimberly Hosteadter (Feb. 24, 2025)
(4) Defendants' Counsel's Email Regarding Topics 10 & 11 (Feb. 28, 2025)
(5) Defendants' Counsel's Email Regarding Topic 11 (April 1, 2025)
(6) Plaintiff's Counsel's Email Regarding Topics 10 & 11 (April 1, 2025)
(7) Defendants' Counsel's Email Regarding Topics 10 & 11 (April 2, 2025)
(8) Defendants' Counsel's Additional Email Regarding Topics 10 & 11 (April 2, 2025)
(9) Plaintiff's Counsel's Email Regarding Topics 10 & 11 (April 2, 2025)
(10) 30(b)(6) Deposition Transcript of Peter Kramer (April 8, 2025)