# Exhibit 1

Plaintiff's Rule 30(b)(6) Notice of Deposition to Defendants Sheriff Dart and Cook County (Sept. 6, 2024)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG,<br><br>        Plaintiff,<br><br>v.<br><br>TOM DART, et al.<br><br>        Defendants. | Case No. 19-cv-07380<br><br>Honorable Jeremy C. Daniel |

**PLAINTIFF'S RULE 30(b)(6) NOTICE OF DEPOSITION TO DEFENDANTS SHERIFF DART AND COOK COUNTY**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Donald Henneberg ("Henneberg"), by and through his attorneys, Morgan, Lewis & Bockius LLP, will take the deposition by oral examination of Defendants Sheriff Tom Dart ("Sheriff Dart"), in his official capacity as Sheriff of Cook County, and Cook County, through their designated agent or agents beginning at **9:30 a.m. (CDT) on October 31, 2024**, before a notary public who is not an attorney, or other person authorized to administer oaths. The deposition will be conducted in person at the Chicago Office of Morgan, Lewis & Bockius LLP, 110 North Wacker Drive, Chicago, IL 60606, and may be videotaped in addition to being recorded stenographically.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Sheriff Dart and Cook County must designate to testify on their behalf, one or more persons—be they officers, directors, managing agents, employees, or other persons—most knowledgeable of the matters ("Topics") listed in Exhibit A, attached hereto. Defendants Sheriff Dart and Cook County must identify all such designated persons at least 14 days before the deposition.

DB1/ 150345939.3

2

| | |
|---|---|
| Dated: September 6, 2024<br>Chicago, Illinois | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: */s/ Philip A. Miscimarra*<br>　　　Philip A. Miscimarra<br>　　　Maria E. Doukas<br>　　　John P. Guyette<br>　　　101 North Wacker Drive<br>　　　Chicago, IL 60606<br>　　　Telephone: 312.324.1000<br>　　　philip.miscimarra@morganlewis.com<br>　　　maria.doukas@morganlewis.com<br>　　　john.guyette@morganlewis.com<br><br>　　　*Attorneys for Plaintiff Donald Henneberg* |

**EXHIBIT A**

**DEFINITIONS**

1. "Cook County Jail" includes, but is not necessarily limited to, Cook County Department of Corrections located at 2700 S. California Ave., Chicago, IL 60808.

2. "Disciplinary Action" means any counseling, criticism, warnings, reprimands, coaching, suspensions, employment terminations, other types of formal or informal discipline, or adverse feedback.

3. "Inmates" means both post-conviction inmates and pre-trial detainees in custody at Cook County Jail.

4. The phrase "Inmate telephone system" means the internal landline telephone system available to Inmates at Cook County Jail.

5. "Policies" means any policies, procedures, directives, or regulations governing how the processes of Cook County Jail are to be conducted.

6. "Relevant Period" refers to the time period from January 1, 2010 to December 31, 2019, unless otherwise stated.

7. The term "process" means the series of conduct, operations, or actions taken by the staff, employees, officials, managers, agents, contractors, or related parties of the Cook County Sheriff's Office to achieve a specific result.

8. "Rules" means any rules, regulations, restrictions, or limitations that govern Inmate conduct within a particular activity at Cook County Jail.

9. The singular form of a term includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense includes the present tense and vice versa.

**DEPOSITION TOPICS**

1. The intake and mental health screening processes at the time of initial booking and any Policies pertaining to these processes at Cook County Jail during the Relevant Period.

2. Collecting, managing, storing, updating, processing, and review of Inmates' medical records obtained at the time of booking during the Relevant Period.

3. The administration of medical care to Inmates, including providing notice to Inmates on how to request medical care, receiving medical requests from Inmates, and processing Inmates' medical requests during the Relevant Period.

4. The provision of medical or vision care to Inmates, including contacting medical or vision care providers, and scheduling medical or vision care appointments with providers within or outside of Cook County Jail during the Relevant Period.

5. The facilitation or procurement of medical or vision care services for Inmates from sources external to Cook County Jail (i.e., not from within Cook County Jail) during the Relevant Period.

6. Collecting, addressing, resolving, denying, or approving of Inmates' medical grievances during the Relevant Period.

7. Inmates' telephone system usage, including the monitoring or recording of telephone calls, and the issuance of penalties for violations of Inmate telephone usage Rules during the Relevant Period.

8. The regulation of the Inmate telephone system, including Cook County Jail's efforts to maintain or reclaim control over the Inmate telephone system, the enforcement of Rules governing Inmate telephone system usage, intervention in instances of physical violence or threats

related to Inmate telephone system usage, and response to Inmates' safety concerns regarding the Inmate telephone system during the Relevant Period.

9. Collecting, maintaining, investigating addressing, and resolving Inmates' grievances regarding the Inmate telephone system and reports of violence or threats of violence related to Inmates' telephone system usage during the Relevant Period.

10. Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates and the use of the Inmate telephone system by Inmates during the Relevant Period.

11. Disciplinary Action involving Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties tasked with enforcing Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system during the Relevant Period.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2024, a true and correct copy of Plaintiff's Rule 30(b)(6) Notice of Deposition to Defendants Sheriff Dart and Cook County was delivered via email to the following:

Troy S. Radunsky
Jason E. DeVore
Zachary G. Stillman
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
zstillman@devoreradunsky.com

*Attorneys for Defendants*

                                                       */s/ John P. Guyette*
                                                       John P. Guyette