**Exhibit 6**

Plaintiff's Counsel's Email Regarding Topics 10 & 11 (April 1, 2025)

**From:** Miscimarra, Philip A.
**Sent:** Tuesday, April 1, 2025 2:46 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Cc:** Jason DeVore <jdevore@devoreradunsky.com>; Hill, Melissa D. <melissa.hill@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>; Hawkins, Brent A. <brent.hawkins@morganlewis.com>; Russell, Matthew A. <matthew.russell@morganlewis.com>; Guyette, John <john.guyette@morganlewis.com>; Delaney, Aidan M. <aidan.delaney@morganlewis.com>; Kaufman, M. Greta <greta.kaufman@morganlewis.com>; Fay, Peter M. <peter.fay@morganlewis.com>; Gordon, Tim <timothy.gordon@morganlewis.com>
**Subject:** Follow Up re Scope of Plaintiff's Rule 30(b)(6) Topics 10 and 11 - Henneberg v. Dart, et al 19-cv-07380

Dear Troy:

I am sending this email to make that Defendants recognize the scope of Plaintiff's Rule 30(b)(6) requests relating to Topics 10 and 11. This seems to be referenced in your email sent earlier today (copied below), your email dated February 28, 2025 (copied below earlier in the email chain), and possibly others.

Topics 10 and 11 are governed by the words stated in Plaintiff's Rule 30(b)(6) notice. In this regard, you will recall that, as indicated in the most recent Joint Status Report that both sides filed with the Court (Dkt. 206 at 7-8), Plaintiff agreed to combine and shorten certain requests contained in the Rule 30(b)(6) notice – specifically, Topics 4, 5, 7, 8 and 9. In the same Joint Status Report, we indicated there was no change in Topics 10 and 11 (*id*.).

Plaintiff's original Rule 30(b)(6) notice stated Topics 10 and 11 as follows:

> "10. Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates and the use of the Inmate telephone system by Inmates during the Relevant Period."

> "11. Disciplinary Action involving Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties tasked with enforcing Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system during the Relevant Period."

Finally, regarding the questions raised in your earlier emails, we have two responses.

- First, to repeat, Topics 10 and 11 have not changed. We respectfully direct Defendants to produce all witnesses needed to provide testimony, based on personal knowledge, sufficient to cover the full scope of Topics 10 and 11, as set forth in the Rule 30(b)(6) notice quoted above.

- Second, in view of point no. 1, here are our additional responses to the matters raised in your February 28, 2025 email regarding Topics 10 and 11. The passage below quotes your February 28, 2025 email, followed by our responses in blue font:

    > **Your February 28, 2025 email**: Topic No. 10: For the sake of clarity with respect to Topic 10, Kim Hoffsteadter testified about "the use of the Inmate telephone system by Inmates during

the Relevant Period." So we think that issue has been resolved. Do you agree? The other half of Topic 10 is "Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates" ? When you spoke to Khara it seemed like everyone agreed this was a Cermak/Cook County issue, right? We want to clarify that you are asking us to produce someone who drafted and has knowledge of certain Cermak policies about how inmates receive medical care generally? If you have specific polices already that you intend to reference, let me know and we can try to identify someone from Cook Co to testify about them? If not, we just want to ensure we are on the same page so we can produce the proper rep. **Plaintiff's response**: it is not correct that Topic 10 has been addressed by Kim Hoffsteadter's testimony regarding "the use of the inmate telephone system by Inmates during the Relevant Period." Topic 10 directs Defendants Dart and Cook County to produce (a) one or more witnesses who have personal knowledge regarding "*[p]reparing*, *adopting*, *revising*, *reviewing*, or *maintaining* *Cook County Jail's Policies*" pertaining to "the use of the Inmate *telephone system* by Inmates" during the period 2010-2019; and (b) one or more witnesses who have personal knowledge regarding "*[p]reparing*, *adopting*, *revising*, *reviewing*, or *maintaining* *Cook County Jail's Policies*" pertaining to "the provision of *medical services* to Inmates" during at least the period 2015-2019. Kim Hoffsteadter's testimony did not address in a meaningful manner the "*[p]reparing*, *adopting*, *revising*, *reviewing*, or *maintaining*" throughout 2010-2019 "*Cook County Jail's Policies*" regarding the inmate telephone use. Defendants are directed to produce one or more witnesses who will address Topic 10 in its entirety. Also, it is not correct that – in relation to "*[p]reparing*, *adopting*, *revising*, *reviewing*, or *maintaining* *Cook County Jail's Policies*" pertaining to "the provision of *medical services* to Inmates" – this is exclusively a "Cermak/Cook County" issue. A significant issue regarding Mr. Henneberg and other inmates involves the handling, processing, coordination and follow-up – or lack thereof – *by Cook County Jail* (which means personnel under the direction and supervision of Defendant Dart) regarding "medical services" (specifically, vision care, eyeglasses and optometrist appointments), *in addition to* the handling, processing, coordination and follow-up – or lack thereof – by Cermak and/or Cook County. Therefore, Topic 10 relates to Defendants Dart *and* Cook County (Cermak), and *both* Defendants – Sheriff Dart and Cook County (Cermak) – are directed to provide testimony regarding these issues from both sides.

**Your February 28, 2025 email**: Topic No. 11. The topic is "Disciplinary Action involving Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties tasked with enforcing Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system during the Relevant Period. During the meeting with Khara she indicated that she had interpreted this as simply asking about the employee disciplinary process, and in particular whether we would discipline someone for failing to enforce telephone usage rules." Based on that understanding, we intend to produce Peter Kramer. He can testify about the OPR process – giving an outline to the existence of the employee disciplinary process, and making it clear that we would both investigate and address complaints about office misconduct, including refusing to enforce tier rules. **Plaintiff's response**: the limited testimony encompassed by your description does not cover the full scope of what Topic 11 addresses. Your description suggests that Topic 11 is "simply asking about the employee disciplinary process, and in particular whether we would discipline someone for failing to enforce telephone usage rules." Topic 11 directs Defendants to produce one or more knowledgeable witnesses who will be able to address what *specific* "Disciplinary Action" *has* – and *has* *not* – *actually* *been*

*imposed* between January 1, 2010 through December 31, 2019 in relation to "enforcing" (or failing to enforce) "Inmate telephone Rules" and/or "ensuring" (or failing to ensure) "the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system."  And, specifically, Topic 11 requires knowledgeable testimony regard *all relevant discipline* (again, related to enforcing – or failure to enforce – "Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system") "*involving* Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties."  For purposes of Topic 11, discipline "involving" one or more of the foregoing people includes all instances where any listed individual was the *recipient* of discipline, and all instances where any listed individual was involved in discipline *imposed on someone else*.  Therefore, the witness produced by Defendants must have knowledge about (a) *all instances of Disciplinary Action* taken – or not taken – for the period *January 1, 2010 through December 31, 2019*, regarding "Inmate telephone usage Rules, or otherwise ensuring the fair, uninhibited, and safe usage by all Inmates of the Inmate telephone system," in which (b) "Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties" were the potential *recipient(s)* of Disciplinary Action, and/or in which (c) "Sheriff Dart or any other employees, staff, officials, managers, agents, contractors, or related parties" had involvement in Disciplinary Action taken *against others*.

Of course, we are cooperating with the scheduling of relevant depositions, and we look forward to having all of the necessary depositions take place before the close of discovery.

All the best,

Phil

**Philip A. Miscimarra**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Mobile: +1.773.255.7112 | Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com

110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com

philip.miscimarra@morganlewis.com | www.morganlewis.com



[***Email Chain Omitted***]