

April 24, 2025

Judge Jeremy Daniel
Dirksen Federal Building, Rm 1419/1478

    RE:    *Henneberg v. Dart et al, 19 c 7380*
            *Letter re: Rule 30(b)6 dispute*

Dear Judge Daniel,

Defendants send this letter in response to plaintiff's April 17, 2025, letter, in accordance with this Court's April 9, 2025 order. (Dkt # 219). Plaintiff's April 17 letter relates to Topics 10 and 11 of Plaintiff's Rule 30(b)(6) notice as discussed herein. The author of Plaintiff's April 1 and 17 letters was not involved in the February 5 meeting among counsel related to Rule 30(b)(6) witness topics.

Following a meet and confer and written communications with plaintiff's counsel in accordance with Rule 30 (b)(6) Cook County Sheriff's Office identified and produced witnesses to testify regarding Topics 10 and 11. Despite plaintiff's argument to the contrary, Defendants did not unilaterally modify Plaintiff's Rule 30(b)(6) notice. Instead, Defendants communicated in multiple meetings and numerous correspondence over a several month period. Importantly, Defendants included Deputy General Counsel Khara Coleman in a meeting that immediately followed the Rule 30(b)(6) deposition of Supervisor Natasha Jones to afford Plaintiff's counsel an opportunity to help CCSO identify an appropriate witness, based upon gaining a better understanding of how the Cook County Sheriff's Office operates. It appeared that the meeting was productive and helped identify the CCSO Special Counsel for Labor Affairs to testify regarding the employee discipline process. Now Plaintiff has suggested otherwise.

Defendants have produced six Rule 30(b)(6) witnesses since January 2025. These witnesses include: Dr. DeFuniak (Divisional Chair Correctional Medicine – Cook County), Kim Kim Hofsteadter (CCSO Investigator), Natasha Jones (IIC Supervisor), Peter Kramer (CCSO Special Counsel for Labor Affairs), David Hugar (CCSO Disciplinary Hearing Manager) and Don Beachem (CCSO Dir. Of Community Support Services).

Defendants have continually met and conferred with Plaintiff's counsel to address issues with the topics proposed in Plaintiff's Rule 30(b)(6). The parties' meetings were coupled with numerous email correspondence detailing potential resolutions. Details regarding Rule 30(b)(6) issues are articulated in Joint Status Reports filed on January 31, 2025 and February 28, 2025.

On February 4 and February 7, 2025, Defendants' counsel sent emails memorializing details regarding two Rule 30(b)(6) witnesses testifying regarding Topic 10. The emails discussed the anticipated testimony of CCSO IIC Supervisor Natasha Jones and CCSO Investigator Kim Kim Hofsteadter. (*See Group Ex. A February 4 and February 7, 2025 emails*)

**Topic 10**

Topic 10 was defined by Plaintiff as "Preparing, adopting, revising, reviewing, or maintaining Cook County Jail's Policies pertaining to the provision of medical services to Inmates and the use of the Inmate telephone system by Inmates during the Relevant Period."

On February 7, 2025, three weeks before Ms. Hofsteadter's February 24 deposition Defendants' counsel emailed Plaintiff's counsel to further clarify the scope of Ms. Hofsteadter's testimony, which mostly related to revised topics 7-9. Defendants advised that Ms. Hofsteadter would testify regarding (a) the general regulation of the inmate telephone system and (b) any monitoring or recording of inmate telephone calls by defendants for the purpose of discovering improper telephone usage. During the February 24 deposition Kim Hofsteadter testified regarding (a) the general regulation of the inmate telephone system and (b) any monitoring or recording of inmate telephone calls, along with a granular description of how the telephone system works and how detainees access the system.

Now, Plaintiffs contend that Ms. Hofsteadter should have provided more details regarding drafting telephone policies. Yet, Ms. Hofsteadter testified that telephone "policies are drafted by the policy unit and the policy unit changes according to the needs of the facility." (*See Plaintiff Ex. 3, p.121*). It should be noted that Plaintiff's claims do not relate to drafting telephone policies. His claims relate to a fight between Plaintiff and another detainee and his allegation that gangs control the phones. Plaintiff has not articulated any rational basis for the need for testimony from someone who drafted policies related to phone use. Notably, there is no written policy regarding lining up to use the telephones or asking inmates to act like responsible adults.

Defendants have produced two witnesses related to the other portion of Topic 10 "provision of medical services". The issue was discussed by Defendants in the February 28 Joint Status Report. The plaintiff was silent regarding any remaining issue with Topic 10 until April 1, 2025 (*See Pl Ex. 6*). CCSO has repeatedly stated that CCSO does not provide medical care to inmates. Thus, to the extent that Topic 10 relates to "medical services" the appropriate Rule 30(b)(6) witness is from Cermak, not CCSO.

On February 28 Defendant CCSO's counsel asked Plaintiff to identify a CCSO policy related to "medical services" or to provide assistance to help identify any

possible CCSO representative that could discuss "medical services". Plaintiff failed to respond until April 1 and suggested that CCSO testimony was needed regarding "handling, processing, coordination and follow-up" for "medical

services". (*See Pl. Ex. 6*.) This suggests that testimony was needed regarding how medical grievances were submitted and addressed. Defendants presented witnesses from CCSO and Cook, who explained the manner in which "medical services" could be sought by detainees and the involvement of CCSO and Cook County in the process.

