| | |
|---|---|
| **From:** | Miscimarra, Philip A. |
| **Sent:** | Wednesday, May 7, 2025 8:23 AM |
| **To:** | Jason DeVore |
| **Cc:** | Doukas, Maria E.; Guyette, John; Hawkins, Brent A.; Hill, Melissa D.; Russell, Matthew A.; Fay, Peter M.; Gordon, Tim; Jorie Johnson; Trivett, Melissa; Troy Radunsky |
| **Subject:** | Additional Follow Up Narrowed Request for Eyeglasses/Vision Care Information for 2015-2019 - Henneberg v. Dart, et al 19-cv-07380 |

Dear Jason:

Thank you for your most recent email which addresses outstanding discovery.  Regarding Topic 6 – documents and details reflecting details regarding eyeglasses, vision treatment and referrals to Optometry – Plaintiff's substantially narrowed request, which limits responsive documents to roughly 841 inmates who had 5 or more referrals to "Optometry" during the period 2015-2019, appropriately focuses on information that is essential to the claims being pursued by Mr. Henneberg.  Among other things, the "5 or more referrals" threshold is relevant because Defendants' information reveals that, during the 5-year time period, Mr. Henneberg had 5 referrals to Optometry.  In addition, although Defendants complain that providing this information for 841 inmates is too large a number to be reasonable, this total number of inmates is directly relevant to the issue of whether Defendants engaged in "deliberate indifference" by disregarding the vision care needs of an unacceptably large number of individuals who were similarly situated to Mr. Henneberg.

Plaintiff has been seeking this information for more than three years, and more than two years ago, Judge Ellis ruled that the Defendants must produce this precise information.  Thus, during the hearing on January 4, 2023, Judge Ellis stated:

> [I]t's not reasonable for [Mr. Henneberg] to track down everybody that he was with . . . and ask them how long did it take you to get your glasses when you needed them. . . . <u>The jail, however, knows exactly who was there, knows who requested glasses, and knows how many times they needed to request glasses before they actually got them</u>. However, because it's kept in a form that – in this day and age, no one should keep forms in that way. . . . It's not rocket science. . . . <u>So Mr. Henneberg is entitled to this information</u>" (Dkt. 098, at 21-22 (emphasis added)).

Judge Ellis also ruled that the manner in which these records were maintained – which reflected choices made by Defendants themselves, and which departed from the practices of all other correctional facilities in the Chicago area – was not a valid defense against production.  In Judge Ellis' words: ""I don't want to get any more: <u>Well, we just don't keep documents that way, so you can't have anything. That's not going to fly</u>, and the fact that every other correctional institution within the greater Chicagoland area . . . is able to keep requests for medical care in an electronic format that is easily searchable and that can be held for years and years and years, and yet the county is not capable of doing that . . . makes no sense to me whatsoever. All right? <u>It's not an excuse as to why you can't produce things</u>" (id. at 41 (emphasis added)).

For the reasons expressed above, Plaintiff has complied with Judge Daniels' most recent order directed Plaintiff "to consider ways to narrow the scope of the requests to reduce the burden on the defendants." This is reflected in Plaintiff's proposal that Defendants provide all records, documents, details and information regarding eyeglasses requests, vision care treatment and referrals to optometry for the 814 inmates who had 5 or more referrals to Optometry as shown in the spreadsheet previously produced by Defendants.  Plaintiff believes Defendants' alternative proposal is unreasonable, and the parties' discussion of this issue has reached an unfortunate impasse.

1

As to the other documents that Judge Daniels ordered Defendants to produce, compliance with this order requires that all responsive documents be transmitted to us, which has not yet occurred. It is important that this take place as soon as possible, and please indicate when we can expect to receive all responsive documents.

I hope that everything else remains well with you.

Regards,

Phil

**Philip A. Miscimarra**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Mobile: +1.773.255.7112 | Direct: +1.202.739.5565 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: April May Hackelton | +1.202.739.5218 | aprilmay.hackelton@morganlewis.com
110 North Wacker Drive | Chicago, IL 60606
Mobile: +1.773.255.7112 | Direct: +1.312.324.1165 | Main:+1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Karen D. Jackson |+1.312.324.1141 | karen.jackson@morganlewis.com
philip.miscimarra@morganlewis.com | www.morganlewis.com



[***Email Chain Has Been Omitted***]