UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD HENNEBERG,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. DART, et al.<br><br>Defendants | Case Nos. 19-cv-07380<br><br>19-cv-07382<br><br>19-cv-07883<br><br><br>Honorable Jeremy C. Daniel |

**DEFENDANT THOMAS J. DART'S RESPONSES TO PLAINTIFF DONALD HENNEBERG'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 64-74)**

NOW COMES Defendant, SHERIFF THOMAS J. DART (hereinafter "Defendant"), by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its responses to Plaintiff's Second Set of Requests for Production of Documents, states as follows:

**DOCUMENT REQUESTS**

NOTE: the request numbers pick up sequentially from the last document production request served by Plaintiff on the Defendant to whom these requests have been served.

**A. Documents Relating to Telephone-Related Assaults**

64. <u>Appendix Issue 1: Internal Communications and Documents</u>. All Communications and Documents which, in whole or in part, mention, reflect or relate to telephone-related assaults involving inmates during the Relevant Period. This includes, but is not limited to, any and all emails,

1

memos, letters, communications, Grievance Climate Reports, audit reports, bi-weekly meeting agendas and minutes, or other internal or external documents – sent or received by anyone within Sheriff Dart's Office, Cook County Jail and/or Cook County that, in whole or in part, mention, reflect or relate to telephone-related inmate assaults, the control of telephones by inmates, possible changes or improvements in telephone rules and procedures, reports or studies related to any of the above issues, and changes or training by which correctional officers could or should provide greater protection to inmates who use telephones.

**RESPONSE: See Court's April 9 ruling and also hearing transcript on p. 18 lines 14-19**

65. <u>Appendix Issue 2: Telephone Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices</u>. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any benchmarking, evaluation, inquiry, or comparison involving Cook County Jail's telephone-related practices, policies, procedures and/or rules, on the one hand, and (i) any telephone-related practices, policies, procedures and/or rules utilized in one or more other jails, prisons and/or correctional facilities, and/or (ii) any telephone-related practices, policies, procedures and/or rules considered to be best or better practices among jails, prisons and/or correctional facilities.

**RESPONSE: See Court's April 9 ruling and also hearing transcript on p. 22 lines 15-22.**

66. <u>Appendix Issue 3: Inmate Telephone Practices, Policies, Procedures and Rules, and Revisions, Drafts, and Rollout-Related Communications</u>. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any and all evaluations, recommendations, consideration, adoption, implementation and/or rollout of changes to telephone-related practices, policies, procedures and/or rules and/or new telephone-related practices, policies, procedures and/or rules. This includes, but is not limited to, all Communications and Documents which, in whole or in part, mention, reflect or relate to (i) new telephone-related practices, policies, procedures and/or rules; (ii) draft versions of any such new telephone-related

practices, policies, procedures and/or rules; (iii) any person's comments on any changes and/or new telephone-related practices, policies, procedures and/or rules; (iv) the adoption of changes and/or new telephone-related practices, policies, procedures and/or rules; (v) the announcement of changes and/or new telephone-related practices, policies, procedures and/or rules; and/or (vi) instructions, training, explanations and/or other details regarding the manner in which inmates, correctional officers and other personnel should apply and/or implement any changes and/or new telephone-related practices, policies, procedures and/or rules.

**RESPONSE: See Court's April 9 ruling and also hearing transcript on p. 26 lines 20-25.**

67. Appendix Issue 4: Potential Secure Phone Booths, Segregated/Supervised Phone Areas, Jail-Administered Sign-Ups/Scheduling, More Phones, and Other Changes. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any and all efforts, and any and all actions, to increase inmate protection from telephone-related assaults. This includes, but is not limited to, any and all Communications and Documents which, in whole or in part, mention, reflect or relate to (i) potential greater supervision and control by correctional officers of telephones that are used by inmates, (ii) the potential creation of secure phone booths for use by inmates, (iii) the potential creation of segregated and supervised phone areas for inmates who are using the telephone, (iv) the potential creation of jail-administered or jail-supervised sign-up sheets and/or scheduling system for the use of telephones by inmates; (v) substantially increasing the number of available inmate phones, and/or (vi) other changes and/or new or different telephone-related practices, policies, procedures and/or rules having the objective of increasing inmate protection from telephone-related assaults.

**RESPONSE: See Court's April 9 ruling and also hearing transcript on p. 26 lines 20-25.**

3

68.     Appendix Issue 5: Documents Mentioning or Acknowledging that Phone-Related Assaults Were a Problem and/or Warranted Changes. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any person's opinion, statement, suggestion or acknowledgment that (i) telephone-related inmate assaults were a problem, (ii) a need existed to improve inmate safety from telephone-related assaults, and/or (iii) it was desirable to make some type of change so inmates would have greater protection from telephone-related assaults by other inmates.

