UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Donald Henneberg
                Plaintiff,

v.                           Case No.: 1:19−cv−07380
                                      Honorable Jeremy C. Daniel

Tom Dart, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 11, 2025:

      MINUTE entry before the Honorable Jeremy C. Daniel: Motion hearing held. The plaintiff's motion to compel additional discovery [221] is granted in part and denied in part. The defendant did not designate a witness to testify about Cook County Jail's policies pertaining to the provision of medical services to inmates, which was a part of 30(b)(6) Topic 10. The defendant must do so on or before June 20, 2025, and must make the witness or witnesses available before July 31, 2025. The defendant did designate a witness to testify about the telephone policies aspect of 30(b)(6) Topic 10 and need not produce another witness aspect of the topic. The defendant did not adequately prepare a witness on 30(b)(6) Topic 11, which seeks information about disciplinary action imposed on jail employees related to enforcing telephone usage and access rules. The defendant must designate a witness on or before June 20, 2025, on this topic and must make the witness or witnesses available before July 31, 2025. The plaintiff's motion to compel and proposed schedule [224] is granted in part and denied in part. The defendant must produce all records, documents, details, and information regarding eyeglasses requests, vision care treatment and referrals to optometry for all inmates who are listed in the spreadsheet as having 5 or more referrals to optometry. With respect to Dkt. 211 Topics 9 and 10, the Court ordered the defendant to produce responsive documents on or before May 7, 2025. (R. 219.) The defendant produced some responsive documents, but the production is incomplete. At today's hearing, Mr. Radunsky referenced the transcript of the April 9, 2025, motion hearing where the Court discussed Dkt. 211 Topics 9 and 10 with the parties. The Court did review that transcript and, after the defendant's comment at today's hearing, revisited that transcript. On April 9, 2025, Mr. Radunsky told the Court that, "I don't believe there are any outside third parties where we get bills from and then we pay them for their services." (R. 220 at 62:1−3.) The Court asked follow−up questions because it seemed unlikely that the defendant made eyeglasses in house. (Id. at 62:4−5.) That led to a discussion about where the defendant obtained eyeglasses and about some of the ways such documents could be relevant. (Id. at 62:9−63:20.) An explicit, written order to produce documents responsive to Dkt. 211 Topics 9 and 10 followed. Interestingly, the defendant has produced documents that show eyeglasses−related costs paid to third parties, (see R. 224−11), which one could view as at odds with Mr. Radunsky's "outside third parties" statement. But that would require a narrow, context−free reading of Mr. Radunsky's statement. That would be inappropriate; instead, the Court chooses to view it

as an example of what happens when one takes too narrow a view. Along those lines, the Court cautions the defendant that there are risks in taking too narrow a view of discovery obligations. The Court explicitly ordered the defendant, in writing, to produce responsive documents to Dkt. 211 Topics 9 and 10. To the extent there was any ambiguity, the Court now clarifies that the defendant shall produce all responsive documents and must do so by July 7, 2025. The Court further admonishes the defendant that failure to comply with the Court's order may result in sanctions under Fed. R. Civ. P. 37(b)(2)(A). The Court enters the following schedule: fact discovery closes July 31, 2025; expert disclosures and opening reports are due September 12, 2025; responsive expert reports are due October 1, 2025; expert discovery closes October 31, 2025. Close of fact discovery status hearing is set for August 12, 2025, at 9:30 a.m. The Court will set a trial date at the August 12, 2025, status hearing. Mailed notice. (vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.