The testimony of Natasha Jones, Susan Shebel and Dr. DeFuniak reflects that they collectively addressed Topic 10. Each witness discussed processes and other information regarding medical grievances submitted by detainees, like Plaintiff, and the role that Officers and CRWs (i.e. social worker) play in the process, including coding and distribution of medical grievances to Cermak. (*See Plaintiff Ex.3 Hofsteadter dep. transcript; pp. 47-48,50-52, 56-58*) (*See Ex. B; Shebel dep. transcript pp. 43, 57*) (*See Ex. C; DeFuniak dep. transcript pp. 37-38*). Cermak, not the

Cook County Sheriff's Office responds to all medical grievances and provides all medical care related to them. Plaintiff had an opportunity to fully explore Topic 10 with three witnesses. Defendants should not be required to produce additional witnesses when Topic 10 has been explored relative to the issues in this case.

### **Topic 11**

Defendants designated Rule 30(b)(6) witness Peter Kramer based upon information that Defendants obtained directly from Plaintiff's counsel during a Zoom meeting on February 5, 2025. Thereafter, on February 28, 2025, CCSO's counsel emailed Plaintiff's counsel regarding the February 5 meeting among counsel and provided more details regarding Topic 11 testimony to be provided by Peter Kramer, CCSO Special Counsel for Labor Affairs, including: "He can testify about the OPR process – giving an outline to the existence of the employee disciplinary process and making it clear that we would both investigate and address complaints about office misconduct, including refusing to enforce tier rules." (See Ex. D; Feb 28, 2025 email)

On April 8, 2025, Defendants produced Cook County Sheriff's Office Special Counsel for Labor Affairs, Peter Kramer. This Rule 30(b)(6) witness was identified, following a discussion involving counsel of record for Plaintiff and Defendants, along with Deputy General Counsel for Cook County Sheriff's Office. During the meeting involving counsel of record and Ms. Coleman, there was detailed discussion regarding Topic 11 and Ms. Coleman provided helpful information to Plaintiff's counsel. Based upon Plaintiff's counsel's agreements and comments, it appeared that there was an "understanding" regarding the appropriate witness to respond to Topic 11, even though Topic 11, as defined,

did not fit neatly with the way the Cook County Sheriff's Office is organized for its operations.

Mr. Kramer provided testimony regarding the employee disciplinary process. His testimony clearly articulates the process in painstaking detail. Mr. Kramer's

testimony was given in conjunction with numerous other witnesses who provided details regarding the manner in which CCSO's operations work. It is evident that Plaintiff's primary issue is that the testimony did not fit squarely within Plaintiff's topic definitions, despite its evidentiary value.

Mr. Kramer was not designated to testify regarding fact-specific disciplinary action for a particular complaint. Yet, it appears that Plaintiff seeks this type of testimony. Mr. Kramer testified that he had reviewed the complaint and Rule 30(b)(6) notice, was "pretty familiar" with OPR policies and "could testify regarding the entire disciplinary process, which includes OPR" and testified regarding the OPR disciplinary process. (e.g. *Pl. Ex. 10 at 12, 14, 22, 24-30*.) Mr. Kramer further testified that he "had not seen data" from OPR regarding disciplinary action for failure to protect inmates from violence in relation to phone use. Mr. Kramer also clarified that "I don't think they have statistics" and was "unaware" of any statistics that exist beyond the last couple years. (*Pl. Ex. 10 at 63*.) Thus, Mr. Kramer was prepared to testify regarding Topic 11.

Notably, Mr. Kramer testified that identifying specifics of each disciplinary action from 2010 to 2019 related to an allegation of "failure to protect inmates from violence over use of the inmate phone system" would be an exhaustive, burdensome process. (*Pl. Ex. 10 at 66*.) A search would involve going through every single complaint against staff from the Department of Corrections and other departments "one by one to see what they are" and "have to go into the paper." (*Pl. Ex.10 at 66*.)

Plaintiff continually notes that the language of Topic 11 "never changed". It appears that the language of Topic 11 should have changed, based on meet and confers among counsel. Yet, even without having a revised Topic 11, the witness produced by Defendants to testify regarding the OPR process provided in-depth testimony regarding the OPR process. Plaintiff takes issue with Mr. Kramer's detailed testimony because it did not address every "telephone specific" complaint. Mr. Kramer testified regarding the complaint mechanism and process, video and document review, the investigation procedures and numerous people involved in the process. The testimony is a far cry from "general information". Instead, Mr. Kramer's deposition testimony covered the spectrum of Topic 11, based upon information reasonably available to CCSO.

## CONCLUSION

Plaintiff has not provided any reasonable argument to conduct additional discovery regarding Topics 10 or 11. The three witnesses produced for Topic 10

and the witness produced for Topic 11 have fulfilled Defendants' burden

Sincerely,

*/s/ Jason E. DeVore*
*/s/Troy S.Radunsky*

DeVore Radunsky LLC
Jason E. DeVore
Troy S. Radunsky
230 W. Monroe Street, Suite 230
Chicago, Illinois 60606
(312)-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com