**RESPONSE: See Court's April 9 ruling and also hearing transcript on p.28 lines 6-25, p.29 lines 1-4.**

**B. Documents Relating to Vision, Optometrist, and Eyeglasses Issues**

69.     Appendix Issue 6: Inmate Optometrist Requests, Appointments and Eyeglasses. All communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to: (i) which inmates during 2015-2019 requested optometrist appointments, (ii) whether and when those appointments occurred; (iii) whether or when the appointments were cancelled or postponed; (iv) whether eyeglasses were prescribed; (v) whether and when eyeglasses were delivered to each inmate; and (vi) other details regarding what optometrist services were provided.

**RESPONSE: This request is better directed to Cermak/Cook Co,. See Court's April 9 ruling and also hearing transcript on p. 55-58. The plaintiff recently made a proposal that defendants produce records for inmates that filed 5 or more requests for vision care. In turn, the defendant offered to produce a sample of records from 50 inmates who sought optometry care more than ten times. The parties are continuing to define the parameters of the production.**

4

70.     Appendix Issue 7: Communications and Documents Reflecting Optometrist Appointments, Scheduling and Eyeglasses. All Communications and Documents during the Relevant Period – including, but not limited to, emails, memos, letters, communications and any and all other Communications and Documents – which, in whole or in part, mention, reflect or relate to (a) what optometrist appointments were scheduled for which inmates; (b) which optometrist appointments took place as scheduled; (c) which optometrist appointments were postponed or canceled; (d) the reason(s) for any postponements or cancellations; (e) whether the appointment resulted in a prescription for the inmate to receive eyeglasses; (f) whether and when eyeglasses were provided to the inmate for whom the eyeglasses were prescribed; (g) possible changes or improvements in the arrangements, practices and procedures relating to optometrist appointments and eyeglasses requests; (h) reports or studies related to the above issues issues; and/or (i) changes or training to improve the timeliness and effectiveness of optometrist scheduling, appointments and eyeglasses .

**RESPONSE: This request is better directed to Cermak/Cook Co,. See Court's April 9 ruling and also hearing transcript on p. 59 line 14.**

71.     Appendix Issue 8: Vision Care/Eyeglasses Benchmarking, Comparisons to Other Jails/Prisons, and Best/Better Practices. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any benchmarking, evaluation, inquiry, or comparison involving Cook County Jail's optometrist and eyeglasses practices, policies, procedures and rules, on the one hand, and (i) any optometrist and eyeglasses practices, policies, procedures and rules utilized in one or more other jails, prisons and/or correctional facilities, and/or (ii) any optometrist and eyeglasses practices, policies, procedures and rules considered to be best or better practices among jails, prisons and/or correctional facilities.

**RESPONSE: See Court's April 9 ruling and also hearing transcript on p.28 lines 6-25, p.60 line 14.**

5

72. Appendix Issue 9: Costs/Payments by Defendants for Optometrist Appointments and Eyeglasses. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to invoices and/or charges related to (i) optometrist appointments and eyeglasses requests; (ii) the costs and payments incurred or made for such requests; (iii) the identities of the optometrists and/or providers or vendors who provided optometrist services for inmates; and (iv) the identities of the optometrists and/or providers or vendors who provided eyeglasses to inmates.

**RESPONSE: This request is better directed to Cermak/Cook Co,. See Court's April 9 ruling and also hearing transcript on p. 62 lines 19-25,; p.63 lines 1-2, 13-20.**

73. Appendix Issue 10: Contracts/Arrangements for Optometrist Scheduling and Eyeglasses. All Communications and Documents which, in whole or in part, mention, reflect or relate to negotiations, contracts and/or other arrangements that governed the optometrist services and/or the purchase, preparation and delivery of eyeglasses to inmates during the Relevant Period.

**RESPONSE: This request is better directed to Cermak/Cook Co,. See Court's April 9 ruling and also hearing transcript on p.62 lines 19-25; p.63 lines 1-2, 13-20. p. 64 lines 13-16.**

74. Appendix Issue 11: Documents Mentioning or Acknowledging that Delays, the Failure to Have Timely Optometrist Appointments, and Provide Eyeglasses Were a Problem and/or Warranted Changes. All Communications and Documents during the Relevant Period which, in whole or in part, mention, reflect or relate to any person's opinion, statement, suggestion or acknowledgment that a problem existed, or there was a need to improve, and/or it was desirable to make some change regarding (i) optometrist appointments and scheduling, (ii) whether and when inmates could receive timely treatment from an optometrist; (iv) the process for having

eyeglasses prescribed for inmates; and (v) whether and when eyeglasses were being delivered to inmates who needed eyeglasses.

**RESPONSE: See Court's April 9 ruling and also hearing transcript on p. 64 lines 17-24; p.65 lines 17-18.**

Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

       The undersigned, an attorney, hereby certifies that **Defendant Sheriff Thomas J. Dart's Responses to Plaintiff's Fourth Set of Requests for Production** was sent via email correspondence to all below listed parties on April 30, 2025.

                                                 */s/ Troy S. Radunsky*
                                                 Troy S. Radunsky
                                                 One of the Attorneys for Defendants

Philip A. Miscimarra
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
philip.miscimarra@morganlewis.com
maria.doukas@morganlewis.com